# Exhibit K

Not Reported in A.2d                                                                                       Page   1
2002 WL 31053839 (Pa.Com.Pl.)
(Cite as: 2002 WL 31053839 (Pa.Com.Pl.))
H

Only the Westlaw citation is currently available.

Pennsylvania Court of Common Pleas.
DUANE MORRIS, LLP, Plaintiff,
v.
Nand TODI, Defendant.
No. 001980 OCT.TERM 2001.

Sept. 3, 2002.

Law firm brought action against client for fraud, breach of contract, quantum meruit, and unjust enrichment, alleging nonpayment of fees for services rendered. Client filed preliminary objections. The Court of Common Pleas, Cohen, J., held that: (1) venue was proper; (2) law firm did not state fraud claim; (3) law firm did not have conversion claim; (4) law firm stated claim for breach of contract; (5) law firm stated quantum meruit claim; and (6) law firm could plead unjust enrichment claim as alternative to breach of contract claim.

Sustained in part, overruled in part.

West Headnotes

[1] Venue 7(8)
401k7(8) Most Cited Cases
In law firms action against client to recover for services rendered, venue was proper in city where law firm's principal place of business was located Rules Civ.Proc., Rule 1006, 42 Pa.C.S.A.

[2] Venue 7(4.1)
401k7(4.1) Most Cited Cases
In the absence of agreement to the contrary, payment is due at the plaintiff's
residence or place of business, and venue is proper there in a breach of contract action alleging failure to make payment.

[3] Venue 17
401k17 Most Cited Cases
On client's challenge to venue in law firm's action to recover for services rendered, trial court had to disregard any factual assertions made by client in his objections to venue, such as the place of execution of the contract, because defendant failed to attach a notice to plead to the objections. Rules Civ.Proc., Rule 1028(a)(1), 42 Pa.C.S.A.

[4] Venue 17
401k17 Most Cited Cases
On client's challenge to venue in law firm's action to recover for services rendered, trial court could not consider law firm's claims that all the representation and transactions occurred in specified city, where those claims were not alleged in the complaint, and law firm's memorandum of law in opposition to the objections to venue, where those averments were made, was not verified. Rules Civ.Proc., Rule 1028(a)(1), 42 Pa.C.S.A.

[5] Pleading 8(1)
302k8(1) Most Cited Cases

[5] Pleading 18
302k18 Most Cited Cases
To determine if a pleading meets applicable specificity requirements, as a minimum, a pleader must set forth concisely the facts upon which the cause of action is based.

[6] Pleading 18
302k18 Most Cited Cases
To be pled with sufficient particularity, allegation of fraud must explain the nature of the claim to the opposing party so as to permit the preparation of a defense and be sufficient to convince the court that the averments are not merely subterfuge. Rules Civ.Proc., Rule 1019(b), 42 Pa.C.S.A.

[7] Fraud 13(2)
184k13(2) Most Cited Cases

[7] Fraud 13(3)
184k13(3) Most Cited Cases
A cause of action for fraud must plead facts which support knowing or reckless intent as to the falsity of a representation.

[8] Fraud 42
184k42 Most Cited Cases

[8] Pleading 18
302k18 Most Cited Cases
Law firm did not state claim of fraud against client for entering into agreement to pay past due fees, allegedly intending not to pay them, but to obtain additional representation from firm, where law firm did not plead any facts underlying intent element, let

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d  
(Cite as: 2002 WL 31053839 (Pa.Com.Pl.))

Page 2

alone plead such facts with particularity.

[9] Trover and Conversion ⇌ 2  
389k2 Most Cited Cases  
Law firm, which contended that client induced it to render services and incur expenses which client did not intend to pay, did not have claim for conversion, where firm and client had written agreement governing payment of fees; breach of contract was appropriate remedy for amount contracted over.

[10] Trover and Conversion ⇌ 1  
389k1 Most Cited Cases  
"Conversion" is the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification.

[11] Trover and Conversion ⇌ 2  
389k2 Most Cited Cases  
Money may be the subject of conversion.

[12] Trover and Conversion ⇌ 2  
389k2 Most Cited Cases  
The rights to money must have belonged originally to the plaintiff rather than acquired through a contract, for the money to be subject to a "conversion."

[13] Trover and Conversion ⇌ 13  
389k13 Most Cited Cases  
Breach of contract, rather than conversion, is plaintiff's remedy where there is a written agreement underlying claim.

[14] Attorney and Client ⇌ 165  
45k165 Most Cited Cases  
Law firm sufficiently pled all conditions precedent to breach of contract claim against client, where firm alleged that parties entered into contract and executed engagement letter, that firm conducted numerous services at direction of client pursuant to engagement letter, and that client failed to pay firm in accordance with contract.

[15] Attorney and Client ⇌ 165  
45k165 Most Cited Cases  
Law firm sufficiently pled claim of quantum meruit against client, where firm alleged that it provided numerous services to client at client's request and direction, and that client received benefit from such services as reflected, in part, by invoices attached by complaint.

[16] Attorney and Client ⇌ 165  
45k165 Most Cited Cases  
Law firm could plead unjust enrichment as an alternative to claim of breach of contract, in its suit against client for nonpayment of fees for services rendered, although it could not ultimately recover on both theories.

ORDER

COHEN, J.

*1 AND NOW, this 3rd day of September, 2002, upon consideration of defendant Nand Todi's Preliminary Objections to the Complaint, the plaintiff's response in opposition, the respective memoranda, and all matters of record, in accord with the contemporaneous Memorandum Opinion, it is ORDERED that:

1. Defendant's Objections seeking dismissal of Count II for fraud and Count III for conversion are Sustained;

2. Defendant's Objections to the claims of punitive damages are Sustained;

3. Defendant's remaining Objections are Overruled;

4. Defendant is ordered to file an Answer to the remaining averments within twenty (20) days of this Order.

*MEMORANDUM OPINION*  
Before the court are the Preliminary Objections ("Objections") of Defendant Nand Todi ("Todi") to the Complaint of defendant Duane Morris, LLP ("Duane Morris") which embodies counts for breach of contract or, in the alternative, quantum meruit and unjust enrichment, fraud, and conversion. Plaintiff claims compensatory and punitive damages. For the reasons which follow, this court is issuing a contemporaneous Order overruling the Objections in part, and sustaining the Objections in part.

*FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff Duane Morris is a law firm with its principal place of business in Philadelphia, Pennsylvania. Complaint, ¶ 1. Defendant Todi is an

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d    Page 3
(Cite as: 2002 WL 31053839, *1 (Pa.Com.Pl.))

individual citizen resident of Montgomery County, Pennsylvania. *Id.,* ¶ 2. The Complaint alleges that Todi contracted with Duane Morris for legal services concerning his business disputes with a Henry T. Stursberg and two companies in which Stursberg was a principal, namely reXnow.com ("Rex") and Commercial Realty Review Magazine (the "Magazine"). Subsequently, Todi failed to pay an outstanding amount due Duane Morris under the contract. *Id.,* ¶¶ 4, 10, 21.

More specifically, on February 13, 2001, Todi executed an engagement letter, in which he agreed to advance a $10,000 retainer fee and to pay Duane Morris, at the exhaustion of the retainer, for its legal services at its standard hourly rates and for any expenses advanced by Duane Morris in the course of its representation. *Id.,* ¶¶ 7-9; Complaint, Exh. A. The letter was prepared by Duane Morris in its offices in Philadelphia, sent to Todi, who signed it and sent it back with the retainer check. *Id.* Allegedly, Todi initially requested that Duane Morris represent him in seeking an accounting from Rex and subsequently institute any litigation if the need arises. Complaint, ¶ 6. Subsequently, Todi indeed eventually requested that Duane Morris initiate litigation against Stursberg and Rex and the Magazine, as the latter did not offer Duane Morris access to their books. *Id.,* ¶¶ 11-12. Duane Morris initiated litigation in federal court and engaged in extensive discovery related to that action and undertook numerous other activities and incurred costs in the litigation of that action. *Id.* Ultimately, as directed by Todi, Duane Morris represented Todi in numerous other proceedings, of which, actions filed by Stursberg in bankruptcy court, and an action commenced by Stursberg against Todi in the Court of Common Pleas in Philadelphia. *Id.,* 13-15. Duane Morris billed Todi regularly and with detail for services rendered and costs advanced in its representation. *Id.,* ¶ 17; Complaint, Exh. B.

*2 As of May 31, 2001, Todi had an outstanding balance of $170,571.82. Complaint, Exh. C. He made one payment of $31,104.44 towards that balance. *Id.* As of June 30, 2001, the outstanding balance was $ 221,450.36. *Id.* In July 2001, Todi objected to paying that amount owed to Duane Morris and requested an adjustment of the fees. Complaint, ¶ 22. The parties negotiated the issue of the outstanding fees and agreed upon a discounted balance of $182,000.00. *Id.,* ¶ 23. Accordingly, they entered into a written agreement on August 22, 2001, whereby Todi would pay $100,000.00 immediately and the balance of $82,000.00 would be due on or before September 21, 2001. *Id.,* ¶¶ 24-25; Complaint, Exh. D. Under the new agreement, Duane Morris would only resume representation of Todi upon receipt of the $100,000.00, and a commitment on Todi's behalf to pay any new accrued bill within thirty days. Complaint, ¶¶ 26-27; Complaint, Exh. D. Todi paid the initial $100,000.00 on August 23, 2001, upon which Duane Morris resumed representation and incurred related costs. Complaint, ¶¶ 28-29. However, on September 18, 2001, Todi sent a letter to Duane Morris discharging it. *Id.,* ¶ 30. Duane Morris then demanded payment in full for all services and costs as billed before the discount and all amounts accrued since the new agreement. *Id.,* ¶ 31. Todi allegedly reneged payment on the owed balance. *Id.,* ¶ 21.

The Complaint embodies one count in breach of contract, where plaintiff requests compensatory damages in the amount of $144,382.49 (Count I), or alternatively, counts in quantum meruit (Count IV) and unjust enrichment (Count V), in both of which plaintiff claims damages in amount in excess of $50,000 for services which defendant has benefitted from. The Complaint also avers fraud (Count II) and conversion (Count III) whereby plaintiff claims that defendant intentionally misled plaintiff at the time it entered into a new agreement with plaintiff, never intending to honor that agreement, so it may negotiate a settlement in its underlying business disputes with Stursberg or seek new counsel, while it further benefitted from plaintiff's services. Complaint, ¶¶ 31-33.

Defendant raises the following Objections to the Complaint. Defendant first objects to venue under Pa. R.C.P. 1028(a)(1). Defendant objects to Count I, the breach of contract claim, under 1028(a)(2) for failure to conform to law. Defendant next objects to Count II, the fraud claim, for three reasons: insufficient specificity under 1028(a)(3); demurrer under 1028(a)(4); and inclusion of scandalous or impertinent matter under 1028(a)(2). Defendant objects to Count III, the conversion claim under both 1028(a)(3) and 1028(a)(4). Defendant equally objects to both Counts IV and V, the quantum meruit and unjust enrichment claims, under 1028(a)(3) and 1028(a)(4). Finally, defendant objects to the demand for punitive damages under

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d  
(Cite as: 2002 WL 31053839, *2 (Pa.Com.Pl.))

Page 4

1028(a)(2), 1028(a)(3), and 1028(a)(4).

*DISCUSSION*

I. *The Objection To Venue*

**\*3** [1] Defendant argues that he resides and was served in Montgomery County, that the agreements between the parties were executed by him in Montgomery County, and that all of the representations of Duane Morris were in federal courts and not Philadelphia County courts. Preliminary Objections of Defendant Nand Todi ("P.O.s"), pp. 1-2. Thus, defendant claims, under Pa. R.C.P. 1006, venue is not proper in Philadelphia. Rule 1006 provides in relevant part:
> [A]n action against an individual may be brought in and only in a county in which the individual may be served *or in which the cause of action arose* or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.
> Pa. R.C.P. 1006 (emphasis added).

[2][3][4] The cause of action and gravamen of the Complaint is the alleged failure of defendant to pay for services rendered. Such payment was due in the offices of Duane Morris, which as alleged in the Complaint, is in Philadelphia. "In jurisdictions with a venue provision similar to Pennsylvania's, the rule is universal in the absence of agreement to the contrary, that payment is due at the plaintiff's residence or place of business, and venue is proper there in a breach of contract action alleging failure to make payment." *Lucas Enters., Inc. v. Paul C. Harmon Co.*, 273 Pa.Super. 422, 425, 417 A.2d 720, 721 (1980). Because plaintiff has made the unchallenged representation that its principal place of business is located in Philadelphia, payments were due in Philadelphia, and venue is proper. [FN1] The Objection under Pa. R.C.P. 1028(a)(1) as to venue is Overruled.

> FN1. The court must disregard any factual assertions made by defendant in his Objections such as the place of execution of the contract because defendant failed to attach a notice to plead to the Objections. *See Greene v. Liebergott*, 235 Pa.Super. 475, 477, 344 A.2d 501, 502 (1975) (the effect of not submitting a notice to plead is that the objecting party's factual allegations are deemed denied). Equally, the court may not consider plaintiff's claims that all of the representation and transactions occurred in Philadelphia, because they were not alleged in the Complaint, nor was plaintiff's memorandum of law in opposition to the Objections, where those averments were made, verified. The court's ruling on the venue objection would have remained the same even had both parties' factual claims been considered, however, because the cause of action arose in Philadelphia, which is sufficient grounds for venue. *See* Pa. R.C.P. 1106.

2. *The Objections to Counts II and III*

Count II asserts a claim for fraud, Count III a claim for conversion. Defendant objects to both Counts under 1028(a)(3) & (4), essentially demurring to both counts by asserting that neither fraud nor conversion is pled sufficiently. P.Os., pp. 3, 5; Memorandum of Law in Support of P.Os., pp. 3-4.

Preliminary objections, whose end results would be the dismissal of a cause of action, should be sustained only where "it is clear and free from doubt from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish [its] right to relief." *Bourke v. Kazaras*, 746 A.2d 642, 643 (Pa.Super.2000) (citations omitted). When reviewing preliminary objections in the form of a demurrer, "all well-pleaded material, factual averments and all inferences fairly deductible therefrom" are presumed to be true. *Tucker v. Philadelphia Daily News*, 757 A.2d 938, 941-42 (Pa.Super.2000). However, the pleader's conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion are not considered true. *Giordano v. Ridge*, 737 A.2d 350, 352 (Pa.Cmwlth.1999), *aff'd* 559 Pa. 283, 739 A.2d 1052 (1999 *cert. denied* 531 U.S. 928, 121 S.Ct. 307, 148 L.Ed.2d 246 (U.S.2000)).

(a) *The Fraud Claim*

**\*4** [5][6][7] To determine if a pleading meets Pennsylvania's specificity requirements, "as a minimum, a pleader must set forth concisely the facts upon which [the] cause of action is based." *In re The Barnes Foundation*, 443 Pa.Super. 369, 381, 661 A.2d 889, 895 (1995) (citation omitted). Additionally, under Pa. R.C.P. 1019(b), allegations of fraud must be pled with particularity. Pa. R.C.P. 1019(b). An allegation of fraud must "explain the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d
(Cite as: 2002 WL 31053839, *4 (Pa.Com.Pl.))

Page 5

nature of the claim to the opposing party so as to permit the preparation of a defense" and be "sufficient to convince the court that the averments are not merely subterfuge." *Martin v. Lancaster Battery Co., Inc.*, 530 Pa. 11, 18, 606 A.2d 444, 448 (1992). A cause of action for fraud must plead facts which support knowing or reckless intent as to the falsity of a representation. *Bortz v. Noon*, 556 Pa. 489, 499, 729 A.2d 555, 560 (1999) (citing *Gibbs v. Ernst*, 538 Pa. 193, 207, 647 A.2d 882, 889 (1994)).

[8] Plaintiff's allegations of fraud relate to the new agreement the parties entered into, as a result of Todi's contesting the fees accrued up until July 2001. Complaint, ¶ 22. In that new agreement, as stated above, Duane Morris agreed to offer Todi a discount and to continue representing him, in consideration for his paying $100,000 immediately and committing to pay all new bills within thirty days of receipt. *Id.*, ¶ 23, 647 A.2d 882. Essentially, the parties executed a new contract, and Todi allegedly breached that contract. As to this latter contract, however, Duane Morris claims that Todi had "never intended" to pay any subsequent bills, but wanted "to have Duane Morris continue to represent his interest." *Id.*, ¶¶ 32-33, 647 A.2d 882. The Complaint does not plead any facts, let alone plead such facts with particularity, upon which to base the intent element of a fraudulent misrepresentation. *See* Pa. R.C.P. 1019(b); *Bortz v. Noon*, 556 Pa., at 499, 729 A.2d, at 560. If the court were to find such pleading sufficient, any breach of contract claim could be bumped up to a fraud claim, by adding to it a naked allegation that defendant never intended to do his part of the deal but only stated that he would in order to get something out of plaintiff. Courts have declined to so, invoking the gist of the action doctrine to bar a fraud claim where the defendant negligently or intentionally breached a contract. *See Redevelopment Authority of Cambira v. Int'l Ins. Co.*, 454 Pa.Super. 374, 391, 685, 685 A.2d 581 A.3d 581, 590 (1996); *Phico Ins. Co. v. Presbyterian Med. Servs. Corp.*, 444 Pa.Super. 221, 228, 663 A.2d 753, 757 (1995); *Grode v. Mutual Fire, Marine and Inland Ins. Co.*, 154 Pa.Cmwlth. 366, 373, 623 A.2d 933, 937 (1993). For these reasons, the court finds the allegations of fraud insufficient and sustains the Objections under 1028(a)(3) & (4) as to Count II. The Objection to Count II under 1028(a)(2) for inclusion of scandalous and impertinent material in the fraud count is moot because the fraud count is dismissed.

(b) *The Conversion Claim*

*5 [9][10][11][12][13] Plaintiff contends that defendant induced it to render services and incur expenses to and for him for which defendant did not intend to pay. Complaint, ¶ 43. Conversion is defined under Pennsylvania law as: "the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 659 n. 3 (Pa.Super.2000) (citation omitted). "Money may be the subject of conversion." *Id.* The rights to this money must have belonged originally to the plaintiff rather than acquired through a contract. *See McKeeman v. Corestates Bank*, at 659; *Shonberger v. Oswell*, 365 Pa.Super. 481, 484, 530 A.2d 112, 113 (1987). Such is not the case here, where the rights of plaintiff were acquired through a contract. Federal cases, applying Pennsylvania law, are persuasive for the proposition that conversion claims are disallowed where such claims are based on the same facts as the contract claim and the proper remedy lies in breach of contract. *Phoenix Four Granto Trust # 1 v. 642 North Broad Street Assocs.*, 2000 WL 876728, *9 (E.D.Pa. Jun.29, 2000) (counterclaim plaintiffs have claim for breach of contract where rights to excess rents were created by contract rather than claim for conversion); *Mountbatten Surety Co., Inc. v. AFNY. Inc.*, 2000 WL 375259, at *6-7 (E.D.Pa. Apr.11, 2000)(no conversion claim where rights to the issued bonds were governed by enforceable contract); *Peoples Mortgage Co., Inc. v. Federal Nat'l Mortgage Ass'n*, 856 F.Supp. 910, 928-929 (E.D.Pa.1994) (any rights to servicing income are defined by letter agreement and plaintiff cannot sue in tort for conversion of that income). Under Pennsylvania law, breach of contract is plaintiff's remedy where, as here, there is a written agreement, and plaintiff cannot sue in conversion for the amount of income contracted over. The Objections to Count III are sustained.

(c) *The Objections To Punitive Damages*

Plaintiff has claimed punitive damages associated with the counts of fraud and conversion and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

defendant objects to those claims. Because the court sustains the Objections to the counts of fraud and of conversion, the demands for punitive damages are stricken and the Objection to the punitive damages is sustained.

3. *The Objections to Counts I, IV, and V*

[14] Defendant objects to Count I under 1028(a)(2) stating that plaintiff did not assert that the conditions precedent "in connection with its contract" were performed or occurred. Preliminary Objections of Defendant Nand Todi ("P.Os."), p. 2. The Complaint alleges that the parties entered into a contract and executed an engagement letter, that plaintiff conducted numerous services at the direction of defendant pursuant to the engagement letter, and that defendant failed to pay plaintiff according to the contract between them. *See* Complaint, ¶¶ 7, 10-15, 19, 31; Complaint, Exhs. A & B. Thus, the Complaint alleges the existence of a contract, breach, and resulting damages, and as such pleads all conditions precedent to a breach of contract claim. *See Core States Bank. N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa.Super.1999). The Objection to Count I is overruled.

*6 [15] Defendant objects to counts IV and V for insufficient specificity under 1028(a)(3) and demurs to both under 1028(a)(4). Count IV claims quantum meruit. Defendant argues that the Complaint is insufficiently pled and fails to state how Todi has benefitted. P.Os., p. 5. Plaintiff alleges rendering numerous services to defendant at defendant's request and directions and further alleges that defendant benefitted by such services, in part, as reflected in the invoices attached to the Complaint. Complaint, ¶ 47; Complaint, Exh. B. Taking the facts alleged as true, as the court must at this stage, the court finds that the claim for quantum meruit is sufficiently pled and overrules the Objection to Count IV.

[16] Count V claims unjust enrichment. Defendant argues that "claims for unjust enrichment may not be maintained when a written contract exists concerning the same subject matter on which the quasi-contractual claim rests." P.Os., p. 6. While plaintiff cannot ultimately recover on both theories of contract and unjust enrichment, plaintiff may plead unjust enrichment in the alternative along with a claim for breach of contract. *See Birchwood Lakes Community Ass'n, Inc. v. Comis,* 296 Pa.Super. 77, 85, 442 A.2d 304, 308 (1980); Pa. R.C.P. 1020(a) & (c). The Objections to Count V are thus overruled.

*CONCLUSION*

For the reasons discussed, this court will enter a contemporaneous Order sustaining the Objections as to fraud, conversion, and punitive damages, and overruling the remaining Objections.

2002 WL 31053839 (Pa.Com.Pl.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.