# Exhibit N

Not Reported in A.2d  
(Cite as: 2004 WL 1632574 (Pa.Com.Pl.))  
<KeyCite Citations>

Page 686

Only the Westlaw citation is currently available.

Court of Common Pleas of Pennsylvania,
Philadelphia County.

Jules LICHTMAN and Webnet Entertainment, Inc.,
Plaintiffs,
v.
Paul TAUFER, Esquire, Piper Rudnick, LLP,
Schnader, Harrison, Segal and Lewis,
LLP, Adrianne Lewis and Adtraction, Inc. T/A ad
Traction, Defendants.

Nos. 005560MARCHTERM 2004, CONTROL 041919, CONTROL 051697, CONTROL 051602.

July 13, 2004.

MEMORANDUM OPINION

JONES, J.

*1 Presently before the court are three sets of Preliminary Objections filed by the respective defendants in this action. For the reasons that follow, the court will Sustain in part and Overrule in part the parties' objections.

BACKGROUND

On or about August 25, 2000, Jules Lichtman and Adrianne Lewis entered into a Joint Venture Agreement ("Agreement") in regard to the development and exploitation of internet website projects and related businesses. The Joint Venturers developed and intended on developing internet web based games which they agreed to own on a 50/50 basis including all rights, title, interest, copyrights, trademarks, domain names, licensing rights and merchandising rights. Additionally, the parties agreed to share similar ownership rights in other projects which they from time to time created together under the agreement. The agreement additionally provides that in the event the Joint Venturers form a corporation or LLC for the purpose of conducting their business, they will each own equal shares in any such entity. Litchman and Lewis formed Webnet Entertainment, Inc. ("Webnet").

The Agreement also contains an Arbitration provision. The provision provides that any disputes or claims under the Agreement are to be submitted to arbitration before the American Arbitration Association in the city (or closest office) in which the Joint Ventures' home office is located or before such arbitrator as the parties may mutually agree. The arbitrator's decision is to be final and binding.

In July 2001, Defendant Paul Taufer, Esquire, ("Taufer") while a partner at Schnader, Harrison, Segal and Lewis ("Schnader"), along with other members of the firm were retained to represent Webnet, Lichtman and Lewis in patent matters and other corporate and legal matters.

Lichtman and Webnet ("Plaintiffs") claim that while Taufer and Schnader represented them, Taufer and Schnader allegedly removed Lichtman's name from the provisional patent application. Additionally, plaintiffs claim that on or about October 17, 2001, Taufer and Schnader filed a patent application solely on behalf of Lewis, despite their alleged knowledge that Lichtman was a co-inventor/co-creator. Thereafter, Taufer and Schnader continued to represent Lewis in marketing and selling the product to the exclusion of Lichtman. Lewis allegedly conducted business as Adtraction, Inc., a/k/a ad Traction in which she was a shareholder and officer.

In March 2004, Plaintiffs instituted suit against Lewis and Adtraction alleging breach of fiduciary duty and conversion (Count I) and against Taufer, Schnader and Piper Rudnick, LLP [FN1] for breach of fiduciary duty and aiding and abetting defendants Lewis and Adtraction's breach of fiduciary duty (Count II). The respective parties have filed preliminary objections to the complaint.

   FN1. Taufer allegedly became a partner in Piper Rudnick LLP in or after January 2003 and continued to represent Lewis and Adtraction.

DISCUSSION

I. Plaintiffs Claims Against Lewis and AdTraction Are Not Subject To Arbitration.

Defendant Lewis and Adtraction argue that Plaintiffs' claims are subject to the arbitration provision contained within the Agreement and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo



therefore the claims against them must be dismissed. In response, plaintiffs argue that the dispute at bar does not fall within the arbitration provision and that defendants Lewis and Adtraction are not parties to the agreement and therefore not subject to arbitration.

*2 When one party to an agreement seeks to prevent another from proceeding to arbitration, judicial inquiry is limited to determining (1) whether a valid agreement to arbitrate exists between the parties and, if so, (2) whether the dispute involved is within the scope of the arbitration provision. Smith v. Cumberland Group, Ltd., 455 Pa.Super. 276, 687 A.2d 1167, 1171 (Pa.Super.1997)(citing Messa v. State Farm Ins. Co., 433 Pa.Super. 594, 597, 641 A.2d 1167, 1168 (Pa.Super.1994)). If a valid arbitration agreement exists between the parties and plaintiffs claim is within the scope of the agreement, the controversy must be submitted to arbitration. Id.

In order to determine the intent of the parties to a contract, a court should look to the four corners of the document and its express language. Midomo Co. Inc. v. Presbyterian Housing Development Co., 739 A.2d 180, 186 (Pa.Super.1999). The law favors settlement of disputes by arbitration and seeks to promote swift and orderly disposition of claims. Id. At the same time, a court must be careful not to extend an arbitration agreement by implication beyond the clear, express and unequivocal intent of the parties as manifested by the writing itself. Id. To resolve this tension, courts should apply the rules of contractual construction, adopting an interpretation that gives paramount importance to the intent of the parties and ascribes the most reasonable, probable and natural conduct to the parties. Id. All parts of the contract should be interpreted together, with the goal of giving effect to each of its provisions. Id. at 191.

The Agreement at issue contains the following arbitration provision:
6. Governing Law; Arbitration
This Agreement will be construed in accordance with the laws of the State where the Joint Venture's home office is located at the time of the bringing of any claim or dispute for resolution. In the event of any disputes or claims under this Agreement, the parties agree to submit such claims to arbitration before the American Arbitration Association in the city (or closest office) in which the Joint Venture's home office is located, or before such other arbitrator as the parties may mutually agree, whose decision will be final and binding and which may be entered as a judgment in any court of competent jurisdiction. The prevailing party in any such dispute or claim will be entitled to recover his or her reasonable attorneys' fees.

Lewis and Lichtman are signatories to the Agreement and therefore subject to the terms of the arbitration provision. Webnet is also subject to the terms of the Arbitration provision since it is an intended beneficiary under the Agreement. Under Pennsylvania law, a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself. Scarpitti v. Weborg, 530 Pa. 366, 372-3, 609 A.2d 147, 150-151 (Pa.1992). The Agreement specifically contemplated the formation of a corporation or LLC for the purposes of conducting their business. The pertinent provision provides:
*3 6. Ownership
The Joint Ventures will jointly own, on a 50/50 basis, all right, title and interest in the Game, including all copyrights, trademarks, domain names, licensing rights and merchandising rights. They will share similar ownership rights in other projects which they may time to time create under this Agreement. In the event the Joint Venturers form a corporation or LLC for the purposes of conducting their business, they will each own equal interests in any such entity.

Webnet is a corporation formed by the Joint Venturers for the purpose of conducting their business. The Joint Venturers specifically expressed an intention to form a corporation to conduct their business which grants Webnet third party beneficiary status. Since Webnet is a third party beneficiary under the Agreement, a fair reading of the Agreement also subjects Webnet to the terms of the Arbitration Agreement. Hence, Webnet by virtue of its third party beneficiary status is also a signatory to the Agreement.

The same does not hold true for Adtraction. "A corporation is to be treated as a separate and independent entity even if its stock is owned entirely by one person." Sigmund v. Phillips & Brooke,

Not Reported in A.2d
(Cite as: 2004 WL 1632574, *3 (Pa.Com.Pl.))

Page 688

P.C., 2003 WL 1848573, *10 (Pa.Com.Pl.2003) (J. Sheppard)(quoting Com. v. Vienna Health Products., Inc., 726 A.2d 432, 434 (Pa.Cmwlth.1999)). [FN2] The allegations within the complaint state that Lewis is a shareholder and officer of Adtraction which markets, uses and sells the software which was allegedly co-created and invented by plaintiff. (Plaintiff's complaint ¶ 3, 11, 15). Adtration is a separate entity not contemplated by the Agreement. "It is a well established principle of law that a contract cannot impose obligations upon one who is not a party to the contract." Manchel v. Hockberg, 2000 WL 33711078, *3 (Pa.Com.Pl.2000) (J. Sheppard) (quoting Juniata Valley Bank v. Martin Oil Co., 736 A.2d 650, 663 (Pa.Super.1999)). Adtraction has not agreed to submit itself to arbitration and therefore cannot be made to do so. See Hatboro Manor, Inc. v. Local Joint Executive Bd. of Philadelphia, 426 Pa. 53, 231 A.2d 160, 164 (1967)(holding "that arbitration, a matter of contract, should not be compelled of a party unless such party, by contract, has agreed to such arbitration ...").

> FN2. The court is mindful that an officer of a corporation may be subject to liability for the acts of the corporation. Here, there are no allegations within the complaint to suggest imposing liability upon Lewis for the acts of her corporation.

> Since Adtraction is not a party to the Agreement, requiring Lewis to arbitrate matters pertaining to the loss of corporate opportunity alone would be pointless. The arbitrator cannot make determinations affecting Adtraction and cannot compel Adtraction to submit to an accounting. Enforcement of the arbitration provision would frustrate the public policy interest in efficient dispute resolution. School Dist. of Philadelphia v. Livingston-Rosenwinkel, P.C., 690 A.2d 1321, 1322 (Pa.Cmmw.1997). Adtraction is not subject to the arbitration agreement between Lewis, Lichtman and Webnet. Therefore, enforcement of the arbitration provision against Lewis alone would create two cases, one in court against Adtraction and one in arbitration against Lewis. This would cause plaintiffs to relitigate the same liability and damage claim in two separate forums and before two separate fact finders creating repetitive, piecemeal litigation. Thus, in this case the arbitration's goal of "swift and orderly disposition of claims" would not be served by sending the case

to arbitration. See School Dist. of Philadelphia v. Livingston-Rosenwinkel, P.C., 690 A.2d 1321, 1322 (Pa.Cmmw.1997); see also, University Mechanical & Engineering Contractors Inc. v. Insurance Co. of North America, 2002 WL 31428913 (Pa.Com.Pl.2002) (J. Sheppard). Accordingly, defendants Lewis and Adtraction's preliminary objection is Overruled.

II. The Preliminary Objections of Defendants Paul Taufer, Esquire and Piper Rudnick, LLP and the Preliminary Objections of Schnader Harrison Segal and Lewis.

*4 Defendants Paul Taufer and Piper Rudnick LLP filed Preliminary Objections to plaintiffs' complaint seeking dismissal of the complaint in its entirety. Specifically, Taufer and Piper Rudnick, LLP maintain that plaintiffs' complaint should be dismissed since 1) plaintiffs lack standing to bring the claim, 2) the court lacks subject matter jurisdiction, 3) plaintiff failed to conform to a rule of court by attaching a copy of a retention agreement, 4) lack of factual specificity and 5) lack of legal sufficiency. [FN3]

> FN3. Additionally, Taufer and Piper Rudnick LLP also raise as objections the doctrine of laches and failure to conform to Pa. R. Civ. P. 1042.2. Although these objections were raised, Defendants failed to address these objections within their memorandum of law.

Defendant Schnader Harrison Segal and Lewis ("Schnader") also filed Preliminary Objections to Plaintiffs' complaint seeking dismissal of the complaint in its entirety. Specifically, Schnader maintains that plaintiffs' complaint should be dismissed since 1) Webnet lacks capacity to sue, 2) the court lacks subject matter jurisdiction, 3) the complaint should be stricken since plaintiff failed to identify each defendant against whom plaintiffs are asserting a professional liability claim or in the alternative lack of specificity, 4) failure to attach a writing, and 5) laches. Schnader also requests that this action be certified to the law side of the court since an adequate remedy at law exists.

Each of these objections will be considered below.

A. A Legitimate Controversy Exists To Create Standing To Sue.

Not Reported in A.2d
(Cite as: 2004 WL 1632574, *4 (Pa.Com.Pl.))

Page 689

Defendants Taufer and Piper Rudnick, LLP maintain that no legitimate controversy exists that would create standing to sue in plaintiffs. In support thereof, defendants contend that since plaintiffs' complaint is based entirely on allegations regarding a patent application and the alleged marketing of the invention which is the subject of the patent application and since the patent has not been issued and in fact has been denied by the Patent and Trademark Office several times, a legitimate controversy creating standing to sue does not exist. The court is not persuaded.

The Supreme Court has held that a plaintiff has standing if (1) the plaintiff has substantial interest in the controversy, (2) that interest is direct and (3) that interest is immediate. Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 346 A.2d 269 (Pa.1975). The requirement of substantial interest simply means that the individual's interest must have substance. There must be some discernable adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law. Id. The requirement that the interest be direct simply means that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains. Id. The remaining requirements of the traditional formulation test are that the interest be "immediate" and "not a remote consequence of the judgment." Id.

Under the applicable test summarized above, this court finds that plaintiffs have standing to bring this present action. Defendants argue that plaintiffs suffered absolutely no harm as a result of Lichtman's name being omitted from the patent application since a patent application has never been issued. That may be true however plaintiffs allege that defendants Taufer and Piper Rudnick, LLP breached their fiduciary duty to plaintiffs which caused plaintiffs to suffer harm in the patent matter as well as other corporate legal matters. (Plaintiff's complaint ¶ 6)(emphasis added). The harm alleged by plaintiffs includes but is not limited to lost revenue from the marketing, using and selling the software and other related items which were jointly owed by plaintiffs and defendant Lewis. (Plaintiffs' complaint ¶ 15). At this juncture, the court finds that plaintiffs do have standing to sue. Accordingly, defendant Piper and Rudnick's preliminary objection as it pertains to standing is Overruled. [FN4]

FN4. The parties did not raise and the court did not address whether plaintiff Lichtman has standing to sue defendants Taufer and Schnader for breach of fiduciary duty and for aiding and abetting Lewis' breach of fiduciary duty.

B. Webnet Does Not Lack Capacity to Sue.

*5 Defendants Piper Rudnick LLP and Schnader maintain that Webnet lacks capacity to sue since it is not a valid corporation in the State of Delaware. In support thereof defendants rely upon plaintiffs' failure to file a timely response to preliminary objections thereby admitting that Webnet is not a valid corporation and the Delaware Department of State records which reflect that Webnet's corporate status is void. While it is true that a failure to answer preliminary objections endorsed with a notice to plead constitutes an admission, defendants' objection is nonetheless overruled.

Pa. R. Civ. P. 1026(a) requires that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." Pa. R. Civ. P. 1026(a). Preliminary objections and answers thereto are considered "pleadings" under the rules. Pa. R. Civ. P. 1017(a).

Additionally, Philadelphia Local Rule * 1028(C) provides:
(C) (1) An answer to preliminary objections (as opposed to a responsive filing with the Motion Court under Philadelphia Civil Rule * 206.1) is required only to preliminary objections raising an issue under Pa. R. Civ. P. 1028(a)(1), (5) and (6) provided a notice to plead is attached to the preliminary objections. An answer need not be filed to preliminary objections raising an issue under Pa. R. Civ. P. 1028(a)(2), (3) and (4).
(2) An answer to preliminary objections shall be filed with the Prothonatary in accordance with Pa. R.C.P. 1026(a) and thereafter with the Motion Court together with the other documents required by Philadelphia Civil Rule *206.1 (D).
Philadelphia Local Rule * 1028(C).

In the case at bar, the preliminary objections filed by defendants were endorsed with a notice to plead. Plaintiffs failed to file a response with the

Not Reported in A.2d    Page 690
(Cite as: 2004 WL 1632574, *5 (Pa.Com.Pl.))

prothonatary. Since plaintiffs have not filed an answer to the preliminary objections, which were endorsed with a notice to plead, the allegations of fact made by the objections constitute an admission. Action Industries, Inc. v. Wiedman, 236 Pa.Super. 447, 346 A.2d 798 (Pa.Super.1975). It does not follow however that the preliminary objections must be sustained; that depends upon the facts that have been admitted. Id . Furthermore, there is no admission of conclusions of law as distinct from allegations of fact. Id. Accepting as true the uncontradicted factual allegations of plaintiffs' complaint and the additional factual allegations of defendants' preliminary objections, the court finds that although the corporate status of Webnet is void and non existing under Delaware Law, Webnet has capacity to sue.

Under Pennsylvania law, the capacity of a corporation to sue is determined by the law of the state in which the corporation is organized. Webnet is a Delaware corporation. Under the Delaware Code, corporations exist for purposes of suit for three years after dissolution.
> *6 All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them ... With respect to any action, suit or proceeding begun by or against the corporation either prior to or within 3 years after the date of its expiration or dissolution, the action shall not abate by reason of the dissolution of the corporation ...
> Del.Code Ann. Tit. 8 § 278.

Here, plaintiffs' claim that even though the corporate structure of Webnet was marked void, under Delaware law, Webnet has capacity to sue since the three year period from the date of dissolution to the institution of this lawsuit has not yet elapsed. A review of the exhibits provided by the parties fails to provide the court with evidence as to when Webnet's corporate structure was marked void. As such the court is unable to make a ruling at this time and therefore will hold its decision on this preliminary objection in abeyance for a period of ten days so the parties may provide the court with evidence as to when the corporate status of Webnet was marked void. [FN5]

> FN5. The court sees no need for the investigation to be extensive. Indeed an inquiry to the Delaware Department of State may resolve the issue.

C. The Court Has Subject Matter Jurisdiction Over Plaintiffs' Claims.

Defendants Taufer and Piper Rudnick, LLP maintain that this court lacks subject jurisdiction. Defendants contend that the Patent and Trademark Office has exclusive jurisdiction over this matter since plaintiffs' claims and all the relief requested by plaintiffs are predicated upon whether Lichtman was incorrectly omitted as an inventor from the patent and the patent application.

The mere mention of a patent in a cause of action will not automatically vest the federal courts with exclusive jurisdiction. Ogantz Controls Co. v. Pirkle, 346 Pa.Super. 253, 499 A.2d 593, 595 (Pa.Super.1985). While this Commonwealth has long recognized the exclusive jurisdiction of the federal courts in civil actions arising under the patent laws, the Pennsylvania Supreme Court has held that where patent rights are only indirectly involved, "jurisdiction is properly in the courts of the Commonwealth." Id (quoting Van Products Co. v. General Welding & Fabricating Co., 419 Pa. 248, 254, 213 A.2d 769, 772 (1965)). Patent rights are incidental or indirectly involved when the "cause of action [is for] the breach of contract or wrongful disregard of confidential relations", and thus the state courts properly have jurisdiction over the matter. Id (quoting Becher v. Contoure Laboratories, 279 U.S. 388, 391, 49 S.Ct. 356, 357, 73 L.Ed. 752 (1929)).

A review of the complaint in this regard demonstrates that plaintiffs' cause of action against defendants is based solely on Pennsylvania law for breach of fiduciary duty. The issue of whether Lichtman was wrongfully omitted from the application is incidental to the main issue of the case. The relief requested by plaintiffs includes directing defendants to cease and desist their representation of Lewis and Adtraction, to prohibit any further dissemination of material, seeks an accounting for any activities they have been engaged in and seeks money damages for the breach of fiduciary duty. Accordingly, the court finds that the

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo



Not Reported in A.2d
(Cite as: 2004 WL 1632574, *6 (Pa.Com.Pl.))

Page 691

issue of patents is incidental to the claims made by plaintiffs within the complaint and overrules defendants' preliminary objection in this regard.

*7 Schnader also maintains that this court lacks subject matter jurisdiction. Schnader claims that since no patent has issued, plaintiffs have unrestricted use of such product and therefore have not suffered an "injury in fact". As stated supra, plaintiffs' cause of action against defendants is based solely on Pennsylvania law for breach of fiduciary duty. The issue of whether Lichtman's name was omitted from the patent application is incidental to this claim. The harm which plaintiffs allege was caused by defendants' breach of fiduciary duty arising from lost revenue derived from marketing, using and selling software and other related items which are allegedly jointly owned by plaintiffs and Lewis. The court finds that an injury in fact has been alleged. Accordingly, Schnader's preliminary objection as to subject matter jurisdiction is overruled.

D. Count II Alleging Breach of Fiduciary Duty Against Piper Rudnick is Legally Insufficient.

Defendant Piper Rudnick maintains that plaintiffs' complaint is legally insufficient. In support thereof defendant contends that the complaint fails to allege any basis upon which Piper Rudnick could be found to owe plaintiffs any duty and therefore the complaint should be dismissed against it.

For purposes of reviewing preliminary objections based upon legal insufficiency, "all well-pleaded material, factual averments and all inferences fairly deducible therefrom" are presumed to be true. Levin v. Gauthier, 2002 WL 372949, *4 (Pa.Com.Pl.2002) (J. Sheppard). When presented with preliminary objections whose end result would be the dismissal of a cause of action, a court should sustain the ojections only where "it is clear and free from doubt from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish [its] right to relief." Id. Furthermore, it is essential that the face of complaint indicate that its claims may not be sustained and that the law will not permit recovery. If there is any doubt, it should be resolved by the overruling of the demurrer. Put simply, the question presented by demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Baily v. Storlazz i, 729 A.2d 1206, 1211 (Pa.Super.1999).

Under Pennsylvania law, a fiduciary relationship exists "when one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on one side or weakness, dependence or justifiable trust, on the other." Levin v. Gauthier, 2002 WL 372949, *5 (Pa.Com.Pl.2002) (J. Sheppard) (quoting Com.,Dept. of Transp. v. E-Z Parks, Inc., 153 Pa. Cmmwlth. 258, 267, 153 Pa.Cmwlth. 258, 620 A.2d 712, 717 (Pa.Cmwlth.1993)).

In the case at bar, plaintiffs have not alleged the existence of an attorney client relationship with Piper Rudnick and therefore have not alleged facts to show that Piper Rudnick owed them a fiduciary duty. They have not alleged an express contract, nor have they offered facts to show an implied attorney client relationship under which Piper Rudnick owed them a duty which was breached.

*8 An implied attorney-client relationship will be found if 1) the purported client sought advice or assistance from the attorney; 2) the advice sought was within the attorney's professional competence; 3) the attorney expressly or impliedly agreed to render such assistance; and 4) it is reasonable for the putative client to believe the attorney was representing him. Romy v. Burke, 2003 WL 21205975 *2 (Pa.Com.Pl.2003)(quoting Cost v. Cost, 450 Pa.Super. 685, 692, 677 A.2d 1250, 1254 (Pa.Super.1996)). Here, plaintiffs neither sought nor received advice or assistance from Piper Rudnick. Accordingly, the claim for breach of fiduciary duty against Piper Rudnick fails as a matter of law.

In addition to the breach of fiduciary duty claim, plaintiffs also assert a claim for aiding and abetting defendant Lewis in violating his fiduciary duty to plaintiffs. In order to state a claim for aiding and abetting a breach of fiduciary duty under Pennsylvania law, the following elements must be alleged: 1) a breach of a fiduciary duty owed to another; 2) knowledge of the breach by the aider and abettor; and 3) substantial assistance or encouragement by the aider and abettor in effecting that breach. Koken v. Steinberg, 825 A.2d 723, 732 (Pa.Cmwlth.2003) (quoting Restatement (Second)

Not Reported in A.2d  
(Cite as: 2004 WL 1632574, *8 (Pa.Com.Pl.))

Page 692

Torts § 876 (1079)).

In the case at bar, although plaintiffs complaint alleges a breach of fiduciary duty by Lewis and Ad Traction, the complaint does not allege that Piper Rudnick knew of Lewis' and Adtraction's duties and their breach of those duties. The complaint also fails to allege that Piper Rudnick rendered substantial assistance or encouragement in effecting the alleged breach by Lewis and that said assistance and encouragement was the cause of the damage to plaintiffs. Accordingly, the court will sustain plaintiffs' preliminary objection to the aiding and abetting the breach of fiduciary duty claim against Piper Rudnick. In the event plaintiffs are capable of repleading such a claim, plaintiffs are granted leave to amend the complaint to solely allege facts as they pertain to the aiding and abetting the breach of fiduciary duty claim. [FN6]

> FN6. The court will not address the preliminary objection concerning punitive damages since the court has sustained defendant Piper Rudnick, LLP objections on other grounds. Thus, the preliminary objection on punitive damages is moot. Additionally, Piper Rudnick's LLP's preliminary objection based on a failure to attach the retainer agreement is also moot.

E. Count II Alleging Breach of Breach of Fiduciary Duty Against Schnader is Factually Sufficient.

Schnader filed a preliminary objection based upon Pa. R. Civ. P. 1042.2(a) for failing to identify each defendant against whom the plaintiffs are asserting a professional liability claim. In the alternative, defendant Schnader maintains that the facts set forth in the complaint are not sufficiently specific to enable it to determine the legal basis of the claims. This court finds that the claims presented within the complaint do not allege professional liability but rather allege claims for breach of fiduciary duty and aiding and abetting defendant Lewis to breach their fiduciary duty to plaintiffs. To determine if a pleading meets Pennsylvania's specificity requirements, a court must ascertain whether the allegations are "sufficiently specific so as to enable [a] defendant to prepare [its] defense." Smith v. Wagner, 403 Pa.Super. 316, 319, 588 A.2d 1308, 1310 (Pa.Super.1991). See also In re the Barnes Found., 443 Pa.Super. 369, 381, 661 A.2d 889, 895 (Pa.Super.1995) ("a pleading should ... fully summarize[e] the material facts, and as a minimum, a pleader must set forth concisely the facts upon which [a] cause of action is based").

*9 Count II of the complaint alleges that Schnader breached its fiduciary duty to plaintiffs and that it aided and abetted defendants Lewis and Ad Traction in breaching their fiduciary duty to plaintiffs. The court finds that plaintiffs' complaint is sufficiently specific to state a claim for breach of fiduciary duty and for aiding and abetting the breach of fiduciary duty claim. Accordingly, defendant Schnader's preliminary objections are overruled.

F. The Complaint Should Not Be Stricken For Failure To Attach Writings.

Schnader maintains that the complaint should be stricken for failure to attach the alleged retainer agreement, the provisional patent application and the patent application which were referred to within the complaint. Pa. R. Civ. P. 1019(i) requires a plaintiff to attach a copy of a writing on which his or her claim is based. A review of the prothonatrary file in this matter demonstrates that the plaintiffs filed a praecipe to annex the retainer agreement between plaintiffs and Schnader to the complaint. Additionally, the retainer agreement was also supplied to opposing counsel. Based on the foregoing, defendants preliminary objection with respect to failure to attach the retainer agreement is moot. [FN7]

> FN7. Defendant Schnader argues that the praecipe was not docketed. A review of the prothonatary file demonstrates that it is marked "Not Docketed Forwarded to Record."

Additionally, Schnader argues that the provisional patent application and the patent application have not been attached to the complaint and therefore the complaint must be stricken. There is no need to attach the provisional patent application and the patent application since they do not form the basis for plaintiffs' suit. See Pa. R. Civ. P. 1019(1) ("when any claim or defense is based upon a writing, the pleader shall attach a copy of the writing"). If the document does not form the basis of the claim the document need not be attached. See Com., Dept. of Transp. v. Bethlehem Steel Corp., 33 Pa.Cmwlth. 1, 15, 380 A.2d 1308, 1315

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo



(Pa.Cmwlth.1977). Accordingly, Defendant's preliminary objection for failure to attach the provisional patent application and the patent application is Overruled.

G. Plaintiffs Claims Are Not Barred By the Doctrine of Laches

Schnader maintains that plaintiffs' complaint should be dismissed since its claims are barred by the doctrine of laches. Laches may be raised by preliminary objection in an equity action. Pa. R. Civ. P. 1509(b). "While the defense of laches may be raised by preliminary objections, laches should never be declared unless the existence thereof is clear on the face of the record." Ritter v. Theodore Pendergrass Teddy Bear Productions, Inc., 356 Pa.Super. 422, 514 A.2d 930 (Pa.Super.1986) (quoting Estate of Marushak, 488 Pa. 607, 610, 413 A.2d 649, 651 (1980)). This means that the party asserting laches must show, first, a delay arising from the other party's failure to exercise due diligence and second prejudice from the delay. Id. Whether this burden has been met is a factual question, answered by examining the circumstances of the particular case. Id.

*10 Here, this court finds that the existence of laches is not clear from the face of the record since factual issues exist as to the circumstances surrounding the alleged delay in filing the complaint and any resultant prejudice arising from the delay. Accordingly, Schnader's preliminary objection is Overruled.

H. Schnader's Preliminary Objection Seeking to Transfer the Case to the Law Side of the Court is Overruled.

Defendant Schnader argues that plaintiffs' action should be certified to the law side of the court since plaintiffs have a full, complete and adequate remedy at law. This court is vested with the full jurisdiction of the whole court and may sit in equity and in law. Indymac Bank, FSB v. Bey, 2002 WL 31082395, *2 (Pa.Com.Pl. September 12, 2002) (J. Sheppard) (citing 42 Pa.C.S. § 952). Where the action is in equity and seeks both equitable relief and legal relief (for which an action at law is an adequate remedy), the court will adjudicate all such claims in the equity action in order to do complete justice and avoid piecemeal litigation. Com. v. Kitchen Appliances Distributors, Inc., 27 Pa. D. & C.3d 91, 95 (Pa.Com.Pl.1981). "Equity has jurisdiction to do complete justice between the parties ...... equity will itself proceed to round out the whole circle of controversy, by deciding every other contention connected with the subject matter of the suit, including the amount of damages to which plaintiff is entitled because of injuries sustained." Id. (quoting Wortex 11, 13, citations omitted). "The equity side of court shall always be open." Indymac Bank, supra. Id; (quoting Pa. R.Civ. P. 1502). Furthermore, there is no procedural mechanism to transfer a matter from the civil to the equity side of court. Id; (citing Lustig v. Lustig, 438 Pa.Super. 320, 321, 652 A.2d 393, 394 (Pa.Super.1995)). Accordingly, Schnader's preliminary objection is overruled.

CONCLUSION

For the foregoing reasons, the court sustains in part and overrules in part Defendants' Preliminary Objections as follows:

1. The Preliminary Objection of Defendants Lewis and Adtraction pursuant to Pa. R. Civ. P. 1028(a)(6) is Overruled.

2. The Preliminary Objections of Defendant Schnader Harrison Segal and Lewis and Defendants Taufer and Piper Rudnick, LLP as to Webnet's lack of capacity to sue is held under advisement for ten days so the parties may provide the court with evidence as to when the corporate status of Webnet was dissolved.

3. The remaining Preliminary Objections of Defendant Schnader Harrison Segal and Lewis are Overruled.

4. The Preliminary Objection of Defendants Taufer and Piper Rudnick, LLP as it pertains to Count II (Breach of Fiduciary Duty) is Sustained.

5. The Preliminary Objection of Defendants Taufer and Piper Rudnick, LLP as it pertains to Count II (Aiding and Abetting Breach of Fiduciary Duty) is Sustained. Plaintiffs are granted leave to amend the complaint as it pertains to this claim within twenty days from the date of this order. All other preliminary objections are Overruled. A contemporaneous Order will be filed with this

Not Reported in A.2d  
(Cite as: 2004 WL 1632574, *10 (Pa.Com.Pl.))

Page 694

Memorandum Opinion.

### ORDER

*11 AND NOW, this 13th day of July, 2004, upon consideration of the Preliminary Objections of Defendants Adrianne Lewis and Adtraction, Inc., t/a ad Traction (cn 041919), the Preliminary Objections of Paul Taufer, Esquire and Piper Rudnick, LLP (cn 051697) and the Preliminary Objections of Schnader, Harrison, Segal & Lewis LLP (cn 051602), plaintiffs' response in opposition, Memoranda, all matters of record and in accord with the contemporaneous Memorandum Opinion filed of record, it hereby is ORDERED and DECREED that

1. The Preliminary Objection of Defendants Lewis and Adtraction pursuant to Pa. R. Civ. P. 1028(a)(6) is Overruled.
2. The Preliminary Objections of Defendant Schnader Harrison Segal and Lewis and Defendants Taufer and Piper Rudnick, LLP as to Webnet's lack of capacity to sue is held under advisement for ten days so the parties may provide the court with evidence as to when the corporate status of Webnet was dissolved.
3. The remaining Preliminary Objections of Defendant Schnader Harrison Segal and Lewis are Overruled.
4. The Preliminary Objection of Defendants Taufer and Piper Rudnick, LLP as it pertains to Count II (Breach of Fiduciary Duty) is Sustained.
5. The Preliminary Objection of Defendants Taufer and Piper Rudnick, LLP as it pertains to Count II (Aiding and Abetting Breach of Fiduciary Duty) is Sustained. Plaintiffs are granted leave to amend the complaint as it pertains to this claim within twenty days from the date of this order. All other preliminary objections are Overruled.

2004 WL 1632574 (Pa.Com.Pl.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo