# Exhibit S

Not Reported in F.Supp.
Fed. Sec. L. Rep. P 99,557
(Cite as: 1997 WL 689288 (E.D.Pa.))
&lt; KeyCite Yellow Flag &gt;

Page 513

United States District Court, E.D. Pennsylvania.

ROSENBAUM & CO., et al.
v.
H.J. MYERS & CO., INC., et al.

No. CIV.A. 97-824.

Oct. 9, 1997.

Marc S. Henzel, Kops and Fenner, P.C., Phila, PA, for Rosenbaum & Co., Bernard L. Hirsh Inc., Market Street Securities, Inc., Park Ave Securities, Inc., Liberty Capital Group, Plaintiff.

MEMORANDUM AND ORDER

BECHTLE, J.

*1 Presently before the court is defendant H.J. Myers & Co., Inc.'s ("H.J.Myers") motion to dismiss the Complaint of plaintiffs Rosenbaum & Co., Bernard L. Hirsh, Inc., Market Street Securities, Inc., Park Ave. Securities, Inc., Liberty Capital Group, Bearcat Inc. and Benton Partners (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff's response thereto. For the reasons set forth below, defendant H.J. Myers.' motion will be granted in part and denied in part.

I. BACKGROUND

The facts of this case, as alleged by Plaintiffs, arise from violations of state and federal securities trading laws and related state law claims. [FN1] Plaintiffs are six Pennsylvania corporations and one partnership which are all licensed brokers-dealers engaged in options trading on the Philadelphia Stock Exchange. Compl. ¶¶ 1-7. H.J. Myers is a New York corporation with offices in Philadelphia. Id. ¶ 8. The second defendant is Elies Fenjiro, ("Fenjiro") an individual who is currently being held in a federal detention facility. Id. ¶ 9.

> FN1. This court has original jurisdiction over Plaintiffs' claims because they arise under federal securities laws. 28 U.S.C. § 1331. The court has supplemental jurisdiction over Plaintiffs' state law claims because they form part of the same case or controversy as the federal claims. 28 U.S.C. § 1367(a). Alternatively, Plaintiffs assert that absent a federal question, jurisdiction would still be proper under diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs fail to allege proper citizenship of the parties to establish diversity jurisdiction. Five plaintiffs are properly alleged to be citizens of Pennsylvania. H.J. Myers is properly alleged to be a citizen of New York. However, the Complaint fails to properly allege citizenship of plaintiffs Bearcat Inc., Benton Partners and defendant Elies Fenjiro. Bearcat Inc.'s state of incorporation is pleaded as Pennsylvania, but the Complaint fails to name a principal place of business. Likewise, the Complaint fails to allege the citizenship of each of the partners of plaintiff Benton Partners, a partnership. Also, defendant Elies Fenjiro's citizenship is open to question. The Complaint alleges he is being held in custody by the United States Marshal's Office in Rhode Island, but gives no other facts surrounding his citizenship. The court will not determine at this time whether the diversity of citizenship requirements have been met because federal question jurisdiction exists. However, plaintiff will be granted leave to amend the Complaint as to the citizenship of Bearcat Inc., each of the partners of Benton Partners and Elies Fenjiro.

According to the Complaint, Fenjiro opened securities trading accounts with H.J. Myers using false information and a $20,000 check written against insufficient funds. Id. ¶¶ 12-14. H.J. Myers did not attempt to verify or ascertain the truth of any of the information Fenjiro supplied to open the account. Id. ¶ 15. Plaintiffs further allege that Fenjiro knowingly possessed inside information regarding a planned purchase of Conrail, Inc. ("Conrail") by CSX Corporation ("CSX"). Id. ¶ 16. Fenjiro then used the H.J. Myers account to purchase 350 call options of Conrail stock on October 14, 1996 for $22,310.00. Id. ¶ 17. On October 15, 1997, CSX's plan to purchase Conrail was publicly announced and Conrail's stock price rose significantly. Id. ¶¶ 20-22. Fenjiro sold his call options that same day for $418,541.09. Id. ¶ 27. Fenjiro then sent H.J. Myers a second bad check for $2,310.00, presumably to cover the difference between the $20,000.00 deposit check and the purchase price of the options. Id. ¶ 26.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo



Case 1:05-cv-00165-JJF    Document 33-21    Filed 06/10/2005    Page 3 of 5

Not Reported in F.Supp.                                                                                 Page 514
(Cite as: 1997 WL 689288, *1 (E.D.Pa.))

Both these checks were later returned unpaid. Id. ¶¶ 14, 26. Within the week following the sale of the call options, H.J. Myers released the call option sale proceeds of $418,541.09 to Fenjiro. Id. ¶ 27.

Plaintiffs' claims stem from the fact that they were "options market makers" on the floor of the Philadelphia stock exchange. Id. ¶ 18. Conrail options are traded on that exchange. Id. ¶¶ 18, 24. Plaintiffs, as market makers, were involved in the sale of the options to Fenjiro, and the subsequent repurchase of the options a day later at a significantly higher price. Id. In conjunction with these transactions, Plaintiffs claim to have suffered substantial trading losses, position liquidation losses, costs, fees, interest and other economic damages. Id. ¶ 25.

*2 On February 4, 1997, Plaintiffs filed their complaint. On May 5, 1997, H.J. Myers filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On June 9, 1997, Plaintiffs filed a response to H.J. Myers' motion. On June 16, 1997, H.J. Myers filed a reply memorandum. The court has stayed discovery in this case pending resolution of this motion to dismiss, pursuant to 15 U.S.C. § 78u-4(b)(3)(B).

For the reasons set forth below, H.J. Myers' motion will be granted in part and denied in part.

## II. STANDARD FOR MOTION TO DISMISS

For the purposes of a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, construe the complaint in a light most favorable to the plaintiff and determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir.1988), cert. denied, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989) (citations omitted). The court, however, need not accept as true legal conclusions or unwarranted factual inferences. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). If "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint will be dismissed. Conley, 355 U.S. at 45.

## III. DISCUSSION

Plaintiff brings claims under the Securities Exchange Act of 1934, the Pennsylvania Securities Act of 1972, breach of contract, breach of fiduciary duty, negligence, common law conversion, common law fraud and the Pennsylvania Unfair Trade Practices and Consumer Protection Law. These claims will be addressed in the order as they appear in the Complaint.

### A. Count I: Securities Exchange Act of 1934

Plaintiffs' first claim is under section 10(b) of the Securities Exchange Act of 1934 ("the '34 act"), Rule 10b-5 of the Securities Exchange Commission ("SEC") and section 20A of the Securities Exchange Act of 1934. Section 10(b) is the general anti-fraud provision of the '34 act. Rule 10b-5 is the SEC rule promulgated pursuant to section 10(b). A section 20A claim is dependent on a violation of the '34 act.

A securities fraud claim is subject to heightened pleading requirements under Fed.R.Civ.P. 9(b) and the Private Securities Litigation Reform Act. Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Because section 10(b) and Rule 10b-5 are anti-fraud provisions, a plaintiff must plead them with the particularity required by Rule 9(b).

The Private Securities Litigation Reform Act places additional burdens on plaintiffs attempting to plead fraud in securities cases. Under 15 U.S.C. § 78u-4(b), a plaintiff alleging that a defendant made a misleading statement must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). In addition, the plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). Thus, Rule 9(b) and 15 U.S.C. § 78u-4(b) require a plaintiff to state with particularity the circumstances surrounding the allegedly fraudulent securities activities.

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo

**\*3** Plaintiffs fail to properly plead fraud by H.J. Myers in that they fail to allege facts showing H.J. Myers made a misrepresentation or omission, or possessed material inside information. The Complaint states under Count I that both defendants, Fenjiro and H.J. Myers, were "in possession of confidential material information." Compl. ¶ 30. Under the "insider trading theory", " § 10(b) and Rule 10b-5 are violated when a corporate insider trades in the securities of his corporation on the basis of material nonpublic information." United States v. O'Hagan, 521 U.S. 642, ----, 117 S.Ct. 2199, 2207, 138 L.Ed.2d 724 (1997). Under the "misappropriation theory", "a person commits fraud 'in connection with' a securities transaction, and thereby violates § 10(b) and Rule 10b-5, when he misappropriates confidential information for securities trading purposes, in breach of a duty owed to the source of the information." Id. The Complaint states that Fenjiro was "in possession of material, non-public information (i.e. that CSX was to purchase Conrail)." Compl. ¶ 16. However, the Complaint only alleges that H.J. Myers "did not attempt to verify or ascertain" the accuracy of the account information Fenjiro gave them when he opened the account. Id. at ¶ 15. The Complaint fails to specify what confidential or material nonpublic information H.J. Myers supposedly possessed. It also fails to plead any fact showing that H.J. Myers engaged in any other fraudulent conduct, misleading statements or omission that would constitute a section 10(b) violation. Instead, the Complaint simply blends the conduct and knowledge of the two defendants. It is impossible for the court to evaluate Plaintiffs' claim regarding each defendant separately without a clear enunciation of the facts on which Plaintiffs base their claim against each defendant. All pleadings in regard to any insider trading or other fraudulent activity for which Plaintiffs believe H.J. Myers is liable must be set forth in the Complaint with the specificity and detail required under Rule 9(b) and 15 U.S.C. § 78u-4(b). Therefore, the court will dismiss plaintiffs' federal securities law claim with leave to amend and properly plead the claim against H.J. Myers.

B. Count II and III: Pennsylvania State Securities Laws

Plaintiff also brings two claims under the Pennsylvania Securities Act of 1972. Count II alleges a violation of 70 Pa. Cons.Stat. Ann. §§ 1-401 and 1-406. Count III alleges a violation of 70 Pa. Cons.Stat. Ann. § 1-403. All three of these statutory provisions require a plaintiff to plead a claim for fraud or show that some inside information was known. As stated above, Fed.R.Civ.P. 9(b) requires that any claim of fraud be plead with particularity. Again, the Complaint is unclear in that it fails to specify what fraudulent activity they believe H.J. Myers specifically engaged in, or what inside information was possessed by H.J. Myers. Therefore, the court will dismiss plaintiffs' Pennsylvania securities law claims with leave to amend and properly plead the claims against H.J. Myers.

C. Count IV: Breach of Contract

**\*4** Plaintiffs also allege a breach of contract claim. The court finds that the Complaint sufficiently pleads a claim for breach of contract. Therefore, H.J. Myers' motion to dismiss will be denied as to the breach of contract claim.

D. Count V: Breach of Fiduciary Duty

Plaintiffs also allege a breach of fiduciary duty claim. This court finds that the Complaint sufficiently pleads a claim for breach of fiduciary duty. Therefore, H.J. Myers' motion to dismiss will be denied as to the breach of fiduciary duty claim.

E. Count VI: Negligence

Plaintiffs allege a negligence claim. This court finds that the Complaint sufficiently pleads a claim for negligence. Therefore, H.J. Myers' motion to dismiss will be denied as to the negligence claim.

F. Count VII: Common Law Conversion

Plaintiffs also allege a common law conversion claim. H.J. Myers argues that Plaintiffs have failed to plead the elements of conversion. Plaintiffs do not contest the motion to dismiss as to this claim. Therefore, H.J. Myers' motion will be granted as to the conversion claim.

G. Count VIII: Common Law Fraud

Plaintiffs also allege a common law fraud claim.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo



Not Reported in F.Supp. Page 516
(Cite as: 1997 WL 689288, *4 (E.D.Pa.))

Again, Plaintiffs fail to properly allege this claim and instead deal with the allegedly fraudulent activity of the two defendants together. The Complaint does not clearly set forth the alleged misrepresentation and surrounding circumstances. Therefore, the court will dismiss plaintiffs' fraud claim with leave to amend and properly plead the claim against H.J. Myers.

H. Count IX: Pennsylvania Unfair Trade Practices and Consumer Protection Law.

Plaintiffs include a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Conn. Ann. § 201-1, et seq., against H.J. Myers. H.J. Myers argues that Plaintiffs have no standing to bring a claim under that statute. Plaintiffs do not contest the motion to dismiss as to this claim. Therefore, H.J. Myers' motion will be granted as to the Pennsylvania Unfair Trade Practices and Consumer Protection Law claim.

IV. CONCLUSION

For the reasons set forth above, H.J. Myers' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) will be granted in part and denied in part.

An appropriate Order follows.

ORDER

AND NOW, TO WIT, this 9th day of October, 1997, upon consideration of Motion of Defendant H.J. Myers & Co., Inc., to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6), and Plaintiffs' response thereto, IT IS ORDERED that said motion is GRANTED IN PART and DENIED IN PART as follows:
1. Counts I, II, III and VIII are DISMISSED without prejudice. Plaintiffs are granted leave to amend the claims against defendant H.J. Myers only. Plaintiffs shall file any amended complaint within 20 days from the date of this Order. Because discovery has been stayed to the date of this Order, no extensions beyond this 20 day period will be granted for the filing of an amended complaint.
*5 2. Defendant H.J. Myers' motion to dismiss is DENIED as to Counts IV, V and VI.
3. Counts VII and IX are DISMISSED.

4. Plaintiff is granted leave to amend the Complaint to properly allege the citizenship of Bearcat Inc., Benton Partners and Elies Fenjiro.

IT IS FURTHER ORDERED, the STAY OF DISCOVERY, pursuant to 17 U.S.C. 78u-4(b)(3)(B), is hereby LIFTED, forthwith, and discovery will proceed despite the pendency of an amended complaint being filed.

1997 WL 689288 (E.D.Pa.), Fed. Sec. L. Rep. P 99,557

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo