# Exhibit T

Not Reported in F.Supp.2d  
(Cite as: 2004 WL 1790175 (E.D.Pa.))  
<KeyCite History>

Page 265

Only the Westlaw citation is currently available.

United States District Court,  
E.D. Pennsylvania.

Anthony H.N. SCHNELLING, as Trustee of the Bankruptcy Estate of Epic Resorts, LLC and Epic Master Funding Corporation, Plaintiffs,  
v.  
PRUDENTIAL SECURITIES, INC., et al. Defendants.

No. Civ.A.03-6021.

Aug. 9, 2004.

Bryan J. Wick, Jamil N. Alibhai, Dallas, TX, Malcolm S. Gould, Patrick J. Doran, Pelino & Lentz, P.C., Philadelphia, PA, for Plaintiffs.

Carl G. Roberts, Ballard, Spahr, Andrews & Ingersoll LLP, Philadelphia, PA, Nicole S. Gambrell, Richard T. Archibald, Robert R. Summerhays, Weil, Gotshal & Manges LLP, Dallas, TX, for Defendants.

MEMORANDUM AND ORDER

SCHILLER, J.

*1 Plaintiffs Anthony H.N. Schnelling, as trustee of the bankruptcy estate of Epic Resorts, LLC, and Epic Master Funding Corp. ("EMFC") bring this action against Defendants Prudential Securities Inc., Prudential Financial Inc., and Prudential Securities Credit Corp., LLC ("PSCC") alleging breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, tortious interference with contract, fraud and fraudulent inducement, and negligent misrepresentation. [FN1] Defendants have filed counterclaims against Epic Resorts and EMFC for breach of contract, fraud and fraudulent inducement, and negligent misrepresentation and against Epic Resorts for indemnification. Presently before this Court is Plaintiffs' motion to dismiss Defendants' tort counterclaims against EMFC on statute of limitations grounds. [FN2] For the reasons that follow, Plaintiffs' motion is granted.

FN1. By Memorandum and Order of June 3, 2004, this Court granted Defendants' motion to dismiss Plaintiffs' claim against PSCC for breach of the implied covenant of good faith and fair dealing and denied Defendants' motion in all other respects.

FN2. Plaintiffs originally moved to dismiss Defendants counterclaims against Epic Resorts as well. On July 23, 2004, the parties stipulated to a stay of all counterclaims against Epic Resorts due to pending bankruptcy proceedings.

I. BACKGROUND

It is unnecessary, for purposes of the instant motion, to fully explicate the factual background underlying Defendants' counterclaims. The following relevant facts are set out in a light most favorable to Defendants. Plaintiffs Epic Resorts, a nationwide developer and marketer of vacation resorts, and EMFC, its wholly-owned subsidiary, were involved in a lending relationship with PSCC. (Am. Compl. ¶ 6, 8; Answer ¶¶ 109-10.) Pursuant to the terms of the "Credit Agreement," PSCC provided a credit warehouse lending facility from which Plaintiffs could withdraw funds in exchange for Epic Resorts' time-share receivables. (Am.Compl.¶ 17.)

In November 2000, PSCC informed Plaintiffs that the credit facility would not be extended beyond its December 2000 maturity date. (Answer ¶ 111.) In response, Plaintiffs requested several extensions of credit while they located a new lender. (Id. ¶ 112.) PSCC agreed to advance interim funds in exchange for Plaintiffs' compliance with certain new conditions. (Id.) One of the conditions was that Plaintiffs would provide accurate financial information to PSCC. (Id. ¶ 113.)

Pursuant to a separate agreement with senior secured note-holders, Epic Resorts was required to hold certain funds in escrow for semi-annual interest payments. (Id. ¶ 114.) In both SEC filings and statements to PSCC, Plaintiffs represented that several million dollars were escrowed for such payments. (Id. ¶ 114.) In reliance upon these representations, PSCC advanced over $18 million in funds during the first half of 2001. (Id. ¶ 115 .) In June 2001, Epic Resorts failed to make the required interest payments to its note-holders. (Id. ¶ 116.) At

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo



that time, PSCC learned that Plaintiffs' prior statements regarding the escrow accounts were false. (Id.) As a result, the note-holders forced Epic Resorts into involuntary bankruptcy in July 2001. (Id.) In March 2004, PSCC sold its portfolio of receivables at a loss of $13 million. (Id. ¶ 117.) On June 22, 2004, Defendants filed the instant counterclaims.

## II. STANDARD OF REVIEW

*2 In considering a motion to dismiss for failure to state a claim upon which relief may be granted, courts must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of the non-moving party. Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc., 237 F.3d 270, 272 (3d Cir.2001). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997) (internal quotation omitted). A motion to dismiss will only be granted if it is clear that relief cannot be granted to the plaintiff under any set of facts that could be proven consistent with the complaint's allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A court may dismiss a cause of action on statute of limitations grounds when it appears on the face of the complaint that the claim is time-barred. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.2002); Oldroyd v. Assocs. Consumer Discount Co., 863 F.Supp. 237, 240 (E.D.Pa.1994).

## III. DISCUSSION

The parties agree that claims of fraud, fraudulent inducement, and negligent misrepresentation are subject to a two-year statute of limitations in Pennsylvania and that the limitations period begins to run when the causes of action accrue. 42 PA. CONS.STAT. § 5524(7) (2004). "[A] cause of action accrues on the date the injury is sustained, or when 'a party has a legal right to institute suit and can maintain a successful action." ' DiCicco v. Willow Grove Bank, 308 F.Supp.2d 528, 534 (E.D.Pa.2004) (citing ITG, Inc. v. Price Waterhouse, 697 F.Supp. 867, 870-71 (E.D.Pa.1988)). For purposes of the instant motion, the sole dispute between the parties concerns when the tort causes of action accrued. Plaintiffs contend that the causes of action accrued in June 2001, when PSCC learned that the statements regarding the escrow accounts were false. Defendants claim that their causes of action did not accrue until March 2004, when the portfolio of receivables was sold at a loss of $13 million.

Defendants' position misidentifies the occurrence of the legal injury. A claim accrues when a plaintiff is damaged, not when the precise amount or extent of the damage is realized. See F.P. Woll & Co. v. Fifth & Mitchell St. Corp., No. 02-4372, 1999 WL 79059, at *10, 1999 U.S. Dist. LEXIS 894, at *29 (E.D.Pa. Feb. 4, 1999) (cause of action accrued when plaintiff realized property had been contaminated, not when he later sold property); Adamski v. Allstate Ins. Co., 738 A.2d 1033, 1042 (Pa.Super.Ct.1999) ("[O]ur Court has repeatedly held that, for purposes of the statute of limitations, a claim accrues when a plaintiff is harmed and not when the precise amount or extent of damages is determined."). The damage to PSCC occurred when it became aware that the escrow accounts were not created in June 2001. At that point, or at least when Epic Resorts entered bankruptcy in July 2001, PSCC should have known that Epic Resorts' and EMFC's allegedly tortious actions would negatively impact the value of its portfolio of receivables. [FN3] See Barnes v. Amer. Tobacco Co., 161 F.3d 127, 136 (3d Cir.1998) ("A claim under Pennsylvania law accrues at the occurrence of the final significant event necessary to make the claim suable." (internal quotation omitted)). The fact that PSCC did not formally realize the $13 million loss until March 2004 does not delay the running of the limitations period. A contrary holding would "effectively enable similarly situated parties to forestall the running of the statute of limitations indefinitely." [FN4] F.P. Woll & Co., 1999 WL 79059 at *10. Accordingly, Defendants' counterclaims, which were filed more than three years after the causes of actions accrued, are time-barred.

FN3. Despite Defendants' assertion, the Third Circuit's holding in CGB Occupational Therapy, Inc. v. RHA Health Services, Inc. does not compel a contrary result. 357 F.3d 375, 384 (3d Cir.2004). In CGB, the Third Circuit held that CGB's cause of

action for tortious interference with a contract accrued when the contract was terminated, not when CGB became aware of defendant's allegedly interfering conduct. Id. at 384. The Court reasoned that CGB had not suffered "actual legal damage" necessary to make the claim suable until the termination because, until that time, the contract remained "in full force and effect." Id. In this case, Defendants suffered actual legal damage in the diminution in value of the time-share receivables due to Plaintiffs' allegedly tortious conduct long before the receivables were sold in March 2004.

FN4. Defendants also suggest that their allegation that the injury occurred in March 2004 must be accepted as true at this stage of the proceedings. When considering a motion to dismiss, the Court must accept as true all of the factual allegations pleaded, but not "bald assertions" or "legal conclusions." Morse, 132 F.3d at 906. Therefore, Defendants' allegation that the injury occurred in March 2004 need not be credited by this Court. See DiCicco, 308 F.Supp.2d. at 535.

## ORDER

*3 AND NOW, this 9th day of August, 2004, upon consideration of Plaintiffs Anthony H.N. Schnelling, as trustee of the bankruptcy estate of Epic Resorts, LLC, and Epic Master Funding Corp.'s ("EMFC") Motion to Dismiss, Defendants Prudential Securities Inc., Prudential Financial Inc., and Prudential Securities Credit Corp., LLC's response thereto, and for the foregoing reasons, it is hereby ORDERED that:

1. Plaintiffs' Motion to Dismiss (Document No. 35) is GRANTED. Counts II & III are DISMISSED as against Epic Master Funding Corp.

2004 WL 1790175 (E.D.Pa.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Wo