# EXHIBIT 30

# Westlaw.

Slip Copy  
2005 WL 1320875 (D.Del.), Fed. Sec. L. Rep. P 93,271  
(Cite as: 2005 WL 1320875 (D.Del.))

Page 1

United States District Court,  
D. Delaware.  
Leon SEGEN, derivatively on behalf of Intraware, Inc., Plaintiff,  
v.  
COMVEST VENTURE PARTNERS, LP; Comvest Management, LLC; Commonwealth Associates Management Company, Inc.; Commonwealth Associates, LP; RMC Capital LLC; Michael S. Falk; Robert Priddy; Travis L. Provow; Keith Rosenbloom; Intraware Inc.,  
Defendants.  
No. Civ.A. 04-822 JJF.

June 2, 2005.  
Theodore J. Tacconelli, of Ferry, Joseph & Pearce, P.A., Wilmington, Delaware, Paul D. Wexler, of Bragar Wexler Eagel & Morgenstern, P.C., New York, New York; Glenn F. Ostrager, of Ostrager Chong Flaherty & Broitman P.C., New York, New York, for Plaintiff, of counsel.

Jeffrey L. Moyer, and Srinivas M. Raju, of Richards, Layton & Finger, P.A., Wilmington, Delaware, Clifford Thau, Steven Paradise, and Sean Bukowski, of Vinson & Elkins, LLP, New York, New York, for Defendants ComVest Venture Partners LP, ComVest Management LLC, Commonwealth Associates, LP, Michael S. Falk, Travis L. Provow, and Keith Rosenbloom, of counsel.

Neal J. Levitsky, of Fox Rothschild, LLP, Wilmington, Delaware, Robert N. Dokson, of Ellis, Funk, Goldberg, Labovitz & Dokson, P.C., Atlanta, Georgia, for Defendants Robert Priddy and RMC Capital, LLC., of counsel.

*MEMORANDUM OPINION*

FARNAN, J.

**\*1** Presently before the Court is a Motion To Dismiss The Complaint (D.I.5) filed by Defendants ComVest Venture Partners, LP, ComVest Management, LLC, Commonwealth Associates Management Company, Inc., Commonwealth Associates LP, Michael S. Falk, Travis L. Provow, and Keith Rosenbloom ("the ComVest Defendants"), and a Motion To Dismiss (D.I.8) filed by Defendants Robert Priddy and RMC Capital, LLC ("the Priddy Defendants"). Both motions rely upon the same grounds and arguments. (D.I.9.) For the reasons discussed, the motions will be denied.

BACKGROUND  
On July 6, 2004, Plaintiff, Leon Segen, filed this lawsuit under Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p. Plaintiff claims to sue derivatively on behalf of Intraware, Inc. ("Intraware"). This action arises from allegations that Defendants, a § 13(d) group, garnered short-swing profits disgorgeable to Intraware.

Section 16(b) of the Exchange Act provides that if a statutory insider purchases and sells, or sells and purchases, shares of any equity security of an issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer. A statutory insider is defined as an officer or director of the issuer or a greater than 10% holder of the issuer's securities. *See* 15 U.S.C. § 78p(b).

Pursuant to SEC Rule 16a-1(a)(1), promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in § 13(d)(3) of the Exchange Act, such persons are deemed a "group" for purposes of determining § 16(b) liability. In making the group determination, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in a registered class of equity securities of the issuing corporation. SEC Rule 16a-1(a)(1). If the group is a greater than 10% beneficial owner, each group member is potentially subject to liability under § 16(b).

In his Complaint, Mr. Segen alleges that the ComVest Defendants and the Priddy Defendants are group members who acted for the purpose of acquiring, holding, or disposing of equity securities issued by Intraware. (D.I.1, para.15.)

Mr. Segen asserts the following facts. Mr. Falk, Mr. Priddy, and Mr. Rosenbloom were limited partners of ComVest Venture Partners, LP and the managers of ComVest Management, LLC. Commonwealth Associates Management Company wholly owned ComVest Managment, LLC. (D.I.1, para.4.) Mr. Priddy, Mr. Rosenbloom were directors and Mr. Falk

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

was Chairman and principal stockholder of Commonwealth Associates Management Company. (D.I.1, para.5.)

Mr. Falk is the Chairman, CEO, and President of Commonwealth Associates, LP, and Mr. Provow is a partner and board member. Commonwealth Associates, LP is a limited partner of ComVest Venture Partners, LP. (D.I.1, para.6.)

*2 Mr. Priddy is the Chairman and principal member of RMC Capital, LLC, a Georgia limited liability company whose pricipal business is investing in securities. (D.I.1, para.7.)

On April 2, 2001, ComVest Venture Partners, LP ("Comvest") and Mr. Priddy invested $2,000,000 and $1,000,000, respectively, in a private placement by Intraware. (D.I.1, para.17.) ComVest purchased 200,000 shares of Intraware's Series B Convertible preferred stock and warrants to purchase 400,000 shares of Intraware common stock at an initial exercise price of $1.125 per share. Mr. Priddy purchased 100,000 shares of Series B preferred stock and warrants to purchase 200,000 of common stock.

As a result of participation in the April placement, the group became a greater than 10% owner of Intraware's common stock and Mr. Falk was appointed to Intraware's Board of Directors. Commonwealth Associates, LP ("Commonwealth") acted as the placement agent for Intraware in the April placement, and was paid a fee of 6% of the gross proceeds of the placement and its expenses. (D.I.1, para.19.)

On August 31, 2001, ComVest and Mr. Priddy invested in a second private placement by Intraware. In connection with this placement, Mr. Provow was appointed to the Board of Directors as a designee of the group. Mr. Provow also invested in the August placement. (D.I.1, para.20.) Commonwealth again acted as the placement agent for Intraware in the August placement, and was paid a placement fee of 5% of the gross proceeds of the August placements, its expenses, and warrants to purchase 700,000 shares of Intraware stock at an exercise price of $.01 per share. In or about November 2001, Commonwealth exercised its August warrants and distributed a portion of the shares to ComVest, Mr. Falk, and Mr. Rosenbloom. (D.I.1, para.20.)

In order for Intraware to issue its debt in the August placement, ComVest and Mr. Priddy agreed to exchange their Series B preferred shares for shares of a new Series B-1 preferred stock. In connection with this exchange, the group members required Intraware to lower the conversion price of ComVest's and Mr. Priddy's Series B preferred shares and the exercise price of their April warrants. (D.I.1, para.22.)

Following the August placement, ComVest and Commonwealth made certain distributions to other group members, all of the details of which are not known. (D.I.1, para.30.)

On November 9, 2001, ComVest sold 200,000 shares of Intraware's common stock at a price of $.58 per share, matchable with the purchase on August 31, 2001, at $.01 per share, yielding short swing profits of $114,000. Further, Mr. Priddy engaged in a series of trades that led to disgorgeable profits of $1,195,838.37. (D.I.1, para.31.)

On May 24, 2002, ComVest and Mr. Priddy participated in a third private placement by Intraware. Comvest invested $250,000 and Mr. Priddy invested $300,000. Commonwealth again acted as the placement agent. (D.I.1, para.23.)

On July 5, 2002, Mr. Segen made demand on Intraware to commence this action. By letter dated September 5, 2002, Intraware declined to commence the lawsuit. (D.I.1, para.38.)

PARTIES' CONTENTIONS

*3 By their motions, Defendants contend that Mr. Segen can prove no set of facts consistent with his allegations that would entitle him to relief for three reasons. First, Defendants contend that Mr. Segen did not bring this lawsuit within the two year statute of limitations period. Second, Defendants contend that Mr. Segen's Complaint does not state facts that show the existence of a § 13(d) group for purposes of the Section 16(b) of the Exchange Act. Third, Defendants contend that Mr. Segen's Complaint does not plead particularized facts to show that the decision by the Intraware's Board of Directors to refuse demand was wrongful and not protected by the business judgment rule.

In response, Mr. Segen contends that the law is clear that the two year limitations period is tolled until Defendants comply with the requirements of § 16(a) of the Exchange Act by filing an SEC Form 4 with the Commission or until Intraware had actual knowledge of Defendants' violation of the statute. Mr. Segen further contends that the Complaint properly alleges that there was a § 13(d) group that traded Intraware securities, and that the pleading

specifies the acts performed by the group members. In support of his contention, Mr. Segen cites a number of cases in which other courts have denied motions to dismiss at the pleading stage. Finally, Mr. Segen contends that the business judgment rule is not available to a defendant in these circumstances to prevent a shareholder from bringing suit if the issuer refuses to do so.

Defendants reply that Mr. Segen is not entitled to equitable tolling of the statute of limitations because Defendants were not required to file the forms at issue as they did not own more than 10% of the securities of Intraware and were not otherwise a "group." Next, Defendants reply that the Complaint makes clear that the alleged group members disposed of their securities at different times and at different prices, thereby preventing Plaintiff from alleging facts necessary to plead a group even under the notice pleading standard of Federal Rule 8. Finally, Defendants reply that Intraware's Board determined that Defendants did not constitute a group for Section 16(b) purposes and, thus, are entitled to the benefit of the business judgment rule.

## DISCUSSION
### I. Standard Of Review

When a court analyzes a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must accept the factual allegations of the Complaint as true. *Langford v. City of Atlantic City,* 235 F.3d 845, 847 (3d Cir.2000). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.*

### II. Whether Plaintiff's Complaint Satisfies the Statute Of Limitations

Because the Court concludes that the Complaint alleges facts sufficient to establish the potential applicability of equitable tolling, the Court will deny Defendants' motions to dismiss with regard to the statute of limitations.

The statute of limitations for a § 16(b) claim runs for two years from the date of the transaction that led to the profits until the filing of the complaint. 15 U.S.C. § 78p(b). Citing authority from the Second and Ninth Circuits, Plaintiff contends that tolling of the time period is appropriate when no SEC Form 4 has been filed and the issuer does not have actual notice of all of the information that is contained in a Form 4. Defendants do not dispute that they did not file § 16(a) reports. Rather, they contend that Mr. Segen had actual notice that Defendants allegedly realized short-swing profits at some point prior to his sending a demand letter on July 5, 2002.

*4 Accepting the factual allegations of the Complaint as true, as the Court must do on a motion to dismiss, the Court concludes that Mr. Segen has sufficiently alleged that he lacked adequate notice of Defendants' wrongful conduct to support an equitable tolling claim. (D.I.1, para.29.) Further, the Court concludes that whether equitable tolling is warranted in these circumstances requires further development of the facts and, therefore, may best be addressed once discovery is complete by a motion for summary judgment. Accordingly, the Court will deny Defendants' motions to dismiss with regard to the statute of limitations claim.

### II. Whether The Complaint Fails To State A Section 16(b) "Group" Claim

Because the Court concludes that the Complaint alleges facts sufficient to establish that Defendants potentially acted in concert with respect to their investments in Intraware, the Court will deny Defendants' motions to dismiss with regard to the "group" claim.

The Court finds the Complaint gives details with regard to the alleged relationships between the Defendants and that the Complaint alleges that Defendants entered into the same agreements with respect to investments made on April 2, 2001, August 31, 2001, and May 24, 2002, and in connection with exchanging Series B preferred shares for Series B-1 preferred shares. (D.I.1, paras.17-26.) With these facts alleged, the Court cannot conclude that Mr. Segen has failed to plead facts to support his claim that Defendants acted as a group for purposes of § 16(b). In the Court's view, there must be a full factual record for the Court to properly determine whether a group exists and, if so, what its dimensions are. For these reasons, the Court will deny Defendants' motions with regard to the "group" claim.

### III. Whether The Business Judgment Rule Is Applicable To Section 16(b) Lawsuits

Because shareholders have an absolute right to sue if the issuer does not sue within sixty days of receiving a demand, the Court will deny Defendants' motions with regard to the business judgment rule.

A stockholder may maintain an action against a corporate insider under § 16(b) of the Exchange Act

Slip Copy  
2005 WL 1320875 (D.Del.), Fed. Sec. L. Rep. P 93,271  
**(Cite as: 2005 WL 1320875 (D.Del.))**

Page 4

"if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter...." Thus, § 16(b) creates a primary right to sue in favor of the issuer and its security holders. *See, e.g., Pellegino v. Nesbit, 203 F.2d 463, 466-67 (9th Cir.1953)*. It is well-settled that, "although an action under § 16(b) cannot be brought unless the shareholder has first made a demand on the directors, the directors' decision not to prosecute the suit does not preclude a subsequent action by the shareholder himself." *Cramer v. Gen. Tel. & Elecs. Corp., 582 F .2d 259, 276 n. 22 (3d Cir.1978)*. Thus, the Court will deny Defendants' motions with regard to their contentions that Plaintiff has not overcome the presumption of the business judgment rule.

CONCLUSION

*5 For the reasons discussed, the Court will deny the Motion To Dismiss The Complaint (D.I.5) filed by the ComVest Defendants and the Motion To Dismiss (D.I.8) filed by the Priddy Defendants.

An appropriate Order will be entered.

ORDER

At Wilmington this 2 day of June 2005, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1) The Motion To Dismiss The Complaint (D.I.5) filed by Defendants ComVest Venture Partners, LP, ComVest Management, LLC, Commonwealth Associates Management Company, Inc., Commonwealth Associates LP, Michael S. Falk, Travis L. Provow, and Keith Rosenbloom is *DENIED;* and

2) The Motion To Dismiss (D.I.8) filed by Defendants Robert Priddy and RMC Capital, LLC is *DENIED.*

2005 WL 1320875 (D.Del.), Fed. Sec. L. Rep. P 93,271

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.