# EXHIBIT E

LEXSEE 1984 DEL. SUPER. LEXIS 826

**Federal Deposit Insurance Corporation v. Jay Brossman, et al.**

Civil Action No. 81C-DE-116

Superior Court of Delaware

*1984 Del. Super. LEXIS 826*

**August 2, 1984, Submitted
September 5, 1984**

**COUNSEL:** [*1]

Elwyn Evans, Jr., Esquire, Jeremy J. Abelson, Esquire, 1213 N. French Street, Wilmington, DE 19801, Attorneys for Plaintiff

David H. Williams, Esquire, Morris, James, Hitchens & Williams, Twelfth and Market Streets, P.O. Box 2306, Wilmington, DE 19899, Attorney for Defendants Jay Brossman and East Cocalico Associates

**OPINION:**

This is the opinion and order on Brossman's motion for reargument following the opinion and order dated June 12, 1984.

This cause of action originally accrued in favor of Farmers Bank, a resident of Delaware. Farmers Bank assigned the claim to FDIC, a non-resident of Delaware, which thereafter filed this action. The issue before the court is whether FDIC is entitled to the benefit of the Delaware tolling statute, *10 Del. C. § 8117*.

The applicable general rule is stated thus in Corpus Juris Secundum:

An assignment usually passes all ancillary remedies and rights of action which the assignor had or would have had to enforce the right or chose assigned, unless there is an intention to the contrary.

6A C.J.S. Assignments § 77

Since Farmers Bank had a right to the Delaware statute of limitations, including the tolling statute, it follows [*2] that FDIC has the same right, in the absence of contrary intent by the parties to the assignment. There is no such contrary intent in this case.

Nor is there any contrary legislative policy. The following statutory language in *10 Del. C. § 8121* supports FDIC's position on this issue:

Where a cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.

The briefing and argument focussed on Brossman's contention that the claim is barred by the statute of limitations, not on FDIC's contention that it is entitled to summary judgment on the issue of liability. I therefore conclude that the latter issue is not ready for decision at this time but should be briefed separately.

It is therefore ORDERED that Brossman's motion for reargument is DENIED.