# EXHIBIT A

Case 1:05-cv-00165-JJF    Document 54-2    Filed 08/18/2005    Page 1 of 8

Westlaw.

Not Reported in A.2d                                                                                                                Page 1
Not Reported in A.2d, 2002 WL 243387, 30 Media L. Rep. 1499
**(Cite as: Not Reported in A.2d)**

C
Not Reported in A.2d, 2002 WL 243387, 30 Media L. Rep. 1499

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Edward CERULLO, Plaintiff,
v.
HARPER COLLINS PUBLISHERS, INC., William Morrow & Co., Inc., Joseph Jett and Sabra Chartrand, Defendants.
Brian FINKELSTEIN, Plaintiff,
v.
HARPER COLLINS PUBLISHERS, INC., William Morrow & Co., Inc., Joseph Jett and Sabra Chartrand, Defendants.
**No. CIV.A. 01C-03-21-CHT.**

Submitted: May 7, 2001.
Decided: Feb. 19, 2002.

In separate suits, plaintiffs asserted defamation claims against authors of book and its publisher. On defendants' motion to dismiss one case, and motion to stay proceedings in the other, the Superior Court, New Castle County, Toliver, J., held that: (1) evidence was sufficient to show that one plaintiff was a Delaware resident, exempt from the Delaware Borrowing Statute which requires application of foreign statute of limitations to cause of action arising outside of the state; (2) pursuant to the Delaware Borrowing Statute, the New York statute of limitations applied to defamation claim which arose in New York but which was filed in Delaware court by non-resident plaintiff; and (3) it was appropriate to stay proceedings in Delaware defamation action, where plaintiff filed previous action in New York involving the same parties and issues as the Delaware suit, and problem of one defendant's avoidance of service in New York, which might have prevented New York court from doing prompt and complete justice, had been resolved.

Motions granted.

West Headnotes

**[1] Limitation of Actions 241** ⇌2(1)
241k2(1) Most Cited Cases
Evidence that plaintiff owned a residence in Delaware and resided there a portion of each year, and that he was an active member of the local community, was sufficient to show that he was a Delaware resident, exempt from the Delaware Borrowing Statute which requires application of foreign statute of limitations to cause of action arising outside of the state. 10 Del.C. § 8121

**[2] Limitation of Actions 241** ⇌2(3)
241k2(3) Most Cited Cases
Pursuant to the Delaware Borrowing Statute, the New York statute of limitations applied to defamation claim which arose in New York but which was filed in Delaware court by non-resident plaintiff. 10 Del.C. § 8121 ; McKinney's CPLR § 215(3).

**[3] Action 13** ⇌69(5)
13k69(5) Most Cited Cases
It was appropriate to stay proceedings in Delaware defamation action, where plaintiff filed previous action in New York involving the same parties and issues as the Delaware suit, and problem of one defendant's avoidance of service in New York, which might have prevented New York court from doing prompt and complete justice, had been resolved.

On the Defendants' Motion to Dismiss.

Jesse A. Finkelstein , Esquire, Peter B. Ladig , Esquire, Richards, Layton & Finger , Wilmington, and Andrew W. Hayes , Esquire, Boies, Schiller & Flexner, LLP, Armonk, N.Y. 10504, for the Plaintiffs.
Philip A. Rovner , Esquire, Potter Anderson &

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                                        Page 2

Not Reported in A.2d, 2002 WL 243387, 30 Media L. Rep. 1499
**(Cite as: Not Reported in A.2d)**

Corroon LLP, Wilmington, Slade R. Metcalf, Esquire and Katherine M. Bolger, Esquire, Squadron, Ellenoff, Plesent & Sheinfeld, LLP, New York, N.Y. 10176, for the Defendants.

OPINION AND ORDER

TOLIVER, J.

FACTS AND PROCEDURAL POSTURE

*1 The motions before the Court arise from defamation claims brought by the Plaintiffs, Edward Cerullo and Brian Finkelstein, against the Defendants, Harper Collins Publishers, Inc., William Morrow & Co., Inc., Joseph Jett and Sabra Chartrand. The alleged defamatory statements were included in a book, "Black and White on Wall Street", authored by Mr. Jett and Mr. Chartrand and published by Morrow and later by Harper Collins. FN1

> FN1. "Black and White on Wall Street" was originally published in March of 1999. Later that year, Harper Collins and Morrow merged, and through this merger Harper Collins succeeded to the liability of Morrow.

The Cerullo litigation of this case was originally initiated in the State of New York by Mr. Cerullo on August 25, 1999 against the same Defendants. Mr. Cerullo's Delaware action was commenced on March 2, 2001. Mr. Finkelstein did not file suit in New York but began his grievance against the same Defendants in Delaware on the same date. On March 28, 2001, the Defendants filed the instant motions to dismiss the Plaintiffs' complaints with one exception because of Mr. Cerullo's pending motion in New York. Mr. Finkelstein and Mr. Cerullo are represented by the same attorneys. In addition, both cases have been assigned to the undersigned although they have not been formally consolidated. FN2

> FN2. The Defendants' alternative motion to stay the proceedings applies to Mr. Cerullo's action only and not to Mr. Finkelstein.

The Defendants' motion to dismiss is based on two contentions. First, the Delaware Borrowing Statute, 10 *Del. C.* § 8121, FN3 requires that New York substantive and procedural law be applied. That law requires the initiation of actions in the State of New York within one year of the defamatory communication. N.Y. C.P.L.R. § 215(3). The Plaintiffs' actions are therefore barred because those actions were more than one year from the alleged defamation. The Plaintiffs have filed these lawsuits in the State of Delaware, the Defendants argue, to take advantage of the longer statute of limitations period provided by this state, which allows two years to initiate litigation. The Delaware Borrowing Statute proscribes such forum shopping and requires that the Court apply the law of the state wherein the action arose. FN4

> FN3. Section 8121 states:
> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.
>
> FN4. Section 8121.

Secondly, the Defendants argue that if the Court denies dismissal based upon their statute of limitations theory, it should nevertheless dismiss the action on the basis of *forum non conveniens.* The Plaintiffs' causes of action, they argue, have no connection with the State of Delaware other than the fact that Harper Collins is incorporated in this state. Accordingly, they should be dismissed.

Finally, as to Mr. Cerullo alone, the Defendants

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                     Page 3
Not Reported in A.2d, 2002 WL 243387, 30 Media L. Rep. 1499
**(Cite as: Not Reported in A.2d)**

argue that this Court should stay the instant action until the New York Supreme Court resolves his litigation in that state because the New York action was filed first and the issues and parties are identical to those raised here.

The Plaintiffs have filed separate memorandums opposing the Defendants' motions. Mr. Cerullo contends that the Court should not dismiss the action pursuant to the Delaware Borrowing Statute because the statute requires that Delaware law be applied to residents of the State of Delaware. The two-year period as set forth in 10 *Del. C.* § 8119 would apply and the Delaware action was therefore timely filed. In addition, the law relied upon by the Defendants requires that the Court weigh certain factors and exercise its discretion in favor of finding that Mr. Cerullo's claim arose in Delaware. Therefore, and again, Delaware law, including its statute of limitations, should be applied.

*2 In response to the Defendants' contention that the case should be dismissed on *forum non conveniens* grounds, Mr. Cerullo first asserts that the Defendants have cited no Delaware case where the plaintiff was a resident of this state and the court granted dismissal based on *forum non conveniens* grounds. Moreover, analyzing the factors applicable to a *forum non conveniens* analysis, Delaware is the proper forum given the Defendants' failure to tip the scales in their favor in that regard. If dismissal is granted, Mr. Cerullo will likely be without a forum to promptly and completely adjudicate his claims due to the efforts of the Defendants to have the New York action dismissed by that state's courts. For this same reason, this Court should not grant the Defendants' alternative motion to have the action stayed. Stated differently, because Mr. Jett has successfully evaded service in New York, Delaware may be the only state in which Mr. Cerullo can have his claims adjudicated. FN5

> FN5. In the time period that has elapsed since oral arguments on these motions took place, the Defendants have notified the Court that the Supreme Court of New York denied the pending motion to dismiss. Presumably the case is now proceeding to its ultimate resolution.

Mr. Finkelstein argues that the theory upon which the Defendants' motion for dismissal is based is flawed because they rely upon the Delaware Borrowing Statute and *Dymond v. Nat'l Broadcasting Corp.,* 559 F.Supp. 734 (D.Del.1983). The *Dymond* case established that conflict of law issues should be determined on the basis of *lex loci delictus.* FN6 Mr. Finkelstein contends that the United States Supreme Court and subsequent state court decisions have since rejected that method of determining such issues. This Court, as a result, should at least consider the circumstances of this action and therefore apply the Delaware statute of limitations.

> FN6. The law of the jurisdiction where the wrong was alleged to have occurred.

Mr. Finkelstein also contends that the Defendants' motion to dismiss based upon *forum non conveniens* should be denied because the Defendants' have failed to meet the burden imposed upon the moving party in such situations. Delaware is the proper forum in which the litigation should proceed. If the action is dismissed, he may be precluded from bringing the action in any other forum.

### DISCUSSION

A motion to dismiss a complaint pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be sustained, will not be granted unless the plaintiff will not be able to recover under any circumstances susceptible of proof given the allegations raised in that document. *Spence v. Funk,* 396 A.2d 967 (Del.1978); and *Bissel v. Papastavros' Assocs. Med. Imaging,* 626 A.2d 856 (Del.Super.1995), *appeal denied,* 623 A.2d 1142 (Del.1993). For purposes of reviewing the complaint, those allegations are accepted as true and the test of sufficiency is lenient. *State ex rel. Certain-Teed Prods. Corp. v. United Pac. Ins. Co.,* 389 A.2d 777 (Del.Super.1978). The nonmoving party is entitled to an opportunity to present material in response.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                         Page 4
Not Reported in A.2d, 2002 WL 243387, 30 Media L. Rep. 1499
**(Cite as: Not Reported in A.2d)**

Super. Ct. Civ. R. 12(b). Where matters outside the pleadings are considered, such a motion becomes a motion for summary judgment and is disposed of pursuant to Rule 56. *Shultz v. Delaware Trust Co.,* 360 A.2d 576 (Del.Super.1976).

*3 Because affidavits and exhibits were filed by the parties in support of their respective positions, the Defendants' motions will be considered as seeking summary judgment. In this regard, the burden is similar. A motion for summary judgment will only be granted where the moving party establishes that there is no genuine issue of material fact in dispute and that the movant is entitled to judgment as a matter of law. *Martin v. Nealis Motors, Inc.,* 247 A.2d 831 (Del.1968) ; and *Burish v. Graham,* 655 A.2d 831 (Del.Super.1994). The facts must be viewed in the light which is most favorable to the nonmoving party, *Pullman, Inc. v. Phoenix Steel Corp.,* 304 A.2d 334 (Del.Super.1973); and the motion will not be granted, even in the absence of any dispute of material fact, where it seems desirable to inquire further into the facts to clarify the application of the law to the facts. *Guy v. Judicial Nominating Comm.,* 659 A.2d 777 (Del.Super.1995). However, the role of the Court is not to weigh evidence, and uncontroverted statements are to be accepted as true. *Battista v. Chrysler Corp.,* 454 A.2d 286 (Del.Super.1982).

*The Delaware Borrowing Statute*

[1] The Delaware Borrowing Statute was designed to prevent forum shopping by out of state residents. *Pack v. Beech Aircraft Corp.,* 132 A.2d 54, 57 (Del.1957). Its general purpose "is to shorten the period of limitation applicable to actions arising in foreign jurisdictions if the foreign statute specifies a shorter period. *Id.* at 57. Notwithstanding the above, it is clear that this statute was *not* intended to prevent a resident of the state from bringing an action in this state against a defendant who is subject to the jurisdiction of the Delaware Courts, even when the cause of action arose outside of the state. The Supreme Court held:

> Our statute does not apply to a resident of this State suing on a foreign cause of action, provided he was a resident when the cause of action arose.
> 
> As to such a resident the common law rule that the *lex fori* governs the matter of limitation of actions is left in full force.
> 
> *Id.*

Mr. Cerullo asserts that his action is not barred by the Delaware Borrowing Statute because he is, in fact, a Delaware resident. His assertion of residency is based upon his sworn affidavit in which he claims to own a home in Delaware which is used exclusively by his family, that he has a Delaware driver's license, is a member of the Rehoboth Beach Delaware Planning Commission, and that he is also involved in several community organizations and committees in Delaware.

The Delaware Courts have never defined the term " state resident" as it relates to the Delaware Borrowing Statute. However, the statute, "as originally adopted, ... was almost a verbatim copy of Section 13 of the New York Practice Act." *Id.* at 58. Given the similarities of the two statutes, guidance from the New York courts on this issue is appropriate. The New York courts have determined that the issue of whether one is considered a resident for purposes of its borrowing statute "turns on whether [the individual] has a significant connection with some locality in the state as the result of living there for some length of time during the course of a year." *Antone v. General Motors Corp.,* 64 N.Y.2d 20, 484 N.Y.S.2d 514, 518, 473 N.E.2d 742 (N.Y.1984) (citing, *Matter of Newcomb,* 192 N.Y. 238, 84 N.E. 950 (N.Y.1908) ; and *Hurley v. Union Trust Co.,* 244 A.D. 590, 280 N.Y.S. 474 (N.Y.App.Div.1935); *see also* Reese and Green, *op. cit.,* 6 Vand.L.Rev., at p. 563, 280 N.Y.S. 474). This Court adopts the New York test as the baseline for determining Delaware residency in regards to the Delaware Borrowing Statute.

*4 As applied to the case *sub judice,* Mr. Cerullo has offered sufficient evidence of state residency to withstand a motion to dismiss under § 8121. As previously stated he owns and resides for a portion of each year at a residence in Rehoboth Beach, Delaware, and he is an active member of that community. Mr. Finkelstein makes no such claim of Delaware residency. Instead he contends that the Defendants' reliance on *Dymond v. Nat'l Broad.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  Page 5
Not Reported in A.2d, 2002 WL 243387, 30 Media L. Rep. 1499
**(Cite as: Not Reported in A.2d)**

*Corp., supra* is misplaced. *Dymond* stands for the proposition that in a multi-state defamation case, a Delaware court should apply the statute of limitations of the state whose substantive law is applicable to the claim. Mr. Finkelstein asserts that because *Dymond* was decided before *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), the law derived from *Keeton* controls this action. He alleges that applied to his case, *Keeton* demands that "this court should at least examine the circumstances of this action, and upon doing so, apply the Delaware statute of limitations to Finkelstein's claim." Finkelstein Mem. at 2.

[2] Unfortunately, at least from his perspective, Mr. Finkelstein's Memorandum fails to cite a specific passage from *Keeton* in support of this contention. Moreover, Chief Justice Rehnquist specifically declared that the issue being decided in that case was "personal jurisdiction, not choice-of-law." *Keeton,* 465 U.S. at 778. This Court cannot therefore give *Keeton* the construction that Mr. Finkelstein proposes. *Dymond* remains the controlling law in Delaware on this issue. As a result, the plaintiff's domicile FN7 generally controls which state's substantive law must be employed, which in turn prescribes the applicable statute of limitations.

> FN7. The *Dymond* Court held that Delaware courts must apply the foreign state's statute of limitations whenever it would apply that state's substantive law. *Dymond,* 559 F.Supp. at 736. Delaware is a *lex loci delicti* jurisdiction in regards to choice of law issues. *Id.* at 737. However, the Court noted that the issue had never been addressed in a multi-state defamation action. To determine such issues, other states have used two different tests. The first such test applies the law of the plaintiff's domicile without explicit consideration of other factors. *Id.* The second such test applies the "law of the plaintiff's domicile unless other factors strongly suggest that the laws of another state are more applicable." *Id.* at 738. The Court did not reach the issue of which test was applicable in Delaware, because under either approach the result called for was the application of the foreign state's law. *Id.*

Even if this Court were to consider other factors in making this decision as Mr. Finkelstein proposes, New York would nevertheless remain the controlling law because there are no factors, save for Mr. Finkelstein's filing of his complaint in Delaware, that would compel the Court to decide in his favor. Accordingly, the filing of Mr. Finkelstein's complaint was not timely pursuant to New York law because it was filed more than one year after the cause of action arose. N.Y. C.P.L.R. § 215(3). Therefore, summary judgment must be granted in the Defendants' favor as their motion pertains to Mr. Finkelstein.

*Forum Non Conveniens*

Motions to dismiss based on *forum non conveniens* are granted only if, upon the sound discretion of the trial court, the defendant meets its heavy burden of proving inconvenience. *Parvin v. Kaufmann,* 236 A.2d 425, 427-428 (Del.1967). To do so, the defendant must show that the circumstances are such that the case is "one of the rare cases where the drastic relief of dismissal is warranted based on a strong showing that the burden of litigating in this forum is so severe as to result in manifest hardship to the defendant." *Ison v. DuPont de Nemours,* 729 A.2d 832, 842 (Del.1999). Such hardship is analyzed by the court by applying the six factors known collectively in Delaware as the *Cryo-Maid* factors. These factors are as follows:

*5 1. The relative ease of access to proof;
2. the availability of compulsory process for witnesses;
3. the possibility of viewing the premises;
4. whether the controversy is dependent upon application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction;
5. the pendency or nonpendency of a similar action or actions in another jurisdiction; and
6. all other practical problems that would make trial of the case easy, expeditious and inexpensive.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 6
Not Reported in A.2d, 2002 WL 243387, 30 Media L. Rep. 1499
**(Cite as: Not Reported in A.2d)**

*Id.* at 837-38 (*citing General Foods Corp. v. Cryo-Maid, Inc.,* 198 A.2d 681 (Del.1964). In reviewing these factors as they apply to the facts at hand, it is clear that the Defendants have failed to meet their burden of showing true inconvenience and hardship. Based upon *Dymond,* this court concludes that it should apply the law of the domicile of the plaintiff. *Dymond,* 559 F.Supp. at 737.

While the Court did find that Mr. Cerullo was a resident of Delaware for purposes of the Delaware Borrowing Statute only, *no* finding has been made regarding his domicile. FN8 However, assuming *arguendo* it is determined that his domicile is in New York, this Court may nevertheless interpret another jurisdiction's laws, *Mt. Hawley Insurance Co. v. Jenny Crag,* 668 A.2d 763 (Del.Super.1995); and as such, this factor does not present a hardship sufficient to warrant dismissal.

> FN8. This opinion addresses Mr. Cerullo's residence, not his domicile. A person may have more than one residence, but only one domicile. *Martinez v. Bynum,* 461 U.S. 321, 338-340, 103 S.Ct. 1838, 75 L.Ed.2d 879 (1983).

The Defendants have also failed to show a true inconvenience in regards to the factor of "access to proof or witnesses". It is asserted that all the relevant proof and witnesses are in the State of New York. However, this assertion alone does not demonstrate a true inconvenience or hardship. Given its proximity to Delaware as well as the advanced state of the means of transportation available between the two locations, travel from New York to Delaware would be no more of a hardship or inconvenience than would travel from one corner of the State of New York to the opposite corner.

Nor does the factor of the "availability of compulsory process" weigh heavily in favor of the Defendants. While it is true that many of the potential witnesses could not be compelled to come to Delaware to testify, the Defendants have not shown that such compulsory process would be any more likely in New York. Indeed, the Defendants do not allege that all witnesses, or even the majority of the witnesses would be subject to process in New York. All that is alleged is that all of the potential witnesses reside outside of the State of Delaware. Defs'. Mot. at 10. Furthermore, one of the coauthors of the book, who is also one of the key defendants in this matter, Mr. Jett, has yet to be located and served in New York. The fact that he has been served in Delaware appears to make this action *more* convenient, at least in terms of service of process. As such, the compulsory process factor does not demand dismissal due to *forum non conveniens.*

*6 The parties agree that the factor of "the possibility of viewing the premises" is not relevant to this action, and warrants no discussion here.

The "pendency of a similar action in another jurisdiction" is the factor that weighs most heavily in favor of the Defendants in this action. The New York action was filed prior to the Delaware action and defending this action in two different jurisdictions would likely impose some hardship on the Defendants. However, this hardship is off set by the fact that had Mr. Jett made himself available to process in New York at the outset of that litigation, it is likely that the matter would have been on track to be promptly adjudicated in that state.

Finally, the Defendants claim that the factor of "all other practical problems that would make the trial of case easy, expeditious and inexpensive" weighs in their favor because none of the allegations in Mr. Cerullo's complaint have any connection to Delaware other than Harper Collins' incorporation in Delaware. Aside from the fact that Mr. Cerullo owns a summer home in Delaware, the Defendants' contention in this regard is true. However, as is stated above, Mr. Cerullo must be considered a Delaware resident for purposes of the Delaware Borrowing Statute. Given this status, the Delaware Courts do in fact have an interest in adjudicating a claim brought by a state resident against a defendant incorporated in Delaware.

Proceeding with this matter in Delaware is likely to be less convenient to the Defendants than proceeding in the State of New York. However, in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                              Page 7
Not Reported in A.2d, 2002 WL 243387, 30 Media L. Rep. 1499
**(Cite as: Not Reported in A.2d)**

light of the New York Supreme Court's June 22, 2001 decision to deny the Defendants' motion to dismiss, that litigation will proceed. *See Cerullo v. Morrow,* N.Y.Supr., No. 99/117910, Kapnick, J. (June 22, 2001). Therefore, as will be discussed more thoroughly below, this Court will stay the Delaware proceedings pending the outcome of the New York action. Any ruling on dismissal of the Complaint against Mr. Cerullo on *forum non conveniens* grounds is therefore premature.

*Staying the Proceedings*

[3] When considering a motion to stay the proceedings, the court should freely exercise it's discretion:

> ... in favor of a stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties, and the same issues; that, as a general rule, litigation should be confined to the forum in which it is first commenced ...; that these concepts are impelled by considerations of comity and the necessities of an orderly and efficient administration of justice.

*McWane Cast Iron Pipe Corp. v. McDowell, Wellman Eng'g. Co.,* 263 A.2d 281, 283 (Del.1970). The purpose of effectuating a stay is to "avoid wasteful duplication of time, effort and expense that occurs when judges, lawyers, parties and witnesses are simultaneously engaged in the adjudication of the same cause of action in two courts." *Dura Pharm. v. Scandipharm, Inc.,* 713 A.2d 925, 928 (Del.Ch.1998).

*7 The New York action was filed before the Delaware action and should therefore be considered as "first filed." In addition, the New York case involves the same parties and the same issues as does the lawsuit filed in Delaware. Notwithstanding the existence of these factors, "[t]he *McWane* 'first filed' analysis is not a bright-line rule to be applied mechanically." *Caravetta v. McKesson HBOC, Inc.,* Del.Super., C.A. No. 00C-04-214, Herlihy, J. (Sept. 7, 2000) (Mem. Op. at 3). Mr. Cerullo contends that by virtue of Mr. Jett's avoidance of process in New York, Mr. Jett has delayed and will continue to delay that action, which ultimately prevents the New York courts of doing prompt and/or complete justice. This Court agrees, but as of June 3, 2001, that issue was resolved and the matter is apparently proceeding as scheduled. Consequently, considering all of these circumstances together, this Court must find that a stay of the proceedings is appropriate to allow the New York courts to proceed first.

CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss against the Plaintiff, Brian Finkelstein, is hereby granted, and the Defendants' Motion to Stay the Proceedings against the Plaintiff, Edward Cerullo, is hereby granted.

IT IS SO ORDERED.

Del.Super.,2002.
Cerullo v. Harper Collins Publishers, Inc.
Not Reported in A.2d, 2002 WL 243387, 30 Media L. Rep. 1499

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.