# EXHIBIT B

Westlaw.

Not Reported in F.Supp.    Page 1

Not Reported in F.Supp., 1996 WL 67616
**(Cite as: Not Reported in F.Supp.)**

C
Not Reported in F.Supp., 1996 WL 67616
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Margaret GUENTHER and Robert Guenther
v.
Carolyn QUARTUCCI, et al.
**Civil A. No. 94-2966.**

Feb. 12, 1996.

James R. Forry , Forry, Ullman, Ullman & Forry, P.C. , Reading, PA, and Patrick J. Richardson , Patrick J. Richardson, P.C., East Brunswick, NJ, for plaintiffs.
J. Bruce McKissock , William J. Mundy , Kathleen M. Sholette , Mc Kissock and Hoffman, P.C. , Philadelphia, PA, David F. McComb , Nadine M. Overton , U.S. Attorney's Office , Philadelphia, PA, Richard W. Yost , Yost & Tretta , Philadelphia, PA, and Carl S. Gates, Jr. , Gates and Sattesahn, Chadds Ford, PA, for defendants.

M E M O R A N D U M

CAHN, Chief Judge.
*1 Margaret Guenther ("Guenther") and Robert Guenther (collectively, "Plaintiffs") have brought this action against John Oberle, III and Kim Oberle ( "Defendants"), among others. FN1 Plaintiffs complain that Defendants negligently maintained their property, causing Guenther to fall and sustain injury, including a fractured hip. Currently before this court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a request for attorneys' fees and costs. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (1994), and state law claims. This court has jurisdiction over claims against the United States FN2 pursuant to 28 U.S.C. § 1346(b) (1994) and pendent jurisdiction of the state law claims. *See* *United Mine Workers of America v. Gibbs.,* 383 U.S. 715, 725 (1966) (finding pendent jurisdiction when state and federal claims arise out of a " common nucleus of operative fact").

Briefly, the significant procedural history of this case is as follows. On May 19, 1992, Guenther allegedly injured herself in a fall at or near the Morgantown Post Office, located in Morgantown, Pennsylvania. FN3 (2d Am. Comp. at 9.) On May 13, 1994, Plaintiffs filed suit against Carolyn Quartucci, the United States of America, David K. Hertzler ("Hertzler"), John Does #1 to #5, and ABC Corporations #1 to #5. In their amended complaint, filed on May 15, 1995, Plaintiffs replaced one of the John Doe defendants with John Oberly, Jr. In their second amended complaint, filed on July 5, 1995, Plaintiffs replaced John Oberly, Jr. and another John Doe defendant with John Oberle, III and Kim Oberle.

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "all facts alleged in the complaint and all reasonable inferences that can be drawn from them must be accepted as true." *Malia v. General Elec. Co.,* 23 F.3d 828, 830 (3d. Cir.) (citation omitted), *cert. denied,* 115 S. Ct. 377 (1994). The complaint should not be dismissed unless Plaintiffs allege "no set of facts in support of the claim that would entitle [them] to relief." *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir. 1994).

Defendants raise three arguments in support of their Motion to Dismiss. First, because Guenther did not fall on Defendants' property, Defendants had no duty of care. Second, even if Guenther did fall on their property, Defendants breached no duty because Guenther was a trespasser. Third, Plaintiffs' claims are barred by the applicable two-year statute of limitations set forth in 42 Pa. Cons. Stat. § 5524 (1990). Because this court finds that Plaintiffs' claims are time-barred against Defendants as a matter of law, it is unnecessary to reach the first two

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1996 WL 67616
**(Cite as: Not Reported in F.Supp.)**

issues raised by Defendants.

Because it is undisputed that Defendants were not named in any complaint until Plaintiffs filed their second amended complaint on July 5, 1995, and the statute of limitations expired on May 19, 1994, Plaintiffs' claims against Defendants are time-barred unless the limitations period is tolled. Plaintiffs argue that the statute of limitations should be tolled by the discovery rule, and because there was active concealment of the fact that Defendants were tenants of the property upon which Guenther's injury may have occurred. (Pls.' Letter Br. Opp'n Defs.' Mot. Dismiss at 10, 15-16.) Plaintiffs further argue that naming fictitious persons as defendants before the end of the statutory period tolled the statute of limitations and allowed Plaintiffs to substitute Defendants for fictitious persons after the limitations period had expired. (*Id.* at 17.) This court finds the discovery rule inapplicable and an absence of active concealment in this case. This court further finds that Plaintiffs' argument based on naming fictitious persons is properly analyzed under Rule 15(c) of the Federal Rules of Civil Procedure, and that this Rule does not allow amendments made after the statute of limitations has lapsed to relate back to the original complaint under the facts alleged in this case.

*2 Because Defendants have failed to follow the procedural requirements of Rule 11 of the Federal Rules of Civil Procedure, the request for attorneys' fees and costs is denied.

## I. STATUTE OF LIMITATIONS

The limitations period for an action in tort in Pennsylvania is two years. 42 Pa. Cons. Stat. § 5524 . As noted, Plaintiffs did not file a complaint naming Defendants until over three years after Guenther sustained her injury. Therefore, absent grounds for tolling the running of the statute of limitations, Plaintiffs' complaint against Defendants must be dismissed as a matter of law. Two such tolling grounds offered by Plaintiffs are the discovery rule and active concealment. In analyzing these issues, this court will apply Pennsylvania law. *See Vernau v. Vic's Market, Inc.,* 896 F.2d 43, 45 (3d Cir. 1990) (stating that "state tolling principles are generally to be used by a federal court when it is applying a state limitations period"); *System Operations, Inc. v. Scientific Games Dev. Corp.,* 555 F.2d 1131, 1136 (3d Cir. 1977) (stating that the law of the forum state must be applied to pendent state law claims).

### A. THE DISCOVERY RULE

The discovery rule is a judicially created device used to toll the running of a statute of limitations when an injury or its cause is not immediately apparent to a plaintiff. *Ciccarelli v. Carey Canadian Mines, Ltd.,* 757 F.2d 548, 553 (3d Cir. 1985). As applied in Pennsylvania, the discovery rule "provides that the statute of limitations does not begin to run until the injured party is aware or reasonably should be aware of his injury or its cause." *Sadtler v. Jackson-Cross Co.,* 587 A.2d 727, 731 (Pa. Super. 1991) (citing *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.,* 468 A.2d 468, 471 (Pa. 1983)). "Whether the statute of limitations has run on a claim is usually a question of law for the judge ...." *Cathcart v. Keene Indus. Insulation,* 471 A.2d 493, 502 (Pa. Super. 1984) (citation omitted).

The Pennsylvania Superior Court has generally found the discovery rule inapplicable in cases where a plaintiff was aware of an injury and its cause but had not determined the identity of the defendants within the limitations period. *See, e.g., id.* at 501 (" [T]he burden is on the injured party, once he discovers the cause of his injuries, whether it be a specific event such as an unsuccessful operation or a hazardous condition such as asbestos in a person's place of employment, to determine within the statutory period (unless there is fraud or concealment) the party or parties whose negligence or breach of duty was responsible for the event or the condition.") (citing *Huber v. McElwee-Courbis Constr. Co.,* 392 F. Supp. 1379, 1383 (E.D. Pa. 1974) ); *DeMartino v. Albert Einstein Medical Ctr., N. Div.,* 460 A.2d 295, 304 n.16 (Pa. Super. 1983) ( "The fact that appellant may not have known the identity of the dentist who performed the work is not relevant to the start of the limitations statute."); *Keating v. Zemel,* 421 A.2d 1181, 1183-84 n.4 (Pa.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3

Not Reported in F.Supp., 1996 WL 67616
**(Cite as: Not Reported in F.Supp.)**

Super. 1980) (finding that Pennsylvania case law does not extend the statute of limitations to allow identification of culpable parties in the absence of fraud or concealment). *But see Grubb v. Albert Einstein Medical Ctr.,* 387 A.2d 480, 489 (Pa. Super. 1978) (per curiam) (holding that the discovery rule applied where a quadriplegic sued the manufacturer of an allegedly defective surgical instrument after the limitations period had expired because the plaintiff, while paralyzed, was in no position to "determine the causal relationship between her injuries and the [manufacturer]"). Similarly, federal courts in the Third Circuit applying Pennsylvania law have refrained from extending the discovery rule to contexts where the defendant's identity was not ascertained within the limitations period. *See, e.g., Piccolini v. Simon's Wrecking,* 686 F. Supp. 1063, 1073 (M.D. Pa. 1988) ("There is nothing in the [[[discovery] rule that provides for the further tolling of the [statute of limitations] until every responsible party can be identified."); *Merry v. Westinghouse Elec. Corp.,* 684 F. Supp. 852, 855 (M.D. Pa. 1988) ("Nothing in the discovery rule provides for the tolling of the statute until the responsible party is identified.").

*3 In their response to Defendants' Motion to Dismiss, Plaintiffs do not allege that Guenther was ever unaware of her injury or its cause. Instead, Plaintiffs appear to have been unaware only that Defendants were tenants in possession of property owned by Hertzler. (Pls.' Letter Br. Opp'n Defs.' Mot. Dismiss at 15.) Analyzing this case in light of the Pennsylvania discovery rule, this court finds that, as a matter of law, the discovery rule does not apply because the issue is simply Plaintiffs' ignorance of the identity of all the allegedly culpable parties within the limitations period.

Plaintiffs contend they lacked knowledge of the identity of all responsible parties because of Hertzler's acts of concealment. Specifically, on October 14, 1994, Hertzler filed his answer to the initial Complaint and allegedly failed to disclose the existence of tenants on his property. (Pls.' Letter Br. Opp'n Defs.' Mot. Dismiss at 3.) Because an allegation of concealment more properly concerns the doctrine of estoppel rather than the discovery rule, it will be analyzed in the following section on estoppel.

### B. THE DOCTRINE OF ESTOPPEL

Under Pennsylvania Law, the doctrine of estoppel is recognized as a theory wholly distinct from the discovery rule for tolling the statute of limitations. *Ciccarelli,* 757 F.2d at 557 (citing *Schaffer v. Larzelere,* 189 A.2d 267, 270 (Pa. 1963) ; *Barshady v. Schlosser,* 313 A.2d 296, 298 (1973) ; *Med-Mar, Inc. v. Dilworth,* 257 A.2d 910, 913 (1969)). "[I]f through fraud or concealment the defendant causes the plaintiff to relax vigilance or deviate from the right of inquiry, the defendant is estopped from invoking the bar of limitation of action." *Id.* at 556 (citing *Nesbitt v. Erie Coach Co.,* 204 A.2d 473, 475 (Pa. 1964) ; *Schaffer,* 189 A.2d at 269; *McNair v. Weikers,* 446 A.2d 905, 909 (Pa. Super. 1982) ; *Gravinese v. Johns-Manville Corp.,* 471 A.2d 1233, 1238 (Pa. Super. 1984)). Further, "[i]f the facts of what occurred are not in dispute, the determination of whether the defendant is estopped from asserting the statute of limitations as a bar to plaintiff's action is one of law for the court, not one of fact for the jury." *Huber,* 392 F. Supp at 1385 (citations omitted).

The doctrine of estoppel has been applied when named defendants or third parties have concealed the identity of proper defendants. The Pennsylvania Superior and Commonwealth Courts have found that "where a defendant or his agents actively mislead a plaintiff as to who are the proper defendant or defendants until after the statute of limitations period has expired, the proper remedy is to toll the statute of limitations as to the defendant regarding whom the concealment was directed." *Lafferty v. Alan Wexler Agency, Inc.,* 574 A.2d 671, 674 (Pa. Super. 1990) (citation omitted); *see also DeRugeriis v. Brener,* 348 A.2d 139, 140 (Pa. Super. 1975) (concluding that the statute of limitations was tolled because of active concealment of the true name of the defendant); *Peaceman v. Tedesco,* 414 A.2d 1119, 1122 (Pa. Commw. 1980) (same).

*4 Plaintiffs cite these three cases in support of their active concealment argument. (Pls.' Letter Br.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 4
Not Reported in F.Supp., 1996 WL 67616
**(Cite as: Not Reported in F.Supp.)**

Opp'n Defs.' Mot. Dismiss at 12-16.) However, this court finds them inapposite because, unlike the instant case, they are all based on affirmative acts of concealment occurring before the passage of the statute of limitations. FN4

In the case at bar there appears to have been no act of concealment. Plaintiffs allege that Hertzler's Answer to the initial complaint "failed to disclose the existence of tenants on the Hertzler property." (Pls.' Letter Br. Opp'n Defs.' Mot. Dismiss at 3.) Plaintiffs further assert that on January 9, 1995, Hertzler provided self-executing discovery naming only one of Defendants as a tenant. FN5 (*Id.* at 4) These acts do not rise to the level of active concealment because "mere silence or nondisclosure is not enough to trigger estoppel, the adversary must commit some affirmative independent act of concealment upon which the plaintiffs justifiably rely in order to toll the statute." *Northhampton County Area Community College v. Dow Chemical,* 566 A.2d 591, 600 (Pa. Super. 1989) (citations omitted), *aff'd,* 598 A.2d 1288 (Pa. 1991); *see also Ciccarelli,* 757 F.2d at 556 (stating that before Pennsylvania courts will apply the doctrine of estoppel, a "defendant must 'have done something amounting to an affirmative inducement to plaintiff to delay bringing the action.'") (quoting *Gravinese,* 471 A.2d at 1238); *Taglianetti v. Workmen's Compensation Appeal Bd. (Hosp. of the Univ. of Pa.),* 469 A.2d 548, 550 (Pa. 1983) (refusing to toll the statute of limitations for a workers' compensation claim where employer failed to provide information to claimant of all available benefits because there was no duty to do so). Furthermore, Defendants argue persuasively that the caption and Paragraph 5 of Plaintiffs' original complaint, wherein Hertzler's address is listed, reveal that Plaintiffs must have been aware that Hertzler did not reside at the property in question. (Defs.' Reply Br. Supp. Mot. Dismiss at 9.)

Unlike the aforementioned cases in which Pennsylvania courts have found active concealment, all alleged communication between Hertzler and Plaintiffs occurred after the statute of limitations had run. The initial complaint was filed shortly before the statute of limitations had run on May 19, 1994. Hertzler's Answer was not filed until October 14, 1994, and Hertzler's self-executing discovery was provided to Plaintiffs on January 9, 1995. Therefore, even if this court found that Hertzler's acts somehow rose to the level of concealment, they could not possibly have had the effect of causing Plaintiffs "to relax vigilance or deviate from the right of inquiry," *Ciccarelli,* 757 F.2d at 556 (citations omitted), a prerequisite for estoppel. *Id.; see also Huber,* 392 F. Supp. at 1385 ("Where acts constituting the alleged fraudulent concealment occurred after the statute of limitations has run they do not create an estoppel.") (citation omitted).

### C. FICTITIOUS DEFENDANTS AND RULE 15(c)

*5 Plaintiffs argue that because they named fictitious defendants in their original complaint, which was filed within the statutory period, and substituted Defendants for these fictitious defendants in their second amended complaint, the statute of limitations should be tolled. (Pls.' Letter Br. Opp'n Defs.' Mot. Dismiss at 17-18.) However, this court has previously noted that "most cases discussing statutes of limitation as affected by these substitutions hold that unless there is relation back as defined under Rule 15(c), the statute of limitations is not tolled by the filing of the initial complaint." *Scheetz v. Morning Call, Inc.,* 130 F.R.D. 34, 37 n.4 (E.D. Pa. 1990) (citations omitted). The issue of "relation back is procedural and therefore properly analyzed according to federal practice." *Nelson v. County of Allegheny,* 60 F.3d 1010, 1014 n.5 (3d Cir. 1995), *petition for cert. filed,* No. 95-1141 (U.S. Nov. 8, 1995).

In order for an amendment of a pleading to relate back to the date of the original pleading, Rule 15(c) of the Federal Rules of Civil Procedure requires that:
 (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, FN6 or
 (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
 (3) the amendment changes the party or the naming of the party against whom a claim is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 5
Not Reported in F.Supp., 1996 WL 67616
**(Cite as: Not Reported in F.Supp.)**

asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, FN7 the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Plaintiffs do not allege that any of the requirements of Rule 15(c) are met in this instance; indeed their brief contains no discussion of this rule's application to this case. Defendants, however, assert that neither Rule 15(c)(3)(A) nor 15 (c)(3)(B) have been satisfied. (Defs.' Reply Br. Supp. Mot. Dismiss at 15). Specifically, Defendants argue that they were unaware "that this lawsuit had been brought, much less that they were intended to be parties, prior to being served with the Second Amended Complaint," and suffer prejudice as a result of being included in this lawsuit at "this late stage of the litigation." *Id.*

Because this case concerns an amendment of parties' names, at issue is whether Rule 15(c)(3) applies. *Nelson,* 60 F.3d at 1014 ("Where the effort is to add new parties, courts apply subparagraph (3) ...."). This court notes that in this district "[t]he notice requirement has been held to be the 'critical element' in deciding whether an amendment relates back, even in the context of additional parties." *Johnson v. Goldstein,* 850 F. Supp. 327, 329 (E.D. Pa. 1994) (citing *Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.,* 801 F. Supp. 1450, 1456 (E.D. Pa. 1992)). Further, it is proper to dispose of the issue of the Rule 15(c) notice requirement in a motion for dismissal. *See Schiavone v. Fortune,* 477 U.S. 21, 30 (1986) (affirming dismissal where "notice to Time and the necessary knowledge did not come into being 'within the period provided by law for commencing the action against' Time, as is so clearly required by Rule 15(c).")

*6 This court finds that Defendants had no actual notice of the institution of this lawsuit. Although in a motion to dismiss, "all facts alleged in the complaint and all reasonable inferences that can be drawn from them must be accepted as true," *Malia,* 23 F.3d at 830 (citation omitted), Plaintiffs have alleged no facts pertaining to the issue of Defendants' notice. As previously noted, it is undisputed that the second amended complaint naming Defendants was not filed until over a year after the expiration of the statute of limitations. Furthermore, Defendants' claim to have been unaware of the institution of the lawsuit, (Defs.' Reply Br. Supp. Mot. Dismiss at 15), is uncontroverted. Therefore, this court finds that Plaintiffs have failed to allege sufficient facts entitling them to relief on this point. *See CCAIR, Inc.,* 29 F.3d at 859 (a complaint should not be dismissed unless the plaintiff alleges "no set of facts in support of the claim that would entitle him to relief.")

However, "notice may be imputed to parties added after the limitations period expired 'when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.'" *Advanced Power Sys., Inc.,* 801 F. Supp. at 1456 (citation omitted). Courts in this district have found this type of relationship between a corporation and its principals, *id.* at 1456-57, and between parties sharing an attorney. *Heinly v. Queen,* 146 F.R.D. 102, 106-07 (E.D. Pa. 1993).

This court finds that the kind of closeness of relationship upon which imputation of notice is based does not exist between Defendants and any of the parties named in the original complaint. Quartucci owns the property adjacent to that occupied by Defendants, the United States is the lessee of this adjacent property, and Hertzler is Defendants' landlord. (Pls.' Letter Br. Opp'n Defs.' Mot. Dismiss at 3-4.) There is no reason to assume that the relationship between neighbors or between landlords and tenants is such that one may presume that Defendants had notice of this action within the period required by Rule 15(c).

## II. ATTORNEYS' FEES

Supplementing Defendants' Motion to Dismiss is a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 6
Not Reported in F.Supp., 1996 WL 67616
**(Cite as: Not Reported in F.Supp.)**

request for attorneys' fees and costs. (Defs.' Br. Supp. Mot. Dismiss at 5.) Defendants argue that such an award is justified because including the Defendants in this lawsuit was "completely unwarranted by both the facts and existing law." Although Defendants fail to state the basis on which the court should grant this request, Rule 11 of the Federal Rules of Civil Procedure provides for the sanctioning of attorneys who submit pleadings with claims not "warranted by existing law" or whose factual contentions have no evidentiary support. Fed. R. Civ. P. 11(c). However, the rule requires that a motion for sanctions be made "separately from other motions or requests." Fed. R. Civ. P. 11(c)(1)(A). Also, before sanctions may be imposed, the movant must follow the Rule's service requirements. *Id.* Rule 11 provides that a motion for sanctions cannot be filed unless it is first served on the offending party and the challenged paper or claim is not withdrawn or appropriately corrected within twenty-one days after service. Fed. R. Civ. P. 11(c)(1)(A). Courts in this circuit and others have denied motions for sanctions where movants have failed to conform to these requirements of Rule 11. *See, e.g., Elliott v. Tilton,* 64 F.3d 213, 216 (5th Cir. 1995) (reversing lower court's imposition of sanctions because of movant's failure to comply with Rule 11(c)(1)(A) ); *Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1328 (2d Cir. 1995) (same); *Omega Sports, Inc. v. Sunkyong Am., Inc.,* 872 F. Supp. 201, 203 (E.D. Pa. 1995) (refusing to impose sanctions because of lack of compliance with Rule 11(c)(1)(A) ); *In re VMS Sec. Litig.,* 156 F.R.D. 635, 641 (N.D. Ill. 1994) (same); *Thomas v. Treasury Management Assoc., Inc.,* 158 F.R.D. 364, 369 (D. Md. 1994) (same).

*7 Because Defendants failed to comply with these provisions of the rule, this court denies the request for attorneys' fees and costs without reaching the issue of whether Plaintiffs' inclusion of Defendants in the complaint was not warranted by existing law or not based on evidentiary support. FN8

CONCLUSION

Because neither the discovery rule, the doctrine of estoppel, nor Rule 15(c) bar the application of Pennsylvania's two-year statute of limitations for actions in tort in this case, Defendants' Motion to Dismiss is GRANTED with respect to John Oberle, III and Kim Oberle. Because of Defendants' failure to conform to the requirements of Rule 11, Defendants' Request for Attorneys' Fees is DENIED. An appropriate order follows.

AND NOW, this 12 day of February, 1996, upon consideration of the Motion to Dismiss and the request for attorneys' fees and costs filed by Defendants John Oberle, III and Kim Oberle and Plaintiffs' response thereto, it is hereby ORDERED that:
1. the Motion to Dismiss is GRANTED with respect to John Oberle, III and Kim Oberle;
2. Defendants' request for attorneys' fees and costs is DENIED.

> FN1. This Memorandum and Order pertain only to John Oberle, III and Kim Oberle. Thus, although there are other defendants in this case, the term "Defendants" refers only to John Oberle, III and Kim Oberle.
>
> FN2. Plaintiffs, alleging that negligence of the United States Postal Service caused Guenther's injury, (2d Am. Comp. at 4-5), named the United States as a defendant.
>
> FN3. Plaintiffs acknowledge that it is unclear whether the injury occurred at the site of the Morgantown Post Office or on adjacent property owned by David Hertzler. (*See* Pls.' Letter Br. Opp'n Defs.' Mot. Dismiss at 3 n.2.)
>
> FN4. In *Lafferty v. Alan Wexler Agency, Inc.,* 574 A.2d 671 (Pa. Super. 1990), a tenant injured in an apartment building brought an action against the corporation, the Wexler Agency, which she believed owned the building. *Id.* at 672. Before the passage of the limitations period, the Wexler Agency filed preliminary objections to the complaint and the amended complaint alleging *inter alia* that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 7
Not Reported in F.Supp., 1996 WL 67616
**(Cite as: Not Reported in F.Supp.)**

the plaintiff failed to establish an inference of negligence and failed to allege that the Wexler Agency possessed notice of the defective condition or had an obligation to repair. *Id.* It was only after the passage of the limitations period that the Wexler Agency, in response to the plaintiff's second amended complaint, filed an answer asserting that the property was owned by Alan S. Wexler personally. *Id.* The court found that "the Wexler Agency actively misled the plaintiff regarding the identity of the proper defendant" until after the limitations period had expired. *Id.* at 675. Similarly, in *DeRugeriis v. Brener,* 348 A.2d 139 (Pa. Super. 1975), an automobile accident case, the plaintiff named the owner of the other automobile, Herbert Brener, a defendant rather than the owner's son, Stephen Brener, who had been the driver. *Id.* at 139-40. Apparently, after the accident, the parties exchanged insurance information in the presence of a resident of the community in which the accident occurred. *Id.* at 140. The resident noted the name of Herbert Brener and his insurance company and gave the note to the plaintiff. *Id.* Additionally, there was other communication between the plaintiff's father and the named defendant and the latter's insurance carrier before the statute of limitations had passed. *Id.* The court found that the named defendant, his son, and the insurance carrier withheld the true identity of the driver until the answer, which was filed after the statute of limitations had run. *Id.* In *Peaceman v. Tedesco,* 414 A.2d 1119 (Pa. Commw. 1980), the court determined that there was active concealment when the named defendant, Edwin W. Shearburn, III, in an answer and a conciliation conference memorandum, defended on the merits in a medical malpractice case. Only after the statute of limitations had run did the named defendant, in his motion for summary judgment, disclose that his son, Edwin W. Shearburn, Jr., had performed the operation in question. *Id.* at 1122-23.

FN5. Plaintiffs also allege that Hertzler, in his self-executing discovery, gave an incorrect address for John Oberle, III, who was listed as Hertzler's tenant. (Defs.' Reply Br. Supp. Mot. Dismiss at 4.) This error, however, did not conceal the identity of a proper defendant, which is at issue in this case.

FN6. The Court of Appeals for the Third Circuit has noted that this provision was included to ensure that if a jurisdiction has a "'more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.'" *Nelson,* 60 F.3d at 1014 n.4 (citing Fed. R. Civ. P. 15 advisory committee's note). However, the court noted that " Pennsylvania does not provide a 'more forgiving principle of relation back than does federal practice.'" *Id.* (citation omitted).

FN7. Rule 4(m) provides that service of the summons and complaint shall be " made upon a defendant within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m).

FN8. Other bases for imposing sanctions in the form of attorneys' fees are the court's inherent power and the statute imposing liability for excessive costs based on attorney misconduct, 28 U.S.C. § 1927 (1994). However both of these generally require a finding of bad faith. *See Martin v. Brown,* 63 F.3d 1252, 1265 (3d Cir. 1995) ("Usually, the inherent power that a district court retains to sanction attorneys ... requires bad faith."); *Williams v. Giant Eagle Markets, Inc.,* 883 F.2d 1184, 1191 (3d Cir. 1989) ("[B]efore a court can order the imposition of attorneys' fees under § 1927, it must find willful bad faith on the part of the offending attorney."); *but see Republic of the Philippines v. Westinghouse Elec. Corp.,* 43 F.3d 65, 74 n.11 (3d Cir. 1994) (stating that "a court need not always find bad faith before

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 8
Not Reported in F.Supp., 1996 WL 67616
**(Cite as: Not Reported in F.Supp.)**

sanctioning under its inherent powers"). Because bad faith was not alleged, this court declines to consider either inherent power or 28 U.S.C. § 1927 as bases for the granting of attorneys' fees and costs.

E.D.Pa.,1996.
Guenther v. Quartucci
Not Reported in F.Supp., 1996 WL 67616

Briefs and Other Related Documents (Back to top)

• 2:94cv02966 (Docket) (May. 13, 1994)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.