**EXHIBIT D**



Not Reported in F.Supp.2d                                                    Page 1

**Not Reported in F.Supp.2d, 2001 WL 34367296**
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Not Reported in F.Supp.2d, 2001 WL 34367296
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
AES CORPORATION, Plaintiff,
v.
DOW CHEMICAL COMPANY, Defendant.
**No. Civ.A. 99-673-JJF.**

Jan. 19, 2001.

Michael D. Goldman and Stephen C. Norman , of
Potter Anderson & Corroon, LLP, Wilmington,
Delaware. Dennis E. Glazer and Frances E. Bivens
, of Davis Polk & Wardwell, New York, New York,
for Plaintiff, of counsel.
David C. McBride and John W. Shaw , of Young
Conaway Stargatt & Taylor, LLP, Wilmington,
Delaware. Herbert L. Zarov and Daniel J. Delaney
, of Mayer, Brown & Platt, LLP, Chicago, Illinois,
for Defendant, of counsel.

*MEMORANDUM OPINION*

FARNAN, J.
*1 Presently before the Court are Defendant's
Motion to Dismiss the Amended Complaint
(D.I.72) pursuant to Federal Rules of Civil
Procedure 9(b) , 12(b)(6) , 12(b)(7) and 19 , and
the Private Securities Litigation Reform Act,
codified in relevant part at 15 U.S.C. § 78u-4; and
Defendant's Motion for Leave to File a
Supplemental Appendix to its Motion to Dismiss
(D.I.98). For the reasons stated below, Defendant's
Motion To Dismiss the Amended Complaint
(D.I.72) will be granted in part and denied in part;
and Defendant's Motion for Leave to File a
Supplemental Appendix to its Motion to Dismiss
(D.I.98) will be denied.

**BACKGROUND**

AES Corporation ("AES") filed its original
complaint in this action against Dow Chemical
Company ("Dow") in the Southern District of Texas
alleging securities fraud claims under the Securities
Exchange Act of 1934 (the "Exchange Act") and
the Texas Securities Act, a claim under section
27.01 of the Texas Business and Commerce Code,
and common law claims for fraud and conspiracy.
Dow moved to dismiss for improper venue or, in the
alternative, to transfer the action to the District of
Delaware. Dow also moved to dismiss the
complaint in its entirety for failure to state a claim.
The Honorable Vanessa D. Gilmore granted Dow's
motion to transfer the action to the District of
Delaware but did not decide Dow's motion to
dismiss for failure to state a claim.

After the transfer to the District of Delaware, AES
sought and obtained leave to file an amended
complaint. The Amended Complaint (D.I.67)
asserts the same claims against Dow and adds a few
additional allegations and a new claim against Dow
based on agency. Dow moves to dismiss all claims
asserted against it in the Amended Complaint.

**STANDARD OF REVIEW**

Pursuant to Rule 12(b)(6), the Court may dismiss a
complaint for failure to state a claim upon which
relief may be granted. Fed.R.Civ.P. 12(b)(6). The
purpose of a motion to dismiss is to test the
sufficiency of a complaint, not to resolve disputed
facts or decide the merits of the case. *See Kost v.
Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). Thus,
when considering a motion to dismiss, a court must
accept as true all allegations in the complaint and
must draw all reasonable factual inferences in the
light most favorable to the plaintiff. *See Neitzke v.
Williams,* 490 U.S. 319, 326 (1989) ; *Piecknick v.
Pennsylvania,* 36 F.3d 1250, 1255 (3d Cir.1994).
However, the court is "not required to accept legal
conclusions either alleged or inferred from the
pleaded facts." *Kost,* 1 F.3d at 183 (citation

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 2

Not Reported in F.Supp.2d, 2001 WL 34367296
**(Cite as: Not Reported in F.Supp.2d)**

omitted). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45 (1957).

### DISCUSSION

In support of its Motion to Dismiss the Amended Complaint, Dow contends: (1) the Amended Complaint's claims against Dow violate the pleading requirements of Rule 9(b) and the Reform Act; (2) AES fails to state a "control person" claim against Dow; (3) AES cannot claim that it relied on, or is barred from complaining about, the alleged projections; (4) the state law claims should be dismissed for lack of supplemental jurisdiction; (5) the choice of law provisions specifying Delaware law bar AES's claims arising under Texas statutes; and (6) the Amended Complaint should be dismissed for failure to join indispensable parties.

### I. Failure to Plead Fraud with Particularity

**\*2** Dow contends that the Amended Complaint fails to comply with the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. That rule provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. Pro. 9(b).

Dow also cites the pleading requirements of the Private Securities Litigation Reform Act ("Reform Act"), which provides:
> In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

15 U.S.C.A. 78u-4(b)(2) (West Supp.1999).

In *In re Advanta Corp. Securities Litigation,* the Court of Appeals for the Third Circuit adopted an interpretation of this provision that followed the standard for pleading securities fraud adopted by the Second Circuit before the enactment of the Reform Act. *See In re Advanta Corp. Securities Litigation,* 180 F.3d 525, 534 (3d Cir.1999). That standard requires Plaintiff to establish a "strong inference" of fraud by (a) alleging facts to show that the Defendants had both motive and opportunity to commit fraud; or (b) alleging facts that constitute circumstantial evidence of either reckless or conscious behavior. *See id.* The Second Circuit standard is enhanced by the Reform Act to require that such facts be stated with particularity. *See id.* at 535-36.

After reviewing the Amended Complaint in a light most favorable to Plaintiff, the Court is satisfied that Plaintiff has met this stringent pleading burden. The Amended Complaint asserts the who, what, where, when and how of Defendants' actions (including Dow) that are the bases of Plaintiff's claims. *See id.* at 534; (D .I. 67, ¶¶ 35-45). The allegations in the Amended Complaint outline in detail matters that were allegedly fraudulently omitted from the documents provided to AES in connection with the transaction. (D.I.67, ¶¶ 63-65). AES quotes extensively from internal Destec documents in an effort to demonstrate that Dow and Destec either knew the statements they were making regarding the Elsta project were false, or at a minimum, that Dow and Destec acted recklessly in making those statements. *Id.* Thus, the Court concludes that Plaintiff's allegations of securities fraud are sufficient to withstand a motion to dismiss.

Second, Dow asserts that AES has not met its obligation to plead "all" facts that underlie its allegations made on information and belief. If allegations are made on "information and belief", Plaintiff must "state with particularity all facts on which that belief is founded." 15 U.S.C. § 78u-4(b)(1). The Court concludes that the Amended Complaint contains sufficient information regarding the basis for Plaintiff's belief that Dow defrauded it. The allegations contain citations to and quotes from specifically identified documents and conversations. (D.I.67, ¶¶ 35-45, 62-65). Thus, the Court

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                    Page 3

Not Reported in F.Supp.2d, 2001 WL 34367296
(Cite as: Not Reported in F.Supp.2d)

concludes that the Amended Complaint satisfies the requirements for pleading on "information and belief."

*3 Third, Dow asserts that AES failed to allege with particularity a representation by Dow. Dow argues that the Amended Complaint fails to allege that Dow committed a primary violation of Section 10(b). A primary liability claim is presented if "a party significantly participated in the alleged manipulative or deceptive scheme." *Levine v. Metal Recovery Technologies, Inc.,* 182 F.R.D. 102, 106 (D.Del.1998) (citing *Primavera Familienstiftung v. Askin,* Civ. A. No. 95-8905, 1996 WL 494904, at *7 (S.D.N.Y. August 30, 1996)); *see also SEC v. United States Envtl. Inc.,* 155 F.3d 107, 112 (2d Cir.1998), *cert. denied, Romano v. SEC,* 119 S.Ct. 1755 (1999). The Amended Complaint alleges that Dow was a direct participant in the fraudulent scheme to sell Destec at an artificially inflated price, in violation of Rule 10b-5. In addition, AES asserts that the sale of Destec and DEI's stock was initiated and conducted for the benefit of Dow. (D.I.67, ¶¶ 32-33, 36-37, 48). Thus, the Court concludes that the Amended Complaint adequately pleads facts to support a § 10(b) claim against Dow.

Dow also argues that neither agency nor conspiracy are viable theories of liability under § 10(b) since the United States Supreme Court decision in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164 (1994). In *Central Bank,* the Supreme Court determined that Congress did not intend to create a cause of action for "aiding and abetting" a violation of Rule 10b-5. *Central Bank,* 511 U.S. at 184. Notably, in a dissenting opinion, Justice Stevens opined that imposition of secondary liability under respondeat superior and other common law agency principles " appear unlikely to survive the Court's decision." *Id .* at 200-01 n. 12.

In *AT & T Co. v. Winback and Conserve Program, Inc.,* 42 F.3d 1421 (3d Cir.1994) , the Court of Appeals for the Third Circuit considered the impact of *Central Bank* on established doctrines of vicarious liability under the Lanham Act. The Third Circuit in *AT & T* held that courts applying vicarious liability theories "are not expanding the

category of affirmative conduct proscribed by the relevant statute; rather, they are deciding on whose shoulders to place responsibility for conduct indisputably proscribed by the relevant statute." *AT & T,* 42 F.3d at 1430-31. The Court of Appeals concluded that "Central Bank's discussion of aiding and abetting should not be transplanted into the more settled realm of agency law." *Id.* at 1432. While other circuits courts have rendered decisions inconsistent with *AT & T,* the Court is compelled to follow *AT & T* and conclude that agency liability is still available under securities laws in this circuit.

The Court further concludes that conspiracy liability survives the *Central Bank* decision. The Court finds *Wenneman v. Brown,* 49 F.Supp. 1283 (D.Utah 1999) instructive on this issue. The *Wenneman* court noted that "[w]hile Central Bank eliminated a cause of action against an aider and abettor, it did not preclude a plaintiff from bringing a claim against members of a conspiracy to defraud so long as the plaintiff sufficiently alleges facts which would support a finding that a particular participant could be primarily liable as a co-conspirator under Rule 10b-5." *Wenneman,* 49 F.Supp. at 1289; *see also Central Bank,* 511 U.S. at 191. The Court concludes that the allegations of the Amended Complaint, taken in the light most favorable to Plaintiff, do not merely place Dow in the role of aider and abettor, but as a co-conspirator, and, therefore, as a primary violator of Section 10(b). Thus, the Court will not dismiss the Amended Complaint against Dow on this claim.

*4 Fourth, Dow contends that AES has not pleaded sufficient facts to state a claim for liability for " forward-looking statements." Dow asserts that the challenged statements are shielded from liability under the "safe harbor" doctrine of the Reform Act, which provides that a party challenging such statements made by issuers of publicly-traded securities must allege "actual knowledge" of falsity by the corporate officer making a false statement. 15 U.S.C. § 78u-5(c)(1)(B). Dow asserts that the challenged statements are forward-looking because they relate to the completion date and profitability of the Elsta project, or statements of the assumptions underlying such predictions.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                          Page 4

**Not Reported in F.Supp.2d, 2001 WL 34367296**
**(Cite as: Not Reported in F.Supp.2d)**

"Allegations based upon omissions of existing facts or circumstances do not constitute forward looking statements protected by the safe harbor of the Securities Act." *In re Mobilemedia Sec. Litig.*, 28 F.Supp.2d 901, 930 (D.N.J.1998) (holding that company's statement alleged to be misleading on the basis of omissions of facts known to company at the time statement was made was not protected under safe harbor) (citing *In re Valujet, Inc. Sec. Litig.*, 984 F.Supp. 1472, 1479 (N.D.Ga.1997) ; *Voit v. Wonderware Corp.*, 977 F.Supp. 363, 371 (E.D.Pa.1997)); *see also In re Cendant Corp.*, 60 F.Supp.2d 354, 376 (D.N.J.1999) (holding that because plaintiffs alleged that defendant knew statement was false at the time it was made, statement did not fall within safe harbor of Reform Act). Here, AES contends that the statements regarding the Elsta project were untrue when they were made, based on information known to Dow and Destec at the time they made the statements. The Court concludes that the "safe harbor" of the Reform Act does not apply to the instant case because the statements at issue are alleged statements of then-present fact. Thus, AES is under no obligation to plead any allegations particular to Dow or Destec's executive officers. Therefore, the Court concludes that the Amended Complaint meets the pleading requirements of Rule 9(b) and the Reform Act.

## II. Section 20(a) "Control Person" Claim

Section 20(a) of the Exchange Act imposes joint and several liability upon any person who controls a person liable under any provision of the Exchange Act. *In re Aetna, Inc. Sec. Litig.*, 34 F.Supp.2d 935, 957 (E.D.Pa.1999). AES asserts that Dow acted as a controlling person of Destec under Section 20(a). Section 20(a) requires proof that " one person controlled another person," and that "the 'controlled person' is liable under the Act." *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 279 (3d Cir.1992). Dow has moved for dismissal of this claim on the grounds that there cannot be liability under Section 20(a) against Dow where AES has failed to state a claim under Section 10(b) against Destec, the "controlled person." In support of its motion, Dow contends that the pleadings of AES

are based solely on information and belief, and that the fraudulent statements and omissions fall within the "safe harbor" of the Reform Act. Dow's arguments with respect to Destec's alleged violation of § 10(b) fail for the same reasons discussed above with respect to Dow's alleged violation of § 10(b). Thus, the Court concludes that the Amended Complaint adequately asserts a primary violation of § 10(b) by Destec.

*5 In addition, Dow asserts that AES has failed to adequately plead "culpable participation" by Dow. In order to impose control person liability, Plaintiff must allege at least potential control and culpable participation. *See Rochez Bros. Inc. v. Rhoades*, 527 F.2d 880, 890 (3d Cir.1975) ; *Sharp v. Coopers & Lybrand*, 649 F.2d 175, 185 (3d Cir.1981). The heightened pleading requirements of Fed.R.Civ.P. 9(b) do not apply to a claim under Section 20(a) for control person liability. *In re Tel-Save Sec. Litig.*, 1999 WL 999427 at *6 (E.D.Pa. Oct. 19, 1999). Allegations that "support a reasonable inference that [defendant] had the potential to influence and direct the activities of the primary violator" suffice to plead control person liability. *Id.* (citing *In re Health Mgmt. Inc. Sec. Litig.*, 970 F.Supp. 192, 205 (E.D.N.Y.1997)). The Amended Complaint contains allegations that Dow controlled Destec and that Dow was integrally involved in the scheme to defraud. (D.I.67, ¶¶ 95,96) Thus, the Court concludes that the allegations of the Amended Complaint satisfy the culpable participation requirement. Therefore, Dow's motion to dismiss the Section 20(a) "control person" claim will be denied.

## III. Reliance

Dow asserts that all of AES's claims should be dismissed because AES cannot claim that it relied on, or AES is barred from complaining about, the alleged projections. In support of this argument, Dow urges the Court to review various clauses contained in certain agreements between the parties. For purposes of the instant motion, however, the Court is only concerned with the sufficiency of the Complaint and will not look to documents possibly more appropriate to the summary judgment stage of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 5

Not Reported in F.Supp.2d, 2001 WL 34367296
(Cite as: Not Reported in F.Supp.2d)

this case. For this reason, the Court will not dismiss Defendant on this basis and Defendant's Motion For Leave to File a Supplemental Appendix to its Motion to Dismiss (D.I.98) will be denied.

### IV. Supplemental Jurisdiction

Because Dow argues that the federal claims should be dismissed in their entirety, Dow claims that the state law claims should be dismissed as well for lack of supplemental jurisdiction. Because the Court concludes that the federal securities laws claims remain in the Amended Complaint, supplemental jurisdiction exists over the state law claims. *See* 28 U.S.C. § 1367(a).

### V. Claims Arising Under Texas Law

AES asserts four claims against Dow arising under Texas statutes (§§ 33A(2), 33F(1) and 33F(2) of the Texas Securities Act ("TSA") (Counts Four, Six and Seven of the Amended Complaint) and § 27.01 of the Tex. Bus. and Com.Code (Count Eight)). Dow contends that the Texas statutory claims must be dismissed because the Merger Agreement signed by Dow and Asset Purchase Agreement signed by AES both state that the "[a]greement shall be governed and construed in accordance with the laws of the State of Delaware without giving effect to the principles of conflicts of law thereof." (D.I.75, Ex. B, § 9.11, Ex. C, § 9.11). In response, AES asserts that it cannot be bound by the choice of law provisions in the Merger Agreement and the Asset Purchase Agreement because AES was not a party to the Merger Agreement and Dow was not a party to the Asset Purchase Agreement. The Court concludes that AES can be bound by the choice of law provisions in the Merger Agreement and the Asset Purchase Agreement because the Destec sale, involving contracts between Dow, NGC, and AES was all part of one transaction. AES acknowledges that the sale of Destec was part of a single integrated transaction, as AES and NGC negotiated an agreement to "jointly submit a bid for the purchase of Destec." (D.I.67, ¶ 36). Thus, the Court must consider whether Plaintiff's claims arising under the Texas statutes are within the scope

of the choice of law provision.

*6 Following a transfer initiated by a defendant pursuant to 28 U.S.C. § 1404(a), the transferee court must apply the choice of law rules that would have been applied by the transferor court. *Van Dusen v. Barrack,* 376 U.S. 612, 639 (1964). Absent an applicable stipulation, a federal district court sitting in diversity must apply the choice of law rules of the state in which the district court sits in determining which state's laws govern. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941) ; *Hionis Int'l Enter., Inc. v. Tandy Corp.,* 867 F.Supp. 268, 271 (D.Del.1994). This rule applies as well when a court exercises its pendent jurisdiction. *System Operations, Inc. v. Scientific Games Dev. Corp.,* 555 F.2d 1131, 1136 (3d Cir.1977) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)).

Because this case was transferred to the District of Delaware from the Southern District of Texas pursuant to 28 U.S.C. § 1404(a), the Court will apply Texas choice of law rules. Under Texas law, where the wrongs arise from misrepresentations inducing a party to execute the contract and not from breach of the contract, remedies and limitations specified by the contract do not apply. *See Busse v. Pacific Cattle Feeding Fund No. 1, Ltd.,* 896 S.W.2d 807, 813 (Tex.App.1995) (citing *Caton v. Leach Corp.,* 896 F.2d 939, 942-43 (5th Cir.1990)). This case does not involve an interpretation or construction of the contracts but rather the alleged misrepresentations and fraud in the inducement to sign the contracts. The rights, obligations and causes of action do not arise from the contracts but from the Texas Securities Act, the Texas Business and Commerce Code and the common law. The Court concludes that the choice of law provision in the contracts does not apply to these claims. Thus, the Court must consider Texas' background choice of law rules to resolve the parties' choice of law dispute.

In Texas, "the law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue." *Caton,* 896 F.2d at 942 (quoting *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 421 (Tex.1984)).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                     Page 6

Not Reported in F.Supp.2d, 2001 WL 34367296
(Cite as: Not Reported in F.Supp.2d)

The rule in fraud and misrepresentation cases is seen in Restatement (Second) of Conflict of Laws § 148 (1971). *See Lutheran Bhd. v. Kidder Peabody & Co.,* 829 S.W.2d 300, 310 (Tex.App.), set aside on other grounds, 840 S.W.2d 384 (Tex.1992). Under § 148, a court considers the following contacts in determining which state has the most significant relationship to the occurrence and the parties:

(a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations, (b) the place where the plaintiff received the representations, (c) the place where the defendant made the representations, (d) the domicil, residence, nationality, place of incorporation and place of business of the parties, (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

*7 Restatement (Second) of Conflicts § 148(2) (1971).

According to the allegations in the Amended Complaint, a substantial portion of the alleged fraud occurred in Texas. Alleged misrepresentations were made at a presentation held in Houston, Texas, the document room provided by Dow and Destec was located in Destec's facilities in Houston, documents containing alleged misrepresentations were sent to AES from Houston and AES interviewed Destec employees in Houston. (D.I.67, ¶¶ 10, 37, 40, 41, 43). The Court concludes that Texas is the state with the most significant relationship with the fraud and, therefore, Plaintiff may properly assert the causes of action arising under Texas statutes and common law. Thus, the Court will not dismiss Defendant's claims on this basis.

VI. Failure to Join Indispensable Parties

Defendant's final contention is that Plaintiff's claims should be dismissed because it failed to join NGC to the litigation. Defendant bases its argument on its claim that rescission is the exclusive remedy under Section 33(A) of the Texas Securities Act. Section

33(A)(2) provides that a buyer "may sue either at law or in equity for rescission, or for damages if the buyer no longer owns the security." Tex.Rev.Civ. Stat. Ann. art. 581-33(A)(2) (Vernon Supp.1999). Texas courts are divided on the issue of whether monetary damages are available as a remedy under Section 33(A) if plaintiff still owns the security. *See Lutheran Bhd. v. Kidder Peabody & Co.,* 829 S.W.2d 300, 307 (Tex.App.1992) (holding that Section 33(A) did not intend to limit the buyer only to rescission), set aside on other grounds, 840 S.W.2d 384 (Tex.1992). *Cf. Summers v. WellTech, Inc.,* 935 S.W.2d 228, 231-32 (Tex.App.1996) (holding that rescission is the exclusive remedy when plaintiff still owns stock at commencement of suit); *Anheuser-Busch Cos. v. Summit Coffee Co.,* 858 S.W.2d 928 (Tex.App.1993), reversed on other grounds, 514 U.S. 1001 (1995). The decisions in *Summers* and *Anheuser-Busch* were based in part on the parallel between Section 33(A) of the Texas Securities Act and Section 12(2) of the Securities Act of 1933. Section 33(A) "should be applied in accordance with the federal provision." *Anheuser-Busch,* 858 S.W.2d at 939; *see also Quest Med., Inc. v. Apprill,* 90 F.3d 1080, 1091 n. 16 (5th Cir.1996) ("Because of the obvious similarities between the TSA and the federal securities acts, Texas courts look to decisions of the federal courts to aid in the interpretation of the TSA."). Under § 12(2), "federal courts have held that rescission is the exclusive remedy when the plaintiff still owns the stock." *Anheuser-Busch,* 858 S.W.2d at 939 (citing *Wigand v. Flo-Tek, Inc.,* 609 F.2d 1028, 1035 (2d Cir.1979)). For the reasons set forth in *Summers* and *Anheuser-Busch,* the Court concludes that rescission is the exclusive remedy under Section 33(A) of the Texas Securities Act.

In this case, however, Plaintiff does not seek a rescission of the stock purchase. (D.I. 67, at 60, D.I. 88, at 48). Because the Court has concluded that rescission is the exclusive remedy under Section 33(A) and Plaintiff does not seek a rescission of the stock purchase, the Court will dismiss Plaintiff's claim under Section 33(A). Likewise, the Court will also dismiss Plaintiff's claims that arise under Section 33(F)(1) and 33(F)(2) of the Texas Securities Act because a necessary element for such claims is a viable claim under Section 33(A). Also,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                    Page 7

Not Reported in F.Supp.2d, 2001 WL 34367296
(Cite as: Not Reported in F.Supp.2d)

a successful plaintiff under these sections is entitled to the same remedies against the control person and/or aider and abettor as if they were a primary violator under Section 33(A), i.e., a buyer who still owns the securities would only be entitled to the remedy of rescission. Therefore, the Court will dismiss Plaintiff's claims that arise under Sections 33(A)(2), 33(F)(1) and 33(F)(2) of the Texas Securities Act.

CONCLUSION

*8 For the reasons stated above, Defendant's Motion to Dismiss the Amended Complaint (D.I.72) will be granted in part and denied in part. The Court will deny Defendant's Motion to Dismiss as to all claims except Plaintiff's claims arising under Sections 33(A)(2), 33(F)(1) and 33(F)(2) of the Texas Securities Act.

An appropriate Order will be entered.

ORDER

WHEREAS, presently before the Court are Defendant's Motion to Dismiss the Amended Complaint (D.I.72) and Defendant's Motion to For Leave to File a Supplemental Appendix to its Motion to Dismiss (D.I.98),

NOW THEREFORE, for the reasons set forth in the accompanying memorandum opinion, IT IS HEREBY ORDERED this 19 day of January 2001 that:

1. Defendant's Motion to Dismiss the Amended Complaint (D.I.72) is *GRANTED* as it pertains to Plaintiff's claims under Sections 33(A)(2), 33(F)(1) and 33(F)(2) of the Texas Securities Act.

2. Defendant's Motion to Dismiss the Amended Complaint (D.I.72) is *DENIED* as it pertains to all other claims asserted by Plaintiff in the Amended Complaint.

3. Defendant's Motion For Leave to File a Supplemental Appendix to its Motion to Dismiss

(D.I.98) is *DENIED*.

D.Del.,2001.
AES Corp. v. Dow Chemical Co.
Not Reported in F.Supp.2d, 2001 WL 34367296

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.