# EXHIBIT H



Not Reported in A.2d                                                                                                                     Page 1

Not Reported in A.2d, 2003 WL 908885
**(Cite as: Not Reported in A.2d)**

H
Not Reported in A.2d, 2003 WL 908885
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Dwight L. DAVIS, pro se Plaintiff,
v.
WEST CENTER CITY NEIGHBORHOOD PLANNING ADVISORY COMMITTEE, INC., Kester I.H. Crosse, Esquire, John H. Williams, Esquire, Brenda Phillips, and Melvin Phillips, Defendants.
No. Civ.A. 02C-03-249JEB.

Submitted Feb. 21, 2003.
Decided March 7, 2003.

Upon the Parties' Cross Motions for Summary Judgment. Defendants' Motions Granted. Plaintiff's Motion Denied.

Dwight L. Davis, Wilmington, Delaware, pro se Plaintiff.
Colin M. Shalk, Wilmington, Delaware, for Defendants WCCNPAC, Brenda Phillips and Melvin Phillips.
John A. Elzufon, and Joseph F. Gula, III, Wilmington, Delaware, for Defendant John H. Williams.
Daniel A. Griffith, Wilmington, Delaware, for Defendant Kester I.H. Crosse.

OPINION

BABIARZ, J.
*1 This is the Court's decision on a series of motions stemming from Plaintiff Dwight Davis' suit for slander and civil conspiracy, which he filed against the West Center City Neighborhood Planning Advisory Committee ("WCCNPAC") and various individuals associated with it. Cross motions for summary judgment have been filed, along with one non-dispositive motion. For the reasons explained below, Defendants' motions for summary judgment are granted, and Plaintiff's motion for summary judgment is denied.

FACTS

WCCNPAC is a not-for-profit Delaware corporation, established in part to help allocate and distribute federal funds to several neighborhoods in the City of Wilmington. Each neighborhood in the corporation appoints one or more members to the Board of Directors, and in 1998 Plaintiff was appointed to the Board by the West Center City Neighborhood Association. At some time thereafter, Plaintiff recommended an individual named Terry James for employment with WCCNPAC, and she was hired as a staff member.

In July 2000, Ms. James met with Kester Crosse, Esquire, to discuss a handwritten note she had found on her desk at work. The note, which was signed "Dwight," addressed Ms. James' alleged drug usage. The writer insisted that James seek help for her addiction and offered to attend Alcoholic Anonymous meetings with her. He stated that he would report her to WCCNPAC if she rejected his offer. Ms. James believed that "Dwight" was Plaintiff Dwight Davis, who had also come to her home uninvited and banged on her windows to get her attention. Plaintiff does not dispute that he wrote the note in question.

After meeting with Ms. James, Mr. Crosse wrote a letter to Brenda Phillips, WCCNPAC's executive director, informing her of Plaintiff's conduct and requesting that the WCCNPAC Board of Directors handle the matter internally. He also enclosed a copy of Plaintiff's note to Ms. James. In July 2000, the Board voted to suspend Plaintiff until the matter was investigated and resolved. FN1

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                               Page 2
Not Reported in A.2d, 2003 WL 908885
(Cite as: Not Reported in A.2d)

> FN1. *See* Plaintiff's Opposition to Motion to Dismiss, Ex. E, Minutes of WCCNPAC Executive Session of Board of Directors, July 31, 2000, at 2.

In March 2002, Plaintiff filed suit in Superior Court, alleging that Defendants committed slander *per se* and conspired to illegally remove him from the Board. Plaintiff seeks $10 million in compensatory and punitive damages for injury to his reputation. Cross motions for summary judgment have been filed. Briefing is complete and the issues are ripe for decision.

STANDARD OF REVIEW

Summary judgment may be granted where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. FN2 On cross motions for summary judgment, the Court must consider whether either side has presented a genuine issue of material fact. FN3 The evidence must be viewed in the light most favorable to the non-moving party. FN4 Where a motion for summary judgment is properly supported, the burden shifts to the non-moving party to demonstrate that there are material issues of fact. FN5 Where there are some disputed facts, summary judgment is still warranted if the undisputed facts and the non-movant's version of the disputed facts entitled the non-movant to judgment as a matter of law. FN6

> FN2. *Dale v. Town of Elsmere,* 702 A.2d 1219, 1221 (Del.1997).
>
> FN3. *Emmons v. Hartford Underwriters Ins. Co.,* 697 A.2d 742, 745 (Del.1997).
>
> FN4. *Merrill v. Crothall-American, Inc.,* 606 A.2d 96, 99-100 (Del.1992).
>
> FN5. *Brzoska v. Olson,* 668 A.2d 1355, 1364 (Del.1995).
>
> FN6. *State Farm Mut. Auto. Ins. Co. v. Mundorf,* 659 A.2d 215, 217 (Del.1995).

DISCUSSION

*2 Plaintiff makes different allegations against different defendants. He alleges that both Melvin Phillips, a Board member, and Brenda Phillips, executive director, made slanderous statements about him to City employees. He also alleges that the Defendants illegally publicized both his note to Terry James and the Crosse letter in a conspiratorial effort to remove him from the Board. He alleges that the Crosse letter itself is libelous. Defendants argue for summary judgment because Plaintiff has not put forth any evidence to support his allegations, and has thwarted the discovery process. In his cross motion for summary judgment, Plaintiff raises new issues regarding Ms. James' personal history; the WCCNPAC corporate charter; a letter from John Williams, Esquire, to Samuel Guy, Esquire; and the validity of Plaintiff's suspension from the Board. To the extent that these issues are intended as responses to Defendants' motions, they are not relevant to the conduct alleged in the Complaint. To the extent that they are new issues, they are not properly raised for the first time in a summary motion and are therefore not addressed in this Opinion.

To have a cognizable claim for defamation, which includes both slander and libel, a plaintiff must show that the defendant made a false and defamatory statement about him in an unprivileged communication to a third person. FN7 Generally, slander requires a showing of special damages because the written word, that is, libel, is potentially more dangerous to reputation than the spoken word. FN8 However, four categories of slander are actionable without special damages, including statements which (1) malign one in a trade or profession; (2) impute a crime; (3) imply that one has a loathsome disease; and (4) impute unchastity to a woman. FN9 Plaintiff alleges that Defendant Melvin Phillips accused him of the crime of Stalking in a statement to a third person identified only as a City employee. At his deposition Plaintiff refused to answer any questions about the third person. He failed to appear for his noticed re-deposition and has never identified the third person. Other than his own bare and incomplete assertions, Plaintiff presents no evidence to support

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                          Page 3

Not Reported in A.2d, 2003 WL 908885
(Cite as: Not Reported in A.2d)

a claim of slander against Melvin Phillips, and Phillips' motion for summary judgment is therefore granted.

> FN7. *Bray v. L.D. Caulk Dentsply Internat'l,* Del.Supr., No. 541, 1999, Berger, J. (March 8, 2000).

> FN8. *Spence v. Funk,* 396 A.2d 967, 969 (Del.1978).

> FN9. *Id.* at 970.

Plaintiff's claim against Brenda Phillips, WCCNPAC's executive director, also fails. Plaintiff alleges that Ms. Phillips told Bessie Ashe, a Board member, that Plaintiff had committed an unspecified criminal act against a former employee of WCCNPAC. Defendant Phillips argues that Plaintiff has not brought forth any evidence of slander. The record shows that Ms. Ashe was subpoenaed to appear at defense counsel's office for her deposition. On the scheduled day, Plaintiff left a message on counsel's voice mail, stating that Ms. Ashe was unable to appear. When counsel spoke with Ms. Ashe to reschedule the deposition, she refused to cooperate and has never been deposed. Without her testimony, there is no evidence of slander other than Plaintiff's unsupported assertions. Brenda Phillips' motion for summary judgment is granted, and her motion to cite Ms. Ashe for contempt is denied.

*3 Defendant John Williams, counsel for WCCNPAC, moves to strike the pleadings against him as a matter of law because Plaintiff failed to participate in discovery. The record supports Williams' contention. During his deposition, Plaintiff would not answer any questions from Williams' attorney on the grounds that Williams had outstanding discovery matters. Although this is no reason to delay a deposition, counsel for Williams relented and subsequently attempted to schedule a second deposition. Counsel wrote three letters to Plaintiff but received no response. At the appointed hour, counsel for WCCNPAC, Crosse and Williams appeared, as well as the court reporter. The only person absent was Plaintiff. Prior to filing the motion to dismiss, Williams' counsel left two phone messages requesting Plaintiff to contact him. Again nothing.

Defendant Williams argues that if a party fails to appear at a deposition after receiving proper notice, and has failed to apply for a protective order under Rule 26(c), the Court may take just action, including either striking the pleadings or dismissing the action, pursuant to Super.Ct.Civ.R. 37(d). In this case, Plaintiff has not cooperated in discovery and has not offered a reasonable explanation for his conduct. Without meaningful discovery, Defendant Williams cannot prepare a defense and has no recourse other than Rule 37(d). FN10 The Court finds that Plaintiff has deliberately and repeatedly refused to take part in discovery pertaining to Defendant Williams, and that the only just result is to strike the pleadings that pertain to this Defendant.

> FN10. *Novak v. Tigani,* 112 A.2d 853, 854 (Del.1955) (observing that Rule 37(d) provides the only available sanction for a person's refusal to attend his own deposition upon notice).

Defendants WCCNPAC, Brenda Phillips and Melvin Phillips also move for summary judgment on Plaintiff's allegation that publication of the James letter and the Crosse letter at the Board meeting constituted slander *per se.* Defendants argue that the distribution was a privileged communication and that the copies of the letters were collected at end of the meeting to prevent further dissemination. A qualified privilege extends to communications made between people who have a "common interest for the protection of which the allegedly defamatory statements are made" or which are "disclosed to any person who has a legitimate expectation in the subject matter." FN11 The James letter was written by a Board member to an employee and was of dubious content. The Crosse letter requested that the matter be handled internally, and the only way to do so was to present both letters to the Board for its consideration. The Board had a legitimate interest in the subject matter of the letters, which pertained to the conduct of a Board member toward a WCCNPAC employee.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                          Page 4
Not Reported in A.2d, 2003 WL 908885
**(Cite as: Not Reported in A.2d)**

The Court finds as a matter of law that a qualified privilege extends to publication of the letters to Board. The motion for summary judgment is granted on this issue.

> FN11. *Henry v. Delaware Law School of Widener University, Inc.*, 1998 WL 15897 at *11 (Del.Ch.1998) (citations omitted).

This conclusion renders moot Plaintiff's allegation that Defendants engaged in a civil conspiracy to divest him of a seat on the Board. In Delaware, civil conspiracy does not exist as an independent cause of action, but it can be alleged where there is an underlying harm in which more than one person participated. FN12 Because the Court has found as a matter of law that Plaintiff has failed to state a viable defamation claim, there can be no derivative claim for civil conspiracy.

> FN12. *Id.* (citations omitted).

*4 Plaintiff alleges that the Crosse letter was libelous. Defendant Crosse moves to dismiss for lack of prosecution or in the alternative for summary judgment for failure to state a claim upon which relief can be based. Libel is a written publication which defames the plaintiff in an unprivileged communication. FN13 It is actionable without special damages, whether the defamatory nature is apparent on the face of the statement or only by reference to extrinsic facts. FN14

> FN13. *Bray v. L.D. Caulk Dentsply Internat'l*, at *1.
>
> FN14. *Spence v. Funk*, 396 A.2d at 970.

In this case, Ms. James testified at her deposition that all the facts Mr. Crosse stated in his letter were true, and Plaintiff does not contest the facts. Rather, he alleges that Defendant Crosse wrote the letter in order to force Plaintiff off the WCCNPAC Board. Truth is an absolute defense to a defamation action, FN15 and the Court finds that the facts alleged in the Crosse letter are true and are therefore not libelous. The letter also expresses Defendant Crosse's professional opinion that Plaintiff's actions included elements of sexual harassment, stalking, extortion and inappropriate behavior. However, Defendant Crosse sent the letter only to Brenda Phillips and asked that the Board handle the matter internally. Thus, there was no unprivileged communication, nor is there any evidence that Defendant Crosse wrote the letter with malice. Defendant Crosse's motion for summary judgment is granted.

> FN15. *DeBonaventura v. Nationwide Mut. Ins. Co.*, 428 A.2d 1151, 1155 (Del.1981)

Finally, the Court reiterates that Plaintiff has refused to participate in any meaningful way in the discovery process. At his deposition, Plaintiff refused to answer any questions about his relationship with Terry James, which is the heart of the matter. He would not answer questions about the unidentified WCCNPAC employee or his allegations about Defendant Williams. Plaintiff failed to appear for her deposition and did not respond to Defendant Crosse's written interrogatories. These facts are uncontested, and nothing in Plaintiff's motion for summary judgment justifies them. Furthermore, Plaintiff does not deny having written the note to Ms. James. The Court concludes that there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law.

CONCLUSION

For all these reasons, Defendants' motions for summary judgment are granted and Plaintiff's motion for summary judgment is denied.

*It Is So Ordered.*

Del.Super.,2003.
Davis v. West Center City Neighborhood Planning Advisory Committee, Inc.
Not Reported in A.2d, 2003 WL 908885

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.