**EXHIBIT L**



Slip Copy                                                           Page 1

Slip Copy, 2005 WL 1458768
**(Cite as: Slip Copy)**

Slip Copy, 2005 WL 1458768
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,M.D. Pennsylvania.
Kevin HOCKENBERRY and Judy Hockenberry,
Plaintiffs,
v.
DIVERSIFIED VENTURES, INC., d/b/a Forward
Financial Company, et al ., Defendants.
No. 4:04CV1062.

June 20, 2005.

*MEMORANDUM*

MCCLURE, J.

*BACKGROUND:*

*1 Plaintiffs Kevin and Judy Hockenberry, husband
and wife, initiated this civil action by filing a
praecipe for a writ of summons with the Court of
Common Pleas for Centre County on December 1,
2003. Plaintiffs subsequently alleged in their
eight-count complaint that the above-named
defendants colluded to overcharge plaintiffs for
certain services and fees in connection with
plaintiffs' purchase of real property and a mobile
home on or about December 1, 1997. Plaintiffs
allege two violations of the Racketeering Influenced
and Corrupt Organizations Act (RICO), 18 U.S .C. §
1961 *et seq.* (Counts I & II), a violation of the
Pennsylvania Unfair Trade Practices and Consumer
Protection Law (UTPCPL), 73 P.S. § 201 *et seq.*
(Count III), an agency liability claim against
Diversified Ventures, Inc. based on the allegedly
fraudulent acts of its agent, Gene J. De Feudis
(Count IV), a common law fraud claim (Count V), a
breach of fiduciary duty claim against G & M Land
Development, Inc. and MDM Group (Count VI), a
civil conspiracy claim (Count VII), and a claim for
punitive damages (Count VIII).

The action was removed to this court on or about
May 12, 2004. Subsequently, numerous defendants
filed motions to dismiss pursuant to Federal Rule of
Civil Procedure 12(b)(6). By Memorandum &
Order dated November 17, 2004, the court
dismissed all of plaintiffs' claims as to certain
defendants and directed plaintiffs to file an
amended complaint.

Following the filing of plaintiffs' amended
complaint on December 17, 2004, various
defendants filed a total of three motions to dismiss
plaintiffs' amended complaint pursuant to Rule
12(b)(6). Moving defendants all argue that
plaintiffs' claims are barred by the applicable
statutes of limitations or are not pled with sufficient
particularity.

Now, for the following reasons, the court will grant
the motions in part and deny them in part.

*DISCUSSION:*

*I. Standard of Review*

The court will only dismiss claims pursuant to Rule
12(b)(6) if "it is clear that no relief could be granted
under any set of facts that could be proved
consistent with the allegations." *Hishon v. King &
Spaulding,* 467 U.S. 69, 73 (1984) ; *Doe v. Delie,*
257 F.3d 309, 313 (3d Cir.2001). A claim will
survive a motion to dismiss if plaintiffs allege
sufficient facts to put defendants on notice of the
essential elements supporting the claim. *Langford
v. City of Atlantic City,* 235 F.3d 845, 847 (3d
Cir.2000).

When reviewing a Rule 12(b)(6) motion, the court
must accept as true all factual allegations of the
complaint and draw all reasonable inferences in the
light most favorable to plaintiffs. *Morganroth &
Morganroth v. Norris, McLaughlin, & Marcus,*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                           Page 2

Slip Copy, 2005 WL 1458768
**(Cite as: Slip Copy)**

*P.C.,* 331 F.3d 406, 411 (3d Cir.2003). The court, however, need not "credit bald assertions or legal conclusions improperly alleged in the complaint." *In Re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 216 (3d Cir.2002). Defendants bear the ultimate burden of demonstrating that no relief could be granted. *Gould Elecs., Inc. v. United States,* 220 F.3d 169, 178 (3d Cir.2000).

### II. Brief Statement of Relevant Facts

**\*2** We briefly reiterate the concise material facts of this case:

Sometime in 1997, plaintiffs sought to purchase real property and a mobile home in Centre County, Pennsylvania. Plaintiffs and the sellers, the latter of whom are not parties to this action, agreed on a purchase price of $25,000.

Plaintiffs applied to defendant Mobile Masters Financial for a purchase-money mortgage loan. Allegedly, at settlement, numerous additional and heretofore undisclosed fees appeared on the HUD-1 settlement sheet, including additional fees to be paid to Robert M. Melhorn, appraiser, attorneys' fees to Goodge, Makoul & Cohen, a conveyancing fee to Miller & Miller, and title insurance fees to Parkway Abstract. Ultimately, *plaintiffs* borrowed about $38,521.40, with the sales price listed as $41,000 instead of $25,000.

Following settlement, plaintiffs allegedly learned that numerous defendants operated under fictitious names and through layered entities. Plaintiffs also allegedly learned that various defendants colluded to defraud buyers like plaintiffs by overcharging for services and fees associated with real estate transactions.

### III. Defendants' Motions

Defendants attack plaintiffs' claims on the grounds that they are untimely, not pled with sufficient particularity, or are otherwise not cognizable. We address each claim or set of claims separately.

### A. Federal RICO Claims

As we stated in our earlier memorandum and order, RICO claims are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.,* 483 U.S. 143, 156 (1987). In this circuit, the statute of limitations begins to run from when plaintiffs knew or should have known of their injury and when plaintiffs knew or should have known the source of that injury. *Forbes v. Eagleson,* 228 F.3d 471, 485 (3d Cir.2000); *accord Prudential Ins. Co. v. U.S. Gypsum Co.,* 359 F.3d 226, 233 (3d Cir.2004).

Plaintiffs plainly knew or should have known of their injury and source of that injury when they signed the HUD-1 form on December 1, 1997. That form listed all of the amounts to be paid, and to whom. If any improper amounts were being paid to certain parties, plaintiffs would know, or should have known, simply be looking at and signing the form. Plaintiffs apparently conceded this point, as they did in opposing the motions to dismiss their original complaint, insofar as they only argue that the statute of limitations should be equitably tolled.

Equitable tolling of the statute of limitations may be appropriate if plaintiffs adequately allege that: (1) defendants engaged in affirmative acts of concealment designed to mislead the plaintiffs regarding facts supporting their claims; (2) plaintiffs exercised reasonable diligence to uncover facts supporting their claims; and (3) plaintiffs were not aware, nor should they have been aware, of facts supporting their claim until a time within the limitations period measured backwards from the filing of their complaint. *See Forbes,* 228 F.3d at 486-87; *accord Prudential Ins.,* 359 F.3d at 237-38. Allegations of fraudulent concealment must be pled with sufficient particularity. *See* Fed.R.Civ.P. 9(b) ; *Byrnes v. DeBolt Transfer, Inc.,* 741 F.2d 620, 626 (3d Cir.1984).

**\*3** Assuming, *arguendo,* that defendants actively misled plaintiffs regarding the facts supporting their claims and that plaintiffs used reasonable diligence to investigate their claim, the first and third elements, plaintiffs still fail to allege any facts regarding the third element. With respect to the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Slip Copy, 2005 WL 1458768**
**(Cite as: Slip Copy)**

third element, plaintiffs were aware, or should have been aware, of the facts supporting their claim by June of 1999 at the latest. Plaintiffs learned something was amiss with their mortgage when they attempted to refinance in or about May of 1999. (*See* Am. Compl., Rec. Doc. No. 36, at ¶ 78.) They filed a consumer complaint against one defendant, G & M, with the Attorney General's Office shortly thereafter. (*Id.* at ¶ 79.) G & M responded to the complaint by letter dated June 1, 1999. (*Id.* at ¶ 81.)

So, if plaintiffs somehow never knew of their injury and source of their injury after making mortgage payments for one and one-half years, they knew of their injury and source of their injury by May or, at the latest, June of 1999. In which case, the four-year statute of limitations ran until June of 2003, six months before plaintiffs filed their praecipe for a writ of summons on December 1, 2003. Thus, plaintiffs' RICO claim are time-barred.

### B. State Law Claims

Plaintiffs also allege a number of state law claims. We will continue to exercise jurisdiction over these claims, *see* 28 U.S.C. § 1367(c), because the court's familiarity with the case will speed resolution of this matter and will conserve judicial resources.

### 1. Violation of the Pennsylvania Unfair Trade Practices Law (Count III)

A claim brought under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201 *et seq.,* is subject to a six-year statute of limitations. *See Santana Products, Inc. v. Bobrick Washroom Equip., Inc.,* 401 F.3d 123, 138-39 (3d Cir.2005) ; *In re Cabbagestalk,* 272 B.R. 865, 866 (W.D.Pa.2002). Even using December 1, 1997 as the date the limitations period began to run, the action was timely filed as to this claim on December 1, 2003.

The UTPCPL prohibits the use of "unfair methods of competition" and unfair or deceptive acts or practices" involved in a transaction between the

parties that constitutes "trade or commerce ." *See* 73 P.S. § 201-3. A wide range of activities constitute "unfair or deceptive acts or practices." *See* 73 P.S. § 201-2(4)(i)-(xxi). Plaintiffs do not plead which subsections they bring suit under; in their brief they argue that their complaint establishes that defendants violated the UTPCPL by advertising goods or services with intent not to sell them as advertised, *see* 73 P .S. § 201-2(4)(ix), by making solicitations for sales of services without expressly stating the nature of the services, *see* 73 P.S. § 201-2(4)(xvii), and by "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding," *see* 73 P.S. § 201-2(4)(xxi).

*4 The exact elements of UTPCPL claims based on the above subsections are still unclear. It is sometimes stated that the common law elements of fraud must be pled to establish a violation of UTPCPL based on subsection (xxi). *See, e.g., Piper v. American Nat'l Life Ins. Co.,* 228 F.Supp.2d 553, 560 (M.D.Pa.2002). A liberal reading of other authority suggests something less than all the elements of fraud, such as scienter, is necessary for UTPCPL claims based on other subsections, or even on "deceptive acts" under subsection (xxi) instead of "fraud." *See Santana Products,* 401 F.3d at 136-37. Regardless of which subsection plaintiffs bring their suit under, however, they must allege that they justifiably relied on defendants' wrongful conduct or representation and that they suffered harm as a result. *Yocca v.. Pittsburgh Sports, Inc.,* 854 A.2d 425, 438 (Pa.2004).

We do not explore the precise contours of plaintiffs' UTPCPL claim because the allegations of their complaint, if true, sufficiently state a UTPCPL claim with enough particularity to put defendants on notice of the operative events underlying this claim. A liberal reading of plaintiffs' complaint reveals that, allegedly, plaintiffs justifiably relied on the misstatements and/or deceptive acts of defendants and they suffered harm as a result. This adequately states a claim under the UTPCPL. *Cf. Tran v. Metropolitan Life Ins. Co.,-F.3d-,* 2005 WL 1229696 (3d Cir. May 25, 2005) (remanding UTPCPL claims where insurance agent misled plaintiff as to terms of life insurance policy, who

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                    Page 4

Slip Copy, 2005 WL 1458768
(Cite as: Slip Copy)

justifiably relied on agent's representations).

### 2. Common Law Fraud (Count V)

Pennsylvania has a two-year statute of limitations for common law fraud claims. *See* 42 Pa.C.S.A. § 5524(7). The statute of limitations begins to run from the moment the right to bring an action arises, regardless of lack of knowledge, mistake, or misunderstanding. *See Calle v. York Hosp.,* 232 F.Supp.2d 353, 359-60 (M.D.Pa.2002) ; *Fine v. Checcio,* 870 A.2d 850, 857 (Pa.2005). The statute of limitations may be tolled under either the discovery rule or the doctrine of fraudulent concealment. Under the discovery rule, the statute of limitations "does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct." *Fine v. Checcio,* 870 A.2d at 859. The doctrine of fraudulent concealment, "provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." *Fine,* 870 A.2d at 860. Similar to the discovery rule, "[a] statute of limitations that is tolled by virtue of fraudulent concealment begins to run when the injured party knows or reasonably should know of his injury and its cause." *Id.* at 861.

Plaintiffs base their common law fraud claim on the same occurrences as their RICO claims. As discussed in the context of the RICO claims, plaintiffs knew or should have known their injury and source of their injury by June of 1999, at the latest. Thus, even if the two-year statute of limitations was tolled under either the discovery rule or the doctrine of fraudulent concealment, the limitations period ended June of 2001, some two and one-half years before plaintiffs filed their praecipe for a writ of summons on December 1, 2003. Plaintiffs' common law fraud claim, therefore, is time-barred.

### 3. Agency Liability for Fraudulent Representations (Count IV)

**\*5** An agency liability claim based on fraudulent misrepresentation is governed by the two-year statute of limitations for fraud claims. *See* 42 Pa.C.S.A. § 5524(7) ; *Powell v. First Republic Bank,* 274 F.Supp.2d 660, 677 (E.D.Pa.2003). Accordingly, this claim is time-barred for the same reasons as plaintiffs' common law fraud claim.

### 4. Breach of Fiduciary Duty (Count VI)

The two-year statute of limitations governs breach of fiduciary duty claims as well. *See In re Mushroom Transp. Co., Inc.,* 382 F.3d 325, 336 (3d Cir.2004). Consequently, this claim is time-barred for the same reasons as plaintiffs' common law fraud claim.

### 5. Civil Conspiracy (Count VII)

The two-year statute of limitations governs civil conspiracy claims. *See Calihan v. A.E.V., Inc.,* 182 F.3d 237, 246 n. 7 (3d Cir.1999). Consequently, this claim is time-barred for the same reasons as plaintiffs' common law fraud claim.

### 6. Punitive Damages (Count VIII)

Typically, a claim for punitive damages is derivative of a tort claim, not available in contract. *See Haugh v. Allstate Ins. Co.,* 322 F.3d 227, 235 (3d Cir.2003). The UTPCPL, the basis for the only remaining claim, permits recovery of treble damages in some circumstances, *see* 73 P.S. § 201-9.2(a), but such damages are not the equivalent of punitive damages. *See Samuel-Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 401-02 (3d Cir.2004). Consequently, we will dismiss plaintiffs' punitive damages claim without prejudice to their ability to recover under the UTPCPL's treble damages provision, if applicable.

### CONCLUSION:

All counts will be dismissed except the UTPCPL claim. An appropriate order follows.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                          Page 5

Slip Copy, 2005 WL 1458768
(Cite as: Slip Copy)

### ORDER

For the reasons set forth in the accompanying memorandum,

IT IS ORDERED THAT:

1. Defendants' motions to dismiss (Rec. Doc. Nos. 41, 42, & 49), are granted in part and denied in part.

2. All counts of the amended complaint are dismissed as time-barred except count III (alleged violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL)).

M.D.Pa.,2005.
Hockenberry v. Diversified Ventures, Inc.
Slip Copy, 2005 WL 1458768

Briefs and Other Related Documents (Back to top)

• 2004 WL 2276896 (Trial Pleading) Defendant, Gene J. DeFeudis' Answer to Cross-Claim of Defendant, Standard Federal Bank, Inc. (Jul. 08, 2004)
• 2004 WL 2276899 (Trial Pleading) Defendant, Diversified Ventures, Inc. d/b/a Forward Financial Company's Answer to Cross-Claim of Defendant, Standard Federal Bank, Inc. (Jul. 08, 2004)
• 2004 WL 2276909 (Trial Pleading) Answer to Cross-Claims of Defendant, Standard Federal Bank by Defendants Goodge and Makoul, PC, Goodge-Makoul-Cohen, and Richard Makoul t/a Parkway Abstract (Deceased) (Jul. 2004)
• 2004 WL 2276869 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Reply to Plaintiffs' Brief in Opposition to Motion of Defendants, Diversified Ventures, Inc. d/b/a Forward Financial Company and Gene J. DeFeudis to Dismiss the Complaint for Failure to State a Claim Pursuant to Federal Rule of C ivil Procedure 12(b)(6) (Jun. 19, 2004)
• 2004 WL 2276841 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P 12(b)(6) (2004)
• 2004 WL 2276853 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to

Defendants Diversified Ventures, Inc.'s d/b/a Forward Financial and Gene J. Defeudis', d/b/a Forward Financial, Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (2004)
• 2004 WL 2276864 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply to Defendant Goodge, Makoul & Cohen's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.