# EXHIBIT T

Case 1:05-cv-00165-JJF   Document 56-21   Filed 08/18/2005   Page 1 of 6

Westlaw.

Not Reported in A.2d                                                                                    Page 1

Not Reported in A.2d, 2005 WL 1654019
(Cite as: Not Reported in A.2d)

Not Reported in A.2d, 2005 WL 1654019
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Jerry RODRIGUEZ, Sr. and Idahaili Rodriguez, husband and wife, Plaintiffs,
v.
FARM FAMILY CASUALTY INSURANCE COMPANY, a foreign corporation; Ron Jackson, and Gina Bell, a/k/a Gina Drigus, Defendants.
No. Civ.A. 04C-03-028WLW.

Heard Jan. 14, 2005.
Decided April 19, 2005.

Upon Defendant Ron Jackson and Gina Bell's Motion to Dismiss. Granted.

Scott E. Chambers, of Schmittinger and Rodriguez, P.A., Dover, Delaware; for the Plaintiffs.
Daniel P. Bennett, of Heckler & Frabizzio, Wilmington, Delaware; for the Defendants Jackson and Bell.
David C. Malatesta, Jr., of Kent & McBride, P.C., Wilmington, Delaware; for Defendant Farm Family Casualty Insurance Company.

ORDER

WITHAM, J.
*1 Upon consideration of Defendants' motion to dismiss and the record before this Court, it appears to the Court:

Ron Jackson and Gina Bell ("Defendants") have filed a motion to dismiss Jerry and Idahaili Rodriguez's ("Plaintiffs") complaint contending that such action instituted against them is time-barred by the applicable statute of limitations. Specifically, Defendants contend that Plaintiffs' amended complaint naming them as parties to the action was filed more than two years after the automobile collision occurred and no circumstances exist that would allow the amended complaint to relate back to the filing date of the original complaint. For the reasons set forth below, this Court agrees with Defendants that Plaintiffs' amended complaint is time-barred by the statute of limitations and Defendants' motion to dismiss will be granted.

On July 12, 2002, a Chevrolet Van operated by an unknown driver rear-ended an automobile which in turn rear-ended Plaintiffs' automobile. Although the operator of the Chevrolet Van initially stopped at the scene of the collision, the operator departed without providing any personal information after observing no damage to the vehicles. An officer arrived at the scene shortly afterward and observed Plaintiffs' automobile along with the second automobile still positioned in the roadway. Because no damage to the vehicles existed, the officer informed both parties that a report would not be filed because an accident did not occur. Although there was no apparent damage to the vehicles, Plaintiff Idahaili Rodriguez did complain of physical discomfort at the scene of the collision and sought treatment for her injuries the following day.

On March 19, 2004, Plaintiffs commenced an action against Sherri Williams and Carl J. Jenkins surmising that Jenkins was the owner of the Chevrolet Van and Williams was the operator of the vehicle. On August 18, 2004, Williams filed a motion to dismiss Plaintiffs' action for insufficiency of process, insufficiency of service and lack of personal jurisdiction. Williams acknowledged that she owned the vehicle in question but asserted that she entrusted the vehicle to Defendant Ron Jackson on the date of the accident for the sole purpose of making minor repairs. Williams also commented that Ron Jackson admitted to lending Williams' van to his girlfriend, Defendant Gina Bell, who was the operator of the vehicle when the accident occurred. On September 29, 2004, all parties agreed that Williams should be dismissed from this action

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d       Page 2

Not Reported in A.2d, 2005 WL 1654019
(Cite as: Not Reported in A.2d)

conditional upon her providing contact information for Ron Jackson and Gina Bell. FN1

> FN1. On August 30, 2004, Jenkins filed a motion for summary judgment contending that his involvement in this litigation arose from a confusion in license plate numbers. The license plate numbers of Jenkins' vehicle and the license plate numbers of the alleged tortfeasor's vehicle were identical except for one number. His motion for summary judgment was unopposed and granted on September 17, 2004.

On October 15, 2004, Plaintiffs filed an amended complaint naming Ron Jackson and Gina Bell as defendants. FN2 Defendants responded by filing a motion to dismiss contending that any complaint naming them as defendants must have been filed before July 12, 2004 in order to comply with the statute of limitations since the accident occurred on July 12, 2002. FN3 Although Plaintiffs' original complaint was filed on March 19, 2004 and complies with the statute of limitations, Defendants contend that no circumstances exist that would allow the amended complaint to relate back to the filing date of the original complaint. Accordingly, Defendants contend that their motion to dismiss should be granted because Plaintiffs' action against them is time-barred by the statute of limitations.

> FN2. Although Farm Family Casualty Insurance Company remains in this litigation, this motion pertains exclusively to Gina Bell and Ron Jackson who will hereby be collectively referred to as Defendants.

> FN3. *See* 10 *Del C.* § 8119.

*2 Plaintiffs concede that Defendants were not parties to this litigation until after the two-year statute of limitations had expired but contend that their amended complaint should be allowed to relate back to the filing date of the original complaint pursuant to Superior Court Civil Rule 15(c)(3) because public policy favors cases being adjudicated based upon their merits and Defendants would not be prejudiced by such amendment. Plaintiffs further contend that Defendant Bell's criminal conduct in leaving the scene of an accident without providing any contact information made it impossible to ascertain Defendants' identities earlier and her criminal conduct should not be rewarded by permitting Defendants to use the statute of limitations to shield themselves from liability.

The primary issue before this Court is whether Plaintiffs' amended complaint relates back to the date of the original complaint. Superior Court Civil Rule 15(c) provides:

(c) *Relation back of amendments.* An amendment of a pleading relates back to the date of the original pleading when
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, that action would have been brought against the party. FN4

> FN4. Super. Ct. Civ. R. 15.

For an amended pleading naming additional defendants to relate back to the filing date of the original complaint, the claim asserted in the amended pleading must arise out of the same conduct or occurrence set forth in the original pleading, the defendants to be added by the amendment must have received notice of the action

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                    Page 3

Not Reported in A.2d, 2005 WL 1654019
(Cite as: Not Reported in A.2d)

within the requisite statutory period or rules for service and the parties to be added to the action knew or should have known that but for a mistake concerning the identity of the proper parties, the action would have been brought against the parties sought to be added to the pleading. FN5

>    FN5. *Preston v. Bd. of Adjustment of New Castle County,* 772 A.2d 787, 790 (Del.2001).

In the case *sub judice,* the claims asserted by Plaintiffs in their amended complaint arise from the same conduct that was set forth in their original complaint. Defendant Bell is now accused of driving the vehicle originally believed to have been operated by Williams and owned by Jenkins. This vehicle was allegedly operated by Defendant Bell after being entrusted to Defendant Jackson by Williams for the sole purpose of conducting minor repairs. Because Defendant Bell departed from the scene of the collision without providing any contact information, Defendants should have known that this action would have been initiated against them but for mistake in identity.

*3 Although Defendants should have been aware that they would have been the proper parties to this litigation but for mistake in identity, no evidence exists suggesting that Defendants were aware of this action prior to receiving the amended complaint on October 19, 2004. Plaintiffs in fact concede that Defendants Jackson and Bell were only notified of this action after the two year statute of limitations had expired but argue that it was impossible to ascertain their identities prior to the expiration of the statute of limitations because of Defendant Bell's criminal conduct. Plaintiffs contend that their amended complaint should be permitted to relate back to the filing date of the original complaint because Defendants should not be rewarded for their criminal activity. Although this Court embraces the notion that criminal activity should not be rewarded, this Court also recognizes that the statute of limitations is not reserved for the innocent. FN6 More important, while a liberal policy in granting amendments exists to encourage the disposition of litigation based upon its merits,

this Court has no discretionary powers to exercise when determining whether an amendment may relate back to the filing date of the original complaint. FN7 Because Defendants never received notice of this action within the time period prescribed by Rule 15(c)(3), Plaintiffs' amended complaint cannot relate back to the date of the original filing. Accordingly, for Plaintiffs' action to survive Defendants' motion to dismiss, the statute of limitations must have been tolled making relation back unnecessary. FN8

>    FN6. *See Walls v. Abdel-Malik,* 440 A.2d 992, 993 (Del.1982).
>
>    FN7. *Taylor v. Champion,* 693 A.2d 1072, 1074 (Del.1997).
>
>    FN8. This Court recognizes that Plaintiffs have not directly asserted this position. However, Plaintiffs' contention is essentially that Defendants should not be allowed to use the statute of limitations as a defense because Plaintiffs' failure to comply with the statute of limitations was a proximate result of Defendant Bell's criminal activity. While Defendant Bell's alleged criminal activity does not allow Plaintiffs' amended complaint to relate back to the date of the original filing, as discussed above, this Court will consider whether her conduct may have tolled the statute of limitations making relation back unnecessary.

Statutes of limitations are generally not susceptible to judicial construction and courts have been historically hesitant to toll such statutes absent express statutory authority. FN9 However, when a party has actual knowledge that he has committed a wrong and has affirmatively acted to conceal material facts from the victim, courts have held that the applicable statute of limitations may be tolled by the doctrine of fraudulent concealment. FN10 The doctrine of fraudulent concealment tolls the statute of limitations only until the party's rights could have been discovered through due diligence. FN11 Although the doctrine of fraudulent concealment

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                       Page 4
Not Reported in A.2d, 2005 WL 1654019
(Cite as: Not Reported in A.2d)

has been traditionally applied to medical malpractice cases where doctors intentionally conceal the causes of action from their patients, the doctrine has also been applied to actions arising from automobile accidents where a party has attempted to avoid liability by intentionally misrepresenting his identity and whereabouts. FN12

> FN9. *Mergenthaler v. Asbestos Corp. of Am.*, 500 A.2d 1357, 1363 (Del.Super.1985).
>
> FN10. *Shockley v. Dyer*, 456 A.2d 798, 799 (Del.1983).
>
> FN11. *Id.*
>
> FN12. See *Walls v. Abdel-Malik*, 440 A.2d 992 (Del.1982).

The Supreme Court in *Walls v. Abdel-Malik* held that the applicable statute of limitations was tolled by the doctrine of fraudulent concealment when the defendant concealed his identity and whereabouts following an automobile accident. William Walls and Vicki Walls were involved in an accident on May 27, 1976 when Mr. Walls was forced to stop their vehicle in the middle of the roadway because the vehicle in front of them, driven by Defendant Wasseem A. Abdel-Malik, abruptly stopped in the roadway. Before Mr. Walls could change lanes and resume traveling, his vehicle was rear-ended by another vehicle driven by Carl DiRocco. Abdel-Malik left the scene of the accident without providing any contact information. Mr. Walls flagged down a passing automobile, caught up with Abdel-Malik and informed him that he had just left the scene of the accident. Although Abdel-Malik refused to return to the scene of the accident, he did provide contact information from his Pennsylvania Driver's License. Upon returning to the scene of the accident and informing the attending police officer of Abdel-Malik's contact information, Mr. Walls was informed that the license plate number reported on Abdel-Malik's vehicle was invalid. It was later discovered that the information obtained from Abdel-Malik's Pennsylvania driver's license was also invalid as Abdel-Malik no longer resided at the Pennsylvania address obtained from his license.

*4 The Walls made no effort to locate Abdel-Malik until they were preparing a suit against DiRocco in December 1978, six months after the normal two year statute of limitations for personal injury actions had expired. The Walls immediately filed an action against Abdel-Malik on January 17, 1979 upon discovering that Abdel-Malik resided in Delaware and had resided in Delaware since the time of the accident. Abdel-Malik responded by filing a motion for summary judgment contending that the two-year statute of limitations had expired. The Walls argued that the statute of limitations was tolled because Abdel-Malik fraudulently concealed his identity and whereabouts by portraying himself as a resident of Pennsylvania when he in fact resided in Delaware. The Superior Court granted Defendant's motion for summary judgment. Plaintiffs appealed and the Supreme Court reversed the decision of the Superior Court stating:
> The defendant, obviously with knowledge of his own residency, intentionally gave a false address, knowing that it would be relied upon for official accident purposes. In our judgment, the plaintiffs have made their case that the defendant fraudulently concealed his whereabouts on the day of the accident. FN13

> FN13. *Id.* at 996.

The Supreme Court determined that the doctrine of fraudulent concealment tolled the statute of limitations until Defendant's identity and whereabouts could have been discovered through due diligence. Accordingly, the case was remanded for a determination of whether Abdel-Malik's presence in Delaware was open and notorious for two years prior to the filing of the lawsuit. FN14

> FN14. *Id.*

Although the Supreme Court in *Walls* held that the misrepresentations made by Adbel-Malik tolled the statute of limitations, no comparable deception occurred in the case presently before this Court. Defendant Bell never provided false information to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                     Page 5
Not Reported in A.2d, 2005 WL 1654019
(Cite as: Not Reported in A.2d)

conceal her identity. Although Defendant Bell left the scene without providing any personal contact information, such conduct alone does not equate to fraudulent concealment. The police report indicates that the operator of the third vehicle, allegedly Defendant Bell, stopped at the scene of the accident and left only after observing that no apparent damage existed to the vehicles. Her observation of zero damage was consistent with the police officer's observation who informed Plaintiffs and the elderly couple in the other contact vehicle that no report would be filed because there was no damage and therefore no accident. Based upon the information before this Court, it is unclear whether the suspect driver committed any criminal act. FN15 Regardless, even assuming that Defendant Bell engaged in criminal activity by leaving the scene of an accident, this Court cannot conclude that Defendant Bell intentionally engaged in such action for the purpose of concealing her identity. While this Court may have concluded otherwise had Defendant Bell never stopped to inspect the vehicles involved in the collision, this Court does not believe that stopping at the scene of the collision and departing only after observing zero damage to the vehicles are indicative actions of a person attempting to fraudulently conceal her identity.

>FN15. 21 *Del. C.* § 4201(a) provides: The driver of any vehicle involved in an accident resulting in *apparent* damage to property shall immediately stop such vehicle at the scene of the accident. The driver shall immediately undertake reasonable efforts to ascertain whether any person involved in the accident was injured or killed....

*5 In conclusion, while this Court does not view Defendant Bell's decision to leave the scene of the collision in a favorable light and recognizes that such activity may indeed be criminal, the statute of limitations is not reserved for the innocent. FN16 Because Defendant Bell initially stopped at the scene of the accident and left only after observing no apparent damage to the vehicles, it does not appear to the Court that Defendant Bell departed without providing any contact information in an attempt to conceal her identity. Thus, the doctrine of fraudulent concealment does not apply and the statute of limitations was not tolled. This conclusion has apparently been recognized by Plaintiffs who have conceded that the statute of limitations had expired prior to the filing of the amended complaint and have instead argued that the amended complaint should be permitted to relate back to the filing date of the original complaint. As discussed above, however, the notice requirement set forth in Superior Court Civil Rule 15 has not been satisfied because Defendants were never notified of this action until they received the amended complaint after the prescribed time period had expired. Irrespective of this Court's broad discretion and liberal policy in granting amendments, an amendment may not relate back to the date of the original filing unless the requirements of Rule 15(c) have been satisfied. Accordingly, Plaintiffs' amended complaint naming Defendants as parties to this action is time-barred by the statute of limitations and Defendants' motion to dismiss is hereby *granted*.

>FN16. See *Walls*, 440 A.2d at 993.

IT IS SO ORDERED.

Del.Super.,2005.
Rodriguez v. Farm Family Cas. Ins. Co.
Not Reported in A.2d, 2005 WL 1654019

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.