# EXHIBIT V



Not Reported in A.2d                                                                                                    Page 1
Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297
**(Cite as: Not Reported in A.2d)**

C
Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Court of Chancery of Delaware.
Ralph SMITH, Plaintiff,
v.
SMITTY MCGEE'S, INC., Defendant.
No. 15668.

Submitted: March 19, 1998.
Decided: May 8, 1998.

Ben T. Castle and Matthew P. Denn of Young, Conaway, Stargatt & Taylor, Wilmington, Delaware, for plaintiff.
S. Bernard Ableman and David L. Finger of Biggs and Battaglia, Wilmington, Delaware, for defendant Smitty McGee's, Inc.
Gary W. Aber of Heiman Aber & Goldlust, Wilmington, Delaware, for defendant Ronald "Rick" McGee.
F.L. Peter Stone of Trzuskowski Kipp Kelleher & Pearce, Wilmington, Delaware, for defendant Dawn McGee.

### MEMORANDUM OPINION

STEELE, Vice Chancellor.
*1 Plaintiff, a shareholder of nominal defendant Smitty McGee's, Inc. ("SMI"), instituted this action against SMI's sole director and 60% shareholder and its former sole director and 60% shareholder seeking, primarily, to recover funds they allegedly misappropriated from SMI between 1991 and 1997. Defendants' move to dismiss the complaint:
  (a) for failure to state a claim for breaches of the fiduciary duty of loyalty and care, aiding and abetting the breaches of fiduciary duty, unjust enrichment, common law fraud and Racketeer Influenced and Corrupt Organizations Act ("RICO") violations; and
  (b) for failure to plead demand futility adequately.

I deny the motion to dismiss in part and grant the motion in part.

Plaintiff adequately plead a factual basis for concluding demand upon the sole director and 60% shareholder would be futile because she is arguably self-interested. As a consequence, the motion directed to that issue is denied.

I deny the motion with respect to the breaches of fiduciary duty, aiding and abetting, and unjust enrichment claims but grant the motion to dismiss the common law fraud and RICO claims.

Plaintiff's motion to amend the complaint seeks to add a claim which could not be successfully pursued. It is denied on the ground of "futility."

### BACKGROUND

Plaintiff Ralph Smith instituted this action against Ronald "Rick" McGee, his former wife Dawn McGee FN1, and nominal defendant SMI alleging *inter alia* that Rick McGee, with Dawn McGee's help, misappropriated SMI's funds. SMI is a Delaware corporation that owns Smitty McGee's, a restaurant in Fenwick Island. SMI's original shareholders were Plaintiff, who owned 40%, Rick McGee, who owned 40%, and Alvah Price, who owned 20%. In 1991, Rick McGee purchased Price's 20% interest to become 60% majority owner of SMI. Plaintiff continues to own the remaining 40% of SMI's shares.

  FN1. Dawn McGee, now divorced from Rick McGee, expressed some displeasure at continuing to be referred to by her married surname. As I have been unable to discern her desired name from the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                 Page 2
Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297
(Cite as: Not Reported in A.2d)

evidence in the record, however, I continue to use the surname McGee, as it is of record until a substitution is put forward.

Rick and Dawn McGee divorced on July 13, 1995, and pursuant to a property settlement, FN2 Dawn McGee acceded to all of Rick McGee's interest in SMI. Today, SMI's shareholders are Dawn McGee, who owns 60%, and Plaintiff, who owns 40%. Rick McGee was the sole director of SMI until February 23, 1997, when he resigned and appointed Dawn McGee as sole director pursuant to 8 *Del.C.* § 228.

> FN2. The property settlement is now final, having been approved by the Family and Bankruptcy Courts.

Smitty McGee's restaurant opened in June of 1989. Rick McGee had primary responsibility for running the restaurant. Dawn McGee has been the manager of Smitty McGee's restaurant since 1991. Dawn McGee's responsibilities as manager included writing checks drawn on SMI's checking account.

**CONTENTION'S OF THE PARTIES**

**A. Plaintiff's Contentions**

On April 18, 1997, Plaintiff filed a Verified Complaint that alleges, broadly, that beginning no later than 1991, Rick McGee began misappropriating corporate profits from SMI FN3 for personal use and to support his other businesses, including Libby's, another restaurant in Fenwick Island. Plaintiff also alleges that Dawn McGee, then the manager of Smitty McGee's, knowingly facilitated the misappropriation by writing checks and making wire transfers. The specific Counts of the complaint are as follows: Counts I, III, and V allege, respectively, that Rick McGee breached his fiduciary duty to SMI, was unjustly enriched and committed fraud. Counts VII through IX allege that Rick McGee committed several RICO violations. Counts II, IV and XI allege, respectively, that Dawn McGee negligently mismanaged SMI, was unjustly enriched and aided and abetted Rick McGee's breach of fiduciary duty. Count X alleges that Rick and Dawn McGee conspired to violate RICO. FN4 On June 5, 1997, Plaintiff filed a motion to amend the complaint, seeking to add a twelfth count against SMI and its directors for failure to declare a dividend.

> FN3. In alleging his claims for waste and theft, plaintiff refers to SMI and Smitty McGee's restaurant interchangeably. For ease of reference, I shall refer to both SMI and Smitty McGee's restaurant as SMI.

> FN4. Plaintiff voluntarily dismissed Count VI, alleging conversion, as to Dawn McGee. I dismissed without prejudice the remainder of Count VI, alleging conversion against Rick McGee, at oral argument.

**B. Defendants' Contentions**

*2 Defendants filed a motion to dismiss the complaint pursuant to Court of Chancery Rules 12(b)(6) and 23.1. FN5 They argue that the entire complaint must be dismissed because plaintiff failed to allege demand futility and, in addition, that each of the eleven counts of the complaint fails to state a claim upon which relief may be granted. Defendants also oppose plaintiff's motion to amend the complaint to add a twelfth count for failure to declare a dividend on the grounds that if amended as plaintiff requests, the complaint will not state a claim upon which relief may be granted and will be subject to dismissal under Rule 12(b)(6).

> FN5. Defendant Dawn McGee moved, in the alternative, for summary judgment on the claims against her. Her motion is discussed in greater detail below. She also moved to dismiss the complaint under Court of Chancery Rules 12(b)(1), (b)(2) and (b)(5). She voluntarily dismissed the motion under (b)(1) at oral argument, and her motions pursuant to (b)(2) and (b)(5) have apparently also been abandoned.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                    Page 3
Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297
(Cite as: Not Reported in A.2d)

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FN6

FN6. I discuss the motion to dismiss for failure to plead demand futility later in this Opinion. Demand futility need only be discussed with regard to any derivative claims that survive the motion to dismiss for failure to state a claim upon which relief may be granted.

On a motion to dismiss for failure to state a claim upon which relief may be granted, this Court assumes the truth of all well-pleaded facts in the complaint and draws all inferences from those facts in the light most favorable to the plaintiff. FN7 Mere conclusory allegations, however, will not be accepted as true. FN8 A complaint will be dismissed only if "it appears to a reasonable degree of certainty the plaintiff would not be entitled to relief under any set of facts which could be proved in support of his claim ." FN9

FN7. *James River-Pennington, Inc., v. CRSS Capital, Inc.,* Del.Ch., C.A. No. 13870, slip op. at 9-10, Steele, V.C. (Mar. 6, 1995) (citing *Hart Holding v. Drexel Burnham Lambert,* Del.Ch ., 593) A.2d 535, 538 (1991) and *Grobow v. Perot,* Del.Supr., 539 A.2d 180, 187 n. 6 (1988)).

FN8. *Id.* at 10.

FN9. *Id.* (citing *Rabkin v. Philip A. Hunt Chem. Corp.,* Del.Supr., 498 A.2d 1099, 1104 (1985) and *In re USACafes, L.P. Litig.,* Del.Ch., 600 A.2d 43, 47 (1991)).

### A. Breach of Fiduciary Duty Against Rick McGee

Count I of the complaint alleges; that Rick McGee misappropriated funds from SMI's bank accounts on several occasions, for his personal use or to sustain his other businesses. With respect to the allegation that Rick McGee used SMI's funds to support his other businesses, the complaint states that he: (1) " used profits from Smitty McGee's to pay suppliers for food that was used by Libby's restaurant," (2) " used Smitty McGee's corporate funds to make payments on a $540,000 personal loan from Baltimore Trust Bank which he had taken out to support Libby's," (3) "used Smitty McGee's funds to pay the Baltimore Trust Bank for a loan that Baltimore Trust made to Double Feature Video, another one of ... Rick McGee's businesses" and (4) "transferred Smitty McGee's funds directly to Libby's under the false pretense that such fund transfers were being used for food purchase or preparation." FN10 Plaintiff alleges that this "theft of ... corporate funds to pay for expenses and debts at [Rick McGee's] other businesses constituted a breach of his fiduciary duties to [SMI] and its shareholders, and a waste of corporate assets." FN11

FN10. Compl. ¶ 13(a)-(d).

FN11. Compl. ¶ 14.

With respect to the allegation that Rick McGee misappropriated SMI's funds for his personal use, the Complaint alleges that he: (1) "used profits from [SMI] to make payments on loans for his mother's home and rental properties he owned with defendant Dawn McGee," (2) "made so-called ' loans' to himself from [SMI's] profits, which have never been repaid and for which no proper accounting has been made...." (3) "used [SMI's] funds to make payments on a $100,000 personal loan from the Baltimore Trust Bank" and (4) "used [SMI's] corporate funds to pay for legal costs associated with a criminal investigation into his theft of [SMI's] funds, in spite of the absence of any corporate bylaw provision that would permit him to appropriate funds for this purpose." FN12 Plaintiff alleges that this "misappropriation of corporate funds for personal use constitutes a breach of his fiduciary duties to the corporation and a waste of corporate assets." FN13

FN12. Compl. ¶ 19-22.

FN13. Compl. ¶ 23.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 4
Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297
(Cite as: Not Reported in A.2d)

*3 Plaintiff treats separately, for reasons that will become clear later in this Opinion, the following, additional allegation that Rick McGee misappropriated SMI's funds for personal use. Plaintiff alleges that Rick McGee acquired the funds to purchase Alvah Price's 20% interest in SMI, in 1991 and 1992, by "(a) borrowing money in a manner that violated federal law, (b) transferring money from [SMI's] to Libby's for no consideration, which he then withdrew from Libby's in the form of cash, and (c) writing a check to cash from the checking account of [SMI]." FN14 Plaintiff also alleges that Rick McGee used SMI funds to pay the legal fees associated with the stock purchase. Plaintiff contends that this "use of corporate funds to purchase stock in the corporation for himself was a violation of his fiduciary duties and a waste of corporate assets." FN15

FN14. Compl. ¶ 16.

FN15. Compl. ¶ 18.

Rick McGee does not specifically deny any of the foregoing allegations; in fact, he admits to having made withdrawals from SMI's accounts. He contends that Count I must be dismissed for failure to state a claim, however, because each withdrawal of money was justified. Rick McGee states that every withdrawal was a legitimate loan or an indemnification payment from the corporation to himself, as specifically authorized by 8 *Del.C.* §§ 143 and 145.

Each of plaintiff's allegations, if true, might represent a breach of fiduciary duty or waste of corporate assets by Rick McGee. At trial, of course, plaintiff will have to overcome any evidence tending to show that the withdrawals were proper loans or indemnification payments, but on a motion to dismiss, the burden is defendants'. They have failed to prove that there is no set of circumstances under which plaintiff would be entitled to relief. FN16 The motion to dismiss Count I is denied.

FN16. See *Carlton Investments v. TLC Beatrice Int'l Holdings, Inc.,* Del.Ch., C.A. No. 13950, 1995 WL 694397 at *15, Allen, C. (Nov. 21, 1995).

**B. Aiding and Abetting Claim Against Dawn McGee**

Count XI of the complaint alleges that "Defendant Dawn McGee was a knowing participant in Mr. McGee's breaches of his fiduciary duties, in that she transported and transferred funds and wrote checks associated with those fiduciary breaches." FN17 Dawn McGee moved to dismiss this claim against her, arguing that she merely followed her husband's orders when she facilitated his withdrawals and that, if the withdrawals were not proper, she had no knowledge and should not be held responsible.

FN17. Compl. ¶ 69.

A claim for aiding and abetting requires: (1) a fiduciary relationship, (2) a breach of the fiduciary's duty and (3) a third party's knowing participation in that breach. FN18 A mere conclusory statement that a third party "had knowledge of [a defendant's] fiduciary duties and knowingly and substantially participated and assisted" in the defendant's breach of that duty, will not withstand a motion to dismiss under 12(b)(6). FN19

FN18. *In re Santa Fe Pacific Corp. Shareholder Litigation,* Del.Supr., 669 A.2d 59, 72 (1995).

FN19. *Id.*

Plaintiff has alleged sufficient facts that, if true, would satisfy the first two elements of a claim for aiding and abetting. Plaintiff also alleges that Dawn McGee knowingly participated in Rick McGee's alleged breaches of fiduciary duty. Because plaintiff alleges that Dawn McGee was the manager of Smitty McGee's restaurant and that, as manager, she had "partial and ultimately full responsibility for writing checks drawn on [SMI's] checking account," FN20 the Court may infer from her duties that her participation was knowing. FN21 Plaintiff may ultimately fail to prove knowing participation by a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                              Page 5
Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297
**(Cite as: Not Reported in A.2d)**

preponderance of the evidence at trial, but accepting the truth of all well-pleaded allegations of the complaint and construing all inferences to be drawn from those facts in the light most favorable to plaintiff, I cannot now say that there is no set of circumstances under which plaintiff would be entitled to relief.

> FN20. Compl. ¶ 26.

> FN21. *Carlton Investments,* Del.Ch., C.A. No. 13950, 1995 WL 694397 at *16, Allen, C. (Nov. 21, 1995).

### C. Negligent Management Against Dawn McGee

*4 Count II alleges that "Dawn McGee negligently managed the corporation's assets, in that she violated the standard of care required in her management position, and in so doing caused damage to the corporation." FN22 To state a cause of action for negligence in Delaware a plaintiff must allege that the defendant breached a duty owed to the plaintiff and that the breach of duty was the proximate cause of an injury to the plaintiff. FN23

> FN22. Compl. ¶ 30.

> FN23. *Croom v. Pressley,* Del.Super., C.A. No. 93C-01-026, Ridgely, J. (July 29, 1994).

Plaintiff alleges that Dawn McGee, as the manager of SMI with responsibility for writing checks drawn on its checking account, owed the corporation and the restaurant a legal duty of reasonable care. Plaintiff further alleges that she breached that duty by participating in Rick McGee's illegal misappropriation of SMI's funds, knowing that the challenged transactions were illegal. Finally, plaintiff alleges that Dawn McGee's facilitation of Rick McGee's theft and/or waste of SMI's assets caused SMI to be injured.

Defendants contend that count II should be dismissed because Dawn McGee owed no duty to the corporation or the restaurant, Rick McGee's withdrawals of money were not illegal, Dawn McGee did not know that Rick McGee's withdrawals of money were illegal, and plaintiff has not proved that "but for" Dawn McGee's participation, Rick McGee would not have completed the transactions on his own. Each of defendants' arguments in this regard, however, faults plaintiff for not proving his entire claim in his complaint. Plaintiff must face the burden of proving his claims at the upcoming trial on the merits. On a motion to dismiss, however, I assess only whether, assuming the truth of plaintiff's allegations, the complaint states *any possible* claim for relief. FN24 I find that count II satisfies this standard, and I therefore deny defendants' motion to dismiss count II, one which I construe to be for breach of the fiduciary duty of care.

> FN24. *Loudon v. Archer-Daniels-Midland Co.,* 700 A.2d 135, 140 (1997) ( "[A] motion to dismiss, at such a preliminary stage, requires the court to determine with 'reasonable certainty' that a plaintiff could prevail on no set of facts that can be inferred from the pleadings.") (quoting *Solomon v. Pathe Communications Corp.,* 672 A.2d 35, 38 (1996)).

### D. Unjust Enrichment Against Rick and Dawn McGee

Counts III and IV allege that Dawn and Rick McGee, respectively, "personally benefitted from Mr. McGee's violations of his fiduciary duties, and continue [ ] to benefit from those violations...." FN25 Specifically, the complaint states that Rick and Dawn McGee transferred money from SMI's accounts into their joint bank account, used money from SMI's accounts to purchase and maintain several pieces of real property and businesses, and used money from SMI's accounts to purchase Price's shares in the corporation. Defendants moved to dismiss the unjust enrichment counts on the basis that plaintiff is seeking inappropriate remedies against Rick and Dawn McGee, namely, the imposition of a constructive trust.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                  Page 6
Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297
(Cite as: Not Reported in A.2d)

> FN25. Compl. ¶¶ 33, 35.

"Unjust enrichment has been defined as 'the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.' " FN26 Plaintiff has alleged facts that, if true, show that Rick and Dawn McGee are unjustly retaining benefits, money and property that they would not otherwise have if not for the preceding withdrawals of money from SMI. If plaintiff's allegations are true, the retention is both a loss to SMI and "against the fundamental principles of justice or equity and good conscience." If the unjust enrichment is the result of defendants' fraudulent or unfair and unconscionable conduct, this Court may impose a constructive trust over any assets traceable to that conduct and still held by defendants. FN27 The claims made out in the pleadings show should Dawn McGee not be found to have participated in any wrongdoing, it may not be appropriate to impose a constructive trust on assets that have been transferred to her. Nevertheless, I may order her to make restitution to plaintiff. FN28

> FN26. *Nash v. Schock,* Del.Ch., C.A. No. 14721, 1997 WL 770706 at *6, Steele, V.C. (Dec. 3, 1997) (quoting *Fleer Corp. v. Topps Chewing Gum, Inc.,* Del.Supr., 539 A.2d 1060, 1062 (1988)).

> FN27. *Id.*

> FN28. *Nash,* Del.Ch., C.A. No. 14721, 1997 WL 770706 at * 7, Steele, V.C. (Dec. 3, 1997).

### E. Fraud Against Rick McGee

*5 Count V states that "plaintiff relied upon and was damaged by" FN29

> FN29. Compl. ¶ 39.

"multiple knowingly false statements and material omissions made by defendant Rick McGee to the plaintiff which misled the plaintiff. Specifically, defendant Rick McGee repeatedly told Mr. Smith that the store was unable to pay Mr. Smith dividends because it was not making sufficient profits, when in fact Mr. McGee was siphoning off the corporation's profits through sham loans, sham reimbursement payments, and direct cash withdrawals." FN30

> FN30. Compl. ¶ 38.

Defendants contend that count V must be dismissed because it fails to plead fraud with particularity as required by Rule 9(b). Plaintiff responded to defendants' motion to dismiss by stating only that the complaint sufficiently alleges "that Mr. McGee made material misstatements or omissions *to the corporation,* which the corporation relied upon and from which *the corporation* was damaged." FN31 The allegations of count V, however, clearly attempt to state an individual claim of fraud on plaintiff's behalf and not a derivative claim on SMI's behalf.

> FN31. P.'s Ans. Br. at 13 (emphasis added).

The elements of fraud are (1) a false representation, usually of fact, made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or defendant's reckless indifference to the truth; (3) an intent to induce the plaintiff to act or refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance. FN32 The elements of fraud must be pled with particularity, which has been construed to mean that the allegations include at least " 'the time, place and contents of the false representations ... and what [was] obtained thereby.' " FN33

> FN32. *Gaffin v. Teledyne, Inc.,* Del.Supr., 611 A.2d 467, 472 (1992).

> FN33. *Nutt v. A.C. & S, Inc.,* 466 A.2d 18, 23 (1983) ; *Browne v. Robb,* 583 A.2d

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                  Page 7
Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297
(Cite as: Not Reported in A.2d)

949, 956 (1990).

The individual claim of fraud against Rick McGee must be dismissed because the elements of fraud have not been particularly pled. One obvious defect in plaintiff's allegation is the statement that he " relied upon" Rick McGee's statement. This conclusory statement is insufficient; to plead reliance with particularity, plaintiff must explain what he did, or refrained from doing, in justifiable reliance upon the statement. Plaintiff also failed to allege that Rick McGee intended to induce plaintiff to act or refrain from acting in reliance on the statement. In addition, plaintiff says he "was damaged" by the statement. This is another conclusory statement which is insufficient as a matter of law. Plaintiff must explain exactly what damage was caused by his action or inaction. "Time " is not pled at all, unless the Court looks elsewhere in the complaint to see that the actions alleged to constitute a breach of fiduciary duty under count I began "no later than 1991." In any event, "no later than 1991" does not constitute particularity for the purpose of a fraud action. Finally, there is no allegation of place. Defendants' additional concerns about the adequacy of the pleading need not be addressed here because the allegation is clearly deficient on its face. Defendants' motion to dismiss count V is granted.

### F. RICO Violations Against Rick McGee

*6 Counts VII, VIII and IX allege that Rick McGee violated 18 *U.S.C.* § 1962(a), (b) and (c), respectively, when he used interstate wire transfers and telephone calls to misappropriate SMI's funds in violation of 18 *U.S.C.* § 1343, the federal wire fraud statute. Section 1964(c) creates a civil cause of action for RICO violations. It provides that a claim may be brought by "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter...." FN34

FN34. 18 *U.S.C.* § 1964(c).

Plaintiff does not have standing to bring these RICO actions because he cannot satisfy the injury requirement. The depletion of SMI's assets allegedly accomplished through Rick McGee's acts of wire fraud is an injury to the corporation; plaintiff is only indirectly injured by these acts. Plaintiff makes clear in his complaint and his answering brief that he is not seeking to bring a derivative RICO claim on SMI's behalf. FN35 In order for plaintiff to have standing to bring an individual RICO claim, he must prove that he has been directly injured in a manner distinct from the alleged acts of wire fraud that caused injury to the corporation. FN36

FN35. "[T]he claims on their face allege individual injury- impairment of voting rights. *** [T]he corporation is not the party asserting the RICO claims." P.'s Ans.Br. at 14. *See also* Compl. ¶¶ 51, 55, 60.

FN36. *See, e.g., Jeffreys v. Exten,* D.De., 784 F.Supp. 146,158-59 (1992) ; *Klapper v. Commonwealth Realty Trust,* D.De., 657 F.Supp. 948, 953-54 (1987).

The only direct injury plaintiff alleges is the impairment of his voting rights. FN37 Specifically, plaintiff argues that Rick McGee impaired plaintiff's voting rights by purchasing Price's 20% interest in SMI. Before Rick McGee purchased Price's 20% interest, plaintiff and Rick McGee were equal shareholders, each owning 40% of SMI's shares. By purchasing Price's 20*nterest, plaintiff explains, Rick McGee became a majority shareholder or, stated another way, he "made" plaintiff a minority shareholder. Plaintiff argues that Rick McGee impaired plaintiff's voting rights by "making" him a minority shareholder.*

FN37. Compl. ¶¶ 51, 55, 60; P.'s Ans.Br. at 14.

Defendants correctly note that plaintiff's minority interest has not been reduced. He has the same 40% interest that he had before Rick McGee purchased Price's shares. Plaintiff has cited no case, and the Court has not been able to find one, suggesting that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                           Page 8

Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297
**(Cite as: Not Reported in A.2d)**

a person or entity may not purchase the majority of a corporation's outstanding shares simply because that single act, without more, works some inequity on the corporation's minority shareholders. FN38 Plaintiff has not been directly injured by Rick McGee's actions because they did not directly decrease plaintiff's minority interest. FN39 Accordingly, plaintiff has no standing to pursue a cause of action under RICO, and defendants' motion to dismiss counts VII through IX is granted.

> FN38. For an analogous case see *Savin Business Machines Corp. v. Rapifax Corp.*, Del.Ch., C.A. No. 5331, 1978 WL 2498, Brown, V.C. (Feb. 15, 1978), where a majority shareholder's purchase of additional authorized shares was found not to constitute a breach of fiduciary duty that would support a preliminary injunction, even where it had the effect of decreasing a minority shareholder's representation on the Board of Directors.

> FN39. *Cf. In re Tri-Star Pictures, Inc.,* Del.Supr., 634 A.2d 319, 330 (1993) (individual injury found where transfer of shares caused minority interest to be reduced from 43.4% to less than 20% without compensation).

### G. Conspiracy to Commit RICO Violations Against Rick and Dawn McGee

Count X alleges that Rick and Dawn McGee conspired to violate 18 *U.S.C.* § 1962(a), (b) and (c). This count must be dismissed because the counts alleging the underlying substantive allegations have been dismissed. "Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." FN40

> FN40. *See, e.g., Lightning lube, Inc. v. Witco Corp.,* 3d Cir., 4 F.3d 1153, 1191 (1993); *Arthur v. Guerdon Indus., Inc.,* D.DE., 827 F.Supp. 273, 281 (1993) ("

> Absent a RICO violation there cannot exist a conspiracy to violate the RICO statute...."
> ).

### MOTION TO DISMISS FOR DEMAND FUTILITY

*7 The derivative claims that survive defendants' motion to dismiss for failure to state a claim, and for which demand futility must be pled, are counts I, II, III, IV and XI. Plaintiff's complaint states that he did not make a demand on SMI's sole director, Dawn McGee, because demand would have been futile. Defendants contend that plaintiff has not appropriately pled demand futility.

Where the board that would be considering a shareholder's demand did not take the challenged actions, "a court must determine whether or not the particularized factual allegations of a derivative stockholder complaint create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." FN41 If plaintiff satisfies this burden, demand will be excused as futile.

> FN41. *Rales v. Blasband,* Del.Supr., 634 A.2d 927, 934 (1993).

The factual allegations of the complaint do raise a reasonable doubt that Dawn McGee could have exercised disinterested business judgment.
> "Directorial interest ... exists where a corporate decision will have a materially detrimental impact on a director, but not on the corporation and the stockholders. In such circumstances, a director cannot be expected to exercise his or her independent business judgment without being influenced by the adverse personal consequences resulting from the decision." FN42

> FN42. *Id.* at 936.

In fact, Dawn McGee conceded that she is " arguably interested" with respect to the claims against her, counts II, IV and XI. As plaintiff seeks

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                Page 9
Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297
**(Cite as: Not Reported in A.2d)**

to impose a constructive trust on any assets Dawn McGee holds as a result of her wrongdoing or obtain restitution funded by those assets, it is clear that her interest is more than "arguable." She argues, however, that she is not interested with regard to the claims against Rick McGee, counts I and IV.

Dawn McGee argues that because her personal assets are not at risk "she would not suffer any ' adverse personal consequences' from any litigation against Rick McGee." FN43 I disagree. Dawn McGee is not disinterested with respect to the claims against Rick McGee because his wrongdoing may affect Dawn McGee's ability to keep her property. In a court of equity even if Dawn McGee may be free of wrongdoing, she can be ordered to make restitution to SMI of any assets Rick McGee obtained through his wrongdoing and then transferred to her. FN44 Although Rick McGee has agreed to indemnify Dawn McGee and to renegotiate their property settlement if she is found liable in this action, the re-opening of an otherwise final property division is, itself, potentially disadvantageous if not materially adverse to Dawn McGee but not to SMI and its stockholders.

> FN43. Defs.' Open.Br. at 22.
>
> FN44. *Nash,* Del.Ch., C.A. No. 14721, 1997 WL 770706 at *7, Steele, V.C. (Dec. 3 1997) (ordering recipients of property, who were not themselves guilty of wrongdoing, to make restitution to plaintiff, because "it would be contrary to the principles of equity and good conscience to permit them to retain any assets that would have benefitted plaintiff had it not been for [defendant's] antecedent breach of fiduciary duty").

The motion to dismiss for failure to plead demand futility is denied.

### MOTION TO AMEND

On June 5, 1997, plaintiff moved to amend the complaint to add a twelfth count against Rick and Dawn McGee for failure to declare a dividend in 1996. FN45] Court of Chancery Rule 15(a) states: " A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Because defendants have not yet filed an Answer, plaintiff did not have to seek leave of court to amend the complaint; but since he has, I shall decide the motion. Defendants, citing *Bokat v. Getty Oil Co.,* FN46 argue that plaintiff has waived his right to amend as a matter of course by requesting permission to amend from the Court. The *Bokat* court, however, based its decision that plaintiff had waived her right to amend as a matter of course on the "extraordinary combination of circumstances" present in that case. FN47 I have been unable to find any additional authority in support of defendants' contention.

> FN45. The complaint actually does not state for which year a dividend is sought, but because count XII makes reference to SMI's 1996 federal tax return, I shall infer that, *at best,* plaintiff has requested that a dividend be compelled for 1996. The year for which relief is requested, however, is of little import because I find that the requested relief may not be granted in any event.
>
> FN46. Del.Supr., 262 A.2d 246 (1970).
>
> FN47. *Id.* at 252.

*8 A plaintiff's motion to amend will be freely granted unless the defendant can prove that allowing the amendment would be prejudicial . FN48 Defendants' have not challenged plaintiff's motion as prejudicial. "[T]he proposed amended complaint[, however, must be] subjected to the same standard as a motion to dismiss." FN49 The motion to amend must be denied if, after assuming the truth of plaintiff's allegations, plaintiff has failed to state a claim upon which relief may be granted. I find that plaintiff has failed to state a claim upon which relief may be granted, and I therefore deny his motion to amend.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                      Page 10

Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297
(Cite as: Not Reported in A.2d)

FN48. *PaineWebber v. Centocor*, C.A. No. 14405-NC, Steele, V.C. (Jan. 15, 1997) slip op. at 7-8 (citing *Baumgart v. Penn Lyon Homes, Inc.*, Del.Supr., No. 271, 1996, Berger, J., (Apr. 23, 1996)).

FN49. *Rabkin v. Hunt Chem. Corp.*, Del.Ch., 480 A.2d 635, 662 (1984) ( " Although amendments are generally freely granted, motions to amend may be denied where, on the face of the pleading, it is clear that the amended complaint would be subject to dismissal.") (citing *Itek Corp. v. Chicago Aerial Indus., Inc.*, Del.Super., 257 A.2d 232 (1969), *rev'd on other grounds*, 498 A.2d 1099 (1985)). *See also PaineWebber*, C.A. No. 14405-NC, Steele, V.C. (Jan. 15, 1997) slip op. at 8 (citing *Moore Bus. Forms, Inc. v. Cordant Holdings, Inc.*, Del.Ch., C.A. No. 13911, 1995 WL 707877 at *3, Jacobs, V.C. (Nov. 30, 1995)).

Generally, whether or not a corporation should declare a dividend rests within the sound discretion of the board of directors, and the decision is protected by the business judgment rule. FN50 A plaintiff may allege wrongdoing against the board of directors, however, that causes them to lose the protection of the business judgment rule. A court may compel a corporation to pay a dividend where " the corporation's affairs are in a condition justifying the declaration of the dividend as a matter of prudent business management and that the withholding of it is explicable only on the theory of an oppressive or fraudulent abuse of discretion." FN51

FN50. *See Treves v. Menzies*, 142 A.2d 520, 522-523 (1958); *Baron v. Allied Artists Pictures Corp.*, 337 A.2d 653, 658-59; *Gabelli & Co. v. Liggett Group, Inc.*, 444 A.2d 261, 264 (1982).

FN51. *Keenan v. Eshleman*, 194 A. 40, 43 (1937) *aff'd*, 2 A.2d 904 (1938); *Baron*, 337 A.2d at 659 (quoting *Keenan* ); *Moskowitz v. Bantrell*, 190 A.2d 749, 750 (1963) (same); *Treves*, 142 A.2d at 523 (same).

Thus, if this were a typical case seeking to compel the payment of a dividend, plaintiff's complaint would allege that as of the date the action was filed, April 18, 1997, SMI had a surplus or net profits from which a dividend could readily be paid and the only reason a dividend had not yet been declared was because of Dawn McGee's oppressive or fraudulent abuse of discretion. FN52 This is not what plaintiff has alleged, however, and this is not an appropriate case for the Court to compel the payment of a dividend. FN53

FN52. *See supra* note 41; 8 *Del.C.* § 170.

FN53. Plaintiff's allegations fall far short of the requirements. He states merely (1) that SMI's federal tax return for 1996 shows that SMI paid approximately $65,000 to Rick and/or Dawn McGee either outright or in the form of "loans" and (2) that defendants' failure to declare a dividend "in the face of large profits earned by [SMI]," and while taking money from SMI, "constituted an oppressive and gross abuse of discretion in their roles as directors ." Even if plaintiff were to suggest further amendments to satisfy the pleading requirements, however, it would still be inappropriate for the Court to compel the payment of a dividend for the reasons that follow.

Plaintiff instituted this action, on SMI's behalf, to recover monies that Rick McGee, allegedly with Dawn McGee's help, allegedly misappropriated from SMI on many occasions between 1991 and 1997. If that money is recovered, money that belongs to SMI, the board of directors should have the chance to decide how it will be used. FN54 The mere existence of a fund from which a dividend might be paid will not necessarily result in the declaration of a dividend: " 'the holder of stock, preferred as well as common, is entitled to have a dividend declared only out of such part of them as can be applied to dividends consistently with a wise

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                 Page 11

Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297
**(Cite as: Not Reported in A.2d)**

administration of a going concern.' " FN55 Because I am not in a position to declare that the corporation will not need any funds recovered here for its operations, it would be inappropriate for me to order that those funds be paid out to plaintiff as a dividend. Therefore, "it appears to a certainty that under no state of facts which could be proved to support the claim asserted would ... plaintiff be entitled to relief." FN56 Futility demands plaintiff's motion to amend the complaint be denied.

> FN54. *See supra* note 40; *Keenan,* 194 A. at 43.
>
> FN55. *Baron,* 337 A.2d at 658 (quoting *Wabash Ry. Co. v. Barclay,* 280 U.S. 197, 50 S.Ct. 106, 74 L.Ed. 368 (1930)). *See also Keenan,* 194 A. at 43.
>
> FN56. *Rubin v. Great Western Corp.,* Del.Ch., 1975 WL 1261 at *2, Brown, V.C. (Apr. 29, 1975) (citing *Shellburne, Inc. v. Conner,* Del.Ch., 296 A.2d 409 (1970)).

### DAWN MCGEE'S MOTION FOR SUMMARY JUDGMENT

*9 Defendant Dawn McGee also moved, in the alternative, for summary judgment on the claims against her, now limited to counts II, III and XI. Plaintiff has not responded to the motion. Because it is inappropriate to consider a motion for summary judgment in the absence of at least limited discovery, FN57 I grant plaintiff 30 days to take discovery related to the claims against Dawn McGee. I grant plaintiff an additional 10 days to submit an answering brief in response to Dawn McGee's motion for summary judgment. Dawn McGee shall then have 5 days in which to file a reply brief.

> FN57. *See, e.g., Vanderbilt Income and Growth Assoc. v. ARVIDA/JMB Mgrs., Inc.,* Del.Supr., No. 469, 1996, Holland, J. (Dec. 12, 1996) slip op. at 3, 14; *Levy v. Stern,* Del.Supr., No. 211, 1996 (Dec. 20, 1996) (ORDER).

### CONCLUSION

Defendant's motion to dismiss is *granted* with respect to counts v. and VII through X and is *denied* with respect to counts I through IV and XI. Plaintiff's motion to amend the complaint is *denied.* Decision on Dawn McGee's motion for summary judgment is stayed pending limited discovery and briefing.

**IT IS SO ORDERED.**

Del.Ch.,1998.
Smith v. Smitty McGee's, Inc.
Not Reported in A.2d, 1998 WL 246681, RICO Bus.Disp.Guide 9520, 24 Del. J. Corp. L. 297

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.