# EXHIBIT W

Westlaw.

Not Reported in A.2d                                                                              Page 1

Not Reported in A.2d, 2004 WL 2694916
(Cite as: Not Reported in A.2d)

C
Not Reported in A.2d, 2004 WL 2694916
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Court of Chancery of Delaware.
Sheldon H. SOLOW, Plaintiff,
v.
ASPECT RESOURCES, LLC, Aspect Energy, LLC, Aspect Management Corp., and Alex M. Cranberg, Defendants.
No. Civ.A. 20397.

Submitted July 30, 2004.
Decided Oct. 19, 2004.

Jesse A. Finkelstein , Richard P. Rollo , and Brock E. Czeschin , of Richards, Layton & Finger, P.A. , Wilmington, Delaware; Richard Ben-Veniste , Lily Fu Swenson , and Craig W. Canetti , of Mayer, Brown, Rowe & Maw L.L.P., Washington, D.C., for Plaintiff, of counsel.
Jon E. Abramczyk and Susan D. Wood , of Morris, Nichols, Arsht & Tunnell , Wilmington, Delaware; Michael Gallagher and Jonathon D. Bergman , of Davis Graham & Stubbs LLP, Denver, Colorado, for Defendants, of counsel.

*MEMORANDUM OPINION*

CHANDLER, J.
*1 This case involves claims that arise from a partnership between plaintiff Sheldon H. Solow ("Solow") and defendant Aspect Resources, LLC ("Aspect Resources"). Defendants Aspect Energy, LLC ("Aspect Energy") was, at all relevant times, between a 100% and 50% owner of Aspect Resources. Aspect Management Corp. ("Aspect Management") is the company responsible for employing all of Aspect Energy's personnel, and is funded by Aspect Energy. Defendant Alex M. Cranberg ("Cranberg") has been at all relevant times the controlling shareholder of all of the Aspect entities. Solow became the limited partner and Aspect Resources became the general partner of the Aspect/SHS Limited Partnership (the " Partnership").

The Partnership's purpose was to use three-dimensional seismic technology ("3D seismic" ) to discover and develop oil and gas producing properties. The Partnership has been largely unsuccessful, and Solow has brought this suit alleging breaches of contract and fiduciary duty, aiding and abetting a breach of fiduciary duty, as well as claims for accounting and fraudulent inducement. Much of Solow's allegations and argument contrast the dismal performance of the Partnership with a later venture by the Aspect entities, known as the 95 Program, which became very lucrative.

Defendants have moved to dismiss certain claims and for summary judgment on others. I will group the motions as follows: 1) to dismiss the fraudulent inducement claim (Count XI) as against all defendants; 2) to dismiss the breach of contract claims (Counts II, IV, VI, and VIII) as against defendants Alex M. Cranberg ("Cranberg") and Aspect Management; 3) to dismiss four of the breach of fiduciary duty claims (Counts III, V, VII, and IX) as against all defendants; 4) for summary judgment in favor of defendants and against Solow on claims relating to the 1995 or Phase II program (Counts VI & VII); and 5) for summary judgment against Solow on his claim of constructive trust (Count XIII). The First Amended Complaint also pleads claims for accounting (Count I), breach of fiduciary duty (Count X), and aiding and abetting a breach of fiduciary duty (Count XII), which are not addressed by the instant motion.

For reasons that are explained in more detail below, I grant the motions to dismiss, but I deny the motions for summary judgment.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                   Page 2
Not Reported in A.2d, 2004 WL 2694916
(Cite as: Not Reported in A.2d)

### I. STATEMENT OF FACTS

In May 1993, plaintiff Solow was solicited by the defendants FN1 to invest in a venture that would use computer-aided, three-dimensional seismic technology to identify properties with potential for oil and gas production. In the course of this solicitation, defendants allegedly made a series of false statements to Solow designed to induce him to enter into a partnership agreement. These statements were contained in an offering memorandum known as Aspect Management's " Proposal for Investment in High Technology Petroleum Exploration" ("Proposal"). FN2

> FN1. Neither the First Amended Complaint nor the briefing clarifies whether it was defendant Cranberg that engaged in the solicitation or whether it was some other agent on behalf of any or all of the various defendant Aspect entities.
>
> FN2. Aff. of Jon E. Abramczyk at Tab 1, with Bates numbers A73119-A73180. Because this document is integral to and incorporated into the complaint that quotes extensively from it, the Court may appropriately consider it on a motion to dismiss. See *Vanderbilt Income and Growth Assoc. v. Arvida/JMB Managers, Inc.,* 691 A.2d 609, 612-13 (Del.1996) ; *In re Santa Fe Pac. Corp. S'holder Litig.,* 669 A.2d 59, 69-70 (Del.1995) ; *Orman v. Cullman,* 794 A.2d 5, 15-16 (Del. Ch.2002).

On December 28, 1993, Solow and Aspect Resources, LLC entered into a partnership agreement in which Aspect Resources was the sole general partner, with a 1% interest in the partnership's assets and Solow was the sole limited partner, with a 99% interest in the partnership's assets.

*2 The partnership agreement provided that in the event that Aspect Resources were to conduct future 3D seismic programs, Solow would have a right to participate in them. Solow alleges that Aspect Resources began a new program in 1995 (the "95 Program") without first offering him the opportunity to invest in it. Defendants dispute this assertion and contend that Solow was notified numerous times with respect to the 95 Program, and that because Solow did not invest within 30 days, Solow waived his right to participate in the 95 Program.

### II. STANDARD OF REVIEW-RULE 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the Court considers only the allegations in the First Amended Complaint, and any documents incorporated by reference therein. FN3 For this purpose, the Court accepts as true all well-pled factual allegations contained in the First Amended Complaint, FN4 but conclusory statements-those unsupported by well-pled factual allegations-will not be accepted as true. FN5 The Court will, however, draw all inferences logically flowing from the First Amended Complaint in favor of the plaintiffs but only if such inferences are reasonable. FN6 Furthermore, the Court will not dismiss any claim under Rule 12(b)(6) unless it appears to a reasonable certainty that the plaintiffs cannot prevail on any set of facts that might be proven to support the allegations in the First Amended Complaint. FN7

> FN3. *See* n. 2.
>
> FN4. *See Orman,* 794 A.2d at 15.
>
> FN5. *Grobow v. Perot,* 539 A.2d 180, 187 (Del.1988) (stating that "conclusionary allegations of fact or law not supported by allegations of specific fact may not be taken as true").
>
> FN6. *See id.* (stating that the Court "need not ... draw all inferences from [the allegations] in plaintiffs' favor unless they are reasonable inferences").
>
> FN7. *See Rabkin v. Philip A. Hunt Chem. Corp.,* 498 A.2d 1099, 1104 (Del.1985).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                           Page 3
Not Reported in A.2d, 2004 WL 2694916
(Cite as: Not Reported in A.2d)

### III. ANALYSIS-RULE 12(b)(6)

#### A. Count XI-Fraudulent Inducement

Count XI alleges that the defendants fraudulently induced Solow to enter the Partnership by misrepresenting the defendants' experience with 3D seismic, and that Solow justifiably relied on that misrepresentation to his detriment. The elements of a claim for fraud in Delaware are: 1) a false statement, generally of fact, made by the defendant; 2) who knew or believed that statement to be false at the time it was made, or that defendant made the statement with reckless indifference to the truth; 3) the statement was made with the intent that plaintiff act or refrain from acting as a result of the statement; 4) plaintiff justifiably relies on that statement in his action or inaction; and 5) plaintiff is damaged as a result of that reliance. FN8 In addition, under Court of Chancery Rule 9(b), these elements must be pled with particularity.

> FN8. *Gaffin v. Teledyne, Inc.,* 611 A.2d 467, 472 (Del.1992); *Stephenson v. Capano Development, Inc.,* 462 A.2d 1069, 1074 (Del.1983); *H-M Wexford LLC v. Encorp, Inc.,* 832 A.2d 116, 144 (Del. Ch.2003); *York Lingings v. Roach,* 1999 WL 608850 at *3 (Del. Ch.).

Defendants argue that the fraudulent inducement claim must be dismissed because: 1) the complaint does not allege that the statements were false when made; 2) that cautionary statements in the solicitation documents precluded plaintiff from justifiably relying upon those statements; 3) that statements regarding defendants' skill, knowledge, and experience are mere puffery and, therefore, not actionable; and 4) plaintiff's fraud claim, if any claim is stated, is one for breach of contract rather than fraud. Defendants also argue that Aspect Energy did not make any of the alleged fraudulent statements, and therefore should be dismissed as to this claim. Furthermore, defendants argue that, in any event, the three-year statute of limitations bars any claim for fraudulent inducement.

*3 The motion to dismiss Count XI is granted because plaintiff fails to allege adequately facts that, if true, would prove that defendants made false statements regarding their experience with 3D seismic. Plaintiff alleges that the defendants made false representations "regarding the extent of defendants' experience with the use and application of 3D seismic." FN9 Looking at the Proposal, as it is integral to the First Amended Complaint, the Proposal contains many representations about the experience of Cranberg and Dirk W. McDermott ("McDermott"), FN10 who was Vice President of Aspect Management in 1993. FN11 The résumés of both Cranberg and McDermott were also attached to the Proposal. FN12

> FN9. Pl.'s Opp. To Defs.' Mtn. To Dismiss and for Partial Summ. J. Upon Certain Claims Asserted in First Am. Compl. at 9-10.
>
> FN10. McDermott is not a named defendant.
>
> FN11. These representations include: "Aspect has the skills, experience, and resources to successfully and quickly capitalize on the 3D opportunity. Aspect's principals have outstanding oil and gas investment records, in-depth knowledge of the details of oil and gas investing, hands-on experience in 3D exploration, and extensive relationships with high quality industry partners." Proposal at A73121. "Hands-on oil and gas industry experience: Aspect's principals are cognizant of the land, engineering and other pitfalls which must be taken into account when assessing the quality of one opportunity against another." *Id.* at A73124. "Specialized 3D technical expertise and experience: Aspect's principals have seen the results of more 3D programs than almost any other industry independent." *Id.* "Aspect's principals have established a long track record of excellence in managing capital investment in the oil and gas industry...." *Id.* "Aspect's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                                  Page 4
Not Reported in A.2d, 2004 WL 2694916
(Cite as: Not Reported in A.2d)

    principals have operating experience in 3D exploration, in-depth exposure to the details of oil and gas investing, excellent relationships with industry leaders, and outstanding records of return." *Id.* at A73126.

    FN12. Proposal at A73176-79. A narrative of some of this experience can be found in the Proposal itself at A73125.

Plaintiff alleges that these statements were false when made by saying that, "[t]he falsity of the [representations regarding defendant's experience with 3D seismic], as well as the defendants' fraudulent intent, is revealed by, among other things, the stark contrast between the performance of the Partnership and that of the 95 Program." FN13 Even drawing all reasonable inferences in favor of plaintiff, poor performance in one venture and better results in a later venture does not reasonably imply that defendants made false representations about their experience with 3D seismic, especially considering that plaintiff acknowledges "the vagaries of oil and gas exploration." FN14

    FN13. First Am. Compl. ¶ 172.

    FN14. Pl.'s Opp. To Defs.' Mtn. To Dismiss and for Partial Summ. J. Upon Certain Claims Asserted in First Am. Compl. at 17.

Plaintiff does not allege that Cranberg and McDermott lied on their résumés in that they did not work for the entities for which they purport to have worked. FN15 There are no factual allegations that the extent of their experience in oil and gas exploration was inflated in the Proposal. Without more, plaintiff has failed to allege adequately, especially given the heightened pleading standard under Rule 9(b), FN16 that defendants' statements regarding their experience with 3D seismic were false when made. FN17

    FN15. The First Amended Complaint contains no factual allegations regarding the falsity of these statements, but in Solow's brief at page 14, he attempts to impugn the truthfulness of the Proposal's statements with respect to Cranberg's and McDermott's work experience by characterizing it as "putative work experience." Still, without more, this is not an allegation of fact that would cause this claim to survive the motion to dismiss.

    FN16. *See Anglo Am. Sec. Fund L.P. v. S.R. Global Int'l Fund, L.P.*, 829 A.2d 143 (Del. Ch.2003) ; *H-M Wexford LLC*, 832 A.2d at 145.

    FN17. If plaintiff's argument were translated into the legal realm, it would read something like this: Party visits Attorney seeking redress for an injury. Attorney represents to Party that he has the "skills, experience, and resources" to successfully try Party's case. Party retains Attorney, and Party's case goes to trial, where Party does not prevail. Party later discovers that Attorney has since tried a similar case, and succeeded in obtaining a substantial judgment for that plaintiff. Party then sues Attorney claiming that Attorney fraudulently induced Party to retain Attorney by way of Attorney's statements regarding his experience. To demonstrate the falsity of Attorney's statements, Party does not allege how few trials Attorney has conducted, or any lack of legal education or experience, but instead merely alleges in a conclusory manner that Attorney's statements must have been false because Party lost his case and another plaintiff subsequently represented by Attorney prevailed in that other matter, presumably because Attorney acquired the necessary skills and expertise while representing Party. This is clearly a *non sequitur,* and Solow's allegations are similarly flawed.

Inadequate pleading is not the only ground upon which the fraudulent inducement claim is infirm.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                       Page 5
Not Reported in A.2d, 2004 WL 2694916
(Cite as: Not Reported in A.2d)

First, to the extent that plaintiff is arguing that any statements of opinion rise to the level of a fraudulent representation, statements such as, " Aspect has the skills, experience, and resources to successfully and quickly capitalize on the 3D opportunity," FN18 are mere puffery and cannot form the basis for a fraud claim. FN19

> FN18. Proposal at A73121.
>
> FN19. *See Kronenberg v. Katz*, 2004 WL 1152282 at *9 (Del. Ch.) (statements of principal's experience and expertise were mere puffery, in contrast to omissions of his criminal background, which were material); *Great Lakes Chem. Corp. v. Pharmacia Corp.*, 788 A.2d 544, 554 (" Predictions about the future cannot give rise to actionable common law fraud. Nor can expression of opinion.") (citations omitted); *In re IBP, Inc. S'holders Litig.*, 789 A.2d 14, 74 (Del. Ch.2001) (applying New York law, the Court held that expressions of confidence of future projects are mere puffery).

Second, plaintiff has failed to "plead[ ] *specific facts* that, if true, would establish tolling" FN20 of the three-year statute of limitations applicable to fraud claims. FN21 Here, again, plaintiff merely pleads the facts that the venture in which Solow was involved failed, whereas the later venture by defendants was successful, and that Solow could not have known of defendants' fraudulent behavior until the success of the later venture was made known.

> FN20. *In re MAXAAM, Inc./Federated Dev. S'holders Litig.*, 1995 WL 376942 at *6 (Del. Ch.) (emphasis added).
>
> FN21. 10 *Del. C.* § 8106.

Solow does not allege that he requested that any of the defendants provide references or that they verify their previous employment. Solow did not make any other request that a reasonable investor with doubts about the expertise and experience might make in regards to those persons with whom that investor will entrust more than $1 million. Nor does Solow allege that his requests for information in this area were rebuffed. Having failed to do so, Solow cannot in good faith plead that he "could not through the exercise of reasonable diligence have discovered" the alleged falsity of defendants' representations regarding their expertise and experience before December 2001. FN22

> FN22. First Am. Compl. ¶ 176.

*4 Therefore, plaintiff has not pled facts that, if true, would establish that the effect of the statute of limitations should be tolled. The fraudulent inducement claim not only fails to state a claim, but even if it did, the claim would be barred as a matter of law because it was not brought within the applicable limitations period. FN23

> FN23. Solow's arguments with respect to continuing violations of the partnership agreement sound in contract, not in fraud, and therefore do not provide a basis upon which to toll the statute of limitations for fraudulent inducement.

*B. Counts II, IV, VI, and VIII-Breach of Contract*

In Counts II, IV, VI, and VIII, Solow alleges that the defendants breached the partnership agreement in various ways, including improper reinvestment of partnership revenue, unapproved sales of partnership property, failure to offer Solow the opportunity to participate in the 95 Program, and the unauthorized substitution of the general partner. Defendants Cranberg and Aspect Management have moved to dismiss the breach of contract claims (Counts II, IV, VI, and VIII) as to them, as they were not parties to the partnership agreement and are not in privity with Solow. FN24 There are no allegations to the contrary, and plaintiff does not dispute this contention in his brief.

> FN24. *See Summit Investors II, L.P. v. Sechrist Industries, Inc.*, 2002 WL

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 6
Not Reported in A.2d, 2004 WL 2694916
(Cite as: Not Reported in A.2d)

31260989 at *5 (Del. Ch.) (defendants that were not parties to the contract could not be sued for breach of that contract).

Plaintiffs' only argument is that because Cranberg "dominated and controlled" each of the Aspect Entities, discovery should be permitted to determine whether Cranberg or Asset Management have contractual liability to Solow. FN25 Solow advances no authority for his position. Had Solow pled a claim for tortious interference with contract, his argument might prevail. In the absence of such a claim, however, Solow has pled no facts, nor argued any law, that would indicate that a person or entity that is not a party to a contract could be liable for a breach thereof. Therefore, the motion to dismiss Counts II, IV, VI, and VIII as to defendants Cranberg and Aspect Management is granted.

> FN25. Pl.'s Opp. To Defs.' Mtn. To Dismiss and for Partial Summ. J. Upon Certain Claims Asserted in First Am. Compl. at 23 n. 6.

*C. Counts III, V, VII, and IX-Breach of Fiduciary Duty*

Solow alleges in Counts III, V, VII, and IX that the same allegedly bad acts discussed in Counts II, IV, VI, and VIII constitute breaches of fiduciary duty. Defendants have moved to dismiss Counts III, V, VII, and IX for breaches of fiduciary duty because they are duplicative of Counts II, IV, VI, and VIII for breach of contract. Because of the primacy of contract law over fiduciary law, if the duty sought to be enforced arises from the parties' contractual relationship, a contractual claim will preclude a fiduciary claim. FN26 This manner of inquiry permits a court to evaluate the parties' conduct within the framework created and crafted by the parties themselves. FN27 Because the four fiduciary duty counts in the complaint arise not from general fiduciary principles, but from specific contractual obligations agreed upon by the parties, the fiduciary duty claims are precluded by the contractual claims.

> FN26. *Gale v. Bershad,* 1998 WL 118022 at *5 (Del. Ch.); *see Madison Realty Partners 7, LLC v. AG ISA, LLC,* 2001 WL 406268 at *6 (Del. Ch.) ; *Winston v. Mandor,* 710 A.2d 835, 841-42 (Del. Ch.1997). See also *RJ Assoc., Inc. v. Health Payors' Org. Ltd. P'ship,* 1999 WL 550350 at *9-10 (Del. Ch.). *RJ Assoc., Inc.* held that the fiduciary duty claim was not precluded by the contract claim because the contract claim was based on a provision in the partnership agreement providing that the defendant general partner "shall be under a fiduciary duty to conduct and manage the affairs for the Partnership," and therefore, a determination that a fiduciary duty was breached would be a necessary condition precedent to concluding whether that particular contractual provision was breached. *Id.*

> FN27. *Universal Studios, Inc. v. Viacom, Inc.,* 705 A.2d 579, 594-95 (Del. Ch.1997).

Count III for unauthorized reinvestment of partnership revenue into the partnership is not an action that inherently would be a breach of a fiduciary duty. It is, however, alleged in the complaint that the partnership agreement expressly provides that Solow can terminate the Partnership's right to reinvest his portion of the Partnership's revenues. FN28 Therefore, Count III is a claim sounding in contract law, not in fiduciary law, and the fiduciary claim is superfluous. FN29

> FN28. Am. Compl. ¶¶ 90-91.

> FN29. Article 3.1 of the partnership agreement, which according to the Amended Complaint, "expressly imposes upon Aspect Resources a fiduciary duty and obligation to use its reasonable business judgment to conduct the affairs of the Partnership" does not change this result because the alleged reinvestment is not inherently a breach of fiduciary duties, nor are the other allegations making up Counts V, VII, and IX. *Id.* at ¶ 87.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                    Page 7
Not Reported in A.2d, 2004 WL 2694916
(Cite as: Not Reported in A.2d)

*5 The analysis of Count V is identical. The sale by the general partner of partnership property worth greater than $50,000 is not inherently a breach of fiduciary duty. Because a specific contractual provision allegedly addresses this conduct, the conduct should be analyzed under contract law. FN30

> FN30. *Id.* at ¶ 111. Furthermore, Solow has not alleged that the sales were of all or substantially all of the partnership's assets, which might have fiduciary implications independent of the partnership agreement.

Again, Count VII is the same. A general partner's beginning of a second venture without the limited partner is not inherently a breach of fiduciary duty, and Solow has not pled that the alleged failure to offer him the opportunity to participate in the 95 Program constituted usurpation of a partnership opportunity. The partnership agreement allegedly requires Aspect Resources to offer Solow the opportunity to participate in future projects. FN31 Therefore, Aspect Resources' alleged failure to do so should be analyzed under the partnership agreement.

> FN31. *Id.* at ¶ 131.

Count IX is yet another example of this principle. Article 8.2 of the partnership agreement allegedly prohibits substitution of the general partner. FN32 Solow alleges that Aspect Energy was substituted as the *de facto* general partner, and therefore, Article 8.2 was breached. A breach of Article 8.2 would be a breach of the contract, not of a fiduciary duty.

> FN32. *Id.* at ¶ 152.

Therefore, because all four fiduciary duty counts are duplicative of the contractual claims, FN33 and because the claims arise from the partnership agreement instead of general fiduciary principles, the fiduciary claims are precluded by the contract claims. FN34

> FN33. Indeed, in the Amended Complaint, the contract and fiduciary claims are pled in almost identical terms, with large portions of the contract claims merely copied and pasted into the fiduciary claims. Pleading in this manner almost invariably leads to the result I have reached here. See *In re GM Class H S'holders Litig.*, 734 A.2d 611, 619-20 (Del. Ch.1999).

> FN34. Nor can these claims exist, as Solow argues, in the alternative. That argument was made to the *Madison Realty Partners 7, LLC* Court, and was rejected. 2001 WL 406268 at *6.

IV. STANDARD OF REVIEW AND ANALYSIS-RULE 56

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FN35 In ruling on the motion, the Court must view the facts in the light most favorable to the non-moving party, and make all reasonable inferences in favor of the non-moving party. FN36

> FN35. Ct. Ch. R. 56(c).

> FN36. *Judah v. Del. Trust Co.*, 378 A.2d 624, 632 (Del.1977).

Because there are still genuine issues of material fact that are in dispute with respect to whether Solow was offered the opportunity to participate in the 95 Program, summary judgment is inappropriate at this time, and therefore, defendants' motion for summary judgment on Count VI is denied. FN37 It therefore follows that the motion for summary judgment on Count XIII is also denied.

> FN37. The motion as to Count VII is moot, as I dismissed that claim above.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                    Page 8
Not Reported in A.2d, 2004 WL 2694916
(Cite as: Not Reported in A.2d)

In support of their motion for summary judgment, defendants have offered the affidavit of defendant Cranberg, who states that he and other Aspect Resources personnel met with Solow's agents in New York City on or about April 20, 1995 to discuss the 95 Program (or Phase II as defendants call it). Solow, on the other hand, states in the Amended Complaint that he was never offered the opportunity to participate in the 95 Program. In addition to the dueling allegations with respect to the offering of the 95 Program, both parties offer certain memoranda as evidence in support of their positions. All these memoranda indicate at this point is that the issue is sufficiently unclear as to preclude summary judgment on this claim. FN38

> FN38. *See* Affidavit of Alex M. Cranberg at Tabs 2-7; Affidavit of John D. Hendershot at Tabs 2-4.

*6 The only thing that is currently clear is that if Solow was offered the opportunity to participate in the 95 Program, it was accomplished in such an obscure, obtuse, and obfuscatory manner that Solow could not have distinguished the solicitation regarding the 95 Program from the ongoing operations of Aspect Resources pursuant to the 1993 partnership agreement. Therefore the question whether Solow received the opportunity to participate in the 95 Program is disputed and will have to be resolved at trial. Being that it is unresolved as to whether Solow was offered the opportunity to participate in the 95 Program, Solow's claim for a constructive trust upon the profits made by defendants as a result of the 95 Program must also survive the motion for summary judgment. The motions for summary judgment are denied.

### V. CONCLUSION

Because plaintiff fails to allege facts that, if true, would prove the falsity of the representations made by defendants, or alternatively, because the statute of limitations bars the claim, the motion to dismiss Count XI is granted. Due to the uncontroverted fact that neither Cranberg nor Aspect Management were parties to the partnership agreement, the motion to dismiss Counts II, IV, VI, and VIII is granted as to them. The motion to dismiss Counts III, V, VII, and IX is granted because those counts allege breaches of fiduciary duty that are duplicative of the breach of contract claims and because the alleged breaches stem from the partnership agreement and not general fiduciary principles. The motion for summary judgment as to Count VII is moot because the motion to dismiss that count was granted. The motions for summary judgment on Count VI and XIII are denied because there are genuine issues of material fact to be resolved at trial regarding whether Solow was offered the opportunity to invest in the 95 Program in accordance with the partnership agreement.

IT IS SO ORDERED.

Del.Ch.,2004.
Solow v. Aspect Resources, LLC
Not Reported in A.2d, 2004 WL 2694916

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.