# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 21, 2005

**VIA ECF SYSTEM**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 N. King Street
Room 4124, Lockbox 27
Wilmington, Delaware 19801

    Re:    **Royal Indemnity Co. v. Pepper Hamilton LLP, et al., No. 05-165**

Dear Judge Farnan:

    We write to respond to the October 7, 2005 letter from counsel for defendants Pepper Hamilton LLP and W. Roderick Gagne (the "Pepper Defendants") in the captioned action. In that letter, the Pepper Defendants called the Court's attention to the opinion issued on October 3, 2005 by the Court of Appeals for the Third Circuit. *See MBIA Insurance Co. v. Royal Indemnity Co.,* Nos. 03-4382, 04-2207, 2005 U.S. App. LEXIS 21392 (3d Cir. Oct. 3, 2005). The Pepper Defendants misleadingly excerpt the Third Circuit's opinion and claim that it lends additional support to their contentions that it was unreasonable as a matter of law for Royal to rely on the representations they made to Royal.

    But the Pepper Defendants take the words of the Third Circuit Opinion completely out of context. The only question at issue in the Third Circuit was whether, *as a matter of contract*, Royal had waived defenses to paying the beneficiaries of its policies. Finding that there was an explicit contractual waiver, the Third Circuit held that Royal's reliance on extracontractual representations was disclaimed in the policies and therefore unreasonable. But whether Royal has a claim of fraud against those who induced it to issue the policies, including Pepper Hamilton, Gagne, Student Finance Corporation and SFC's owner Andrew Yao, was not contested on appeal and not discussed in the Third Circuit opinion.

    Here is the Third Circuit's actual discussion of reliance in its full context:

>     Royal argues that even if the analysis above is correct it has not waived its defense of fraudulent inducement in Policy RST 321276 because that policy refers only to a breach of representation by "the Insured." The Insured on that policy was "SFC Financial I, LLC," a special purpose entity affiliated with

The Honorable Joseph J. Farnan, Jr.
October 21, 2005
Page 2

       SFC. App. at 5477. Royal argues that since it relied on the misrepresentations of SFC rather than that special purpose entity, its common law defense of fraud in the inducement is unaffected by the policy.

       As we noted earlier, an agreement may foreclose a fraud defense not only by waiving "fraud" but also by setting forth terms clearly inconsistent with reasonable reliance on extracontractual representations. Royal here has effectively disclaimed reliance on SFC's representation no less than those of SFC Financial I, LLC, even though the former is not mentioned in the agreement. Royal admits that both entities were under the ownership and control of Andrew Yao. *See, e.g*, Royal's Memorandum in Support of Its Motion for and Order Appointing a Chapter 11 Trustee at 5, App. at 4395 ("Yao . . . owned and controlled [SFC] and all of its affiliates at all times pertinent to this case."). Since SFC Financial I, LLC, was an alter ego of SFC separated only by corporate formalities, Royal's disclaimer of reliance on the former's representations made it unreasonable as a matter of law for it to rely on the representations of the latter.

2005 U.S. App. LEXIS 21392, at * 19-20.

       Thus the Third Circuit's opinion holding that a contract waiver made Royal's claim of reliance unreasonable with respect to its obligations to the policy beneficiaries has no bearing on the issues in this case, where there is no contractual waiver. It is not pertinent to the motions before the Court and therefore is improper under Local Rule 7.1.2(c).

       If the Court has any questions or would like additional information concerning the proceedings in the Third Circuit, we would be happy to address such matters at the Court's convenience.

                              Respectfully submitted,

                              /s/ *Philip Trainer, Jr.*

                              Philip Trainer, Jr. (2788)

cc:    Clerk of the Court (via ECF System)
        William H. Sudell, Jr., Esquire (via ECF System)
        James L. Holzman, Esquire (via ECF System)
        Christopher M. Winter, Esquire (via ECF System)
        John H. Eickemeyer, Esquire (via ECF System and facsimile)
        Elizabeth K. Ainslie, Esquire (via ECF System and facsimile)
        Richard P. Swanson, Esquire (via ECF System and facsimile)

162672.1