IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>PEPPER HAMILTON LLP, W. RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs PC, MCGLADREY & PULLEN, LLP and MICHAEL AQUINO,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 05-165<br>)<br>) Judge Joseph J. Farnan, Jr.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ROYAL INDEMNITY COMPANY'S
MOTION TO COMPEL AND FOR SANCTIONS**

Plaintiff Royal Indemnity Company ("Royal") brings this Motion, pursuant to Federal Rule of Civil Procedure 37 ("Rule 37"), for an order compelling defendants McGladrey & Pullen LLP ("McGladrey"), Freed Maxick & Battaglia CPAs PC ("Freed"), and Michael Aquino ("Aquino") to comply with this Court's Orders of June 13, 2005 and August 31, 2005 (attached to Royal's accompanying Memorandum of Law ("Royal Mem. of Law") as Exhibit A) and commence written discovery, specifically the production of documents, as the Orders require. Sanctions are appropriate because McGladrey, Freed and Aquino have refused to produce any documents whatsoever in flagrant violation of these Orders. In support of its Motion, and as more fully addressed in the accompanying Royal Indemnity Company's Memorandum Of Law In Support, Royal states as follows:

   1.  At a June 9, 2005 joint discovery scheduling conference involving this and three closely related actions, the Court held, over McGladrey's and Aquino's specific request for a stay of discovery pending resolution of McGladrey's and Aquino's motions to dismiss this action:

> Hopefully by the time we get to the end of the document production we'll have, because I think it would be a little bit helpful, a decision on the cases now on appeal, we'll have decisions on your Motions to Dismiss and **we'll have complete document production** and we'll be able to get together again and have a discussion about further Discovery, most particularly the deposition [d]iscovery.

(June 9, 2005 Tr. at 33 (emphasis added) (Royal Mem of Law Exhibit B.)  The Court's comments make clear that the Court anticipated that, by starting on September 7, 2005, the exchange of documents might be substantially completed by the time the Court ruled on the motions to dismiss.

      2.      Subsequent to the June 9, 2005 hearing, on June 13, 2005, the Court issued an order stating that "written discovery shall commence on Wednesday, September 7, 2005." (*Id.* Exhibit A.)  On August 16, 2005, the Court issued a second order, the form and content of which was agreed to by all parties, which also stated that "written discovery may commence on September 7, 2005." (*Id.*)

      3.      On September 7, 2005, McGladrey, Aquino and Royal served Fed. R. Civ. P. 34 requests for production on each other.  On September 7, 2005, Royal also served requests for production on Freed; and Freed served its own request on Royal on September 21, 2005.  On October 7, 2005, Royal served a subpoena on the Student Finance Corporation ("SFC") bankruptcy Trustee (the "Trustee") for SFC-related McGladrey documents that the Trustee had copied from McGladrey early in 2004.

      4.      On October 18, 2005, the Court's previous discovery orders notwithstanding, McGladrey, Freed and Aquino all objected to the production of any documents whatsoever in response to Royal's requests for production pending resolution of McGladrey's, Freed's and Aquino's pending motions to dismiss this action, and specifically stated their intention not to

- 3 -

produce a single document in the meantime. Also on October 18, 2005, McGladrey instructed the Trustee not to comply with Royal's October 7, 2005 subpoena.

5.     McGladrey, Freed and Aquino have blatantly disobeyed this Court's June 9, 2005 and August 31, 2005 Orders. Both Orders clearly instruct the parties to begin document discovery on September 7, 2005, and both Orders were issued over McGladrey's and Aqunio's request to stay discovery pending resolution of their motions to dismiss, the identical basis McGladrey, Freed and Aquino now raise to avoid their discovery obligations.

6.     Royal has in good faith conferred with McGladrey, Freed and Aquino in an effort to resolve this dispute without Court action.

WHEREFORE, Royal respectfully requests that the Court enter an order compelling McGladrey, Freed and Aquino to comply with discovery as contemplated by the June 13, 2005 and August 31, 2005 Orders; an order instructing McGladrey, Freed and Aquino to pay Royal's costs and attorneys' fees associated with this Motion; and such other sanctions and relief as the Court deems proper.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
Lawrence C. Ashby (I.D. #468)
Philip Trainer, Jr. (I.D. #2788)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899
(302) 654-1888
(302) 654-2067 (Fax)

*Attorneys for Plaintiff Royal Indemnity Company*

*Of Counsel:*

Michael H. Barr
Kenneth J. Pfaehler
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York  10020-1089
(212) 768-6700
(212) 768-6800 (fax)
    and
Alan S. Gilbert
John Grossbart
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, Illinois  60606
(312) 876-8000
(312) 876-7934 (fax)

Dated:  November 3, 2005

163145.1

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2005, I electronically filed the attached **ROYAL INDEMNITY COMPANY'S MOTION TO COMPEL AND FOR SANCTIONS** with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

William H. Sudell, Jr., Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899-1347

James L. Holzman, Esquire
J. Clayton Athey, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE  19899

Michael R. Lastkowski, Esquire
Christopher M. Winter, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801

I hereby certify that on November 3, 2005, I have forwarded by Federal Express, the attached document to the following non-registered participants:

John H. Eickemeyer, Esquire
Jonathan A. Wexler, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY  10022

Elizabeth K. Ainslie, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

2

Richard P. Swanson, Esquire
Veronica E. Rendon, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690


                                /s/ *Tiffany Geyer Lydon*
                                Tiffany Geyer Lydon (I.D. # 3950)