**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-165-JJF |
| | ) | |
| PEPPER HAMILTON LLP, | ) | Judge Joseph J. Farman, Jr. |
| W. RODERICK GAGNE, | ) | |
| FREED MAXICK & BATTAGLIA CPAs PC, | ) | |
| MCGLADREY & PULLEN, LLP and | ) | |
| MICHAEL AQUINO, | ) | |
| | ) | |
| Defendants. | ) | |

**ROYAL INDEMNITY COMPANY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO COMPEL AND FOR SANCTIONS**

**INTRODUCTION**

On June 13, 2005, and again on August 31, 2005, this Court issued orders expressly ordering that "written discovery shall commence on Wednesday, September 7, 2005" in this and three related cases.[1] (June 13, 2005 Order, Farnan, J.; August 31, 2005 Order, Farnan, J. ("written discovery may commence on September 7, 2005") (collectively "the Orders"), attached as Exhibit A.) Yet despite those Orders, three defendants in this case -- accounting firm McGladrey & Pullen, LLP ("McGladrey"), McGladrey partner Michael Aquino ("Aquino"), and Aquino's former firm and McGladrey predecessor, Freed Maxick & Battaglia, CPAs, PC ("Freed") -- have announced their refusal to proceed with discovery at this time, specifically stating that they will not produce any documents whatsoever in response to plaintiff Royal Indemnity Company's ("Royal") Fed. R. Civ. P. 34 requests for production. McGladrey and Aquino have even gone further, instructing the Student Finance Corporation ("SFC") bankruptcy

---

[1] Those cases are: *Wells Fargo Bank N.A. v. Royal*, Case No. 02-1294-JJF; *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. Pepper Hamilton, et al.*, Case No. 04-1551-

Trustee (the "Trustee") in the related proceedings not to comply with a subpoena issued by Royal in this action for documents that McGladrey previously provided to the Trustee in connection with the Trustee's lawsuit against McGladrey. This Motion thus is not about a party's objection to the scope or substance of certain discovery requests, but rather about a wholesale refusal to comply with the Orders of this Court that written discovery commence. The extraordinary nature of that conduct -- in the nature of a contempt of Court -- necessitates not only an order compelling McGladrey, Aquino and Freed to comply with the Court's discovery orders, but an award of sanctions as well.

## FACTUAL BACKGROUND

A. **Royal's Action Against McGladrey, Aquino and Freed And Related Discovery Orders and Requests**

On March 18, 2005, in an action that closely resembles the Trustee's complaint in Case No. 05-72-JJF, Royal sued McGladrey, Aquino and Freed for knowingly certifying false and misleading SFC financial statements, and for fraud and aiding and abetting fraud, among other counts. McGladrey, Aquino and Freed moved to dismiss all of Royal's claims, as they did previously with respect to the claims brought by the Trustee.

On June 9, 2005, the Court held a joint discovery scheduling conference involving the parties in all four related cases. The key issues discussed and decided by the Court at the scheduling conference included the timing and coordination of discovery in this and the other actions and, in particular, whether discovery would be stayed pending the Court's decisions on the various motions to dismiss.

---

JJF; and *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. McGladrey & Pullen LLP, et al.*, Case No. 05-72-JJF.

The Court received numerous advance letter submissions from counsel and heard substantial argument on the latter point, primarily from McGladrey and Aquino's counsel, who urged that discovery be stayed pending resolution of the motions to dismiss:

> What we would ask, Your Honor, respectfully is that no [d]iscovery occur with respect to any of this until McGladrey & Pullen and Mr. Aquino's Motions to Dismiss are decided.

(June 9, 2005 Tr. at 18; *see also* at 12-22, attached as Exhibit B.) Counsel assured the Court that McGladrey and Aquino were not seeking to delay the proceedings because McGladrey believed the parties could work together to decide discovery issues: "So I'm not trying to suggest that we just have delay, delay, delay everywhere." (*Id.* at 21.)

After hearing from the parties, the Court ruled that written discovery would begin in this matter on September 7, 2005, and that such discovery would include exchange of documents:

> What I'm going to have you do is submit by I'm going to say August 16th an agreed-upon [d]iscovery schedule that should last no more than four months, or a hundred and twenty days, unless the parties agree otherwise, for **document production** and [i]nterrogatories. That [d]iscovery will start, and again I'm being arbitrary, but I'll pick September the 7th that [d]iscovery can commence.

(*Id.* at 32 (emphasis added).) Indeed, the Court's comments make clear that the Court anticipated that, by starting on September 7, 2005, the exchange of documents might be substantially completed by the time the Court ruled on the motions to dismiss:

> Hopefully by the time we get to the end of the document production we'll have, because I think it would be a little bit helpful, a decision on the cases now on appeal, we'll have decisions on your Motions to Dismiss and **we'll have complete document production** and we'll be able to get together again and have a discussion about further Discovery, most particularly the deposition [d]iscovery.

(*Id.* at 33 (emphasis added).) On June 13, 2005, the Court entered an Order echoing the rulings made at the June 9, 2005 hearing, explicitly ordering that "written discovery shall commence on

- 3 -

Wednesday, September 7, 2005" and that the parties "confer and submit an agreed-upon schedule for written discovery" by August 16, 2005. (June 13, 2005 Order.)

Consistent with the Court's June 13, 2005 Order, the parties later met telephonically to discuss discovery issues and the discovery schedule. Agreement on a form of order was reached, which was then entered by the Court in this and the three related cases on August 31, 2005. That order specifically stated that "written discovery may commence on September 7, 2005."

### B.    McGladrey Announces It Will Not Comply With The Orders

On September 7, 2005, both McGladrey and Royal served document requests on one another. McGladrey also served document requests on the Trustee and document requests were also served by Royal on Aquino and Freed. Freed served its own request on Royal on September 21, 2005. All of these requests called for the actual production of documents within the 30 day period provided by Fed. R. Civ. P. 34. Finally, on October 7, 2005, Royal served a subpoena in this action on the SFC Trustee for the documents that the Trustee previously received and copied from McGladrey. (Subpoena attached as Exhibit C.)

On October 18, 2005, McGladrey served its written responses to Royal's document requests. At the end of its general objections to Royal's requests, McGladrey states as follows:

> McGladrey generally objects to the production of documents at this time as premature. According to the Scheduling Order and the comments made by the Court at the initial status conference that occurred on June 9, 2005, the parties' production of documents should not occur until after the Court issues decisions on, among others, McGladrey's and Aquino's pending motions to dismiss both the Trustee's and Royal's respective complaints. Those decisions have not yet been issued.

(McGladrey Responses To Royal's Document Requests at 6, attached as Exhibit D.)[2] Aquino asserted the same objection. Also on October 18, 2005, McGladrey sent a letter to the Trustee

---

[2] As part of the same general objection, McGladrey claimed that production was also premature given the recent Third Circuit Court of Appeals decision in the action between the beneficiaries

- 4 -

and Royal objecting to Royal's subpoena to the Trustee for the Trustee's McGladrey documents on the same grounds. (October 18, 2005 Letter of Veronica Rendon to John Grossbart ("Rendon Letter"), attached as Exhibit E). But for this interference by McGladrey, the Trustee could have and would have made responsive documents available to Royal pursuant to Royal's subpoena.

During an October 18, 2005 pre-scheduled phone conference between counsel for all the parties to discuss document production logistics, counsel for McGladrey, Aquino and Freed reiterated the objections set forth in their responses to Royal's document requests and made it absolutely clear that they were resolute in their refusal to begin any actual document production or allow the Trustee to produce McGladrey documents in his possession, notwithstanding counsel for Royal's statement that the matter thus would be brought to the attention of the Court.[3]

**ARGUMENT**

**I.    THE ABJECT REFUSAL TO COMPLY WITH A COURT'S DISCOVERY ORDER IS SANCTIONABLE.**

Rule 37 of the Federal Rules of Civil Procedure plainly provides that where, as here, a party fails to produce documents pursuant to the Federal Rules, a party can be compelled by the Court to comply with its discovery obligations. Fed. R. Civ. P. 37(a)(2)(B). While here a motion to compel is necessary since McGladrey, Aquino and Freed have all flatly refused to produce any documents in this matter even after conferring with Royal, sanctions are also

---

of the SFC policies and Royal in Case No. 02-1294-JJF. (McGladrey Responses To Royal's Document Requests at 6.) McGladrey has also made identical objections to the Trustee's request for production of documents in Case No. 05-72-JJF.

[3] McGladrey's conduct in this case is just the latest chapter in its continuing efforts to block discoverable information from reaching its litigation adversaries. In January 2004, as part of the SFC bankruptcy action, McGladrey provided the Trustee access to McGladrey's accounting work papers regarding its engagement by SFC that included auditing and certifying SFC financial statements -- work that is central to Royal's complaint against McGladrey and Aquino. The Trustee copied a sub-set of those materials, which he currently possesses. These documents are plainly responsive to Royal's subpoena here.

- 5 -

warranted since McGladrey, Aquino and Freed have engaged in bad-faith self-help in direct violation of the Orders. This Court clearly instructed the parties to begin document production and other written discovery in this matter beginning on September 7, 2005, and did so expressly over McGladrey's previous request that discovery be stayed pending the outcome of its motions to dismiss. Notwithstanding the Court's ruling, McGladrey, Aquino and Freed have decided they will not produce a single piece of paper in this action apparently until the Court has ruled on the motions to dismiss and allows the case to proceed.

No argument justifies a parties' unilateral decision to violate the express orders of a United States District Court Judge. The Court clearly contemplated that document production proceed while it dealt with the various motions to dismiss. Claims that such rulings may be imminent and that document production should be delayed, in addition to already being considered and rejected by the Court, are pointless and sanctionable. *See Massachusetts School of Law v. ABA*, 914 F.Supp. 1172, 1175-76 (E.D. Pa. 1996) (disobeying and misrepresenting content of clear discovery orders warrants sanctions against counsel who disobeyed orders).

Likewise, the recent Third Circuit ruling has no impact on the discovery obligations of McGladrey, Aquino and Freed in this case. The case involving Royal's SFC policies (Case No. 02-1294-JJF), has not yet been remanded to this Court and may not be remanded for some time, since Royal has sought re-hearing of that case. Moreover, McGladrey, Aquino and Freed's documents are centrally relevant to Royal's claims in this action. Nothing in the Third Circuit case dealing with the appeal in Case No. 02-1294-JJF impacts in any way any defendant's discovery obligations to Royal and others in this case. No matter what happens on that appeal, this case proceeds. In any event, McGladrey, Aquino and Freed's recourse, if they had any at all, is not to stand in the way of the Court's Orders, but to seek their modification which, of course, they have not done.

**II.   McGLADREY, AQUINO AND FREED SHOULD BE ORDERED TO BEGIN DOCUMENT PRODUCTION AND SANCTIONED BY AN AWARD OF ROYAL'S COSTS AND EXPENSES.**

The Court has the power to impose sanctions against a party or counsel for disregarding its orders and for discovery abuses. *See*, *e.g.*, D. Del. Local Rule 1.3(a) ("failure to conform with any … order of this Court … shall subject the offending party and that party's attorney, at the discretion of the Court, to appropriate discipline including … costs … [and] attorney's fees"); Fed. R. Civ. P. 37 (power to sanction for failure to comply with court orders and discovery); 28 U.S.C. § 1927 ("[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.")  *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991) (discussing court's inherent power to issue sanctions for violations of court orders).

Here, sanctions are appropriate and required to deter further discovery abuses in this case. McGladrey, Aquino and Freed should be sanctioned and ordered to begin their document productions promptly.  Their objections to production by the Trustee pursuant to a validly issued subpoena of this Court should be overruled and they should be ordered further to cease their abuse of, and ongoing interference with, that process.  Finally, counsel for Royal should be compensated for its costs and expenses in preparing this motion by McGladrey, Aquino and/or Freed who have needlessly and intentionally multiplied these proceedings.

## CONCLUSION

For the reasons stated herein, Royal Indemnity Company respectfully requests that this Court order McGladrey, Aquino and Freed to comply with discovery as contemplated by this Court's Orders; that Royal be awarded its costs and fees in bringing this Motion; and that the Court award such other sanctions and relief as it deems appropriate.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  |  |
|  | */s/ Tiffany Geyer Lydon* |
|  | Lawrence C. Ashby (I.D. #468) |
|  | Philip Trainer, Jr. (I.D. #2788) |
|  | Tiffany Geyer Lydon (I.D. #3950) |
|  | 222 Delaware Avenue, 17th Floor |
|  | Wilmington, Delaware 19899 |
| *Of Counsel:* | (302) 654-1888 |
|  | (302) 654 2067 (Fax) |
| Michael H. Barr |  |
| Kenneth J. Pfaehler | *Attorneys for Plaintiff* |
| Richard M. Zuckerman | *Royal Indemnity Company* |
| SONNENSCHEIN NATH & ROSENTHAL LLP |  |
| 1221 Avenue of the Americas |  |
| New York, New York 10020-1089 |  |
| (212) 768-6700 |  |
| (212) 768-6800 (fax) |  |
| and |  |
| Alan S. Gilbert |  |
| John I Grossbart |  |
| SONNENSCHEIN NATH & ROSENTHAL LLP |  |
| 8000 Sears Tower |  |
| 233 S. Wacker Drive |  |
| Chicago, Illinois 60606 |  |
| (312) 876-8000 |  |
| (312) 876-7934 (fax) |  |

Dated: November 3, 2005

163150.1

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2005, I electronically filed the attached **ROYAL INDEMNITY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL AND FOR SANCTIONS** with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

William H. Sudell, Jr., Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

James L. Holzman, Esquire
J. Clayton Athey, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19899

Michael R. Lastkowski, Esquire
Christopher M. Winter, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

I hereby certify that on November 3, 2005, I have forwarded by Federal Express, the attached document to the following non-registered participants:

John H. Eickemeyer, Esquire
Jonathan A. Wexler, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY 10022

Elizabeth K. Ainslie, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Richard P. Swanson, Esquire
Veronica E. Rendon, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690

/s/ *Tiffany Geyer Lydon*
Tiffany Geyer Lydon (I.D. # 3950)