# EXHIBIT D

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-CV-165 |
| | ) |
| | ) Judge Joseph J. Farnan, Jr. |
| PEPPER HAMILTON LLP, W. RODERICK | ) |
| GAGNÉ, FREED MAXICK & BATTAGLIA | ) |
| CPAs PC, MCGLADREY & PULLEN, LLP | ) |
| AND MICHAEL AQUINO, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MCGLADREY & PULLEN, LLP'S RESPONSE TO ROYAL
### INDEMNITY COMPANY'S REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, McGladrey &

Pullen, LLP ("McGladrey"), by its attorneys Arnold & Porter LLP and Williams & Connolly

LLP, hereby answers, responds and objects to the Request for Production of Documents (the

"Document Request" or "Document Requests") served by Plaintiff Royal Indemnity Company

("Royal").

### General Objections

1.      McGladrey objects to the Document Requests to the extent that they call for

information protected by the attorney-client privilege, the work product doctrine, or any other

applicable privilege or protection.  McGladrey will not produce such privileged or protected

information.  McGladrey reserves the right in its sole discretion to withhold, or to produce

documents in redacted form so that privileged, protected non-responsive or irrelevant

information is not disclosed.  Any documents constituting privileged information, work product

or protected materials produced by McGladrey, would be produced inadvertently.  By examining or accepting documents produced by McGladrey, Royal and its counsel agree to notify McGladrey's counsel promptly if they believe they may be in the possession of any such inadvertently produced documents, and to return all such inadvertently produced documents promptly.  No such inadvertent production shall constitute a waiver of any applicable privilege or other protection.

2.    McGladrey objects to the Document Requests to the extent that they seek information not within the possession, custody or control of McGladrey.  McGladrey neither promises nor undertakes to obtain or produce documents or information that is not within its possession, custody or control.  The voluntary production of documents or information that may otherwise fall within this objection is not a waiver of this objection as to other documents or information.

3.    McGladrey objects to the Document Requests to the extent they seek disclosure of material prepared in anticipation of litigation without making the showing required by Rule 26(b) of the Federal Rules of Civil Procedure.

4.    McGladrey objects to the Document Requests to the extent that they are vague and ambiguous, overly broad and/or unduly burdensome.

5.    McGladrey objects to the Document Requests to the extent that they seek information that is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

6.    McGladrey objects to the Document Requests to the extent that they seek confidential or proprietary information, the disclosure of which would damage the business of

McGladrey, breach any duty, or violate any agreement or order pursuant to which McGladrey is precluded from disclosing such information.

7.     McGladrey objects to the Document Requests to the extent they seek (a) publicly available documents; (b) documents that are already within Royal's possession, custody or control; or (c) documents that have already been produced to Royal.

8.     McGladrey objects to the Document Requests to the extent that they are not restricted to a reasonable and relevant time period.

9.     McGladrey's answers, responses and objections to the Document Requests are made reserving, and without waiver of:

(a)     all rights to object subsequently to the competency, relevance, materiality, privilege or admissibility as evidence in any proceeding, action or matter of any information that McGladrey produces in response to the Document Requests;

(b)     all rights to object on any ground to the use of any such answers, or the subject matter thereof, in any proceeding, action or matter;

(c)     all rights to object on any ground and at any time to a demand or request for further response to these or other discovery requests, or to proceedings involving or related to the subject matter of the information or documents provided in response to such requests; and

(d)     the right at any time to review, correct, add to, supplement, amend or clarify any of the responses contained herein.

10.     The failure of McGladrey to object to a Document Request on a specific ground shall not be construed as a waiver of its right to object at a later time on that ground or any additional grounds.

3

11.    McGladrey reserves the right to amend and/or supplement its objections to the Document Requests consistent with further investigation and discovery, which is ongoing.

12.    By undertaking to produce documents in response to the Document Requests, McGladrey is not representing that any such documents exist or admitting the existence of any "fact" set forth or presumed in such document requests.

### Objections to Definitions and Instructions

13.    McGladrey objects generally to the Definitions provided in the Document Requests to the extent that they are vague and ambiguous, overly broad and/or unduly burdensome.

14.    McGladrey objects to the Document Requests' Definitions and Instructions to the extent that they seek to impose obligations beyond or different from those contained in the Federal Rules of Civil Procedure or applicable local rules.

15.    McGladrey objects to the Definitions of all of the individuals in the Document Requests, including without exception, "Aquino," as being vague and ambiguous and overbroad.

16.    McGladrey objects to the Definition of "BDO Seidman" as being vague and ambiguous and overbroad.  Among other things, the definition improperly includes attorneys, as well as subsidiary, predecessor or affiliated corporations notwithstanding that BDO Seidman LLP is not a corporation but a limited liability partnership.

17.    McGladrey objects to the Definitions of "Default Rate," "Default Rates," "Delinquent," "Contractually Delinquent," and "Delinquency Rate" as being vague and ambiguous as well as for, among other things, assuming legal and factual conclusions directly at issue in the matter.

4

18.    McGladrey objects to the Definition of "Forbearance Payments" as being vague and ambiguous and overbroad.  Among other things, the term "Forbearance Payments" as defined in the Document Requests appears to differ from the usage of that term in Royal's First Amended Complaint.

19.    McGladrey objects to the Definition of "Freed" as being vague and ambiguous and overbroad.  Among other things, the Definition of "Freed" improperly includes both Freed Maxick & Battaglia CPAs and Freed Maxick Sachs & Murphy, P.C., as well as their respective attorneys, and any parent, subsidiary, predecessor or affiliated corporations, notwithstanding that Freed Maxick & Battaglia CPAs is not a corporate entity.

20.    McGladrey objects to the Definition of "Ghost Payments" as being vague and ambiguous and overbroad.  Among other things, the term "Ghost Payments" as defined in the Document Requests appears to differ from the usage of that term in Royal's First Amended Complaint.  "Ghost Payments" is not a term familiar to or utilized by McGladrey & Pullen LLP and/or Michael Aquino.

21.    McGladrey objects to the Definition of "McGladrey" as being vague and ambiguous and overbroad.  Among other things, the definition improperly includes attorneys, as well as subsidiary, predecessor or affiliated corporations notwithstanding that McGladrey & Pullen LLP is not a corporation but a limited liability partnership.

22.    McGladrey objects to the Definition of "Person" as being vague and ambiguous and overbroad to the extent the term, used in context, customarily would mean a natural person.

23.    McGladrey objects to the Definition of "Royal Policies" as being, among other things, incomplete and underinclusive.

5

10/18/2005 15:04 FAX 1 302 571 5560          DUANE MORRIS                              ☒031/050

24.     McGladrey objects to the Definitions of "Seasoning" and "Season" as being vague and ambiguous and overbroad.  Among other things, the terms "Seasoning" and "Season" as defined in the Document Requests appear to differ from the usage of those terms in Royal's First Amended Complaint.  "Seasoning" and "Season," as defined, are not terms familiar to or utilized by McGladrey & Pullen LLP and/or Michael Aquino.

25.     McGladrey objects to the Definitions of "SFC Loan," "loan made by SFC," and "loan purchased by SFC," as being vague and ambiguous and overbroad.

26.     McGladrey objects to the Definition of "Transaction Documents" as being vague and ambiguous and overbroad.

27.     McGladrey objects to the Definition of "You" and "Your" for the same reasons it objected to the Definition of "McGladrey," as set forth above.

28.     McGladrey objects to the responsive time period as set forth in the Instructions to the Document Requests as being overbroad.

29.     McGladrey generally objects to the production of documents at this time as premature.  According to the Scheduling Order and the comments made by the Court at the initial status conference that occurred on June 9, 2005, the parties' production of documents should not occur until after the Court issues decisions on, among others, McGladrey's and Aquino's pending motions to dismiss both the Trustee's and Royal's respective complaints.  Those decisions have not yet been issued.  Moreover, production of documents is premature prior to the determination of how the recent decision by the Third Circuit Court of Appeals will affect the scope and timing of discovery in this and other cases that have been coordinated with this matter for purposes of discovery.  After these and any other related issues are decided, McGladrey will produce its responsive documents in a timely and orderly manner.

PAGE 31/50 * RCVD AT 10/18/2005 1:53:36 PM [Central Daylight Time] * SVR:CHI2KRF01/21 * DNIS:4777 * CSID:1 302 571 5560 * DURATION (mm-ss):10-08

30.    These General Objections apply to the Document Requests in their entirety.

## Specific Responses to Document Requests

Please produce all Documents pertaining to:

**REQUEST NO. 1:**

McGladrey & Pullen's retention by SFC or Yao.

**RESPONSE NO. 1:**

Subject to and without waiving any of its general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 1.

**REQUEST NO. 2:**

All funds received by McGladrey & Pullen in connection with its relationship with SFC or Yao, including fees.

**RESPONSE NO. 2:**

Subject to and without waiving any of its general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents sufficient to identify all fees earned by McGladrey in connection with its relationship with SFC.

**REQUEST NO. 3:**

Any payment related to an SFC Loan, which payment was made by SFC, the Schools, or any Person other than the student who signed the SFC Loan or any cosigner thereof.

**RESPONSE NO. 3:**

Subject to and without waiving any of its general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 3.

7

**REQUEST NO. 4:**

The Forbearance Payments, Ghost Payments, Seasoning payments, the Liquidity Reserve, the Experience Account, or the Forbearance Reserve, including any Communications with any Person concerning them.

**RESPONSE NO. 4:**

McGladrey objects to Document Request No. 4 because "the Liquidity Reserve," "the Experience Account," and the "Forbearance Reserve" are all undefined terms (notwithstanding the use of capitalization), leaving the Request vague and ambiguous and overbroad. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 4.

**REQUEST NO. 5:**

The Excess Spread Reserve, including any Communications with any Person concerning them.

**RESPONSE NO. 5:**

McGladrey objects to Document Request No. 5 because "the Excess Spread Reserve" is an undefined term (notwithstanding the use of capitalization), leaving the Request vague and ambiguous and overbroad. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 5.

**REQUEST NO. 6:**

The Default Rate(s) from 1995 to present.

**RESPONSE NO. 6:**

McGladrey objects to Request No. 6 as requesting documents for a period that is overbroad. Subject to and without waiving any of its specific or general objections, including,

8

without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 6.

## REQUEST NO. 7:

Delinquent SFC Loans from 1995 to present, including documents pertaining to the rate of such delinquencies.

## RESPONSE NO. 7:

McGladrey objects to Request No. 7 as requesting documents for a period that is overbroad. Subject to and without waiving any of its specific or general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 7.

## REQUEST NO. 8:

Student loan files, including but not limited to McGladrey & Pullen's access to such files.

## RESPONSE NO. 8:

McGladrey objects to Document Request No. 8 because "Student loan files" is an undefined term, leaving the Request vague and ambiguous and overbroad. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 8.

## REQUEST NO. 9:

Any review, audit, analysis, comparison or investigation performed by McGladrey & Pullen or any other Person regarding SFC or the performance of the SFC Loans, including all work papers relating thereto.

## RESPONSE NO. 9:

McGladrey objects to Document Request No. 9 because the terms "review, audit, analysis, comparison or investigation" as well as "regarding SFC or the performance of the SFC Loans" are vague and ambiguous as used in this Request, and overbroad. Subject to and without

9

waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 9.

## REQUEST NO. 10:

Servicer Tapes, including Communications concerning data to be included in such tapes and the transmission of such tapes to Wells Fargo, Royal, or any other Person.

## RESPONSE NO. 10:

Subject to and without waiving any of its general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 10.

## REQUEST NO. 11:

Servicer Reports, including Communications concerning data to be included in such reports and the transmission of such reports to Wells Fargo, Royal, or any other Person.

## RESPONSE NO. 11:

Subject to and without waiving any of its general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 11.

## REQUEST NO. 12:

Any review, audit, analysis, comparison or investigation performed by Wells Fargo or any other Person regarding the Servicer Reports, including but not limited to any comparison between the Servicer Tapes and Servicer Reports.

## RESPONSE NO. 12:

McGladrey objects to Document Request No. 12 because the terms "review, audit, analysis, comparison or investigation" are vague and ambiguous as used in this Request, and overbroad. Subject to and without waiving any of its specific and general objections, including,

10

10/18/2005 15:05 FAX 1 302 571 5560     DUANE MORRIS     ☑036/050

without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 12.

**REQUEST NO. 13:**

    All Transaction Documents, including but not limited to all Documents pertaining to any Communication between McGladrey & Pullen and any other Person regarding the SFC Transactions or the Transaction Documents.

**RESPONSE NO. 13:**

    Subject to and without waiving any of its general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 13.

**REQUEST NO. 14:**

    The establishment of the SFC Trusts.

**RESPONSE NO. 14:**

    Subject to and without waiving any of its general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 14.

**REQUEST NO. 15:**

    The underwriting of SFC Loans.

**RESPONSE NO. 15:**

    McGladrey objects to Document Request No. 15 because the term "underwriting" is vague and ambiguous and overbroad as used in this Request. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 15.

PAGE 36/50 * RCVD AT 10/18/2005 1:53:36 PM [Central Daylight Time] * SVR:CHI2KRF01/21 * DNIS:4777 * CSID:1 302 571 5560 * DURATION (mm-ss):10-08

**REQUEST NO. 16:**

Any securitization of SFC Loans, including the sale of instruments or interests related to that securitization or the SFC Loans, and the marketing of such instruments or interests.

**RESPONSE NO. 16:**

McGladrey objects to Document Request No. 16 because the terms "instruments" and "interests" as used in this Request are vague and ambiguous. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 16.

**REQUEST NO. 17:**

The Royal Policies or insurance of SFC Loans, whether separately, or as part of any securitization, or SFC's efforts, to obtain insurance for its loans.

**RESPONSE NO. 17:**

Subject to and without waiving any of its general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 17.

**REQUEST NO. 18:**

Royal in its role as insurer or potential insurer for SFC Loans, whether separately, or as part of any securitization, including but not limited to Documents pertaining to the negotiation, terms, drafting, issuance of and due diligence conducted in connection with the Royal Policies for SFC Loans.

**RESPONSE NO. 18:**

McGladrey objects to Document Request No. 18 because it seeks documents that are already in the possession, custody or control of Royal. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 18.

12

**REQUEST NO. 19:**

MBIA in its role as insurer or guarantor for SFC Loans, whether separately, or as part of a securitization, including but not limited to Documents pertaining to the negotiation, terms, drafting, issuance, execution and the due diligence conducted in connection with the MBIA Guaranties on the SFC Loans or the SFC Trusts

**RESPONSE NO. 19:**

Subject to and without waiving any of its general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 19.

**REQUEST NO. 20:**

Any Communication with SFC, SLS or SMS, including any Communication with Yao, Pearson, Turnbull or Hawthorne.

**RESPONSE NO. 20:**

McGladrey objects to Document Request No. 20 because it is vague and ambiguous and overbroad. Subject to and without waiving any of its specific or general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 20.

**REQUEST NO. 21:**

Any Communication with T.E. Moor.

**RESPONSE NO. 21:**

McGladrey objects to Document Request No. 21 because it is vague and ambiguous and overbroad. Subject to and without waiving any of its specific or general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 21.

**REQUEST NO. 22:**

Any Communication with Loofbourrow.

13

**RESPONSE NO. 22:**

McGladrey objects to Document Request No. 22 because it is vague and ambiguous and overbroad. Subject to and without waiving any of its specific or general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 22.

**REQUEST NO. 23:**

Pooling And Servicing Agreements ("PSAs") entered into between Wells Fargo and SFC, including but not limited to Documents pertaining to their negotiation, terms, drafting, and execution, and the due diligence conducted in connection with them.

**RESPONSE NO. 23:**

Subject to and without waiving any of its general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 23.

**REQUEST NO. 24:**

Private Placement Memoranda ("PPMs") pertaining to the SFC Loans, including but not limited to Documents pertaining to the drafting of, issuance of, and due diligence conducted in connection with the PPMs.

**RESPONSE NO. 24:**

Subject to and without waiving any of its general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 24.

**REQUEST NO. 25:**

Any Communication between McGladrey & Pullen, on the one hand, and any one or more of BDO Seidman, Bast, Fleet, Freed, Gagne, MBIA, Pepper Hamilton, PNC, the Rating Agencies, Royal, the Schools, Virgil Baker, Wells Fargo, or Wilmington Trust, on the other hand, or among any of them, from 1995 to present, pertaining to SFC, the SFC Trust, SFC Loans, insurance for SFC Loans, the SFC Transactions, the MBIA Guaranties, the Royal Policies, the PSAs, or the PPMs.

14

**RESPONSE NO. 25:**

McGladrey objects to Request No. 25 as requesting documents for a period that is overbroad. Subject to and without waiving any of its specific or general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 25.

**REQUEST NO. 26:**

Due diligence, review analysis or assessment of SFC or SFC's servicing of loans, including but not limited to any visits made by Pepper Hamilton to SFC's office.

**RESPONSE NO. 26:**

McGladrey objects to Document Request No. 26 because the terms "due diligence, review analysis or assessment" as used in this Request are vague and ambiguous and overbroad. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 26.

**REQUEST NO. 27:**

Loans (other than student loans defined herein as "SFC Loans") obtained or sought by SFC from 1995 to present.

**RESPONSE NO. 27:**

McGladrey objects to Document Request No. 27 because the term "loans" as used in this Request is vague and ambiguous. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 27.

**REQUEST NO. 28:**

Any communications between McGladrey & Pullen, on one hand, and Royal, on the other hand, from 1995 to present.

15

**RESPONSE NO. 28:**

McGladrey objects to Request No. 28 as requesting documents for a period that is too broad and overinclusive. McGladrey further objects to Request No. 28 as seeking documents already in Royal's possession. Subject to and without waiving any of its specific or general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 28.

**REQUEST NO. 29:**

Applications for the SFC Loans.

**RESPONSE NO. 29:**

McGladrey objects to Document Request No. 29 because the term "applications" as used in this Request is vague and ambiguous. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 29.

**REQUEST NO. 30:**

Any inaccurate information, forgeries, deficiencies in or fraud with respect to loans and credit applications or any other Documents provided by students or other Persons in connection with the SFC Loans.

**RESPONSE NO. 30:**

McGladrey objects to Document Request No. 30 because the terms "inaccurate information, forgeries, deficiencies in or fraud," as well as "loans and credit applications or any other Documents" as used in this Request are vague and ambiguous. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 30.

**REQUEST NO. 31:**

Any review, analysis, investigation or due diligence concerning the loans or credit applications submitted in connection with the SFC Loans, including the creditworthiness of the applicants, the payment histories of the loans, defaults on the loans, or demographic data related to the loans.

**RESPONSE NO. 31:**

McGladrey objects to Document Request No. 31 because the terms "loans or credit applications," as well as "review, analysis, investigation or due diligence" as used in this Request are vague and ambiguous and overbroad. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 31.

**REQUEST NO. 32:**

Representations made to Royal by SFC, Pepper Hamilton, Gagne, Freed, McGladrey & Pullen, or Aquino regarding the SFC Loans, including the performance of those loans, their Default Rate, Delinquencies, underwriting, and validity.

**RESPONSE NO. 32:**

McGladrey objects to Document Request No. 32 because the terms "representations," as well as "underwriting, and validity" as used in this Request are vague and ambiguous and overbroad. McGladrey further objects to the Request to the extent that it seeks documents already in Royal's possession. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 32.

**REQUEST NO. 33:**

Representations made to Royal by SFC, Pepper Hamilton, Gagne, Freed, McGladrey & Pullen, or Aquino regarding the financial condition and/or solvency of SFC, SFC's affiliates, or any of the SFC Trusts.

17

**RESPONSE NO. 33:**

McGladrey objects to Document Request No. 33 because the terms "representations," as well as "financial condition and/or solvency" as used in this Request are vague and ambiguous. McGladrey further objects to the Request to the extent that it seeks documents already in Royal's possession. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 33.

**REQUEST NO. 34:**

Claims submitted on defaulted SFC Loans.

**RESPONSE NO. 34:**

McGladrey objects to Request No. 34 because the term "defaulted" is vague and ambiguous as used in this Request. McGladrey further objects to the extent that the Request seeks documents already in Royal's possession. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 34.

**REQUEST NO. 35:**

Attempts by SFC, Wells Fargo, or any other Person to collect payments due under SFC Loans, including communications regarding the necessity for, or conduct of, such attempts.

**RESPONSE NO. 35:**

McGladrey objects to Request No. 35 to the extent that it seeks documents already in Royal's possession. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 35.

18

**REQUEST NO. 36:**

Student Loan Servicing, LLC, as servicer of the SFC Loans, including but not limited to Wells Fargo's termination of Student Loan Servicing, LLC.

**RESPONSE NO. 36:**

McGladrey objects to Request No. 36 as being vague and ambiguous and overbroad.

Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 36.

**REQUEST NO. 37:**

Communications between or among McGladrey & Pullen, Aquino, and/or any other Person, pertaining to Gagné's role in Pepper Hamilton's representation of SFC, including evaluations of Gagné's performance or ethics in that role.

**RESPONSE NO. 37:**

McGladrey objects to Request No. 37 because the term "evaluations," as well as "performance or ethics in that role" as used in this Request are vague and ambiguous. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges, McGladrey will produce documents in its possession responsive to Request No. 37.

**REQUEST NO. 38:**

Any electronic transmissions of servicing or student loan file information pertaining to SFC Loans.

**RESPONSE NO. 38:**

McGladrey objects to Request No. 38 because the terms "electronic transmissions" and "servicing or student loan file" as used in this Request are vague and ambiguous. Subject to and without waiving any of its specific and general objections, including, without exception, those

19

10/18/2005 15:07 FAX 1 302 571 5560    DUANE MORRIS    ☒045/050

based on attorney-client and work product privileges, McGladrey will produce documents in its

possession responsive to Request No. 38.

## REQUEST NO. 39:

All materials and Documents that were requested by subpoena to McGladrey & Pullen and were thereafter the subject of the Court's December 7, 2004, decision in an adversarial action between McGladrey & Pullen and Royal (Civil Action No. 04-1473-JJF) and related to *In re Student Finance Corporation* (Bankruptcy No. 02-11620 [JBR]), including specifically all materials and Documents made available to the SFC Bankruptcy Trustee in *In re Student Finance Corporation* (Bankruptcy No. 02-11620 [JBR]).

## RESPONSE NO. 39:

McGladrey objects to Request No. 39 because it is duplicative of numerous other

requests herein and improperly incorporates an outside document by reference. McGladrey will

produce each of its responsive documents only once without regard to the number of requests to

which the document is responsive. Subject to and without waiving any of its specific and

general objections, including, without exception, those based on attorney-client and work

product privileges, McGladrey will produce documents in its possession responsive to Request

No. 39.

## REQUEST NO. 40:

Any communications between McGladrey & Pullen, Aquino and/or any other person, on the one hand, and any insurer, on the other hand, relating to SFC.

PAGE 45/50 * RCVD AT 10/18/2005 1:53:36 PM [Central Daylight Time] * SVR:CHI2KRF01/21 * DNIS:4777 * CSID:1 302 571 5560 * DURATION (mm-ss):10-08

**RESPONSE NO. 40:**

McGladrey objects to Request No. 40 because the term "insurer" is vague and ambiguous as used in the Request. Subject to and without waiving any of its specific and general objections, including, without exception, those based on attorney-client and work product privileges or any other applicable privilege or protection, McGladrey will produce documents in its possession responsive to Request No. 40.

Dated: October 18, 2005
         Wilmington, Delaware

DUANE MORRIS LLP

Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

Counsel for Defendants McGladrey &
Pullen, LLP and Michael Aquino

21

Of Counsel:

ARNOLD & PORTER LLP

Richard P. Swanson
Veronica E. Rendon
Jason M. Butler
399 Park Avenue
New York, NY 10022
Phone: 212-715-1000
Fax: 212-715-1399

Counsel for Defendants McGladrey & Pullen, LLP and Michael Aquino


WILLIAMS & CONNOLLY LLP
Steven M. Farina
Thomas H.L. Selby
Hannah C. Smith
Eric Reicher
725 12th Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

Counsel for Defendant McGladrey & Pullen, LLP

10/18/2005 15:08 FAX 1 302 571 5560    DUANE MORRIS    ☑048/050

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ROYAL INDEMNITY COMPANY | |
| Plaintiff, | |
| v. | Civil Action No. 05-165-JJF |
| PEPPER HAMILTON LLP, | Judge Joseph J. Farnan, Jr. |
| W. RODERICK GAGNE, | |
| FREED MAXICK & BATTAGLIA CPAs PC, | |
| MCGLADREY & PULLEN, LLP and | |
| MICHAEL AQUINO, | |
| Defendants. | |

## NOTICE OF SERVICE OF DISCOVERY RESPONSES

I, Christopher M. Winter, certify that I am not less than 18 years of age, and that service

of a copy of McGladrey & Pullen, LLP's Response to Royal Indemnity Company's Request

for Production was made on October 18, 2005, upon the parties identified on the attached

service list in the manner indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: October 18, 2005
Wilmington, Delaware

Christopher M. Winter (DE I.D. 4163)
DUANE MORRIS LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901
Email:    cmwinter@duanemorris.com

PAGE 48/50 * RCVD AT 10/18/2005 1:53:36 PM [Central Daylight Time] * SVR:CHI2KRF01/21 * DNIS:4777 * CSID:1 302 571 5560 * DURATION (mm-ss):10-08

## Service List

Lawrence C. Ashby, Esquire
Phillip Trainer, Jr., Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
*Counsel for Royal Indemnity Company*
**Via Facsimile & Hand Delivery**

Michael H. Barr, Esquire
Kenneth J. Pfaehler, Esquire
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089
*Counsel for Royal Indemnity Company*
**Via Facsimile & Regular Mail**

Alan S. Gilbert, Esquire
John Grossbart, Esquire
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 South Wacker Drive
Chicago, IL 60606
*Counsel for Royal Indemnity Company*
**Via Facsimile & Regular Mail**

WLM\211819.1

CM/ECF LIVE - U.S. District Court:ded    Page 1 of 2

## Notices
1:05-cv-00165-JJF Royal Indemnity Company v. Pepper Hamilton LLP et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Winter, Christopher entered on 10/18/2005 at 2:31 PM EDT and filed on 10/18/2005

**Case Name:**    Royal Indemnity Company v. Pepper Hamilton LLP et al
**Case Number:**    1:05-cv-165
**Filer:**    McGladrey & Pullen LLP
**Document Number:** 78

**Docket Text:**
NOTICE of Service of Response to Royal Indemnity Company's Request for Production by McGladrey & Pullen LLP (Winter, Christopher)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/18/2005] [FileNumber=114085-0
] [7358b7f72d5df6d7c40ac523016d47fde150a734fa3ddc2d2443f2fb3e78f9c03ec
3279ca3fd83432cabc6e9b12b339d5d76506bf7c8692052b7113440d30f2c]]

**1:05-cv-165 Notice will be electronically mailed to:**

Elizabeth K. Ainslie    eainslie@schnader.com

J. Clayton Athey    jcathey@prickett.com, mafurry@prickett.com; amconnelly@prickett.com

Jason M. Butler    jason.butler@aporter.com

James L. Holzman    jlholzman@prickett.com, mafurry@prickett.com

Nicholas J. LePore    nlepore@schnader.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Bruce P. Merenstein    bmerenstein@schnader.com

Stephen J. Shapiro    sshapiro@schnader.com

William H. Sudell , Jr    wsudell@mnat.com,

# EXHIBIT E

10/18/2005 15:16 FAX 2127151330                                      ☒002/003

# ARNOLD & PORTER LLP

Veronica E. Rendon
Veronica.Rendon@aporter.com

212.715.1165
212.715.1399

399 Park Avenue
New York, NY 10022-4690

October 18, 2005

John Grossbart
Sonnenschein Nath and Rosenthal LLP
233 South Wacker Dr.
Suite 8000
Chicago, IL 60606

Re:    Royal Indemnity Co. v. McGladrey & Pullen, LLP

Dear John:

We received by e-mail a copy of Royal's October 7, 2005 subpoena to the Bankruptcy Trustee for Student Finance, seeking the production on October 18, 2005 of documents that were previously supplied to the Trustee by RSM McGladrey, Inc. and its affiliates. In light of the comprehensive nature of Royal's Rule 34 requests to McGladrey & Pullen and Michael Aquino, and the overall procedural status of the case, we believe that the subpoena is procedurally and substantively improper.

As Donald Crecca, counsel for the Trustee, notified you by letter dated October 10, 2005, our prior production to the Trustee is covered by a confidentiality agreement that prevents the Trustee from complying with the subpoena until we are provided with notice and an opportunity to object to it. We previously notified counsel for the Trustee of our objection to the subpoena, and we understand that counsel for the Trustee does not intend to produce documents pursuant to the subpoena. We would deem any deviation from the confidentiality agreement or the procedure outlined in it to be a breach.

The Trustee production was made some time ago and we would have to go back and consider it before we would be in a position to determine whether to object or consent to those materials being made available to you. The short and unilateral time frame imposed by your subpoena does not allow us time to give that type of consideration.

Regardless, we believe there is no reason to have issued the subpoena. The documents the subpoena likely would elicit would either overlap with the body of documents already requested by Royal pursuant to its Rule 34 requests to McGladrey and Aquino, or documents in which Royal has no interest, as evidenced by the documents requested by Royal in its Rule 34 requests. We thus deem the subpoena to be nothing more than an improper attempt to supersede Royal's Rule 34 requests. The time and effort involved in considering and responding to the subpoena would be a wasteful and unnecessary diversion from the orderly course of discovery that is already under way in this matter.

# ·ARNOLD & PORTER LLP

John Grossbart
October 18, 2005
Page 2

Finally, according to the Scheduling Order and the comments made by the Court at the initial status conference that occurred on June 9, 2005, the parties' production of documents was not to occur until after the Court issued decisions on, among others, McGladrey's and Aquino's pending motions to dismiss the Trustee's and Royal's respective complaints. Those decisions have not yet been issued. Should McGladrey and Aquino remain as a parties in the Trustee and/or Royal actions following the issuance of the Court's decisions, we may reconsider our position to the subpoena. Until then, we will not consent to the production of the documents in the Trustee's possession.

Very truly yours,

Veronica E. Rendon

cc:  Donald J. Crecca