# EXHIBIT A

1

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

MBIA INSURANCE CORP., et al.,    )
                                 )
              Plaintiffs,        )
                                 )    Civil Action
v.                               )    No. 02-1294 (JJF)
                                 )
ROYAL INDEMNITY CO.,             )
                                 )    RECEIVED BY HAND
              Defendant.         )
                                      MAR 2 3 2005

                                      A&G

                    Wilmington, Delaware
                    Friday, March 18, 2005
                         10:35 a.m.
                     Emergency Motion

BEFORE:  HONORABLE JOSEPH J. FARNAN, JR.

APPEARANCES:

          DAWN M. JONES, ESQ.,
          YOUNG, CONAWAY, STARGATT & TAYLOR
               Counsel for Plaintiff

          TIFFANY GEYER LYDON,  ESQ.
          ASHBY & GEDDES
               and
          JOHN I. GROSSBART, ESQ.
          SONNENSCHEIN, NATH & ROSENTHAL
               Counsel for Defendant

          VERONICA E. RENDON, ESQ.
          RICHARD P. SWANSON, ESQ.
          THELEN, REID & PRIEST, LLP
               Counsel for McGladrey, Pullen
               and Michael Aquino

          STEPHEN J. SHAPIRO, ESQ.
          SCHNADER HARRISON SEGAL & LEWIS
               Counsel for Pepper Hamilton

Hawkins Reporting Service
715 North King Street - Wilmington, Delaware 19801
     (302) 658-6697  FAX (302) 658-8418

1    THE COURT: All right. Be seated,

2    please. Good morning.

3    Okay. We have this application

4    with regard to Royal Indemnity.

5    MS. LYDON: Good morning, Your

6    Honor. Tiffany Lydon on behalf of Royal

7    Indemnity of Ashby & Geddes. I have with me

8    co-counsel John Grossbart from Sonnenschein. He

9    will be speaking today. He's admitted pro hac.

10    THE COURT: Thank you. Good

11    morning.

12    MR. GROSSBART: Good morning, Your

13    Honor. Thank you for granting my pro hac and

14    it's a pleasure to be here. It's a fairly

15    simple motion. We are seeking to amend the

16    existing counterclaim to the third-party

17    complaint to not only add some additional

18    factual information against the original parties

19    to that pleading, but also to add some new

20    parties.

21    Pepper Hamilton, one of its

22    partners, McGladrey and Fried accounting firms

23    and a Mr. Aquino who is a partner in both.

24    None of the existing parties to

3

1    the case have objected to the motion. I have

2    received a letter and a short filing from

3    McGladrey and Pepper, which do object. None of

4    the objections are well founded. I don't

5    believe either party has standing to object at

6    this juncture in any event, but even if they

7    did, when you look at what they have said in

8    their pleading and their letter, they have not

9    offered any reason why under the liberal

10   pleading standards of Rule 15 the case shouldn't

11   be amended.

12          This is as to the third-party

13   action, this case is in its infancy actually.

14   There has been very little discovery, no

15   depositions whatsoever, no documents exchanged.

16   They're not missing anything. They're also not

17   new to the facts, both the Pepper group and

18   McGladrey are both already being sued by the

19   trustee in other actions regarding the FSC

20   problem, they're aware of what that's all about,

21   there is no prejudice.

22          Our complaint is very -- our

23   proposed complaint is very detailed. It

24   includes everything in the prior pleading and

4

1    then some.  You've already ruled on the prior

2    pleading that it meets 9(b) requirements, all be

3    it as to the FSC entities, but I think any even

4    quick read of the proposed pleading makes it

5    very clear that there is plenty of name, dates,

6    places, events, alleged, it's very

7    particularized, and the Pepper and McGladrey

8    pieces are set up separately.

9                I don't think there is simply any

10   basis to oppose the application.  I also think

11   it's obviously in the interest of efficiency and

12   cost savings, we could sue these entities

13   separately.  We're seeking to avoid doing that,

14   but because it makes more sense for everything

15   to be here, but I'll listen to what they have to

16   say if Your Honor is going to hear these

17   nonparties and respond, but I think the motion

18   should be granted.

19                THE COURT:  All right.  Thank you.

20                MR. WINTER:  Good morning, Your

21   Honor.  Chris Winter with Duane Morris.  Here

22   today is Delaware counsel for McGladrey and

23   Pullen and Michael Aquino.

24                Your Honor, here today with me are

5

1    Veronica Rendon and Richard Swanson of the

2    Thelen, Reid firm.  Both have been admitted pro

3    hac before the Court in related matters.  To the

4    extent necessary, I would like to move their

5    admission pro hac today.

6                    THE COURT:  All right.  It will be

7    granted.

8                    MR. WINTER:  Thank you.

9                    THE COURT:  Thank you.  Good

10   morning.

11                   MS. RENDON:  Good morning, Your

12   Honor.  Veronica Rendon.  As Mr. Winter

13   indicated, we represent McGladrey and Pullen as

14   well as Mr. Aquino.  And we did submit a brief

15   objection to the application of Royal for an

16   amendment.  And it's really mostly the process

17   that we're objecting to.

18                   Royal's application requested an

19   emergency consideration.  They filed their

20   motion for amendment on March 9th out of a

21   patent concern that the statute of limitations

22   for their claims against McGladrey and

23   Mr. Aquino may run on March 20th.

24                   And it is our position that this

6

1    is an entirely self-created emergency in this

2    sense, Royal has been well aware of the

3    existence of McGladrey and Pullen and Mr. Aquino

4    for quite some time, in fact, that their

5    original answer and counterclaim in this

6    proceeding, they refer to paragraph 95 to

7    McGladrey and Pullen and Mr. Aquino, the work

8    that we did and even alluded to deficiencies in

9    that work.

10              So clearly Royal was aware of our

11   work and could have brought a third-party action

12   against us at any time and chose not to.  They

13   also made that decision back in November and

14   December of this past year when they sought 2004

15   discovery working in conjunction with the

16   Chapter 7 trustee of the Student Finance estate

17   and they were also very much aware and involved

18   in the bringing of a claim by the Chapter 7

19   trustee against McGladrey and Mr. Aquino.

20              In fact, it's our understanding

21   that they participated in the bringing of that

22   claim so it's not apparent to us at all why it

23   was that they waited to March 9th to seek to

24   amend the pleadings in this action, preventing

7

1    McGladrey and Pullen and Mr. Aquino from making

2    a full and fair argument and objection to the

3    amendment on the grounds of futility and we do

4    believe the amendment would be futile because

5    the proposed amended complaint is very much

6    dismissible.

7            There are statute of limitations

8    problems that Royal faces. They also have

9    problems in alleging privity and reliance and

10   what we're simply asking for is the opportunity

11   the fully brief that in front of Your Honor

12   before you make a decision on the motion for

13   amendment.

14           THE COURT: Okay. Let me see, is

15   there anybody else that wishes to be heard?

16           What about Pepper Hamilton?

17           MR. SHAPIRO: Good morning, Your

18   Honor.

19           THE COURT: Good morning.

20           MR. SHAPIRO: Steve Shapiro with

21   the Schnader Harrison firm. We are counsel for

22   Pepper Hamilton in the case brought by the

23   trustee which is currently before Judge Sleet.

24           In the interest of full

8

1    disclosure, Your Honor, I am not admitted

2    generally in this district. I am admitted pro

3    hac before Judge Sleet.

4              THE COURT: All right. That's

5    fine.

6              MR. SHAPIRO: Our position, Your

7    Honor, at this point is we do not believe we

8    have standing to make an argument at this stage

9    since we are not yet parties to this action.

10              We simply point out that most of

11    these claims were brought by the trustee in an

12    action that is funded by Royal that is currently

13    pending before Judge Sleet. There are many

14    potential problems here including the risks of

15    inconsistent rulings between the two courts,

16    also -- excuse me, automatic stay issues, Your

17    Honor, we haven't heard from the trustee yet.

18              The trustee is claiming that he

19    has exclusive standing to bring some of these

20    claims, yet now Royal is bringing them here and

21    we assume at some point the trustee will take

22    action to preserve the claims on behalf of the

23    estate. And that that is really our position,

24    Your Honor, is I really cannot be telling you

9

1    anything at this point, but that's where we

2    stand.

3                    THE COURT:  Okay.  Thank you.

4                    MR. SHAPIRO:  Thank you.

5                    MR. GROSSBART:  Do you wish to

6    hear a response, Your Honor?

7                    THE COURT:  Sure.

8                    MR. GROSSBART:  The proposed

9    complaint, amended complaint charges McGladrey

10   and Pepper with fraud, conspiracy, aiding and

11   abedding.  These are serious allegations.  We

12   take them seriously.

13                   We filed when we filed because

14   based on information that came to light as

15   recently as the end of the last year, we felt we

16   were in a position to make a good faith

17   pleading, do our investigation and so forth.

18                   And I find it a little ironic that

19   we would then be accused of almost like a

20   latches argument for not coming sooner,

21   particularly when the proceedings, the discovery

22   proceedings and the litigation proceedings

23   haven't really started at all on this

24   third-party complaint.

1       So the fact that there has been a

2   time lag in and of itself is irrelevant.  As for

3   things like statute of limitation and privity

4   and reliance, I respectfully disagree with

5   what's been said, but those are all Rule 12

6   arguments and those are not waived.

7       If McGladrey feels the complaint

8   is deficient on those bases, they'll bring a

9   motion and I assume Your Honor will rule on it.

10  They will have all the time and opportunity in

11  the world for full and fair hearing on that.

12  They're not waiving that at all and they'll be

13  in exactly the same position to make those

14  arguments on Rule 12(b).

15      As for Pepper, I guess I agree

16  with Pepper on their lack of standing, but I

17  will point out in their motion to dismiss the

18  trustee's action one of the arguments they make

19  at some length is that Royal should be bringing

20  the lawsuit because Royal is the real party in

21  interest.

22      Well, now that we've done so, it's

23  a little strange for them to be coming here and

24  saying well, maybe this is the trustee's deal.

1    But they're on record as having

2    already said that Royal is the real party in

3    interest.  In any event, I don't think we've

4    heard any arguments here that justify our motion

5    to deny Rule 15.

6    THE COURT:  And what is the

7    discovery that is anticipated by Royal?

8    MR. GROSSBART:  Well, assuming the

9    proposed pleading --

10    THE COURT:  Just in the case as it

11    exist now.

12    MR. GROSSBART:  As the case exist

13    now, the contract aspects, the insurance policy

14    aspects of this case are on appeal before the

15    Third Circuit as Your Honor knows, so depending

16    on what -- if that case -- if that part of the

17    case is remanded here, that will change things

18    considerably.  Then there will be a triable

19    issue about what the contracts mean presumably.

20    As for the remainder of the case,

21    it's really as we stand here today got two basic

22    pieces, one is a breach of contract piece

23    against Wells Fargo, a contract independent of

24    the insurance policies.  Royal has alleged and

1   is continuing to allege that Wells Fargo has

2   certain independent duties pursuant to these

3   pooling and service agreements.  That piece of

4   the case exist now, it continues to exist, and

5   we are just beginning to finalize -- excuse me,

6   we are just completing finalizing

7   confidentiality orders with the Wells Fargo

8   attorneys so there will be an exchange of

9   documents relative to that and that's going to

10  go forward.

11          We also have the fraud piece

12  against the FSC entities that existed, that

13  exist now and will continue to exist and that

14  piece will now be expanded assuming our motion

15  is granted to encompass the McGladrey parties

16  and the Pepper parties who are alleged to be

17  part of the conspiracy with FSC to misrepresent

18  FSC's situation in connection with Royal.

19          So that discovery hasn't gotten

20  off the ground yet and what we anticipate is

21  obviously a document request, we want to see

22  McGladrey's work papers, they have resisted in

23  connection through the proceedings that we're

24  here last winter and fall, they protested that,

13

1    we'll seek that now directly in this case, we'll

2    seek deposition discovery, we'll seek records

3    from Pepper Hamilton as well.  How many

4    depositions is sort of hard to say.  I don't

5    think it's an enormous number, but it's not

6    inconsequential, either.

7                    THE COURT:  All right.  Thank you.

8                    MS. RENDON:  Your Honor, if I may

9    make a few brief remarks in response?

10                   THE COURT:  Sure.

11                   MS. RENDON:  Thank you.  And I

12   will be brief.

13                   McGladrey and Pullen and

14   Mr. Aquino certainly agree that were it Royal's

15   application to be granted that they would have

16   12(b)(6) opportunities.

17                   I think what we're questioning and

18   having standing as a party greatly affected us

19   as to whether or not an amendment is allowed to

20   Royal to bring us into the case, why it is that

21   we are proceeding on an emergency basis.  There

22   is a difference in proceeding through a 12(b)(6)

23   as compared to arguing futility at this time

24   since arguing futility would occur prior to the

14

1    amendment as compared to a 12(b)(6) argument

2    which would occur after the amendment.

3              And, again, one just has to

4    question why it is that Royal waited as long as

5    it did to seek to amend, even by Mr. Grossbart's

6    admission it was as of the end of last year that

7    they became aware of this new evidence which has

8    not been articulated what that new evidence is

9    but became aware of new evidence that made them

10   believe they had claims against McGladrey, so

11   one has to question why it is that Royal waited

12   until March 9th when they were aware of the

13   statute running on March 20th to seek an

14   emergency application in front of this Court.

15             And we would simply argue that

16   Royal should not benefit from its own tardiness

17   in a self-created emergency and to the extent

18   that they are going to seek to amend there

19   should be a full and fair briefing on the issue

20   before the amending occurring.

21             THE COURT:  Let me ask you this

22   question.  Suppose I deny the motion to amend,

23   despite the fact that the parties truly before

24   the Court have no objection, there is a case,

1    everybody in that case is okay with the

2    amendment, but let's say I deny it anyway.  Now,

3    Royal would then file a complaint today, a new

4    action against your client.

5                    MS. RENDON:  Uh-huh.  Your Honor,

6    Royal will do what Royal will do.

7                    THE COURT:  But I'm kind of

8    thinking that they will probably file a

9    complaint against you.  Now that takes away your

10    futility argument.

11                    MS. RENDON:  Well, Your Honor,

12    what we're asking is not right now for Your

13    Honor to rule that no amendment should be

14    allowed, simply what we're asking for is on the

15    merits consideration as to whether or not the

16    amendment would be futile prior to the amendment

17    occurring as compared to a procedural dismissal.

18                    THE COURT:  I understand what your

19    thinking is because of the first argument you

20    would like to raise procedurally, but I'm

21    looking at bringing some semblance of order to

22    this case.  I mean, we have got part of it on

23    appeal, so who knows.  We have got the

24    trustees's case over in Judge Sleet's courtroom.

1    We have got this other case here.  And now

2    they're trying to bring your clients and Pepper

3    Hamilton into this case and, you know, I'm

4    thinking --

5              MS. RENDON:  You also have us in

6    front of you on the trustee's claim against

7    McGladrey.

8              THE COURT:  Say that again.

9              MS. RENDON:  You also, you, Your

10   Honor, have the trustee's action against

11   McGladrey and Mr. Aquino in front of you.

12             THE COURT:  Right.  So I'm looking

13   at it and there is not any kind of an order to

14   the case in my view.  You know, we decided the

15   issues with the banks, but that didn't do

16   anything for the case.

17             MS. RENDON:  I guess, Your Honor,

18   all we're -- I guess what's troubling to us is

19   that the lack of order that you're alluding to

20   really could have been prevented by Royal when

21   they filed their original answer and

22   counterclaim in this case.

23             THE COURT:  Well, could have been

24   prevented by me, too, if I was smarter when I

17

1     first got the case assigned, but I wasn't, but

2     now I'm getting smarter because I'm learning

3     more about the breath of the case, so I'm going

4     to take your futility argument away.  I'm not

5     going to give you a chance to put that here.

6                    And how I am going to do this is

7     deny the motion to amend in the case that's

8     before me, put Royal to a new case with a

9     complaint which can always be consolidated.  I'm

10    going to talk to Judge Sleet about getting his

11    case over here.  And then I'm going to divide up

12    or consolidate the cases that will then be in

13    front of me.

14                    So what you will get to engage in

15    rather than a motion practice on futility of an

16    amendment which may have no impact on the

17    overall case at all, you'll get to engage in a

18    Rule 12 practice with Royal on the substance of

19    the complaint that will be directed just to your

20    client.

21                    Now, that's not as good as you

22    would like it to be, but it starts to give me

23    the ability to manage the case a little bit.  So

24    then we'll see after that Rule 12 practice

18

1    whether you're in a case or not in a case.  And

2    then we'll see whether your case should be

3    combined with some other of the myriad of cases

4    that will be before me then and then we'll try

5    to get scheduling orders in place for the

6    pieces, or the one big case that we'll have that

7    will be consolidated.

8              And you can report to your client

9    and save them all that money on briefing

10   futility and we're going right to a 12.  Because

11   in this circuit the chances of me being affirmed

12   on a futility finding for you, you got a better

13   chance of both those tables walking out of the

14   courtroom with you today.  It's just not going

15   to happen.

16             And the whole idea of pushing up

17   against March 20th, I read that, I agree with

18   you, Royal says to me although Royal believes

19   that the limitation with respect to the each of

20   the new parties named in the amended pleading

21   will continue to run for some time, it is

22   possible that the newly added defendants may

23   seek to avoid the application of discovery

24   accrual and argue that the limitation period for

1    certain of the claims pled expires on -- I mean,

2    if you read that three or four times, and you're

3    a trial judge, you got to take medication.

4    Because what it's saying is nothing.  So I got

5    to get this case in order.

6             So I apologize for not giving you

7    a chance to brief through futility.  You're

8    going to be a defendant in a separate action it

9    sounds like, maybe you won't be, maybe they'll

10   decide not to bring a separate action, and then

11   what I want to do is once your clients are

12   served, I want to get you on the phone to put a

13   scheduling order in place for the motion that I

14   think you'll file rather than answer.

15             MS. RENDON:  That's correct, Your

16   Honor, I think we will do that.  And all I would

17   simply add to what you've laid out is the hope

18   certainly by our parties that we would, in fact,

19   end up in front of you simply because of the

20   long history you do have in this case.

21             THE COURT:  Oh, yes, when the

22   complaint is filed, I'm going to -- you should

23   put it to a related case, particularly after

24   this pleading to amend this case, but I'm going

1    to put in that we have a thing for assignment

2    appropriate to this judge.

3              MR. GROSSBART:  Your Honor, I was

4    going to ask you exactly what you would like us

5    to do in that regard.  And you have answered

6    that question.  We are going to file a separate

7    case and the motion was brought here principally

8    to -- because we knew we could always bring a

9    separate case, but principally to get you

10   involved earlier rather than later in terms of

11   how you want to manage the courtroom in the

12   case, so that's all fine.

13             THE COURT:  So I'll deny this

14   motion, you'll file your complaint, you'll get

15   served, on the papers that you file you'll say

16   it's a related case to my case, don't include

17   Judge Sleet's case, I'll talk with him this

18   afternoon and I'm sure he'll be very

19   disappointed to lose that trustee case, but

20   we'll get him to bring that over to me and then

21   the first thing we'll attend to will be your

22   motion under Rule 12.

23             And then once that's resolved,

24   then we'll look at all the cases and see how

1  we're going to manage them, whether consolidated

2  or in pieces, but we're going to get scheduling

3  orders in place for all of them.

4          I'm not going to rush it, it's not

5  about rushing, it's about having some semblance

6  of order.  And then we'll actually anticipate

7  without any prediction the dropping back of the

8  bank cases.

9          So I'm going to give some firm

10  trial dates, but they'll be out far enough that

11  if those cases are dropped back in here, they

12  won't blow up the work that you've done.  There

13  will be an ability to mesh them so that we can

14  go forward.

15          MS. RENDON:  Thank you, Your

16  Honor.

17          THE COURT:  And I'll ask you to

18  remind me of that when we're talking about the

19  scheduling.

20          MS. RENDON:  Thank you.

21          THE COURT:  Okay.  Anything else

22  we should talk about on behalf of Royal?

23          MR. GROSSBART:  No, not on our

24  part.

22

1          MS. RENDON:  No, Your Honor.

2     Thank you.

3          THE COURT:  Okay.  And Pepper

4     Hamilton, you don't have any standing so you're

5     out of this.  You got your stay.

6          Thank you very much.  We'll be in

7     recess.

8          (Court recessed at 10:55 a.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

23

```
1    State of Delaware      )
                            )
2    New Castle County      )

3

4                    CERTIFICATE OF REPORTER

5

6         I, Dale C. Hawkins, Registered Merit
     Reporter and Notary Public, do hereby certify that
7    the foregoing record inclusive, is a true and
     accurate transcript of my stenographic notes taken on
8    March 18th, 2005, in the above-captioned matter.

9         IN WITNESS WHEREOF, I have hereunto set my
     hand and seal this 22nd day of March, 2005, at
10   Wilmington.

11

12                    Dale C. Hawkins, RMR

13

14

15

16

17

18

19

20

21

22

23

24
```