**EXHIBIT C**

**Thelen Reid & Priest LLP**
*Attorneys At Law*

875 Third Avenue
New York, NY 10022-6225

Tel. 212.603.2000
Fax 212.603.2001

www.thelenreid.com

Veronica E. Rendon
212.603.6748 Direct Dial
vrendon@thelenreid.com

February 6, 2004

VIA FACSIMILE

Sheryl L. Auerbach, Esq.
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103-7595

Re: <u>Student Finance Corporation</u>

Dear Sheryl:

As you know, we have in our possession documents from the files of RSM McGladrey, Inc. and its affiliates (for purposes of this letter, "RSM") relating to Student Finance Corporation ("SFC"). SFC is the subject of a Chapter 7 bankruptcy proceeding in which you act as counsel to the Trustee of the SFC Estate.

On January 29, 2004, we made the RSM documents available for review by Schneider & Co., the Estate's accountants, and Mr. Derrick Dyer of your firm, on an "accountant's eyes only" basis, pursuant to an interim letter agreement dated January 14, 2004 between us and you. In connection with that arrangement, in a telephone conversation that occurred on or around January 21, 2004, you agreed to consider a proposal to limit third party access to the RSM documents identified by Schneider & Co. and Mr. Dyer, should we agree to produce those documents to you voluntarily. Following is our proposal.

Should any third party, including creditors of the Estate, seek access to the documents through a subpoena, or through a formal, Rule 34-type request for production of documents, we ask that the Trustee provide us, as counsel to RSM, with at least 10 days written notice of the subpoena or request, unless the subpoena or request seeks production in less than 10 days, in which case we ask that we be provided with as much advance written notice as possible under the circumstances. The purpose of the advance notice is to afford us an opportunity to intervene and/or object to the subpoena or request. Should we in fact intervene and/or object, we ask that the Trustee forego providing access to the documents by the requesting party until a resolution between that party and RSM is achieved, either through informal negotiations or as a result of Court intervention.

Similarly, should any third party, including creditors of the Estate, seek access to the documents on a more informal basis (e.g., verbally or by letter), we ask that the Trustee notify us

Sep 15 04 02:21p        DILWORTH PAXSON LLP         (215)575-7200              p.4

February 6, 2004
Page 2

**Thelen Reid & Priest LLP**

in writing of the informal request upon its receipt. Should we object to the request, and such objection can not be resolved on a consensual basis, we ask that the Trustee not provide access to the documents unless and until the requesting party makes a formal demand for the documents either through a subpoena or a formal, Rule 34-type request for production of documents, with notice to us, as counsel to RSM, in which case the preceding paragraph will apply.

In exchange for your agreement to the above, we will furnish you with copies of the RSM documents that were identified by Schneider & Co. and Mr. Dyer, by no later than next Tuesday, February 10, 2004. The copies will be furnished at our expense. Moreover, your agreement to this proposal is without prejudice to your right to re-inspect the full body of RSM documents and to obtain additional documents following such inspection.

It should be noted that, in making this proposal, we understand that the Trustee wishes to use the RSM documents for the benefit of the Estate without limitation; and advance notice is not requested by Thelen Reid for such use. Thus, we do not propose limiting the Trustee's right to use the RSM documents at depositions, as attachments to Court submissions, or for distribution to the Estate's retained professionals (provided they also agree to be bound by this letter), or for any other purpose that the Trustee determines would benefit the interests of the Estate. All we are seeking is protection against disclosure to third parties (in the circumstances outlined in the third and fourth paragraph above) without our awareness and an opportunity to respond.

If you are willing to proceed on the basis outlined above, please confirm by countersigning this letter below and returning an executed copy to us. This proposal, and agreement (if entered into), is without prejudice to any of the parties' previously asserted positions.

Thank you for your consideration.

Very truly yours,

Veronica E. Rendon

Accepted this 6th day of February 2004:

DILWORTH PAXSON LLP

By: _____
Sheryl L. Auerbach, Esq.
Counsel to the Chapter 7 Trustee of the
Student Finance Corporation Estate

cc:   Daniel Astin, Esq. (via fax)