# EXHIBIT H



"Grossbart, John I."
<jgrossbart@sonnenschein.com>

11/03/2005 01:00 PM

To Veronica Rendon/Atty/NY/ArnoldAndPorter@APORTER

cc "Castaybert, Andre" <ACastaybert@proskauer.com>, "Gilbert, Alan S." <agilbert@sonnenschein.com>, <dcrecca@mdmc-law.com>, Jason

bcc

Subject RE: Document Issues

History: This message has been forwarded.

Let me try to respond to your email, below.

We have imaged the bulk of Royal's SFC-related materials (to date, approximately 100,000 pages) and could burn those images onto CD's in about a week to ten days time upon receiving a party's request, although to the extent multiple parties desire sets, I would request that they request same roughly simultaneously. To the extent the imaging work is not yet complete, supplemental CD's would then follow. A paper depository also exists at our Washington D.C. office, and arrangements could be made for in-person inspections, although that strikes us as unduly cumbersome for all sides, given the time required and copying charges. Very generally these documents include the SFC policies and related transaction documents, Royal's underwriting files, and memos and correspondence, including internal and external emails. This is what I have previously described loosely as "middle of the plate" material. We can begin taking requests for CD's now.

As for "native" documents and emails, we need to further meet and confer on this. While I am not an expert by any means, I am informed that there are at least burden and cost issues that need to be addressed, even assuming your requests in this regard are valid under applicable law and rules, which we also are looking at.

As for prior depositions, the format you requested should not be problematic, but there are confidentiality orders in other casses that have to be dealt with. We are doing exactly that with Wells Fargo. I will forward to you in a separate email the confidentiality stipulation that Royal and Wells Fargo entered into.

Finally, as to the Trustee's collection, that too merits another conference. Remember, the Trustee (at least to the best of my knowledge) has materials belonging to SFC-- the company in bankruptcy, but not necessarily the SFC-related servicing entities. This may explain part of your inquiry, but I need to do some more checking as well. Of course, you should also make your own inquiries directly to Trustee's counsel.

From: Veronica_Rendon@aporter.com [mailto:Veronica_Rendon@aporter.com]
Sent: Thursday, October 27, 2005 1:26 PM
To: Grossbart, John I.
Cc: Castaybert, Andre; Gilbert, Alan S.; dcrecca@mdmc-law.com; Jason_Butler@aporter.com; jeickemeyer@vedderprice.com; jrodgers@dilworthlaw.com; Pfaehler, Kenneth J.; lashby@ashby-geddes.com; MacVittie, Lisa A.; Barr, Michael H.; nepstein@eckertseamans.com; ptrainer@ashby-geddes.com; Gifford, Robert W.; Merouse, Steven L.; sshapiro@schnader.com; tlydon@ashby-geddes.com
Subject: Re: Document Format Issues

John,

As we previously discussed during our October 18 call, and as we communicated in our written discovery responses to Royal, we believe that McGladrey's and Aquino's (as well as Freed's) position regarding document production is entirely appropriate and consistent with the Judge's statements and the scheduling order entered into in this case. We will not endeavor to reiterate our position in writing since we have already done so, but did want to clarify that we take issue with your statements on this subject and would oppose any effort by Royal to challenge our position

Regarding the proposed protocol, we note that you have not stated when Royal itself intends to produce responsive documents and, if so, in what time frame. We also would like a better understanding of what documents are contained on the Royal cd roms, which you described as containing "middle of the plate" materials in our call. We look forward to clarification of these points.

While we await Judge Farnan's decisions on the pending motions to dismiss and better determine and understand how the Third Circuit's remand may affect discovery in these actions, we agree that it makes sense to discuss production protocols in order to agree on a format for document productions. In that regard, your proposal to produce Royal documents on CDs, in .tiff format, with a viewer load file providing document breaks, seems like a good one. Although we do not have an electronic document repository in place, we are working towards that objective and should be able to produce our documents in the suggested format, if and when it becomes appropriate to do so.

Of course, some exceptions to the general format for paper documents imaged as .tiffs would be necessary For example, McGladrey and Aquino expect production of prior depositions in electronic (e.g ASCII or LiveNote or similar) format. Likewise, electronic data, such as native copies of documents and emails, should be not be converted to .tiff images, but should be produced in their native format. Please advise how Royal anticipates producing responsive materials with respect to requests for this type of information.

Regarding your proposal for the Trustee's production, we have some questions regarding the document index supplied by the Trustee. Many of the box descriptions are vague and it is difficult to determine what materials are contained in the boxes listed on the index. Additionally, it appears the index may be incomplete. For instance, we do not see reflected on the index certain electronic documents and databases identified as having been provided by the Trustee to Royal in court filings in other litigations, including lap top computers containing the SFC loan database. We would like to better understand where that and other information responsive to our requests are located before stipulating on the Trustee documents as requested, although we note that the proposal you suggest is conceptually appealing and we very much favor the idea of streamlining the information and documentation to be produced.

Best,
Veronica

Veronica E. Rendon, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022-4690
(212)715-1165 (direct dial)
(212)715-1399 (facsimile)
Veronica.Rendon@aporter.com

| "Grossbart, John I." <jgrossbart@sonnenschein.com> | To | <ptrainer@ashby-geddes.com>, Veronica Rendon/Atty/NY/ArnoldAndPorter@APORTER, |
|---|---|---|

| | | |
|---|---|---|
| 10/20/2005 11:33 AM | | &lt;jrodgers@dilworthlaw.com&gt;, &lt;dcrecca@mdmc-law.com&gt;, &lt;sshapiro@schnader.com&gt;, &lt;nepstein@eckertseamans.com&gt;, &lt;jeickemeyer@vedderprice.com&gt;, "Pfaehler, Kenneth J." &lt;kpfaehler@sonnenschein.com&gt;, &lt;lashby@ashby-geddes.com&gt;, &lt;tlydon@ashby-geddes.com&gt;, "Castaybert, Andre" &lt;ACastaybert@proskauer.com&gt;, Jason Butler/Atty/NY/ArnoldAndPorter@APORTER |
| | cc | "Merouse, Steven L." &lt;smerouse@sonnenschein.com&gt;, "MacVittie, Lisa A." &lt;lmacvittie@sonnenschein.com&gt;, "Pfaehler, Kenneth J." &lt;kpfaehler@sonnenschein.com&gt;, "Barr, Michael H." &lt;mbarr@sonnenschein.com&gt;, "Gilbert, Alan S." &lt;agilbert@sonnenschein.com&gt;, "Gifford, Robert W." &lt;rgifford@sonnenschein.com&gt; |
| | Subject | Document Format Issues |

Following up our telephone conference of October 18, 2005, we remain of the view that the Court's Order of June 13, 2005, which states that "[w]ritten discovery shall commence on Wednesday, September 7, 2005," and its August 31, 2005 Order (the wording of which was stipulated to by all parties), which states that "further written discovery may re-commence on September 7, 2005," require that written requests for the production of documents not only have to be responded to, but actual document productions have to been made in accordance with Rule 34. Despite the responses of McGladrey, Freed and Aquino, and their statements during the conference, to the contrary, and their oral and written statements that they will not begin the production of any documents whatsoever (and, indeed, McGladrey's additional efforts to block the production of documents now in the possession of the SFC Trustee (who was subpoenaed in Case No. 05-0165)), Royal is prepared, consistent with the Court's Orders, to schedule its actual production to all parties pursuant to mutually agreeable arrangements. Notwithstanding, Royal continues to maintain, as I articulated during the conference, that the positions of McGladrey, Aquino and Freed are in blatant derogation of the Court's Orders and intends to file a motion seeking the Court's intervention and reserves all of its rights accordingly.

As I mentioned on the conference, we think that significant cost and expense could be saved with document productions, where possible, being made in electronic format (i.e., images), rather than the physical production and/or copying of paper. Upon receipt of such images, each party could then add whatever coding or organizational fields of information they want.. Accordingly, Royal proposes that the document productions in each of the cases consolidated for discovery proceed as follows to the fullest extent possible:

1. Each party will produce their documents in single page TIFF format on CD-ROMs;

2. Each document will be bates labeled with a unique alphabetical prefix followed by the applicable document number, i.e., for Royal "ROY00001," "ROY00002," etc.

3.  Each production CD-ROM will contain a document viewer load file (i.e., Ipro, Summation or Opticon) that provides the relevant document breaks linked to the relevant TIFF images on the disk

Regarding the Trustee's paper documents, Royal proposes that the parties collectively make a cut of the boxes of documents in the Trustee's possession based on the Trustee's document box index. Once that cut is made, the relevant documents are imaged, bates labeled as Trustee documents, and produced according to the same protocol discussed above.

Please respond by email regarding your acceptance or not of these procedures or, course, any other related issues you think appropriate.

John Grossbart
**Sonnenschein Nath and Rosenthal LLP**
233 South Wacker Dr.
Suite 8000
Chicago, IL 60606
312-876-8095 (Direct)
312-876-7934 (Fax)