IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY,<br><br>                Plaintiff,<br><br>      v.<br><br>PEPPER HAMILTON LLP, RODERICK GAGNÉ,<br>FREED MAXICK & BATTAGLIA CPAs,<br>McGLADREY & PULLEN, LLP, and<br>MICHAEL AQUINO,<br><br>                Defendants. | C.A. No. 05-165<br><br>Hon. Joseph J. Farnan, Jr. |

**McGLADREY & PULLEN, LLP's and MICHAEL AQUINO's OPPOSITION TO
ROYAL INDEMNITY COMPANY's MOTION TO COMPEL AND FOR SANCTIONS**

DUANE MORRIS LLP

Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
Christopher M. Winter (DE I.D. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901

-and-

ARNOLD & PORTER LLP

Richard P. Swanson
Veronica E. Rendon
Jason M. Butler
399 Park Avenue
New York, NY 10022
Telephone:    (212) 715-1000
Facsimile:    (212) 715-1399

*Attorneys for McGladrey & Pullen, LLP
and Michael Aquino*

November 16, 2005

Defendant McGladrey & Pullen, LLP ("McGladrey") and Michael Aquino ("Aquino") submit this memorandum in opposition to the motion of Royal Indemnity Company ("Royal"), pursuant to Fed. R. Civ. P. 37, to compel and for sanctions.

## Introduction And Summary

Royal moves to compel and seeks sanctions against McGladrey and Aquino -- and even suggests contempt -- for not yet producing documents in response to Royal's Rule 34 requests. Royal has jumped the gun. No party has produced a single document in this case, including Royal. McGladrey and Aquino, like all parties, have been participating in the "meet and confer" discussions and preparing their documents for production. To call McGladrey and Aquino out for proceeding at the same pace and in the same manner as all the other parties in the case, or to claim that McGladrey and Aquino have somehow acted in contempt of Court for doing so, is incorrect and unfair.

The parties did not begin "meet and confer" conversations on the format and scope of document production until the very day Royal stated it would file this motion, and that process is far from complete. The scope of discovery in this action is massive, involving at the very least 2.5 million pages of documents from Royal and the Trustee alone. The parties have not yet determined the scope of their productions, including electronic discovery under this Court's Default Standards for Discovery of Electronic Documents, or even how to handle such productions. For example, the Trustee has indicated that it has in excess of 800 boxes of documents, the contents of which are largely unknown. While the parties generally have agreed to make electronic productions, they are grappling with how to do that with the Trustee's documents in an efficient manner, while, at the same time, preparing their own documents for electronic production. McGladrey and Aquino are such parties and so, apparently, is Royal, which recently indicated it needs at least 10 days to prepare its own electronic production, and that is only with

1

respect to 100,000 of its apparent 500,000 pages of documents. It is sensible for these issues to be addressed fully before the actual production of documents commences.

The parties have also not considered or addressed the impact of the Third Circuit's decision in *MBIA Insurance Corp. v. Royal Indemnity Co*, No. 02-1294 (the "MBIA Action"), which, as Royal has previously stated to the Court, may change the course of discovery significantly. McGladrey and Aquino have requested Royal to explain what types of discovery it anticipates pursuing, and what impact Royal anticipates such discovery having on the coordinated discovery schedule in these cases since it may well be that there is in fact a substantial impact on the timing and scope of discovery as a result of the decision. Royal has failed to answer those important questions, which may help avoid duplicative productions. Royal's motion avoids those issues, and suggests instead that McGladrey and Aquino were acting in an improper manner. That could not be further from the truth. McGladrey and Aquino seek only to have a logical and efficient discovery process.

While Royal complains about McGladrey and Aquino's position that the actual production of documents should await decisions by the Court on their outstanding motions to dismiss, that complaint is also without basis. The Court has consistently indicated that obtaining the Third Circuit decision and its own decisions on the outstanding motions to dismiss would assist the Court in managing these cases. In terms of discovery, this is a massive case, involving the production of potentially millions of pages of documents. Before the accountants are required to engage in that costly process, they should know whether they will in fact remain as parties in the case and, if so, what issues should be prioritized for the Court's consideration.

McGladrey and Aquino have used the intervening time productively. They have conducted written discovery in full compliance with this Court's orders; they have participated in good faith in the "meet and confer" process, which has already created, and will continue to create, efficiencies that will

make any ultimate document productions more meaningful and cost-effective; and they are working diligently to prepare their documents for electronic production should they remain as parties in the case. They, like Royal, require time to do so, and they have not delayed the discovery schedule any more than any other party in this matter. Royal's motion should be denied.

### Background and Facts

On June 9, 2005, the Court directed the parties to submit a proposed joint discovery order, which the parties did and which the Court entered on August 31, 2005. (Royal Ex. A). On September 7, 2005, pursuant to that order, written discovery commenced when McGladrey and Royal exchanged Rule 34 document requests. (Royal Ex. D). Other parties, such as the Trustee, Pepper Hamilton and Freed, Maxick & Battaglia, served their Rule 34 requests later that month. As a result, all parties in this action did not finish even exchanging responses and objections to Rule 34 requests until November 7, 2005, four days after Royal filed this motion.

On October 3, 2005, the Third Circuit issued its decision in the MBIA Action. *MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204 (3d Cir. 2005). In that decision, the Court indicated that "[f]urther discovery may be necessary" to aid this Court's determination of "whether or not the policies cover losses attributable to SFC's alleged conversion" and, if not, "the extent to which SFC's misappropriation contributed to those losses." *Id* at 220. As a result, there is every possibility that the original timing and scope of discovery anticipated in these cases, which have been coordinated for discovery, will be greatly affected. As Royal itself has stated to the Court, "if part of the [Third Circuit] case is remanded here, that will change [discovery] considerably." (Ex. A at 11).

On October 5, 2005, Royal and McGladrey agreed on a joint schedule for the exchange of written responses on October 18, 2005. (Ex. B). Royal took the position that McGladrey and Aquino were required to make a complete document production on the very same day they served their Rule 34

3

responses, notwithstanding that Royal failed to do the same in return. (*Id.*). Royal also demanded access to certain McGladrey documents that were previously inspected and copied by former counsel for the Trustee, and threatened to serve a subpoena on the Trustee seeking production of those documents on October 18, 2005 unless McGladrey and Aquino allowed Royal access to those documents within two days.[1] (*Id.*).

Royal's unilaterally-imposed two-day deadline was not met, and it appears that on October 7, 2005, Royal served a subpoena on the Trustee which sought production of those documents on October 18, 2005. (Royal Ex. C). McGladrey and Aquino notified the Trustee that they objected to the subpoena, and the Trustee notified Royal on October 10, 2005 that it would not honor the subpoena until the objections were resolved. (Ex. D). On October 18, 2005, McGladrey and Aquino objected to Royal's subpoena to the Trustee as an improper attempt by Royal to supersede the orderly discovery schedule outlined by the Court. (Royal Ex. E). Moreover, since the documents sought by the subpoena likely will overlap with Royal's Rule 34 requests, McGladrey and Aquino objected that the subpoena is a wasteful and unnecessary diversion from the orderly discovery process that already is underway.

That same day, consistent with the parties' stipulated schedule, McGladrey and Aquino responded to Royal's Rule 34 requests. (Royal Ex. D). As part of their response, McGladrey and Aquino took the position that while the parties should begin to prepare their productions, the actual production process should await a discussion about how, if at all, to fold into this case any discovery required following the Third Circuit's recent decision on the appeal in the MBIA Action as well as the Court's

---

[1] McGladrey allowed former counsel for the Trustee to inspect and copy certain McGladrey documents in February 2004, before the Trustee settled its prior lawsuit against Royal and before the Trustee and Royal sued McGladrey and Aquino. These documents are subject to a confidentiality agreement, which obligates the Trustee to provide McGladrey with advance written notice of any subpoena seeking production of these documents, and the opportunity to intervene or object. Should McGladrey object, the Trustee agreed not to produce these documents until that objection is resolved, informally or otherwise. (*See* Ex. C).

decisions on the pending motions to dismiss, which may narrow the issues in dispute if not eliminate them entirely. (Royal Ex. D at 6, ¶ 29).

Also on October 18, 2005, Royal responded in writing to McGladrey and Aquino's Rule 34 requests. Contrary to its own position, Royal failed to produce documents on that date. It still has not produced documents and has indicated that it requires additional time to do so. Additionally, Royal's responses to McGladrey's Rule 34 requests contained numerous objections, which the parties have just begun to discuss. (*See* Ex. E).

Contrary to Royal's suggestion, McGladrey and Aquino have not stonewalled on document production. No party has yet produced any documents in this action. McGladrey and Aquino, like all parties, have been participating in "meet and confer" sessions regarding the scope, format and timing of document production and preparing their documents for production accordingly.

Although the parties are just learning about the volume of documents involved in this case, that number is already substantial. Royal has at least 500,000 pages of documents to produce, as well as electronic materials, such as emails and computer hard drives. (*See* Ex. F, at 5). The Trustee possesses over 800 boxes of documents, spread over two New Jersey warehouses, which alone could contain two million pages, and which does not include substantial electronic information, including the entire SFC student loan database which apparently is contained on a series of CD disks. (*See* Ex. G).

In light of the volume of documents involved in these cases, the parties are currently preparing their documents to be produced as images, capable of analysis on an electronic document repository, which will streamline document production and analysis. (*See* Ex. H). McGladrey and Aquino are creating an electronic document repository that would enable production in this imaged format. (*Id.*). Showing the premature nature of this motion, the parties did not agree to produce in this format until after Royal indicated it would move to compel. (*Id.*)

5

Moreover, the parties have not yet agreed upon a form of confidentiality order, which Royal, McGladrey and Aquino agree is a prerequisite to producing documents. And, the parties have not yet met and conferred regarding electronic discovery protocols pursuant to the Default Standards for Discovery of Electronic Documents applicable in this Court. (*See* Ex. E).

The importance of this discussion cannot be overstated. There appear to be key emails involved in these actions -- for example, Royal's September 28, 2000 email, where Royal states that "SFC is running some kind of Ponzi scheme" -- and, as a result, McGladrey and Aquino have requested the production of native electronic documents, such as emails and metadata identifying when and by whom emails were received and sent. Moreover, there appears to exist a "Laptop Computer and Hard Drive with SFC Loan Database," which the Trustee has indicated it has on disks and which Royal has listed as a trial exhibit in a related litigation. (*See* Ex. I, at 13). The production of this important information is still being explored and the subject of ongoing "meet and confer" conversations.

Although not discussed in Royal's motion, the overall discovery process is proceeding slower than originally anticipated, reflecting the substantial volume of documents to be produced and the many different formats in which such documents exist. Indeed, Royal itself did not offer to make its own documents available for production in the agreed-upon format until the very day it filed this motion, and, even then, that production apparently only contains 100,000 of the 500,000 pages in Royal's possession (and even for that sub-set of documents, Royal apparently requires an additional ten days to produce). (*See* Ex. H).

All parties, including McGladrey and Aquino, are continuing to prepare their documents for production, and in light of these unsettled issues, no party has yet made a production of documents. In that way, McGladrey and Aquino are not unique, and certainly are not acting in contempt of Court.

6

It was, and is, McGladrey's and Aquino's position that discovery should proceed in a logical and efficient manner. The impact of the Third Circuit's decision needs to be taken into account. Royal itself has stated to the Court that a remand by the Third Circuit will change discovery "considerably." (Ex. A, at 11). Moreover, the actual process of production of documents should await determination by the Court of the outstanding motions to dismiss.

Since this case's inception, the Court consistently has stated that addressing and deciding the parties' motions to dismiss would be its first priority. On March 18, 2005, when this Court denied Royal's motion to amend its third-party complaint in the MBIA Action, the Court stated that "the first thing we'll attend to will be [McGladrey and Aquino's] motion under Rule 12." (Ex. A, at 20). The Court reasoned that a decision whether McGladrey and Aquino were "in a case or not in a case" would "give me the ability to manage the case a little bit." (Ex. A, at 17-18). On June 9, 2005, when the Court ordered the parties to submit scheduling orders governing written discovery, the Court stated that it would "try to get [the parties] a decision in a reasonably short amount of time." (*See* Royal Ex. B, at 31-32).

McGladrey and Aquino have used the intervening time productively and believe that, while the motions to dismiss are outstanding, the parties should continue to discuss the scope and format of their respective document productions, including electronic discovery, and how best to coordinate discovery in light of the Third Circuit's decision in the MBIA Action. Thus, when the Court rules on the motions to dismiss, the parties will either have avoided the cost and expense of producing and analyzing millions of pages of documents, or be in the position to make that production and review as cost-effective and meaningful as possible.

## ARGUMENT

Despite the fact that the parties are still meeting and conferring on how best to conduct document production in these cases, and despite the fact that all parties continue to prepare their documents for production, Royal contends that McGladrey and Aquino should be sanctioned for not having produced any documents on October 18, 2005, and be compelled to produce documents "promptly." (Royal Mem. at 7). Royal's position lacks legal basis.

*First*, Royal failed, as required under Rule 37, to make a good faith effort to meet and confer before seeking the Court's intervention. *See Naviant Marketing Solutions v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003). Royal indicated its intent to file this motion before the parties had even agreed upon a format for producing documents, and after McGladrey and Aquino began preparing their documents for production in that format. Although McGladrey and Aquino believe that all parties should await decisions on the motions to dismiss and "meet and confer" to make any ultimate production more efficient, this does not mean that McGladrey and Aquino are withholding documents from production in a manner different in any meaningful way from all parties in these actions. Royal's motion improperly jumps the gun.

*Second*, when sanctions are sought in this Court under Local Rule 1.3, "those in glass houses should not throw stones." *Murphy v. Bancroft Construction Co.*, No. 02-cv-453, 2002 WL 31641641, at *3-4 (D. Del. Nov. 15, 2002). Although Royal seeks to sanction McGladrey and Aquino for not yet producing documents, Royal has not produced any documents either. Indeed, although Royal has litigated SFC-related cases for years, and has already produced 500,000 pages in other litigations, on the day Royal filed its motion, it agreed to make available (on ten days notice) only one-fifth of these previously-produced documents, and is still preparing its own documents for production in the agreed-upon format. Were Royal's theory on sanctions correct, Royal itself would be in contempt.

8

*Third*, to the extent the parties disagree on the timing of document production, it is a good-faith dispute on how discovery should proceed in these cases, not sanctionable conduct. The sanctions sought by Royal are appropriate only on a showing of willful, bad faith conduct. *See LaSalle Nat'l Bank v. First Conn. Holding Group, LLC*, 287 F.3d 279, 288 (3d Cir. 2002); *Young v. West Coast Indus. Relations Ass'n, Inc.*, 144 F.R.D. 206, 217 (D. Del. 1992) ("A finding of willful bad faith is a prerequisite" for imposing sanctions). McGladrey and Aquino have conducted written discovery in good faith under the schedule ordered by the Court, have participated in every "meet and confer" conversation, and are preparing their documents for production along the same time frame as all parties. McGladrey and Aquino's good-faith position on the timing of document production is reasonable. *See, e.g., Riveredge Assocs. v. Metropolitan Life Ins. Co.*, 774 F. Supp. 897, 903 (D.N.J. 1991) (denying discovery sanctions where party's "position that the motion to dismiss should be resolved before discovery occurs was not unreasonable," and was "undertaken in good faith").[2]

Royal's motion is clearly not "substantially justified." Fed. R. Civ. P. 37(a)(4)(B). If anyone should be awarded costs, it should be McGladrey and Aquino for having to oppose this unnecessary motion. *See id.* At the very least, Royal's motion should be denied and the parties should continue the "meet and confer" process while the Court considers the motions to dismiss. If those motions are denied, the parties will be in a position to engage in document production in a meaningful, efficient and cost-effective manner. If the motions are granted, the parties will have avoided the expense of engaging in the

---

[2]   Royal's argument, that the Court anticipated "the exchange of documents might be substantially completed by the time the Court ruled on the motions to dismiss" (Royal Mem. at 3), takes the Court's comments out of context. The Court stated that by the end of the written discovery period (*i.e.* four months from September 7, unless the parties agreed otherwise), the parties would "have decisions on your motions to dismiss" and "we'll have complete document production." (Royal Mem. at 3). This statement is not controversial, since the Court indicated that a decision might be issued in October, and, the parties will of course have completed document production at the end of the written discovery period, which the parties by consent extended through the deposition phase of discovery. (*See* Royal Ex. A).

massive document production involved in these actions. In either event, potentially unnecessary litigation expenses will have been conserved. Seeking this goal is hardly sanctionable.

Given the overall timing and pace of discovery in this matter; the ongoing meet and confer process; the likely impact of the Third Circuit's decision on the overall discovery schedule; the fact that a confidentiality order is not yet in place; and that massive amounts of documents are being prepared for production in an electronic format, a process which has not been completed by anyone, including Royal, McGladrey and Aquino may not be said to have acted improperly. Rather, McGladrey and Aquino's position is reasonable, and entirely consistent with the Court's orders as well as the conduct of all other parties to the action.

## CONCLUSION

For the foregoing reasons, Royal's Motion To Compel And For Sanctions should be denied.

Date:   November 16, 2005
        Wilmington, Delaware

DUANE MORRIS LLP

Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
Christopher M. Winter (DE I.D. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone:   (302) 657-4951
Facsimile:   (302) 657-4901

-and-

ARNOLD & PORTER LLP
Richard P. Swanson
Veronica E. Rendon
Jason M. Butler
399 Park Avenue
New York, NY 10022
Telephone:   (212) 715-1000
Facsimile:   (212) 715-1399

*Attorneys for McGladrey & Pullen, LLP
and Michael Aquino*