IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs, PC, McGLADREY & PULLEN, LLP, and MICHAEL AQUINO,<br><br>            Defendants. | C.A. No. 05-165<br>Hon. Joseph J. Farnan, Jr. |

**FREED MAXICK & BATTAGLIA, CPAS, PC'S OPPOSITION TO ROYAL INDEMNITY COMPANY'S MOTION TO COMPEL AND FOR SANCTIONS**

Defendant Freed Maxick & Battaglia CPAs, PC ("FMB") submits this memorandum in opposition to the motion of Royal Indemnity Company ("Royal"), pursuant to Fed. R. Civ. P. 37, to compel production of documents and for sanctions (D.I. 84).

INTRODUCTION AND SUMMARY

FMB adopts and incorporates herein the opposition memorandum submitted by defendants McGladrey & Pullen ("McGladrey") and Michael Aquino ("Aquino") in opposition to Royal's motion (D.I. 93). FMB has taken the same position as McGladrey and Aquino with respect to Royal's document request, and is prepared to make a prompt production of the responsive non-privileged documents in its possession upon conclusion of the meet and confer process and disposition of those motions that may narrow the issues in this case and/or terminate entirely the claims asserted by Royal against FMB.

-2-

Royal's motion to compel and for sanctions is thus both premature and an inappropriate overreaction. The motion should therefore be denied.

## BACKGROUND AND FACTS

The facts giving rise to the current motion are adequately stated in McGladrey and Aquino's opposition memorandum. FMB will not burden the Court with another recitation of those facts but will briefly supply out some additional facts pertinent to FMB that demonstrate that the relief sought by Royal is particularly uncalled for with respect to FMB.

In its document request, Royal sought no less than 39 categories of documents from FMB, despite the fact that FMB never performed any audits of SFC's financial statements and Aquino was never a member of, or affiliated with, FMB. As FMB disclosed in its response to Royal's request, which was timely served on October 18, 2005, FMB is, to the best of its knowledge, in possession of documents responsive to only one of Royal's requests. (A copy of FMB's response to Royal's document request is attached hereto as Exhibit A.) FMB does not have any workpapers from that audit or from any of the prior or subsequent SFC audits. The single category of non-privileged responsive documents in FMB's possession can be produced promptly once the meet and confer process, and the agreement on production protocols, is complete, and any motions that may further delineate or narrow the issues herein have been decided.

## ARGUMENT

Notwithstanding the ongoing meet and confer process described in McGladrey and Aquino's memorandum, and the single category of non-privileged responsive documents in FMB's possession, Royal contends that FMB should be compelled to

produce these documents immediately and should be sanctioned for not having produced them to date – notwithstanding that Royal itself has thus far committed to make available only a minimal amount of previously-disclosed material, and in fact has yet actually to produce that material.

In essence, Royal seeks to compel production by, and impose sanctions upon, FMB (and McGladrey and Aquino) for having announced a position concerning the appropriate timing of production with which Royal disagrees. As discussed at pp. 4-7 of the McGladrey and Aquino opposition memo, the sheer volume of documents in this case has necessitated a protracted meet and confer process so that production can be conducted in an orderly and cost-efficient manner. But Royal indicated that it intended to file this motion before the parties even began meaningful discussion of how and in what format document production should proceed. While Royal may differ with McGladrey, Aquino and FMB as to whether document discovery should occur while the various motions to dismiss are pending, there is no dispute that protocols for production of both hard-copy and electronic materials are still under discussion. Indeed, Royal itself has done no more than announce that it will make available documents already made available in other litigations; the actual production is yet to occur. Thus, while Royal seeks to sanction FMB for not producing documents immediately, Royal itself made only an announcement that it will produce a portion of its documents – and that well after serving its written response to the document requests served on it.

In view of the fact that all parties have been responding to written discovery requests and participating in the extensive meet and confer process, there is no basis for a finding that FMB has acted in bad faith, which is a pre-requisite for the imposition of

attorneys' fees under Fed. R. Civ. P. 37 and 28 U.S.C. §1927. (*See* authorities cited at McGladrey/Aquino opposition memorandum at 9.) If FMB is wrong about the Court's intent concerning document production during the pendency of the motions to dismiss, it will promptly produce the single category of non-privileged responsive documents in its possession. But Royal cannot plausibly claim that it has been prejudiced by the fact that FMB has not yet produced those documents, particularly given that the parties have spent the last few weeks attempting to hammer out the details concerning the manner and format in which such production should occur.

Royal's attempt to impose sanctions on FMB for not producing its single category of responsive documents at a time when the parties are working out the details of production and when no actual production by any party has taken place can hardly be deemed "substantially justified" and lacks any basis in law or fact. Royal's motion should therefore be denied.

## CONCLUSION

For all the foregoing reasons, Royal's motion to compel production by, and to impose sanctions upon, FMB should be denied in all respects.

Respectfully submitted,

PRICKETT, JONES & ELLIOTT, P.A.

By: _____
James L. Holzman (Bar ID #663)
J. Clayton Athey (Bar ID #4378)
1310 King Street
Wilmington, Delaware 19801
(302) 888-6500
jlholzman@prickett.com
jcathey@prickett.com
*Attorneys for Defendant Freed Maxick & Battaglia, CPAs, PC*

OF COUNSEL:

John H. Eickemeyer
Jonathan A. Wexler
VEDDER, PRICE, KAUFMAN
    & KAMMHOLZ, P.C.
805 Third Avenue
New York, New York 10022
(212) 407-7700
jeickemeyer@vedderprice.com
jwexler@vedderprice.com

Dated: November 17, 2005

## NOTICE OF SERVICE

I, J. Clayton Athey, hereby certify that service of a copy of the foregoing **FREED MAXICK & BATTAGLIA CPAs, PC's OPPOSITION TO ROYAL INDEMNITY COMPANY'S MOTION TO COMPEL AND FOR SANCTIONS** was caused to be made on November 17, 2005 in the manner indicated upon the following counsel:

**VIA HAND DELIVERY**
Lawrence C. Ashby, Esquire
Philip Trainer, Jr., Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

**VIA FIRST CLASS MAIL**
John I. Grossbart, Esquire
Sonnenschein Nath & Rosenthal LLP
800 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606

PRICKETT, JONES & ELLIOTT, P.A.

By: _____
James L. Holzman (Bar ID #663)
J. Clayton Athey (Bar ID #4378)
1310 King Street
Wilmington, Delaware 19801
(302) 888-6500
jlholzman@prickett.com
jcathey@prickett.com
Attorneys for Defendant Freed Maxick & Battaglia, CPAs, PC

OF COUNSEL:

John H. Eickemeyer
Jonathan A. Wexler
VEDDER, PRICE, KAUFMAN
  & KAMMHOLZ, P.C.
805 Third Avenue
New York, New York 10022
(212) 407-7700
jeickemeyer@vedderprice.com
jwexler@vedderprice.com

Dated: November 17, 2005

19631.1\290742v1