# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs, PC, McGLADREY & PULLEN, LLP, and MICHAEL AQUINO,<br><br>Defendants. | C.A. No. 05-165<br>Hon. Joseph J. Farnan, Jr.<br><br>**DEFENDANT FREED MAXICK & BATTAGLIA CPAs, PC'S RESPONSE TO ROYAL INDEMNITY COMPANY'S REQUEST FOR PRODUCTION** |

Defendant Freed Maxick & Battaglia, CPAs, P.C. ("FMB"), by its attorneys, hereby responds as follows to plaintiff Royal Indemnity Company's Request for Production to Defendant Freed Maxick & Battaglia, CPAs, P.C. (the "Request"), as follows:

## GENERAL OBJECTIONS

The following general objections to the Request (the "General Objections") apply to and are incorporated in each of the specific responses set forth below:

1. FMB objects to the Request to the extent that it seeks documents or information that are protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or other statutory and common law privileges and protections.

2. FMB objects to the Request to the extent it seeks documents or information protected from discovery under any right, privilege or immunity providing protection against the disclosure of privileged, proprietary or confidential information.

NEWYORK/#154032.1

3. FMB objects to the Request to the extent that it seeks documents or information that are publicly available and therefore available to plaintiff through its own efforts.

4. FMB objects to the Request to the extent that it seeks documents or information that are outside the permissible scope of discovery or seeks to impose obligations upon FMB that are greater than or different from those imposed by the Federal Rules of Civil Procedure or this Court's Local Rules.

5. FMB objects to the Request's time period of discovery dating back to January 1, 1995, and extending to the present as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The events alleged in the complaint relate only to the time period 1998-2002. Subject to and without waiving the foregoing objection, FMB will produce any responsive and otherwise non-objectionable documents that may be within its possession, custody or control that were created during, or that concern, the time period January 1, 1998 through December 31, 2002.

6. FMB objects to the Request to the extent that it seeks the production of documents or information that are not within the possession, custody or control of FMB or its agents, attorneys or representatives.

7. In responding to the Request, FMB does not concede and expressly reserves its right to object to the relevance, materiality or admissibility of any of the documents or information sought by the specific requests contained in the Request, and does not waive any objection it may be entitled to assert to the relevance, materiality and/or admissibility as evidence or for any other purpose of any such documents or information at any trial, hearing or other proceeding in this action or any other action.

NEWYORK/#154032.1

8. To the extent FMB responds to a request to which it objects, such objections are not waived by the production of documents. In addition, the inadvertent production of privileged documents or disclosure of privileged information shall not constitute a waiver of any applicable privilege.

9. FMB objects to Definition No. 11 contained in the Request, which defines "Freed" to include FMB, Freed Maxick Sacks & Murphy, P.C. ("FMSM") – which is an entirely separate entity from FMB – and "their current or former principals, officers, directors, employees agents, representatives and attorneys, each person acting on its behalf or under its control and any parent, subsidiary, predecessor or affiliated corporation, that have possession of, custody of, control of, knowledge of, or responsibility for any document or information called for by these discovery requests." This definition is imprecise in that certain persons who were "principals, officers, directors, employees [or] agents" of FMSM do not hold such positions with FMB. Moreover, the definition fails to account for (a) the fact that FMB and FMSM, both of which are existing entities, are separate and distinct, (b) the fact that FMB did not immediately come existence upon the cessation of operations by FMSM, and (c) many documents that had been in the possession of FMSM, including documents relating to engagements managed by Aquino, are not, and never have been, in the possession, custody or control of FMB. FMB will respond to the Request only on behalf of itself and only insofar as it is in possession of responsive documents.

10. FMB objects to the production of documents that may be responsive to the Request prior to the Court's decision of FMB's pending motion to dismiss on the ground that it is unreasonable for FMB to be required to incur the burden and expense of production when the

action may soon be terminated by a granting of FMB's motion. FMB incorporates herein and adopts any similar objections to production made by any of the other defendants.

11. In addition to these General Objections, FMB will also state specific objections to each request, where appropriate, including objections that are not generally applicable to every request. By setting forth such specific objections, FMB does not intend to limit, restrict or waive any of these General Objections.

12. FMB reserves the right to supplement its response to any portion of the Request.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** Freed's retention by SFC or Yao.[1]

**RESPONSE:** FMB objects to this request on the ground that it was never retained or engaged by SFC and Yao. Therefore, to the best of its current knowledge, FMB has no documents responsive to this request insofar as it relates to any "retention" of FMB by SFC or Yao. FMB believes that it has some time and billing records in its possession pertaining to FMSM's engagement by SFC and, notwithstanding and without waiving General Objection No. 9 and the foregoing objection, will produce those documents.

**REQUEST NO. 2:** All funds received by Freed in connection with its relationship with SFC or Yao, including fees.

**RESPONSE:** See Response to Request No. 1.

**REQUEST NO. 3:** Any payment related to an SFC Loan, which payment was made by SFC, the Schools, or any person other than the student who signed the SFC loan or any cosigner thereof.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 4:** The Forbearance Payments, Seasoning payments, the Liquidity Reserve, the Experience Account, or the Forbearance Reserve, including any communications with any person concerning them.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 5:** The Excess Spread Reserve, including any Communication with any Person concerning them.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

---

[1] Each specific request contained in the Request seeks the production of "all Documents pertaining to" the matters specified in each specific request.

**REQUEST NO. 6:** The Default Rate(s) from 1995 to present.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 7:** Delinquent SFC loans from 1995 to present, including documents pertaining to the rate of such delinquencies.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 8:** Student loan files, including but not limited to Freed's access to such files.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request. FMB further states that it has never had access to student loan files.

**REQUEST NO. 9:** Any review, audit, analysis, comparison or investigation performed by Freed or any other person regarding the performance of the SFC Loans, including all workpapers relating thereto.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request. FMB further states that it never performed any such review, audit, analysis, comparison or investigation.

**REQUEST NO. 10:** Servicer Tapes, including Communications concerning data to be included in such tapes and the transmission of such tapes to Wells Fargo, Royal, or any other Person.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 11:** Servicer reports, including data to be included in such reports and the transmission of such reports to Wells Fargo, Royal or any other Person.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 12:** Any review, audit, analysis or investigation performed by Wells Fargo or any other person regarding the Servicer Reports, including but not limited to any comparison between the Servicer Tapes and Servicer Reports.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 13:** All Transaction Documents, including but not limited to all Documents pertaining to any other Communication between Freed and any other Person regarding the SFC Transactions or the Transaction Documents.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 14:** The establishment of the SFC Trusts.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 15:** The underwriting of SFC loans.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 16:** Any securitization of SFC Loans, including the sale of instruments or interests related to that securitization or the SFC Loans, and the marketing of such instruments or interests.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 17:** The Royal Policies or insurance of SFC Loans, whether separately, or as part of any securitization, or SFC's efforts, to obtain insurance for its loans.

**RESPONSE:** FMB objects to this request on the ground that it is vague, confusing and ambiguous. Further, to the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 18:** Royal in its role as insurer or potential insurer for SFC Loans, whether separately, or as part of any securitization, including but not limited to Documents pertaining to the negotiation, terms, drafting, issuance of and due diligence conducted in connection with the Royal Policies for SFC Loans.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 19:** MBIA in its role as insurer or guarantor for SFC Loans, whether separately, or as part of any securitization, including but not limited to Documents pertaining to the negotiation, terms, drafting, issuance of and due diligence conducted in connection with the MBIA Guaranties on the SFC Loans or the SFC Trusts.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 20:** Any Communication with SFC, SLS or SMS, including any Communications with Yao, Pearson, Turnbull or Hawthorne.

**RESPONSE:** FMB objects to this request on the ground that it is vague, confusing and ambiguous. To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 21:** Any Communication with T.E. Moor.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 22:** Any Communication with Loofbourrow.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 23:** Pooling And Service Agreements ("PSAs") entered into between Wells Fargo and SFC, including but not limited to Documents pertaining to their negotiation, terms, drafting, and execution, and the due diligence conducted in connection with them.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 24:** Private Placement Memoranda ("PPMs") pertaining to the SFC Loans, including but not limited to Documents pertaining to the drafting of, issuance of, and due diligence conducted in connection with the PPMs.

-8-

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 25:** Any Communication between Freed, on the one hand, and any one or more of Aquino, BDO Seidman, Fleet, Gagné, MBIA, McGladrey & Pullen, Pepper Hamilton, PNC, the Rating Agencies, Royal, the Schools, Virgil Baker, Wells Fargo or Wilmington Trust, on the other hand, or among any of them, from 1995 to present, pertaining to SFC, the SFC Trust, SFC Loans, insurance for SFC Loans, the SFC Transactions, the MBIA Guaranties, the Royal Policies, the PSAs or the PPMs.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 26:** Due diligence, review analysis or assessment of SFC or SFC's servicing of loans, including but not limited to any visits made by Pepper Hamilton to SFC's office.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 27:** Loans (other than student loans defined herein as "SFC Loans") obtained or sought by SFC from 1995 to present.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 28:** Any communications between Freed, on one hand, and Royal, on the other hand, from 1995 to present.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 29:** Applications for the SFC Loans.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 30:** Any inaccurate information, forgeries, deficiencies in or fraud with respect to loans and credit applications or any other documents provided by students or any other persons in connection with the SFC Loans.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 31:** Any review, analysis, investigation or due diligence concerning the loans or credit applications submitted in connection with the SFC Loans, including the creditworthiness of the applicants, the payment history of the loans, defaults on the loans, of demographic data related to the loans.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 32:** Representations made to Royal by SFC, Pepper Hamilton, Gagné, Freed, McGladrey & Pullen or Aquino regarding the SFC Loans, including the performance of those loans, their Default Rate, Delinquencies, underwriting, and validity.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 33:** Representations made to Royal by SFC, Pepper Hamilton, Gagné, Freed, McGladrey & Pullen or Aquino regarding the financial condition and/or solvency of SFC, SFC's affiliates, or any of the SFC Trusts.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 34:** Claims submitted on defaulted SFC loans.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 35:** Attempts, by SFC, Wells Fargo, or any other person to collect payments due under SFC Loans, including communications regarding the necessity for, or conduct of, such attempts.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 36:** Student Loan Servicing, LLC, as servicer of the SFC Loans, including but not limited to Wells Fargo's termination of Student Loan Servicing, LLC.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 37:** Communications between or among Freed and/or any other Person pertaining to Gagné's role in Pepper Hamilton's representation of SFC, including evaluations of his performance or ethics in that role.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 38:** Any electronic transmission of servicing or sudent loan information pertaining to SFC loans.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

**REQUEST NO. 39:** Any communications between Freed or any other person, on the one hand, and any insurer, on the other hand, relating to SFC.

**RESPONSE:** To the best of its current knowledge, FMB has no documents responsive to this request.

Dated: October 18, 2005

PRICKETT, JONES & ELLIOTT, P.A.

By: _____
James L. Holzman (Bar ID #663)
J. Clayton Athey (Bar ID #4378)
1310 King Street
Wilmington, Delaware 19801
(302) 888-6500
jlholzman@prickett.com
jcathey@prickett.com
*Attorneys for Defendant Freed Maxick & Battaglia, CPAs, PC*

OF COUNSEL:

John H. Eickemeyer (JE-8302)
Jonathan A. Wexler, Esq. (JW-5587)
VEDDER, PRICE, KAUFMAN
    & KAMMHOLZ, P.C.
805 Third Avenue
New York, New York 10022
212-407-7700
jeickemeyer@vedderprice.com
jwexler@vedderprice.com

-11-