**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-165-JJF |
| ) | |
| PEPPER HAMILTON LLP, ) | |
| W. RODERICK GAGNE, ) | |
| FREED MAXICK & BATTAGLIA CPAs PC, ) | |
| MCGLADREY & PULLEN, LLP and ) | |
| MICHAEL AQUINO, ) | |
| ) | |
| Defendants. ) | |

**REPLY OF ROYAL INDEMNITY COMPANY
IN SUPPORT OF ITS MOTION TO COMPEL**

Plaintiff Royal Indemnity Company ("Royal") files this reply in support of its motion to compel ("Motion") defendants McGladrey & Pullen, LLP ("McGladrey"), McGladrey partner Michael Aquino ("Aquino"), and Aquino's former firm and McGladrey predecessor, Freed Maxick & Battaglia, CPAs, PC ("Freed"), to comply with this Court's prior discovery orders.

**INTRODUCTION**

Although laden with excuses, misstatements and irrelevancies regarding the nature of discovery proceedings to date, nothing in the responses filed by McGladrey, Aquino or Freed disputes the fundamental fact on which Royal's Motion is based -- that this Court ordered written discovery to begin on September 7, 2005 and, in doing so, expressly rejected the request of these very same defendants that all discovery await the outcome of their motions to dismiss Royal's complaint. None of what is offered excuses these defendants' refusal to abide by the terms of this Court's Orders of June 13, 2005 and August 31, 2005 that document discovery begin on

September 7, 2005. Their refusal is improper and has materially slowed the progress of this action.

## ARGUMENT

**THE MCGLADREY, AQUINO AND FREED RESPONSES CONTAIN NUMEROUS MISSTATEMENTS AND IRRELEVANCIES**

In an effort to soften the impact of their starkly stated refusal to engage in the actual production of documents at this time, and to portray that refusal as something akin to the logistical issues parties routinely face in complex litigation, McGladrey, Aquino and Freed make a number of misstatements and irrelevant contentions in their responses to Royal's Motion. These are dealt with below; none justify McGladrey's, Aquino's and Freed's violation of this Court's discovery Orders.

1. **"No party has produced a single document in this case, including Royal." (McGladrey Response, p. 1.)**

That statement is false. While Royal has suggested that the parties engage in a cooperative effort to produce documents in the form of electronic images, it has made it clear in both meet and confer telephone conferences (the first of which occurred on October 18, 2005) and in correspondence with all counsel that Royal's paper records are available for review to those parties who so choose. (November 3, 2005 email to all parties from Royal's counsel: "A paper depository also exists at our Washington, D.C. office, and arrangements could be made for in-person inspections….") That offer constitutes "production" irrespective of whether a party chooses to do so, or decides instead to await Royal's voluntary creation and production of electronic document images.

Royal also subpoenaed in this action McGladrey-related documents in the possession of the SFC Trustee. The Trustee indicated that it was ready, willing and able to produce those paper documents to Royal on the return date (October 18, 2005) and Royal was desirous of, and prepared to copy for its own review and analysis, those documents. But for McGladrey's interference with that process, Royal would have accepted the Trustee's production and done precisely that.

Finally, Wells Fargo, a party in Case No. 02-1294-JJF which was consolidated with this action at least for the purposes of coordinated discovery, has produced to Royal, and has received from Royal, voluminous amounts of documents and discovery material. That constitutes production. And Pepper Hamilton, a defendant in this action, previously produced some 90 boxes of its documents to the SFC Trustee who has made, and continues to make, these materials available, to Royal and other parties without any interference from Pepper. The simple fact of the matter is, *except for* McGladrey, Aquino and Freed, all of the parties are effectively producing documents to one another.

> **2.    "The parties did not begin 'meet and confer' conversations on the format and scope of document production until the very day Royal stated it would file this motion."  (McGladrey Response, p. 1.)**

That statement is irrelevant. The first all counsel meet and confer conference in this case occurred on October 18, 2005, which was the same date that McGladrey, Aquino and Freed served their written responses to Royal's document request (which were served September 7, 2005) announcing for the first time their unconditional refusal to abide by the Court's prior orders and produce even a single document unless and until this Court ruled on, and denied, their pending motions to dismiss. That announcement itself generated an immediate meet and confer on the asserted bases for that refusal. When neither McGladrey, Aquino nor Freed would budge off their position, Royal did,

indeed, state during the October 18 conference that it would have no choice but to seek the Court's intervention. And while the parties thereafter began discussing, and have continued to discuss, various production logistics and details, only McGladrey, Freed and Aquino have taken the position that irrespective of whatever the parties may agree to with respect to so-called protocols and the like, that will not impact actual document production because, notwithstanding this Court's prior Orders, they will not produce any documents as long as their motions to dismiss remain pending.

> **3.    "The parties have not yet determined the scope of their productions, including electronic discovery . . ." (McGladrey Response, p. 1.)**

This is another irrelevant statement. The ultimate scope of any party's production is no excuse for delaying the production of documents that clearly are discoverable. Discovery in large, complex document cases has to begin sometime, and begin somewhere. If parties are allowed to delay the production of even the first page of responsive material until the "scope" of their entire production somehow is determined or delineated, nothing will ever get started, much less completed. Each party has a mass of material that, under any definition, is discoverable. The process of producing that material should start. It has started for all parties except McGladrey, Aquino and Freed.[1]

---

[1] Although adopting in full the McGladrey/Aquino response, Freed, in a separate response actually takes the position that, when all is said and done, it is "in possession of documents responsive to only one of Royal's requests." (Freed Response, p. 2.) Freed even seems to acknowledge that it is ready to produce those, apparently limited, materials. Thus, even if one were to lend credence to the several off-point excuses for delay based on the complexity of this case offered by the McGladrey/Aquino response, those same excuses do not apply to Freed's circumstances. Why Freed simply does not produce what little it apparently has, to say the least, is mystifying.

4.   **The parties "are grappling with how to [deal] with the Trustee's documents in an efficient manner." (McGladrey Response, p. 1.)**

This is beside the point. Royal's Motion is about McGladrey, Aquino and Freed's documents. Whatever arrangements need to be decided upon or made with respect to materials in the Trustee's possession gives McGladrey, Freed and Aquino no license either to delay their own productions or interfere with the Trustee's production of McGladrey-related material called for by a valid subpoena of this Court.

5.   **Royal "recently indicated that it needs at least 10 days to prepare its own electronic production, and that is only with respect to its 100,000 of its apparent 500,000 pages of documents." (McGladrey Response, p. 1-2.)**

Any defendant who wanted to quickly begin its own review of Royal's documents has been, and remains, free to call Royal's counsel and make arrangements to review paper documents in Washington, D.C. None have done so. The 10 day period merely is that approximate period of time required to "burn" electronically imaged document CDs for those who request production in that format (irrespective of whether or not they choose to look at paper records) -- a point completely inconsequential to Royal's Motion.

Moreover, the reference to 500,000 pages of Royal documents also is inaccurate. The references comes from a statement made by Royal in other litigation regarding the number of pages of SFC-related documents then currently in the possession of Royal's counsel, both in terms of documents gathered from Royal's own files, and documents which were obtained during the course of several other SFC-related litigations. That fact was explained to all counsel during a meet and confer conference held on November 14, 2005, prior to the filing of McGladrey's and Aquino's response to Royal's Motion. Royal has no intention (and never has suggested otherwise) to electronically image

- 5 -

documents other than those which source from its own files.  Documents obtained, for example, in the course of discovery in various trucking school litigations, in this or the related cases pending here, or from the SFC Trustee, while available for review, never were intended to be included as part of any imaging project whose cost would be borne solely by Royal.  And even if that were otherwise, it simply is preposterous to suggest, as McGladrey, Aquino and Freed apparently do, that this has some bearing on its own refusal to produce documents.

> **6.    "The parties have also not considered or addressed the impact of the Third Circuit decision in *MBIA Insurance Corp. v. Royal Indemnity Company*."  (McGladrey Response, p. 2.)**

While there are likely to be issues regarding the discovery impact of that decision, whatever that impact may be has no bearing on Royal's discovery dispute with McGladrey, Aquino and Freed -- the only issue raised by Royal's Motion.  Royal's claims against McGladrey, Aquino and Freed here will go forward no matter what the Third Circuit does, and no matter what the ultimate impact may be as to the parties to that appellate proceeding (*i.e.*, Royal, MBIA and Wells Fargo), McGladrey, Aquino and Freed will need to produce their documents in discovery.  With respect to that document production -- again, the only thing at issue in Royal's Motion -- it is impossible to imagine how production by McGladrey, Aquino and Freed now might result in some duplication of effort later occasioned by any conceivable development in the appellate proceeding.[2]  And, of course, compliance with this Court's discovery rulings in this action was not conditioned in any way on the Third Circuit proceedings.

---

[2] It is worth noting that Wells Fargo, which is a party to the Third Circuit appeal, has propounded and produced discovery to Royal without incident, and continues to do so.

> **7.    McGladrey's and Aquino's effort "has already created, and will continue to create, efficiencies that will make any ultimate document productions more meaningful." (McGladrey Response, p. 2-3.)**

The exact opposite is true. McGladrey, Aquino and Freed have stalled this case significantly. This is, indeed, a complicated case and hundreds of thousands of document pages, if not millions, ultimately may be implicated -- all the more reason to get going. And while those complexities may justify parties taking some additional, finite time to make their initial document production more efficient or easier, neither McGladrey, Aquino nor Freed ever made such a request or are resisting production for such a purpose.[3] Instead, plainly and simply, they announced they would not begin document production, refused to state a specific date on which they would be ready to do so based on any logistical issue production protocol or detail, and continue to adhere to that position.[4]

The disingenuousness of McGladrey, Aquino and Freed's position on this last contention could not be more plain. Key McGladrey-related documents are in the possession of the SFC Trustee. They include the accounting work papers concerning the

---

[3] Despite their apparent insinuation to the contrary, this Motion was not necessitated by the failure of McGladrey, Aquino or Freed to produce documents on October 18, 2005 or shortly thereafter. As counsel for Royal stated in the parties' meet and confer conference of that date, Royal was prepared to wait a reasonable amount of additional time for actual production. Counsel for McGladrey, however, never suggested as much, insisting instead that document production be tied to the Court's decisions on the pending motions to dismiss -- exactly what was rejected by this Court in its discovery orders of June 13, 2005 and August 31, 2005.

[4] The parties' various discussions about electronic imaging formats are not the least bit relevant. It was Royal's counsel who first proposed to all counsel on October 6, 2005 that the parties work cooperatively on electronic imaging of documents. Because of the schedules of others, counsel for the parties first discussed this on October 18, 2005. The idea was proposed as an effort to make things easier for all concerned by minimizing the need to handle large amounts of paper -- not to build delays into the process or require anyone to waive their Rule 34 rights to review paper documents. Imaging, however, is not a requirement of Rule 34 and McGladrey's attempt to turn Royal's proposal for cooperative action into an excuse that justifies an open-ended period of time before it produces the first page of material is absurdly unfair.

same McGladrey audits at issue in this action. Those documents are the starting point of any document review and analysis by Royal. But for McGladrey's interference with Royal's subpoena to the SFC Trustee, the SFC Trustee was ready to make those paper documents available to Royal on the October 18, 2005 return date of Royal's subpoena, and Royal was desirous of so proceeding at that time. That was more than a month ago. That delay continues. Review and analysis of McGladrey's work papers is critical, and must be undertaken before depositions of McGladrey and/or Freed personnel can begin. The document production sought by Royal's subpoena required *no* cost or effort whatsoever by McGladrey. Instead, McGladrey blocked that document production by instructing the Trustee to refuse to comply with the subpoena.

## CONCLUSION

For the reasons stated above and in its moving memorandum, Royal respectfully requests that this Court order McGladrey, Aquino and Freed to comply with discovery as contemplated by this Court's Orders; that Royal be awarded its costs and fees in bringing this Motion; and that the Court award such other sanctions and relief as it deems appropriate.

- 9 -

 

                                       ASHBY & GEDDES

                                        */s/ Tiffany Geyer Lydon*
                                        _____
                                        Lawrence C. Ashby (I.D. #468)
                                        Philip Trainer, Jr. (I.D. #2788)

Michael H. Barr                         Tiffany Geyer Lydon (I.D. #3950)
Kenneth J. Pfaehler                  222 Delaware Avenue, 17th Floor
Richard M. Zuckerman            Wilmington, Delaware 19899
SONNENSCHEIN NATH & ROSENTHAL LLP    (302) 654-1888
1221 Avenue of the Americas        (302) 654 2067 (Fax)
New York, New York 10020-1089
(212) 768-6700                    *Attorneys for Plaintiff*
(212) 768-6800 (fax)              *Royal Indemnity Company*

 - and -

Alan S. Gilbert
John I. Grossbart
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (fax)

Dated: November 23, 2005

163974.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2005, the attached **REPLY OF ROYAL INDEMNITY COMPANY IN SUPPORT OF ITS MOTION TO COMPEL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William H. Sudell, Jr., Esquire<br>Morris Nichols Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE  19899-1347 | HAND DELIVERY |
| James L. Holzman, Esquire<br>J. Clayton Athey, Esquire<br>Prickett, Jones & Elliott, P.A.<br>1310 King Street<br>Wilmington, DE  19899 | HAND DELIVERY |
| Michael R. Lastkowski, Esquire<br>Christopher M. Winter, Esquire<br>Duane Morris LLP<br>1100 North Market Street, Suite 1200<br>Wilmington, DE  19801 | HAND DELIVERY |
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19899 | HAND DELIVERY |
| Peter C. Hughes, Esquire<br>Dilworth Paxson LLP<br>First Federal Plaza, Suite 500<br>Wilmington, DE  19801 | HAND DELIVERY |
| Karen Lee Turner, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>300 Delaware Avenue, Suite 1360<br>Wilmington, DE  19801 | HAND DELIVERY |
| Christopher A. Ward, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801 | HAND DELIVERY |

John H. Eickemeyer, Esquire                                             <u>VIA FEDERAL EXPRESS</u>
Jonathan A. Wexler, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY  10022

Elizabeth K. Ainslie, Esquire                                           <u>VIA FEDERAL EXPRESS</u>
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Richard P. Swanson, Esquire                                             <u>VIA FEDERAL EXPRESS</u>
Veronica E. Rendon, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690

Andre G. Castaybert, Esquire                                            <u>VIA FEDERAL EXPRESS</u>
Ronald Rauchberg, Esquire
Steven Obus, Esquire
David McTaggart, Esquire
Proskauer Rose LLP
1585 Broadway
New York, NY  10036-8299

Donald J. Crecca, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP    <u>VIA FEDERAL EXPRESS</u>
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

Neil G. Epstein, Esquire                                                <u>VIA FEDERAL EXPRESS</u>
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA  19102

James J. Rodgers, Esquire                                               <u>VIA FEDERAL EXPRESS</u>
Laura E. Vendzules, Esquire
Andrew M. Marble, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia PA 19103-7595

Steven M. Farina, Esquire                                    <u>VIA FEDERAL EXPRESS</u>
Thomas H.L. Selby, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005


*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon