IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY,<br><br>      Plaintiff,<br><br>    v.<br><br>PEPPER HAMILTON LLP, W. RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs, McGLADREY & PULLEN, LLP, and MICHAEL AQUINO,<br><br>      Defendants. | C.A. No. 05-165-JJF |
| CHARLES A. STANZIALE, JR.,<br>Chapter 7 Trustee of Student Finance Corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>MCGLADREY & PULLEN, LLP, and MICHAEL AQUINO,<br><br>      Defendants. | C.A. No. 05-72-JJF |
| CHARLES A. STANZIALE, JR.,<br>Chapter 7 Trustee of Student Finance Corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>PEPPER HAMILTON LLP, ET AL.<br><br>      Defendants. | C.A. No. 04-1551-JJF |

| | |
|---|---|
| MBIA INSURANCE CORPORATION and WELLS FARGO BANK, N.A. (F/K/A WELLS FARGO BANK MINNESOTA N.A.) as TRUSTEE OF SFC GRANTOR TRUST, SERIES 2000-1, SFC GRANTOR TRUST, SERIES 2000-2, SFC GRANTOR TRUST, SERIES 2000-3, SFC GRANTOR TRUST, SERIES 2000-4, SFC GRANTOR TRUST, SERIES 2001-1, SFC GRANTOR TRUST, SERIES 2001-2, SFC OWNER TRUST 2001-I, AND SFC GRANTOR TRUST, SERIES 2001-3, <br><br>   Plaintiffs/Counterclaim Defendants, <br><br>   v. <br><br>ROYAL INDEMNITY COMPANY, <br>   Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 02-1294-JJF ) ) ) ) ) ) ) ) ) |

## ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION

This Court being fully advised in the premises, IT IS HEREBY ORDERED by this Court as follows:

1. "Party" or "Parties" means the following parties to these actions: Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation; Royal Indemnity Company; McGladrey & Pullen, LLP; Michael Aquino; Freed, Maxick, & Battaglia CPAs, Pepper Hamilton, LLP; W. Roderick Gagné; Robert L. Bast; Pamela Bashore Gagné; W. Roderick Gagné, Trustee of Trust Under Deed of Elizabeth B. Brennan dated January 12, 1994; W. Roderick Gagné, Trustee of Trust Under Deed of Elizabeth B. Brennan dated January 12, 1994, FBO W. Roderick Gagné; W. Roderick Gagné, Trustee of Trust Under Deed of Elizabeth B. Brennan dated January 12, 1994, FBO Phillip B. Gagné; W. Roderick Gagné, Trustee of Trust Under Deed of Elizabeth B. Brennan dated January 12, 1994, FBO Elizabeth L. Gagné; W. Roderick Gagné, Trustee of Trust Under Deed of James T. Brennan Dated April 8, 1991, FBO

2

W. Roderick Gagné; W. Roderick Gagné, Trustee of Trust Under Deed of James T. Brennan, Dated April 8, 1991, FBO Philip B. Gagné; W. Roderick Gagné, Trustee of Trust Under Deed of James T. Brennan, dated April 8, 1991, FBO Elizabeth L. Gagné; MBIA Insurance Corporation; Wells Fargo Bank, N.A.; Student Loan Servicing, LLC; Andrew N. Yao; Student Marketing Services, LLC; SFC Acceptance I, LLC; SFC Acceptance II, LLC; SFC Acceptance III, LLC; SFC Acceptance IV, LLC; SFC Acceptance V, LLC; SFC Acceptance VI, LLC; SFC Acceptance VII, LLC; SFC Acceptance VIII, LLC; SFC Acceptance IX, LLC; SFC Financial I, LLC; and SFC Financial II, LLC.

    2.    "Person" means an individual, corporation, partnership, association, unincorporated organization, governmental entity, quasi-governmental entity or any other entity, including, without limitation, each Party, and experts for any Party.

    3.    "Third Party" means any Person who: (i) is not a Party; (ii) meets the requirements of paragraph 8(b)(6), 8(b)(7), 8(b)(8) or 8(b)(9); and (iii) agrees to the terms of this Order by executing a Confidentiality Declaration in the form attached as Exhibit A pursuant to paragraph 8 hereof.

    4.    The "Litigations" refer to the four above-captioned actions, all in the United States District Court, District of Delaware.

    5.    <u>Scope of Order</u>.

    (a)    The purpose of this Order, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, is to protect the Parties' and Third Parties' trade secrets and other clearly demarcated categories of legitimately confidential information, as further defined below.

    (b)    This Order governs the handling of all documents, materials, items, discovery responses, deposition transcripts and/or other information produced or disclosed in the

Litigations, before trial, by any Party or Third Party (the "Producing Party") to or for any Party or Third Party (the "Receiving Party") (collectively, such material shall be referred to as the "Information").

(c) The social security number and other private personal information of students or potential students shall be treated by all Parties and counsel as "Confidential," without the need for further designation on the documents produced.

6. <u>Confidentiality Designations</u>. Any Information produced or disclosed by a Producing Party as part of pretrial proceedings in the Litigations may be designated by such Producing Party as "Confidential," as follows:

(a) The Producing Party shall designate Information as "Confidential" only when the Producing Party has a reasonable, good faith belief that the Information so designated (i) constitutes or reveals a trade secret or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; (ii) constitutes or reveals confidential and competitively sensitive business plans, strategies, or financial information; or (iii) would if revealed constitute an invasion of personal privacy that would reasonably be expected to be protected under rights of privacy and consumer protection laws or would cause annoyance, embarrassment, oppression or undue burden or expense to any person.

(b) Information designated "Confidential" shall include, but not be limited to: (i) all copies, extracts, and complete or partial summaries prepared from Information designated as "Confidential"; and (ii) portions of deposition transcripts and exhibits thereto that contain, summarize or reflect the "Confidential" Information.

7.  <u>Method of Designation</u>.  Any Producing Party may designate Information as "Confidential" by stamping or affixing the legend "CONFIDENTIAL" to the physical objects or documents, in the manner described below.

(a)  For documents and discovery responses, designation shall be made by marking the document on each page containing confidential Information as "CONFIDENTIAL."

(b)  For depositions, designation of portion(s) of the transcript (including exhibits) containing "Confidential" Information shall be made by a statement to such effect on the record during the course of the deposition, or by written notice to the court reporter and all Parties and all Third Parties who participated in the deposition within 15 days after receipt of the transcript.  If the designation is made during the course of a deposition, the reporter attending such deposition shall thereafter separately bind the portion(s) of the transcript containing "Confidential" Information with an appropriate legend on the cover.  If the designation is made by written notice within 15 days after receipt of the transcript, each Party and each Third Party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that Parties' or Third Parties' possession, custody or control.  Until expiration of the 15-day period set forth herein, the entire transcript will be treated and subject to protection as "Confidential."  The Parties and any participating Third Party may modify this procedure for any particular deposition through agreement on the record at such deposition, without further Court order.

(c)  For physical items, it is sufficient for the Producing Party to affix the label indicating that the thing is "Confidential."

(d)  The Producing Party shall designate "Confidential" Information which is not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled,

by informing the Receiving Party (or Parties) in writing at or before the time of disclosure or production.

(e) All portions of briefs, pleadings or other filings with the Court which incorporate or disclose "Confidential" Information shall be appropriately labeled on the cover page and filed under seal. The Party filing any such documents shall place the material being filed with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title to this action, an indication of the nature of the contents of such sealed envelope or other container, and the legend:

CONFIDENTIAL – FILED UNDER SEAL

> Pursuant to the Order of the Court dated _____, this envelope containing the above titled documents filed by [Name of Party] is not to be opened nor the contents thereof displayed or revealed, except to the Court or counsel of record in this action.

All portions of pleadings or other court filings which incorporate or disclose "Confidential" Information shall remain under seal until the Court orders otherwise. Documents filed under seal may be viewed only by persons authorized to see the "Confidential" Information contained therein.

8. Access and Use.

(a) In addition to meeting the other conditions and requirements for obtaining access to "Confidential" Information set forth in this Order, (i) all persons described in this paragraph 8, excluding those persons covered in subparagraphs 8(b)(1), 8(b)(2), 8(b)(4) and 8(b)(5) below, and (ii) Student Loan Servicing, LLC; Andrew N. Yao; Student Marketing Services, LLC; SFC Acceptance I, LLC; SFC Acceptance II, LLC; SFC Acceptance III, LLC; SFC Acceptance IV, LLC; SFC Acceptance V, LLC; SFC Acceptance VI, LLC; SFC Acceptance VII, LLC; SFC Acceptance VIII, LLC; SFC Acceptance IX, LLC ; SFC Financial I,

LLC; and SFC Financial II, LLC., shall before receiving or having access to "Confidential" Information execute a Declaration in the form attached as Exhibit A, indicating that they have read the Order and will abide by its terms; provided, however, that non-party witnesses (and their counsel) to whom "Confidential" Information is disclosed at a deposition need not be required to sign a copy of Exhibit A if they confirm on the record their understanding and agreement to abide by the terms thereof.

(b) Any Information designated as "Confidential" shall be used solely for prosecuting, defending or settling the Litigations, including appeals, and for no other purpose whatsoever, and shall not be disclosed to anyone other than:

(1) Counsel of record for the Parties, including attorneys, paraprofessionals, and clerical staff assisting counsel of record, provided such attorneys, paraprofessionals, and clerical staff are employed by the same law firm as counsel of record;

(2) Individual parties and officers, directors, trustees and employees of the non-individual Parties, including in-house counsel;

(3) Independent non-Party experts or consultants, and their employees, retained by counsel of record for the Parties, for the sole purpose of providing expert consultation or testimony, and any mock jurors retained in connection with services provided by such experts and consultants;

(4) The Court (including Court personnel such as the Court's law clerks), and court officials involved in the Litigations (including without limitation, the clerk of the court, court reporters, person operating video recording equipment at depositions, and any special master or magistrate appointed by this Court);

(5) Support vendors retained by outside counsel of record in the Litigations for functions such as copying, document management, and graphics;

(6) Any witness testifying, or preparing to testify, in the Litigations (whether at a deposition, at trial, or otherwise) who is believed in good faith to have knowledge relating to the designated Information to be disclosed to him or her, and any counsel representing such witness in connection with the Litigations;

(7) Any other Person as to whom the Producing Party agrees in writing, provided that such Persons shall, before receiving or having access to information designated "Confidential" execute a Declaration in the form attached as Exhibit A, indicating that they have read the Order and will abide by its terms;

(8) Any Person who is indicated on the face of a document to have been an author, addressee or recipient thereof; and

(9) Any other Person upon order of a court of competent jurisdiction, after notice and a hearing.

(c) All Information designated as "Confidential" under the terms of this Order shall be kept at the offices of the Receiving Party or persons qualified to have access thereto under paragraph 8(b). All counsel for the Parties in the Litigations who have access to such "Confidential" Information acknowledge that they are bound by this Order and submit to the jurisdiction of this Court for purpose of enforcing this Order.

(d) Any person receiving Information designated as "Confidential" shall not disclose such Information to any person who is not entitled under this Order to receive such Information.

9.  <u>Depositions</u>. If during the course of a deposition, a Party or Third Party participating in the deposition, believes, in good faith, that a question calls for the disclosure of "Confidential" Information or that "Confidential" Information is about to be revealed, that Party or Third Party may advise counsel for all other Parties or participating Third Parties so that appropriate safeguards can be taken to ensure that only persons entitled to receive such Information pursuant to the terms of this Order are present when such Information is disclosed, including by requesting that all persons other than the reporter, the witness, counsel, and individuals specified in paragraph 8(b) above who may have access to such "Confidential" Information, leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question. The failure of a Party or Third Party to take any safeguard to ensure that only persons entitled to receive such Information pursuant to the terms of this Order are present when such Information is disclosed shall not be deemed a waiver of that Parties' or Third Parties' right to designate the Information "Confidential" within 15 days after receipt of the transcript, as provided in paragraph 6(b) above.

10. <u>Own Use</u>. Nothing herein shall impose any restriction on the use or disclosure by a Producing Party of its own "Confidential" Information. Nor shall this Order be construed to prevent any Party from making use as it sees fit of "Confidential" Information which it has obtained independently and lawfully.

11. <u>Inadvertent Disclosures</u>.

(a) The inadvertent production of "Confidential" Information without appropriate designation of confidentiality shall not be deemed a waiver of any claim of the

confidential nature of any such Information. Upon receiving reasonable notice from the Producing Party that "Confidential" Information has not been appropriately designated, all such Information shall be redesignated promptly and treated appropriately. The Receiving Party of such "Confidential" Information shall make a reasonable good faith effort to ensure that any analyses, memoranda, or notes which were internally generated by it based upon such "Confidential" Information shall be treated in conformance with any such redesignation. Nothing in this paragraph shall be construed to limit a Party's right under paragraph 12 herein to challenge the designation of Information as "Confidential."

(b) In the event that any document protected by any privilege or the work product doctrine is inadvertently disclosed, upon the reasonable request of the Producing Party for the return of the privileged or work product document, the Receiving Party shall pursuant to the terms of this paragraph 11(b) return it and all copies of it to the Producing Party, and no waiver of any privilege or immunity from disclosure shall have occurred. The Producing Party shall have the burden of proof that the document is protected by any privilege or work product doctrine, and that the inadvertent disclosure was justified. Pending the resolution of an informal dispute or court proceeding on this issue, the Receiving Party shall seal the inadvertently disclosed document and treat the document as privileged from disclosure.

12. <u>Challenges</u>. If, at any time during the pendency of the Litigations, a Receiving Party claims that a Producing Party is improperly claiming certain Information to be "Confidential," the Parties shall attempt to resolve the dispute in good faith on an expedited and informal basis. If the dispute cannot be resolved within five days, the designating party or non-party may, within five days thereafter, apply to the Court, on reasonable notice, for an order preserving the designated status or limitation as to the use and disclosure of such information, as

the case may be, and the failure to do so shall result in the termination of the restricted status of such information. The Producing Party shall have the burden of proof that its proposed designation is justified. Pending the resolution of this informal dispute or court proceeding, the Party contesting the designation shall continue to treat the Information in accordance with its current designation.

    13.    <u>Conclusion of Action</u>.

        (a)    Within sixty (60) days after the conclusion of the Litigations (including appeals), the Receiving Party shall either destroy all "Confidential" Information in its possession, custody or control, or return such Information to the Producing Party. Counsel for the Receiving Party shall, after the conclusion of all of the above-captioned actions (including appeals), and within sixty (60) days after receiving a written request from the Producing Party, confirm in writing that (i) all such materials in the Receiving Party's possession, custody or control have been returned or destroyed, and (ii) that all persons to whom the Receiving Party provided such materials under section 8(b) of this Agreement have confirmed to the Receiving Party that such materials have been returned or destroyed. Notwithstanding the foregoing provisions, outside counsel of record for the Parties and Third Parties shall be entitled to retain all memoranda prepared by them which contain designated Information and litigation papers containing designated Information which become part of the record of this action, including pleadings, motions, briefs, deposition transcripts, written discovery responses, trial or hearing transcripts, and exhibits served or filed by any of the Parties or Third Parties, but such memoranda and litigation papers shall not be disclosed to anyone following termination of this action without the written permission of the Producing Party or an order of this Court.

(b)     All obligations and duties arising under this Order shall survive the termination of the Litigations and, in addition, shall be binding upon the Parties and participating Third Parties, their successors and assigns (whether in whole or in part), affiliates, subsidiaries, officers, agents, representatives, and employees.

(c)     This Court shall retain jurisdiction indefinitely with respect to any dispute regarding the improper use of designated Information, to modify the terms of this Order, or to enter further orders respecting or protecting the Parties' on rights to confidentiality, as may be necessary.

(d)     The attorneys of record in the Litigations shall retain the original executed Declarations in the form attached hereto as Exhibit A. The Producing Party may make a reasonable request for Declarations in the possession of the Receiving Party based upon good cause shown that Information had been disclosed in violation of this Order. The Receiving Party will not refuse to comply unreasonably, and the Producing Party may challenge any such refusal before the Court. In no circumstances shall a Receiving Party be obligated to disclose to a Producing Party a Declaration executed by a consulting expert absent a Court order.

14.  <u>No Waiver</u>.

(a)     Nothing in this Order shall preclude any Party or Third Party from objecting to the production of Information it considers to be not subject to discovery.

(b)     Nothing in this Order shall preclude any Party from applying to the Court for an order compelling production of Information.

(c)     Nothing in this Order shall be construed to relieve any Party or Third Party from its obligation to timely respond to discovery as provided by any order of this Court or the Rules of Civil Procedures, where applicable, unless (prior to the date for such response) the

Party or Third Party obtains from the Court an order relieving such Party or Third Party from its discovery obligation.

(d) Nothing in this Order is intended to constitute or shall constitute a waiver of any claim of privilege.

(e) Nothing in this Order shall prevent any counsel of record from utilizing "Confidential" Information (i) on direct or cross-examination at any deposition, evidentiary hearing or trial in the Litigations, including appeals, or (ii) in conformity with paragraph 7(e), in motion practice in the Litigations. The parties reserve the right to seek additional protective relief from the Court in connection with any such hearing or trial.

(f) Nothing in this Order shall prevent any Party from using knowledge learned from "Confidential" Information in pursuing other actions, provided that such "Confidential" Information is not disclosed.

(g) This Order shall not diminish any existing obligation or right with respect to "Confidential" Information, nor shall it prevent disclosure to which the Producing Party consents in writing before the disclosure takes place.

15. <u>Trial Procedures</u>. This Order, insofar as it restricts the communication and use of Information, shall not apply to the introduction of evidence at trial. Nothing in this Order shall limit the right of a Party to use any Confidential Information, or information derived therefrom, at a trial on the merits of the Litigations, and any Party may seek any court order that it believes would be appropriate to protect the confidentiality of information at trial.

16. <u>Amendment</u>. This Order may be modified or amended by order of the Court upon good cause shown.

17.  **Other Matters.**

(a)  Evidence of the existence or non-existence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of the action.

(b)  Nothing in this Order is intended to constitute an agreement regarding the scope of discovery or a limitation on the scope of discovery.

(c)  Should a Receiving Party receive a subpoena, Rule 34 document request or other formal request for production of "Confidential" Information, the Receiving Party shall provide written notice of the subpoena or request to the Producing Party within at least ten days, unless the subpoena or request calls for production within less than 10 days, in which case the Receiving Party shall provide written notice at least four days before production is due, to allow the Producing Party to intervene or object. If the Producing Party informs the Receiving Party in writing that it objects to the production before the production is due, the Receiving Party shall not produce "Confidential" Information until the Producing Party's objections are resolved informally or by a court of competent jurisdiction. If the Producing Party does not inform the Receiving Party in writing that it objects to the production before the production is due, the Receiving Party may produce the "Confidential" Information sought in the request. No party shall be deemed to be in breach of this Order if it is required to produce "Confidential" Information in response to an order issued by a court of competent jurisdiction.

Dated: March ___, 2006

SO ORDERED:

_____
Joseph J. Farnan, Jr.
United States District Judge

14

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROYAL INDEMNITY COMPANY,<br><br>                      Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs, McGLADREY & PULLEN, LLP, and MICHAEL AQUINO,<br><br>                      Defendants. | C.A. No. 05-165-JJF |
| CHARLES A. STANZIALE, JR.,<br>Chapter 7 Trustee of Student Finance Corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>MCGLADREY & PULLEN, LLP, and MICHAEL AQUINO,<br><br>                      Defendants. | C.A. No. 05-72-JJF |
| CHARLES A. STANZIALE, JR.,<br>Chapter 7 Trustee of Student Finance Corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, ET AL.<br><br>                      Defendants | C.A. No. 04-1551-JJF |

| | |
|---|---|
| MBIA INSURANCE CORPORATION and WELLS FARGO BANK, N.A. (F/K/A WELLS FARGO BANK MINNESOTA N.A.) as TRUSTEE OF SFC GRANTOR TRUST, SERIES 2000-1, SFC GRANTOR TRUST, SERIES 2000-2, SFC GRANTOR TRUST, SERIES 2000-3, SFC GRANTOR TRUST, SERIES 2000-4, SFC GRANTOR TRUST, SERIES 2001-1, SFC GRANTOR TRUST, SERIES 2001-2, SFC OWNER TRUST 2001-I, AND SFC GRANTOR TRUST, SERIES 2001-3, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ROYAL INDEMNITY COMPANY, <br>Defendant/Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) C. A. No. 02-1294-JJF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CONFIDENTIALITY DECLARATION

_____ declares:

1.  I have read and understand the Order for the Protection of Confidential Information, dated _____, 2006 and entered into in the above-captioned proceeding, and agree to comply with and be bound by its terms.

2.  I declare under penalty of perjury that the foregoing is true and correct.

    Executed on _____, in _____.

    _____