IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-165 |
| | ) | |
| v. | ) | Judge Joseph J. Farnan, Jr. |
| | ) | |
| PEPPER HAMILTON LLP, W. RODERICK | ) | |
| GAGNÉ, FREED MAXICK & BATTAGLIA | ) | |
| CPAs PC, MCGLADREY & PULLEN, LLP | ) | |
| AND MICHAEL AQUINO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **ANSWER OF MICHAEL AQUINO**

Defendant Michael Aquino, by and through his attorneys, answers the First

Amended Complaint in this action, dated April 12, 2005, as follows. Any allegation not

specifically admitted is denied, including without limitation all allegations about which

Defendant lacks knowledge or information sufficient to form a belief as to the truth or

falsity.

### **Introduction**

1.      Defendant lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of ¶ 1, except admits that Student Finance

Corporation ("SFC") originated or purchased tuition loans to students enrolled at truck-

driving schools, and further admits that SFC is currently in bankruptcy proceedings in the

United States Bankruptcy Court for the District of Delaware. Defendant denies the

allegation that he "induced Royal to issue credit risk insurance policies to provide

coverage for loan defaults caused by student failing to make loan payments" through

"numerous misrepresentations or omissions regarding SFC's operations and the historical and ongoing performance of its student loans."

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 2.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 3, but to the extent that this paragraph is attempting to define "forbearance payments," Defendant denies the allegations of this paragraph.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 4.

5.      Defendant denies the allegations of ¶ 5, except admits that Defendant received standard fees for the accounting services he provided to SFC.

6.      Defendant denies the allegations of ¶ 6.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 7, except Defendant denies the allegations of the paragraph as they relate to him.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 8.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 9.

## JURISDICTION AND VENUE

10.      Defendant admits the allegations of ¶ 10.

11.      Defendant admits the allegations of ¶ 11.

## PARTIES

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 12, except admits that Royal maintains an office in Charlotte, North Carolina.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 13, except admits that Pepper Hamilton LLP ("Pepper") is a Pennsylvania Limited Liability General Partnership with offices located at 3000 Two Logan Square, 18th and Arch Streets, Philadelphia, Pennsylvania 19103, and Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, Delaware 19899-1709, and admits that Pepper provided legal services to SFC.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 14, except admits that W. Roderick Gagné ("Gagné") is a person and a partner at Pepper, and was named trustee of certain trusts that, along with members of Gagné's family, were shareholders of SFC.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 15, except denies the allegation that Freed Maxick & Battaglia CPAs PC "was merged with McGladrey from approximately November, 2000, through September, 2001."

16.     Defendant denies the allegations of ¶ 16, except admits that McGladrey & Pullen LLP is an Iowa accounting firm headquartered in Bloomington, Minnesota, and that McGladrey provided accounting services for SFC out of its Philadelphia office.

DM3\360735.1

17.    Defendant denies the allegations of ¶ 17, except admits that he is a person and a resident of the State of Pennsylvania, and that he performed accounting services for SFC from 1998 to 2002.

18.    Defendant admits the allegations of ¶ 18, except Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that "[a]lthough a prime conspirator in the fraudulent scheme more fully described herein, Student Finance Corporation is not named as a party in this action or related actions because the bankruptcy laws prevent Royal from doing so at this time," and that SFC "had its principal place of business at 170 Lukens Drive, New Castle, Delaware 19720."

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 19, except admits that Royal has brought a separate action against Student Loan Servicing LLC ("SLS") pending in this district before the Honorable Joseph J. Farnan, Jr., case number 02-1294, and that SLS is a limited liability company organized and existing under the laws of Delaware, and that SLS was responsible for servicing certain student loans related to SFC and providing information regarding those loans to certain entities.

20.    Defendant admits the allegations of ¶ 20.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 21.

22.    Defendant admits the allegations of ¶ 22.

- 4 -

## FACTUAL BACKGROUND

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 23, except admits that SFC completed a securitization transaction in 1996 involving the offering of trust certificates backed by a pool of student loans which had been purchased or originated by SFC, and that AIU Insurance Company issued an insurance policy in connection with that securitization transaction.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 24, except admits that he was providing accounting services to SFC by 1998.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 25.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 26.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 27.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 28.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 29.

30.    Defendant denies the allegations of ¶ 30.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 31.

DM3\360735.1

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 32.

33.    Defendant denies the allegations of ¶ 33.

34.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 34.

35.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 35.

36.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 36, except admits that Royal issued certain insurance policies in connection with student loans purchased or originated by SFC and refers to the terms and conditions of those policies for an accurate description of their contents. Defendant further admits that an Institutional Reserve and Experience Account were established to cover certain defaults on student loans.

37.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 37, except admits that Royal issued a credit risk insurance policy identified as RST 321276 for the benefit of Wilmington Trust Company of Pennsylvania ("Wilmington Trust") concerning warehoused student loans, which named an SFC affiliate as the insured. Defendant further admits that certain student loans ultimately were transferred to trusts in securitizations. Defendant also admits that the trusts, in turn, issued certificates or notes to investors, for which distributions were backed by, among other things, payments made on student loans. Defendant further admits that the warehouse loan was paid down by proceeds obtained from the securitization of student loans.

- 6 -

38.     Defendant denies the allegations of ¶ 38.

39.     Defendant denies the allegations of ¶ 39.

40.     Defendant denies the allegations of ¶ 40.

41.     Defendant denies the allegations of ¶ 41.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 42, except denies the allegations of the paragraph that relate to him.

43.     Defendant denies the allegations of ¶ 43.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 44, except admits that agreements between SFC and schools included references to forbearance payments.

45.     Defendant denies the allegations of ¶ 45, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that "SFC, through SLS, provided Royal with monthly 'servicer reports.'" Defendant admits that monthly servicer reports were prepared under the supervision and at the direction of Yao, and that the monthly servicer reports contained information regarding student loans. Defendant refers to the servicer reports for a description of the information contained therein.

46.     Defendant denies the allegations of ¶ 46.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 47, except admits that certain pools of student loans originated or purchased by SFC were sold to a trust established to sell investors interests in the student loans.

- 7 -

48.    Defendant denies the allegation of ¶ 48.

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 49, except admits that Royal issued an insurance policy identified as RST 293334 and refers to the terms and conditions of the policy for a statement of its contents.

50.    Defendant denies the allegations contained of ¶ 50.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 51.

52.    Defendant denies the allegations of ¶ 52.

53.    Defendant denies the allegations of ¶ 53.

54.    Defendant denies the allegations contained of ¶ 54.

55.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 55.

56.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 56.

57.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 57.

58.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 58.

59.    Defendant denies the allegations of ¶ 59, except admits that Freed Maxick Sachs & Murphy P.C. issued audited financial statements for the year ended December 31, 1999, and that McGladrey & Pullen LLP issued audited financial statements for the year ended December 31, 2000.

60.     Defendant denies the allegations of ¶ 60, except admits that SFC's Charlotte Vickers prepared a memorandum for SFC's Credit Committee related to asset quality issues.  Defendant refers to that memorandum for a complete and accurate statement of its contents.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 61.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 62, except admits that if initial payments were made on a student loan, SFC would release a portion of the amount due to the school.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 63.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 64.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 65.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 66.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 67, except admits that SFC made equity distributions to Andrew Yao.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 68.

69.     Defendant denies the allegations of ¶ 69.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 70.

71.     Defendant denies the allegation of ¶ 71, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding other parties and SFC.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 72, except admits that Pepper represented SFC with respect to SFC's securitization transactions and other matters.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 73, except admits that Gagné family members and certain associated trusts made loans to SFC, and refers to the terms and conditions of the loan documents for a complete and accurate statement of their content.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 74.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 75, except admits that in 1999, Pepper represented SFC in *Nielsen Electronics Institute v. Student Finance Corp.*, Case No 99285, D. Del. (filed May 6 1999), which was a litigation between SFC and a trade school, Nielsen Electronics.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 76.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 77.

DM3\360735.1

78.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 78.

79.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 79.

80.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 80.

81.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 81, except admits that PPMs were prepared in connection with SFC's securitization transactions, and refers to the PPMs for a description of their content.

82.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 82, except admits that eight PPMs were issued, and refers to the PPMs for a description of their content.

83.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 83, and refers to the PPMs for a description of their content.

84.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 84.

85.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 85, except admits that Gagné's family made various loans to SFC, and refers to the loan agreements for a complete and accurate statement of the terms and conditions.

86.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 86, except admits that Gagné's family made various loans to SFC and denies the allegations of ¶ 86 related to him.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 87, and refers to the loan agreements for a complete and accurate statement of the terms and conditions.

88.     Defendant denies the allegations of ¶ 88.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 89.

90.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 90.

91.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 91.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 92.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 93.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 94.

95.     Defendant denies the allegations of ¶ 95, except admits that he worked on the SFC engagement during the years 1998 through 2002. Defendant further admits that he changed employers during 1998 through 2002, and that he was employed by BDO Seidman during the years 1998 and 1999.

- 12 -

96.     Defendant denies the allegations of ¶ 96.

97.     Defendant denies the allegations of ¶ 97.

98.     Defendant denies the allegations of ¶ 98.

99.     Defendant denies the allegations of ¶ 99.

100.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 100.

101.    Defendant denies the allegations of ¶ 101.

102.    Defendant denies the allegations of ¶ 102, except admits that draft AUP reports were sent to SFC, and refers to the draft reports for a complete and accurate statement of their contents.

103.    Defendant denies the allegations of ¶ 103.

104.    Defendant denies the allegations of ¶ 104, except admits that he was the engagement partner on the SFC audit for the financial statements for the year ended December 31, 1999.

105.    Defendant denies the allegations of ¶ 105.

106.    Defendant denies the allegations of ¶ 106, except admits that Freed Maxick Sachs & Murphy, P.C. issued an audit report for the year ended December 31, 1999, in which it represented that it complied with Generally Accepted Accounting Principles.

107.    Defendant denies the allegations of ¶ 107.

108.    Defendant denies the allegations of ¶ 108.

- 13 -

109.    Defendant denies the allegations of ¶ 109, except admits that McGladrey rendered an opinion on SFC's financial statements for the year ended December 31, 2000.

110.    Defendant admits the allegations of ¶ 110.

111.    Defendant denies the allegations of ¶ 111.

112.    Defendant denies the allegations of ¶ 112, except admits that SFC was in the business of lending money to vocational students.

113.    Defendant denies the allegations of ¶ 113, except admits that McGladrey rendered an opinion on SFC's financial statements for the year ended December 31, 2000, and that Section 2 of the notes to SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000 was titled "Receivables and Allowance for Credit Losses" and refers to the report for an accurate description of its contents.

114.    Defendant denies the allegations of ¶ 114.

115.    Defendant denies the allegations of ¶ 115.

116.    Defendant denies the allegations of ¶ 116.  SFC's audited financial statements for the year ended December 31, 2000 disclosed the existence and magnitude of forbearance payments.  Defendant refers to Student Finance Corporation and its Subsidiaries Report on Consolidated Financial Statements for the year ended December 31, 2000 for a complete and accurate statement of its contents.

117.    Defendant denies the allegations of ¶ 117.

118.    Defendant denies the allegations of ¶ 118.

119.    Defendant denies the allegations of ¶ 119.

DM3\360735.1

120.    Defendant denies the allegations of ¶ 120.  SFC's audited financial statements for the year ended December 31, 2000 disclosed the existence and magnitude of forbearance payments.  Defendant refers to Student Finance Corporation and its Subsidiaries Report on Consolidated Financial Statements for the year ended December 31, 2000 for a complete and accurate statement of its contents.

121.    Defendant denies the allegations of ¶ 121.  SFC's audited financial statements for the year ended December 31, 2000 disclosed the existence and magnitude of forbearance payments.  Defendant refers to Student Finance Corporation and its Subsidiaries Report on Consolidated Financial Statements for the year ended December 31, 2000 for a complete and accurate statement of its contents.

122.    Defendant denies the allegations of ¶ 122.  SFC's audited financial statements for the year ended December 31, 2000 disclosed the existence and magnitude of forbearance payments, including a statement in the summary of activity in school reserves that $9,515,841 in "forbearance payments" were made in 2000, and $2,012,190 in "forbearance payments" were made in 1999.  Defendant refers to Student Finance Corporation and its Subsidiaries Report on Consolidated Financial Statements for the year ended December 31, 2000 for a complete and accurate statement of its contents.

123.    Defendant denies the allegations of ¶ 123.

124.    Defendant denies the allegations of ¶ 124, except admits that Yao and he met on or around May 2, 2000.  Defendant further lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Diane Messick.

- 15 -

125.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 125.

126.    Defendant denies the allegations of ¶ 126.  SFC's audited financial statements for the year ended December 31, 2000 disclosed the existence and magnitude of forbearance payments, including a statement in the summary of activity in school reserves that $9,515,841 in "forbearance payments" were made in 2000, and $2,012,190 in "forbearance payments" were made in 1999.  Defendant refers to Student Finance Corporation and its Subsidiaries Report on Consolidated Financial Statements for the year ended December 31, 2000 for a complete and accurate statement of its contents.

127.    Defendant denies the allegations of ¶ 127.

128.    Defendant denies the allegations of ¶ 128.

129.    Defendant denies the allegations of ¶ 129.

130.    Defendant denies the allegations of ¶ 130, except admits that McGladrey rendered an opinion on SFC's financial statements for the year ended December 31, 2000 in April 2001.

131.    Defendant denies the allegations of ¶ 131.

132.    Defendant denies the allegations of ¶ 132.

133.    Defendant denies the allegations of ¶ 133.

134.    Defendant denies the allegations of ¶ 134, except that Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Royal.

## COUNT I
### (Civil RICO -- Violations of 18 U.S.C. §1962(C) against
### Rodrick Gagné and Michael Aquino)

135.    Defendant incorporates by reference his Answers to ¶ 1 through ¶ 134 of

the Complaint, as if set forth fully herein.

136.    Defendant denies the allegations of ¶ 136.

137.    Defendant denies the allegations of ¶ 137.

138.    Defendant denies the allegations of ¶ 138.

139.    Defendant denies the allegations of ¶ 139.

140.    Defendant denies the allegations of ¶ 140.

141.    Defendant denies the allegations of ¶ 141.

142.    Defendant denies the allegations of ¶ 142.

143.    Defendant denies the allegations of ¶ 143.

144.    Defendant denies the allegations of ¶ 144.

145.    Defendant lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of ¶ 145, except admits that Yao was the owner of

and controlled SFC, SMS, and SLS, and was a director and either the President,

Treasurer, or CEO of those entities.

146.    Defendant lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of ¶ 146, except admits that Hawthorne worked for

SFC and SLS and as of a certain point in time served as an officer and/or director of SFC,

SLS and SMS.

147.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 147, except admits that Gagné was a partner at the law firm of Pepper Hamilton LLP.

148.    Defendant denies the allegations of ¶ 148, except admits that he was a partner with both Freed and McGladrey and worked on SFC audit and accounting engagements during the time period of 1998 to 2002.

149.    Defendant denies the allegations of ¶ 149.

150.    Defendant denies the allegations of ¶ 150.

151.    Defendant denies the allegations of ¶ 151.

152.    Defendant denies the allegations of ¶ 152.

153.    Defendant denies the allegations of ¶ 153.

154.    Defendant denies the allegations of ¶ 154.

155.    Defendant denies the allegations of ¶ 155.

156.    Defendant denies the allegations of ¶ 156.

157.    Defendant denies the allegations of ¶ 157.

158.    Defendant denies the allegations of ¶ 158.

159.    Defendant denies the allegations of ¶ 159.

160.    Defendant denies the allegations of ¶ 160.

161.    Defendant denies the allegations of ¶ 161.

162.    Defendant denies the allegations of ¶ 162.

163.    Defendant denies the allegations of ¶ 163.

164.    Defendant denies the allegations of ¶ 164.

165.    Defendant denies the allegations of ¶ 165.

DM3\360735.1

166.     Defendant denies the allegations of ¶ 166.

## COUNT II
### (Conspiracy to Commit Civil RICO - Violations of 18 U.S.C. § 1962(d) against Rodrick Gagné and Michael Aquino)

167.     Defendant incorporates by reference his Answers to ¶ 1 through ¶ 166 of the Complaint, as if set forth fully herein.

168.     Defendant denies the allegations of ¶ 168.

169.     Defendant denies the allegations of ¶ 169.

170.     Defendant denies the allegations of ¶ 170.

171.     Defendant denies the allegations of ¶ 171.

172.     Defendant denies the allegations of ¶ 172.

## COUNT III
### (Civil Conspiracy to Commit Fraud - All Defendants)

173.     Defendant incorporates by reference his Answers to ¶ 1 through ¶ 172 of the Complaint, as if set forth fully herein.

174.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 174.

175.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 175.

176.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 176.

177.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 177.

178.     Defendant denies the allegations of ¶ 178.

179.     Defendant denies the allegations of ¶ 179.

- 19 -

180.    Defendant denies the allegations of ¶ 180.

181.    Defendant denies the allegations of ¶ 181.

182.    Defendant denies the allegations of ¶ 182.

183.    Defendant denies the allegations of ¶ 183.

184.    Defendant denies the allegations of ¶ 184.

## COUNT IV
### (Fraud, Fraudulent Inducement and Fraudulent Concealment - All Defendants)

185.    Defendant incorporates by reference his Answers to ¶ 1 through ¶ 184 of the Complaint, as if set forth fully herein.

186.    Defendant denies the allegations of ¶ 186.

187.    Defendant denies the allegations of ¶ 187.

188.    Defendant denies the allegations of ¶ 188.

189.    Defendant denies the allegations of ¶ 189.

190.    Defendant denies the allegations of ¶ 190.

## COUNT V
### (Aiding and Abetting Fraud - All Defendants)

191.    Defendant incorporates by reference his Answers to ¶ 1 through ¶ 190 of the Complaint, as if set forth fully herein.

192.    Defendant denies the allegations of ¶ 192.

193.    Defendant denies the allegations of ¶ 193.

194.    Defendant denies the allegations of ¶ 194.

195.    Defendant denies the allegations of ¶ 195.

196.    Defendant denies the allegations of ¶ 196.

197.    Defendant denies the allegations of ¶ 197.

- 20 -

198.    Defendant denies the allegations of ¶ 198.

## COUNT VI
### (Negligence and Negligent Misrepresentation - All Defendants)

199.    Defendant incorporates by reference his Answers to ¶ 1 through ¶ 198 of the Complaint, as if set forth fully herein.

200.    Defendant denies the allegations of ¶ 200.

201.    Defendant denies the allegations of ¶ 201.

202.    Defendant denies the allegations of ¶ 202.

203.    Defendant denies the allegations of ¶ 203.

204.    Defendant denies the allegations of ¶ 204.

## COUNT VII
### (Deepening Insolvency - All Defendants)

205.    Defendant incorporates by reference his Answers to ¶ 1 through ¶ 204 of the Complaint, as if set forth fully herein.

206.    Defendant denies the allegations of ¶ 206.

207.    Defendant denies the allegations of ¶ 207.

208.    Defendant denies the allegations of ¶ 208.

209.    Defendant denies the allegations of ¶ 209.

210.    Defendant denies the allegations of ¶ 210.

## COUNT VII
### (Aiding and Abetting Breach of Fiduciary Duty - All Defendants)

211.    Defendant incorporates by reference his Answers to ¶ 1 through ¶ 210, as if set forth fully herein.

212.    Defendant denies the allegations of ¶ 212.

213.    Defendant denies the allegations of ¶ 213.

214.    Defendant denies the allegations of ¶ 214.

## DEFENSES

Defendant sets forth the following affirmative and other defenses. Defendant does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden. Defendant reserves his right to assert in the future such other and further defenses as may become available or apparent during pretrial proceedings.

### FIRST DEFENSE
### (Failure to State a Claim)

215. The First Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE
### (Statute of Limitations)

216. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE
### (Waiver and/or Laches)

217. Plaintiff's claims are barred in whole or in part by the doctrines of laches and waiver.

### FOURTH DEFENSE
### (Contributory Negligence and/or Comparative Fault)

218. Plaintiff's claims are barred in whole or in part by its own contributory negligence and/or comparative fault.

DM3\360735.1

## FIFTH DEFENSE
### (Assumption of Risk)

219.  Plaintiff's claims are barred in whole or in part because it expressly and impliedly assumed the risk of its alleged damages.

## SIXTH DEFENSE
### (Lack of Causation)

220.  Plaintiff's claims fail because Plaintiff cannot show that it has suffered any damages that were actually or proximately caused by Defendant.

## SEVENTH DEFENSE
### (Unclean Hands and/or Estoppel)

221.  Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands and/or estoppel.

## EIGHTH DEFENSE
### (*In Pari Delicto*)

222.  Plaintiff's claims are barred in whole or in part by the doctrine of *in pari delicto*.

## NINTH DEFENSE
### (Failure to Mitigate Damages)

223.  Plaintiffs' claims are barred in whole or in part by its failure to mitigate damages.

## TENTH DEFENSE
### (Offset and/or Payment)

224.  To the extent that Plaintiff has received, is entitled to receive, or expects to receive payments from any other source in connection with its alleged losses, Defendant's obligation to pay is reduced or eliminated in accordance with those payments.

DM3\360735.1

## ELEVENTH DEFENSE
### (Fault of Others and/or Offset)

173. Plaintiff's alleged claims and/or damages were caused by persons and/or entities other than Defendant. Plaintiff may thus not recover against Defendant. Alternatively, any assessment of liability against Defendant must be reduced in proportion to the relative fault of such other persons and/or entities, whether or not such persons and/or entities have been named in any litigation or proceeding, and whether or not such persons and/or entities have settled with Plaintiff or otherwise have had judgment entered against them.

## TWELFTH DEFENSE
### (Lack of Standing)

174. Plaintiff's claims are barred by its lack of standing to assert them against Defendant.

## THIRTEENTH DEFENSE
### (Lack of Privity)

175. Plaintiff's claims are barred by lack of privity.

## FOURTEENTH DEFENSE
### (Res Judicata and/or Collateral Estoppel)

176. Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

## FIFTEENTH DEFENSE
### (Failure To Obtain Reinsurance)

177. Plaintiff's claims and/or damages are barred because Plaintiff did not obtain reinsurance as required by 18 Del. C. § 909.

- 24 -

## SIXTEENTH DEFENSE
### (Reckless Indifference and/or Intentional Misconduct)

178.  Plaintiff's claims are barred by its own reckless indifference and/or

intentional misconduct.

DM3\360735.1

WHEREFORE, Defendant prays that judgment be entered in his favor dismissing with prejudice the First Amended Complaint and all claims and causes of action asserted therein.

Dated: May 5, 2006

DUANE MORRIS LLP

By: _____
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

-and-

ARNOLD & PORTER LLP
Richard P. Swanson
Veronica E. Rendon
Jason M. Butler
399 Park Avenue
New York, NY 10022
Phone: 212-715-1000
Fax: 212-715-1399

Attorneys for Michael Aquino
and McGladrey & Pullen LLP

- 26 -

DM3\360735.1