# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

DANIEL B. BUTZ
302 351 9348
302 425 4671 FAX
dbutz@mnat.com

May 30, 2006

**VIA HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 N. King Street
Room 4124, Lockbox 27
Wilmington, DE 19801

RE:     Stanziale v. Pepper Hamilton, et al., No. 04-1551
        Royal Indemnity Co. v. Pepper Hamilton LLP, et al., No. 05-165

Dear Judge Farnan:

As counsel for defendants Pepper Hamilton LLP and W. Roderick Gagné (the "Pepper Defendants") in the above-captioned actions, we write pursuant to Local Rule 7.1.2(c) to call the Court's attention to the opinion issued on May 26, 2006 by the Court of Appeals for the Third Circuit in *Seitz v. Detweiler, Hershey and Associates, P.C. (In Re: CitX Corp.)*, No. 05-2760, 2006 U.S. App. LEXIS 13141 (3d Cir. May 26, 2006) (a copy of the opinion is enclosed). The Third Circuit's holding in *Seitz* bars one of Royal's claims against the Pepper Defendants and significantly reduces the damages that the Trustee may pursue.

In *Seitz*, the trustee of a bankrupt corporation sued the debtor's former accountants for, among other things, malpractice and deepening insolvency. *Id.* at *7. The trustee alleged that the accountants: (1) should have known that the debtor was insolvent and, therefore, committed malpractice by issuing financial statements suggesting that the debtor was solvent, and (2) deepened the debtor's insolvency by providing incorrect financial statements that the debtor used to incur additional debt. *Id.* at *4, *11. The Court of Appeals upheld the trial court's entry of summary judgment on behalf of the accountants on both claims and, in so doing, made several pronouncements that directly impact this case.

The Honorable Joseph J. Farnan, Jr.
May 30, 2006
Page 2

First, *Seitz* bars Royal's deepening insolvency claim. The Court of Appeals held that a deepening insolvency claim is the property of a debtor corporation: "Because deepening-insolvency claims are brought on behalf of the debtor corporation, deepening insolvency can only be a claim under Bankruptcy Code § 541." *Id.* at *7, n.6. Royal, a creditor of SFC, cannot bring claims on behalf of the debtor and has no authority to pursue § 541 claims. Therefore, Royal lacks standing to pursue its deepening insolvency claim against the Pepper Defendants.[1]

Second, the *Seitz* opinion does away with the Trustee's primary damages theory. In its discussion of *Official Committee of Unsecured Creditors v. R. F. Lafferty & Co.*, 267 F.3d 340 (3d Cir. 2001), the case in which the Third Circuit predicted that Pennsylvania would recognize a cause of action for deepening insolvency, the *Seitz* Court noted that *Lafferty's* prediction has generated much controversy but concluded that "we cannot revisit the correctness of that interpretation of Pennsylvania law" because only the Court of Appeals *en banc* may overrule a prior decision. *Id.* at *19, n.11. The Court of Appeals went on to explain, however, that "we never held that [deepening insolvency] was a valid theory of damages for an independent cause of action. [*Lafferty*] should not be interpreted to create a novel theory of damages for an independent cause of action like malpractice." *Id.* at *10-11.[2] Here, the only tort claims that remain in the Trustee's suit against the Pepper Defendants are claims for malpractice and breach of fiduciary duty. Therefore, under *Seitz*, the Trustee may not recover deepening insolvency damages, which make up the vast majority of the Trustee's alleged damages. *See* Trustee's Amended Complaint ¶¶ 203, 246 (alleging that the Trustee's damages stem from the fact that "SFC was ultimately driven into insolvency and operated well beyond the point of insolvency . . .").

---

[1]    The Pepper Defendants previously moved to dismiss Royal's deepening insolvency claim arguing, among other things, that Royal lacked standing to pursue the claim. On March 31, 2006, this Court entered an Order denying the motions to dismiss. Although the Pepper Defendants are cognizant that, until the Court issues its anticipated opinion in support of the Order they will not have the benefit of the Court's analysis on the standing issue, the Pepper Defendants respectfully submit that the Third Circuit's holding in *Seitz* bars Royal's deepening insolvency claim. The Pepper Defendants also are guided by this Court's holding in the *Stanziale* case, which was cited with approval in *Seitz*, that the Trustee has standing to bring a deepening insolvency claim. *See Stanziale v. Pepper Hamilton LLP (In Re: Student Finance Corp.)*, 335 B.R. 539, 548 (D. Del. 2005) (Farnan, J.).

[2]    The Court of Appeals also limited its holding in *Lafferty* to claims arising under Pennsylvania law: "nothing we said in *Lafferty* compels any extension of the [deepening insolvency] doctrine beyond Pennsylvania." *Id.* at *19, n.11.

The Honorable Joseph J. Farnan, Jr.
May 30, 2006
Page 3

Finally, the *Seitz* opinion calls into question another of the arguments Royal used to support its deepening insolvency claim. The Court of Appeals held that "a claim of negligence cannot sustain a deepening insolvency cause of action." *Id.* at *21. In its Amended Complaint, Royal alleged that the Pepper Defendants made negligent and fraudulent misrepresentations. The Pepper Defendants argued, among other things, that Royal failed to plead fraud with sufficient particularity. If this Court, in denying the Pepper Defendants' motion, agreed that Royal had not sufficiently pleaded fraud but declined to dismiss Royal's deepening insolvency claim because Royal also alleged negligence, *Seitz* makes clear that Royal's negligence allegations no longer support its deepening insolvency count.

The Pepper Defendants would welcome the opportunity to discuss the impact of the *Seitz* opinion on the cases before the Court at the hearing scheduled for June 1. The Pepper Defendants also would be happy to submit any additional briefing that the Court may desire.

Respectfully Yours,

Daniel B. Butz

DBB/clh
Enc.

cc:     All counsel on attached service list

522552