# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 31, 2006

**VIA E-FILE AND HAND DELIVERY**

Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124, Lockbox 27
Wilmington, Delaware 19801

- *Wells Fargo Bank N.A. v. Royal*, **Case No. 02-1294-JJF;**

- *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. Pepper Hamilton, et al.*, **Case No. 04-1551-JJF;**

- *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. McGladrey & Pullen LLP, et al.*, **Case No. 05-72-JJF; and**

- *Royal v. Pepper Hamilton, et al.*, **Case No 05-165-JJF**

Dear Judge Farnan:

      I write on behalf of Royal Indemnity Company ("Royal"), which is a party in two of the referenced cases, as well as Charles Stanziale, as Trustee, the plaintiff in the other two cases, who joins in this submission.

      As requested by the Court at the hearing in this matter held on May 17, 2006, the parties met and conferred several times to determine if they could agree on case management schedules in each of the four cases and a joint case coordination plan. That process began with a nearly all-day meeting at the office of counsel for Royal, which was followed by the exchange of numerous written proposals and comments by the parties, and two all-counsel telephone conference calls. There is a divergence of opinion among the parties (who essentially fall into one of two groupings) about when depositions in these cases should start, the length of time necessary to complete those depositions and other fact discovery, and an appropriate trial range.

Honorable Joseph J. Farnan, Jr.
May 31, 2006
Page 2

### Royal and the Trustee Propose A Compromise Starting Point For Depositions

As the Court will recall, counsel for defendant Pepper Hamilton and related parties in Case No. 05-165-JJF submitted a plan at the May 17 hearing that proposed commencing depositions in June 2006, culminating in a July 2007 trial. The accounting firms (Freed Maxick & Battaglia CPAs, P.C. and McGladrey & Pullen LLP) and related parties urged, and throughout the meet and confer process have continued to urge, that deposition discovery not begin until mid-October 2006. Royal and the Trustee believe that the middle ground is appropriate.

To that end, we submit essentially identical case management orders for each of the four cases, which are attached to this letter. Each call for depositions to begin on July 5, 2006, followed by fact and expert discovery, a summary judgment screening procedure (consistent with Your Honor's comments from the bench), and other standard pretrial events. These four case management orders culminate with a suggested trial range of September 2007.

We think these proposed schedules are both fair and ambitious. On the contested question of when depositions should begin, we submit that the proposed Royal/Trustee case management schedule fairly balances the needs of those parties (*e.g.*, Royal, the Trustee and Pepper Hamilton) who are desirous of expeditiously moving this matter towards completion, with the needs of others to become sufficiently familiar with the documents so that they can meaningfully participate in a deposition process that starts in July. In particular, the accounting firm defendants have contended in the meet-and-confer sessions that document discovery is not substantially complete, but we believe their objection is more accurately that they are not sure they have perfect knowledge of all the facts in the case. Certainly, document productions are substantially complete. The Court ordered document discovery to begin on September 7, 2005. Promptly after that, both Royal and the Trustee made massive amounts of documentary material available to all parties. Most parties decided to wait until those materials were imaged electronically, rather than review available paper records. Even the parties that waited to review electronic versions have had several months to review, digest and organize the significant document productions. While some additional boxes of previously available paper material continues to be electronically imaged, in the context of these matters that is not sufficient reason to further delay deposition discovery.

### The Fact Discovery Period Should Not Be Shortened

Nor is it a solution, as other parties have proposed in the meet and confer process, to attempt to reach a trial date close to that proposed by Royal and the Trustee by delaying the start of depositions and simply shortening the fact discovery period. The Rule 26 disclosures and interrogatory answers in the four cases have identified approximately 175 people with knowledge of the matters at issue. While we do not expect that magnitude of depositions to be taken, we believe 70-90 depositions is a realistic estimate assuming all four cases proceed through the discovery process. Moreover, several parties have expressed an interest in deposing the same individuals and have articulated reasons why their questioning is not likely to mirror

Honorable Joseph J. Farnan, Jr.
May 31, 2006
Page 3

that of other interested parties. A large number of witnesses are third-parties, witness locations are geographically disparate, scheduling will be difficult, and the winter holidays intervene. Accordingly, even the slightly less than nine month period for deposition discovery proposed by Royal and the Trustee is ambitious. A shorter discovery period than that proposed simply is not realistic.

### Joint Discovery Coordination Plan

The Court also requested a joint discovery coordination plan. Royal and the Trustee's proposal is attached. The coordination plan proposes categorizing witnesses into three groups based on the likely amount of time needed (ranging from 1 to 6 days), with a command by this Court that the parties conduct further meet and confer sessions during June to identify a first group of approximately 30 deponents, the time needed to conduct those depositions and time allocations among the parties. We expect that some parties will propose shorter deposition time period groupings and others will propose longer periods. The Royal/Trustee position again represents a compromise between those points of view.

### Case Management Order With Expedited Schedule for the Remanded Claims

Counsel for Royal, MBIA Insurance Corp. and Wells Fargo Bank, N.A. have also met and conferred several times with respect to a separate case management order solely for the MBIA and Wells Fargo claims remanded by the Third Circuit. Royal opposed the motion for summary judgment filed by MBIA and Wells Fargo on the remanded claims in part on Rule 56 grounds, because Royal has had no discovery on these claims. MBIA and Wells Fargo have agreed that this Court should not address their summary judgment motion until after discovery is taken on the issues raised by the motion. Royal, MBIA and Wells Fargo have further agreed that the discovery on the remanded claims should be expedited, and jointly submit Case Management Order #2 to govern these claims. A copy is attached to this letter. Royal anticipates that discovery on these claims will proceed at the same time as the rest of the discovery in the four cases.

Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

cc:   David C. McBride, Esq. (Counsel for Wells Fargo Bank N.A.) (e-mail)
      Andre G. Castaybert, Esq. (Counsel for Wells Fargo Bank N.A.) (e-mail)
      Michael Waters, Esq. (Counsel for Trustee) (e-mail)
      James J. Rodgers, Esq. (Counsel for Trustee) (e-mail)

Honorable Joseph J. Farnan, Jr.
May 31, 2006
Page 4

    Donald Crecca, Esq. (Counsel for Trustee) (e-mail)
    Christopher A. Ward, Esq. (Counsel for Trustee) (e-mail)
    Veronica Rendon (Counsel for McGladrey & Pullen LLP and Michael Aquino) (e-mail)
    John H. Eickemeyer, Esq. (Counsel for Freed Maxick & Battaglia CPAs, PC) (e-mail)
    Stephen J. Shapiro, Esq. (Counsel for Pepper Hamilton LLP and W. Roderick Gagne) (e-mail)
    Elizabeth K. Ainslie, Esq. (Counsel for Pepper Hamilton LLP and W. Roderick Gagne) (e-mail)
    Neil G. Epstein, Esq. (Counsel for W. Roderick Gagne, Robert L. Bast, Pamela Bashore Gagne and the Trusts) (e-mail)
    Karen Lee Turner, Esq. (Counsel for W. Roderick Gagne, Robert L. Bast, Pamela Bashore Gagne and the Trusts) (e-mail)
    Michael R. Lastowski, Esq. (Counsel for McGladrey & Pullen LLP and Michael Aquino) (e-mail)
    William H. Sudell, Jr., Esq. (Counsel for Pepper Hamilton LLP and W. Roderick Gagne) (e-mail)
    James L. Holzman, Esq. (Counsel for Freed Maxick & Battaglia CPAs, PC) (e-mail)
    Thomas Selby, Esq. (Counsel for McGladrey & Pullen LLP) (e-mail)
    Andrew Yao (U.S. Mail)

169996.1