IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MBIA INSURANCE CORPORATION and WELLS FARGO BANK, N.A. (f/k/a WELLS FARGO BANK MINNESOTA N.A.) as TRUSTEE OF SFC GRANTOR TRUST, SERIES 2000-1, SFC GRANTOR TRUST, SERIES 2000-2, SFC GRANTOR TRUST, SERIES 2000-3, SFC GRANTOR TRUST, SERIES 2000-4, SFC GRANTOR TRUST, SERIES 2001-1, SFC GRANTOR TRUST, SERIES 2001-2, SFC OWNER TRUST 2001-I, AND SFC GRANTOR TRUST, SERIES 2001-3, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ROYAL INDEMNITY COMPANY, <br><br> Defendant/Counterclaim Plaintiff. | C.A. No. 02-1294-JJF |
| Royal Indemnity Company, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> Andrew N. Yao, Student Loan Servicing LLC, Student Loan Acceptance II LLC, Student Loan Acceptance III LLC, Student Loan Acceptance III LLC, Student Loan Acceptance V LLC, Student Loan Acceptance VIII LLC, Student Loan Acceptance IX LLC, SFC Financial LLC I, SFC Financial LLC II, SFC Financial LLC VI, SFC Financial LLC VII, <br><br> Third-Party Defendants. | |
| Royal Indemnity Company, <br>         Counter-Claimant, <br> v. <br> MBIA Bank and Wells Fargo Bank Minnesota, N.A. <br>         Counter-Defendants. | |

| | | |
|---|---|---|
| CHARLES A. STANZIALE, JR.,<br>Chapter 7 Trustee of Student Finance<br>Corporation,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>PEPPER HAMILTON LLP, et al.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-1551-JJF |
| CHARLES A. STANZIALE, JR.,<br>Chapter 7 Trustee of Student Finance<br>Corporation,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>McGLADREY & PULLEN LLP and<br>MICHAEL AQUINO,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-72-JJF |
| ROYAL INDEMNITY COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PEPPER HAMILTON LLP, W. RODERICK<br>GAGNE', FREED MAXICK & BATTAGLIA<br>CPAs, McGLADREY & PULLEN LLP, and<br>MICHAEL AQUINO,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-165-JJF |

## DISCOVERY COORDINATION ORDER #1

The following discovery coordination plan shall govern pretrial discovery proceedings in this matter unless otherwise amended for good cause shown by supplemental order of court:

- 2 -

**I.** **Deposition Witnesses:**

    **A.** There shall be three categories of witnesses with the following time limitations:

| A Witnesses | B Witnesses | C Witnesses |
|---|---|---|
| Witnesses in this category will be deposed for not more than 6, seven-hour days. | Witnesses in this category will be deposed for not more than 4, seven-hour days | Witnesses in this category will be deposed for not more than 2, seven-hour days. |

Such witness shall not be deposed for longer than the time ascribed above, unless all parties stipulate to the time increase, or such time increase is otherwise ordered by the Court. Nothing in this paragraph shall prejudice any party's right to request that the Court reduce or expand the amount of time that any witness may be deposed.

    **B.** Not later than 21 days prior to the start of deposition discovery as ordered by the Court, the parties shall complete a meet and confer process for the purpose of stipulating to the categorization of an initial, collective list of approximately 30 deponents divided into two separate tracks (as described in I.D., below). This categorization shall also reflect, in percentage terms, an estimate of the amount of time each party expects to utilize with each such witness. Notwithstanding the foregoing, nothing herein precludes a party from seeking review by the Court of any particular categorization or to amend a categorization upon good cause shown.

    **C.** The court reporter/videographer shall keep the official count of the questioning time used by any party at a deposition. Total questioning time for any witness for any day shall be limited to seven hours unless the witness and all parties present at the deposition agree to extend the questioning period. Parties may cede all or portions of their time to one another, but shall use their best efforts to avoid duplicative questioning of a witness.

    **D.** Depositions may be double-tracked. The parties also may stipulate to more frequent scheduling. For these purposes, each of two groupings of parties shall notice, initiate,

and conduct the initial questioning of, witnesses in their respective track ("Track I" and "Track II").

### Track I

Royal Indemnity Company

Charles Stanziale, Jr., as Trustee

### Track II

Pepper Hamilton, LLP, W. Roderick Gagné, Pamela Gagné, Robert Bast and the Family Trusts

McGladrey & Pullen LLP, Michael Aquino and Freed Maxick & Battaglia, CPAs, P.C.

MBIA Insurance Corporation and Wells Fargo Bank (in all capacities named)

Student Loan Servicing LLC; Student Loan Acceptance II LLC; Student Loan Acceptance III LLC; Student Loan Acceptance V LLC; Student Loan Acceptance VIII LLC; Student Loan Acceptance IX LLC; SFC Financial LLC I; SFC Financial LLC II; SFC Financial LLC VI; SFC Financial LLC VII; Andrew Yao (collectively, the "SFC Entities")

The parties shall work cooperatively with one another with respect to scheduling to the extent reasonably appropriate. The parties shall make best efforts to avoid scheduling witnesses in the "A Witness" and "B Witness" categories (as defined in I.A., above) on overlapping days. Counsel for any party may participate by telephone at any deposition if she or she so chooses.

   E. Deposition exhibits will be numbered consecutively within each track, with each numbered exhibit preceded by "I" or "II," as the case may be. The parties shall use their best efforts to minimize multiple numbering of the same exhibit. A party that marks a document as an exhibit for the first time shall bring sufficient copies of the exhibit to distribute to all counsel. Once a document has been marked as an exhibit, a party that wishes to use the document at a subsequent deposition need not bring copies of the exhibit to distribute to all counsel; rather, all

counsel shall be responsible for bringing their own copies (either paper or electronic) of all previously-marked exhibits to subsequent depositions.

**II.     Deposition Objections:**

    **A.** All parties will be limited to objecting to form at any deposition simply by stating "form" in response to any objectionable question.  By so stating, the objector has preserved the objection for trial.  An objection made by any party will be deemed joined by all parties, including any parties not in attendance at a deposition.  Form objections for purposes of this Order include only the following objections:  vague and ambiguous; asked and answered; foundation; misstates prior testimony; calls for legal conclusion; argumentative; leading; misleading; calls for speculation; assumes facts not in evidence; and calls for an improper lay opinion.  The questioner is entitled to ask the basis for the "form" objection.  If the questioner does so, then the objector may explain the basis of the objection, but not before.  All objections other than the form objections listed in this paragraph shall be preserved for trial.

    **B.** Parties are entitled to assert objections on the record based on the attorney-client privilege, work-product doctrine and other disclosure privileges and instruct witnesses not to answer questions on those bases.

**III.    Deposition Logistics:**

    **A.** Unless otherwise agreed, all depositions are to be video recorded, whether or not a particular deposition notice otherwise so states.  Any issue regarding the videotaping of any particular witness' deposition should be raised with the Court only after the parties have made a good faith meet and confer effort to resolve the matter, but the pendency of any such dispute shall not delay the deposition, which will then proceed as noticed.  The five groups of parties set

forth in section I.D. above (except the SFC Entities) shall evenly share the costs associated with video recording the depositions except to the extent they do not attend that deposition in person or by telephone, in which case the cost should be evenly split among those attending (the deposition in person or by telephone).

  **B.**  The parties shall use a single court reporting service wherever possible for all the depositions in this action.

  This matter is set for further status regarding discovery on _____ _____, 2006.

  SO ORDERED this \_\_\_\_ day of _____, 2006.

_____
HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

12067681