# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

CHRISTOPHER M. WINTER
DIRECT DIAL: 302.657.4951
E-MAIL: cmwinter@duanemorris.com

www.duanemorris.com

May 31, 2006

Honorable Joseph J. Farnan, Jr.
United States District Court
for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 4124
Wilmington, DE 19801

Re: **Royal Indemnity Co. v. Pepper Hamilton LLP, et al., C.A. No. 05-cv-165;
Stanziale v. McGladrey & Pullen LLP, C.A. No. 05-cv-72**

Dear Judge Farnan:

    We represent McGladrey & Pullen, LLP, and Michael Aquino. With the agreement of its counsel, we additionally write on behalf of defendant Freed Maxick & Battaglia CPAs (collectively, the "Accountants"). We write in advance of the June 1 Court conference to discuss the Discovery Coordination and Case Management Orders under consideration by the Court.

    The Accountants substantially agree with the Discovery Coordination Order submitted to the Court by Royal Indemnity with only one minor modification regarding the meet and confer process that will occur prior to the scheduling of depositions. Enclosed is a slightly modified version the Discovery Coordination Order, and a black-lined version for the Court's convenience.

    The larger disagreement relates to the commencement of deposition discovery prior to the completion of document discovery and the Case Management Order. Royal and Pepper Hamilton wish to commence general deposition discovery on July 5, 2006. That is an unrealistic date. Substantial document discovery remains open, including the production of hundred of thousands of pages from the Trustee's warehouse. We understand that these materials will not be produced until late June 2006, at the earliest. It would thus be extremely prejudicial to start general deposition discovery on July 5.

    As a compromise, the Accountants propose starting deposition discovery in *Wells Fargo Bank N.A. v. Royal Indemnity Co.*, No. 02-cv-1294, on July 5, 2006, with depositions in the other actions starting October 16, 2006. This would permit Royal and the *Wells Fargo* litigants to commence depositions immediately, while allowing adequate time for document discovery to be

DuaneMorris

Honorable Joseph J. Farnan, Jr.
May 31, 2006
Page 2

completed in the other actions. The Accountants also propose a schedule that would bring the cases to trial by the end of next year, within two to three months of the trial date sought by Royal and Pepper. This slight delay is hardly detrimental.

### Status of Document Discovery

Substantial document discovery is ongoing in *Royal Indemnity Co. v. Pepper Hamilton LLP, et al.,* and *Stanziale v. McGladrey & Pullen LLP*. Most obviously, the Trustee has not yet produced documents from its warehouse facility, and does not anticipate making its production until late June. While the Accountants have limited their request for materials to a fraction of what is present at the warehouse, there are still approximately 150 boxes (or 550,000 pages) of documents that relate to the fundamental issues in these matters.

Additionally, in the past few weeks Royal has made supplemental productions of over 350,000 pages of relevant third-party materials which relate directly to the witnesses that Pepper Hamilton and Royal wish to depose in July. Moreover, the Trustee has a large volume of third party materials it has not yet even fully identified, much less produced.

Document discovery only commenced in January of this year. It has resulted in the rolling production of approximately ten million pages of hard copy and electronic documents. These productions also contain core information, including data from Andrew Yao's personal computers and Guy Disimplico's (a former Director of SFC) laptop. They also contain the servicing company's email and file servers, as well as SFC's student loan database.

While the Accountants do not believe it is necessary to review every document, the above materials relate to fundamental issues such as SFC's practice of forbearance, the extent of due diligence performed by Royal Indemnity, and work performed by the various accountants retained by SFC and Andrew Yao. Substantial prejudice will result if the Accountants are forced to commence general deposition discovery before they have adequate time to review these documents.

### Commencement of Deposition Discovery and the Trial Date

Those who want to commence general deposition discovery in July are differently positioned than the Accountants. Pepper Hamilton wishes to simply forego document discovery in order to bring the case to trial sooner rather than later. Royal and the Trustee have had access to the millions of pages of materials discussed above for years. It is thus unsurprising that they are prepared to commence deposition discovery. In arguing that general depositions should commence in July, Royal wants the Accountants to do in weeks what it has had years to do.

The Accountants propose commencing depositions on July 5, 2006 in the *Wells Fargo* action on the limited issues present in that case. Approximately 30 Wells Fargo/MBIA witnesses

DuaneMorris

Honorable Joseph J. Farnan, Jr.
May 31, 2006
Page 3

were identified by Royal and Wells Fargo in their Rule 26(a)(1) disclosures. This arrangement allows Royal to start depositions immediately on a list of witnesses of its own choosing, without compromising the Accountants' right to review documents. It is unclear why Royal would oppose this solution.[1]

The Accountants' proposed Case Management Order provides for a trial date in late 2007, a *mere two to three months* after the date proposed by Royal and Pepper. This difference is immaterial, and the prejudice to Royal and other parties is minimal, especially relative to the prejudice that would be suffered by the Accountants were they forced to proceed with depositions in July prior to the completion of document discovery.[2]

Respectfully submitted,

Christopher M. Winter

cc:   All counsel of record

---

[1] Wells Fargo has indicated that it would allow the Accountants to sit with a smaller, more select group of its witnesses at a later date should the need arise in the *Royal Indemnity Co. v. Pepper Hamilton LLP, et al.,* and *Stanziale v. McGladrey & Pullen LLP* matters.

[2] While Royal claims 90 depositions are necessary over a nine month period, the Accountants believe that no more than 60 depositions should be required over a seven month period (or a ten month period, if Royal begins depositions in the Wells Fargo action in July 2006). One of the reasons the Accountants seek time to perform document review is to streamline the deposition discovery process.