IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-165-JJF |
| | ) | |
| PEPPER HAMILTON LLP, W. RODERICK GAGNE, FREED MAXICK & BATTAGLIA CPAs PC, McGLADREY & PULLEN LLP and MICHAEL AQUINO, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF ROYAL INDEMNITY COMPANY
IN SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT
TO ADD ADDITIONAL PARTY DEFENDANT**

Plaintiff Royal Indemnity Company ("Royal") has moved for leave to file its Second Amended Complaint for the sole purpose of adding Freed Maxick Sachs & Murphy, P.C. ("FMSM") as an additional party defendant. Existing defendant Freed Maxick & Battaglia CPAs P.C. ("FMB") -- which is, at the very least, a closely related professional corporation to FMSM -- has contended in this action that it is not a proper party. FMB asserts that FMSM is the proper party, and that FMB bears no responsibility or liability for the acts of FMSM.

The evidence available to Royal at this time strongly suggests that FMB's assertion is untrue. However, in order to avoid any later claim of prejudice, and to facilitate a full and speedy resolution of this disputed issue, Royal seeks leave to file a proposed Second Amended Complaint, which is amended solely to add FMSM as a named defendant in this action. No substantive allegations are made against FMSM that have not already been made and found to state a claim against FMB.[1]

---

[1] Copies of Royal's Second Amended Complaint, both as proposed and redlined, are attached as Exhibits A-1 and A-2, respectively, to the Transmittal Declaration of John Grossbart, dated May 30, 2006, and cited herein as "Grossbart decl."

## FACTUAL BACKGROUND

This action was filed on March 18, 2005 against several defendants, including existing defendant FMB. On April 12, 2005, Royal filed its First Amended Complaint. The claims against FMB arise from FMB's participation in a conspiracy to conceal and misrepresent from outsiders, including Royal, critical aspects of the business and operations of SFC and related companies. Central to this conspiracy is a "Report on Consolidated Financial Statements" that FMB issued for Student Finance Corporation and its subsidiaries (collectively, "SFC") for the fiscal years ended December 31, 1999 and 1998. A pivotal player in the conspiracy was defendant Michael Aquino, who worked for FMB and actively helped SFC conceal from Royal and others the true default rate on the student loans insured by Royal.

The 1998-99 consolidated financial statements were signed by FMSM on July 26, 2000. Royal named FMB as the defendant, however, not FMSM, because both entities and their officers and employees have publicly proclaimed that FMB is the successor (by merger, name change, or otherwise) to the accounting firm that formerly did business as FMSM.

Despite these public proclamations, FMB responded to Royal's complaint by moving to dismiss on the theory that Royal had sued the wrong party. According to FMB, it has always been completely separate and distinct from FMSM. FMB emphasizes that it was not incorporated until August 22, 2001, after (it asserts) Mr. Aquino had left FMSM to join defendant McGladrey & Pullen LLP. Therefore, FMB contends, even assuming *arguendo* that FMSM is liable on Royal's claims, that liability cannot extend to FMB. FMB submitted no sworn evidence in support of its motion.[2]

---

[2] FMB's Memorandum of Law in Support of Its Motion to Dismiss, at pages 3-5 (D.I. 30).

On March 31, 2006, this Court denied FMB's motion to dismiss. But the relationship between FMB and FMSM remains in dispute, as evidenced by FSM's recently filed answer to Royal's Complaint. (D.I. 125 at ¶¶ 5, 15.) To avoid any dispute over whether FMB or FMSM, or both, are the proper party defendant, Royal is moving now to add FMSM as a defendant. In addition to the underlying matters at issue, discovery will be directed to FMB's and FMSM's relationship with one another so that this question can be fully and properly adjudicated.

## ARGUMENT

### A.  The Proposed Claims Against FMSM Are Identical to Those Against FMB

The proposed claims against FMSM are word for word identical to those against FMB. The only changes that Royal's proposed Second Amended Complaint makes to the existing First Amended Complaint are in paragraphs 5 and 15, where FMB and FMSM are described. In all other respects, the allegations remain unchanged.

### B.  Even If Technically Separate Corporations, FMB and FMSM Are Closely Related, Maybe Even Alter Egos, And Which Corporation Bears Ultimate Liability On Royal's Claims Is Unclear

In its recently filed answer, FMB admits that it is a New York professional corporation engaged in the practice of public accountancy and located in New York. (Answer of FMB ¶ 15 (D.I. 125)). In its earlier motion to dismiss papers, FMB conceded that FMSM is a New York professional corporation with its principal place of business at the same address as FMB. (FMB Motion at 3 & ex. A (D.I. 30).)

Exhibit A to FMB's motion to dismiss were documents from the New York Department of State. Proferred by FMB to show that it was not formed until 2001, these documents also show that FMSM remained in existence in 2001.[3] The documents reflect that FMB and FMSM

---

[3] The Department of State documents are attached as exhibit B to Mr. Grossbart's declaration. These documents were attached as exhibit A to FMB's Memorandum in Support of Its Motion to Dismiss (D.I. 30).

- 3 -

share the same "DOS [Department of State]" and "Principal Executive Office" addresses, "800 Liberty Building, Buffalo, New York, 14202," and share the same "Chairman or Chief Executive Officer," Robert Glaser, whose address is also "800 Liberty Building, Buffalo, New York, 14202." (Grossbart decl. ex. B; D.I. 30 at ex. A).

This action has generated many additional indications that FMB and FMSM are closely related and may even be alter egos. On March 25, 2005, service of the original complaint was made to and received by FMB at FMSM's address -- 800 Liberty Building in Buffalo. (Grossbart decl. ex. C). FMB and FMSM are both listed as named insureds under the same Accountants Professional Liability Policy. (Grossbart decl. ex. D). Despite FMB's assertions of its supposed "separateness" from FMSM, FMB has responded to requests for documents in its possession, custody or control by producing documents that were generated by FMSM and documents that predate August 22, 2001, when FMB claims it was incorporated. (Grossbart decl. ex. E). Either FMSM is voluntarily turning over its own documents to FMB for production in the absence of any legal process compelling it to do so, or FMB has possession, custody and control of those documents: either explanation belies FMB's claims of separateness.

But the Court need only listen to the pronouncements of FMB and its senior management to conclude that FMB and FMSM are alter egos and that accounting work performed by FMSM, such as SFC's 1998-99 consolidated financials, is routinely represented to the world as the prior work of FMB. For instance, in seeking bankruptcy court approval to be retained as a debtor's accountant, FMB represented that "FMB has *a 40-year history* of professionalism and a reputation for providing trusted, quality service -- a commitment that has not changed."[4] This

---

[4] Application to Employ Freed Maxick & Battaglia, CPAs, PC as Accountant, filed by Debtor Sheehan Memorial Hospital in *In re Sheehan Memorial Hospital, Debtor*, 1-04-11548-CLB (Bankr. W.D.N.Y.) (docket no. 170, June 28, 2004) (emphasis added). This application is attached to Mr. Grossbart's transmittal declaration as exhibit F.

proposition obviously could not be true if FMB only was formed in 2001. In 2005, FMB's website boasted that FMB was "[f]ormed *in 1958*."[5] Other Web postings by or about FMB repeat exactly the same thing. (Grossbart decl. ex. H).

In September 2001, a month after FMB claims it was formed as a new, entirely separate corporate entity, Robert Glaser, the Chief Executive Officer of *both* FMB and FMSM, stated that nothing more than a name change had occurred:

> Freed Maxick Sachs & Murphy P.C. has backed out of a merger of its accounting services with McGladrey & Pullen LLP, a national organization associated with H&R Block Inc.
>
> *The Buffalo firm also has changed its name to Freed Maxick & Battaglia CPAs PC* to acknowledge the Batavia accounting office Freed Maxick acquired in 1999. The local firm was to have adopted the McGladrey name.
>
> The decision to separate the local firm from the national organization appears to be mutual: Freed Maxick preferred to retain its own identity and avoid the overhead while McGladrey wanted to concentrate on bigger markets, according to the firms.
>
> "It became obvious to us that the economics of running the McGladrey firm in Western New York, looking at the economics of our client base, it didn't make sense," said Robert Glaser, Freed Maxick's managing partner.[6]

FMB's management routinely ignores the supposed distinction between FMB and FMSM. Several of the current directors and senior management of FMB have posted biographies on FMB's website announcing that they have been employed by, or associated with, FMB for years prior to August 22, 2001. For example, the official biography of James A. Sachs (the "S" in FMSM) states that he "is a director of Freed Maxick & Battaglia CPAs P.C. ... Mr. Sachs joined the firm in 1971." (Grossbart decl. ex. J). Similarly, Howard A. Rein "joined

---

[5] The relevant page from http://www.freedmaxick.com/ftp_only/FreedMaxickFacts.pdf is attached to Mr. Grossbart's transmittal declaration as exhibit G. We have added emphasis to the quote.

[6] Freed Maxick Merger Ends After 10 Months, Buffalo Business First, Sept. 12, 2001, available at http://www.bizjournals.com/buffalo/stories/2001/09/10/daily12.html. A copy is attached to Mr. Grossbart's transmittal declaration as exhibit I. We have added emphasis to the quote.

Freed Maxick & Battaglia, CPAs, PC in 1980;" David R. Barrett "has been associated with Freed Maxick & Battaglia, CPAs, PC for the past 29 years;" and Stephen D. Holt "joined Freed Maxick & Battaglia, CPAs, PC in 1988." (*Id.*) Numerous other posted biographies contain similar representations.[7]

Other members of management acknowledge a successor relationship between FMB and FMSM. The official biography of Paul J. Battaglia (the "B" in defendant FMB), states that he "was Managing Director of Battaglia, Andrews & Moag, P.C. when the firm **merged** with Freed Maxick Sachs & Murphy to become Freed Maxick & Battaglia, P.C." (*Id.* (emphasis added)). The biography of Ronald J. Soluri, Sr. "states that he graduated . . . in 1973" and upon graduation "joined Freed Maxick & Battaglia, CPAs, PC (Formerly Freed Maxick Sachs & Murphy, P.C.)." (*Id.*). None of these representations square with FMB's contentions in this case.

We note that none of the documents FMB submitted in support of its motion to dismiss, including the Department of State reports, reveal anything about the current operations of FMSM; whether the FMSM referred to in FMB's moving papers is the same entity that signed the 1998-99 SFC consolidated financials; or the extent to which FMB, which is a professional corporation, or its constituent partners, bear responsibility for the claims alleged in the complaint.

### C.    Justice Requires That Leave To Amend Be Granted Here

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006). Where an

---

[7] Thomas J. Berical "joined Freed Maxick & Battaglia, CPAs, PC in 1990"; Donald L. Gould "joined the Firm in 1992;" Howard B. Epstein "joined Freed Maxick & Battaglia, CPAs, PC in 1998;" Shaun M. Frier "joined Freed Maxick & Battaglia, CPAs, PC in 1993;" Donnely L. Warrant "joined Freed Maxick & Battaglia, CPAs, PC in 1988;" and J. Michael Ervin "graduated in 1992" and "[u]pon graduation . . . joined Freed Maxick & Battaglia, CPAs, PC." (Grossbart decl. ex. J).

amendment adds only a party and not new factual allegations, and particularly where the new party has been on notice of the claims throughout the case, leave to add a new party defendant will be given. *In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 33-34 (D.D.C. 2003).

Justice certainly requires leave to amend here. Royal sued FMB, not FMSM, because FMB's own website and the pronouncements of FMB's own officers and employees represented that FMB is a successor to FMSM. (*See* Grossbart decl. exs. G - J). FMB and FMSM in fact share offices and management, and neither appears to distinguish what one does from what the others does.

Royal's failure to name FMSM as a defendant originally was, then, at worse an honest and understandable error, and Royal has moved promptly to rectify the error before a case management order and pre-trial schedule has been entered in this action. *See Conneely v. Butterworth Jetting Sys., Inc.*, 219 F.R.D. 25, 27-28 (D. Mass. 2003). Plaintiffs should be granted leave to amend to add related corporations when the desire to amend arises from further information concerning the actual corporate structure of a defendant that is provided by the defendant itself. *George v. HEK Am., Inc.*, 157 F.R.D. 489, 491 (D. Colo. 1994). Just as it is appropriate to amend to add a successor entity that may have liability, it is appropriate to add a predecessor entity when it may have liability. *Cf. Brzozowski v. Correctional Physician Servs., Inc.*, 360 F.3d 173, 178 (3d Cir. 2004).

### D.  Joinder of FMSM is Appropriate and Non-Prejudicial

At this juncture, the complete facts and details of the FMB/FMSM relationship are not known to Royal or this Court, and remain in dispute. To avoid any claim of prejudice by FMSM should it subsequently be determined that FMSM is, in fact, a proper party defendant -- and given FMB's own concession that FMSM is a proper party defendant -- Royal respectfully seeks leave to add FMSM as an additional defendant at this time. Such an amendment will result in no

prejudice to FMSM or FMB, who clearly do not observe distinctions between them, and who both always have been on notice of all the claims, defenses, issues and developments in this action. And even if FMSM is truly a separate corporation as FMB contends, it received notice of Royal's claims when service was made on FMB since Robert Glaser is the president of both entities. *Cf. Walton v. Waldron*, 886 F. Supp. 981, 985 (N.D.N.Y. 1995). For the same reasons, this amendment will not impede the progress of these proceedings. Deposition discovery has not begun. FMSM's interests in the paper discovery phase will have been more than protected by FMB.

Leave to amend a complaint to add a corporate defendant's alter ego or other closely related entity as an additional defendant is warranted when it will not result in undue delay, when the defendants will not suffer undue prejudice from the amendment, when the amendment will not require substantial additional discovery or discovery to be redone, when the plaintiff has a colorable claim against the related entity, and where adding that entity would promote the efficient administration of justice by eliminating the need for the plaintiff to bring a separate action and allowing its liability to be adjudicated in a closely related case. *Sullivan ex rel. Pointers, Cleaners & Caulkers Welfare, Pension & Annuity Funds v. West N.Y. Residential, Inc.*, No. 01-CV-7847 (ILG), 2003 WL 21056888, at ** 1-2 (E.D.N.Y. 2003) (attached as Exhibit A). Each of these tests is met here, and leave should be given to file the amended complaint.

## CONCLUSION

For the reasons set forth herein and in the exhibits to the accompanying transmittal declaration of John Grossbart, Royal respectfully requests that it be granted leave to file an amendment to its complaint in this action, in the form attached to Mr. Grossbart's declaration as exhibit A-1.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

---

Lawrence C. Ashby (I.D. #468)
Philip Trainer, Jr. (I.D. #2788)
Tiffany L. Geyer (I.D. #3950)
222 Delaware Avenue, 17th Floor
Wilmington, DE  19899
(302) 654-1888
(302) 654-2067 (Fax)

*Attorneys for Plaintiff*
*Royal Indemnity Company*

*Of Counsel:*

Michael H. Barr
Kenneth J. Pfaehler
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY  10020-1089
(212) 768-6700
(212) 768-6800 (Fax)

and

Alan S. Gilbert
John Grossbart
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, IL  60606
(312) 876-8000
(312) 876-7934 (Fax)

Dated: June 7, 2006
170011.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2006, the attached **MEMORANDUM OF ROYAL INDEMNITY COMPANY IN SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT TO ADD ADDITIONAL PARTY DEFENDANT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William H. Sudell, Jr., Esquire<br>Morris Nichols Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE  19899-1347 | HAND DELIVERY |
| James L. Holzman, Esquire<br>J. Clayton Athey, Esquire<br>Prickett, Jones & Elliott, P.A.<br>1310 King Street<br>Wilmington, DE  19899 | HAND DELIVERY |
| Michael R. Lastkowski, Esquire<br>Christopher M. Winter, Esquire<br>Duane Morris LLP<br>1100 North Market Street, Suite 1200<br>Wilmington, DE  19801 | HAND DELIVERY |
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19899 | HAND DELIVERY |
| Karen Lee Turner, Esquire<br>Susan E. Poppiti, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>300 Delaware Avenue, Suite 1360<br>Wilmington, DE  19801 | HAND DELIVERY |
| Christopher A. Ward, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801 | HAND DELIVERY |

John H. Eickemeyer, Esquire                                VIA FEDERAL EXPRESS
Jonathan A. Wexler, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY  10022

Elizabeth K. Ainslie, Esquire                              VIA FEDERAL EXPRESS
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Richard P. Swanson, Esquire                                VIA FEDERAL EXPRESS
Veronica E. Rendon, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690

Steven M. Farina, Esquire                                  VIA FEDERAL EXPRESS
Thomas H.L. Selby
Amber M. Mettler
Williams & Connolly LLP
725 Twelfth Street, NW.
Washington, DC  20005

Neil G. Epstein, Esquire                                   VIA FEDERAL EXPRESS
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA  19102

Michael S. Waters, Esquire                                 VIA FEDERAL EXPRESS
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

| | |
|---|---|
| James J. Rodgers, Esquire<br>Laura E. Vendzules, Esquire<br>Andrew M. Marble, Esquire<br>Dilworth Paxson LLP<br>3200 Mellon Bank Center<br>1735 Market Street<br>Philadelphia PA 19103-7595 | <u>VIA FEDERAL EXPRESS</u> |
| Andre G. Castaybert, Esquire<br>Ronald Rauchberg, Esquire<br>Steven Obus, Esquire<br>David McTaggart, Esquire<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036-8299 | <u>VIA FEDERAL EXPRESS</u> |
| Student Loan Servicing LLC<br>261 Chapman Road, Suite 101<br>Newark, DE 19702-5423 | <u>U.S. MAIL</u> |
| Andrew N. Yao<br>107 Leighton Drive<br>Bryn Mawr, PA 19010. | <u>U.S. MAIL</u> |

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

170005.1

3