IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MBIA INSURANCE CORPORATION and )
WELLS FARGO BANK, N.A. (f/k/a WELLS )
FARGO BANK MINNESOTA N.A.) as )
TRUSTEE OF SFC GRANTOR TRUST, )
SERIES 2000-1, SFC GRANTOR TRUST, )
SERIES 2000-2, SFC GRANTOR TRUST, )
SERIES 2000-3, SFC GRANTOR TRUST, )          C.A. No. 02-1294-JJF
SERIES 2000-4, SFC GRANTOR TRUST, )
SERIES 2001-1, SFC GRANTOR TRUST, )
SERIES 2001-2, SFC OWNER TRUST 2001-I, )
AND SFC GRANTOR TRUST, SERIES 2001-3, )
                                       )
    Plaintiffs/Counterclaim Defendants, )
                                       )
    v. )
                                       )
ROYAL INDEMNITY COMPANY, )
                                       )
    Defendant/Counterclaim Plaintiff. )
_____ )
                                       )
Royal Indemnity Company, )
                                       )
    Third-Party Plaintiff, )
                                       )
    v. )
                                       )
Andrew N. Yao, Student Loan Servicing LLC, )
Student Loan Acceptance II LLC, Student Loan )
Acceptance III LLC, Student Loan Acceptance )
III LLC, Student Loan Acceptance V LLC, )
Student Loan Acceptance VIII LLC, Student )
Loan Acceptance IX LLC, SFC Financial LLC I, )
SFC Financial LLC II, SFC Financial LLC VI, )
SFC Financial LLC VII, )
                                       )
    Third-Party Defendants. )
_____ )
                                       )
Royal Indemnity Company, )
           Counter-Claimant, )
    v. )
MBIA Bank and Wells Fargo Bank Minnesota, N.A.) )
           Counter-Defendants. )
_____ )



CHARLES A. STANZIALE, JR.,
Chapter 7 Trustee of Student Finance
Corporation,
                    Plaintiff,

            v.                                          C.A. No. 04-1551-JJF

PEPPER HAMILTON LLP, et al.,

                    Defendants.
_____

CHARLES A. STANZIALE, JR.,
Chapter 7 Trustee of Student Finance
Corporation,
                    Plaintiff,
                                                        C.A. No. 05-72-JJF
            v.

McGLADREY & PULLEN LLP and
MICHAEL AQUINO,

                    Defendants.
_____

ROYAL INDEMNITY COMPANY,

                    Plaintiff,

            v.                                          C.A. No. 05-165-JJF

PEPPER HAMILTON LLP, W. RODERICK
GAGNE', FREED MAXICK & BATTAGLIA
CPAs, McGLADREY & PULLEN LLP, and
MICHAEL AQUINO,

                    Defendants.

## DISCOVERY COORDINATION ORDER #1

The following discovery coordination plan shall govern pretrial discovery proceedings in

this matter unless otherwise amended for good cause shown by supplemental order of court:

I. **Deposition Witnesses:**

    A.    There shall be two categories of witnesses with the following time limitations:

| "A" Witnesses | "B" Witnesses |
|---|---|
| Witnesses in this category, including 30(b)(6) witnesses, may be deposed for not more than 10 hours spread over two consecutive days. | Witnesses in this category, including 30(b)(6) witnesses, are designated as "coordinated" witnesses and may be deposed for not more than three consecutive, seven-hour days |

Such witness shall not be deposed for longer than the time ascribed above or on non-consecutive days, unless all parties stipulate or the Court orders otherwise. Nothing in this paragraph shall prejudice any party's right to request that the Court reduce or expand the amount of time that any witness may be deposed. No more than 100 depositions, total, may be taken absent leave of court.

    B.    Not later than July 31, 2006, the parties shall complete a meet and confer process for the purpose of the categorizing of an initial list of approximately 30 deponents divided into two separate tracks (as described in I.D., below). This categorization shall reflect whether the witness is an "A" or "B" witness (based on a majority vote of the parties with those groupings of parties set forth in III.A. each entitled to one vote), the specific case(s) in which any "A" witness is being noticed (all "B" witnesses are deemed noticed in all cases), and shall reflect, in percentage terms, an estimate of the amount of time each party expects to utilize with each such witness, as well as which party shall notice, initiate, and conduct the initial questioning of the various witnesses. Notwithstanding the foregoing, nothing herein precludes a party from seeking review by the Court of any particular categorization or to amend a categorization upon good cause shown.

**C.**     The court reporter/videographer shall keep the official count of the questioning time used by any party at a deposition.  Total questioning time for any witness for any day shall be limited to seven hours unless the witness and all parties present at the deposition agree to extend the questioning period.  Parties may cede all or portions of their time to one another, but shall use their best efforts to avoid duplicative questioning of a witness.

**D.**     Depositions may be double-tracked, with the parties working cooperatively to group witnesses into tracks ("Track I" and "Track II").  The parties also may stipulate to more frequent scheduling.  The parties shall work cooperatively with one another with respect to scheduling to the extent reasonably appropriate.  The parties shall make best efforts to avoid scheduling witnesses in the "B Witness" category (as defined in I.A., above) on overlapping days.  Counsel for any party may participate by telephone at any deposition if he or she so chooses.

**E.**     Deposition exhibits will be numbered consecutively within each track, with each numbered exhibit preceded by "I" or "II," as the case may be.  The parties shall use their best efforts to minimize multiple numbering of the same exhibit.  A party that marks a document as an exhibit for the first time shall bring sufficient copies of the exhibit to distribute to all counsel.  Once a document has been marked as an exhibit, a party that wishes to use the document at a subsequent deposition need not bring copies of the exhibit to distribute to all counsel; rather, all counsel shall be responsible for bringing their own copies (either paper or electronic) of all previously-marked exhibits to subsequent depositions.

## II.    Deposition Objections:

A.    All parties will be limited to objecting to form at any deposition simply by stating "form" in response to any objectionable question.  By so stating, the objector has preserved the objection for trial.  An objection made by any party will be deemed joined by all parties, including any parties not in attendance at a deposition.  Form objections for purposes of this Order include only the following objections:  vague and ambiguous; asked and answered; foundation; misstates prior testimony; calls for legal conclusion; argumentative; leading; misleading; calls for speculation; assumes facts not in evidence; and calls for an improper lay opinion.  The questioner is entitled to ask the basis for the "form" objection.  If the questioner does so, then the objector may explain the basis of the objection, but not before.  All objections other than the form objections listed in this paragraph shall be preserved for trial.

B.    Parties are entitled to assert objections on the record based on the attorney-client privilege, work-product doctrine and other disclosure privileges and instruct witnesses not to answer questions on those bases.

## III.    Deposition Logistics:

A.    Unless otherwise agreed, all depositions are to be video recorded, whether or not a particular deposition notice otherwise so states.  Any issue regarding the videotaping of any particular witness' deposition should be raised with the Court only after the parties have made a good faith meet and confer effort to resolve the matter, but the pendency of any such dispute shall not delay the deposition, which will then proceed as noticed.  The following five groups of parties shall evenly share the costs associated with video recording the depositions except to the

extent they do not attend that deposition in person or by telephone, in which case the cost should be evenly split among those attending the deposition in person or by telephone:

- Royal Indemnity Company

- Charles Stanziale, Jr., as Trustee

- Pepper Hamilton, LLP, W. Roderick Gagné, Pamela Gagné, Robert Bast and the Family Trusts

- McGladrey & Pullen LLP, Michael Aquino and Freed Maxick & Battaglia, CPAs, P.C.

- MBIA Insurance Corporation and Wells Fargo Bank (in all capacities named)

The above parties and/or groupings of parties, as the case may be, each are entitled to one vote for purposes of section I.B., above.

**B.**    The parties shall use a single court reporting service wherever possible for all the depositions in this action.

SO ORDERED this ____ day of _____, 2006.

_____
HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

170425.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2006, the attached **DISCOVERY**

**COORDINATION ORDER #1** was served upon the below-named counsel of record at the

address and in the manner indicated:


William H. Sudell, Jr., Esquire                                    **HAND DELIVERY**
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

James L. Holzman, Esquire                                       **HAND DELIVERY**
J. Clayton Athey, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19899

Michael R. Lastkowski, Esquire                             **HAND DELIVERY**
Christopher M. Winter, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

John W. Shaw, Esquire                                           **HAND DELIVERY**
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

Peter C. Hughes, Esquire                                         **HAND DELIVERY**
Dilworth Paxson LLP
First Federal Plaza, Suite 500
Wilmington, DE 19801

Karen Lee Turner, Esquire                                       **HAND DELIVERY**
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801

Christopher A. Ward, Esquire                    HAND DELIVERY
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

John H. Eickemeyer, Esquire                     VIA FEDERAL EXPRESS
Jonathan A. Wexler, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY  10022

Elizabeth K. Ainslie, Esquire                   VIA FEDERAL EXPRESS
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Richard P. Swanson, Esquire                     VIA FEDERAL EXPRESS
Veronica E. Rendon, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690

Andre G. Castaybert, Esquire                    VIA FEDERAL EXPRESS
Proskauer Rose LLP
1585 Broadway
New York, NY  10036-8299

Michael S. Waters, Esquire                      VIA FEDERAL EXPRESS
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

Neil G. Epstein, Esquire                        VIA FEDERAL EXPRESS
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA  19102

James J. Rodgers, Esquire                       VIA FEDERAL EXPRESS
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia PA 19103-7595

Thomas H.L. Selby, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005

<u>VIA FEDERAL EXPRESS</u>

*/s/ Philip Trainer, Jr.*

Philip Trainer, Jr.

170429.1