Writer's Direct Dial:
(302)888-6507
Writer's Telecopy Number:
(302)658-8111
Writer's E-Mail Address:
JCATHEY@prickett.com

**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

June 21, 2006

VIA E-FILE

The Hon. Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

    Re    Royal Indemnity Co. v. Pepper Hamilton LLP, et al., C.A. No. 05-165

Dear Judge Farnan:

    I write on behalf of defendant Freed Maxick & Battaglia, P.C. ("FMB") in connection with plaintiff Royal Indemnity Company's ("Royal") motion to file a second amended complaint adding Freed Maxick Sacks & Murphy ("FMSM") as a party defendant. In light of the fact that the Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires," and that Royal proposes to add as a defendant the entity that actually opined on Student Finance Corporation's ("SFC") financial statements for the year ended December 31, 1999 – as opposed to FMB, which did not even exist when those statements were issued – FMB does not oppose Royal's motion.

    However, FMB does take issue with several statements made by Royal in its continuing effort to connect FMB to the financial statements at issue here. Royal attempts to portray FMB as an alter ego of FMSM by pointing to several statements made in press releases, on the Internet, or in statements in other proceedings. (See Royal's Memorandum in support of its motion for leave to amend ("Royal Mem."), D.I. 140, at 4-6) But the nature of any relationship that may have existed between FMB and the SFC financial statements at issue here – and FMB will demonstrate that there was none – must be determined by facts specific to this case, not by generalized statements that are irrelevant to the issues in this action.

    Royal purports to give dispositive effect to statements made in press releases that were made at the time FMB was formed and thereafter. However, Royal cannot dispute the fact that FMSM and FMB are separate New York corporations and that FMB was not incorporated until August 2001 – long after the issuance of the December 31, 1999 SFC financial statements.[1] Nor can Royal dispute the fact that FMSM remained in existence after FMB was formed, and indeed

---

[1] FMSM's report on these financial statements is dated July 26, 2000.

The Hon. Joseph J. Farnan, Jr.
June 21, 2006
Page 2

---

remains in existence to this very day. (*See* FMB's Memorandum in support of its motion to dismiss, D.I. 30, at 3-5, and Exhibit A thereto)

Royal makes extensive efforts to establish that FMB is somehow a successor to FMSM, even though that is totally unnecessary on this motion. Once again, Royal seeks to rely on matters totally extraneous to the claims and defenses in this action, and intimates that FMB was not candid with the Court in its motion to dismiss. (Royal Mem., D.I. 140, at 1) However, in its motion papers, FMB simply made the indisputable points that it did not issue opinions on *any* SFC financial statements, that it was not formed until after the issuance of the SFC financial statements at issue in this action, that FMB and FMSM are separate, simultaneously-existing corporations and that defendant Michael Aquino was never a member of FMB.[2]

While FMB contends that it is not properly a party to this action and that Royal has no valid claims against it, the issue of whether there is any successor or alter ego liability can only be decided based on an application of the relevant legal principles to the facts that will be developed in this action. Royal's declarations concerning FMB's supposed responsibility for SFC's financial statements, and the alleged relationship between FMB and FMSM, are thus both premature and irrelevant to the disposition of this motion.

Respectfully,

J. Clayton Athey
(DE Bar ID No. 4378)

JCA/smc

cc:  Veronica E. Rendon, Esquire (via e-mail)
     Philip Trainer, Jr., Esquire (via e-file)
     William H. Sudell, Jr., Esquire (via e-file)
     Christopher M. Winter, Esquire (via e-file)
     John I. Grossbart, Esquire (via U.S. Mail)
     Steven L. Merouse, Esquire (via U.S. Mail)
     John H. Eickemeyer, Esquire (via e-mail)

---

[2] While Royal asserts, as if it were established fact, that Aquino "worked for FMB" (Royal Mem. at 2), this statement is flatly incorrect.

19631.1\307137v1