IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ROYAL INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, ET AL.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 1:05-cv-00165-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**McGLADREY & PULLEN, LLP's and MICHAEL AQUINO's
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO DISMISS IN PART THE SECOND AMENDED COMPLAINT**

DUANE MORRIS LLP
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

| | |
|---|---|
| ARNOLD & PORTER LLP<br>Richard P. Swanson<br>Veronica E. Rendon<br>Jason M. Butler<br>399 Park Avenue<br>New York, NY 10022<br>Phone: 212-715-1000<br>Fax: 212-715-1399<br><br>Attorneys for McGladrey & Pullen, LLP<br>and Michael Aquino | WILLIAMS & CONNOLLY LLP<br>Steven M. Farina<br>Thomas H.L. Selby<br>Amber M. Mettler<br>725 12th Street, N.W.<br>Washington, D.C. 20005<br>Phone: 202-434-5000<br>Fax: 202-434-5029<br><br>Counsel for Defendant McGladrey &<br>Pullen, LLP |

Date: July 6, 2006

DM3\378260.1

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF THE PROCEEDINGS ................................................................................2

ARGUMENT................................................................................................................................2

    THE THIRD CIRCUIT'S DECISION IN *SEITZ* REQUIRES THAT ROYAL'S
    DEEPENING INSOLVENCY CLAIM BE DISMISSED ..................................................2

CONCLUSION.............................................................................................................................5

# TABLE OF AUTHORITIES

Page

## CASES

*Official Committee of Unsecured Creditors v. Lafferty*,
    267 F.3d 340 (3d Cir. 2001)............................................................................................. *passim*

*Seitz v. Detweiler, Hershey, & Assocs. (In re CitX Corp.)*,
    448 F.3d 672 (3d Cir. 2006)............................................................................................. *passim*

## STATUTES

11 U.S.C. § 541 ......................................................................................................................1, 2, 4

Defendants McGladrey & Pullen, LLP ("McGladrey") and Michael Aquino ("Aquino") submit, by leave of Court, this motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss in part the Second Amended Complaint ("Second Amended Complaint") of Royal Indemnity Company ("Royal"), based upon the Third Circuit's intervening controlling decision in *Seitz v. Detweiler, Hershey and Associates, P.C. (In re CitX Corp.)*, 448 F.3d 672 (3d Cir. 2006).

## PRELIMINARY STATEMENT

In *Seitz*, the Third Circuit clarified the doctrine of deepening insolvency as set forth in the Court's prior decision in *Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340 (3d Cir. 2001), and provided at least three reasons why Royal's deepening insolvency claim must be dismissed.

*First*, deepening insolvency is a cause of action that can arise only under Pennsylvania law, and that state's two-year statute of limitations bars all of Royal's common law claims, including deepening insolvency.

*Second*, Royal has no standing to raise a deepening insolvency claim, which can only be brought by a bankruptcy trustee under Bankruptcy Code § 541 on behalf of a debtor corporation.

*Third*, Royal does not and cannot allege the elements of the deepening insolvency claim established by *Lafferty* and clarified by *Seitz*. A deepening insolvency claim requires injury to the debtor, not a creditor, of the bankrupt estate. Royal, a creditor of SFC, only alleges harm to itself, and lacks standing to allege harm to SFC, the debtor.

DM3\378260.1

## STATEMENT OF THE PROCEEDINGS

On June 10, 2005, McGladrey and Aquino moved to dismiss Royal's First Amended Complaint in its entirety. On March 31, 2006, this Court entered an order denying McGladrey's and Aquino's motion.

On June 9, 2006, this Court entered an order granting defendant Pepper Hamilton LLP leave to move for relief based on the *Seitz* case, and further granted McGladrey and Aquino leave to join Pepper Hamilton's motion and file their own submissions, as appropriate. McGladrey and Aquino join in Pepper Hamilton's Omnibus Brief in Support of Motions for Judgment on the Pleadings in Light of New Third Circuit Authority, and submit this Memorandum of Law in Support of Their Motion to Dismiss in Part Royal's Second Amended Complaint.[1]

## ARGUMENT

### THE THIRD CIRCUIT'S DECISION IN *SEITZ* REQUIRES THAT ROYAL'S DEEPENING INSOLVENCY CLAIM BE DISMISSED

In *Seitz*, the Third Circuit clarified the deepening insolvency doctrine established in *Lafferty*, in at least three ways:

- *First*, deepening insolvency is a cause of action arising only under Pennsylvania law; "nothing [the Court] said in *Lafferty* compels any extension of the doctrine outside of Pennsylvania." *Seitz*, 448 F.3d at 680 n.11;
- *Second*, deepening insolvency "can only be a claim under Bankruptcy Code § 541," brought on behalf of a debtor corporation by a bankruptcy trustee. *Id.* at 676 n.6;

---

[1] On June 28, 2006, Royal filed its Second Amended Complaint. As with its First Amended Complaint, the Second Amended Complaint contains a cause of action for Deepening Insolvency (Count VII) against all defendants, including McGladrey and Aquino. It is that cause of action which is the subject of this motion.

- *Third*, the cause of action is defined as "an injury to [a debtor's] corporate property from the fraudulent expansion of corporate debt and prolongation of corporate life." *Id.* at 677 (citing *Lafferty*, 267 F.3d at 347).

Under each of these holdings, Royal's deepening insolvency claim must be dismissed.[2]

*First*, Royal cannot allege a deepening insolvency (or any other) claim under Pennsylvania law. Pennsylvania has a two-year statute of limitations, which, *at the very latest*, began running on March 20, 2002 – the date Royal alleges Andrew Yao revealed the alleged fraud to Royal. Even if Royal's Second Amended Complaint and the deepening insolvency claim set forth in it related back to Royal's original complaint in this action, the cause of action would still be untimely. Royal's original complaint was filed on March 18, 2005 – close to *three* years after the fraud was allegedly revealed. This issue was briefed extensively in McGladrey's and Aquino's original Motion to Dismiss Royal's Amended Complaint, and applies with equal force to Royal's Second Amended Complaint. *See* Opening Br. at 27-32 and Reply Br. at 8-14, attached hereto as Exhibits A and B, respectively.

Nor can Royal argue that the state laws of Delaware and North Carolina support a deepening insolvency claim. No such cause of action has been accepted by the highest courts of those states. Indeed, the Third Circuit in *Seitz* criticized a recent Delaware bankruptcy court decision that held *Lafferty* supported a deepening insolvency claim under Delaware and North Carolina law. As stated by the *Seitz* Court: "nothing [the Court] said in *Lafferty* compels the extension of the doctrine outside of Pennsylvania." *Seitz*, 448 F.3d at 680 n.11.

---

[2] The facts at issue in *Seitz* are set forth in McGladrey's and Aquino's Supplemental Memorandum of Law in Further Support of Motion to Dismiss the Trustee's Amended Complaint in Part, submitted contemporaneously herewith, and, for the sake of brevity, will not be repeated herein.

*Second*, Royal has no standing to assert a deepening insolvency claim. As held by the *Seitz* Court, a deepening insolvency claim may only be asserted by a bankruptcy trustee on behalf of a debtor corporation under Bankruptcy Code § 541. *See id.* at 676 n.6 (citing *Lafferty*, 267 F.3d at 354, 356). Royal is not a bankruptcy trustee, and has no basis to assert claims on SFC's behalf.

*Third*, Royal fails to allege the essential elements of a deepening insolvency claim. "Deepening insolvency" is defined in *Seitz* as "an injury to [a debtor's] corporate property from the fraudulent expansion of corporate debt and prolongation of corporate life." *Id.* at 677 (citing *Lafferty*, 267 F.3d at 347). The *Seitz* Court further explained that "deepening insolvency" claims "are brought on behalf of the debtor corporation . . . ." *Id.* at 676 n.6 (citing *Lafferty*, 267 F.3d at 354, 356). Here, Royal, a creditor, alleges that McGladrey and Aquino "deepened SFC's insolvency, harming Royal" – not SFC. Second Am. Compl. ¶ 209. While Royal claims that it "insured hundreds of millions of dollars of SFC loans that Royal otherwise would not have insured had the Defendants not acted to delay SFC's bankruptcy filing," *id.*, the *Seitz* Court warned against "extend[ing] the scope of deepening insolvency beyond *Lafferty's* limited holding." 448 F.3d at 681. Royal's expansive reading of *Lafferty*, which would extend deepening insolvency claims beyond debtors to creditors, is wrong and should be rejected.

4

## **CONCLUSION**

For the reasons set forth above, as well as in Pepper Hamilton's Omnibus Brief in Support of Motions for Judgment on the Pleadings in Light of New Third Circuit Authority (which is incorporated herein by reference), Royal's deepening insolvency claim should be dismissed.

Dated: July 6, 2006

DUANE MORRIS LLP

By: _____
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

-and-

| | |
|---|---|
| ARNOLD & PORTER LLP | WILLIAMS & CONNOLLY LLP |
| Richard P. Swanson | Steven M. Farina |
| Veronica E. Rendon | Thomas H.L. Selby |
| Jason M. Butler | Amber M. Mettler |
| 399 Park Avenue | 725 12th Street, N.W. |
| New York, NY 10022 | Washington, D.C. 20005 |
| Phone: 212-715-1000 | Phone: 202-434-5000 |
| Fax: 212-715-1399 | Fax: 202-434-5029 |
| | |
| Attorneys for McGladrey & Pullen, LLP and Michael Aquino | Counsel for Defendant McGladrey & Pullen, LLP |