AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF     MINNESOTA

| Royal Indemnity Company | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Pepper Hamilton, LLP, et al. | Case Number:[1] 05-165 (D. Del.) |

TO: Benfield, Inc.
     3600 American Blvd., Suite 700
     Minneapolis, MN 55431

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule

| PLACE Flynn, Gaskins & Bennett, L.L.P. c/o Cynthia A. Bremer<br>333 South Seventh St., Ste. 2900, Minneapolis, MN 55402 | DATE AND TIME<br>8/4/2006 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 7/13/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen J. Shapiro, Esquire, Schnader Harrison Segal & Lewis LLP, 1600 Market St., Ste 3600, Phila. PA. 19103
215-751-2259

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 7/14/2006 | Benfield, Inc.<br>3600 American Blvd., Ste 700, Minneapolis, MN 55431 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Daniel P. O'Keefe, Esquire | | UPS Next Day Air<br>Acceptance of Service by Agreement |
| SERVED BY (PRINT NAME) | | TITLE |
| Stephen J. Shapiro, Esquire | | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___7/14/06___
DATE

SIGNATURE OF SERVER

Schnader Harrison Segal & Lewis LLP
ADDRESS OF SERVER

1600 Market St., Ste 3600, Philadelphia, PA 19103

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# **SCHEDULE OF DOCUMENTS**

## Definitions

1. "Document" is intended to be given the broadest possible scope and includes any written, recorded or graphic matter, or any other means of preserving thought or expression, including all non-identical copies, drafts, worksheets, work papers, proofs, whether handwritten, typed, printed, photocopied, photographed, tape-recorded, transcribed, filed or otherwise created, specifically including, but not limited to, telephone slips and logs, diary entries, facsimiles, presentations, calendars, reports, spreadsheets, minutes, correspondence, memoranda, notes, videotapes, audio tapes, electronic or digital recordings of any kind, photographs, and any other form of communication or representation. It also includes, without limitation, all information stored in a computer system although not yet printed out, all information stored on computer hard drives, all information stored on floppy diskettes, computer tape backups, CD-ROM, and/or e-mail.

2. "Communication" means any transmission of thoughts, opinions, data, or information, in the form of facts, ideas, inquiries, or otherwise, including, without limitation, correspondence, letters, e-mail, facsimiles, reports, memoranda, contacts, discussions, calculations, presentations and any other written or oral exchanges between any two or more persons.

3. "Benfield" means Benfield, Inc. as well as any parent, subsidiary, or affiliate companies, predecessors, successors, agents, officers, directors, attorneys, employees, or representatives of Benfield, Inc.

4. "SFC" means Student Finance Corporation; Student Loan Servicing, LLC; Student Marketing Services, LLC; Student Placement Services, LLC; SFC Financial I, LLC; SFC Financial II, LLC; SFC Acceptance I, LLC; SFC Acceptance II, LLC; SFC Acceptance III, LLC; SFC Acceptance IV, LLC; SFC Acceptance V, LLC; SFC Acceptance VI, LLC; SFC Acceptance VII, LLC; SFC Acceptance VIII, LLC; and SFC Acceptance IX, LLC (and any other related subsidiaries or affiliates), as well as the parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, attorneys, or representatives of SFC.

5. "Royal" means Royal Indemnity Company, as well as parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, and representatives of Royal.

6. "SFC Transactions" refers to all SFC-related warehouse financings, revolving credit facilities, securitizations, bridge or other loans, whether consummated or unconsummated.

7. "SFC Policies" means any insurance issued or considered for issuance related to SFC and/or any SFC Transaction. The term "SFC Policies" includes any insurance policies or sub-policies, amendments, expansion, commutation, endorsement or renewal of any insurance policy related to SFC.

8. All words and phrases shall be construed in accordance with normal custom and usage in the industries or field of commerce to which they apply.

9. "Concerning" means relating to, referring to, memorializing, describing, evidencing or constituting.

10. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

11. The use of the singular form of any word includes the plural and vice versa.

## Documents Requested

1. All Documents and Communications concerning SFC.

2. All Documents and Communications concerning any efforts by Royal to obtain reinsurance for the SFC Policies.

3. All Documents concerning Communications between Royal and Benfield that refer or relate to SFC or the SFC Policies.

4. All Documents concerning Communications between Benfield and any entity that sells or provides reinsurance that relate to SFC or the SFC Policies.

5. All Documents concerning Communications between Royal and any entity that sells or provides reinsurance that refer or relate to SFC or the SFC Policies.

6. All Documents and Communications concerning quotations or estimates for reinsurance policies that refer or relate to SFC or the SFC Policies.

7. All Documents and Communications concerning reinsurance policies, including but not limited to draft or proposed policies, that refer or relate to SFC or the SFC Policies.

8. All Documents and Communications concerning any investigation, analysis, review or audit of SFC or the SFC Policies, including but not limited to investigations, analyses, reviews and audits of SFC or the SFC Policies conducted by Royal, Benfield or any entity that sells or provides reinsurance.

9. All Documents and Communications concerning any meetings between Royal and Benfield that refer or relate to SFC or the SFC Policies.

10. All Documents and Communications concerning any meetings between Royal and any entity that sells or provides reinsurance that refer or relate to SFC or the SFC Policies.