IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PEPPER HAMILTON LLP, W. RODERICK )<br>GAGNÉ, FREED MAXICK & BATTAGLIA )<br>CPAs PC, MCGLADREY & PULLEN, LLP, )<br>MICHAEL AQUINO and FREED MAXICK )<br>SACHS & MURPHY, P.C., )<br>)<br>Defendants. ) | C.A. No. 05-165-JJF |

### ROYAL INDEMNITY COMPANY'S MEMORANDUM
### IN RESPONSE TO MOTIONS REGARDING COUNT VII
### OF ROYAL'S SECOND AMENDED COMPLAINT

#### BACKGROUND

From its original filing in March 2005, Count VII of Royal Indemnity Company's ("Royal") Complaint has included a cause of action against all defendants for wrongfully deepening the insolvency of Student Finance Corp. ("SFC"), an entity now in bankruptcy. Royal's Complaint sets forth in detail the actions of defendants that effectively propped up SFC's business, thus allowing a massive student loan scheme to unfold and progress well beyond the time SFC actually became insolvent. The chief victim was Royal. Defendants' wrongdoing both facilitated and deepened SFC's insolvency and precluded its exposure. As a result, Royal continued to issue credit risk insurance policies even though, as defendants knew, SFC was insolvent. Royal already has paid tens of millions of dollars in claims on those policies, and is threatened with having to pay even more.

All of the defendants previously moved to dismiss Count VII, variously arguing that a deepening insolvency claim was not cognizable as a matter of law, that Royal lacked standing to bring such a claim in any event, and that under Pennsylvania law—which the defendants claimed

applied—Count VII was barred by the Pennsylvania statute of limitations. On March 31, 2006, the Court entered an Order denying all of the motions to dismiss and, by necessary implication, rejecting all of the arguments asserted by defendants. (D.I. 122.)

Deepening insolvency is a state common law cause of action. Here, that common law tort, like all of Royal's state law tort claims, is governed either by Delaware or North Carolina law. The relevant choice of law principles and case authorities were extensively briefed by the parties in the course of the prior Rule 12(b)(6) motion practice and need not be further belabored here. Defendants' motions, including their Pennsylvania law-based statute of limitations arguments with respect to Royal's deepening insolvency claims, were fully denied.

On May 26, 2006, after this Court's March 2006 Order, the Third Circuit decided *Seitz v. Detweiler, Hershey & Assocs., P.C. (In re CitX Corp.)*, 448 F.3d 672 (3d Cir. 2006). *Seitz* was a deepening insolvency cause of action brought on behalf of a bankrupt corporation under Pennsylvania law. In *Seitz*, the Third Circuit clarified in narrowed language its prior holding in *Official Comm. of Unsecured Creditors v. Lafferty & Co.*, 267 F.3d 340 (3d Cir. 2001), a case that also involved deepening insolvency claims brought on behalf of a debtor corporation under Pennsylvania law. *Seitz* did not overrule *Lafferty*, but rather held that under Pennsylvania law, which the Third Circuit was endeavoring to predict, deepening insolvency constituted a cause of action, not a separate theory of damages; and that fraud, not mere negligence, was necessary to sustain a deepening insolvency cause of action. *Seitz*, 448 F.3d at 667, 680-81. In so holding, the Third Circuit stated "[w]e know no reason to extend the scope of deepening insolvency beyond *Lafferty*'s limited holding." *Seitz*, 448 F.3d at 681. And in a footnote that is purely *dicta*, the Court noted that nothing in "*Lafferty* compels any extension of the doctrine beyond Pennsylvania." *Seitz*, 448 F.3d at 680 n.11.

- 2 -

Based on *Seitz*, defendants Pepper Hamilton LLP and Roderick Gagné (collectively the "Pepper Defendants") have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) with respect to Count VII of Royal's Second Amended Complaint; and defendants McGladrey & Pullen, Michael Aquino, Freed Maxick & Battaglia CPAs, P.C. and Freed Maxick Sachs & Murphy, P.C. (collectively the "Accountant Defendants") have moved to dismiss Count VII pursuant to Rule 12(b)(6). (D.I. 168-69, 171-72, 173-74, 179-80.) All motions assert that *Seitz* mandates dismissal of Royal's deepening insolvency claim. As more fully explained below, however, *Seitz* does not compel dismissal of anything, much less a judgment in favor of any of the defendants. Nonetheless, because *Lafferty*'s predictive powers have now been circumscribed by *Seitz*, limiting the degree to which a federal court can use *Lafferty*, which addressed Pennsylvania law, to predict the state law of Delaware or North Carolina (whose Supreme Courts have not addressed these issues), and because deepening insolvency, as redefined by *Seitz,* is now essentially duplicative of Royal's fraud cause of action, Royal believes it is neither an efficient use of the Court's resources, nor the parties' time and efforts, to further litigate Royal's deepening insolvency claim, at this time. Accordingly, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Royal respectfully seeks leave of court to amend its currently pending Second Amended Complaint for the sole purpose of withdrawing Count VII as to all defendants, without prejudice.

In light of Royal's position and motion to withdraw its deepening insolvency claim, only a brief substantive response to the instant motions is warranted. These arguments are made only to reiterate the legal soundness of Royal's original pleading (as this Court already has found), to support Royal's request for leave to amend in order to withdraw, without prejudice, Count VII, and to make it clear in all events that a judgment in favor of any defendant on Count VII is unwarranted.

## ARGUMENT

All the defendants have adopted the arguments set forth by the Pepper Defendants in their Omnibus Brief in Support of Motions For Judgment on the Pleadings ("Omnibus Br."). (D.I. 169.) Glossed over in that brief, however, is the fact that whatever its holding, *Seitz* only sets forth the Third Circuit's *prediction* of Pennsylvania law regarding the tort of deepening insolvency. *Seitz*, 448 F.3d at 677 (referring to *Lafferty* as "predicting Pennsylvania law"). *See also Lafferty*, 267 F.2d at 349 (here, "we must don the soothsayer's garb and predict how [the Pennsylvania Supreme Court] would rule.") Pennsylvania law does not, however, provide the rule of decision here, as Royal made clear in its Memorandum of Law in Opposition to Defendants' Motion to Dismiss (D.I. 44) that responded to the defendants' first set of Rule 12(b)(6) motions. Delaware law applies here (and if not Delaware, then North Carolina). Royal prevailed on the earlier motions. *Seitz's* import, therefore, is not as precedent that commands a particular result, but rather as a new source for predicting how the Delaware Supreme Court someday might delineate the tort of deepening insolvency. It is against that backdrop that the specific arguments urged by defendants must be considered.

For example, the Pepper Defendants first argue that Royal's Complaint is non-specific as to the measure of damages sought and that *Seitz* makes clear "that Royal's supposed damages must be measured by the traditional remedies associated with its claims." (Omnibus Br. at 2.) Again, at most, *Seitz* made a prediction about the availability of such damages under Pennsylvania deepening insolvency law. Even if this Court relied on that holding to predict Delaware damages law (or the law of any other state) that holding in no way requires dismissal of Royal's claim altogether.

The Pepper Defendants urge that *Seitz* explicitly holds that a cause of action for deepening insolvency only can be asserted by the debtor/corporate victim under the Bankruptcy

Code and, therefore, belongs only to the entity whose insolvency was deepened—not to creditors of that entity (like Royal here). (Omnibus Br. at 9-11.) In so asserting, the Pepper Defendants quote *Seitz* wholly out of context. In *dicta*, *Seitz* only noted that where a trustee for a bankrupt debtor does, in fact, bring a deepening insolvency claim, that claim is proper under section 501 of the Bankruptcy Code, not section 544 of the Code, relying on this Court's opinion in the related case of *Stanziale v. Pepper Hamilton LLP (In re Student Finance Corp.)*, 335 B.R. 539, 548-49 (D. Del. 2005). *Seitz,* 448 F.3d at 676, n.6. This exact argument was made by the Pepper Defendants as part of its earlier motion and rejected. As explained by Royal in its Memorandum of Law in Opposition, at pages 58-60 (D.I. 44), the Third Circuit's earlier opinion in *Lafferty* explicitly dealt with the differences between harm to debtors versus harm to creditors as a result of wrongful actions that deepen the insolvency of a corporation and never questioned the propriety of deepening insolvency causes of action brought by the latter. *Lafferty*, 267 F.3d at 347 (the court cannot "foreclose the existence of a separately cognizable injury to Debtors distinguishable from the injuries suffered by [creditors]"). That aspect of *Lafferty* nowhere was discussed in, much less rejected by, *Seitz*.

The Pepper Defendants also urge that because *Seitz* limits Pennsylvania deepening insolvency claims to circumstances in which fraud, not mere negligence, operated to deepen the insolvency of a corporation, Delaware and North Carolina law must be the same. Perhaps, but Royal's complaint alleges a very elaborate scheme to defraud on the part of these defendants, with an extensive amount of detail and full particulars which this Court previously found sufficient despite defendants' prior challenges to the contrary. Those fraud allegations were incorporated into, and thus support, Royal's deepening insolvency Count VII. Thus, even if *Seitz* is an accurate predictor of Delaware or North Carolina law in this regard, Royal's deepening insolvency claim nevertheless remains sufficient.

For their part, the Accountant Defendants adopt all of the arguments made by the Pepper Defendants and once again urge exactly the same Pennsylvania statute of limitations argument they aggressively pursued in their prior motion papers. But their argument here is nothing more than a rehash of the same argument already rejected by this Court. Royal's earlier Memorandum of Law explained in great detail why defendants' statute of limitations arguments were unavailing. This Court agreed. Nothing has occurred to change that.

This all said, however, *Seitz* is significant to the extent it signals the Third Circuit's apparent desire to minimize the growing reliance on *Lafferty* by courts in other jurisdictions— including, for example, this District's Bankruptcy Court in *Official Comm. of Unsecured Creditors v. Credit Suisse First Boston (In re Exide Techs, Inc.)*, 299 B.R. 732 (D. Del. 2003)— to predict state deepening insolvency law outside Pennsylvania. Indeed, on the same day that this Court denied defendants' motions to dismiss, the Bankruptcy Court here reaffirmed the holding in *Exide* and, expressly relying on *Lafferty*, held "that Delaware, New York, and North Carolina courts would recognize deepening insolvency as a cause of action." *In re Oakwood Homes Court,* 340 B.R. 510, 531 (D. Del. 2006). It was this increasing reliance on *Lafferty* as a broad predictive tool against which the Third Circuit cautioned in *Seitz*.

Because the underpinnings of Royal's Delaware deepening insolvency claim are based on *Lafferty*'s rationale and those cases which, themselves, rely on *Lafferty*, *Seitz* too must now be considered part of the jurisprudential calculus. Having previously relied on *Lafferty* and its progeny, it would be disingenuous to urge that the contours of Royal's Delaware-based or North Carolina-based deepening insolvency claim no longer depend on the predicative qualities of the Third Circuit's latest pronouncement on *Lafferty's* scope, absent definitive decisional law from the Supreme Courts of Delaware or North Carolina. In that context, and only to that extent, Royal's deepening insolvency is impacted by *Seitz*. So applied, while *Seitz* does not compel that

Royal's deepening insolvency claim be dismissed, much less entitle any defendant to judgment in its favor, it does render the claim duplicative of Royal's pending fraud claims. There is no sound reason to proceed with such duplicative claims. Accordingly, Royal respectfully seeks leave to amend its Second Amended Complaint in order to withdraw Count VII thereof as to all defendants. *See Smith, Kline & French Labratorie v. A.M. Robins Co.*, 61 F.R.D. 24, 31 (E.D. Pa. 1973) (motion under Rule 15(a) proper where "plaintiff *seeks to drop a single claim against several defendants, but does not seek to dismiss all claims as to any defendant.*" (emphasis in original)). Royal's motion in this regard should be without prejudice.[1] Absolutely no prejudice is visited upon any of the defendants. *Id.*; *accord New West Urban Renewal Co. v. Viacom*, 230 F. Supp. 2d 568, 571, n.4 (D.N.J. 2002), citing *Smith, Kline,* 61 F.R.D. at 28-29.

| | |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
| Michael H. Barr<br>Kenneth J. Pfaehler<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>1221 Avenue of the Americas<br>New York, New York 10020-1089<br>(212) 768-6700<br>(212) 768-6800 (fax)<br>  - and - | /s/ *Tiffany Geyer Lydon*<br>―――――――――――――――<br>Philip Trainer, Jr. (I.D. #2788)<br>Tiffany Geyer Lydon (I.D. #3950)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, Delaware 19899<br>(302) 654-1888<br>(302) 654 2067 (Fax) |
| John Grossbart<br>Steve Merouse<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>8000 Sears Tower<br>233 S. Wacker Drive<br>Chicago, Illinois 60606<br>(312) 876-8000<br>(312) 876-7934 (fax) | *Attorneys for Plaintiff*<br>*Royal Indemnity Company* |

Dated: July 25, 2006
171585.1

---

[1] Of course, if either the Delaware or North Carolina Supreme Court were to rule either that negligence is sufficient for a deepening insolvency claim or that deepening insolvency constitutes a viable damages theory, Royal should not be precluded from seeking to reinstate its deepening insolvency claim.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2006, the attached **ROYAL INDEMNITY COMPANY'S MEMORANDUM IN RESPONSE TO MOTIONS REGARDING COUNT VII OF ROYAL'S SECOND AMENDED COMPLAINT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William H. Sudell, Jr., Esquire<br>Morris Nichols Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19899-1347 | HAND DELIVERY |
| James L. Holzman, Esquire<br>J. Clayton Athey, Esquire<br>Prickett, Jones & Elliott, P.A.<br>1310 King Street<br>Wilmington, DE 19899 | HAND DELIVERY |
| Michael R. Lastkowski, Esquire<br>Christopher M. Winter, Esquire<br>Duane Morris LLP<br>1100 North Market Street, Suite 1200<br>Wilmington, DE 19801 | HAND DELIVERY |
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899 | HAND DELIVERY |
| Karen Lee Turner, Esquire<br>Susan E. Poppiti, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>300 Delaware Avenue, Suite 1360<br>Wilmington, DE 19801 | HAND DELIVERY |
| Christopher A. Ward, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801 | HAND DELIVERY |

John H. Eickemeyer, Esquire      **VIA FEDERAL EXPRESS**
Jonathan A. Wexler, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY 10022

Elizabeth K. Ainslie, Esquire     **VIA FEDERAL EXPRESS**
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Richard P. Swanson, Esquire     **VIA FEDERAL EXPRESS**
Veronica E. Rendon, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022-4690

Steven M. Farina, Esquire     **VIA FEDERAL EXPRESS**
Thomas H.L. Selby
Amber M. Mettler
Williams & Connolly LLP
725 Twelfth Street, NW.
Washington, DC 20005

Neil G. Epstein, Esquire     **VIA FEDERAL EXPRESS**
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19102

Michael S. Waters, Esquire     **VIA FEDERAL EXPRESS**
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

| | |
|---|---|
| James J. Rodgers, Esquire<br>Laura E. Vendzules, Esquire<br>Andrew M. Marble, Esquire<br>Dilworth Paxson LLP<br>3200 Mellon Bank Center<br>1735 Market Street<br>Philadelphia PA 19103-7595 | <u>VIA FEDERAL EXPRESS</u> |
| Andre G. Castaybert, Esquire<br>Ronald Rauchberg, Esquire<br>Steven Obus, Esquire<br>David McTaggart, Esquire<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036-8299 | <u>VIA FEDERAL EXPRESS</u> |
| Student Loan Servicing LLC<br>1405 Foulk Road<br>Suite 102<br>Wilmington, DE 19803-2769 | <u>U.S. MAIL</u> |
| Andrew N. Yao<br>107 Leighton Drive<br>Bryn Mawr, PA 19010. | <u>U.S. MAIL</u> |

*/s/ Tiffany Geyer Lydon*

———————————————
Tiffany Geyer Lydon

170005.1

3