IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-165-JJF |
| v. | ) |
| | ) |
| PEPPER HAMILTON LLP, W. RODERICK | ) |
| GAGNÉ, FREED MAXICK & BATTAGLIA | ) |
| CPAs PC, MCGLADREY & PULLEN, LLP, | ) |
| MICHAEL AQUINO and FREED MAXICK | ) |
| SACHS & MURPHY, P.C., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF ROYAL INDEMNITY COMPANY'S
MOTION TO COMPEL McGLADREY & PULLEN, LLP'S
<u>COMPLIANCE WITH CASE MANAGEMENT ORDERS</u>**

**<u>BACKGROUND</u>**

Following the written submissions of the parties and two Court hearings (on May 17, 2006 and June 1, 2006) regarding the commencement of deposition discovery in each of the four SFC-related cases currently pending before this Court, four identical Case Management Orders (each denominated as Case Management Order No. 1) were entered ordering deposition discovery to commence on August 21, 2006. *Wells Fargo Bank N.A. v. Royal*, Case No. 02-1294-JJF (D.I. 302); *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. Pepper Hamilton, et al.*, Case No. 04-1551-JJF (D.I. 103); *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. McGladrey & Pullen LLP, et al.*, Case No. 05-72-JJF (D.I. 69); and *Royal v. Pepper Hamilton, et al.*, Case No 05-165-JJF (D.I. 148, attached as Exhibit A).

In addition to the Case Management Orders, the Court also entered a Discovery Coordination Order in all four cases (D.I. 149, attached as Exhibit B) setting certain deposition parameters and requiring the parties to complete a meet and confer process by the end of July

2006 for the purpose of scheduling an initial group of approximately 30 depositions within the scope of Case Management Order No. 1 to be taken on a coordinated basis. (Ex. B, p. 3). Each Case Management Order No. 1 requires fact discovery to be completed by April 9, 2007.

Accordingly, on July 26, 2006, counsel for all of the parties in all of the cases met in person in New York City for the express purpose of complying with the Discovery Coordination Order. During the course of that meeting, counsel identified depositions they want to take during an initial, ten-week period running from August 21, 2006 to October 27, 2006. Current and former employees of the parties were among those identified. As a result, Royal Indemnity Company ("Royal"), Pepper Hamilton LLP ("Pepper") and Wells Fargo Bank, N.A. ("Wells Fargo") each are now working to secure the attendance of four of their own current or former employees at depositions to be scheduled during that initial period. Other current and former employees have been requested and will be scheduled when the parties meet to discuss discovery for the following ten-week (or similar) period.

Defendant McGladrey & Pullen, LLP ("McGladrey"), however, is unwilling to produce any of its current or former accounting witnesses during the initial ten-week period of deposition discovery or any time soon after that. At that July 26 conference, McGladrey's counsel announced, for the first time, that due to the anticipated pregnancy leave of one of the attorneys on the McGladrey team (Veronica Rendon of Arnold & Porter), no depositions of any current or former McGladrey accounting witness would be permitted to go forward prior to some unspecified time "in the beginning of December," when Ms. Rendon apparently expects to return to work.[1] To minimize the prejudice to the other parties from McGladrey's announcement, its counsel was asked if they were willing to make firm, date-specific commitments for the concentrated scheduling of McGladrey witnesses later in December. McGladrey declined,

---

[1] See email exchange between counsel for McGladrey and counsel for Royal, attached as Exhibit C.

stating only that upon Ms. Rendon's return (whenever that is), such depositions will be set "as soon as reasonably possible." (Ex. C.)

McGladrey cannot unilaterally exempt itself from deposition discovery. It is neither practical in light of the existing case management schedule nor fair to the other parties. Efforts to resolve this matter have failed.

## ARGUMENT

Under each Case Management Order No. 1 and the related Discovery Coordination Order, deposition discovery begins on August 21, 2006. As many as 100 depositions are allowed -- all of which are to be completed by April 9, 2007. This leaves approximately 32 weeks for fact discovery, a period that includes the year-end holidays. If McGladrey's unilateral action is allowed to stand, its accounting witnesses are effectively exempted from fact discovery during almost two-thirds of the fact discovery period. Royal and all other parties thus will be constrained, in a three month period, to depose all of the primary McGladrey witnesses now known *and* to conduct all necessary follow-up discovery that may result from those depositions. This gives McGladrey a significant advantage in discovery in these cases, and puts an unfair burden on Royal.

This is not to slight Ms. Rendon's personal situation, or to minimize its impact on her role in these cases. However, the schedule set by the Court in Case Management Order No. 1 (all sequenced toward an October 10, 2007 trial date which this Court previously described as "immovable") simply is not consistent with any one party announcing extraordinary discovery conditions for the first time on July 26, 2006. The circumstances of Ms. Rendon's pregnancy obviously were known during the course of the submissions and arguments heard by the Court this past May and June, and which precipitated entry of the Case Management Orders. Despite vigorously seeking to delay deposition discovery during those proceedings, at no time did

McGladrey offer Ms. Rendon's condition as a reason for the delays sought. The Court's Orders are clear and it is incumbent upon all parties to work together in good faith to ensure compliance.

Moreover, it is difficult to understand why the delay sought by McGladrey is even necessary. At least the following attorneys and law firms have filed appearances on behalf of McGladrey:

>Richard P. Swanson
>Veronica Rendon
>Jason M. Butler
>Arnold & Porter LLP
>399 Park Avenue
>New York, New York  10022-4690
>
>Thomas H.L. Selby
>Amber M. Mettler
>Steven M. Farina
>Williams & Connolly LLP
>725 Twelfth Street, N.W.
>Washington, D.C.  20005
>
>Christopher M. Winter
>Duane Morris LLP
>1100 North Market Street
>Suite 1200
>Wilmington, Delaware  19801

We are aware of at least three other attorneys who, while not formally appearing, also are actively involved in defending McGladrey in this action.

These are large, complex cases that will require nearly constant double-tracked depositions in order to stay on schedule. For this reason, the Discovery Coordination Order specifically contemplates that "[d]epositions may be double-tracked." (Exhibit B, p. 4). Not surprisingly, all of the parties have significant teams of attorneys devoted to these matters. The schedule of no single attorney should be allowed to effectively trump this Court's Case Management Orders to the drastic degree McGladrey proposes here, or force the type of sequencing that the McGladrey decree would impose. While professional courtesies are

appropriate and have been (and should continue to be) afforded by all counsel, McGladrey's wholesale refusal here to proffer any accounting witnesses for deposition prior to some uncertain date in December, 2006 (or possibly longer, given the year-end holidays or the exigencies of Ms. Rendon's leave of absence), cannot fairly be allowed to stand when all of the parties are working diligently to complete as many as 100 depositions by April 9, 2007.

### Conclusion

Accordingly, Royal respectfully requests that this Court order McGladrey to cooperate in the scheduling of the depositions of its witnesses during the period August 21, 2006 to October 27, 2006.

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon
_____

| | |
|---|---|
| Michael H. Barr | Philip Trainer, Jr. (I.D. #2788) |
| Kenneth J. Pfaehler | Tiffany Geyer Lydon (I.D. #3950) |
| SONNENSCHEIN NATH & ROSENTHAL LLP | 222 Delaware Avenue, 17th Floor |
| 1221 Avenue of the Americas | P.O. Box 1150 |
| New York, New York 10020-1089 | Wilmington, Delaware 19899 |
| (212) 768-6700 | (302) 654-1888 |
| (212) 768-6800 (fax) | (302) 654 2067 (Fax) |
| | ptrainer@ashby-geddes.com |
| John Grossbart | tlydon@ashby-geddes.com |
| Steve Merouse | |
| SONNENSCHEIN NATH & ROSENTHAL LLP | *Attorneys for Plaintiff* |
| 8000 Sears Tower | *Royal Indemnity Company* |
| 233 S. Wacker Drive | |
| Chicago, Illinois 60606 | |
| (312) 876-8000 | |
| (312) 876-7934 (fax) | |

Dated: August 4, 2006

171872.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of August, 2006, the attached **MEMORANDUM IN SUPPORT OF ROYAL INDEMNITY COMPANY'S MOTION TO COMPEL McGLADREY & PULLEN, LLP'S COMPLIANCE WITH CASE MANAGEMENT ORDERS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William H. Sudell, Jr., Esquire<br>Morris Nichols Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19899-1347 | HAND DELIVERY |
| James L. Holzman, Esquire<br>J. Clayton Athey, Esquire<br>Prickett, Jones & Elliott, P.A.<br>1310 King Street<br>Wilmington, DE 19899 | HAND DELIVERY |
| Michael R. Lastkowski, Esquire<br>Christopher M. Winter, Esquire<br>Duane Morris LLP<br>1100 North Market Street, Suite 1200<br>Wilmington, DE 19801 | HAND DELIVERY |
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899 | HAND DELIVERY |
| Karen Lee Turner, Esquire<br>Susan E. Poppiti, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>300 Delaware Avenue, Suite 1360<br>Wilmington, DE 19801 | HAND DELIVERY |
| Christopher A. Ward, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801 | HAND DELIVERY |

| | |
|---|---|
| John H. Eickemeyer, Esquire<br>Jonathan A. Wexler, Esquire<br>Vedder, Price, Kaufman & Kammholz, P.C.<br>805 Third Avenue<br>New York, NY 10022 | VIA FEDERAL EXPRESS |
| Elizabeth K. Ainslie, Esquire<br>Schnader Harrison Segal & Lewis LLP<br>1600 Market Street, Suite 3600<br>Philadelphia, Pennsylvania 19103 | VIA FEDERAL EXPRESS |
| Richard P. Swanson, Esquire<br>Veronica E. Rendon, Esquire<br>Jason M. Butler, Esquire<br>Arnold & Porter LLP<br>399 Park Avenue<br>New York, NY 10022-4690 | VIA FEDERAL EXPRESS |
| Steven M. Farina, Esquire<br>Thomas H.L. Selby<br>Amber M. Mettler<br>Williams & Connolly LLP<br>725 Twelfth Street, NW.<br>Washington, DC 20005 | VIA FEDERAL EXPRESS |
| Neil G. Epstein, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>1515 Market Street, 9th Floor<br>Philadelphia, PA 19102 | VIA FEDERAL EXPRESS |
| Michael S. Waters, Esquire<br>Lois H. Goodman, Esquire<br>McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>Three Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102-4079 | VIA FEDERAL EXPRESS |

| | |
|---|---|
| James J. Rodgers, Esquire<br>Laura E. Vendzules, Esquire<br>Andrew M. Marble, Esquire<br>Dilworth Paxson LLP<br>3200 Mellon Bank Center<br>1735 Market Street<br>Philadelphia PA 19103-7595 | <u>VIA FEDERAL EXPRESS</u> |
| Andre G. Castaybert, Esquire<br>Ronald Rauchberg, Esquire<br>Steven Obus, Esquire<br>David McTaggart, Esquire<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY 10036-8299 | <u>VIA FEDERAL EXPRESS</u> |
| Student Loan Servicing LLC<br>1405 Foulk Road<br>Suite 102<br>Wilmington, DE 19803-2769 | <u>U.S. MAIL</u> |
| Andrew N. Yao<br>107 Leighton Drive<br>Bryn Mawr, PA 19010. | <u>U.S. MAIL</u> |

/s/ *Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

170005.1

3