# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) C.A. No. 05-165 ) ) Judge Joseph J. Farnan, Jr. |
| PEPPER HAMILTON LLP, W. RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs PC, MCGLADREY & PULLEN, LLP and MICHAEL AQUINO, | ) ) ) ) ) |
| Defendants. | ) ) |

## CASE MANAGEMENT ORDER #1

Having considered the submissions of the parties, the following schedule will govern pretrial proceedings unless otherwise amended for good cause shown:

| 1. | 8/21/06 | Deposition discovery may commence |
|---|---|---|
| 2. | 2/_7_/07 | Discovery status conference |
| 3. | 3/12/07 | Parties shall serve brief disclosures regarding subject matter of anticipated expert testimony |
| 4. | 4/06/07 | Close of fact discovery |
| 5. | 4/09/07 | Plaintiffs' expert reports due |
| 6. | 4/30/07 | Defendants' expert reports due |
| 7. | 5/14/07 | Date by which plaintiffs may submit rebuttal expert reports |
| 8. | 5/14/07 | Expert discovery may commence |
| 9. | 5/17/07 | Parties may submit letters to the Court regarding issues to be raised on summary judgment |
| 10. | TBD | Status conference regarding issues to be raised on summary judgment |
| 11. | 7/6/07 | Close of expert discovery |
| 12. | 10/02/07 | Pretrial order pursuant to Local Rule 16.4 shall be filed |

| 13. | 9/6/07 | Pretrial conference |
|---|---|---|
| 14. | 10/10/07 | Trial commences |

SO ORDERED this 19 day of June, 2006.

                                                _____
                                                HONORABLE JOSEPH J. FARNAN, JR.
                                                UNITED STATES DISTRICT JUDGE

170424.1

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MBIA INSURANCE CORPORATION and WELLS FARGO BANK, N.A. (f/k/a WELLS FARGO BANK MINNESOTA N.A.) as TRUSTEE OF SFC GRANTOR TRUST, SERIES 2000-1, SFC GRANTOR TRUST, SERIES 2000-2, SFC GRANTOR TRUST, SERIES 2000-3, SFC GRANTOR TRUST, SERIES 2000-4, SFC GRANTOR TRUST, SERIES 2001-1, SFC GRANTOR TRUST, SERIES 2001-2, SFC OWNER TRUST 2001-I, AND SFC GRANTOR TRUST, SERIES 2001-3, <br><br>  Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ROYAL INDEMNITY COMPANY, <br><br>  Defendant/Counterclaim Plaintiff. | C.A. No. 02-1294-JJF |
| Royal Indemnity Company, <br><br>  Third-Party Plaintiff, <br><br> v. <br><br> Andrew N. Yao, Student Loan Servicing LLC, Student Loan Acceptance II LLC, Student Loan Acceptance III LLC, Student Loan Acceptance III LLC, Student Loan Acceptance V LLC, Student Loan Acceptance VIII LLC, Student Loan Acceptance IX LLC, SFC Financial LLC I, SFC Financial LLC II, SFC Financial LLC VI, SFC Financial LLC VII, <br><br>  Third-Party Defendants. | |
| Royal Indemnity Company, <br>  Counter-Claimant, <br> v. <br> MBIA Bank and Wells Fargo Bank Minnesota, N.A. <br>  Counter-Defendants. | |

| | | |
|---|---|---|
| CHARLES A. STANZIALE, JR., Chapter 7 Trustee of Student Finance Corporation,<br>      Plaintiff,<br>v.<br>PEPPER HAMILTON LLP, et al.,<br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 04-1551-JJF |
| CHARLES A. STANZIALE, JR., Chapter 7 Trustee of Student Finance Corporation,<br>      Plaintiff,<br>v.<br>McGLADREY & PULLEN LLP and MICHAEL AQUINO,<br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-72-JJF |
| ROYAL INDEMNITY COMPANY,<br>      Plaintiff,<br>v.<br>PEPPER HAMILTON LLP, W. RODERICK GAGNE', FREED MAXICK & BATTAGLIA CPAs, McGLADREY & PULLEN LLP, and MICHAEL AQUINO,<br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-165-JJF |

### DISCOVERY COORDINATION ORDER #1

The following discovery coordination plan shall govern pretrial discovery proceedings in this matter unless otherwise amended for good cause shown by supplemental order of court:

-2-

I.  **Deposition Witnesses:**

  A.  There shall be two categories of witnesses with the following time limitations:

| "A" Witnesses | "B" Witnesses |
|---|---|
| Witnesses in this category, including 30(b)(6) witnesses, may be deposed for not more than 10 hours spread over two consecutive days. | Witnesses in this category, including 30(b)(6) witnesses, are designated as "coordinated" witnesses and may be deposed for not more than three consecutive, seven-hour days |

Such witness shall not be deposed for longer than the time ascribed above or on non-consecutive days, unless all parties stipulate or the Court orders otherwise. Nothing in this paragraph shall prejudice any party's right to request that the Court reduce or expand the amount of time that any witness may be deposed. No more than 100 depositions, total, may be taken absent leave of court.

  B.  Not later than July 31, 2006, the parties shall complete a meet and confer process for the purpose of the categorizing of an initial list of approximately 30 deponents divided into two separate tracks (as described in I.D., below). This categorization shall reflect whether the witness is an "A" or "B" witness (based on a majority vote of the parties with those groupings of parties set forth in III.A. each entitled to one vote), the specific case(s) in which any "A" witness is being noticed (all "B" witnesses are deemed noticed in all cases), and shall reflect, in percentage terms, an estimate of the amount of time each party expects to utilize with each such witness, as well as which party shall notice, initiate, and conduct the initial questioning of the various witnesses. Notwithstanding the foregoing, nothing herein precludes a party from seeking review by the Court of any particular categorization or to amend a categorization upon good cause shown.

    **C.**    The court reporter/videographer shall keep the official count of the questioning time used by any party at a deposition. Total questioning time for any witness for any day shall be limited to seven hours unless the witness and all parties present at the deposition agree to extend the questioning period. Parties may cede all or portions of their time to one another, but shall use their best efforts to avoid duplicative questioning of a witness.

    **D.**    Depositions may be double-tracked, with the parties working cooperatively to group witnesses into tracks ("Track I" and "Track II"). The parties also may stipulate to more frequent scheduling. The parties shall work cooperatively with one another with respect to scheduling to the extent reasonably appropriate. The parties shall make best efforts to avoid scheduling witnesses in the "B Witness" category (as defined in I.A., above) on overlapping days. Counsel for any party may participate by telephone at any deposition if he or she so chooses.

    **E.**    Deposition exhibits will be numbered consecutively within each track, with each numbered exhibit preceded by "I" or "II," as the case may be. The parties shall use their best efforts to minimize multiple numbering of the same exhibit. A party that marks a document as an exhibit for the first time shall bring sufficient copies of the exhibit to distribute to all counsel. Once a document has been marked as an exhibit, a party that wishes to use the document at a subsequent deposition need not bring copies of the exhibit to distribute to all counsel; rather, all counsel shall be responsible for bringing their own copies (either paper or electronic) of all previously-marked exhibits to subsequent depositions.

II.   **Deposition Objections:**

A.   All parties will be limited to objecting to form at any deposition simply by stating "form" in response to any objectionable question. By so stating, the objector has preserved the objection for trial. An objection made by any party will be deemed joined by all parties, including any parties not in attendance at a deposition. Form objections for purposes of this Order include only the following objections: vague and ambiguous; asked and answered; foundation; misstates prior testimony; calls for legal conclusion; argumentative; leading; misleading; calls for speculation; assumes facts not in evidence; and calls for an improper lay opinion. The questioner is entitled to ask the basis for the "form" objection. If the questioner does so, then the objector may explain the basis of the objection, but not before. All objections other than the form objections listed in this paragraph shall be preserved for trial.

B.   Parties are entitled to assert objections on the record based on the attorney-client privilege, work-product doctrine and other disclosure privileges and instruct witnesses not to answer questions on those bases.

III.   **Deposition Logistics:**

A.   Unless otherwise agreed, all depositions are to be video recorded, whether or not a particular deposition notice otherwise so states. Any issue regarding the videotaping of any particular witness' deposition should be raised with the Court only after the parties have made a good faith meet and confer effort to resolve the matter, but the pendency of any such dispute shall not delay the deposition, which will then proceed as noticed. The following five groups of parties shall evenly share the costs associated with video recording the depositions except to the

extent they do not attend that deposition in person or by telephone, in which case the cost should be evenly split among those attending the deposition in person or by telephone:

- Royal Indemnity Company

- Charles Stanziale, Jr., as Trustee

- Pepper Hamilton, LLP, W. Roderick Gagné, Pamela Gagné, Robert Bast and the Family Trusts

- McGladrey & Pullen LLP, Michael Aquino and Freed Maxick & Battaglia, CPAs, P.C.

- MBIA Insurance Corporation and Wells Fargo Bank (in all capacities named)

The above parties and/or groupings of parties, as the case may be, each are entitled to one vote for purposes of section I.B., above.

**B.** The parties shall use a single court reporting service wherever possible for all the depositions in this action.

SO ORDERED this 19 day of June, 2006.

_____
HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

170425.1

# Exhibit C

## Grossbart, John I.

| | |
|---|---|
| **From:** | Grossbart, John I. |
| **Sent:** | Monday, July 31, 2006 2:12 PM |
| **To:** | Jason Butler (Jason_Butler@aporter.com); Veronica_Rendon@aporter.com; TSelby@wc.com |
| **Cc:** | 'ACastaybert@proskauer.com'; Gilbert, Alan S.; 'cpress@eckertseamans.com'; 'dcrecca@mdmc-law.com'; 'jcathey@prickett.com'; 'jeickemeyer@vedderprice.com'; 'jwexler@vedderprice.com'; Pfaehler, Kenneth J.; 'lashby@ashby-geddes.com'; 'lgoodman@mdmc-law.com'; MacVittie, Lisa A.; Barr, Michael H.; 'mwaters@mdmc-law.com'; 'nepstein@eckertseamans.com'; 'ptrainer@ashby-geddes.com'; Gifford, Robert W.; Merouse, Steven L.; 'tlydon@ashby-geddes.com'; 'TSelby@wc.com'; 'Veronica_Rendon@aporter.com' |
| **Subject:** | |

Veronica:

At the all counsel meet and confer session last Wednesday in New York, you announced that, absent a court order compelling otherwise, McGladrey would not produce any deposition witnesses prior to December 1, 2006 regarding accounting issues and/or McGladrey's substantive work for SFC. We've now fully considered your position. In our view, it is a direct violation of the current case management orders entered in June. Accordingly, we expect to bring the matter to the Court's attention shortly. If you feel there is anything further to discuss in these regards, please call me.

John Grossbart
**Sonnenschein Nath and Rosenthal LLP**
233 South Wacker Dr.
7800 Sears Tower
Chicago, IL 60606
312-876-8095 (Direct)
312-876-7934 (Fax)

## Grossbart, John I.

**From:** Veronica_Rendon@aporter.com
**Sent:** Tuesday, August 01, 2006 9:16 AM
**To:** Grossbart, John I.
**Cc:** ACastaybert@proskauer.com; Gilbert, Alan S.; cpress@eckertseamans.com; dcrecca@mdmc-law.com; Jason_Butler@aporter.com; jcathey@prickett.com; jeickemeyer@vedderprice.com; jwexler@vedderprice.com; Pfaehler, Kenneth J.; lashby@ashby-geddes.com; lgoodman@mdmc-law.com; MacVittie, Lisa A.; Barr, Michael H.; mwaters@mdmc-law.com; nepstein@eckertseamans.com; ptrainer@ashby-geddes.com; Gifford, Robert W.; Merouse, Steven L.; tlydon@ashby-geddes.com; TSelby@wc.com
**Subject:** Re:

John:

I disagree with your position that we have taken any position in violation of the case management orders entered in June, and would appreciate it if you directed me to what provision or provisions you believe have been violated. We were ordered to meet and confer as a group and to pick a list of 30 deponents for the first wave of depositions. We did that. In fact, we came up with a list of 36 in the non-remand cases, and an additional 25 in the remand case, for a total of 61 witnesses. By my count, 34 of those witnesses were selected by Royal, and you indicated that Royal was interest in taking many of the other witnesses selected by other counsel in the non-remand cases. Given that volume of witnesses, it is hard to imagine that Royal will be prejudiced in any way by holding off depositions of the auditors until the end of the year. This is especially true since the early part of the schedule will presumably be dominated by the remand witnesses, which have to be completed by November 7 under Case Management Order 2.

At the meet and confer, I explained why it was necessary to hold off the auditor depositions. I personally have been the only partner involved in the background and development of the audit aspect of the case (as shown by my heavy prior involvement in the case, and at court conferences, etc.), and will be out on maternity leave until sometime in the beginning of December. I will be defending the auditor depositions, and will gladly schedule them as soon as reasonably possible upon my return from maternity leave. Obviously, many other depositions will proceed in my absence. Again, it is hard to understand what prejudice Royal will suffer by a small delay in the taking of the auditor depositions. Fact discovery is not due to close in this matter until April 2007, and there will be ample time after the auditor depositions occur for any follow-up discovery or depositions. Certainly, we would appreciate your professional courtesy in this regard.

Please let me know if you intend on going to the Court and, if so, which provisions of the case management orders you believe have been violated.

Veronica E. Rendon, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022-4690
(212)715-1165 (direct dial)
(212)715-1399 (facsimile)
Veronica.Rendon@aporter.com

# Grossbart, John I.

| | |
|---|---|
| **From:** | Grossbart, John I. |
| **Sent:** | Thursday, August 03, 2006 4:01 PM |
| **To:** | 'Veronica_Rendon@aporter.com' |
| **Cc:** | ACastaybert@proskauer.com; Gilbert, Alan S.; cpress@eckertseamans.com; dcrecca@mdmc-law.com; Jason_Butler@aporter.com; jcathey@prickett.com; jeickemeyer@vedderprice.com; jwexler@vedderprice.com; Pfaehler, Kenneth J.; lashby@ashby-geddes.com; lgoodman@mdmc-law.com; MacVittie, Lisa A.; Barr, Michael H.; mwaters@mdmc-law.com; nepstein@eckertseamans.com; ptrainer@ashby-geddes.com; Gifford, Robert W.; Merouse, Steven L.; tlydon@ashby-geddes.com; TSelby@wc.com |
| **Subject:** | Depostion Scheduling |

Veronica:

Thank you for your email. Unfortunately, however, this is not about professional courtesies, which I believe have been extended fairly consistently by all counsel for all parties in the four coordinated cases, including by me and others on the Royal team. We have every intention of continuing to extend all appropriate courtesies consistent with our obligations to our client. However, while we are sensitive to your personal situation, what you ask goes well beyond requesting a courtesy. Your request would unfairly prejudice our client and the case management schedule set by the Court.

Your refusal to allow depositions of McGladrey accounting witnesses, announced for the first time at the July 26, 2006 meet-and-confer, does not comply with the process contemplated by the four Case Management Order No. 1's entered in each of the SFC cases pending before Judge Farnan, and the related Discovery Coordination Order. In those Orders, the Court ordered deposition discovery to begin on August 21, 2006. The CMOs and Discovery Coordination Order contain no provisions for discovery sequencing, preferences or exemptions. Indeed, the CMOs and the Discovery Coordination Order were entered after McGladrey vigorously opposed any deposition start date before mid-October, 2006 -- and the Court expressly rejected that position. (I note that you obviously knew about your condition then and did not raise it with the Court).

Fact discovery is set to close on April 9, 2007 (a short date made even shorter by your prior steadfast, inexplicable refusal to agree to the longer date we had proposed). That allows only 32 weeks for up to 100 depositions and includes the Christmas/New Year Holidays. Given your somewhat uncertain return date (which I fully understand under the circumstances) and those holidays, the likely practical effect of your position is to exempt McGladrey witnesses from deposition discovery until January -- nearly two-thirds of the way through the fact discovery period. Nor are you offering any assurances on this score to the contrary. Despite my express request to at last Wednesday's meet-and-confer, your email makes no commitment about scheduling, stating only that you would be willing to schedule McGladrey depositions "as soon as reasonably possible" following your return.

I firmly believe that what I said at the outset of last Wednesday's conference is in accord with the Court's intentions: with respect to deposition scheduling, everyone needs to "give a little and get a little." McGladrey has done a lot of getting but absolutely no giving. Of the 39 witnesses who are subject to CMO No. 1 and for whom I believe there is no objection to their depositions going forward during the first 10 week period we discussed at our meeting (i.e., every highlighted entry on the chart I circulated on Tuesday, *except* McGladrey accounting witnesses), 14 were requested by Royal, 9 were requested by Wells Fargo, 13 were requested by Pepper, 6 were requested by the Trustee, and 17 were requested by McGladrey. Four witnesses from this group are current or former employees of Wells Fargo/MBIA, four are current/former employees of Royal, five are current/former Pepper personnel, and none are from McGladrey. This is not the sort of reciprocal cooperation that I believe the Court intended, and will require.

Finally, your email misses the mark on the remand witness situation. While both Wells Fargo and Royal have identified many possible remand witnesses, the parties to that dispute continue to work on streamlining discovery pursuant to Case Management Order No. 2 in Case No. 1294. Those efforts will unfold simultaneously with the discovery allowed pursuant to the CMO No. 1's that govern all other claims and matters. Your assumption that the "early part of the schedule will be dominated by the remand witnesses," and that this in some way precludes, hinders or slows deposition discovery on Royal's affirmative claims against Pepper, McGladrey and Wells Fargo, simply is wrong. Remand discovery will proceed on a separate and parallel track.

1

By our count, there are no less than seven attorneys from three law firms who have appeared for McGladrey in these actions. Others have surfaced as doing work on these cases. None of us are indispensable. I recognize that, given your personal situation, the timing of discovery in these cases is not ideal. But given the Court's schedule and the nature of complex cases like these, all parties will have to deal with outside events and conflicts that impact their counsel. Because it generally does not impact our clients, attorneys can, and should, be as accommodating as possible. But your announced refusal to schedule McGladrey accounting witnesses until we are into the final third of the discovery schedule goes too far and prejudices Royal. Thus, we are constrained to raise this matter with the Court.

John Grossbart
**Sonnenschein Nath and Rosenthal LLP**
233 South Wacker Dr.
7800 Sears Tower
Chicago, IL 60606
312-876-8095 (Direct)
312-876-7934 (Fax)

2