IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
                                          :
ROYAL INDEMNITY COMPANY                   :
                                          :
                Plaintiff,                :
                                          :
        vs.                               :   Civil No. 05-165 (JJF)
                                          :
                                          :
PEPPER HAMILTON LLP, ET AL.               :
                                          :
                Defendants.               :
_____    :

**REPLY BRIEF IN SUPPORT OF
THE PEPPER DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS ON COUNT VII (DEEPENING
INSOLVENCY) OF ROYAL'S SECOND AMENDED COMPLAINT**

| | |
|---|---|
| William H. Sudell, Jr., Esq. (No. 0463) | Elizabeth K. Ainslie, Esq. |
| Donna L. Culver, Esq. (No. 2983) | Nicholas J. LePore, III, Esq. |
| Daniel B. Butz, Esq. (No. 4227) | Bruce P. Merenstein, Esq. |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | Stephen J. Shapiro, Esq. |
| 1201 North Market Street | SCHNADER HARRISON SEGAL & LEWIS LLP |
| P.O. Box 1347 | 1600 Market Street, Suite 3600 |
| Wilmington, Delaware 19899-1347 | Philadelphia, Pennsylvania 19103 |
| (302) 658-9200 | (215) 751-2000 |
| (302) 658-3989 (facsimile) | (215) 751-2205 (facsimile) |

*Counsel for Defendants Pepper Hamilton LLP and W. Roderick Gagné*

**TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................................... 1

**ARGUMENT** ................................................................................................................................. 1

**CONCLUSION** ............................................................................................................................. 4

i

## INTRODUCTION

In its response to the Pepper Defendants' motion for judgment on the pleadings on Count VII (deepening insolvency), Royal requests leave to amend its complaint to withdraw Count VII without prejudice. D.I. 186 at 7. Pepper does not oppose Royal's request. However, as evidenced by the argument Royal makes in its response brief, the parties have fundamental disagreements about how this Court's Order dated March 31, 2006 denying the Pepper Defendants' motion to dismiss Royal's Amended Complaint impacts important aspects of this case. As discussed in more detail below, the uncertainty resulting from the absence of an opinion explaining the Court's rationale in denying the motion to dismiss has led to the parties' having differing views of the reasons possibly underlying that Order, making it difficult for the parties to narrow their discovery and trial preparation efforts, and limiting their ability to intelligently assess the potential settlement value of the case. Therefore, the Pepper Defendants respectfully request the Court's assistance in removing the uncertainty by issuing an Opinion explaining its rationale for denying the motion to dismiss.

## ARGUMENT

In its response brief, Royal asserts that this Court, by its Order of March 31, 2006 denying the Pepper Defendants' motion to dismiss, determined "by necessary implication" that this action is governed by the law of Delaware or North Carolina. D.I. 186 at 2. No such implication should be drawn from the Court's bare Order.

In their motion to dismiss, the Pepper Defendants explained why this case should be governed by the law of Pennsylvania. *See* D.I. 36 at 7-9. Royal countered that the law of either Delaware or North Carolina should control (*see* D.I. 44 at 29-36), but argued in the alternative that even if Pennsylvania law governs this case, the motion to dismiss still should be denied (*see* D.I. 44 at 28-29; 50-52; 53-55; 64-66). By Order dated March 31, 2006 this Court denied the motion to dismiss, but did so without, as yet, issuing an explanatory opinion. *See* D.I.

122. Therefore, the Court may have concluded that Pennsylvania law governs this case but nevertheless denied the motions to dismiss for the reasons advanced by Royal in its alternate arguments. In other words, this Court's denial without opinion of the motions to dismiss in no way indicates which state's law governs this action.[1]

The same uncertainty impacts specific claims in this case. For instance, the Pepper Defendants moved to dismiss Royal's conspiracy claim for failure to plead "malice," one of the elements of a conspiracy claim under Pennsylvania law. *See* D.I. 36 at 11-13. Royal argued in response that the claim was not governed by Pennsylvania law and, even if it were, Royal sufficiently pleaded "malice." *See* D.I. 44 at 50-52. In denying the motions to dismiss, the Court may have determined that Pennsylvania law does not govern the claim and, therefore, that Royal was not required to plead "malice," or it may have determined that Pennsylvania law controls the claim but that Royal adequately pleaded "malice."

The Pepper Defendants also moved to dismiss Royal's claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty because Pennsylvania does not recognize a cause of action for aiding and abetting. *See* D.I. 36 at 13-15. Royal countered that Pennsylvania law was not controlling but, even if it were, aiding and abetting is a valid cause of action under Pennsylvania law. *See* D.I. 44 at 53-55. The Court may have denied the motion to dismiss the aiding and abetting claims because it determined that Pennsylvania law does not govern the claim, or it may have concluded that Pennsylvania law is controlling but predicted that the Pennsylvania Supreme Court would recognize a cause of action for aiding and abetting.

These choice of law issues are significant for several reasons, all of which impact the parties' ability to efficiently litigate the case. First, if Pennsylvania law governs, Royal's tort claims are subject to Pennsylvania's two year statute of limitations, rather than the (arguably) longer limitations periods under Delaware or North Carolina law. Therefore, if Pennsylvania law

---

[1] It is also possible that the Court concluded it could not decide the choice of law issue on the basis of the Amended Complaint alone.

governs, the Pepper Defendants will be able to focus their discovery efforts on Royal's diligence in developing information as to the root causes of its potential loss during the year *following* Andrew Yao's alleged disclosure of the alleged fraud at SFC to Royal.[2]  Second, with respect to the conspiracy claim, an opinion addressing the choice of law issue will clarify whether discovery to develop evidence proving or disproving the presence of "malice" is necessary.  Third, an opinion from the Court addressing which state's law governs this case will enable the Pepper Defendants to focus their discovery efforts on the facts necessary to defend against a cause of action for aiding and abetting under the law of the governing state.

An opinion from this Court addressing these issues would not only reduce the scope and expense of discovery, but also could impact the parties' assessment of the case on a more basic level, and possibly lead to meaningful settlement discussions.  Therefore, even though Royal has moved to voluntarily dismiss Count VII of its Amended Complaint, thereby largely mooting the Pepper Defendants' Motion for Judgment on the Pleadings, the Pepper Defendants respectfully request that the Court issue an opinion explaining its rationale for denying the underlying motions to dismiss, including its conclusion regarding the choice of law issue.

---

[2]   Yao allegedly disclosed the purported fraud to Royal on March 20, 2002.  Royal filed its Complaint against the Pepper Defendants on March 18, 2005, almost three years later.

**CONCLUSION**

For the foregoing reasons, the Pepper Defendants respectfully request that the Court grant Royal's request for leave to amended its Second Amended Complaint to withdraw Count VII without prejudice and issue an opinion in support of its Order denying the Pepper Defendants' motions to dismiss.

Dated: August 8, 2006
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

  */s/ William H. Sudell, Jr.*
William H. Sudell, Jr., Esq. (No. 0463)
Donna L. Culver, Esq. (No. 2983)
Daniel B. Butz, Esq. (No. 4227)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 (facsimile)

*Counsel for Defendant Pepper Hamilton LLP and W. Roderick Gagné*

OF COUNSEL:

SCHNADER HARRISON SEGAL & LEWIS LLP
Elizabeth K. Ainslie, Esq.
Nicholas J. LePore, III, Esq.
Bruce P. Merenstein, Esq.
Stephen J. Shapiro, Esq.
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000
(215) 751-2205 (facsimile)

531951