Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Royal Indemnity Company,**<br>**Plaintiff,** | **SUBPOENA IN A CIVIL CASE** |
| **V.** | **CASE NUMBER:**[1]  05-165 |
| **Pepper Hamilton LLP, et al.,**<br>**Defendants.** | (District of Delaware) |

**TO:**   **Finova Capital Corporation**
**4800 N. Scottsdale Road**
**Scottsdale, AZ 85251-7623**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the date, place, and time specified below to testify at the taking of a deposition in the above case pursuant to Federal Rule of Civil Procedure 45.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below.

*See Schedule of Documents attached to this subpoena.*

| PLACE | DATE AND TIME |
|---|---|
| Esquire Deposition Services<br>2929 N. Central Avenue, Suite 1680<br>Phoenix, AZ 85012<br>(Attn: Kris Gallinger) | September 6, 2006 at 10:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant McGladrey & Pullen, LLP | August 14, 2006 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Thomas H. L. Selby
Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C.  20005
Tel: (202) 434-5000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv)   subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development or commercial information; or
(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE OF DOCUMENTS

### Definitions

1.      "Document" is intended to be given the broadest possible scope and includes any written, recorded or graphic matter, or any other means of preserving thought or expression, including all non-identical copies, drafts, worksheets, work papers, proofs, whether handwritten, typed, printed, photocopied, photographed, tape-recorded, transcribed, filed or otherwise created, specifically including, but not limited to, telephone slips and logs, diary entries, facsimiles, presentations, calendars, reports, spreadsheets, minutes, correspondence, memoranda, notes, videotapes, audio tapes, electronic or digital recordings of any kind, photographs, and any other form of communication or representation. It also includes, without limitation, all information stored in a computer system although not yet printed out, all information stored on computer hard drives, all information stored on floppy diskettes, computer tape backups, CD-ROM, and/or e-mail.

2.      "Communication" means any transmission of thoughts, opinions, data, or information, in the form of facts, ideas, inquiries, or otherwise, including, without limitation, correspondence, letters, e-mail, facsimiles, reports, memoranda, contacts, discussions, calculations, presentations and any other written or oral exchanges between any two or more persons.

3.      "Finova" means Finova Loan Administration, Inc. as well as any subsidiary or affiliate companies, predecessors, successors, agents, officers, directors, attorneys, employees, or representatives of Finova.

4.      "SFC" means Student Finance Corporation, Student Loan Servicing, LLC, Student Marketing Services, LLC, Student Placement Services, LLC, SFC Financial I, LLC, SFC Financial II, LLC, SFC Acceptance I, LLC, SFC Acceptance II, LLC, SFC Acceptance III, LLC, SFC Acceptance IV, LLC, SFC Acceptance V, LLC, SFC Acceptance VI, LLC, SFC Acceptance VII, LLC, SFC Acceptance VIII, LLC, and SFC Acceptance IX, LLC (and any other related subsidiaries or affiliates), as well as the parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, attorneys, or representatives of SFC.

5.      "Royal" means Royal Indemnity Company, as well as parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, and representatives of Royal.

6.      The terms "SFC Grantor Trust" and "SFC Owner Trust" refer to the trusts settled for the purpose of holding title to the student loans securitized by SFC. SFC Grantor Trust and SFC Owner Trust include, but are not limited to, SFC Grantor Trust, Series 2000-1, SFC Grantor Trust, Series 2000-2, SFC Grantor Trust, Series 2000-3, SFC Grantor Trust, Series 2000-4, SFC Grantor Trust, Series 2001-1, SFC Grantor Trust, Series 2001-2, SFC Grantor Trust, Series 2001-3, and SFC Owner Trust 2001-I.

7.     "SFC Transactions" refers to all SFC-related warehouse financings, revolving credit facilities, securitizations, bridge or other loans, whether consummated or unconsummated.

8.     "Credit Risk Insurance Policies" means any insurance issued or considered for issuance related to SFC and/or any SFC Transaction. The term "Credit Risk Insurance Policies" includes any insurance policies or sub-policies, amendments, expansion, commutation, endorsement or renewal of any insurance policy related to SFC.

9.     "Due Diligence" refers to the process of investigation into a transaction, including, without limitation, the examination of operations and management, research and analysis of historical financial and/or transactional information, verification of any material facts related to the transaction, stress testing the transaction itself and the viability of any assets underlying the transaction, and evaluation of the credit worthiness of any participating parties.

10.     All words and phrases shall be construed in accordance with normal custom and usage in the industries or field of commerce to which they apply.

11.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

12.     The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

13.     The use of the singular form of any word includes the plural and vice versa.

## Documents Requested

1. All Documents or Communications concerning Due Diligence of SFC and/or any of the SFC Transactions.

2. All Documents concerning studies, plans, or analyses concerning SFC and/or any of the SFC Transactions, including but not limited to any financial modeling and/or cash flow analyses along with the relevant outputs, inputs, and any assumptions underlying such modeling or analyses.

3. All Documents exchanged between or among Finova, SFC, Royal, or any other person or entity concerning SFC and/or any of the SFC Transactions.

4. All Documents or Communications concerning SFC, Royal, or any of the SFC Transactions.

5. All Documents or Communications concerning any credit rating of Royal concerning Royal's issuance of Credit Risk Insurance Policies and/or any SFC Transaction.

6. All Documents or Communications concerning the appropriate capital charges for Royal concerning the Credit Risk Insurance Policies and/or any of the SFC Transactions.

7. All Documents or Communications concerning any insurance concerning SFC, including but not limited to the Credit Risk Insurance Policies.