IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY,<br>Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, RODERICK GAGNÉ,<br>FREED MAXICK & BATTAGLIA CPAs,<br>McGLADREY & PULLEN, LLP, and<br>MICHAEL AQUINO,<br>Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 05-165-JJF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## McGLADREY & PULLEN, LLP's and MICHAEL AQUINO's MEMORANDUM IN OPPOSITION TO ROYAL INDEMNITY COMPANY'S MOTION TO COMPEL COMPLIANCE WITH CASE MANAGEMENT ORDERS

DUANE MORRIS LLP
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

ARNOLD & PORTER LLP
Veronica E. Rendon
Jason M. Butler
Glynn Spelliscy
399 Park Avenue
New York, NY 10022
Phone: 212-715-1000
Fax: 212-715-1399

Attorneys for McGladrey & Pullen, LLP
and Michael Aquino

DM3\390221.1

## PRELIMINARY STATEMENT

On August 4, 2006, Plaintiff Royal Indemnity Company ("Royal") filed its Motion to Compel McGladrey & Pullen LLP's Compliance With Case Management Orders, arguing that McGladrey & Pullen LLP ("McGladrey") should be required to produce two of its former auditors during the initial wave of depositions. Royal's motion should be denied.

Royal accuses McGladrey of violating the Court's Orders. That is not true. The Discovery Coordination Order and Case Management Orders issued by the Court required the parties to "meet and confer" by July 31, 2006 in order to create an initial list of "approximately 30 deponents," as the first step towards taking no more than 100 depositions in all of the affiliated SFC litigations. Going well beyond the Court's Orders, prior to July 31, the parties engaged in a "meet and confer" session in which they created an initial list of over *sixty* deponents. Counsel for McGladrey and Michael Aquino fully cooperated in that effort. There has been no violation of the Court's Orders. By seeking two additional depositions, Royal is simply seeking more than the Orders require.

Moreover, Royal's claim of prejudice is spurious. As noted above, over sixty witnesses are designated to go forward in the first round of depositions, more than *half* of which were hand selected by Royal. Given the large number of depositions scheduled to proceed, and Royal's strong influence in dictating the composition of the initial list of deponents, it is disingenuous for Royal to claim that any prejudice would result from the failure to take two additional depositions in this early period.

Finally, Royal appears to be attempting to gain an unfair tactical advantage by benefiting from attorney Veronica Rendon's impending maternity leave. Royal understands the significant prejudice that would result were the depositions to occur in Ms. Rendon's absence, and appears to be seeking to benefit from Ms. Rendon's personal circumstances. Royal should not be allowed to do so.

## BACKGROUND

On June 19, 2006, the Court entered Case Management Order #1 (attached as Exhibit A) to govern discovery in this case. Case Management Order #1 requires that deposition discovery commence on August 21, 2006 and be completed by April 6, 2007. The Court entered identical case management

DM3\390221.1

orders outlining the same period of discovery in three related cases, *Wells Fargo Bank N.A. v. Royal*, Case No. 02-1294-JJF; *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. Pepper Hamilton LLP, et al.*, Case No. 04-1551-JJF; and *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. McGladrey & Pullen LLP, et al.*, Case No. 05-72-JJF.

On August 15, 2006, the Court separately entered Amended Case Management Order #2, which governs the MBIA and Wells Fargo claims remanded by the Third Circuit (the "Remand Claims"). Under Amended Case Management Order #2, attached as Exhibit B, deposition discovery must be completed by December 22, 2006. Notably, deposition discovery related to the Remand Claims was originally due to close by November 14, 2006. Recognizing, however, that more time would be required to complete the Remand depositions, Royal and the other Remand parties requested an extension to the closing of deposition discovery until December 22, 2006, demonstrating that Royal will need until at least December to complete the initial wave of depositions.

On June 19, 2006, the Court entered Discovery Coordination Order #1, attached as Exhibit C. This Order, which relates to all four SFC litigations, including the Remand Claims, limited the total number of depositions to 100. The Discovery Coordination Order also required, among other things, that "not later than July 31, 2006, the parties shall complete a meet and confer process for the purpose of the categorizing of an initial list of approximately 30 deponents divided into two separate tracks" based on the amount of time it would take to complete the various depositions. The Discovery Coordination Order did not address the composition of the initial list of approximately thirty deponents, only requiring that such list be created based on the parties' "meet and confer" efforts.

On July 26, 2006, counsel for all parties met for the purpose of identifying an initial list of deponents. Going well beyond the requirements of the Discovery Coordination Order, the parties agreed to a list of *sixty-two* deponents. Of those:

- *Thirty-four* were specifically requested by counsel for Royal, who also indicated an interest in attending every deposition selected by other counsel;
- *Thirty-six* relate to Remand Claims and must occur by December 22, 2006; and

- *Twenty-seven* were designated as three-day depositions (the remaining being one or two-day depositions).

At the "meet and confer" meeting, Royal expressed an interest in scheduling two depositions of former McGladrey auditors. These witnesses are individuals who had heavy involvement in the accounting work at issue, and represent core members of the audit team. Veronica Rendon, counsel for the two individuals, explained that it would not be possible to include those witnesses in the first wave of depositions because she will be out on maternity leave from late August until early December 2006. Ms. Rendon further explained that the two former auditors had specifically engaged her and her firm, Arnold & Porter LLP, to defend them at their depositions, and that she is the only partner who has taken responsibility for the review of the large volume of audit workpapers produced in this case (the only other attorneys involved in such review being younger associates of the firm). Ms. Rendon explained that the auditors would be significantly prejudiced were they denied their choice of counsel, and if another partner was required to invest the significant time and effort required to get up to speed on the workpapers and prepare the witnesses for deposition in such an abbreviated time frame. Ms. Rendon assured counsel for Royal that she would be willing to schedule the two auditor depositions as soon as reasonably possible upon her return, and that the depositions would go forward in December 2006 or January 2007.[1] Despite Ms. Rendon's assurances, Royal has brought this motion, asking the Court to compel the scheduling of the two auditor witnesses while Ms. Rendon is on maternity leave.

## ARGUMENT

Royal's motion should be denied. There has been no violation of the Court's Orders. All the parties have met and conferred and created an initial list of deponents that greatly exceeds that required by the Court. Counsel for McGladrey and Michael Aquino fully cooperated in the "meet and confer" process, and have abided by the Court's Orders. An order compelling compliance would thus be

---

[1] At the "meet and confer" meeting, counsel for Royal sought assurances regarding specific dates in early December. It was impossible to commit to those dates given the uncertainty surrounding the exact period of Ms. Rendon's maternity leave, which is contingent upon the actual date of the delivery of her child.

-3-

misplaced. By seeking two additional depositions, Royal is seeking to surpass what has been previously ordered by the Court.

Moreover, Royal can not demonstrate any prejudice by waiting until December to take the auditor depositions, whereas the prejudice to the auditors would be manifest were they to go forward.

Royal's claim that scheduling the auditor depositions in December or January will somehow cause it prejudice is demonstrably untrue. During the Court-ordered "meet and confer" session, *sixty-two* witnesses were selected for inclusion in the first wave of depositions, *over half* of which were selected by Royal. Additionally, *thirty-six* of the depositions relate to Remand Claims and must be taken by December 22. And, *twenty-seven* of the depositions were designated as three-day depositions (the others being one and two-day depositions).

Royal clearly will have its hands full trying to take this many depositions during the period of August through December, and cannot be said to suffer any prejudice because *two* additional depositions did not go forward in this same time period. This is additionally true because the deposition period extends until April 2007, so that there are many months when Royal can take the two auditor depositions, which counsel has already agreed can go forward in the December/January time frame. Beyond those two witnesses, Royal and the Trustee have only identified four other auditor witnesses. Three to four months to complete the remaining four depositions is more than ample time to do so. No other party has indicated an interest in taking the auditor depositions besides Royal and the Trustee.

Finally, the majority of the witnesses to be taken and many of the most important depositions in the case relate to third-party witnesses (former SFC employees, investment bankers, rating agencies, bank representatives, etc.), in which all of the parties are interested. In addition to the Remand Claims witnesses, whose depositions must be completed early in the schedule, many third-party witnesses are scheduled to go forward in the first wave of depositions since they, of all the witnesses, will be the most difficult to schedule and complete. Again, any claim of prejudice by Royal is illusory.

Royal's motion appears to be an attempt to gain an unfair tactical advantage in the case. Royal seeks to benefit from Ms. Rendon's personal situation by forcing the depositions of the two auditor

-4-

depositions to go forward when Ms. Rendon will be on maternity leave. As Royal understands, the auditor witnesses will be greatly prejudiced were their depositions forced to proceed in the absence of Ms. Rendon.

First, Royal's claim that other attorneys may appear to defend the depositions is wrong. Ms. Rendon and her firm, Arnold & Porter, represent Mr. Westad and Mr. Colatrella. These two individuals are no longer affiliated with McGladrey, and Mr. Westad worked on various SFC audit and accounting engagements that preceded his employment at McGladrey. The individual auditors thus raise issues unrelated to McGladrey's involvement in the case. Consequently, Williams & Connolly, which represents only McGladrey, will not represent these individuals at their depositions, nor is it positioned to do so.

Second, Ms. Rendon is best situated to defend the depositions. She has been heavily involved in the litigation from its inception, and regularly appears as lead counsel at Court conferences and meetings amongst the parties. As indicated above, Ms. Rendon is the only partner who has taken responsibility for understanding and developing the audit aspects of the case. She also has been selected by the auditor witnesses to defend their depositions. For another Arnold & Porter partner to learn the voluminous workpapers produced in this case and prepare witnesses for deposition in an abbreviated time frame would result in the unnecessary expenditure of significant time and money, and would deprive the individuals of their choice of counsel.

Moreover, given the potential exposure involved in the case, which allegedly ranges from $350-$500 million, it is inappropriate for Royal to assume that more junior attorneys or Delaware counsel, who has had little substantive involvement in the factual development of the case, can defend the depositions at issue. This is especially true because the two witnesses requested by Royal represent members of the core audit team who were heavily involved in the accounting work at issue, and are significant depositions. Indeed, no other party, including Royal, is producing comparably significant witnesses in this first round of depositions.

Royal's motion should be recognized for what it is -- an effort to surpass what has previously been ordered by the Court and, in doing so, to gain an unfair tactical advantage in the case -- and should be rejected.

## CONCLUSION

For the foregoing reasons, Royal's motion to compel should be denied.

Dated: August 18, 2006

DUANE MORRIS LLP

By: _____
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

-and-

ARNOLD & PORTER LLP
Veronica E. Rendon
Jason M. Butler
Glynn Spelliscy
399 Park Avenue
New York, NY 10022
Phone: 212-715-1000
Fax: 212-715-1399

Attorneys for McGladrey & Pullen, LLP
and Michael Aquino