IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, | ) <br> ) |
| Plaintiff, | ) <br> ) <br> )    C.A. No. 05-165-JJF |
| v. | ) <br> ) |
| PEPPER HAMILTON LLP, W. RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs PC, MCGLADREY & PULLEN, LLP, MICHAEL AQUINO and FREED MAXICK SACHS & MURPHY, P.C., | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF ROYAL INDEMNITY COMPANY'S MOTION TO COMPEL McGLADREY & PULLEN, LLP'S COMPLIANCE WITH CASE MANAGEMENT ORDERS**

At the July 26, 2006 all-counsel, deposition scheduling meet and confer, McGladrey & Pullen LLP attorney Veronica Rendon announced that McGladrey would not produce *any* accounting witnesses prior to her return from pregnancy leave sometime in early December. In an effort to find some middle ground, counsel for Royal proposed that McGladrey simply commit to scheduling three McGladrey witnesses in December following Ms. Rendon's return. That would merely require working out some specific dates now, before Ms. Rendon takes her leave of absence. That request was refused. No specific dates, in December or otherwise, have been offered. McGladrey avoided the question when Royal again invited such a discussion during the subsequent meet and confer process. (*See* Exhibit C to Royal's initial memorandum (D.I. 196).)

Now, in opposing Royal's motion to compel, McGladrey offers only that it would be willing to schedule two of the depositions -- which Royal had requested at the July 26 conference be scheduled for the *first* ten-week deposition discovery period -- "as soon as reasonably possible

upon [Ms. Rendon's] return, and that the depositions would go forward in December 2006 or January 2007." That is not an appropriate resolution of this matter, and it would prejudice Royal.

At the July 26, 2006 conference, counsel for all the parties mapped out deposition discovery for an initial, ten-week deposition period of August 21 - October 27, 2006 -- the same period of time for which Royal had requested the depositions of the two McGladrey accounting witnesses referred to in McGladrey's opposition memorandum (D.I. 209 at p. 3). Those two witnesses are part of a larger group of at least five McGladrey witnesses already identified by name as having knowledge, and at least one 30(b)(6) accounting-related witness, whose depositions all need to be taken. Royal's motion to compel was necessitated because of McGladrey's unilateral decision to delay *all* of those depositions until at least December and, more likely given the holidays, next year, when the fact discovery period ordered by the Court will be two-thirds completed. That is neither fair nor practical. McGladrey is the most prominent defendant in this action. Being forced to wait months for any of the McGladrey depositions to go forward, and then to complete all of the McGladrey-related deposition discovery (and any follow-up discovery as a result) during the *final* ten weeks of the fact discovery period set by the Court is patently prejudicial to Royal -- McGladrey's protestations to the contrary notwithstanding.

The depositions that the parties agreed to pursue during the initial ten week period (putting aside the disputed McGladrey depositions) were identified in correspondence dated August 1, 2006 that was circulated to all counsel following the July 26 meeting. (*See* Exhibit A, attached.) Thirty-nine depositions (including 30(b)(6) depositions) are identified there. No party has suggested that the letter fails to accurately describe the parties' July 26, 2006 conference.

McGladrey simply is wrong in suggesting (at p. 2) that 36 "Remand Claim" depositions were agreed to and are expected to occur between now and the end of the year. We do not need to quarrel with this inaccurate overstatement, however, because the remand claim depositions have nothing whatsoever to do with scheduling McGladrey's witnesses. As the August 1, 2006 letter and the email communications between Royal and McGladrey's counsel (attached to Royal's moving memorandum) make clear, depositions relating solely to the so-called remand claims, by definition, have nothing to do with the claims in this action or the pace at which discovery in this action and the Trustee's actions proceeds. The remand claim depositions do not impact one iota on Royal's ability to proceed simultaneously with non-remand claim discovery. McGladrey has invented a remand claim discovery schedule far more onerous than what is likely to actually occur, and then professes concern about Royal's ability to complete these depositions in which McGladrey almost surely has no interest, in order to hide its own failure to meaningfully participate in deposition discovery during this calendar year.

Royal respectfully requests the Court to order McGladrey to participate in the scheduling of its witnesses for deposition this year. To afford Ms. Rendon the deference that her circumstances deserve without prejudicing Royal and the other parties, we request the Court to order McGladrey to commit to producing for deposition three McGladrey-related accounting witnesses prior to December 31, 2006.

- 4 -

|  |  |
|---|---|
|  | ASHBY & GEDDES |
| *Of Counsel:* | */s/ Tiffany Geyer Lydon* |
|  | _____ |
| Michael H. Barr | Lawrence C. Ashby (I.D. #468) |
| Kenneth J. Pfaehler | Philip Trainer, Jr. (I.D. #2788) |
| SONNENSCHEIN NATH & ROSENTHAL LLP | Tiffany Geyer Lydon (I.D. #3950) |
| 1221 Avenue of the Americas | 222 Delaware Avenue, 17th Floor |
| New York, New York 10020-1089 | Wilmington, Delaware 19899 |
| (212) 768-6700 | (302) 654-1888 |
| (212) 768-6800 (fax) | (302) 654 2067 (Fax) |
|  |  |
| John Grossbart | *Attorneys for Plaintiff* |
| Steve Merouse | *Royal Indemnity Company* |
| SONNENSCHEIN NATH & ROSENTHAL LLP |  |
| 8000 Sears Tower |  |
| 233 S. Wacker Drive |  |
| Chicago, Illinois 60606 |  |
| (312) 876-8000 |  |
| (312) 876-7934 (fax) |  |

Dated: August 25, 2006

172503.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August, 2006, the attached **REPLY MEMORANDUM IN SUPPORT OF ROYAL INDEMNITY COMPANY'S MOTION TO COMPEL MCGLADREY & PULLEN, LLP'S COMPLIANCE WITH CASE MANAGEMENT ORDERS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William H. Sudell, Jr., Esquire<br>Morris Nichols Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE  19899-1347 | HAND DELIVERY |
| James L. Holzman, Esquire<br>J. Clayton Athey, Esquire<br>Prickett, Jones & Elliott, P.A.<br>1310 King Street<br>Wilmington, DE  19899 | HAND DELIVERY |
| Michael R. Lastkowski, Esquire<br>Christopher M. Winter, Esquire<br>Duane Morris LLP<br>1100 North Market Street, Suite 1200<br>Wilmington, DE  19801 | HAND DELIVERY |
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19899 | HAND DELIVERY |
| Karen Lee Turner, Esquire<br>Susan E. Poppiti, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>300 Delaware Avenue, Suite 1360<br>Wilmington, DE  19801 | HAND DELIVERY |

| | |
|---|---|
| Christopher A. Ward, Esquire<br>Ashley B. Stitzer, Esquire<br>Daniel K. Astin, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801 | HAND DELIVERY |
| John H. Eickemeyer, Esquire<br>Jonathan A. Wexler, Esquire<br>Vedder, Price, Kaufman & Kammholz, P.C.<br>805 Third Avenue<br>New York, NY  10022 | VIA FEDERAL EXPRESS |
| Elizabeth K. Ainslie, Esquire<br>Schnader Harrison Segal & Lewis LLP<br>1600 Market Street, Suite 3600<br>Philadelphia, Pennsylvania 19103 | VIA FEDERAL EXPRESS |
| Richard P. Swanson, Esquire<br>Veronica E. Rendon, Esquire<br>Jason M. Butler, Esquire<br>Arnold & Porter LLP<br>399 Park Avenue<br>New York, NY  10022-4690 | VIA FEDERAL EXPRESS |
| Steven M. Farina, Esquire<br>Thomas H.L. Selby<br>Amber M. Mettler<br>Williams & Connolly LLP<br>725 Twelfth Street, NW.<br>Washington, DC  20005 | VIA FEDERAL EXPRESS |
| Neil G. Epstein, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>1515 Market Street, 9th Floor<br>Philadelphia, PA  19102 | VIA FEDERAL EXPRESS |
| Michael S. Waters, Esquire<br>Lois H. Goodman, Esquire<br>McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>Three Gateway Center<br>100 Mulberry Street<br>Newark, NJ  07102-4079 | VIA FEDERAL EXPRESS |

James J. Rodgers, Esquire  VIA FEDERAL EXPRESS
Laura E. Vendzules, Esquire
Andrew M. Marble, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia PA 19103-7595

Andre G. Castaybert, Esquire  VIA FEDERAL EXPRESS
Ronald Rauchberg, Esquire
Steven Obus, Esquire
David McTaggart, Esquire
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299

Student Loan Servicing LLC  U.S. MAIL
1405 Foulk Road, Suite 102
Wilmington, DE 19803-2769

Andrew N. Yao  U.S. MAIL
107 Leighton Drive
Bryn Mawr, PA 19010

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

170005.1

3