# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PEPPER HAMILTON LLP, RODERICK GAGNÉ,<br>FREED MAXICK & BATTAGLIA CPAs,<br>McGLADREY & PULLEN, LLP,<br>MICHAEL AQUINO, and FREED MAXICK<br>SACHS & MURPHY, PC,<br><br>　　　　　Defendants. | )<br>)<br>) C.A. No. 05-165<br>)<br>) Hon. Joseph J. Farnan, Jr.<br>)<br>) **REDACTED PUBLIC VERSION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### McGLADREY & PULLEN, LLP's and MICHAEL AQUINO's
### MEMORANDUM IN SUPPORT OF MOTION TO PRESERVE
### CONFIDENTIALITY AND LIMITATION ON USE AND DISCLOSURE

DUANE MORRIS LLP
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

| | |
|---|---|
| ARNOLD & PORTER LLP<br>Veronica E. Rendon<br>Jason M. Butler<br>399 Park Avenue<br>New York, NY 10022<br>Phone: 212-715-1000<br>Fax: 212-715-1399<br><br>Attorneys for McGladrey & Pullen, LLP<br>and Michael Aquino | WILLIAMS & CONNOLLY LLP<br>Steven M. Farina<br>Thomas H.L. Selby<br>725 12th Street, N.W.<br>Washington, D.C. 20005<br>Phone: 202-434-5000<br>Fax: 202-434-5029<br><br>Counsel for Defendant McGladrey &<br>Pullen, LLP |

## TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................................1

BACKGROUND AND FACTS ....................................................................................................2

ARGUMENT .................................................................................................................................4

CONCLUSION ..............................................................................................................................9

**TABLE OF AUTHORITIES**

**CASES**

*Houbigant, Inc. v. Development Specialists, Inc.*,
    2003 WL 21688243 (S.D.N.Y. July 21, 2003) ............................................................................. 6

*Peat Marwick, Mitchell & Co. v. Creditor's Comm. of Northeast Dairy Coop. Fed'n, Inc.*,
    65 B.R. 886 (N.D.N.Y. 1986) ............................................................................................... 6, 7

*Omega Homes, Inc. v. Citicorp Acceptance Co.*,
    656 F. Supp. 393 (S.D.N.Y. 1987) .......................................................................................... 5

*In re S3 Ltd.*,
    242 B.R. 872 (Bankr. E.D. Va. 1999) ................................................................................. 6, 8

**STATUTES AND RULES**

Fed. R. Civ. P. 26(c)(7) ................................................................................................ 2, 5, 6, 7

Defendant McGladrey & Pullen, LLP ("McGladrey") and Michael Aquino ("Aquino") submit this memorandum in support of their motion, pursuant to this Court's Order for the Protection of Confidential Information, dated March 15, 2006 (the "Protective Order"), to Preserve Confidentiality and Limitation on Use and Disclosure.

### **INTRODUCTION**

McGladrey and Aquino bring this motion to preserve the confidentiality of a document produced to and challenged by Royal Indemnity Company ("Royal") pursuant to the negotiated and stipulated terms of the Protective Order. Under Section 12 of the Protective Order, McGladrey and Aquino are obliged to file this motion to preserve the continued confidential treatment of the challenged document.

By its plain terms, the Protective Order restricts the use of documents designated "Confidential"; such documents may be used only in the four litigations currently coordinated before this Court for discovery. During negotiation of the Protective Order, Royal sought, but the parties did not agree to, a provision allowing it to use confidential documents in other litigations. The parties rejected that proposal, but agreed to a very limited compromise that allows Royal to use "knowledge" gained from documents, but not the confidential documents themselves. This is the bargain struck by the parties, and the Order that the Court entered.

Royal now seeks to undo that agreement and Order. Royal has challenged the carefully selected designation of confidentiality on one particular document solely to use the document in another litigation now pending in Texas state court. Royal has not provided any basis for the relevance the draft report may have in the Texas litigation, and it refuses to explain how it intends to use the document in that action.

The document Royal seeks to use in Texas is confidential. It constitutes and reveals

The document is confidential under Rule 26(c)(7) as well as under the Protective Order, which defines confidentiality broadly and allows any party to designate as "Confidential" a document it reasonably believes, in good faith, to meet a broad category of confidential materials.

Royal's use of the document should be limited to these litigations, and Royal's misguided attempt to sidestep the Protective Order should be rejected.

## BACKGROUND AND FACTS

On March 15, 2006, the Court entered the Protective Order, attached hereto as Exhibit A. The Order governs four separate actions in this Court, and all parties spent literally months negotiating its terms. Under the Protective Order, if a party has a reasonable, good faith belief that a document is confidential as that concept is defined in the order, that document may be designated "Confidential," and its use is restricted solely to these Litigations.[1] Specifically, "[a]ny Information designated as Confidential shall be used solely for prosecuting, defending or settling the Litigations, including appeals, and for no other purpose whatsoever." (Protective Order ¶ 8(b)). The Protective Order also restricts dissemination of Confidential materials to anyone that has not agreed to be governed by the Protective Order, and submitted to this Court's jurisdiction for such purposes. (*Id.* ¶¶ 8(b)(7), 8(c)).

The Protective Order defines the scope of "Confidential" Information broadly. In addition to "trade secrets or other confidential research, development or commercial information," protected from disclosure by Rule 26(c)(7), the Protective Order broadly protects, *inter alia*, confidential "business plans, strategies or financial information." (Protective Order ¶ 6(a)).

---

[1] Other than the instant action, the Protective Order applies also to *Stanziale v. McGladrey & Pullen, LLP*, No. 05-72-JJF; *Stanziale v. Pepper Hamilton, LLP*, No. 04-1551-JJF; and *MBIA Insurance Corp.* v. *Royal Indemnity Co.*, No. 02-1294-JJF, which are defined in the Protective Order as the "Litigations." The use of capitalized terms in this motion is intended to refer to defined terms in the Protective Order.

During negotiations, Royal requested the right to use Confidential Information in pursuing other actions.  The Parties rejected Royal's broad proposal.  Instead, the Parties negotiated a very narrowly tailored exception that allows Royal to use "knowledge," but not documents, in other litigations, provided that "'Confidential' Information is not disclosed" in those litigations.  (*Id.* ¶ 13).  In addition, Royal may use "as it sees fit" Information designated as Confidential in these Litigations if it was "obtained independently and lawfully" from other sources.  (*Id.* ¶ 9.)

Royal now indicates that it wishes to use

(the "Draft Report") in the litigation pending in Texas, *Royal Indemnity Co. v. T.E. Moor & Co., Inc.*, No. D-167370 (Tx. Dist. Jeff. Co) (the "Texas Litigation").  The Draft Report is attached hereto and filed under seal as Exhibit B.

During the appropriate meet and confer process, Royal refused to identify the potential relevance of the Draft Report to the Texas litigation despite requests for such information.  (*See* Ex. C).  Royal also refused to state how it intended to use the Draft Report in the Texas Litigation.  (*Id.*).  Instead, Royal threatened to serve a subpoena on McGladrey and Aquino in the Texas Litigation seeking production of the Draft Report.

The document at issue concerns

Royal has challenged the designation of confidentiality on the Draft Report solely to enable it to use the document in the Texas Litigation. McGladrey therefore is compelled to make this motion pursuant to Paragraph 12 of the Protective Order.

## ARGUMENT

Royal is seeking to make an end-run around carefully negotiated provisions of the Protective Order (to which it agreed, and which the Court entered), which expressly prohibit Royal from using Confidential documents for purposes other than this litigation. Royal challenges the confidentiality of a document merely so it can be used in the Texas litigation. But, the parties already agreed that Confidential documents would not be used in other litigations, and instead negotiated a very limited compromise that allows Royal to use "knowledge" gained from Confidential documents, without disclosing the documents themselves. Royal cannot attempt to renegotiate these provisions now.

The Draft Report is a confidential document. It constitutes and reveals which is confidential commercial information protected by Rule 26(c)(7). Moreover, the Protective Order provides for protections beyond Rule 26, allowing parties to designate as "Confidential" documents reflecting sensitive business plans and strategies, which, given the circumstances of this engagement, encompasses the Draft Report as well. Moreover, Royal has not provided any reason why the document is relevant in the Texas Litigation, and refuses to explain why

4

the existing provisions of the Protective Order are insufficient for its purposes. Royal's position is misguided and should be rejected.

*First*, Royal should not be permitted to challenge the confidentiality designation of the Draft Report solely for the purpose of using that document in another litigation. When, as in this case, a protective order is stipulated to by the parties, "it is clear that the shared and explicit assumption that discovery was for the purposes of one case alone goes a long way toward denying" a request that this discovery be used in another litigation. *Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F. Supp. 393, 404 (S.D.N.Y. 1987). The court's reasoning in *Omega Homes* is instructive. The court entered a stipulated protective order intended to ensure that discovery "shall be utilized only in connection with this civil action," but allowed a party to apply for modification of the order. *Id.* at 397. The plaintiff, Omega Homes, moved to use certain discovery produced in that action in other litigations. *Id.* The court rejected Omega Homes' request:

> Omega and [defendant] fairly agreed to the protective order, apparently through negotiations by their sophisticated and well informed counsel. Throughout discovery [defendant] relied on that mutual understanding that the information it was disclosing was to be used solely for preparing this case. In effect, Omega is asking the court to rewrite the terms of the stipulated order and to apply them retroactively. The court refuses to endorse Omega's tactic of inducing broad disclosure under a set of ground rules and of then avoiding any limitations on itself by asking the court to come in and change those rules.

*Id.* at 404. The same result is called for here.

The Protective Order was stipulated by the Parties, who negotiated explicit provisions allowing for the broad designation of "Confidential" documents, in exchange for other provisions allowing for the limited use of knowledge gleaned from those documents in pursuing other actions. (Protective Order at 13). McGladrey and Aquino relied upon these provisions, which the Parties -- all represented by sophisticated counsel -- negotiated and constructed. It is inappropriate for Royal to challenge a

5

confidentiality designation solely for the purpose of utilizing that document elsewhere. This simply is not the bargain the parties struck.

Royal's refusal to explain how it intends to use the document in the Texas Litigation, or what its theory of relevance may be, only accentuates McGladrey's and Aquino's concerns, as well as their unwillingness to give up the protections afforded under the Protective Order entered in this case.

*Second*, the Draft Report is confidential. Under Rule 26(c)(7) an accountant's auditing procedures and methodologies are proprietary and confidential. *See Houbigant, Inc. v. Development Specialists, Inc.*, 2003 WL 21688243, at *3 (S.D.N.Y. July 21, 2003) (citing cases); *Peat Marwick, Mitchell & Co. v. Creditor's Comm. of Northeast Dairy Coop. Fed'n, Inc.*, 65 B.R. 886, 887 (N.D.N.Y. 1986) (audit procedures or methodologies are protected under Rule 26(c)(7)); *In re S3 Ltd.*, 242 B.R. 872, 878 (Bankr. E.D. Va. 1999) (documents "reflect[ing] general accounting procedures" withheld from production). The Draft Report is

As such, the Draft Report is protected under Rule 26(c)(7). *See, e.g.*, *Houbigant*, 2003 WL 21688243, at *4 ("documents that reveal Deloitte's auditing procedures and methodology may properly be designated as confidential"); *In re S3 Ltd.*, 242 B.R. at 878 (documents reflecting "general accounting procedures" may be withheld from production, and the remainder restricted as confidential under protective order).

*Third*, the Draft Report is confidential for the separate and independent reason that it constitutes or reveals a confidential business plan and strategy. (Protective Order ¶ 6(a)(ii)).

Given these circumstances, the Draft Report reflects the accountants' confidential plans or strategies

Courts routinely hold that documents reflecting an "accounting firm's and individual auditor's professional judgment and interpretation of approach and documentation" are confidential under Rule 26(c)(7). *Peat Marwick*, 65 B.R. at 888. Since the Protective Order affords even more liberal protections than Rule 26, there can be no question that the document is confidential.

McGladrey and Aquino went through a painstaking process of carefully selecting documents to designate as confidential; there were no blanket designations of confidentiality. For example, McGladrey and Aquino did not designate as "Confidential" any final audit or AUP report it issued.[2] Nor did McGladrey and Aquino designate as confidential documents filed with public entities, or information made available from public sources. Had McGladrey and Aquino done so, Royal would have a basis under the Protective Order to challenge that designation, and the dispute would be of the type contemplated by the parties in crafting the Protective Order. The Draft Report, however, is a confidential and it should remain restricted by the terms of the Protective Order for use solely in these Litigations.

*Finally,* disclosing the Draft Report in another litigation is neither appropriate or necessary. Many courts have declined to permit discovery of an accounting firm's internal auditing documents at all, except where there is a pending claim against the accounting firm involving the propriety of the audit. *See In re S3 Ltd.*, 242 B.R. at 877 (citing cases). McGladrey and Aquino are not parties to the Texas Litigation. There is no substantive or principled reason Royal needs to utilize the Draft Report in the Texas Litigation, and Royal has refused to provide one.

---

[2] Indeed, the final audit and AUP reports were appended as exhibits to McGladrey's and Aquino's motion to dismiss Royal's complaint.

Given the unique circumstances of                    , and the fact that the Draft Report is                         , the probative value of the substantive data regarding SFC is questionable, at best.  Moreover, the Draft Report does not contain information that Royal cannot obtain elsewhere, through less intrusive means.  Indeed, in April 2002 (the same period of time as              ), Royal's forensic accountants, Grant Thornton, obtained SFC's student loan database, which contains SFC's servicing and collection data, as well as SFC's student records, ledgers, account statements and monthly servicer reports.  (*See* Ex. D).  Grant Thornton performed its own accounting procedures on all of this data.  (*See id.*).  Presumably, Grant Thornton can perform           utilizing its own proprietary accounting plans and methodologies.  One would not be surprised if Royal considered                                to be "Confidential."

8

**CONCLUSION**

For the foregoing reasons, McGladrey and Aquino respectfully request an order preserving the confidentiality designation of the Draft Report, and limit is use to these Litigations under the Protective Order.

Date:   August 30, 2006

DUANE MORRIS LLP

By: /s/ Michael R. Lastowski
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246
Phone:  302-657-4951
Fax:  302-657-4901

-and-

| ARNOLD & PORTER LLP | WILLIAMS & CONNOLLY LLP |
|---|---|
| Veronica E. Rendon | Steven M. Farina |
| Jason M. Butler | Thomas H.L. Selby |
| 399 Park Avenue | 725 12th Street, N.W. |
| New York, NY  10022 | Washington, D.C.  20005 |
| Phone:  212-715-1000 | Phone:  202-434-5000 |
| Fax:  212-715-1399 | Fax:  202-434-5029 |
| | |
| Attorneys for McGladrey & Pullen, LLP and Michael Aquino | Counsel for McGladrey & Pullen, LLP |