

| | | | |
|---|---|---|---|
| | "Grossbart, John I." <jgrossbart@sonnenschein.com> | To | Jason Butler/Atty/NY/ArnoldAndPorter@APORTER |
| | | cc | "Barnowski, Daniel D." <dbarnowski@sonnenschein.com>, "Pfaehler, Kenneth J." <kpfaehler@sonnenschein.com>, "MacVittie, Lisa A." <lmacvittie@sonnenschein.com>, |
| | 08/23/2006 05:10 PM | bcc | |
| | | Subject | RE: Confidentiality designation |

History: 🔄 This message has been replied to and forwarded.

Jason

Your email does not accurately describe our conversation. It is loaded with self-serving characterizations. You have the Texas protective order. McGladrey's confidentiality designation of the document in question is frivolous. I am not going to engage in an endless discussion about how we wish to use the document or how that effort fits into the Texas litigation. My prior offer to designate the document pursuant to the Texas order stands. If that is not acceptable, I suggest you comply with the Delaware order.


John Grossbart
**Sonnenschein Nath and Rosenthal LLP**
233 South Wacker Dr.
7800 Sears Tower
Chicago, IL 60606
312-876-8095 (Direct)
312-876-7934 (Fax)


**From:** Jason_Butler@aporter.com [mailto:Jason_Butler@aporter.com]
**Sent:** Wednesday, August 23, 2006 4:31 PM
**To:** Grossbart, John I.
**Cc:** Barnowski, Daniel D.; Pfaehler, Kenneth J.; MacVittie, Lisa A.; Merouse, Steven L.; tselby@wc.com; Veronica_Rendon@aporter.com
**Subject:** RE: Confidentiality designation


John, during our meet and confer today, we were unable to reach agreement regarding the proprietary and confidential status of the draft agreed-upon procedures report, and whether it was properly designated as "Confidential," under the stipulated protective order. We did, however, discuss a potential compromise to motion practice regarding this issue.

You stated that Royal was challenging the confidentiality designation of the document to enable Royal to use the draft report in the litigation *Royal Indemnity Co. v. T.E. Moor & Co., Inc*., No. D-167379 (Tx. Dist. Jeff. Co). In exchange for our consent to use of the draft report in the Texas litigation, you offered to have the draft report designated as "Confidential" under the terms of a protective order in that case, which, you represented, restricts the use of confidential documents solely for the purposes of prosecuting or defending claims in that action. You also agreed that our consent would be conditional upon the agreement by all parties in the Texas litigation to a confidentiality designation for the draft report, which, in our view, would also include an agreement by all parties not to challenge that designation.

I explained that it was difficult to evaluate any such compromise without actually seeing the protective order and understanding how Royal intended to use the draft report in the Texas litigation. On the former point, you agreed to send me a copy of the protective order at issue in that matter, which you hoped to accomplish today. You refused, however, to describe how Royal intended to use the draft report in the Texas litigation, contending that you were not

obligated to do that. You also threatened to serve a subpoena on McGladrey and Aquino in the Texas litigation seeking production of the draft report.

We would need to understand how Royal intends to use the draft report in the Texas litigation in order to properly evaluate your proposal. In essence, you have asked McGladrey and Aquino to voluntarily consent to the use of a confidential document in a litigation to which neither McGladrey nor Aquino are parties. Moreover, although we have a general understanding of the claims at issue in that litigation, we do not have a full understanding of the issues being litigated in that action, nor do we understand why the draft report has any bearing upon them. Failure to explain these issues makes your proposed compromise difficult to evaluate or accept. We ask you to reconsider your position.

Reserving all of McGladrey and Aquino's rights, we are willing to review the protective order in the Texas litigation and have a follow-up call to discuss these issues in an attempt to reach a compromise. Otherwise, we will seek protection from the Court. Please let us know where Royal stands on these issues.

Jason M. Butler
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022-4690
(212) 715-1072 (Direct)
(212) 715-1399 (Fax)

---

**Jason Butler/Atty/NY/ArnoldAndPorter**
NY   212-715-1072

08/23/2006 01:43 PM

To "Grossbart, John I." <jgrossbart@sonnenschein.com>
cc "Barnowski, Daniel D." <dbarnowski@sonnenschein.com>, "Pfaehler, Kenneth J." <kpfaehler@sonnenschein.com>, "MacVittie, Lisa A." <lmacvittie@sonnenschein.com>, "Merouse, Steven L." <smerouse@sonnenschein.com>, tselby@wc.com, Veronica Rendon/Atty/NY/ArnoldAndPorter@APORTER
Subject RE: Confidentiality designation Link

The document you identified is an internal working draft of an agreed-upon procedures report which was never issued in final or produced in draft form to anyone, including the client. Indeed, no final report was ever created, as the agreed-upon procedures engagement was never completed. The document is an internal working draft and is, as a result, proprietary and confidential. It was properly designated as "Confidential," under the stipulated protective order as well as by Rule 26(c)(7).

We are available to speak with you at 2 p.m. today if you would like to discuss the designation further, or wish to persist in challenging it. Should you decide to do so, it would be helpful for us to understand why you want the "Confidential" designation removed, and the purposes for which you would like to use the internal draft report. Without understanding your such purpose, it is hard to think through any possible compromise.

Jason M. Butler
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022-4690

(212) 715-1072 (Direct)
(212) 715-1399 (Fax)

**"Grossbart, John I."**
<jgrossbart@sonnenschein.com>

08/21/2006 08:18 PM

To Jason Butler/Atty/NY/ArnoldAndPorter@APORTER
cc "Barnowski, Daniel D." <dbarnowski@sonnenschein.com>, "Pfaehler, Kenneth J." <kpfaehler@sonnenschein.com>, "MacVittie, Lisa A." <lmacvittie@sonnenschein.com>, "Merouse, Steven L." <smerouse@sonnenschein.com>
Subject RE: Confidentiality designation

Sure. I will call you at 2:00 eastern time. Perhaps it would help move the ball forward if you would be so gracious as to communicate with me by email with McGladrey's position before-hand. This hardly is complicated and I would prefer that this process not be dragged out unnecessarily beyond beyond the time allotted by the Order.

**From:** Jason_Butler@aporter.com [mailto:Jason_Butler@aporter.com]
**Sent:** Monday, August 21, 2006 7:01 PM
**To:** Grossbart, John I.
**Cc:** Barnowski, Daniel D.; Pfaehler, Kenneth J.; lgoodman@mdmc-law.com; MacVittie, Lisa A.; mwaters@mdmc-law.com; Merouse, Steven L.; TSelby@wc.com; Veronica_Rendon@aporter.com
**Subject:** RE: Confidentiality designation

John, we are available to meet and confer regarding this issue on Wednesday at 2:00 p.m. Please let us know if you are available then.

**"Grossbart, John I."**
<jgrossbart@sonnenschein.com>

08/16/2006 03:58 PM

To Veronica Rendon/Atty/NY/ArnoldAndPorter@APORTER, Jason Butler/Atty/NY/ArnoldAndPorter@APORTER, <TSelby@wc.com>
cc "Pfaehler, Kenneth J." <kpfaehler@sonnenschein.com>, "MacVittie, Lisa A." <lmacvittie@sonnenschein.com>, "Merouse, Steven L." <smerouse@sonnenschein.com>, "Barnowski, Daniel D." <dbarnowski@sonnenschein.com>,
<mwaters@mdmc-law.com>, <lgoodman@mdmc-law.com>
Subject RE:

Please excuse the typo in the email below -- the meet and confer period must be concluded by August 23, 2006, of course.

---

**From:** Grossbart, John I.
**Sent:** Wednesday, August 16, 2006 2:57 PM
**To:** 'Veronica_Rendon@aporter.com'; 'Jason Butler (Jason_Butler@aporter.com)'; 'TSelby@wc.com'
**Cc:** Pfaehler, Kenneth J.; MacVittie, Lisa A.; Merouse, Steven L.; Barnowski, Daniel D.; 'mwaters@mdmc-law.com'; 'lgoodman@mdmc-law.com'

**Subject:**

Veronica, Jason and Tom:

This is to request that McGladrey withdraw its confidentiality designation made with respect to ACCT 038429 - 438. We do not believe that that document contains any information that is properly designated as "Confidential" within the meaning of the Court's "Order For the Protection of Confidential Information" entered on March 6, 2006 ("Order"), and, accordingly, hereby challenge that designation. If you are unwilling to withdraw the designation, I am prepared to meet and confer regarding this matter between now and the close of business, August 16, 2006 -- the five-day period (not including weekends) required under the Order. Otherwise, we will proceed consistent with the terms of the Order.

John Grossbart
**Sonnenschein Nath and Rosenthal LLP**
233 South Wacker Dr.
7800 Sears Tower
Chicago, IL 60606
312-876-8095 (Direct)
312-876-7934 (Fax)