CAUSE NO. D167370

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ANDREW N. YAO, PERRY TURNBULL, | § | |
| GARY J. HAWTHORNE, JIM PEARSON, | § | |
| WELLS FARGO BANK MINNESOTA, | § | |
| N.A., PNC BANK, N.A., JOHN W. | § | |
| LOOFBOURROW & ASSOCIATES, | § | |
| INC., T.E. MOOR & CO., MAC | § | |
| INSURANCE AGENCY, | § | |
| INTERNATIONAL BENEFITS GROUP, | § | |
| INC., SFC FINANCIAL II, LLC, | § | |
| SFC ACCEPTANCE II, LLC, | § | JEFFERSON COUNTY, TEXAS |
| SFC ACCEPTANCE III, LLC, | § | |
| SFC ACCEPTANCE IV, LLC, | § | |
| SFC ACCEPTANCE V, LLC, | § | |
| SFC ACCEPTANCE VI, LLC, | § | |
| SFC ACCEPTANCE VII, LLC, | § | |
| SFC ACCEPTANCE VIII, LLC, | § | |
| SFC ACCEPTANCE IX, LLC, | § | |
| DELTA CAREER INSTITUTE OF | § | |
| BEAUMONT, INC., D/B/A DELTA | § | |
| CAREER INSTITUTE, MP III | § | |
| HOLDINGS, INC. D/B/A MTA | § | |
| SCHOOLS-131, D/B/A MTA | § | |
| SCHOOLS-136, D/B/A MTA | § | |
| SCHOOLS-137, CONTINENTAL | § | 136th JUDICIAL DISTRICT |
| ROAD WATCH CORPORATION | § | |
| D/B/A CONTINENTAL | § | |
| TRUCK DRIVER TRAINING & | § | |
| EDUCATION SCHOOL, INC. | § | |
| WORTH, CUSTOM TRAINING, INC. | § | |
| D/B/A INTERNATIONAL SCHOOLS-TX, | § | |
| BEARCAT TRUCK DRIVING | § | |
| SCHOOL, INC., C & S TRAINING | § | |
| CENTERS, L.L.C. D/B/A C-1 TRUCK | § | |
| DRIVER TRAINING-FT. WORTH, | § | |
| FRANKLIN CAREER CENTER-DALLAS | § | |
| L.L.C., LUFKIN TRUCK DRIVING | § | |
| ACADEMY, and TEXAS | § | |
| TRUCK DRIVER INSTITUTE, INC. | § | |
| D/B/A TRUCK DRIVER | § | |
| INSTITUTE-IX, | § | |
| Defendants. | § | |

FILED
DISTRICT COURT OF
JEFFERSON CO TEXAS

'03 JAN -2 AM10 :27

LOLITA RAMOS

1

Ꮒ

## AGREED CONFIDENTIALITY ORDER

COME NOW, Plaintiff Royal Indemnity Company ("Royal") and Defendant Wells Fargo Bank Minnesota, N.A., Trustee ("WF-MINN"), in the above-captioned action and appearing by and through their respective attorneys of record herein, submit this Agreed Confidentiality Order which will govern the documents and/or written information produced pursuant to written discovery exchanged between the Parties (as defined below) in this litigation until further order of the Court, if necessary. Based on the agreement of the Parties, it is **ORDERED** as follows:

1.      This Confidentiality Agreement (the "Agreement") shall govern all documents which either party in good faith marks as "Confidential," as a result of such documents containing and/or constituting proprietary information or trade secrets, and delivers to the other Party in this litigation after the Effective Date (hereinafter referred to as "Confidential Documents").

2.      The Parties agree to hold in confidence and, except as allowed elsewhere herein or pursuant to written agreement of the Parties, shall not disclose to any person other than Qualified Persons (as defined and restricted below) all information contained in the Confidential Documents (such information herein referred to as "Confidential Information"). Specifically, no Confidential Information shall be discussed or disseminated to anyone other than Qualified Persons.

3.      Additionally, the term "Confidential Information", as used herein, shall also mean and include the following:

        a.      Any and all formal written discovery responses (and the information contained in such written responses) so designated as containing Confidential Information after the Effective Date of this Confidentiality Order.

        c.      Deposition testimony that either (i) discusses or relates to the Confidential Information described in paragraph 2, or (ii) is designated in writing by a

2

Party as Confidential Information within 90 days of receiving the
transcript of the deposition.

4.      The term "Effective Date", as used herein, shall mean October 1, 2002.

5.      The term "Party" and "Parties", as used herein, shall mean and include, as the
context indicates, any or all of the following: Royal Indemnity Company, Andrew N. Yao, Perry
Turnbull, Gary J. Hawthorne, Jim Pearson, Wells Fargo Bank Minnesota, N.A., PNC Bank,
N.A., John W. Loofbourrow & Associates, Inc., T.E. Moore 7 Co., Mac Insurance Agency,
International Benefits Group, Inc., SFC Financial II, LLC, SFC Acceptance II, LLC, SFC
Acceptance III, LLC, SFC Acceptance IV, LLC, SFC Acceptance V, LLC, SFC Acceptance VI,
LLC, SFC Acceptance VI, LLC, SFC Acceptance VIII, LLC, SFC Acceptance IX, LLC, Delta
Career Institute of Beaumont, Inc., d/b/a/ Delta Career Institute, MP III Holdings, Inc., MTA
Schools-131, d/b/a MTA Schools-136, d/b/a MTA Schools-137, Continental Road Watch
Corporation d/b/a Continental Truck Driver Training & Education School, Inc. Worth, Custom
Training, Inc. d/b/a International Schools-TX, Bearcat Truck Driving School, Inc., C&S Training
Centers, L.L.C. d/b/a C-1 Truck Driver Training Ft. Worth, Franklin Career Center-Dallas
L.L.C., Lufkin Truck Driving Academy, and Texas Truck Driver Institute, Inc. d/b/a Truck
Driver Institute IX.

6.      The term "Disclosing Party" shall mean the party producing documents or
information.

7.      The term "Qualified Person," as used herein, shall mean and include the
following:

          a.      The jury, judge or judges assigned to this case or any appeal thereof, court
                  personnel, court reporters, video equipment operators, and any other
                  authorized court personnel.

          b.      Attorneys of record in the litigation, in-house counsel working on such
                  litigation, and employees and representatives of such attorneys of record

3

and in-house counsel to whom it is necessary that the information be revealed for purposes of the administration, preparation, trial, or appeal of the litigation.

c.  Parties and such employees of Parties to whom disclosure of Confidential Information is reasonably necessary for purposes of the administration, preparation, trial, or appeal of the litigation.

d.  Persons employed by a Party or its attorneys in this litigation for the purpose of assisting in the preparation of this litigation for trial, any hearing herein, or any appeal hereof, such as independent accountants, appraisers, brokers, statisticians, economists, or other expert consultants or expert witnesses whether consulting or testifying.

e.  Any person believed to have knowledge of facts relevant to this litigation that may be called as a fact witness by any party to this action; except that such a person may be shown Confidential Information (i) only if such person agrees to be bound by this Confidentiality Order and (ii) only to the extent reasonably necessary to determine whether to call such person as a witness or to prepare such person to be a witness.

f.  Any other person who is hereafter designated as a Qualified Person (i) by order of this Court, after notice to all Parties and hearing, or (ii) by written agreement of the Parties.

The parties agree that prior to producing any Confidential Information to a Qualified Person under Paragraph 6(d) or 6(e) above, such Qualified Person shall be made aware of the existence and the terms of this Order, shall agree to be bound by the terms of this Order, and shall execute an acknowledgement in substantially the same form attached hereto as Exhibit A.

8.  Notwithstanding anything to the contrary stated elsewhere herein, it is controllingly provided that the foregoing restrictions on the use and disclosure of any Confidential Document or Confidential Information shall not apply to such information which (a) at the time of disclosure was available to the public; or (b) subsequent to the disclosure becomes available to the public, without being disclosed by the Parties. Nothing herein shall prevent the Disclosing Party from utilizing Confidential Information in the normal course of its or their business.

9.    Nothing in this Order is intended to, or shall be construed to, prevent a Party or his/her/its counsel from providing or disclosing documents or written information, regardless of designation, in response to an inquiry, demand, subpoena, or other request from a governmental entity or agency, agents of the same acting in their official capacity, or a Court order. If a Party receives an inquiry, demand, subpoena, or other request from a governmental entity or agency, agents of the same acting in their official capacity, or a Court order, effective notice shall be provided to the Disclosing Party of said request in order to give the Disclosing Party reasonable time to respond.

10.    Any Party has the right to object that any document or written material should not be considered "Confidential Information." Such objection shall be made by filing with the Court and serving on the Disclosing Party a notice challenging the designation. Such notice shall specifically identify any document or written material with regard to which the designation is challenged. The Disclosing Party may then, within sixty (60) days after service (as defined in the Texas Rules of Civil Procedure) of such notice, file a motion to have the Court rule on the purported confidentiality of any documents or written information identified in such notice. The Disclosing Party will bear the burden under such a motion of proving that challenged documents or written materials should continue to be deemed Confidential Information. All documents or written information so designated will continue to be deemed Confidential Information under this Order pending a ruling by the Court on such a motion. Any documents or written materials whose designation as Confidential Information is so challenged by written notice set forth above will cease to be deemed Confidential Information if, upon expiration of the specified sixty (60)-day period, no such motion has been filed.

11.    The Parties shall have the right to seek additional restrictions on the disclosure of any Confidential Information by agreement or by order of the Court. Any Confidential Information for which additional restrictions are sought shall be segregated at the time said Confidential Information is due for production and the additional restrictions shall be requested by the Disclosing Party in writing. The right to segregate Confidential Information and seek additional restrictions shall be waived if not requested at the time the Confidential Information is produced unless good cause is shown within ten (10) days from production based on inadvertence in failing to timely allege the additional restrictions.

12.    Nothing shall prevent disclosure beyond the terms of this Order if the Parties consent to such disclosure in writing or on a stenographic record.

13.    This Order does not restrict legal discovery under the *Texas Rules of Civil Procedure,* nor does it require the exclusion of any evidence otherwise discoverable or admissible under the *Texas Rules of Evidence* in this litigation merely because the document and/or information has been marked as "Confidential" by the Disclosing Party.

14.    The fact that a document falls under the category of "Confidential Information", as defined in Paragraph 2 hereof, shall not preclude its introduction, admissibility, or use at trial or any hearing or on appeal, subject to recognized evidentiary objections or subject to such conditions or restrictions that may be ordered by the Court.

15.    Parties seeking to file Confidential Information with the Court with a motion or pleading, or any other attempt to include such information in the Court's record, shall file such information under seal.

16.    At the conclusion of the Litigation, except for Confidential Information filed with the Court or incorporated into work product, all originals and reproductions of documents

6

designated "Confidential" pursuant to Paragraph 1 of this Order, shall be promptly destroyed or returned to the Disclosing Party. The provisions of this Order shall continue to be binding after conclusion of this Litigation. Upon the request of counsel for the Disclosing Party, counsel for the parties to this litigation shall provide a letter confirming compliance with the requirements of this paragraph.

      17.    This Order shall constitute an agreement between the Parties, enforceable (including, but not limited to, enforceable under Rule 11 of the Texas Rules of Civil Procedure) even in the absence of a signature and entry by the Court.

SIGNED THIS 13th day of January, 2003.

                             JUDGE PRESIDING

**FILED**

at 9:23 o'clock A M

JAN 1 3 2003

LOLITA RAMOS
CLERK, DISTRICT COURT OF JEFFERSON CO., TEXAS
By_____ DEPUTY

7

## EXHIBIT A

CAUSE NO. D167370

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY,<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| ANDREW N. YAO, PERRY TURNBULL,<br>GARY J. HAWTHORNE, JIM PEARSON,<br>WELLS FARGO BANK MINNESOTA,<br>N.A., PNC BANK, N.A., JOHN W.<br>LOOFBOURROW & ASSOCIATES,<br>INC., T.E. MOOR & CO., MAC<br>INSURANCE AGENCY,<br>INTERNATIONAL BENEFITS GROUP,<br>INC., SFC FINANCIAL II, LLC,<br>SFC ACCEPTANCE II, LLC,<br>SFC ACCEPTANCE III, LLC,<br>SFC ACCEPTANCE IV, LLC,<br>SFC ACCEPTANCE V, LLC,<br>SFC ACCEPTANCE VI, LLC,<br>SFC ACCEPTANCE VII, LLC,<br>SFC ACCEPTANCE VIII, LLC,<br>SFC ACCEPTANCE IX, LLC,<br>DELTA CAREER INSTITUTE OF<br>BEAUMONT, INC., D/B/A DELTA<br>CAREER INSTITUTE, MP III<br>HOLDINGS, INC. D/B/A MTA<br>SCHOOLS-131, D/B/A MTA<br>SCHOOLS-136, D/B/A MTA<br>SCHOOLS-137, CONTINENTAL<br>ROAD WATCH CORPORATION<br>D/B/A CONTINENTAL<br>TRUCK DRIVER TRAINING &<br>EDUCATION SCHOOL, INC.<br>WORTH, CUSTOM TRAINING, INC.<br>D/B/A INTERNATIONAL SCHOOLS-TX,<br>BEARCAT TRUCK DRIVING<br>SCHOOL, INC., C & S TRAINING<br>CENTERS, L.L.C. D/B/A C-1 TRUCK<br>DRIVER TRAINING-FT. WORTH,<br>FRANKLIN CAREER CENTER-DALLAS<br>L.L.C., LUFKIN TRUCK DRIVING<br>ACADEMY, and TEXAS<br>TRUCK DRIVER INSTITUTE, INC.<br>D/B/A TRUCK DRIVER<br>INSTITUTE-IX,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | JEFFERSON COUNTY, TEXAS<br><br><br><br><br>136th JUDICIAL DISTRICT |

## ACKNOWLEDGMENT

(1)    I am aware that an Agreed Confidentiality Order has been entered in Cause No. D167370 in the 136th Judicial District Court of Jefferson County, Texas, styled *Royal Indemnity Company, Plaintiff, v. Andrew N. Yao, Perry Turnbull, Gary J. Hawthorne, Jim Pearson, Wells Fargo Bank Minnesota, N.A., PNC Bank, N.A., John W. Loofbourrow & Associates, Inc., T.E. Moore 7 Co., Mac Insurance Agency, International Benefits Group, Inc., SFC Financial II, LLC, SFC Acceptance II, LLC, SFC Acceptance III, LLC, SFC Acceptance IV, LLC, SFC Acceptance V, LLC, SFC Acceptance VI, LLC, SFC Acceptance VI, LLC, SFC Acceptance VIII, LLC, SFC Acceptance IX, LLC, Delta Career Institute of Beaumont, Inc., d/b/a/ Delta Career Institute, MP III Holdings, Inc., MTA Schools-131, d/b/a MTA Schools-136, d/b/a MTA Schools-137, Continental Road Watch Corporation d/b/a Continental Truck Driver Training & Education School, Inc. Worth, Custom Training, Inc. d/b/a International Schools-TX, Bearcat Truck Driving School, Inc., C&S Training Centers, L.L.C. d/b/a C-1 Truck Driver Training Ft. Worth, Franklin Career Center-Dallas L.L.C., Lufkin Truck Driving Academy, and Texas Truck Driver Institute, Inc. d/b/a Truck Driver Institute IX, Defendants.* A copy of the Agreed Confidentiality Order has been furnished to me, and I have read it.

(2)    I agree to abide by the terms of the Agreed Confidentiality Order as though I were identified as a "Party" thereto. In particular, I promise not to disclose the contents of any material covered by the Agreed Confidentiality Order or to use it for purposes other than as set forth therein.

Date: _____          _____
                                        Signature

                                        _____
                                        Print Name ·

1029058_1.DOC