# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

### 222 DELAWARE AVENUE

### P. O. BOX 1150

### WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 3, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 N. King Street
Wilmington, Delaware 19801

**VIA ELECTRONIC FILING
AND HAND DELIVERY**

Re:     *Royal v. Pepper Hamilton, et al.,*
        C.A. No. 05-165-JJF

Dear Judge Farnan:

        We write on behalf of plaintiff Royal Indemnity Company ("Royal") and in response to
Jason Butler's letter to the Court dated September 29, 2006, written on behalf of defendant
McGladrey & Pullen, LLP ("McGladrey") in the above case.  Mr. Butler's letter seeks leave to
file a sur-reply in further opposition to Royal's pending Motion to Compel Compliance with
Case Management Orders ("Motion").  The letter, itself, constitutes the requested sur-reply,
which Mr. Butler claims "is needed to address the propriety of Royal's motion in light of an
argument raised for the first time in Royal's reply brief."  As that letter now is effectively a *fait
accompli*, Royal hereby responds.

        The essential facts underlying Royal's Motion are not in dispute.  As set forth there and
in Royal's supporting memorandum, on July 26, 2006, at an all-counsel conference in New York
City called for the purpose of the scheduling depositions for the initial ten-week period of
deposition discovery that had been ordered to begin on August 21, 2006, McGladrey's counsel
announced that it would not schedule any of its accounting witnesses during the entirety of that
period or, indeed, until some unspecified time after McGladrey counsel Veronica Rendon
returned from maternity leave -- then predicted for December, 2006.  Accordingly, Royal moved
for an order compelling McGladrey "to cooperate in the scheduling of depositions of its
witnesses during the period August 21, 2006 to October 27, 2006" -- the initial ten-week period
of deposition discovery being planned by the parties at the July 26 conference.  (Royal Mem.
(D.I. 197), p. 5.)  Royal's Motion also described a compromise that it had proposed that
McGladrey "make firm date-specific commitments for the concentrated scheduling of witnesses
later in December" (Royal Mem., p. 2).  That proposal was declined.

        McGladrey's response to Royal's Motion confirmed its refusal to schedule any
depositions prior to Ms. Rendon's return, much less work with Royal to make up for lost time
through the concentrated scheduling of depositions immediately thereafter, stating only that
McGladrey "would be willing to schedule the two auditor depositions [which had been requested
by Royal for the *initial* ten-week deposition period] as soon as reasonably possible upon [Ms.

The Honorable Joseph J. Farnan, Jr.
October 3, 2006
Page 2


Rendon's] return, and that the depositions would go forward in December 2006 or January 2007." (McGladrey Response (D.I. 209), p. 3.)

In its Reply, Royal did not raise any new arguments but rather reiterated the compromise it had offered at the July 26 conference, quantifying the proposal by asking the Court to order McGladrey to produce for "deposition *three* McGladrey-related accounting witnesses prior to December 31, 2006." (Royal Reply (D.I. 212), p. 3, (emphasis added).)

McGladrey now has offered to schedule by mid-January the "two former auditors" that Royal sought to depose during the initial ten-week deposition period that was the subject of the July conference. That, however, is not what Royal's Motion or Reply sought, nor is it a "compromise." Scheduling *two* witnesses in January is not the same thing as completing the depositions of *three* witnesses by year-end. Given the ambitious fact discovery schedule in this case (as further explained in Royal's Motion), the depositions of McGladrey witnesses need to proceed much more rapidly than that in order to conclude in a orderly fashion that does not prejudice Royal. McGladrey's commitment to schedule the depositions of its first two witnesses in January 2007 is just another formulation of the same position unilaterally announced by McGladrey at the July 26 conference, and then again in its Response, that it will not schedule *any* McGladrey accounting witnesses until after Ms. Rendon's return -- except that we now know from Mr. Butler's letter that, absent court intervention, that will not take place until January 2007.

We respectfully request that Royal's Motion be granted. We are available at the Court's convenience should the Court desire any additional information.


Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

TGL/dmf
173841.1

cc:    David C. McBride, Esq. (Counsel for Wells Fargo Bank N.A.) (e-mail)
       Andre G. Castaybert, Esq. (Counsel for Wells Fargo Bank N.A.) (e-mail)
       Michael Waters, Esq. (Counsel for Trustee) (e-mail)
       James J. Rodgers, Esq. (Counsel for Trustee) (e-mail)
       Donald Crecca, Esq. (Counsel for Trustee) (e-mail)
       Daniel K. Astin, Esq. (Counsel for Trustee) (e-mail)
       Veronica Rendon (Counsel for McGladrey & Pullen LLP and Michael Aquino) (e-mail)
       John H. Eickemeyer, Esq. (Counsel for Freed Maxick & Battaglia CPAs, PC) (e-mail)
       Stephen J. Shapiro, Esq. (Counsel for Pepper Hamilton LLP and W. Roderick Gagne) (e-mail)

The Honorable Joseph J. Farnan, Jr.
October 3, 2006
Page 3

      Elizabeth K. Ainslie, Esq. (Counsel for Pepper Hamilton LLP and W. Roderick Gagne) (e-mail)

      Neil G. Epstein, Esq. (Counsel for W. Roderick Gagne, Robert L. Bast, Pamela Bashore Gagne and the Trusts) (e-mail)

      Karen Lee Turner, Esq. (Counsel for W. Roderick Gagne, Robert L. Bast, Pamela Bashore Gagne and the Trusts) (e-mail)

      Michael R. Lastowski, Esq. (Counsel for McGladrey & Pullen LLP and Michael Aquino) (e-mail)

      William H. Sudell, Jr., Esq. (Counsel for Pepper Hamilton LLP and W. Roderick Gagne) (e-mail)

      James L. Holzman, Esq. (Counsel for Freed Maxick & Battaglia CPAs, PC) (e-mail)

      Thomas Selby, Esq. (Counsel for McGladrey & Pullen LLP) (e-mail)

      Andrew Yao (U.S. Mail)