# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-165-JJF |
| ) | |
| PEPPER HAMILTON LLP, ) | Judge Joseph J Farnan, Jr |
| W RODERICK GAGNE, ) | |
| FREED MAXICK & BATTAGLIA CPAs PC, ) | |
| MCGLADREY & PULLEN, LLP and ) | |
| MICHAEL ACQUINO, ) | |
| ) | |
| Defendants. ) | |

### ROYAL INDEMNITY COMPANY'S
### OBJECTIONS AND RESPONSES TO MCGLADREY & PULLEN, LLP'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, plaintiff Royal Indemnity Company ("Royal"), by its attorneys Ashby & Geddes and Sonnenschein Nath & Rosenthal LLP, hereby objects and responds to McGladrey & Pullen, LLP's First Request for Production of Documents. The responses are made subject to the specific objections set forth in and before the responses and the General Objections.

### GENERAL OBJECTIONS

1.  These responses are submitted without waiving, and on the contrary expressly reserve: (1) the right to amend or supplement any and all responses provided herein at any time upon receipt of additional information; and (2) the right to object on any grounds whatsoever to the use in evidence or other use of these responses, the documents produced pursuant to these responses, or other information provided herein, in this or any other proceeding, by McGladrey & Pullen, LLP ("McGladrey") or any other parties or non-parties.

2       The responses provided to specific requests are made subject to, and without waiver of, the specific objections set forth in and before the responses and the General Objections. The provision of substantive responses or production of documents in response to any specific request shall not be construed as an admission that McGladrey is entitled to any response more specific than that provided or used as the basis for a contention that McGladrey is entitled to any response more specific than that provided.

3       Royal objects to the requests to the extent they seek the production of information or documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protection from discovery. Royal specifically objects to the requests to the extent they purport to seek information or documents generated by Royal or its attorneys in anticipation of litigation. Royal also specifically objects to the requests on work product grounds to the extent they seek documents selected by Royal in review of other parties' document productions as opposed to documents selected by other parties themselves and produced to Royal.

4       Royal objects to the requests to the extent they seek information relating to insureds, policies, claims or transactions not involved in this action, on the grounds that: (1) such information is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (2) such information is confidential and proprietary or otherwise protected from disclosure; and (3) disclosing such information would prejudice non-parties to this action and/or would violate applicable laws and regulations.

5       Royal objects to the requests to the extent they seek the production of information or documents that constitute or contain confidential and/or proprietary information, absent the entry of an appropriate protective order restricting the use of such information and documents to

this action and allowing Royal to maintain the confidentiality of such information and documents

6. Royal objects to McGladrey's Definitions, Instructions, and Requests to the extent they purport to impose on Royal duties or obligations beyond, or inconsistent with, those set forth in the Federal Rules of Civil Procedure

7. Royal objects to McGladrey's definition of the terms "Royal" and "you" in McGladrey's Definition No. 1 on the grounds that it is unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence and calculated to harass insofar as it purports to cover persons or entities that are not parties to this action and/or did not have any role in the issuance of the Royal Policies or in the SFC Transactions (as those terms are defined in Royal's Request for Production to McGladrey). Royal's Responses to the Requests for Production construe the terms "Royal," "you," "your," and "yours" to mean Royal Indemnity Company only, and such of its current and former officers, employees, representatives, and agents with material personal knowledge about the areas of inquiry of these requests.

8. Royal objects to McGladrey's definition of the term "Related Royal Litigation" in McGladrey's Definition No. 38 on the grounds that it is overbroad and inaccurate. Royal is not and was not a party to the following actions: *Neilsen Electronics Inst. v Student Finance Corp.*, 99-285-MNS (D. Del ); *FDIC v Student Finance Corp*, 98-D-2703SFC (D. Co ); *SWH Funding Corp. v Student Finance Corp.*, BER-L (N.J. Sup. Ct. 2002); and *SWH Funding Corp. v Student Finance Corp.*, 2:02-cv-02464-FSH (D. N.J.). Royal's Objections and Responses to McGladrey's First Request for Production of Documents construe the term "Related Royal Litigation" to exclude the actions listed above.

9   Royal objects to McGladrey's definition of the term "document" in McGladrey's Definition Nos. 40 and 41 on the grounds that it is unduly burdensome insofar as it purports to impose on Royal requirements beyond those provided for in the Federal Rules of Civil Procedure. Royal construes the term "Document" to have the meaning provided for in Rule 34 of the Federal Rules of Civil Procedure.

10   Royal objects to McGladrey's definition of the term "electronic data" in McGladrey's Definition No. 42 on the grounds that it is unduly burdensome and overbroad insofar as it purports to impose on Royal requirements beyond those provided for in the Federal Rules of Civil Procedure and case law.

11   Royal objects to McGladrey's Instruction No. 2 regarding the preparation of a privilege log, and will identify any responsive documents withheld on the grounds that it is protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege consistent with the requirements of the Federal Rule of Civil Procedure 26(b)(5).

12.   The responses provided herein are based on information collected and/or reviewed for the purpose of responding to these requests. Not all of the responses are prepared from the personal knowledge of any single individual.

## DOCUMENTS REQUESTED

1   All documents and electronic data concerning SFC.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague, overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

- 4 -

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation. Royal also objects to this request to the extent it purports to seek documents that are not in Royal's possession or control but are in the possession and control of one of Royal's affiliates

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

91. All documents and electronic data concerning any financial, operations, or strategic reports, studies, plans or analyses exchanged between any United States affiliate or subsidiary of Royal and Royal Sun Alliance Plc. during the years 1999 though and including 2002.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation.

92. All documents and electronic data concerning the allegations made in ¶ 29 of the Complaint in *Student Finance Corporation v. Royal Indemnity Company*, 02-11620 (LK) (Bank. D. Del.) ("SFC/Royal Action"), including but not limited to Royal discontinuing the business of issuing credit risk insurance in the United States, and any communications between Royal and its "parent in the United Kingdom."

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it is based on allegations made against Royal in another, unrelated action and not on allegations made by Royal. Royal further objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation