# EXHIBIT L

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Lisa A. MacVittie
202.408.6356
lmacvittie@sonnenschein.com

1301 K Street N.W.
Suite 600, East Tower
Washington, D.C. 20005-3364
202.408.6400
202.408.6399 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

July 28, 2006

**VIA ELECTRONIC MAIL AND FACSIMILE**

Thomas H.L. Selby, Esq.
Williams & Connolly LLP
725 12th Street, N.W.
Washington D.C. 20005

Re:  *Royal Indemnity Company vs. Pepper Hamilton LLP, et al.*
     Civil Action Number: 05-165-JJF

Dear Tom:

I write in response to your letter dated June 29, 2006, and address the issues you raise in the same order as they are in your letter.

1. We will produce native files of the documents identified in your paragraph 1, as well as the metadata associated with the email at ROY 105161, if Royal Indemnity Company ("Royal") has such native files and metadata in its possession. However, your generic request for native files for "all of Royal's modeling" is not specific enough. If you identify additional models for which you would like native files, we will entertain those requests.

Your request for native files also raises the need for a native format protocol. As I understand was discussed at the all-counsel meeting on July 26, 2006, such a protocol is being prepared for consideration by all parties.

2. Pursuant to contours agreed to at the meet and confer on February 22, 2006, Royal has produced non-privileged documents in its possession constituting communications with reinsurance brokers or potential reinsurers related to the SFC deals.

3. We do not agree with the characterization of Royal's document production contained in your paragraph 3, but confirm that all non-privileged, responsive documents located to date have been produced.

4. We do not agree with the characterization of Royal's document production contained in your paragraph 4, but confirm that all non-privileged, responsive documents located to date have been produced.





Thomas H.L. Selby, Esq.
July 28, 2006
Page 2

    5. A final report was prepared regarding the Financial Enhancements unit audit about which you inquire. That report was prepared for, and addressed to, Royal's General Counsel, and is recorded on Royal's privilege log.

    6. To the extent that Royal interacted with lawyers, accountants, auditors, etc. in the normal course of working on the SFC deals, any non-privileged documents responsive to request No. 55 have been produced to you. Indeed, Royal has, in fact, produced documents relating to the involvement of, among others, IBG, T.E. Moor and the MAC Agency with regard to SFC. In addition, we have made available to you productions made by these entities. However, to the extent that Royal has engaged outside advisors pertaining to Royal's business generally, Royal is not producing documents relating to those engagements. This would include, for example, documents relating to the audits or other reviews performed by PricewaterhouseCoopers. To produce such documents would be burdensome and such materials are neither relevant nor likely to lead to the discovery of relevant information. Further, Royal specifically objects to McGladrey's document requests to the extent that they purport to seek information or documents generated by Royal or its attorneys in anticipation of SFC-related litigation; and more specifically, insofar as they seek documents prepared after the commencement of the first litigation involving SFC on June 7, 2002.

    7. McGladrey's request No. 92 seeks all documents "concerning the allegations made in ¶ 29 of the Complaint [in the SFC/Royal Action], including but not limited to Royal discontinuing the business of issuing credit risk insurance in the United States." Pursuant to the meet and confer on December 8, 2005, Royal agreed to produce documents relating to the allegations in ¶ 29 of the Complaint, *i.e.*, that Royal told SFC its parent in the UK had instructed Royal to discontinue its credit risk insurance business in the United States. To the extent that Royal has any documents relating to this particular allegation, such documents have been produced. Further, to the extent there is discussion in SFC-related documents about Royal discontinuing its credit risk insurance business, those documents have been produced. However, Royal has not searched for and will not produce any files that may exist relating generally to the reasons for the decision to discontinue the U.S. credit risk insurance business. To do so would be burdensome and such materials are neither relevant nor likely to lead to the discovery of relevant information.

    8. Settlement agreements responsive to request No. 102 have been produced.

    9. All non-privileged documents located to date concerning Royal's damages have been produced. Please note that Royal has produced to you copies of the Financial Institution Bond





**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Thomas H.L. Selby, Esq.
July 28, 2006
Page 3

procured by SFC from Hartford Fire Insurance Company. In light of your steadfast position regarding the irrelevance of correspondence with insurance carriers -- privileged or otherwise -- any correspondence between Royal and Hartford will not be produced unless and until we have a mutually agreeable resolution of this issue.

10. To the extent the individuals listed in request No. 108 are/were employees of Royal Indemnity Company, all non-privileged, responsive documents in Royal's possession located to date have been produced.

11. We confirm that the Annual Statement filed on behalf of Royal Indemnity Company is the same document made available to all states. In connection with the Annual Statement, Royal prepares each year a one-page state-specific document for each of the states. Royal has produced to you the Annual Statements and a set of corresponding state pages for the years 1998 - 2005. In addition, Royal has produced other public filings made on its behalf for the same years.

12. All non-privileged documents located to date relating to the issuance of the SFC policies have been produced.

13. McGladrey's request No. 113 seeks production of documents concerning SFC-related inquiries made of Royal by state or federal agencies or regulatory bodies. There have been certain confidential communications between Royal and certain state regulatory agencies that are protected from disclosure by regulatory and work product privileges. Accordingly, Royal is withholding these documents from production on those bases.

14. All non-privileged documents in Royal's possession located to date responsive to request No. 116 have been produced.

15.   a. The bases for the redactions on the documents you identify in paragraph 15(a) are as follows:

> ROY 164101-03: The redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit.
>
> ROY 165146-47: The redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit.





Thomas H.L. Selby, Esq.
July 28, 2006
Page 4

ROY 165222-24: The redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit.

ROY 164301: The redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit.

ROY 106831: The redactions relate to non-SFC matters.

ROY 107415-16: The redactions relate to non-SFC matters.

ROY 173812-26: The redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit.

ROY 105782-85: A copy with fewer redactions was produced at ROY 165104-07. Remaining redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit.

ROY 165104-07: The redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit.

ROY 165115.01-.02: The redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit.

ROY 105780-01: The redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit.

ROY 163741-05: The redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit, and to the business of Royal entities other than Royal Indemnity Company.

ROY 165266-68: The redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit, and to the business of Royal entities other than Royal Indemnity Company.

ROY 165350-53: The redactions relate to the business of units/divisions of Royal other than the Financial Enhancements unit, and to the business of Royal entities other than Royal Indemnity Company.





**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Thomas H.L. Selby, Esq.
July 28, 2006
Page 5

      However, since you have raised questions regarding the above documents, I will take a fresh look at the redactions and determine if any of the redactions can be narrowed. If so, I will send replacement pages as appropriate.

      b. At the time of your letter, the GT production contained over 21,000 documents. We believe the redactions in this collection are minimal and relate primarily to non-SFC matters. We are not going to review the entire collection for redactions. If you later identify additional redacted pages, we will be happy to provide the basis for the redactions. The bases for the redactions on the documents you have identified in paragraph 15(b) are as follows:

      GT 339: The redacted information relates to a non-SFC matter.

      GT 20587: An unredacted copy of this page was produced at GT 4344.

      GT 20593: This document appears to have been incorrectly stamped "redacted." We have not identified any information that was redacted. Please refer to ROY 4337-53 for an unredacted copy of this version of the Grant Thornton report.

      c. We confirm that ROY 35234 was marked in unredacted form as an exhibit in a Hibberd deposition. It was an inadvertent mistake to treat it differently in this document production.

16.    a. I will send you a replacement copy of ROY 164101-03 with the appropriate redactions.

      b. We have determined that the reverse side of ROY 175119 was inadvertently not copied during the production process. A copy of the reverse side, bates numbered ROY 175119.01, was provided to you on July 25, 2006. I apologize for any inconvenience.

      c. If we are able to locate a color copy of GT 21187-88, we will produce a copy to you.

      d. The attachment to the document bates numbered ROY 106925-28 can be found at ROY 100171-481.



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Thomas H.L. Selby, Esq.
July 28, 2006
Page 6

Please give me a call if you have any questions.

Sincerely,

Lisa A. MacVittie

cc: Veronica E. Rendon, Esq.
Stephen J. Shapiro, Esq.
John H. Eickemeyer, Esq.
Neil G. Epstein, Esq.
Michael S. Waters, Esq.
Lois H. Goodman, Esq.
Andre G. Castaybert, Esq.
John I. Grossbart, Esq.
Kenneth J. Pfaehler, Esq.

25179425

