# EXHIBIT M

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

THOMAS H. L. SELBY
(202) 434-5066
tselby@wc.com

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 3, 2006

### VIA EMAIL AND U.S. MAIL

John I. Grossbart, Esquire
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606

Lisa A. MacVittie, Esquire
Sonnenschein Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005

Re: Royal Indemnity Company v. Pepper Hamilton LLP, et al., Civil Action No. 05-165-JJF

Dear John and Lisa:

This letter memorializes our meet and confer teleconference on Tuesday, August 1, 2006, regarding Royal's response to my letter of June 29, 2006. If I have misstated the parties' discussion in any way, please let me know immediately. McGladrey & Pullen reserves all rights to move to compel on any of the subjects raised in my letter of June 29, 2006 or described herein once the parties complete the meet and confer process. Note that we have requested further clarification on a number of items; please provide us your position on these matters as soon as possible.

Regarding paragraph 1 of my letter[1] dated June 29, 2006, requesting native copies of all of Royal's modeling related to the SFC Transactions, you will make further inquiry (e.g. of Royal employees centrally involved in the SFC deals) into what modeling has been retained and report back on the extent to which such modeling will be provided in native format.

---

[1] References to "paragraphs" herein refers to the numbered paragraphs in my letter of June 29, 2006 and your response of July 28, 2006.

WILLIAMS & CONNOLLY LLP

John I. Grossbart, Esq.
Lisa A. MacVittie, Esq.
August 3, 2006
Page 2

    Royal confirmed that it is working on a protocol to govern the production of native files and plans to circulate its proposal either this week or next.

    With regard to paragraph 2, you confirmed that the "contours agreed to at the meet and confer on February 22, 2006" language of your response letter was not intended to further limit Royal's production of documents in its possession. Royal is asserting privilege over some communications with reinsurers or brokers and these communications will be logged on the forthcoming supplemental privilege log. We remain unclear as to the basis of Royal's privilege assertion with respect to correspondence with potential reinsurers. Please explain the basis of such privilege claim.

    Regarding paragraph 5, of my letter, you agreed to reconsider whether Royal will continue to assert privilege over Karina Glass communications (including but not limited to communications with non-lawyers). Although you advised us that Ms. Joyce Wheeler was Royal's General Counsel at the time, and claim that Ms. Glass's audit report was addressed to Ms. Wheeler, we find very few communications between Ms. Glass and Ms. Wheeler. We renew our request for the Glass documents. We agreed on the call that any narrowing of privilege assertions is without prejudice to either party to assert the privilege or lack thereof over documents remaining on the privilege log.

    Similarly, you agreed to compile and provide a list of Royal attorneys (and their roles) who appear in the privilege log so that McGladrey can better assess Royal's assertions of privilege.

    With regard to your response to paragraph 6 of my letter, you confirmed that Royal is withholding documents created after June 7, 2002 (when SFC-related litigation began) based on assertions of privilege, that Royal is not including such documents on a privilege log, and that you understand and expect that other parties are similarly not privilege logging documents created after the institution of legal proceedings. We reserve all rights to seek documents created after June 7, 2002. Please provide a more detailed explanation as to the categories of documents that Royal is withholding.

    With regard to McGladrey's concerns of the specific document (ROY 165127) raised in my letter, you agreed to re-evaluate your objection based on the fact that the produced document identifies the "reserve review" conducted by PriceWaterhouseCoopers as relating to SFC.

    Regarding paragraph 7 of my letter, we understand your position to be that Royal has produced all documents discussing Royal's decision to discontinue its U.S. credit risk insurance business if those documents refer or relate to SFC. We do not agree that such a limitation is appropriate, and renew our request that Royal produce all documents related to the

WILLIAMS & CONNOLLY LLP

John I. Grossbart, Esq.
Lisa A. MacVittie, Esq.
August 3, 2006
Page 3

decision to discontinue credit risk insurance or to dissolve the Financial Enhancements Unit. Please produce these documents immediately.

In response to paragraph 8, you confirmed that all settlement agreements have been produced. With regards to any correspondence related to those settlement agreements, you stated that your objection to the production of such correspondence is based upon relevance, privilege, and burden of production.

Regarding paragraph 9, you confirmed that Royal is withholding and will not report on a privilege log any correspondence related to the Financial Institution Bond procured by SFC from Harford Fire Insurance Company because you assert such documents are both privileged and not relevant. You further stated that Royal was asserting the same relevancy and privilege arguments that McGladrey, Aquino, and Executive Risk Indemnity have raised in response to Royal's own requests for documents concerning communications with insurers. To ensure that we fully understand Royal's position on this issue, please explain how the insurer-insured privilege applies to Royal (who is not the insured) with regard to the Hartford Fire policy.

With regard to your response to paragraph 10, you confirmed that all responsive non-privileged documents in Royal's custody and control were produced regardless of whether the individual is still employed by Royal.

Regarding paragraph 11, you agreed to identify by bates range the Annual Statements that appear in Royal's production.

With regard to your response to paragraph 12, you confirmed that all responsive documents have been produced in response to Request No. 111.

Regarding paragraph 13, Royal's assertion of privilege over documents concerning SFC-related inquiries made of Royal by state or federal agencies, you confirmed that you are relying on a "regulatory privilege" and, otherwise, assert work product privilege over such documents. So that we fully understand Royal's position, we ask that Royal provide an explanation of the regulatory privilege it is asserting and how it applies to Royal.

Additionally, you confirmed that these documents will be logged as privileged and this log will be completed as soon as possible. If a deposition occurs before the log is provided, you agreed to reproduce Royal witnesses for additional questioning if McGladrey successfully challenges Royal's claim of privilege and any newly-produced documents have relevance to an already-completed deposition. We reiterate our request that any log be provided sufficiently in advance of any depositions of individuals mentioned in the privilege log to allow defendants to properly prepare for the depositions.

WILLIAMS & CONNOLLY LLP

John I. Grossbart, Esq.
Lisa A. MacVittie, Esq.
August 3, 2006
Page 4

     Regarding Royal's response to <u>paragraph 15</u>, you confirmed that you will take a second look at the redactions cited to determine if any of the redactions can be narrowed.

     We also discussed production of subpoenas and any limiting communications related to third-party productions in related SFC litigation (as originally discussed in the parties' meeting at your offices in New York on July 26, 2006). You agreed to produce those that are easily searchable in electronic indices.

Very truly yours,

Thomas H.L. Selby

cc:    Christopher M. Winter, Esquire
        Jason M. Butler, Esquire