IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>PEPPER HAMILTON LLP, W. RODERICK )<br>GAGNÉ, FREED MAXICK & BATTAGLIA )<br>CPAs PC, MCGLADREY & PULLEN, LLP, )<br>MICHAEL AQUINO and FREED MAXICK )<br>SACHS & MURPHY, P.C., )<br> )<br>Defendants. )<br> ) | C.A. No. 05-165-JJF |

**PLAINTIFF ROYAL INDEMNITY COMPANY'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION
OF DOCUMENTS FROM ACCOUNTANT-DEFENDANTS**

Plaintiff Royal Indemnity Company ("Royal") hereby moves to compel the production of documents from each of the accounting party defendants: McGladrey & Pullen LLP ("McGladrey"), Michael Aquino ("Aquino"), Freed Maxick & Battaglia CPAs, PC ("FMB"), and Freed Maxick Sachs & Murphy, P.C. ("FMSM") (collectively, the "Accountants"). As more fully explained below, McGladrey, Aquino, FMB and FMSM, acting in lock-step with one another, have flatly refused to produce any documents responsive to certain specific, identical requests to each of them contained in Royal's Third and Fourth Requests For the Production of Documents to McGladrey, Aquino and FMB (served on June 23, 2006 and August 25, 2006,

respectively), and in Royal's initial Request for Production to FMSM served after that entity was joined in this action (served on July 17, 2006).[1]

## DISCOVERY AT ISSUE

In this action, Royal has asserted claims against all of the Accountants and others for fraud, conspiracy, aiding and abetting fraud and breach of fiduciary duty, and negligence -- all in connection with the fraudulent business activities of Student Finance Corporation ("SFC").[2] Each of those claims involves allegations of wrongdoing by the Accountants with respect to certain reports they prepared or certified regarding SFC or its affiliates. Those claims all have withstood vigorous motion practice and discovery is proceeding pursuant to this Court's scheduling and coordination orders.

Rule 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.… Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999) (*citing In re Madden*, 151 F.3d 125, 128 (3d Cir. 1998)); *see also Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, 192 (D. Del. 2004) (Farnan, J.). Indeed, this Court has frequently noted the discovery rule's "broad scope." *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, No. Civ. A 00-083, 2005 WL 440621, at *3 (D. Del. Feb. 18, 2005) (Farnan, J.)

---

[1] All of the matters at issue have been the subject of one or more written or oral meet and confer communications between various counsel for the parties on August 24, 2006, September 25, 2006, September 27, 2006, September 29, 2006 and October 30, 2006. Despite those efforts, all of the Accountants have been unwilling to modify any of the positions stated in their formal response to Royal's document requests -- rejecting all compromises proposed by Royal.

[2] In addition, claims under RICO are pending against Aquino.

(attached as Exhibit A); see also *Novartis Pharm. Corp. v. Eon Labs. Mfg., Inc.*, 206 F.R.D. 392, 394 (D. Del. 2002) (Farnan, J.).

As more fully described below, the documents at issue are plainly relevant and calculated to lead to the discovery of admissible evidence. None of what is being sought by Royal involves large quantities of material, so there is no issue regarding burden. Moreover, to the extent any of the Accountants have concerns about confidentiality, there already is in place a confidentiality order (D.I. 121) that ensures that properly designated materials are not utilized outside the context of this litigation.

The following specific requests and responses are at issue.

**A.     Request 17 of Royal's Third Request (and request 58 of Royal's initial request to FMSM) sought:**

> The entire accountant's manual, or equivalent, for McGladrey for each year in which Aquino was an accountant at McGladrey.

McGladrey responded:

> McGladrey objects to this Document Request as vague and ambiguous and overbroad. McGladrey further objects to this Document Request as seeking confidential and proprietary information. McGladrey further objects to this Document Request because it seeks information that is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

Both FMSM and FMB received an identical request directed to them and responded in identical fashion.

The manuals are important evidence that bear on both the Accountants' willful and intentional participation in the scheme to defraud Royal and SFC's investors, and their negligence. *See Official Unsecured Creditor's Comm. of Media Vision Tech., Inc. v. Jain*, 215 F.R.D. 587, 588-89 (N.D. Cal. 2003) (holding, in action against accounting firm for aiding and

abetting fraud, that internal audit manuals "may be relevant to show the auditors acted with *scienter* by conducting the audits in an irregular way" [internal quotations omitted]); *quoting Fields v. Oliver's Stores, Inc.*, No. 87 Civ. 0894, 1991 WL 44845 (S.D.N.Y. Mar. 2, 1990) (ordering disclosure of accounting firm's audit manuals because they are "the best single source of information available to plaintiffs on how [the accountants] conducted audits" and "might aid in learning whether or not [the accountants] acted with *scienter*"). For precisely the same reasons that courts have ordered the production of that type of material in the case authorities cited, the Accountants' manuals should be ordered produced here.

**B.    Request 35 of Royal's Third Request (and request 76 of Royal's initial request to FMSM) sought:**

> All documents concerning any joint defense, joint representation, cooperation, confidentiality, or other agreements between or among any or all of Pepper, McGladrey, Freed [defined to include both FMSM and FMB], Gagné, Aquino, and any other person or entity, or between or among any of them, concerning their conduct of, or defenses in, the above-captioned litigation.

McGladrey responded:

> McGladrey objects to this request as vague and ambiguous. McGladrey further objects to this request as unduly burdensome to the extent it seeks confidential and proprietary information. McGladrey further objects to this request because it seeks information that is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. McGladrey further objects to this request to the extent it seeks documents from attorneys that may be protected privileges, including but not limited to work-product and attorney-client privileges.

The other Accountants responded in near identical fashion.

This request seeks agreements involving the Accountants -- among themselves or with other defendants -- that relate to the subject matter of this litigation. Such agreements would include, *e.g.*, joint-defense agreements, tolling agreements, cooperation agreements, fee

agreements, indemnity agreements, releases, settlements, or any other agreement that bears on a party's rights, obligations and liabilities with respect to this case. The Accountants' confidentiality objections are misplaced in light of the existing confidentiality order, described above. As for their privilege objections, if those truly were serious, responsive documents should have been logged. None have been. In any event, agreements of the types sought generally are not subject to either an attorney-client or work product privilege, and must be produced. *See e.g.*, *Laforest v. Honeywell Int'l Inc.*, No. 03-CV-6248T, 2004 WL 1498916 (W.D.N.Y. July 1, 2004) (attached as Exhibit B) (defendants properly produced joint defense agreement; court also ordered production of indemnification agreement over defendants' assertion of attorney-client, joint-defense, and work product privileges); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, Nos. 93 Civ. 592, 93 Civ. 8270, 1996 WL 71507 (S.D.N.Y. Feb. 20, 1996) (attached as Exhibit C) (rejecting objections based on attorney-client and work product privilege, and ordering disclosure of settlement agreement and joint defense agreement).

Moreover, the documents sought are relevant. *See Laforest*, 2004 WL 1498916, at *6; *Bank Brussels*, 1996 WL 71507, at *6. All of the Accountants are alleged to have participated in a single conspiracy. While the substance of their joint efforts to defend those allegations arguably may be protected, the fact of those joint efforts is not. Moreover, depending on the content of the agreements and other documents the Accountants are refusing to produce, these materials are likely to also bear on issues of witness credibility. The jury is entitled to know whether, and the extent to which, current and former employees of the Accountants, for example, are being paid, are receiving benefits of any form, or otherwise have obligated themselves to the Accountants, in a manner that might reflect on the credibility of testimony they give in this case.

C.  **Request 37 of Royal's Third Request (and request 78 of Royal's initial request to FMSM) sought:**

> Any and all documents relating to any proposed or consummated merger, or any proposed or consummated separation, between or among any of Freed [defined as both FMB and FMSM] and McGladrey, or any relationship of any kind, that McGladrey had or may have had, created or terminated with Freed in the years 1998 through 2001.

McGladrey responded:

> McGladrey objects to this Document Request as vague and ambiguous, overbroad and unduly burdensome. McGladrey further objects to this Document Request as seeking confidential and proprietary information as well as documents protected by the attorney-client and work-product privileges. McGladrey further objects to this Document Request because it seeks information that is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

The other Accountants responded substantively identical to McGladrey. No party logged any responsive, but purportedly privileged documents.

Once again, the Accountants have objected to this Request as seeking irrelevant information. However, while it is uncontested that Aquino worked for at least FMB or FMSM prior to becoming employed by McGladrey, FMB responded to Royal's complaint against it with a motion to dismiss expressly raising corporate successor and relationship issues as between and among itself, FMSM and McGladrey, and the effect of those relationships on the employment status of Aquino, as a defense to Royal's claims. *See* Defendant Freed Maxick & Battaglia CPAs, PC's Memorandum of Law in Support of Motion to Dismiss (D.I. 30) and Reply Memorandum regarding same (D.I. 54). While that motion was denied, the issue has been preserved in at least FMB's Answer (D.I. 234). As a result, documents relating to the corporate relationship between and among FMSM, FMB and McGladrey during the years 1998 through 2001 clearly are relevant.

> **D.  Request 38 of Royal's Third Request (and request 79 of Royal's initial request to FMSM) sought:**
>
>> Any and all documents relating to Michael Aquino's departure from McGladrey and the basis thereof.

McGladrey responded:

> McGladrey objects to this Document Request as vague and ambiguous and overbroad. McGladrey further objects to this Document Request as seeking confidential and proprietary information as well as documents protected by the attorney-client and work-product privileges. McGladrey further objects to this Document Request because it seeks information that is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

FMB and FMSM received the identical request, but objected to them. Like McGladrey, all of the Accountants likewise refused to produce documents on the same grounds. No party logged any responsive, but purportedly privileged documents.

This Request seeks documents concerning Aquino's departure first from FMSM and/or FMB (or both), and then later from McGladrey. As to FMSM/FMB, those documents are relevant for the reasons stated in section C., above. As to McGladrey, given that Aquino left McGladrey after the SFC debacle became a matter of widespread common knowledge, any agreements that McGladrey might have made with Aquino, *e.g.*, regarding attorney's fees, cooperation, indemnity, releases, tolling, etc., are undeniably relevant to matters of witness credibility and thus properly are discoverable for the reasons stated in section B., above.

> **E.  Request 1 of Royal's Fourth Request sought:**
>
>> All performance evaluations, reviews or similar documents for the following individuals:
>>
>> 1. Michael Aquino;
>> 2. Jeff Westad
>> 3. Mark Colatrella
>> 4. Morris Marshburn.

McGladrey responded:

> McGladrey objects to this Document Request as being vague and ambiguous, unduly burdensome, overbroad and harassing. McGladrey further objects to this request because it seeks information that would violate public policy to disclose. McGladrey further objects to this request because it seeks information that is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence, and further seeks confidential and propriety [sic] information.[3]

Aquino responded in similar fashion.[4]

Each of the named individuals have been identified by the Accountants as having had direct involvement with FMB's, FMSM's and/or McGladrey's accounting work for SFC. No privilege protects any criticism or commentary on that work by their employers – especially, but not only, with respect to their performance on work related to SFC's fraudulent conduct. Indeed, Royal already has produced internal evaluations of its own employees who were involved with SFC.

To be sure, there is some disagreement between courts regarding how to treat requests for an accountant's internal performance evaluations. *Compare New York Stock Exch., Inc. v. Sloan*, No. 71CV2912, 1976 WL 169086, *at 3-4 (S.D.N.Y. Oct. 21, 1976) (rejecting discovery request for accountants' performance evaluations) *with Hawaii Corp. v. Crossley*, 88 F.R.D. 518, 522-25 (D. Hawaii 1980) (rejecting *Sloan* and ordering accounting firm to produce auditor's personnel files). However, even courts following *Sloan* order production of auditors' performance

---

[3] Similarly, request 2 of Royal's Fourth Request sought "[a]ll performance evaluations, reviews or similar documents for any past or present McGladrey employee not listed in Request No. 1 above who had any involvement with McGladrey's representation of SFC." McGladrey responded with the same objections and also claimed that that request was "vague and ambiguous."

[4] Slight variants of these requests were served on FMB and FMSM, although both claimed not to have any responsive documents, a position that Royal is not challenging at this time.

evaluations where that information is "clearly relevant" and the need for discovery is "compelling because the information sought is not otherwise readily obtainable." *See In re Sunrise Sec. Litig.* 130 F.R.D. 560, 580 (E.D. Pa. 1989); *see also In re Del-Val Fin. Corp. Sec. Litig.*, 158 F.R.D. 275, 276-77 (S.D.N.Y. 1994). Discovery of McGladrey's performance evaluations is calculated to lead to the discovery of admissible evidence that Aquino and other McGladrey employees deviated from McGladrey's own standards of practice. Those evaluations -- like the accounting manuals discussed above -- may provide significant evidence of either McGladrey's and Aquino's scienter and participation in the conspiracy they aided and abetted, or at least their negligence. There is no other means to obtain this information. Accordingly, the information sought is discoverable under Rule 26.

## CONCLUSION

For the foregoing reasons, Royal respectfully submits that its Motion should be granted.

*Of Counsel:*

Michael H. Barr
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700

- and -

John Grossbart
Steve Merouse
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 876-8000

Dated:  November 2, 2006
174789.1

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon
_____
Philip Trainer, Jr. (I.D. #2788)
Tiffany L. Geyer (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
ptrainer@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
Royal Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2006, the attached **PLAINTIFF ROYAL INDEMNITY COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM ACCOUNTANT-DEFENDANTS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William H. Sudell, Jr., Esquire<br>Morris Nichols Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19899-1347 | HAND DELIVERY |
| James L. Holzman, Esquire<br>J. Clayton Athey, Esquire<br>Prickett, Jones & Elliott, P.A.<br>1310 King Street<br>Wilmington, DE 19899 | HAND DELIVERY |
| Michael R. Lastkowski, Esquire<br>Christopher M. Winter, Esquire<br>Duane Morris LLP<br>1100 North Market Street, Suite 1200<br>Wilmington, DE 19801 | HAND DELIVERY |
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899 | HAND DELIVERY |
| Karen Lee Turner, Esquire<br>Susan E. Poppiti, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>300 Delaware Avenue, Suite 1360<br>Wilmington, DE 19801 | HAND DELIVERY |

| | |
|---|---|
| Daniel K. Astin, Esquire<br>Meg Augustine, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801 | **HAND DELIVERY** |
| John H. Eickemeyer, Esquire<br>Jonathan A. Wexler, Esquire<br>Vedder, Price, Kaufman & Kammholz, P.C.<br>805 Third Avenue<br>New York, NY  10022 | **VIA FEDERAL EXPRESS** |
| Elizabeth K. Ainslie, Esquire<br>Schnader Harrison Segal & Lewis LLP<br>1600 Market Street, Suite 3600<br>Philadelphia, Pennsylvania 19103 | **VIA FEDERAL EXPRESS** |
| Richard P. Swanson, Esquire<br>Veronica E. Rendon, Esquire<br>Jason M. Butler, Esquire<br>Arnold & Porter LLP<br>399 Park Avenue<br>New York, NY  10022-4690 | **VIA FEDERAL EXPRESS** |
| Steven M. Farina, Esquire<br>Thomas H.L. Selby<br>Amber M. Mettler<br>Williams & Connolly LLP<br>725 Twelfth Street, NW.<br>Washington, DC  20005 | **VIA FEDERAL EXPRESS** |
| Neil G. Epstein, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>1515 Market Street, 9th Floor<br>Philadelphia, PA  19102 | **VIA FEDERAL EXPRESS** |
| Michael S. Waters, Esquire<br>Lois H. Goodman, Esquire<br>McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>Three Gateway Center<br>100 Mulberry Street<br>Newark, NJ  07102-4079 | **VIA FEDERAL EXPRESS** |

| | |
|---|---|
| James J. Rodgers, Esquire<br>Laura E. Vendzules, Esquire<br>Andrew M. Marble, Esquire<br>Dilworth Paxson LLP<br>3200 Mellon Bank Center<br>1735 Market Street<br>Philadelphia PA 19103-7595 | <u>VIA FEDERAL EXPRESS</u> |
| Andre G. Castaybert, Esquire<br>Ronald Rauchberg, Esquire<br>Steven Obus, Esquire<br>David McTaggart, Esquire<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, NY  10036-8299 | <u>VIA FEDERAL EXPRESS</u> |
| Student Loan Servicing LLC<br>1405 Foulk Road, Suite 102<br>Wilmington, DE  19803-2769 | <u>U.S. MAIL</u> |
| Andrew N. Yao<br>107 Leighton Drive<br>Bryn Mawr, PA  19010 | <u>U.S. MAIL</u> |

*/s/ Tiffany Geyer Lydon*

---
Tiffany Geyer Lydon

170005.1

3