# EXHIBIT 25

**JOE**
**FISHER/CSO/ROYAL-SSD**
04/17/2002 11:32 AM

To    Ian Hutchinson/WGO/RoyalSun@ROYALSUNINT
cc
bcc
Subject   Re: Q1 02 CSA Cert [Virus checked] 📄

Ian,

Thanks.

Joe
Ian Hutchinson@ROYALSUNINT

**Ian**
**Hutchinson@ROYALSU**
**NINT**
04/17/02 11:21 AM

To: JOE FISHER/CSO/ROYAL-SSD@ROYAL-HQ
cc:
Subject: Re: Q1 02 CSA Cert [Virus checked] 📄

Joe,

I would suggest that you say that an issue has arisen with this case which indicate that there have been certain control weaknesses - also say that you are in the early days of the investigation and that a report is being prepared for local management, WGO and the Group Audit Committee.

Ian

**Ian Hutchinson**
**Group Finance, Worldwide Group Office.**
**Royal Sun Alliance Insurance Group plc**
**30 Berkeley Square, London W1J 6EW**
**Telephone:**           +44(0)20 7569 6164
**Facsimile:**            +44(0)20 7569 6610
**Email:**                 ian.hutchinson@wgo.royalsun.com

JOE FISHER@ROYAL-HQ

**JOE**
**FISHER@ROYAL-HQ**
17/04/2002 15:14

To: Ian Hutchinson/WGO/RoyalSun@RoyalSunInt
cc:
Subject: Q1 02 CSA Cert [Virus checked]

Ian,

Given Julian's note earlier to day regarding SFC, any suggestions as to how we should address the issue in the 1st qtr Cert?

Joe
----- Forwarded by JOE FISHER/CSO/ROYAL-SSD on 04/17/02 10:08 AM -----

ROY 165280

**RICHARD THYNE**      To: JOE FISHER/CSO/ROYAL-SSD@ROYAL-HQ
04/12/02 05:22 PM      cc: DAVID PAYSEUR/CSO/ROYAL-SSD@ROYAL-HQ
                   Subject: Q1 02 CSA Cert

Hi Joe -
I've attached the Q1 02 CSA certificate for yours & Terry's signatures.  I wasn't sure what to do regarding including any comment for FE.  Let me know if you want me to pull something together to attach to the certificate.  I'm on the road next week, but I'll be checking e-mail daily.
Thanks
...Richard

ROY 165281

# EXHIBIT 26

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT 27

## Phil Snow

| | |
|---|---|
| **From:** | Bill.Spears@GT.com |
| **Sent:** | Thursday, May 16, 2002 11:48 AM |
| **To:** | GIL_CHANDLER@rsausa.com; Phil Snow |
| **Cc:** | JOYCE_WHEELER@rsausa.com; Andy.Barbee@GT.com |
| **Subject:** | RE: SFC |

Gil
Andy and I have a meeting set with attorneys and the client in another matter for 1PM on May 28 preceding a meeting
between both sides with attorneys, clients and experts all present on the 29th. If possible we need to meet early enough in the
morning of the 28th to finish by noon. Andy is checking on any flexibility, but the meetings have been set a long time. We
will let you know if we can do anything to free up more time on the 28th when we get together this afternoon.

Bill
-----Original Message-----
From: GIL_CHANDLER@rsausa.com [mailto:GIL_CHANDLER@rsausa.com]
Sent: Thursday, May 16, 2002 11:38 AM
To: philsnow@waresnow.com; Spears, Bill
Cc: JOYCE_WHEELER@rsausa.com
Subject: SFC

Gentlemen,

   Bob Mendelsohn and Bob Gunn will be in Charlotte on May 28, 2002 and
would like a presentation regarding our alternatives with SFC. Please keep
that date open. Joyce will be in touch next week regarding details.

                    Gil

   **This e-mail is intended solely for the person or entity to which it is addressed and may
contain confidential and/or privileged information. Any review, dissemination, copying, printing
or other use of this e-mail by persons or entities other than the addressee is prohibited. If you
have received this e-mail in error, please contact the sender immediately and delete the material
from any computer.**

5/17/2002

ROY 166215

# EXHIBIT 28

WILLIAM J. SPEARS am J. (Vol. II)
AT CHARLOTTE, NORTH CAROLINA
APRIL 14, 2005
REPORTER:  ANITA A. MILLER, CVR-CM
         NOTARY PUBLIC

page 2

A P P E A R I N G

FOR THE PLAINTIFF:   Mr. Kenneth J. Pfaehler
             Sonnenschein Nath
             & Rosenthal, LLP
             1301 K Street N.W.
             Suite 600, East Tower
             Washington, D.C. 20005

FOR THE DEFENDANT    Ms. Amy Keith
 MP III Holdings,    Germer Gertz Beaman & Brown, LLP
 d/b/a MTA SCHOOLS:  301 Congress Avenue, Suite 1825
             Austin, Texas 78701

FOR THE DEFENDANT    Mr. R. Kelly Donaldson
 COASTAL COLLEGE,    Jones, Walker, Waechter,
  INC.:          Poitevent, Carrere
             & Denegre, LLP
             201 St. Charles Avenue
             New Orleans, Louisiana 70170-5100
             [by telephone]
             * * * * *

I N D E X
PAGE

Examination by Ms. Keith                4
Examination by Mr. Donaldson          194
Further Examination by Ms. Keith      258
Examination by Mr. Pfaehler           282
Further Examination by Ms. Keith      298
Further Examination by Mr. Donaldson    299

page 3

E X H I B I T S
PAGE

Exhibit No. 1     Copy of Signed Engagement   22
             Letter dated April 3, 2002
             Between Carruthers & Roth,
             P.A. and William J. Spears
Exhibit No. 2     Copy of Billing Records    40

1

4/14/2005 Spears, William J. (Vol. II)

1    Q.    Did you go to see whether or not any of the
2           Coastal or MTA students were employed after
3           they graduated from the MTA schools or the
4           Coastal schools?
5    A.    No.
6    Q.    Do you know of anyone who had undertaken that
7           effort on behalf of Royal?
8    A.    No.
9    Q.    Have you or anyone from your team tried in
10          anyway to contact any of the MTA or Coastal
11          students?
12   A.    I don't think so.
13   Q.    These -- in the information that you saw
14          showing that, indicating to you that the
15          students would not be good candidates to pay
16          back their loan, were those all included in
17          the student loan application files?
18   A.    I don't know. It's hard for me to remember
19          specifically or to separate in my mind what I
20          found in, specifically in loan files, from
21          what I found out about the same time by
22          talking to people or by looking at the logs
23          and affidavit and communications from
24          students.
25               We electronically copied images of the

# EXHIBIT 29

# Privilege Log of Documents Produced by Royal Indemnity Company

*MBIA Insurance Corp., et ano. v. Royal Indemnity Company*
*Royal Indemnity Company v. Pepper Hamilton LLP, et al.*
United States District Court for the District of Delaware,
Case Nos. 1:02-CV-1294, 1:05-CV-00165

| Bates Number | Date | Author(s) | Recipient(s) | Document Type | Basis for Privilege |
|---|---|---|---|---|---|
| ROY 000087 - ROY 000088 | 12/15/1999 | Art Francis, Esq. | Gil Chandler, Esq.; E. David Schneider. | Electronic mail | Attorney-client privilege. Communication between inside counsel and client providing legal advice regarding draft Royal insurance policy. |
| ROY 000295 - ROY 000299 (partially redacted) (additional copy at: ROY 001571 - ROY 001575; ROY 023496 - ROY 023500; ROY 034938 - ROY 034942; ROY 074926 - ROY 074930; ROY 075620 - ROY 075624) | 12/14/1998 | William Hibberd | Jerry Bushey; Tony McKenzie; Benjamin Rood; E. David Schneider. | Memorandum | Attorney-client privilege. Communication between clients regarding SFC student loan program. Redacted portion repeats legal advice given by inside counsel relating to Royal insurance policy. |

| Bates Number | Date | Author(s) | Recipient(s) | Document Type | Basis for Privilege |
|---|---|---|---|---|---|
| ROY 105629 (partially redacted) | 04/28/2002 | David F. King | Sean Beatty; Gil Chandler, Esq.; William Hibberd; Tony McKenzie; Robert Van Epps. | Electronic mail | Attorney-client privilege/Attorney work product.<br><br>Communication between clients and inside counsel providing information necessary for the provision of legal advice regarding SFC transaction. |
| ROY 105715 - ROY 105747 | 04/26/2002<br><br>05/15/2002 | Kris Rao<br><br>Robert Van Epps | David F. King<br><br>Sean Beatty; Gil Chandler, Esq.; William Hibberd; Tony McKenzie.<br><br>William Hibberd; Tony McKenzie; Robert Van Epps.<br><br>Gil Chandler, Esq. | Electronic mail with attachment | Attorney-client privilege/Attorney work product.<br><br>Communication between clients and inside counsel forwarding information necessary to obtain legal advice regarding SFC's forbearance payments and defaults. |
| ROY 105750 - ROY 105754 | 05/10/2002<br><br>05/13/2002 | Sean Beatty<br><br>Joyce Wheeler, Esq. | Robert Gunn; Robert Mendelsohn. | Memorandum | Attorney-client privilege/Attorney work product.<br><br>Memorandum regarding SFC transactions prepared by inside counsel. |
| ROY 105755 - ROY 105759 | Undated (circa 04/2002) | Gil Chandler, Esq. | | Memorandum | Attorney-client privilege/Attorney work product.<br><br>Memorandum analyzing SFC transactions prepared by inside counsel. |

| Bates Number | Date | Author(s) | Recipient(s) | Document Type | Basis for Privilege |
|---|---|---|---|---|---|
| ROY 173340 | 04/09/2002 | Joe Fisher | Joyce Wheeler, Esq. | Electronic mail | Attorney-client privilege/Attorney work product. |
| | 04/09/2002 | Sean Beatty | Joe Fisher | | Communication between client and inside counsel in order to obtain the advice of counsel regarding SFC transactions. |
| ROY 173341 - ROY 173342 | 04/17/2002 | Joe Fisher | Joyce Wheeler, Esq. | Electronic mail | Attorney-client privilege/Attorney work product.<br><br>Communication between client and inside counsel providing information to assist counsel in providing legal advice regarding SFC. |
| ROY 173343 | 04/22/2002 | Joe Fisher | John Tighe | Electronic mail | Attorney-client privilege/Attorney work product. |
| | 04/22/2002 | Joe Fisher | Sean Beatty; Gil Chandler, Esq.; Joyce Wheeler, Esq. | | Communication between client and inside counsel seeking legal advice and providing information to assist counsel in providing legal advice regarding SFC. |
| | 04/22/2002 | Julian Hance | Terry Broderick; Joe Fisher; Bob Gunn; Bob Mendelsohn; Jan Miller. | | |
| ROY 173344 | 04/03/2002 | Andre Lefebvre | Sue Clark | Electronic mail | Attorney-client privilege/Attorney work product. |
| | 04/01/2002 | Sue Clark | Andre Lefebvre | | Communication between clients to obtain information to assist inside counsel in providing legal advice. |

| Bates Number | Date | Author(s) | Recipient(s) | Document Type | Basis for Privilege |
|---|---|---|---|---|---|
| ROY 173345 | 04/08/2002 | Sue Clark | Andre Lefebvre | Electronic mail | Attorney-client privilege/Attorney work product.<br><br>Communication between clients to obtain information to assist inside counsel in providing legal advice. |
| ROY 173346 | 04/09/2002<br><br>04/07/2002 | Robert Van Epps<br><br>Tony McKenzie | Andre Lefebvre<br><br>Sean Beatty;<br>Gil Chandler, Esq.;<br>William Hibberd;<br>E. David Schneider;<br>Robert Van Epps. | Electronic mail | Attorney-client privilege/Attorney work product.<br><br>Communication between clients and inside counsel regarding request for legal advice related to SFC transactions. |
| ROY 173347 -<br>ROY 173362 | September 2002 | Corporate Audit Department | Group Audit and Compliance Committee | Semi-Annual Report | Attorney-client privilege/Attorney work product.<br><br>Report prepared by clients reflecting the advice of counsel on SFC transactions and the Financial Enhancements unit. |
| ROY 173363-77 | 2002 | Corporate Audit Department | Group Audit and Compliance Committee | Annual Report | Attorney-client privilege/Attorney work product.<br><br>Report prepared by clients reflecting the advice of counsel on SFC transactions and the Financial Enhancements unit. |

| Bates Number | Date | Author(s) | Recipient(s) | Document Type | Basis for Privilege |
|---|---|---|---|---|---|
| ROY 173394 - ROY 173396 | 04/05/2002 | William Hibberd | Karina Glass | Electronic mail | Attorney-client privilege/Attorney work product. |
| | 04/04/2002 | Karina Glass | William Hibberd | | Communications analyzing information at the request of counsel to assist counsel in providing legal advice and to assist counsel in analyzing anticipated litigation related to SFC. |
| | 03/26/2002 | Karina Glass | Andre Lefebvre Tony McKenzie Robert Van Epps | | |
| ROY 173397 | 04/08/2002 | David Payseur | Jeanette Hughes | Electronic mail | Attorney-client privilege/Attorney work product.

Communication between clients reflecting legal advice regarding the Financial Enhancements unit. |

| Bates Number | Date | Author(s) | Recipient(s) | Document Type | Basis for Privilege |
|---|---|---|---|---|---|
| ROY 173398 - ROY 173400 | 04/17/2002 | Karina Glass | David Payseur; Joyce Wheeler, Esq. | Electronic mail with attachment | Attorney-client privilege/Attorney work product.<br><br>Communications between clients and inside counsel reflecting legal advice regarding the Financial Enhancements unit and reflecting counsel's request for information to assist counsel in providing legal advice. |
| | 04/16/2002 | David Payseur | Karina Glass; Jeanette Hughes; Joyce Wheeler, Esq. | | |
| | 04/16/2002 | Jeanette Hughes | David Payseur | | |
| | 04/16/2002 | David Payseur | Prescott Coleman; Karina Glass; Jeanette Hughes; Louis Laccavole; Richard Thyne; Ann Walthers. | | |
| ROY 173401 | 04/24/2002 | Karina Glass | Richard Thyne | Electronic mail | Attorney-client privilege/Attorney work product.<br><br>Communications reflecting counsel's request for information to assist counsel in providing legal advice and to assist counsel in analyzing anticipated litigation related to SFC. |
| | 04/24/2002 | Karina Glass | David Payseur; Richard Thyne. | | |

- 166 -

| Bates Number | Date | Author(s) | Recipient(s) | Document Type | Basis for Privilege |
|---|---|---|---|---|---|
| ROY 173615 | 05/30/2002 | E. David Schneider | Gloria Thornburg B. Lee Ware, Esq. | Electronic Mail | Attorney-client privilege/Attorney work product. |
| | | | | | Communication providing information to assist outside counsel in providing legal advice regarding SFC litigation. |
| ROY 173616 - ROY 173624 | 05/24/2002 | Tammy Stringer, Esq. | Phil Snow, Esq. | Fax transmission sheet and attachment with handwritten notes. | Attorney-client privilege/Attorney work product. |
| | | | | | Communication attaching memorandum analyzing SFC transactions prepared by inside counsel. |
| ROY 173625 - ROY 173626 | Undated (circa 04/2002) | Gil Chandler, Esq.; Handwritten notes by Tammy Stringer, Esq. | | Memorandum with handwritten notes | Attorney-client privilege/Attorney work product. |
| | | | | | Memorandum analyzing SFC transaction prepared by inside counsel. |
| ROY 173627 - ROY 173628 | Undated (circa 04/2002) | Gil Chandler, Esq.; Handwritten notes by Tammy Stringer, Esq. | | Memorandum with handwritten notes | Attorney-client privilege/Attorney work product. |
| | | | | | Draft of memorandum analyzing SFC transactions prepared by inside counsel. |
| ROY 173629 - ROY 173632 | 06/06/2002 | Joyce Wheeler, Esq. | Board of Directors, Royal & Sun Alliance Insurance Group plc | Memorandum | Attorney-client privilege/Attorney work product. |
| | | | | | Memorandum drafted by inside counsel analyzing SFC transactions and strategy. |

- 184 -

| Bates Number | Date | Author(s) | Recipient(s) | Document Type | Basis for Privilege |
|---|---|---|---|---|---|
| ROY 173611 | 05/24/2002 | Terry Broderick | Vanessa Capeli; Joe Fisher; Ernie Frohboese; Bob Gunn; Linda Loflin; Peggy Markt; Mike McGinley; Libby McLaughlin; Betty Moore; Stephen Mulready; Colleen Newman; Judy Olsen; Dan Reppert; Marilyn Sain; Sarah Singletary; Paul Stewman; Gloria Thornburg; John Tighe; Krista Turner; Joyce Wheeler, Esq.; Jim Williams. | Electronic mail | Attorney-client privilege/Attorney work product. Communication between clients and inside counsel regarding request for legal advice regarding SFC litigation. |
| ROY 173612 - ROY 173614 | 05/24/2002 | Libby McLaughlin | Kedar Bryan; Tammy Stringer, Esq.; Joyce Wheeler, Esq. | Electronic mail | Attorney-client privilege/Attorney work product. Communication between outside consultants and inside counsel providing information related to SFC at the direction of counsel to assist counsel in providing legal advice regarding SFC. |
|  | 05/24/2002 | Charles Perkins | Libby McLaughlin |  |  |

- 183 -

| Bates Number | Date | Author(s) | Recipient(s) | Document Type | Basis for Privilege |
|---|---|---|---|---|---|
| ROY 173753 | 05/15/2002 | Joyce Wheeler, Esq. | | Memorandum | Attorney-client privilege/Attorney work product. |
| | | | | | Document regarding counsel's analysis of SFC legal issues. |
| ROY 173754 | 04/03/2002 | Phil Snow, Esq. | Mary Shiloh | Electronic mail | Attorney-client privilege/Attorney work product. |
| | 04/03/2002 | Tony McKenzie | Sean Beatty; Gil Chandler, Esq.; Phil Snow, Esq. | | Communications between client, inside and outside counsel providing information to assist counsel in providing advice regarding SFC transactions. |
| | 04/03/2002 | David F. King | Tony McKenzie | | |
| ROY 173755 | 04/03/2002 | Gil Chandler, Esq. | Phil Snow, Esq. | Electronic mail | Attorney-client privilege/Attorney work product. |
| | 04/03/2002 | David F. King | Sean Beatty; Gil Chandler, Esq.; William Hibberd; Tony McKenzie; E. David Schneider; Robert Van Epps. | | Communication between clients, inside and outside counsel regarding outside consultant's analysis of SFC. |
| ROY 173756 | 04/04/2002 | Joyce Wheeler, Esq. | Phil Snow, Esq. | Electronic mail | Attorney-client privilege/Attorney work product. |
| | 04/04/2002 | Joyce Wheeler, Esq. | Terry Broderick; Joe Fisher; Bob Gunn. | | Communication between clients, inside and outside counsel regarding SFC and attaching memorandum drafted by inside counsel analyzing SFC litigation strategy. |

# EXHIBIT 30

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ORIGINAL

ROYAL INDEMNITY COMPANY

Plaintiff,

v.

PEPPER HAMILTON LLP,
W. RODERICK GAGNE,
FREED MAXICK & BATTAGLIA CPAs PC,
MCGLADREY & PULLEN, LLP and
MICHAEL AQUINO,

Defendants.

Civil Action No. 05-165-JJF

Judge Joseph J. Farnan, Jr.

## DEFENDANT MCGLADREY & PULLEN, LLP'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF ROYAL INDEMNITY COMPANY

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule of Civil Procedure

26.1, Defendant McGladrey & Pullen, LLP hereby serves the following requests for production

of documents on Plaintiff Royal Indemnity Company. Responses to these requests are to be

served upon undersigned counsel within 30 days of service. Copies shall be produced as kept in

the ordinary course of business, including labeling as to the source of the documents, as required

by Fed. R. Civ. P. 34.

## DEFINITIONS

The following terms shall have the following definitions:

1.     The terms "Royal" and "you" mean Royal Indemnity Company, as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

2.     The term "SFC" means Student Finance Corporation, Student Loan Servicing, LLC, Student Marketing Services, LLC, Student Placement Services, LLC, SFC Financial I, LLC, SFC Financial II, LLC, SFC Acceptance II, LLC, SFC Acceptance III, LLC, SFC Acceptance IV, LLC, SFC Acceptance V, LLC, SFC Acceptance VI, LLC, SFC Acceptance VII, LLC, SFC Acceptance VIII, LLC, SFC Acceptance IX, LLC (and any other related subsidiaries or affiliates), as well as the parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives of the above entities at the present time and, where applicable, during the time period relevant to this action, including without limitation the Grantor Trusts, Andrew Yao, Gary Hawthorne, Perry Turnbull, Diane Messick, Pat Kartha, Frank Martinez, Guy Disimplico, James Pearson, David Sulauf, Maria DeCarlo and Michele Shedrik.

3.     The term "Grantor Trust" means those trusts generally identified by the names GT 2000-1, GT 2000-2, GT 2000-3, GT 2000-4, GT 2001-1, GT 2001-2, GT 2001-3 and GT 2001-IA.

4.     The term "Trustee" means Charles A. Stanziale, Jr., Esquire, as the Chapter 7 (and Chapter 11) Trustee for the Estate of Student Finance Corporation, as well as the

Trustee's employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

5.    The term "McGladrey" means McGladrey & Pullen, LLP, as well as its partners, employees, and representatives at the present time and, where applicable, during the time period relevant to this action.

6.    The term "AIU Insurance" means AIU Insurance Company, as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

7.    The term "Arthur Andersen" means Arthur Andersen LLP, as well as its parents, subsidiaries, affiliates, partners, employees, and representatives at the present time and, where applicable, during the time period relevant to this action.

8.    The term "Baker & Associates" means Virgil, Baker & Associates, Inc., as well as its parents, subsidiaries, affiliates, parents, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

9.    The term "Bankers Trust" means Bankers Trust Company, as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

10.    The term "BDO" means BDO Seidman, LLP, as well as its parents, subsidiaries, affiliates, partners, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

11.     The term "Berwyn Holdings" means Berwyn Holdings, Inc., as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

12.     The term "brokers" means any insurance broker, insurance agent, or other similar professional having at any time any business relationship involving SFC, including without limitation T.E. Moor & Co. and International Benefits Group, Inc., as well as the parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives of any "broker," at the present time and, where applicable, during the time period relevant to this action.

13.     The term "Eagle Funding" means Eagle Funding Capital Corporation, as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

14.     The term "Finova" means Finova Group, Inc., as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

15.     The term "FMB" means Freed Maxick & Battaglia, CPAs, P.C., as well as their partners, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

16.     The term "FMSM" means Freed, Maxick Sachs & Murphy, P.C. and Freed, Maxick & Battaglia, CPA's, P.C., as well as their partners, employees, and

representatives at the present time and, where applicable, during the time period relevant to this action.

      17.    The term "Gagne" refers to W. Roderick Gagne, the individual and/or the partner of Pepper Hamilton, and/or any individual or entity relating to the Gagne family loans as defined in *Stanziale v. Pepper Hamilton, LLP*, 02-11620-JBR (Bank. D. Del.).

      18.    The term "Grant Thornton" means Grant Thornton LLP, as well as its *partners, employees, agents, attorneys and representatives as well as any affiliates of Grant Thornton* at the present time and, where applicable, during the time period relevant to this action.

      19.    The term "Loofbourrow" means Loofbourrow, Inc., as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

      20.    The term "Market Street" refers to Market Street Capital Corporation, as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

      21.    The term "MBIA" means MBIA Insurance Corporation, as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

      22.    The term "Nielsen Electronics" means Nielsen Electronics Institute Corporation, as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

23.    The term "Pepper Hamilton" refers to Pepper Hamilton LLP, as well as its partners, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

24.    The term "PNC" refers to PNC Bank, National Association, as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

25.    The term "Solomon Smith Barney" means Solomon Smith Barney, Inc., as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

26.    The term "SWH" means SWH Funding Corp. and Spectrum Funding Corporation LLC, as well as their parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

27.    The term "students" means any individual enrolled at a truck school and/or any individual who is a party to a student loan, including without limitation, any signer, co-signer, co-maker, or other obligor under a student loan.

28.    The term "truck schools" means any trucking, trade, or other educational institution having at any time any business relationship with SFC, including without limitation Nielsen Electronics, Hook Up Drivers, Thoroughbred Truck Driving School, Commercial Driver Institute, Inc., MTA Schools, Truck Driver Institute, Inc., Transport Training, Inc., MPIII Holdings, Inc., Alliance Corp. and Across America, Inc, as well as the parents, subsidiaries,

affiliates, officers, directors, employees, agents, attorneys and representatives of any "truck school" at the present time and, where applicable, during the time period relevant to this action.

29.    The term "Wells Fargo" means Wells Fargo Bank Minnesota, National Association, as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

30.    The term "Wilmington Trust" means Wilmington Trust Corporation, as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

31.    The term "XL" means XL Insurance Ltd., as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action.

32.    The term "Audit or Accounting Report" means any report concerning SFC or its financial statements issued by any auditor, accountant, or other similar professional, including without limitation any Independent Accountant's Report, Audit Report, or report on Agreed-Upon Procedures or "AUPs."

33.    The term "Credit Risk Insurance Policies" means any insurance issued or considered for issuance by Royal related to SFC. The term "Credit Risk Insurance Policies" includes, but is not limited to, the "SFC Policies" as that term is used in the First Amended Complaint in this matter, and includes any insurance policies or sub-policies, amendments, expansion, commutation, endorsement or renewal of any insurance policy related to SFC.

34.    The term "Risk Assessment Model" means any formula, calculation, algorithm, spreadsheet, or forecast used to project or predict the potential benefits or risks of issuing any credit risk insurance policy.

35.    The term "Servicer Report" has the same meaning as that term carries in the First Amended Complaint in this matter.

36.    The term "student loans" means any student loan originated, purchased or financed by SFC.

37.    The term "Transactions" refers to all SFC-related warehouse financing, revolving credit facilities, securitizations, bridge or other loans, whether consummated or unconsummated. The term "Transactions" includes, without limitation, (a) the Wilmington Trust and Market Street Capital Corp./PNC Bank warehouse credit facilities; (b) the 1996 securitization referred to in the Complaint; (c) the securitizations involving Grantor Trusts GT 2000-1, GT 2000-2, GT 2000-3, GT 2000-4, GT 2001-1, GT 2001-2, GT 2001-3, GT 2001-IA; (d) any actual or potential financing by SWH; and (e) the Spring 2002 promissory note involving Royal and SFC.

38.    The term "Related Royal Litigation" means all litigation in which Royal is a party arising out of Royal's relationship with Student Finance Corporation, including any appeal of such a matter, and including, without limitation:

- *Royal Indemnity Co. v. Franklin Career Services, Inc.*, 3:04-cv-00038-CRS (W.D. Ky.)
- *Wilmington Trust PA v. Royal Indemnity Co.*, 1:02-cv-1361-JJF (D. Del.);
- *Royal Indemnity Co. v. Commercial Driver Inst. Inc.*, 04-cv-107 (M.D. Tenn.);
- *MBIA Ins. Corp. v. Royal Indemnity Co.*, 1:02-cv-1294-JJF (D. Del.);
- *Royal Indemnity Co. v Pepper Hamilton*, 1:05-cv-165-JJF (D. Del.);

- *Royal Indemnity Co. v. T.E. Moor & Co.*, D167370 (58th Dist., Jefferson County, TX);

- *Stanziale v. Royal Indemnity Co.*, 1:04-cv-953-JJF (D. Del.);

- *Stanziale v. Royal Indemnity Co.*, 1:03-cv-507-JJF (D. Del.);

- *Stanziale v. Royal Indemnity Co.*, 04-adv-53306-JBR (Bankr. D. Del.);

- *Student Finance Corp. v. Royal Indemnity Co.*, 03-cv-507-SLR (D. Del.);

- *Student Finance Corp. v. Royal Indemnity Co.*, 02-adv-6803-LK (Bankr. D. Del.);

- *Nielsen Electronics Inst. v. Student Finance Corp.*, 99-285-MNS (D. Del.);

- *FDIC v. Student Finance Corp.*, 98-D-2703SFC (D. Co.);

- *SWH Funding Corp. v. Student Finance Corp.*, BER-L (N.J. Sup. Ct. 2002); and

- *SWH Funding Corp. v. Student Finance Corp.*, 2:02-cv-02464-FSH (D.N.J.)

      39.    The term "communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) regardless of form (e.g. email, letter, memo) including without limitation all correspondence.

      40.    As used herein the term "document" means any and all tangible things and documents, whether handwritten, typed, printed, e-mailed, taped, filmed, photostatted, copied or reproduced in any way, including but not limited to:

      a.    External communications or interoffice communications, letters, telefaxes, telexes, e-mails, cables, telegrams, wires and memoranda;

      b.    Reports, summaries, drafts, studies, minutes, notes, agendas and transcripts;

      c.    Drawings and charts;

      d.    Tape recordings and other reproductions of sound or voices;

      e.    Photographs, films, videotapes, computer generated documents, recordings, e-mail, cassettes, recordings, microfiche and other reproductions;

      f.    Contracts, agreements and other official documents and legal instruments;

g.     Published material of any kind;

h.     Travel reports and vouchers;

i.     Ledgers, bills, orders, books, records, invoices, checks, receipts, confirmations, estimates, claims and files;

j.     Notebooks, calendars, appointment books, diaries, scrapbooks, schedules and handwritten or other notes;

k.     Working papers, sketches, drawings, pictures, plans, instructions, charts, papers, graphs, indices, catalogs, tabulations, data sheets or data processing cards; and

l.     Books, bills, pamphlets, periodicals and published material of any kind.

41.     The term "document" shall also include any draft or version of a document and all copies which are not identical to the original; all modifications or additions to any document, whether or not such copies or drafts are specifically mentioned in particular requests; any material recorded on verbal, graphic, computer, electronic, telecommunicative, or magnetic form, and any other form capable of being read, heard or otherwise understood; and any electronic data.

42.     The term "electronic data" shall include, but not be limited to, metadata, and all data compilations from which information can be obtained through detection devices, including but not limited to original and non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program (including word processing documents, spreadsheets, database files (including records, fields and structural information), contact management and personal information data, HTML files, Internet history files and preferences, presentations, charts, graphs and outlines,

graphical image format ("GIF") files, calendar and scheduling information, computer system activity logs, arrays of information and all other information used or produced by any software), electronic mail or "email," operating systems, source code of all types, programming languages, liners and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts and any and all miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. "Electronic data" also includes any and all items stored on computer memory or memories, hard disks, floppy disks, CD-ROM discs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched cards, punched tape, zip drives, RAR drives, ARJ drives, personal storage devices, memory sticks, USB storage devices, computer chips (including but not limited to EPROM, PROM, ROM and RAM of any kind) or in any other vehicle for digital data storage or transmittal, including files, folder tabs, or containers and labels appended to or associated with each original and each copy.

43.    The term "person" means any natural person or any business, legal or governmental entity or association.

44.    The term "concerning" means referring or relating to, describing, evidencing, or constituting.

45.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

46.    The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

## INSTRUCTIONS

1.     These requests apply to all documents in your possession, custody, or control, regardless of the location of such documents and regardless of whether such documents are held by any other person or entity, including without limitation your attorneys, representatives, or agents.

2.     If any document or portion of any document requested herein is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, identify:

> a. the place, date, and manner of preparation or other recordation of the document;
>
> b. the title of the document, subject matter of the document, and type of document (e.g., record, letter, memorandum, statement), including the number of pages, attachments, exhibits, and appendices;
>
> c. the author of the document, the author's position, the addressee(s), and all recipients of the document;
>
> d. the present custodian of the document;
>
> e. (i) the nature of the legal privilege claimed or other reason for withholding the document, and (ii) the factual basis for that claim of privilege or other reason for the withholding, including the facts establishing any claim of privilege and the facts showing that the privilege asserted has not been waived.

3.     Each request shall be deemed to be continuing so as to require prompt supplemental responses if you obtain or discover additional information or documents called for by these requests between the time of responding to these documents requests and the time of any hearing or the time of trial in this matter.

4.     Unless otherwise indicated, the time period applicable to these requests is January 1, 1996 to the present.

## DOCUMENTS REQUESTED

1.      All documents and electronic data concerning SFC.

2.      All documents and electronic data concerning the subject matter of this litigation, or the events or documents described in the First Amended Complaint in this matter ("FAC"), including but not limited to all documents described, quoted or referenced in the FAC.

3.      All documents and electronic data concerning Royal's communications with SFC.

4.      All documents and electronic data concerning Royal's internal communications related to SFC.

5.      All documents and electronic data concerning Royal's external communications related to SFC with any person or entity, including but not limited to SFC, the brokers, the truck schools, the students, Wells Fargo, MBIA, Grant Thornton, McGladrey, FMB, FMSM, BDO, Michael Aquino, Jeff Westad, SWH, Pepper Hamilton, Gagne, PNC, Market Street, Wilmington Trust, Loofbourrow, the Trustee, Baker & Associates, Finova, Berwyn Holdings, Arthur Andersen, Solomon Smith Barney, Nielsen Electronics, AIU Insurance, Bankers Trust, XL and Eagle Funding.

6.      All documents and electronic data concerning Royal's communications with any insurer or reinsurer concerning SFC, including but not limited to any attempts made by Royal to obtain insurance or reinsurance related to SFC and/or any notification sent by Royal to any insurer or reinsurer concerning SFC, and including but not limited to all responsive emails and any electronic data related to such emails.

7.      All documents and electronic data concerning communications between or among SFC, the brokers, the truck schools, the students, Wells Fargo, MBIA, Grant Thornton,

McGladrey, FMB, FMSM, BDO, Michael Aquino, Jeff Westad, SWH, Pepper Hamilton, Gagne, PNC, Market Street, Wilmington Trust, Loofbourrow, the Trustee, Baker & Associates, Finova, Berwyn Holdings, Arthur Andersen, Solomon Smith Barney, Nielsen Electronics, AIU Insurance, Bankers Trust, XL and Eagle Funding concerning SFC or the subject matter or events described in the FAC.

        8.     All documents and electronic data concerning the brokers, the truck schools, the students, Wells Fargo, MBIA, Grant Thornton, McGladrey, FMB, FMSM, BDO, Michael Aquino, Jeff Westad, SWH, Pepper Hamilton, Gagne, PNC, Market Street, Wilmington Trust, Loofbourrow, the Trustee, Baker & Associates, Finova, Berwyn Holdings, Arthur Andersen, Solomon Smith Barney, Nielsen Electronics, AIU Insurance, Bankers Trust, XL and Eagle Funding concerning SFC.

        9.     All documents and electronic data concerning SFC's financial statements.

        10.    All documents and electronic data concerning SFC's reserves, including without limitation its school reserves, in-school reserves, post-graduation reserves and cash escrow reserve accounts.

        11.    All documents and electronic data concerning SFC's student loan programs, including without limitation the prime, subprime, four-year and/or career school programs.

        12.    All documents and electronic data concerning SFC's loan pools, including without limitation the assigned, unassigned and securitized pools.

        13.    All documents and electronic data concerning SFC's accounting policies, procedures, or practices, including but not limited to all Royal communications relating to SFC's accounting policies, procedures, or practices.

14.    All documents and electronic data concerning any person or entity that provided audit or accounting services to SFC, including but not limited to McGladrey, FMB, FMSM, BDO, Dennis Halterman, Thomas Whelans, Michael Aquino, or Jeff Westad.

15.    All documents and electronic data concerning any Audit or Accounting Reports.

16.    All documents and electronic data concerning any Audit or Accounting Reports that Royal received, including but not limited to documents concerning Royal's actual receipt of such Audit or Accounting Reports, documents that identify the date each Audit or Accounting Report was received by Royal, as well as by whom they were sent, by whom they were received, from where they were sent and where they were received.

17.    All documents and electronic data concerning Royal's reliance on any Audit or Accounting Reports, including but not limited to documents that identify by whom such Audit or Accounting Reports were reviewed or analyzed and how, the actions taken by such individuals following such review or analysis, and any communications concerning such review or analysis, including but not limited to all responsive emails and any electronic data related to such emails.

18.    All documents and electronic data concerning Agreed Upon Procedures (AUPs) or draft AUPs related to SFC, including but not limited to all reports concerning such AUPs or draft AUPs, and all communications concerning such AUPs or draft AUPs, including but not limited to all responsive emails and any electronic data related to such emails.

19.    All documents and electronic data concerning any AUPs or draft AUPs that Royal received related to SFC, including but not limited to documents concerning Royal's actual receipt of such AUPs or draft AUPs, documents that identify the date each AUP or draft

85.    All documents and electronic data concerning "seasoning" payments as that term is used in the FAC.

86.    All documents and electronic data concerning Kirk Monteverde, the individual discussed in ¶ 65 of the FAC.

87.    All documents and electronic data concerning the allegations made in ¶ 66 of the FAC.

88.    All documents concerning any audit, review or investigation of SFC conducted by Royal, the Trustee, the brokers or any other person or entity.

89.    All documents and electronic data concerning Royal's retention of Grant Thornton, including but not limited to documents concerning any investigation or review performed by Grant Thornton related to SFC, documents obtained or reviewed by Grant Thornton concerning such investigation or review, all communications related to such investigation or review (including but not limited to all responsive emails and any electronic data related to such emails), and any reports or memoranda concerning such investigation or review.

90.    All documents and electronic data concerning communications between any United States affiliate or subsidiary of Royal and Royal & Sun Alliance Insurance Group Plc. relating to SFC.

91.    All documents and electronic data concerning any financial, operations, or strategic reports, studies, plans or analyses exchanged between any United States affiliate or subsidiary of Royal and Royal Sun Alliance Plc. during the years 1999 though and including 2002.

92.    All documents and electronic data concerning the allegations made in ¶ 29 of the Complaint in *Student Finance Corporation v. Royal Indemnity Company*, 02-11620 (LK)

(Bank. D. Del.) ("SFC/Royal Action"), including but not limited to Royal discontinuing the business of issuing credit risk insurance in the United States, and any communications between Royal and its "parent in the United Kingdom."

93.    All documents and electronic data concerning the allegations made in ¶ 33 of the SFC/Royal Action, including but not limited to Royal's February 2002 proposal to SFC that Royal "would consider providing credit risk insurance for another securitization if SFC agreed to borrow money from Royal to be used to make 'forbearance payments.'"

94.    All documents and electronic data concerning the allegations made in ¶ 36 of the SFC/Royal Action, including but not limited to any SFC recovery plans and/or the Claims and Recovery Purchase Plan.

95.    All documents and electronic data concerning any Related Royal Litigation, including but not limited to pleadings; subpoenas, interrogatories, requests for admission, or requests for production served by Royal in the Related Royal Litigation, and any responses thereto; interrogatories, requests for admission, or requests for production served on Royal in the Related Royal Litigation, and any responses thereto; depositions, and electronic copies of such, taken in the Related Royal Litigation; trial transcripts, including electronic copies of such, from any trial in the Related Royal Litigation; and all documents produced by or to Royal in the Related Royal Litigation.

96.    All documents and electronic data concerning the February 11, 2000 discussion identified in *MP III Holdings, Inc.'s Second Amended Answer And Counterclaim* (August 16, 2005) ("MPIII") at ¶ 120.

97.    All documents and electronic data concerning the March 6, 2000 teleconference and memorandum identified at MPIII ¶ 105.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ROYAL INDEMNITY COMPANY,  )<br><br>    Plaintiff,  )<br><br>    v.  )<br><br>PEPPER HAMILTON LLP, W. RODERICK )<br>GAGNÉ, FREED MAXICK & BATTAGLIA )<br>CPAs PC, MCGLADREY & PULLEN, LLP and )<br>MICHAEL AQUINO,  )<br><br>    Defendants.  ) | C.A. No. 05-165-JJF |

## ROYAL INDEMNITY COMPANY'S THIRD REQUEST FOR PRODUCTION TO DEFENDANT MCGLADREY & PULLEN LLP

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the

Local Rules of Civil Practice and Procedure of the United States District Court for the District of

Delaware, plaintiff Royal Indemnity Company, by its attorneys Ashby & Geddes and

Sonnenschein Nath & Rosenthal LLP, hereby requests that Pepper Hamilton LLP produce the

requested documents for inspection and copying at the offices of Ashby & Geddes, 222

Delaware Avenue, Wilmington, Delaware 19899, within thirty (30) days of the service of this

request, in accordance with the definitions and instructions which follow.

### DEFINITIONS

In this request for production, the following terms shall have the following meanings:

1.    "Aquino" shall mean Michael Aquino, defendant in this action.

2.    "Audit or Accounting Report" means any report concerning SFC or its financial

statements issued by any auditor, accountant, or other similar professional, including without

limitation any Independent Accountant's Report, Audit Report, or report on Agreed-Upon

Procedures or "AUPs."

3.    "BDO" shall BDO Seidman LLP and its current or former principals, partners, officers, directors, employees, agents, representatives and attorneys, each person acting on its behalf or under its control and any parent, subsidiary, predecessor or affiliated corporation or entity.

4.    The term "concerning" means analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, compromising, containing, setting forth, showing, disclosing, explaining, summarizing, memorializing, pertaining to reflecting, commenting on, having to do with, relating to, or otherwise having any logical or factual connection with the subject matter of the document request. All the terms included in the definition of "concerning" and any of their derivations are themselves used synonymously with "concerning" when used in this request.

5.    "Document" shall have the meaning and scope provided for in Rule 34(a) of the Federal Rules of Civil Procedure and shall include, without limitation, all electronically stored data, including electronic correspondence and documents stored electronically.

6.    "Family Parties and Trusts" shall mean Pamela B. Gagné, Robert L. Bast, James T. Brennan Trust FBO W. Roderick Gagné, the James T. Brennan Trust FBO Elizabeth L. Gagné, the James T. Brennan Trust FBO Philip B. Gagné, the Elizabeth B. Brennan Trust, the Elizabeth B. Brennan Trust #2 FBO Elizabeth Gagné, and the Elizabeth B. Brennan Trust #2 FBO Philip B. Gagné.

7.    "Freed" shall mean Freed Maxick & Battaglia CPAs, Freed Maxick Sachs & Murphy, P.C., and their current or former principals, partners, officers, directors, employees, agents, representatives and attorneys, each person acting on its behalf or under its control and any parent, subsidiary, predecessor or affiliated corporation.

2

8.    "Gagné" shall mean Roderick Gagné, defendant in this action.

9.    "Institutional Reserve" shall have the meaning assigned to that phrase in paragraph 36 of Royal's First Amended Complaint.

10.    "McGladrey & Pullen" shall mean McGladrey & Pullen, LLP and its current or former principals, directors, officers, employees, agents, representatives and attorneys, each person acting on its behalf or under its control and any parent, subsidiary, predecessor or affiliated corporation.

11.    "Lore Yao" shall mean Lore Yao individually, and together with her attorneys, agents, representatives, or other persons acting or purporting to act on her behalf.

12.    "Pepper" shall mean Pepper Hamilton LLP and its current or former principals, partners, directors, officers, employees, agents, representatives and attorneys, and each person acting on its behalf or under its control, and any parent, subsidiary, predecessor or affiliated corporation, that have possession of, custody of, control of, knowledge of, or responsibility for any document or information called for by these discovery requests.

13.    "Royal" shall mean plaintiff Royal Indemnity Company, and its current or former principals, directors, officers, employees, agents and attorneys, each person acting on its behalf or under its control, and any parent, subsidiary, predecessor or affiliated corporation.

14.    "School" or "schools" shall mean any entity at which at least one student received at least one SFC Loan between January 1, 1995 and December 31, 2002, their current or former principals, owners, officers, directors, partners, stockholders, shareholders, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, affiliates, divisions, successors, and predecessors, and all persons or entities currently or formerly acting or purporting to act on their behalf, whether authorized to do so or not.

3

15.    "SFC" shall mean any and all of Student Finance Corporation, Student Marketing Services, LLC ("SMS"), Student Loan Servicing, LLC ("SLS"), SFC Financial I, LLC, SFC Financial II, LLC, SFC Acceptance I, SFC Acceptance II, SFC Acceptance III, SFC Acceptance IV, SFC Acceptance V, SFC Acceptance VI, SFC Acceptance VII, SFC Acceptance VIII, SFC Acceptance IX, and their current or former principals, owners, officers, directors, partners, stockholders, shareholders, associates, employees, staff members, agents, representatives, attorneys, parents, subsidiaries, affiliates, divisions, successors, and predecessors, and all Persons or entities currently or formerly acting or purporting to act on its behalf, whether authorized to do so or not.

16.    "Westad" shall mean Jeff Westad.

17.    "Yao" shall mean Andrew Yao, individually and together with his attorneys, agents, representatives, or other persons acting or purporting to act on his behalf.

18.    "You" and "Your" means McGladrey as defined above.

## INSTRUCTIONS

For purposes of this request for production, the following instructions shall apply:

1.    Produce all Documents responsive to the numbered requests below as they are kept in the usual course of business or indicate in an appropriate manner to which of these specific document requests the Document or file applies.

2.    In producing the Documents requested, furnish all Documents within Your possession, custody or control, regardless of whether such Documents are possessed directly by You or by Your attorneys, agents, employees or representatives.

3.    With respect to any information and to each Document called for by these requests that you contend is protected by any privilege, work-product doctrine, or other

exemption from discovery, provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

4.    When a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the purportedly privileged material. If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration. Any redaction must be clearly visible on the redacted Document.

5.    Unless otherwise indicated, these requests call for the production of Documents concerning the period of January 1, 1995, through the present.

6.    The specificity of any request herein shall not be construed to limit the generality or scope of any other request herein.

7.    The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these Requests all Documents which might otherwise be construed to be outside their scope.

8.    The singular form of any noun or pronoun includes the plural, and vice versa.

9.    The masculine form of any noun or pronoun includes the feminine, and vice versa. The masculine or feminine form of any noun or pronoun includes the neuter and vice versa.

10.    These Requests are continuing and require further and prompt supplemental responses in accordance with Federal Rule of Civil Procedure 26(e) whenever you acquire or

discover additional responsive information between the time the initial responses are made and the conclusion of the trial of this action.

## REQUESTS FOR PRODUCTION

To the extent not otherwise produced to Royal by You, please produce:

### REQUEST NO. 1

All documents concerning any investments made by Aquino on his own behalf, or on behalf of or for the benefit of the other persons or entities, or in any entity owned or controlled by or that was related to or affiliated with Yao.

### REQUEST NO. 2

All documents concerning litigation between Nielsen's Electronic Institute and SFC.

### REQUEST NO. 3

Each and every document on which McGladrey relies in asserting any affirmative defense to the First Amended Complaint and each and every document that sets forth or refers to facts on which any affirmative defense to the Amended Complaint is based.

### REQUEST NO. 4

Each and every document submitted by McGladrey or Aquino to any government agency or authority regarding SFC, Yao, or the Family Parties and Trusts.

### REQUEST NO. 5

Each and every document evaluating or considering the possibility of a claim against McGladrey, Aquino, or Westad arising out of McGladrey's, Aquino's, and Westad's representation of SFC, Yao, or the Family Parties and Trusts.

### REQUEST NO. 6

Each and every document concerning McGladrey's withdrawal or possible withdrawal from representation of SFC.

6

**REQUEST NO. 7**

All documents, including, without limitation, notes, minutes, memoranda and e-mails, prepared, sent or received by any member of McGladrey's Professional Responsibility Committee or equivalent, Finance Committee, management committee, or any other body, office, or person within McGladrey whose function was, at least in part, to oversee and advise McGladrey's partners, accountants and employees with respect to professional responsibility and ethical issues, concerning Aquino, SFC, Yao or the Family Parties and Trusts.

**REQUEST NO. 8**

Each and every document concerning evaluations, reviews, or critiques of the work done by McGladrey for SFC, whether authored by McGladrey or by a third party.

**REQUEST NO. 9**

All documents that show all or part of the results, of any conflict search run by McGladrey with respect to SFC, Yao, or the Family Parties and Trusts.

**REQUEST NO. 10**

Each document concerning the nature of McGladrey's engagements to perform services for SFC, Yao, Lore Yao, and the Family Parties and Trusts.

**REQUEST NO. 11**

Each document concerning the effect that the fees received by McGladrey from SFC had on the compensation Aquino received from McGladrey.

**REQUEST NO. 12**

Each and every document concerning the business or fees received or anticipated to be received from SFC and Yao.

**REQUEST NO. 13**

All devices that reflect time worked on SFC and Yao-related matters, whether or not actually billed, including but not limited to timesheets, pro-formas, bills, emails, diaries, calendars and any other documents reflecting time that was worked but not billed or was otherwise written off.

**REQUEST NO. 14**

All emails, diaries, and calendar entries relating in any way to SFC, Yao, or Royal for any attorney, accountant, partner or employee who worked on any SFC or Yao-related matter.

**REQUEST NO. 15**

Each and every brochure, advertisement, or other literature prepared or distributed by McGladrey or by anyone on its behalf, that includes a description or reference to the business of SFC or the work that McGladrey did for SFC.

**REQUEST NO. 16**

Each and every brochure, advertisement, or other literature prepared or distributed by McGladrey or by anyone on its behalf, that includes a description of or reference to McGladrey's or Aquino's experience and capabilities regarding securitized financing.

**REQUEST NO. 17**

The entire accountant's manual, or equivalent, for McGladrey for each year in which Aquino was an accountant at McGladrey.

**REQUEST NO. 18**

All documents, including, without limitation, notes, minutes, memoranda and e-mails, prepared, sent or received by any member of any McGladrey committee or other McGladrey management or administrative entity referring or relating to Aquino, Westad, SFC, Yao or the Family Parties and Trusts.

8

**REQUEST NO. 19**

All documents, including, without limitation, notes, minutes, memoranda and e-mails, prepared, sent or received by any McGladrey committee or partner, performing the function of an executive or management committee or managing partner, referring or relating to, SFC, Yao or the Family Parties and Trusts.

**REQUEST NO. 20**

Any and all documents relating to any document retention, management, or destruction policies for the period January 1, 1995 through the present.

**REQUEST NO. 21**

All documents concerning Royal's underwriting of the SFC policies.

**REQUEST NO. 22**

All documents concerning any audits of SFC that Royal performed.

**REQUEST NO. 23**

All documents concerning promissory notes issued by Royal for the benefit of SFC.

**REQUEST NO. 24**

All documents that refer or relate to McGladrey's or Aquino's calculations, predictions or assumptions about the rate of growth of the Institutional Reserve.

**REQUEST NO. 25**

All documents concerning the insurance policies issued to SFC by any entity or person, including but not limited to insurance policies that provided insurance coverage for actions taken by SFC's officers and directors.

**REQUEST NO. 26**

Each document concerning any of the insurance policies issued by Royal in connection with the securitization transactions executed by SFC with Pepper's assistance and advice, that are the subject of the First Amended Complaint.

**REQUEST NO. 27**

Each document concerning any Audit or Accounting Report prepared by McGladrey, Freed, BDO, or any other entity with which Aquino was affiliated.

**REQUEST NO. 28**

Each document concerning any communication between Royal and SFC.

**REQUEST NO. 29**

Each document concerning any analysis by Pepper, Gagné, McGladrey, Freed, or any other person or entity, of the amount of revenue or profit expected to be received or generated, or actually received or generated, by Royal as a result of its business dealings with SFC and Yao.

**REQUEST NO. 30**

All documents concerning SFC or the subject matter or events described in Royal's First Amended Complaint, including, but not limited to, communications by, between or among any of the following, their current or former principals, owners, officers, directors, partners, stockholders, shareholders, associates, employees, staff members, agents, representatives, and attorneys: The Schools; Fox Rothschild O'Brien & Frankel; Pepper; BDO; Freed; McGladrey; RSM McGladrey; Aquino; Gagné; Jeff Westad; T.E. Moor & Co.; Grant Thornton LLP; John W. Loofbourrow and Associates, Inc.; Wells Fargo Bank Minnesota, N.A.,; Wilmington Trust Company of Pennsylvania; MBIA Insurance Corporation; Fleet National Bank; Eagle Funding Capital Corporation; PNC Bank, N.A.; Rodger "Rusty" Saylor; Moody's Investors Service; Fitch IBCA, Inc.; Duff & Phelps; The International Rating Agency; Royal Indemnity Company; the

Schools; Virgil Baker & Associates Inc.; American International Group; AIU Insurance

Company; Bankers Trust; Market Street; the SFC Trustee; Baker & Associates; Finova Group,

Inc.; Berwyn Holdings, Inc.; Arthur Andersen; Solomon Smithy Barney; Nielsen Electronics; or

XL Insurance Ltd.

## REQUEST NO. 31

All documents concerning SFC's financial statements, SFC's reserves, SFC's student

loan programs, SFC's loan pools and SFC's accounting policies, procedures or practices.

## REQUEST NO. 32

All documents concerning any entity that provided accounting or audit services to SFC,

or Audit or Accounting Reports, related to SFC.

## REQUEST NO. 33

All documents concerning Aquino's or McGladrey's representations or

misrepresentations in any of the draft or final Auditing or Accounting Reports.

## REQUEST NO. 34

All documents concerning Aquino's or McGladrey's knowledge of Royal or of Royal's

receipt or reliance on the Audit or Accounting Reports.

## REQUEST NO. 35

All documents concerning any joint defense, joint representation, cooperation,

confidentiality, or other agreements between or among any or all of Pepper, McGladrey, Freed,

Gagné, Aquino, and any other person or entity, or between or among any of them, concerning

their conduct of, or defenses in, the above-captioned litigation.

## REQUEST NO. 36

Any and all documents relating to any proposed or consummated merger, or any

proposed or consummated separation, between or among any of BDO and Freed, or any

relationship of any kind that BDO had or may have had, created or terminated with Freed in the years 1997 through 2000.

### REQUEST NO. 37

Any and all documents relating to any proposed or consummated merger, or any proposed or consummated separation, between or among any of Freed and McGladrey, or any relationship of any kind, that McGladrey had or may have had, created or terminated with Freed in the years 1998 through 2001.

### REQUEST NO. 38

Any and all documents relating to Michael Aquino's departure from McGladrey and the basis thereof.

### REQUEST NO. 39

All documents relating to any adaptations or adjustments McGladrey or Freed made to any audit practice or risk assessment procedures for any SFC audit, report, or certification, including any specifically relating to SFC's so-called "forbearance" practice.

ASHBY & GEDDES

_____

Lawrence C. Ashby (I.D. #468)
Philip Trainer, Jr. (I.D. #2788)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899
(302) 654-1888
(302) 654-2067 (Fax)

*Attorneys for Plaintiff Royal Indemnity Company*

*Of Counsel:*

SONNENSCHEIN NATH & ROSENTHAL LLP

Michael H. Barr
Kenneth J. Pfaehler
Robert W. Gifford
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700
(212) 768-6800 (Fax)

- and -

John I. Grossbart
Steven L. Merouse
8000 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934

Dated: June 23, 2006

170768.1

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2006, the attached **ROYAL INDEMNITY**

**COMPANY'S THIRD REQUEST FOR PRODUCTION TO DEFENDANT**

**MCGLADREY & PULLEN LLP** was served upon the below-named counsel of record at the

address and in the manner indicated:

William H. Sudell, Jr., Esquire                             HAND DELIVERY
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899-1347

James L. Holzman, Esquire                                   HAND DELIVERY
J. Clayton Athey, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE  19899

Michael R. Lastkowski, Esquire                              HAND DELIVERY
Christopher M. Winter, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801

John W. Shaw, Esquire                                       HAND DELIVERY
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899

Karen Lee Turner, Esquire                                   HAND DELIVERY
Susan E. Poppiti, Esquire
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1360
Wilmington, DE  19801

Christopher A. Ward, Esquire                                HAND DELIVERY
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

John H. Eickemeyer, Esquire                         VIA FEDERAL EXPRESS
Jonathan A. Wexler, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY 10022

Elizabeth K. Ainslie, Esquire                       VIA FEDERAL EXPRESS
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Richard P. Swanson, Esquire                         VIA FEDERAL EXPRESS
Veronica E. Rendon, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022-4690

Steven M. Farina, Esquire                           VIA FEDERAL EXPRESS
Thomas H.L. Selby
Amber M. Mettler
Williams & Connolly LLP
725 Twelfth Street, NW.
Washington, DC 20005

Andre G. Castaybert, Esquire                        VIA FEDERAL EXPRESS
Ronald Rauchberg, Esquire
Steven Obus, Esquire
David McTaggart, Esquire
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299

Michael S. Waters, Esquire                          VIA FEDERAL EXPRESS
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Neil G. Epstein, Esquire                            VIA FEDERAL EXPRESS
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19102

2

James J. Rodgers, Esquire                          VIA FEDERAL EXPRESS
Laura E. Vendzules, Esquire
Andrew M. Marble, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia PA 19103-7595

Andrew Yao                                          U.S. MAIL
107 Leighton Drive
Bryn Mawr, PA  19010

Student Loan Servicing LLC, et al.                  U.S. MAIL
1405 Foulk Road, Suite 102
Wilmington, DE  19803-2769


_____
Tiffany Geyer Lydon

163569.1

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROYAL INDEMNITY COMPANY                    )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )       Civil Action No. 05-165-JJF
                                           )
PEPPER HAMILTON LLP,                       )
W. RODERICK GAGNÉ,                         )
FREED MAXICK & BATTAGLIA CPAs PC,          )
MCGLADREY & PULLEN, LLP and                )
MICHAEL ACQUINO,                           )
                                           )
                Defendants.                )

## NOTICE OF SERVICE

I hereby certify that on the 23rd day of June, 2006, a true and correct copy of

**ROYAL INDEMNITY COMPANY'S THIRD REQUEST FOR PRODUCTION TO**

**DEFENDANT MCGLADREY & PULLEN LLP** was served upon the below-named counsel

of record at the address and in the manner indicated:

William H. Sudell, Jr., Esquire                     HAND DELIVERY
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

James L. Holzman, Esquire                           HAND DELIVERY
J. Clayton Athey, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19899

Michael R. Lastkowski, Esquire                      HAND DELIVERY
Christopher M. Winter, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

John W. Shaw, Esquire                                    HAND DELIVERY
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899

Karen Lee Turner, Esquire                               HAND DELIVERY
Susan E. Poppiti, Esquire
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1360
Wilmington, DE  19801

Christopher A. Ward, Esquire                            HAND DELIVERY
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

John H. Eickemeyer, Esquire                             VIA FEDERAL EXPRESS
Jonathan A. Wexler, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY  10022

Elizabeth K. Ainslie, Esquire                           VIA FEDERAL EXPRESS
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Richard P. Swanson, Esquire                             VIA FEDERAL EXPRESS
Veronica E. Rendon, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690

Steven M. Farina, Esquire                               VIA FEDERAL EXPRESS
Thomas H.L. Selby
Amber M. Mettler
Williams & Connolly LLP
725 Twelfth Street, NW.
Washington, DC  20005

2

Andre G. Castaybert, Esquire                                    VIA FEDERAL EXPRESS
Ronald Rauchberg, Esquire
Steven Obus, Esquire
David McTaggart, Esquire
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299

Michael S. Waters, Esquire                                     VIA FEDERAL EXPRESS
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Neil G. Epstein, Esquire                                       VIA FEDERAL EXPRESS
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19102

James J. Rodgers, Esquire                                      VIA FEDERAL EXPRESS
Laura E. Vendzules, Esquire
Andrew M. Marble, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia PA 19103-7595

Andrew Yao                                                            U.S. MAIL
107 Leighton Drive
Bryn Mawr, PA 19010

Student Loan Servicing LLC, et al.                                    U.S. MAIL
1405 Foulk Road
Suite 102
Wilmington, DE 19803-2769

3

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____

Lawrence C. Ashby  (I.D. #468)
Philip Trainer, Jr.  (I.D. #2788)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for Plaintiff Royal Indemnity Company*

*Of Counsel:*

Michael H. Barr
Kenneth J. Pfaehler
Robert W. Gifford
SONNENSCHEIN NATH & ROSENTHAL
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700
(212) 768-6800 (fax)

John I. Grossbart
Steven L. Merouse
SONNENSCHEIN NATH & ROSENTHAL
8000 Sears Tower
233 S. Wacker Drive
Chicago, Illinois  60606
(312) 876-8000
(312) 876-7934 (fax)

Dated:  June 23, 2006

162223.1

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2006, the attached **NOTICE OF SERVICE**

was served upon the below-named counsel of record at the address and in the manner indicated:

William H. Sudell, Jr., Esquire                                      HAND DELIVERY
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

James L. Holzman, Esquire                                           HAND DELIVERY
J. Clayton Athey, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19899

Michael R. Lastkowski, Esquire                                      HAND DELIVERY
Christopher M. Winter, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

John W. Shaw, Esquire                                               HAND DELIVERY
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

Peter C. Hughes, Esquire                                            HAND DELIVERY
Dilworth Paxson LLP
First Federal Plaza, Suite 500
Wilmington, DE 19801

Karen Lee Turner, Esquire                                           HAND DELIVERY
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801

Christopher A. Ward, Esquire                                        HAND DELIVERY
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

John H. Eickemeyer, Esquire                     VIA FEDERAL EXPRESS
Jonathan A. Wexler, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue
New York, NY 10022

Elizabeth K. Ainslie, Esquire                   VIA FEDERAL EXPRESS
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Richard P. Swanson, Esquire                     VIA FEDERAL EXPRESS
Veronica E. Rendon, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022-4690

Andre G. Castaybert, Esquire                    VIA FEDERAL EXPRESS
Ronald Rauchberg, Esquire
Steven Obus, Esquire
David McTaggart, Esquire
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299

Michael S. Waters, Esquire                      VIA FEDERAL EXPRESS
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Neil G. Epstein, Esquire                        VIA FEDERAL EXPRESS
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19102

James J. Rodgers, Esquire                       VIA FEDERAL EXPRESS
Laura E. Vendzules, Esquire
Andrew M. Marble, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia PA 19103-7595

Andrew Yao                                              <u>U.S. MAIL</u>
107 Leighton Drive
Bryn Mawr, PA  19010

Student Loan Servicing LLC, et al.                     <u>U.S. MAIL</u>
1405 Foulk Road
Suite 102
Wilmington, DE  19803-2769


*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

## Discovery Documents

1:05-cv-00165-JJF Royal Indemnity Company v. Pepper Hamilton LLP et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Lydon, Tiffany entered on 6/23/2006 at 5:47 PM EDT and filed on 6/23/2006

**Case Name:**       Royal Indemnity Company v. Pepper Hamilton LLP et al
**Case Number:**    1:05-cv-165
**Filer:**          Royal Indemnity Company
**Document Number:** 156

**Docket Text:**
NOTICE OF SERVICE of Royal Indemnity Company's Third Request For Production to Defendant McGladrey & Pullen LLP by Royal Indemnity Company.(Lydon, Tiffany)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/23/2006] [FileNumber=234889-0]
[673e6f8ca6685dcd5443c32e447d500f4987fe041c0bfddaff4bac40fc41549ca6da
a39df34effb14c39be686d0b87211121103cac25499cad3f904fec7bfba1]]

**1:05-cv-165 Notice will be electronically mailed to:**

Elizabeth K. Ainslie    eainslie@schnader.com

J. Clayton Athey    jcathey@prickett.com, amconnelly@prickett.com

Jason M. Butler    jason.butler@aporter.com

Daniel Bryan Butz    dbutz@mnat.com, aconway@mnat.com

Steven M. Farina    sfarina@wc.com

James L. Holzman    jlholzman@prickett.com, samale@prickett.com

Nicholas J. LePore    nlepore@schnader.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Bruce P. Merenstein    bmerenstein@schnader.com

Amber M. Mettler    amettler@wc.com

Thomas H.L. Selby    tselby@wc.com

Stephen J. Shapiro    sshapiro@schnader.com

William H. Sudell , Jr    wsudell@mnat.com

Richard P. Swanson    richard.swanson@aporter.com

Philip Trainer , Jr    ptrainer@ashby-geddes.com, dboggs@ashby-geddes.com

Christopher M. Winter    cmwinter@duanemorris.com

**1:05-cv-165 Notice will be delivered by other means to:**