# EXHIBIT 31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RECEIVED
OCT 1 9 2006

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-165-JJF |
| | ) | |
| PEPPER HAMILTON LLP, | ) | Judge Joseph J. Farnan, Jr. |
| W. RODERICK GAGNE, | ) | |
| FREED MAXICK & BATTAGLIA CPAs PC, | ) | |
| MCGLADREY & PULLEN, LLP and | ) | |
| MICHAEL ACQUINO, | ) | |
| | ) | |
| Defendants. | ) | |

### ROYAL INDEMNITY COMPANY'S
### OBJECTIONS AND RESPONSES TO MCGLADREY & PULLEN, LLP'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the

Local Rules of Civil Practice and Procedure of the United States District Court for the District of

Delaware, plaintiff Royal Indemnity Company ("Royal"), by its attorneys Ashby & Geddes and

Sonnenschein Nath & Rosenthal LLP, hereby objects and responds to McGladrey & Pullen,

LLP's First Request for Production of Documents. The responses are made subject to the

specific objections set forth in and before the responses and the General Objections.

### GENERAL OBJECTIONS

1.      These responses are submitted without waiving, and on the contrary expressly

reserve: (1) the right to amend or supplement any and all responses provided herein at any time

upon receipt of additional information; and (2) the right to object on any grounds whatsoever to

the use in evidence or other use of these responses, the documents produced pursuant to these

responses, or other information provided herein, in this or any other proceeding, by McGladrey

& Pullen, LLP ("McGladrey") or any other parties or non-parties

2      The responses provided to specific requests are made subject to, and without waiver of, the specific objections set forth in and before the responses and the General Objections  The provision of substantive responses or production of documents in response to any specific request shall not be construed as an admission that McGladrey is entitled to any response more specific than that provided or used as the basis for a contention that McGladrey is entitled to any response more specific than that provided.

3.     Royal objects to the requests to the extent they seek the production of information or documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or any other applicable privilege or protection from discovery.  Royal specifically objects to the requests to the extent they purport to seek information or documents generated by Royal or its attorneys in anticipation of litigation  Royal also specifically objects to the requests on work product grounds to the extent they seek documents selected by Royal in review of other parties' document productions as opposed to documents selected by other parties themselves and produced to Royal.

4      Royal objects to the requests to the extent they seek information relating to insureds, policies, claims or transactions not involved in this action, on the grounds that:  (1) such information is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (2) such information is confidential and proprietary or otherwise protected from disclosure; and (3) disclosing such information would prejudice non-parties to this action and/or would violate applicable laws and regulations

5      Royal objects to the requests to the extent they seek the production of information or documents that constitute or contain confidential and/or proprietary information; absent the entry of an appropriate protective order restricting the use of such information and documents to

this action and allowing Royal to maintain the confidentiality of such information and documents

      6.     Royal objects to McGladrey's Definitions, Instructions, and Requests to the extent they purport to impose on Royal duties or obligations beyond, or inconsistent with, those set forth in the Federal Rules of Civil Procedure

      7.     Royal objects to McGladrey's definition of the terms "Royal" and "you" in McGladrey's Definition No. 1 on the grounds that it is unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence and calculated to harass insofar as it purports to cover persons or entities that are not parties to this action and/or did not have any role in the issuance of the Royal Policies or in the SFC Transactions (as those terms are defined in Royal's Request for Production to McGladrey). Royal's Responses to the Requests for Production construe the terms "Royal," "you," "your," and "yours" to mean Royal Indemnity Company only, and such of its current and former officers, employees, representatives, and agents with material personal knowledge about the areas of inquiry of these requests.

      8.     Royal objects to McGladrey's definition of the term "Related Royal Litigation" in McGladrey's Definition No. 38 on the grounds that it is overbroad and inaccurate. Royal is not and was not a party to the following actions: *Neilsen Electronics Inst. v. Student Finance Corp.*, 99-285-MNS (D. Del ); *FDIC v Student Finance Corp* , 98-D-2703SFC (D. Co ); *SWH Funding Corp. v Student Finance Corp.*, BER-L (N.J. Sup. Ct. 2002); and *SWH Funding Corp. v Student Finance Corp.*, 2:02-cv-02464-FSH (D. N.J.). Royal's Objections and Responses to McGladrey's First Request for Production of Documents construe the term "Related Royal Litigation" to exclude the actions listed above.

- 3 -

9       Royal objects to McGladrey's definition of the term "document" in McGladrey's Definition Nos 40 and 41 on the grounds that it is unduly burdensome insofar as it purports to impose on Royal requirements beyond those provided for in the Federal Rules of Civil Procedure  Royal construes the term "Document" to have the meaning provided for in Rule 34 of the Federal Rules of Civil Procedure

10      Royal objects to McGladrey's definition of the term "electronic data" in McGladrey's Definition No. 42 on the grounds that it is unduly burdensome and overbroad insofar as it purports to impose on Royal requirements beyond those provided for in the Federal Rules of Civil Procedure and case law.

11      Royal objects to McGladrey's Instruction No  2 regarding the preparation of a privilege log, and will identify any responsive documents withheld on the grounds that it is protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege consistent with the requirements of the Federal Rule of Civil Procedure 26(b)(5).

12.     The responses provided herein are based on information collected and/or reviewed for the purpose of responding to these requests.  Not all of the responses are prepared from the personal knowledge of any single individual.

## DOCUMENTS REQUESTED

1       All documents and electronic data concerning SFC.

## OBJECTIONS AND RESPONSE:

Royal objects to this request as vague, overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

- 4 -

2    All documents and electronic data concerning the subject matter of this litigation, or the events or documents described in the First Amended Complaint in this matter ("FAC"), including but not limited to all documents described, quoted or referenced in the FAC.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague, overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

3.    All documents and electronic data concerning Royal's communications with SFC

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad and unduly burdensome

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control

4.    All documents and electronic data concerning Royal's internal communications related to SFC.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control

5.    All documents and electronic data concerning Royal's external communications related to SFC with any person or entity, including but not limited to SFC, the brokers, the truck schools, the students, Wells Fargo, MBIA, Grant Thornton, McGladrey, FMB, FMSM, BDO, Michael Aquino, Jeff Westad, SWH, Pepper Hamilton, Gagne, PNC, Market Street, Wilmington Trust, Loofbourrow, the Trustee, Baker & Associates, Finova, Berwyn Holdings, Arthur Andersen, Solomon Smith Barney, Nielsen Electronics, AIU Insurance, Bankers Trust, XL and Eagle Funding

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

       6     All documents and electronic data concerning Royal's communications with any insurer or reinsurer concerning SFC, including but not limited to any attempts made by Royal to obtain insurance or reinsurance related to SFC and/or any notification sent by Royal to any insurer or reinsurer concerning SFC, and including but not limited to all responsive emails and any electronic data related to such emails.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague, overbroad, unduly burdensome, and seeks

documents that are neither relevant to the claims in this case nor reasonably calculated to lead to

discovery of evidence admissible in a trial of this litigation.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection applicable reinsurance treaties, if any,

applicable to SFC.

       7.     All documents and electronic data concerning communications between or among SFC, the brokers, the truck schools, the students, Wells Fargo, MBIA, Grant Thornton, McGladrey, FMB, FMSM, BDO, Michael Aquino, Jeff Westad, SWH, Pepper Hamilton, Gagne, PNC, Market Street, Wilmington Trust, Loofbourrow, the Trustee, Baker & Associates, Finova, Berwyn Holdings, Arthur Andersen, Solomon Smith Barney, Nielsen Electronics, AIU Insurance, Bankers Trust, XL and Eagle Funding concerning SFC or the subject matter or events described in the FAC.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

       8     All documents and electronic data concerning the brokers, the truck schools, the students, Wells Fargo, MBIA, Grant Thornton, McGladrey, FMB, FMSM, BDO,

Michael Aquino, Jeff Westad, SWH, Pepper Hamilton, Gagne, PNC, Market Street, Wilmington Trust, Loofbourrow, the Trustee, Baker & Associates, Finova, Berwyn Holdings, Arthur Andersen, Solomon Smith Barney, Nielsen Electronics, AIU Insurance, Bankers Trust, XL and Eagle Funding concerning SFC

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it has made or will make available for inspection responsive and non-privileged documents in its possession, custody or control.

9.     All documents and electronic data concerning SFC's financial statements.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

10.     All documents and electronic data concerning SFC's reserves, including without limitation its school reserves, in-school reserves, post-graduation reserves and cash escrow reserve accounts.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

11     All documents and electronic data concerning SFC's student loan programs, including without limitation the prime, subprime, four-year and/or career school programs

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

12.    All documents and electronic data concerning SFC's loan pools, including without limitation the assigned, unassigned and securitized pools

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

13.    All documents and electronic data concerning SFC's accounting policies, procedures, or practices, including but not limited to all Royal communications relating to SFC's accounting policies, procedures, or practices.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

14.    All documents and electronic data concerning any person or entity that provided audit or accounting services to SFC, including but not limited to McGladrey, FMB, FMSM, BDO, Dennis Halterman, Thomas Whelans, Michael Aquino, or Jeff Westad.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

15    All documents and electronic data concerning any Audit or Accounting Reports.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague, overbroad, unduly burdensome, and to the extent it seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

16.   All documents and electronic data concerning any Audit or Accounting Reports that Royal received, including but not limited to documents concerning Royal's actual receipt of such Audit or Accounting Reports, documents that identify the date each Audit or Accounting Report was received by Royal, as well as by whom they were sent, by whom they were received, from where they were sent and where they were received.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague, overbroad, unduly burdensome, and to the extent it seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

17.   All documents and electronic data concerning Royal's reliance on any Audit or Accounting Reports, including but not limited to documents that identify by whom such Audit or Accounting Reports were reviewed or analyzed and how, the actions taken by such individuals following such review or analysis, and any communications concerning such review or analysis, including but not limited to all responsive emails and any electronic data related to such emails.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague, overbroad, unduly burdensome, and to the extent it seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control

18.    All documents and electronic data concerning Agreed Upon Procedures
(AUPs) or draft AUPs related to SFC, including but not limited to all reports concerning such
AUPs or draft AUPs, and all communications concerning such AUPs or draft AUPs, including
but not limited to all responsive emails and any electronic data related to such emails.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague, overbroad, unduly burdensome, and to the extent it

seeks documents that are neither relevant to the claims in this case nor reasonably calculated to

lead to discovery of evidence admissible in a trial of this litigation.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

19.    All documents and electronic data concerning any AUPs or draft AUPs
that Royal received related to SFC, including but not limited to documents concerning Royal's
actual receipt of such AUPs or draft AUPs, documents that identify the date each AUP or draft
AUP was received by Royal as well as by whom such AUPs or draft AUPs were sent, by whom
they were received, from where they were sent and where they were received.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

20.    All documents and electronic data concerning Royal's reliance on any
AUPs or draft AUPs, including but not limited to documents that identify by whom such AUPs
or draft AUPs were reviewed or analyzed and how, the actions taken by such individuals
following such review or analysis, and any communications concerning such review or analysis,
including but not limited to all responsive emails and any electronic data related to such emails.

**OBJECTIONS AND RESPONSE:**

- 10 -

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control

21      All documents and electronic data concerning any alleged
misrepresentation or omission contained in any Audit or Accounting Report, AUPs or draft
AUPs related to SFC, or the financial statements of SFC.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it has made or

will make available for inspection responsive and non-privileged documents in its possession,

custody or control.

22.      All documents and electronic data concerning Michael Aquino's or
McGladrey' s alleged negligence or negligent misrepresentations in any Audit or Accounting
Reports, or in any AUPs or draft AUPs.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

23.      All documents and electronic data concerning allegations that Michael
Aquino or McGladrey knew or should have known that Royal would receive or rely on the Audit
or Accounting Reports

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control

24.      All documents and electronic data concerning Michael Aquino's or
McGladrey's alleged commission, conspiracy to commit, or aiding and abetting the commission
of fraud against Royal, or aiding and abetting an alleged breach of fiduciary duty by SFC.

**OBJECTIONS AND RESPONSE:**

- 11 -

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control

       25.     All documents and electronic data concerning Michael Aquino's or
McGladrey's alleged knowledge that SFC was insolvent or on the brink of insolvency when it
issued its Audit Report for the year ended December 31, 2000.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

       26     All documents and electronic data concerning the alleged "RICO
Enterprise" alleged in FAC Count I, including but not limited to documents concerning the
alleged association in fact between SFC, SMS, SLS, Pepper, McGladrey, FMB and FMSM

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

       27.     All documents and electronic data concerning the alleged advice by
Michael Aquino described in FAC ¶ 148.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

       28.     All documents and electronic data concerning any acts allegedly
constituting mail or wire fraud by Michael Aquino.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

29. All documents and electronic data concerning the alleged conspiracy described in FAC ¶¶168-184.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

30. All documents and electronic data concerning when Royal first became aware of Michael Aquino's or McGladrey's alleged wrongful conduct related to SFC, including but not limited to documents concerning the allegation in ¶ 71 of the FAC regarding Royal's purported discovery in the fall of 2004.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

31. All documents and electronic data concerning statements made by McGladrey and its current and former personnel concerning the subject matter of this action. (The term "statements" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 26(b)).

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

32. All documents and electronic data concerning the Transactions, including but not limited to communications, negotiations, modifications or amendments related to the Transactions and/or any closing binders, private placement memoranda, agreements, guarantees, notes and/or Credit Risk Insurance Polices.

**OBJECTIONS AND RESPONSE:**

- 13 -

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control

33    All documents and electronic data concerning the indenture trustee to any
of the Transactions, including but not limited to any reports generated or issued by any such
trustee, and all correspondence and communications between or among such trustee, Royal, SFC
or any person or entity related to the Transactions.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

34.    All documents and electronic data concerning any Pooling and Servicing
Agreement, Excess Spread Reserve Escrow Agreement and/or any Excess Spread Reserve
Agreement related to any Transaction, including but not limited to documents and electronic data
concerning any reports relating to all such agreements.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

35.    All documents and electronic data concerning the performance of the
student loans and/or the Transactions, including but not limited to any reports, study or analysis
relating to the student loans and/or the Transactions.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

36    All documents and electronic data concerning the reserves relating to the Transactions, including without limitation the liquidity reserve, express spread reserve, experience account, commutation account, loan loss reserve, debt service reserve fund, student loan reserve fund, cash reserve account, acquisition fund and/or student loan portfolio fund.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague and ambiguous

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

37.    All documents and electronic data concerning the receipt, review and analysis of student loan files by any third party, including but not limited to documents concerning Royal's receipt of student loan files, the receipt and review of loan files by Wells Fargo, MBIA, Wilmington Trust and/or PNC, and any communications with SFC regarding the receipt and review of student loan files.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

38.    All documents and electronic data concerning the payment, use, reporting, categorization or application by SFC of funds received on any student loan.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

39.    All documents and electronic data concerning any account relating to the Transactions, including without limitation the Lock Box Account, Collection Account, Payahead Account, Disbursement Account, including without limitation as any reports relating to any such accounts

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control

      40.    All documents and electronic data concerning the Interest Only Strip or Interest Only Certificates relating to the Transactions, including without limitation the purchase of any such strips or certificates by SFC, the use of funds from those strips or certificates, the sale, pledge or assignment of those strips or certificates and all communications regarding those strips or certificates.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

      41    All Servicer Reports and any related back-up servicer tape concerning SFC and all documents concerning the Servicer Reports and any related back-up servicer tape, including but not limited to all studies, plans or analyses related to the Servicer Reports or any related back-up servicer tape.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

      42.    All documents concerning the negotiation, formation and approval of the Servicer Reports and any amendments or modifications thereto.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

      43.    All documents and electronic data concerning any reports related to the student loans, including but not limited to any delinquency and/or default reports and any electronic copies of same

**OBJECTIONS AND RESPONSE:**

- 16 -

Royal objects to this request as overbroad and unduly burdensome

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

44.     All documents and electronic data concerning the students, Student Loans and/or the truck schools, including but not limited to the student loan agreements; the demographics, credit ratings, educational background, graduation and withdrawal rates of students from the truck schools; efforts to collect, service and recover amounts due on the student loans; and students' receipt of financial aid and job placement assistance

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague, overbroad, and calls for documents that constitute confidential and proprietary information

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

45.     All documents and electronic data concerning the Credit Risk Insurance Policies (including the policies identified at FAC ¶¶ 37, 49, and 51(a)-(i)), including but not limited to any amendments, supplements, restatements or endorsements to such Credit Risk Insurance Policies.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving  its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

46.     All documents and electronic data concerning Royal's underwriting or risk management manuals, guidelines, policy and procedures manuals, due diligence procedures, or credit underwriting procedures applicable to or potentially applicable to SFC or any Credit Risk Insurance Policy.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it seeks documents that constitute or contain confidential and/or proprietary information, absent the entry of an appropriate protective order

restricting the use of such documents to this action and allowing Royal to maintain the confidentiality of such documents  Royal further objects to this request on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents not used by or related to Royal's Financial Enhancement Unit, the unit which wrote the SFC Policies at issue in this case.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

47    All documents and electronic data concerning Royal's compliance or lack of compliance with its underwriting or risk management manuals, guidelines, policy and procedures manuals, due diligence procedures, or credit underwriting procedures applicable to or potentially applicable to SFC or any Credit Risk Insurance Policy.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents not used by or related to Royal's Financial Enhancement Unit, the unit which wrote the SFC Policies at issue in this case.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

48.    All documents and electronic data concerning Royal's business plans or marketing studies relating to the issuance of insurance policies for asset-backed securities, student loans, or credit-risk insurance policies.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

49.    All documents and electronic data concerning any actual or potential transaction, agreement, loan, program or any other business relationship related to SFC.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

50.    All documents and electronic data concerning any credit rating agency related to SFC, including but not limited to Standard & Poor's and Moody's.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague and ambiguous.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control related to any rating of the Transactions or SFC.

51.    All documents and electronic data concerning any formal or informal commitment given by Royal regarding the issuance, amendment, expansion, commutation, endorsement or renewal of Credit Risk Insurance Policies.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

52.    All documents and electronic data concerning the repurchase, removal, withdrawal, replacement or "swapping" of student loans covered under the Credit Risk Insurance Policies.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

53    All documents and electronic data concerning any premiums, fees, consideration or income received by Royal as a result of the Credit Risk Insurance Policies

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control sufficient to show the premiums or other income earned by Royal on the SFC-related Credit Risk Insurance Policies.

54.    All documents and electronic data concerning Royal's decision to issue, amend, expand, commute, endorse or renew a Credit Risk Insurance Policy, including but not limited to any due diligence, investigation or review conducted by Royal in connection with the issuance, amendment, expansion, commutation, endorsement or renewal of a Credit Risk Insurance Policy.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

55.    All documents and electronic data concerning services, advice, opinions, studies, plans or analyses given to Royal by any lawyer, accountant, auditor, consultant, broker, advisor or any similar professional concerning SFC

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and as not reasonably calculated to lead to the discovery of admissible evidence

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

56    All documents and electronic data concerning any Risk Assessment Model used by Royal relating to the Credit Risk Insurance Policies, including but not limited to any reports, analysis, or communications concerning data or results generated by such Risk Assessment Model, and including but not limited to all electronic copies of any Risk Assessment Model used by Royal concerning SFC

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

57.    All documents and electronic data concerning information requested of SFC by or on behalf of Royal relating to the issuance, modification, expansion, commutation, endorsement or renewal of the Credit Risk Insurance Policies and all documents concerning SFC's responses to such requests.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

58    All documents and electronic data concerning information requested of SFC by or on behalf of Royal relating to the students, student loans and/or the truck schools and all documents and electronic data concerning SFC's responses to such requests.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

59.    All documents and electronic data concerning information requested of SFC by or on behalf of Royal relating to the Transactions and all documents concerning SFC' s responses to such requests.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

60.    All documents and electronic data concerning any investigation or due diligence performed by or on behalf of Royal concerning SFC's loan program, financial condition, default rate, or forbearance program.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

61.    All documents and electronic data concerning the "underwriting guidelines" referenced in FAC ¶ 34.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

62.    All documents and electronic data concerning delinquency or default rates relating to the student loans.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad and vague.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

63.    All documents and electronic data concerning servicer advances.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad and vague

- 22 -

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

64.    All documents and electronic data concerning Royal's knowledge of the student loan delinquency or default rates; including but not limited to documents concerning the timing of the delinquencies and defaults, pre-payments of the student loans, and the handling, accounting or reporting of student loan delinquencies, defaults and pre-payments

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

65.    All documents and electronic data concerning Royal's knowledge of or concern with the actual or student loan pre-payment, delinquency or default rates and all documents reflecting any actions taken by or on behalf of Royal resulting from such knowledge or concern.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

66.    All documents and electronic data concerning SFC's cash flows, including but not limited to documents concerning Royal's knowledge of, interest in or attempts to understand SFC's cash flows.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague and overbroad.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

67.    All documents and electronic data concerning financial modeling by SFC, including any such financial modeling provided to Royal as discussed in ¶ 57 of the FAC

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

68.    All documents and electronic data concerning the March 20, 2002 conference call between SFC and Royal.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

69    All documents and electronic data concerning any alleged fraud perpetrated or committed by SFC against Royal.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

70    All documents and electronic data concerning any alleged omissions, misrepresentations, or false or misleading statements or data provided by SFC to Royal.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

71    All documents and electronic data concerning SFC's alleged withdrawal of profits from the student loan program or the Transactions.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

72    All documents and electronic data concerning SFC distributions to Andrew Yao or any entity in which Yao had an interest, directly or indirectly.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

73    All documents and electronic data concerning any agreements between SFC and the truck schools, including but not limited to the truck school agreements referenced in FAC ¶44.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad.

Subject to and without waiving the foregoing objection and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

74.    All documents and electronic data concerning any alleged fraud or fraudulent conspiracy engaged in by SFC and the truck schools, including but not limited to documents concerning the purported truck school fraud discussed in ¶¶ 60-63 of the FAC.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control

- 25 -

75.    All documents and electronic data concerning any insurance or fidelity bond SFC obtained or attempted to obtain related to acts of fraud.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

76    All documents and electronic data concerning the alleged "deepening insolvency" of SFC.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

77.    All documents and electronic data concerning SFC's potential for bankruptcy, dissolution or inability to continue doing business were Royal to discontinue doing business with SFC.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

78.    All documents and electronic data concerning SFC operating as an alleged Ponzi scheme.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

79    All documents and electronic data concerning any policies or procedures related to SFC and its business, accounting, or operations.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague and overbroad

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control

       80.    All documents and electronic data concerning any payments made by SFC on the student loans

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague and overbroad.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

       81.    All documents and electronic data concerning any payments made by the truck schools on the student loans.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague and overbroad.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

       82    All documents and electronic data concerning any money advanced by SFC to the Grantor Trusts.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague, ambiguous and overbroad

Subject to and without waiving the foregoing objection and its General Objections, Royal

states that it will make available for inspection responsive and non-privileged documents in its

possession, custody or control

       83    All documents and electronic data concerning SFC's forbearance program, including but not limited to any SFC policies or procedures related to its forbearance program,

criteria related to SFC's forbearance program, and any communications with Royal related to SFC forbearance.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as vague and overbroad

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

84. All documents and electronic data concerning "ghost" payments, forbearance payments or "Ponzi" payments as those terms are used in the FAC, including all documents reflecting Royal's knowledge of or concern with such ghost payments, forbearance payments or Ponzi payments or with the effects of such ghost payments, forbearance payments or Ponzi payments on SFC or Royal.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

85. All documents and electronic data concerning "seasoning" payments as that term is used in the FAC.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

86. All documents and electronic data concerning Kirk Monteverde, the individual discussed in ¶ 65 of the FAC.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

- 28 -

87    All documents and electronic data concerning the allegations made in ¶ 66 of the FAC

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

88.    All documents concerning any audit, review or investigation of SFC conducted by Royal, the Trustee, the brokers or any other person or entity.

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

89.    All documents and electronic data concerning Royal's retention of Grant Thornton, including but not limited to documents concerning any investigation or review performed by Grant Thornton related to SFC, documents obtained or reviewed by Grant Thornton concerning such investigation or review, all communications related to such investigation or review (including but not limited to all responsive emails and any electronic data related to such emails), and any reports or memoranda concerning such investigation or review.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it seeks Grant Thornton documents unrelated to Grant Thornton's investigation of SFC.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

90.    All documents and electronic data concerning communications between any United States affiliate or subsidiary of Royal and Royal & Sun Alliance Insurance Group Plc. relating to SFC

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and

seeks documents that are neither relevant to the claims in this case nor reasonably calculated to

lead to discovery of evidence admissible in a trial of this litigation.  Royal also objects to this

request to the extent it purports to seek documents that are not in Royal's possession or control

but are in the possession and control of one of Royal's affiliates

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

91.    All documents and electronic data concerning any financial, operations, or
strategic reports, studies, plans or analyses exchanged between any United States affiliate or
subsidiary of Royal and Royal Sun Alliance Plc. during the years 1999 though and including
2002.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and

seeks documents that are neither relevant to the claims in this case nor reasonably calculated to

lead to discovery of evidence admissible in a trial of this litigation.

92.    All documents and electronic data concerning the allegations made in ¶ 29
of the Complaint in *Student Finance Corporation v. Royal Indemnity Company*, 02-11620 (LK)
(Bank D. Del.) ("SFC/Royal Action"), including but not limited to Royal discontinuing the
business of issuing credit risk insurance in the United States, and any communications between
Royal and its "parent in the United Kingdom."

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it is based on allegations made against Royal in

another, unrelated action and not on allegations made by Royal.  Royal further objects to this

request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are

neither relevant to the claims in this case nor reasonably calculated to lead to discovery of

evidence admissible in a trial of this litigation

- 30 -

93.    All documents and electronic data concerning the allegations made in ¶ 33 of the SFC/Royal Action, including but not limited to Royal's February 2002 proposal to SFC that Royal "would consider providing credit risk insurance for another securitization if SFC agreed to borrow money from Royal to be used to make 'forbearance payments.'"

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it is based on allegations made against Royal in

another, unrelated action and not on allegations made by Royal  Royal further objects to this

request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks

documents that are neither relevant to the claims in this case nor reasonably calculated to lead to

discovery of evidence admissible in a trial of this litigation.

94    All documents and electronic data concerning the allegations made in ¶ 36 of the SFC/Royal Action, including but not limited to any SFC recovery plans and/or the Claims and Recovery Purchase Plan.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it is based on allegations made against Royal in

another, unrelated action and not on allegations made by Royal  Royal further objects to this

request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks

documents that are neither relevant to the claims in this case nor reasonably calculated to lead to

discovery of evidence admissible in a trial of this litigation.

95.    All documents and electronic data concerning any Related Royal Litigation, including but not limited to pleadings; subpoenas, interrogatories, requests for admission, or requests for production served by Royal in the Related Royal Litigation, and any responses thereto; interrogatories, requests for admission, or requests for production served on Royal in the Related Royal Litigation, and any responses thereto; depositions, and electronic copies of such, taken in the Related Royal Litigation; trial transcripts, including electronic copies of such, from any trial in the Related Royal Litigation; and all documents produced by or to Royal in the Related Royal Litigation.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and

seeks documents that are neither relevant to the claims in this case nor reasonably calculated to

lead to discovery of evidence admissible in a trial of this litigation

- 31 -

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control in the nature of interrogatory answers and answers to

requests to admit served by Royal and deposition testimony

96.    All documents and electronic data concerning the February 11, 2000 discussion identified in *MP III Holdings, Inc.'s Second Amended Answer And Counterclaim* (August 16, 2005) ("MPIII") at ¶ 120.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it is based on allegations made against Royal in

another, unrelated action and not on allegations made by Royal. Royal further objects to this

request as vague.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

97.    All documents and electronic data concerning the March 6, 2000 teleconference and memorandum identified at MPIII ¶ 105.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it is based on allegations made against Royal in

another, unrelated action and not on allegations made by Royal. Royal further objects to this

request as vague.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

98      All documents and electronic data concerning the September 28, 2000 email identified at MPIII ¶¶ 6, 8, 44-49, including but not limited to all questions, models, forecasts and financial statements referred to in that email, and all documents, analyses, notes, memoranda, emails and correspondence concerning that email and concerning all documents, issues and events referred to in that email

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it is based on allegations made against Royal in

another, unrelated action and not on allegations made by Royal. Royal further objects to this

request as vague

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control

99.      All documents and electronic data concerning the emails identified at MPIII ¶ 94 (October 26, 2001); MPIII ¶ 95 (June 4, 1999); MPIII ¶ 108 (April 3, 2001); MPIII ¶ 109 (April 5, 2001); MPIII ¶ 110 (April 17, 2001); MPIII ¶ 111 (May 23, 2001); MPIII ¶ 116 (undated); MPIII ¶ 117 (June 4, 1999); MPIII ¶ 118 (June 10, 1999); MPIII ¶ 119 (June 15, 1999); MPIII ¶ 121 (March 21, 2000); MPIII ¶ 122 (March 31, 2000); MPIII ¶ 123 (September 15, 2000); MPIII ¶ 124 (October 4, 2000); MPIII ¶ 125 (October 6, 2000); MPIII ¶ 126 (October 24, 2000); MPIII ¶ 127 (December 15, 2000); MPIII ¶ 128 (February 2, 2001); MPIII ¶ 129 (March 13, 2001), MPIII ¶ 130 (March 26, 2001) MPIII ¶ 131 (April 5, 2001); MPIII ¶ 132 (April 6, 2001); MPIII ¶ 133 (April 9, 2001); MPIII ¶ 134 (April 20, 2001); MPIII ¶ 135 (April 24, 2001); MPIII ¶ 136 (April 25, 2001); MPIII ¶ 137 (May 1, 2001); MPIII ¶ 138 (May 7, 2001); MPIII ¶ 139 (May 13, 2001); MPIII ¶ 140 (July 5, 2001); MPIII ¶ 141 (July 10, 2001); MPIII ¶ 142 (September 17, 2001); MPIII ¶ 143 (September 26, 2001); MPIII ¶ 144 (December 4, 2001); MPIII ¶ 148 (January 25, 2002); MPIII ¶ 151 (April 15, 2002); MPIII ¶ 152 (April 21, 2002).

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it is based on allegations made against Royal in

another, unrelated action and not on allegations made by Royal. Royal further objects to this

request as vague.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

100    All documents and electronic data concerning the November 2, 2000 communication identified in the *Answer, Additional Defenses and Amended Counterclaim and Cross-Claim* ("CDI/TDI") at ¶ 142, filed by the Defendants in *Royal Indemnity Company, v. Commercial Driver Institute, Inc., et al.*, on December 22, 2004.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it is based on allegations made against Royal in

another, unrelated action and not on allegations made by Royal

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control

101.    All documents and electronic data concerning the emails identified at CDI/TDI ¶ 134 (May 10, 2000), CDI/TDI ¶ 135 (June 26, 2000), and CDI/TDI ¶ 147 (February 7, 2001).

**OBJECTIONS AND RESPONSE:**

Royal objects to this request to the extent it is based on allegations made against Royal in

another, unrelated action and not on allegations made by Royal.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

102.    All documents and electronic data concerning any settlement agreement with or dismissal of any party to the Related Royal Litigation.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and

seeks documents that are neither relevant to the claims in this case nor reasonably calculated to

lead to discovery of evidence admissible in a trial of this litigation. Royal objects to this request

to the extent it seeks documents that constitute or contain confidential and/or proprietary

information, absent the entry of an appropriate protective order restricting the use of such

documents to this action and allowing Royal to maintain the confidentiality of such documents.

- 34 -

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available the amounts of any settlement to the extent it can

consistent with the terms of the respective settlement agreement

103.    All documents and electronic data concerning any damages claimed by Royal

**OBJECTIONS AND RESPONSE:**

Subject to and without waiving its General Objections, Royal states that it will make

available for inspection responsive and non-privileged documents in its possession, custody or

control.

104.    Documents sufficient to show the claims made under the Credit Risk Insurance Policies, and amounts, recipients, and dates of payments made by Royal to beneficiaries under the Credit Risk Insurance Policies

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad, vague and unduly burdensome.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

105.    All documents and electronic data concerning any reserves set by Royal for financial reporting purposes concerning SFC.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and

seeks documents that are neither relevant to the claims in this case nor reasonably calculated to

lead to discovery of evidence admissible in a trial of this litigation.

106.    Organizational charts for Royal, including but not limited to organizational charts concerning companies participating in the underwriting of insurance policies issued by Royal.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for non-privileged organizational charts for Royal's Financial Enhancement Unit.

107    Documents sufficient to identify Royal's organizational structure and employee directories, including but not limited to boards, committees, departments, internal organizations, and departments of Royal and their respective members.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection non-privileged organizational charts for Royal's Financial Enhancement Unit.

108.    All documents concerning the employee files, rolodexes, phone message logs, calendars, appointment books, and address books (whether kept in hard copy or an electronic format) of the following Royal employees:

        a.     William Hibberd;
        b.     Tony McKenzie;
        c.     Robert Van Epps;
        d      David Schneider;
        e.     B.J. Rood
        f.      David Schneider;
        g.     Tonda Hornbeck;
        h.     David King;
        i.      Gil Chandler;
        j.      John Tighe;
        k.     Vincent Pugliese
        l.      Larry Gowen
        m.    Ruth Earnshaw and
        n      Rod Hoover.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation.

       109    All annual and quarterly reports for Royal.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection reports filed by Royal Indemnity Company filed in its state of incorporation, Delaware

       110    Documents sufficient to identify Royal's policy holder surplus for each year from 1996 to the present.

**OBJECTIONS AND RESPONSE:**

Except to the extent, if any, reflected in documents produced by Royal in response to request 109, Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation.

       111    All documents concerning whether Royal could issue, amend, renew, or carry the Credit Risk Insurance Policies consistent with statutory or regulatory requirements concerning Royal.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims in this case nor reasonably calculated to lead to discovery of evidence admissible in a trial of this litigation

112    All documents filed by Royal with the Securities & Exchange Commission and any documents filed with any insurance regulatory authority or any other state or federal governmental entity relating to SFC

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and

seeks documents that are neither relevant to the claims in this case nor reasonably calculated to

lead to discovery of evidence admissible in a trial of this litigation.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection reports filed by Royal Indemnity Company

filed in its state of incorporation, Delaware.

113.    All documents and electronic data concerning any inquiry made of Royal by any state or federal agency or regulatory body and any responses thereto.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request on the grounds that it is overbroad, unduly burdensome, and

seeks documents that are neither relevant to the claims in this case nor reasonably calculated to

lead to discovery of evidence admissible in a trial of this litigation.

114.    All documents and electronic data concerning statements made by SFC, the brokers, the truck schools, the students, Wells Fargo, MBIA, Grant Thornton, McGladrey, FMB, FMSM, BDO, Michael Aquino, Jeff Westad, SWH, Pepper Hamilton, Gagne, PNC, Market Street, Wilmington Trust, Loofbourrow, the Trustee, Baker & Associates, Finova, Berwyn Holdings, Arthur Andersen, Solomon Smith Barney, Nielsen Electronics, AIU Insurance, Bankers Trust, CorTrust, XL and Eagle Funding and any of those entities current and former personnel concerning the subject matter of this action.  (The term "statements" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 26(b)).

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad, vague and unduly burdensome.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control

- 38 -

115.   All documents and electronic data concerning any expert witness that you intend to call at trial in this case, including but not limited to curriculum vita or resumes for any such expert; all documents, reports, data, calculations, or other tangible material prepared by or at the direction of any such expert; all documents and things concerning the subject matter of the FAC that are within the possession, custody, or control of any such expert, including but not limited to reports, records, graphs, studies, charts, notes, photographs, slides, correspondence, written memoranda, impressions, conclusions, and opinions; and documents and things (including research, articles, or other professional literature, statements, reports, letters, tape recordings, photographs, device, memoranda, records, data, or studies) furnished to, supplied by, relied on, or considered by any such expert

**OBJECTIONS AND RESPONSE:**

In addition to their General Objections, Royal objects to this request as premature and as

seeking information beyond that required by the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Royal will identify expert witnesses and

produce related documents consistent with the scope of applicable scheduling orders in this case

and any applicable Federal Rules of Civil Procedure.

116.   Documents sufficient to identify Royal's document retention policy, including but not limited to retention of computer server backup tapes, voicemail backup, messaging by Blackberry, and instant messaging.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad, vague and unduly burdensome.

Subject to and without waiving the foregoing objections and its General Objections,

Royal states that it will make available for inspection responsive and non-privileged documents

in its possession, custody or control.

117.   All documents identified in any answer to any interrogatory in this case, or used by you in any way to respond to any interrogatory in this case.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request because Royal has not answered any interrogatories to date

in this matter and, as such, Royal cannot know what, if any, documents it may rely on.

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control at the appropriate time

118.    All documents requested by or produced to any other party to this action.

**OBJECTIONS AND RESPONSE:**

Royal objects to this request as overbroad, vague and unduly burdensome Royal further objects to this request to the extent it purports to require Royal to produce documents or information other than such documents and information Royal itself actually produces to any other party to this action

Subject to and without waiving the foregoing objections and its General Objections, Royal states that it will make available for inspection responsive and non-privileged documents in its possession, custody or control.

- 40 -

ASHBY & GEDDES

*Carolyn Hake*

Lawrence C. Ashby (I.D. #468)
Philip Trainer, Jr. (I.D. #2788)
Carolyn S. Hake (I.D. #3839)
Tiffany L. Geyer (I.D. #3950)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899
(302) 654-1888
(302) 654-2067 (Fax)

*Attorneys for Plaintiff*
*Royal Indemnity Company*

Michael H. Barr
Kenneth J. Pfaehler
Richard M. Zuckerman
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700
(212) 768-6800 (fax)
        and
Alan S. Gilbert
John I. Grossbart
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (fax)

Dated: October 18, 2005
162528 1

- 41 -

# EXHIBIT 32

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

October 5, 2006

**VIA EMAIL AND U.S. MAIL**

John I. Grossbart, Esquire
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606

Lisa A. MacVittie, Esquire
Sonnenschein Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005

Re:    Royal Indemnity Company v. Pepper Hamilton LLP, et al., Civil
Action No. 05-165-JJF

Dear John and Lisa:

In its First Request for Production to Royal ("RFP"), McGladrey & Pullen LLP requested responsive, non-privileged documents found in the possession of Royal's parent company in the United Kingdom ("Royal UK"). See RFP ¶ 1 ("The terms 'Royal' and 'you' mean Royal Indemnity Company, as well as its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys and representatives at the present time and, where applicable, during the time period relevant to this action."). Royal has not, to our knowledge, produced any such documents. It is apparent after review of Royal's production that the documents in the possession of Royal UK are highly relevant to the claims and defenses in this litigation. Given that we have recently learned that Royal UK is selling its US business operations, we need immediate confirmation that Royal will agree to produce such documents, and if not, the basis for your refusal to do so.

**WILLIAMS & CONNOLLY LLP**

John I. Grossbart, Esq.
Lisa A. MacVittie, Esq.
October 5, 2006
Page 2

Very truly yours,

Thomas H.L. Selby

cc: Christopher M. Winter, Esquire
  Jason M. Butler, Esquire

# EXHIBIT 33

**Hayes, Katherine**

| | |
|---|---|
| **From:** | Selby, Thomas |
| **Sent:** | Tuesday, October 24, 2006 1:16 PM |
| **To:** | Hayes, Katherine |
| **Subject:** | FW: Letter from T. Selby |

| | |
|---|---|
| **From:** | Selby, Thomas |
| **Sent:** | Tuesday, October 24, 2006 1:15 PM |
| **To:** | Mettler, Amber; 'mtieri@vedderprice.com'; 'John I Grossbart (jgrossbart@sonnenschein.com)'; 'Kenneth J Pfaehler (kpfaehler@sonnenschein.com)'; 'acastaybert@proskauer.com'; 'SObus@proskauer.com'; 'Donald Crecca'; 'jeickemeyer@vedderprice.com'; 'jwexler@vedderprice.com'; 'lgoodman@mdmc-law.com'; 'lmacvittie@sonnenschein.com'; 'Michael S. Waters'; 'nepstein@eckertseamans.com'; 'sshapiro@schnader.com'; 'eainslie@schnader.com'; 'DPelletier@Schnader.com'; 'Jason_Butler@aporter.com'; 'Glynn_Spelliscy@aporter.com'; 'Veronica_Rendon@aporter.com'; 'ekenny@mdmc-law.com' |
| **Cc:** | 'Winter, Christopher M.' |
| **Subject:** | RE: Letter from T. Selby |

I have not received a formal response to my letter of October 5, 2006. I understand however, from my conversations with John and Dan that Royal US is not willing to produce documents from the files of Royal UK. As you know, we believe these documents are within the "control" of Royal US, and plan to move to compel shortly. If your position has changed, please let me know by the close of business tomorrow. I am available to discuss this matter further if you wish, though we cannot delay filing our motion given the impending transaction relating to the relationship between Royal US and Royal UK.

| | |
|---|---|
| **From:** | Mettler, Amber |
| **Sent:** | Thursday, October 05, 2006 11:48 AM |
| **To:** | 'mtieri@vedderprice.com'; 'John I Grossbart (jgrossbart@sonnenschein.com)'; 'Kenneth J Pfaehler (kpfaehler@sonnenschein.com)'; 'acastaybert@proskauer.com'; 'SObus@proskauer.com'; 'Donald Crecca'; 'jeickemeyer@vedderprice.com'; 'jwexler@vedderprice.com'; 'lgoodman@mdmc-law.com'; 'lmacvittie@sonnenschein.com'; 'Michael S. Waters'; 'nepstein@eckertseamans.com'; 'sshapiro@schnader.com'; eainslie@schnader.com; 'DPelletier@Schnader.com'; 'Jason_Butler@aporter.com'; 'Glynn_Spelliscy@aporter.com'; 'Veronica_Rendon@aporter.com'; 'ekenny@mdmc-law.com' |
| **Cc:** | Selby, Thomas; Winter, Christopher M. |
| **Subject:** | Letter from T. Selby |

Please see the attached.

Amber M. Mettler
Williams & Connolly LLP
725 12th Street, NW
Washington, D.C. 20005
Tel: (202) 434-5638
Fax: (202) 434-5029
Email: amettler@wc.com

  << File: Ltr to Grossbart 10.05.061.PDF >>

# EXHIBIT 34

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, | ) |
| Plaintiff, | ) ) ) |
| | ) C.A. No. 05-165-JJF |
| v. | ) ) |
| PEPPER HAMILTON LLP, W. RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs PC, MCGLADREY & PULLEN, LLP and MICHAEL AQUINO, | ) ) ) ) ) |
| Defendants. | ) ) |

### ROYAL INDEMNITY COMPANY'S THIRD REQUEST FOR PRODUCTION TO DEFENDANT MCGLADREY & PULLEN LLP

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, plaintiff Royal Indemnity Company, by its attorneys Ashby & Geddes and Sonnenschein Nath & Rosenthal LLP, hereby requests that Pepper Hamilton LLP produce the requested documents for inspection and copying at the offices of Ashby & Geddes, 222 Delaware Avenue, Wilmington, Delaware 19899, within thirty (30) days of the service of this request, in accordance with the definitions and instructions which follow.

### DEFINITIONS

In this request for production, the following terms shall have the following meanings:

1. "Aquino" shall mean Michael Aquino, defendant in this action.

2. "Audit or Accounting Report" means any report concerning SFC or its financial statements issued by any auditor, accountant, or other similar professional, including without limitation any Independent Accountant's Report, Audit Report, or report on Agreed-Upon Procedures or "AUPs."

3.    "BDO" shall BDO Seidman LLP and its current or former principals, partners, officers, directors, employees, agents, representatives and attorneys, each person acting on its behalf or under its control and any parent, subsidiary, predecessor or affiliated corporation or entity.

4.    The term "concerning" means analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, compromising, containing, setting forth, showing, disclosing, explaining, summarizing, memorializing, pertaining to reflecting, commenting on, having to do with, relating to, or otherwise having any logical or factual connection with the subject matter of the document request. All the terms included in the definition of "concerning" and any of their derivations are themselves used synonymously with "concerning" when used in this request.

5.    "Document" shall have the meaning and scope provided for in Rule 34(a) of the Federal Rules of Civil Procedure and shall include, without limitation, all electronically stored data, including electronic correspondence and documents stored electronically.

6.    "Family Parties and Trusts" shall mean Pamela B. Gagné, Robert L. Bast, James T. Brennan Trust FBO W. Roderick Gagné, the James T. Brennan Trust FBO Elizabeth L. Gagné, the James T. Brennan Trust FBO Philip B. Gagné, the Elizabeth B. Brennan Trust, the Elizabeth B. Brennan Trust #2 FBO Elizabeth Gagné, and the Elizabeth B. Brennan Trust #2 FBO Philip B. Gagné.

7.    "Freed" shall mean Freed Maxick & Battaglia CPAs, Freed Maxick Sachs & Murphy, P.C., and their current or former principals, partners, officers, directors, employees, agents, representatives and attorneys, each person acting on its behalf or under its control and any parent, subsidiary, predecessor or affiliated corporation.

8. "Gagné" shall mean Roderick Gagné, defendant in this action.

9. "Institutional Reserve" shall have the meaning assigned to that phrase in paragraph 36 of Royal's First Amended Complaint.

10. "McGladrey & Pullen" shall mean McGladrey & Pullen, LLP and its current or former principals, directors, officers, employees, agents, representatives and attorneys, each person acting on its behalf or under its control and any parent, subsidiary, predecessor or affiliated corporation.

11. "Lore Yao" shall mean Lore Yao individually, and together with her attorneys, agents, representatives, or other persons acting or purporting to act on her behalf.

12. "Pepper" shall mean Pepper Hamilton LLP and its current or former principals, partners, directors, officers, employees, agents, representatives and attorneys, and each person acting on its behalf or under its control, and any parent, subsidiary, predecessor or affiliated corporation, that have possession of, custody of, control of, knowledge of, or responsibility for any document or information called for by these discovery requests.

13. "Royal" shall mean plaintiff Royal Indemnity Company, and its current or former principals, directors, officers, employees, agents and attorneys, each person acting on its behalf or under its control, and any parent, subsidiary, predecessor or affiliated corporation.

14. "School" or "schools" shall mean any entity at which at least one student received at least one SFC Loan between January 1, 1995 and December 31, 2002, their current or former principals, owners, officers, directors, partners, stockholders, shareholders, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, affiliates, divisions, successors, and predecessors, and all persons or entities currently or formerly acting or purporting to act on their behalf, whether authorized to do so or not.

3

15.    "SFC" shall mean any and all of Student Finance Corporation, Student Marketing Services, LLC ("SMS"), Student Loan Servicing, LLC ("SLS"), SFC Financial I, LLC, SFC Financial II, LLC, SFC Acceptance I, SFC Acceptance II, SFC Acceptance III, SFC Acceptance IV, SFC Acceptance V, SFC Acceptance VI, SFC Acceptance VII, SFC Acceptance VIII, SFC Acceptance IX, and their current or former principals, owners, officers, directors, partners, stockholders, shareholders, associates, employees, staff members, agents, representatives, attorneys, parents, subsidiaries, affiliates, divisions, successors, and predecessors, and all Persons or entities currently or formerly acting or purporting to act on its behalf, whether authorized to do so or not.

16.    "Westad" shall mean Jeff Westad.

17.    "Yao" shall mean Andrew Yao, individually and together with his attorneys, agents, representatives, or other persons acting or purporting to act on his behalf.

18.    "You" and "Your" means McGladrey as defined above.

## INSTRUCTIONS

For purposes of this request for production, the following instructions shall apply:

1.    Produce all Documents responsive to the numbered requests below as they are kept in the usual course of business or indicate in an appropriate manner to which of these specific document requests the Document or file applies.

2.    In producing the Documents requested, furnish all Documents within Your possession, custody or control, regardless of whether such Documents are possessed directly by You or by Your attorneys, agents, employees or representatives.

3.    With respect to any information and to each Document called for by these requests that you contend is protected by any privilege, work-product doctrine, or other