IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ROYAL INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-165-JJF |
| | ) | |
| PEPPER HAMILTON LLP, W. RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs, P.C., McGLADREY & PULLEN, LLP, MICHAEL AQUINO, and FREED MAXICK SACHS & MURPHY, P.C. | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF DEFENDANTS FREED MAXICK SACHS & MURPHY, P.C. AND FREED MAXICK & BATTAGLIA CPAs, P.C. IN OPPOSITION TO ROYAL INDEMNITY COMPANY'S MOTION TO COMPEL

### Preliminary Statement

Defendants Freed Maxick Sachs & Murphy, P.C. ("FMSM") and Freed Maxick & Battaglia CPAs, P.C. ("FMB") submit this memorandum in opposition to the motion of plaintiff Royal Indemnity Company ("Royal") to compel production of documents by FMSM and FMB, and by co-defendants McGladrey & Pullen, LLP ("McGladrey") and Michael Aquino ("Aquino"). As demonstrated herein – and in the opposition papers submitted by McGladrey and Aquino, portions of which FMSM and FMB join in and adopt by reference – the materials of which Royal seeks to compel production go beyond even the generous relevance boundaries established by the Federal Rules of Civil Procedure, in many cases are protected by the joint defense or common interest privilege, and/or are not subject to discovery at this stage of the litigation. Royal's motion should therefore be denied.

## ARGUMENT

Royal seeks to compel discovery of four separate categories of documents from FMB and FMSM by its motion.[1]  For the reasons set forth below, such discovery is inappropriate under the Federal Rules and decisions thereunder, and should therefore be denied.

**A.    Royal Is Not Entitled To Production Of Any Accountant's Manuals Maintained By FMSM While Aquino Was Employed There.**

Royal's principal justification for production of accountant's manuals for the period in which Aquino was affiliated with FMSM[2] is that a deviation from the provisions of such a manual might be evidence of scienter, *i.e.*, that FMSM knowingly issued a misleading audit report on SFC's financial statements for the year ended December 31, 1999.  However, such a deviation is no more probative on the issue of scienter than is a deviation from the standard of due professional care reflected in generally accepted auditing standards (GAAS).  In view of the decisions by many courts that allegations of a deviation from GAAS are not sufficient to demonstrate scienter (*see*, *e.g. Rothman v. Gregor*, 220 F.3d 81, 98 (2d Cir. 2000)), this rationale for production of the accountant's manuals is faulty at best, notwithstanding its acceptance in the two cases cited by Royal in its Memorandum (D.I. 300 at 3-4).  Moreover, to the extent that Royal seeks production of the manuals to bolster its negligence claims, it ignores the fact that a single firm's manual cannot be deemed probative as to the standard of due professional care,

---

[1]  Royal also seeks production of a fifth category of documents – performance evaluations, reviews or similar documents of Michael Aquino, Jeff Westad, Michael Colatrella and Morris Mashburn.  While FMSM and FMB would oppose production of such documents if they had any in their files, they do not, and so Royal does not seek production of such documents from FMB and FMSM on this motion. (D.I. 300 at 8, n.4)

[2]  Aquino was never employed by FMB and so there are no documents responsive to the request for manuals directed to FMB.

which is principally informed by professional standards adopted to govern the conduct of the accounting profession as a whole.

The authorities rejecting disclosure of accountant's manuals and their application here are discussed in further detail in Point A of the opposition memorandum submitted by McGladrey and Aquino, to which FMSM and FMB respectfully refer the Court and which FMSM and FMB join in and adopt.

**B.      Royal Is Not Entitled To Discovery Of Any Joint Defense Agreements Or Similar Documents Between FMSM Or FMB And Other Defendants.**

Royal's speculation that the existence of any agreement between any one or more of the defendants might indicate bias on the part of a particular witness is an insufficient basis for production of any written joint defense agreement or other document pertaining to an agreement between or among two or more of the defendants concerning the defense of this action.  The points and authorities contained in Point B of the opposition Memorandum of McGladrey and Aquino amply demonstrate that Royal's request for production of these documents – which in any event are subject to the joint defense and common interest privilege recognized by this Court and others (*see, e.g., Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189 (D. Del. 2004)) – is inappropriate and FMSM and FMB join in and adopt the arguments therein.

Moreover, FMB and FMSM do not have any written joint defense agreement, cooperation agreement, fee agreement or other similar agreement with any of the other defendants in this action.

**C.      Royal Is Not Entitled To Discovery Of Documents Concerning Any Relationship Between Or Among FMSM, McGladrey And/Or FMB.**

Royal's contention that any relationship between or among FMSM, McGladrey and/or FMB is somehow relevant to the liability issues in this action rests largely on submissions by FMB that have highlighted the fact that FMB – which came into existence only *after* the issuance

of the last of the financial statements on which Royal purports to have relied – was incorrectly sued by Royal at the outset of this action. In moving to dismiss Royal's First Amended Complaint, FMB was forced to point out that FMSM, not FMB, had issued the audit opinion on SFC's financial statements for the year ended December 31, 1999, and that FMSM still exists as a New York professional corporation. Royal thereafter moved for leave to amend its complaint to add FMSM as a defendant, which neither FMB nor FMSM opposed.

But Royal has continued to sow confusion in its Second and Third Amended Complaints by referring to these two separate entities by the term "Freed" without making any distinction between them. In an effort to alleviate this confusion, FMB and FMSM responded in separate answers – neither of which, contrary to Royal's contention, referred to the successorship issue. There is no dispute that FMSM was the entity which issued the opinion on SFC's December 31, 1999 financial statements, that FMB had not yet been formed when that opinion was issued in July 2000, and that FMB *never* issued any opinion on the financial statements of, or performed any services for, SFC. Since FMB indisputably did not commit any of the wrongful acts alleged by Royal, the only possible relevance of the so-called successorship issue is whether FMB might be responsible for answering any judgment against FMSM. But discovery aimed at the issue of whether collection may be had from a party is strongly disfavored during discovery on the merits and should be deferred until such time as it may be necessary. *See* Fed. R. Civ. P. 69(a); *cf. Sanderson v. Winner,* 507 F.2d 477 (10th Cir. 1974); *Gangemi v. Moor*, 268 F.Supp. 19 (D.Del. 1967).

Denial of Royal's motion is particularly appropriate here since Royal's initial naming of the wrong party – plainly ignoring the face of the financial statements on which it purports to base its claims and publicly available records concerning the existence and formation of these

New York corporations – is the only reason that non-actor FMB is before the Court at all. Royal should not be permitted to bootstrap its improper inclusion of FMB and its continuing undifferentiated allegations against "Freed" into premature discovery concerning matters that do not pertain to the merits. Finally, Royal fails completely to explain how documents pertaining to the relationship, if any, between or among FMSM, McGladrey and FMB are relevant to the issues raised by the pleadings in this case other than to note that FMB correctly stated, in its now-denied motion to dismiss, that Aquino was never an employee of FMB – a point which no party seriously controverts at this stage. Royal's motion to compel production of these documents should be denied.

**D.    Royal Is Not Entitled To Discovery Of Any Documents Relating To Aquino's Departure From FMSM.**

Royal has sought discovery of documents concerning Aquino's "departure" from FMSM and FMB. Since Aquino was never employed by, or a member of, FMB, there are no such documents with respect to FMB. FMSM and FMB responded to Royal's request by referring to its response to the request for documents concerning any relationship between or among FMSM, McGladrey and FMB since any responsive documents would be subsumed within the set of documents that would be responsive to the requests for documents concerning any FMSM-McGladrey-FMB relationship. Accordingly, FMSM refers the Court to Point C above, and to the portions of McGladrey's and Aquino's opposition memorandum that relate to these requests, which FMB and FMSM join in and adopt.

## CONCLUSION

For all the foregoing reasons, Royal's motion to compel production of documents by FMB and FMSM should be denied in all respects.

Dated:  November 20, 2006

PRICKETT, JONES & ELLIOTT, P.A.

By: _____
    James L. Holzman (Bar ID #663)
    J. Clayton Athey (Bar ID #4378)
    1310 King Street
    Wilmington, Delaware  19801
    (302) 888-6500
    jlholzman@prickett.com
    jcathey@prickett.com
    *Attorneys for Defendant Freed Maxick &*
    *Battaglia CPAs, PC and Freed Maxick Sachs*
    *& Murphy, PC*

OF COUNSEL:

John H. Eickemeyer (JE-8302)
Jonathan A. Wexler (JW-5587)
Marie A. Tieri (MT-0910)
VEDDER, PRICE, KAUFMAN
   & KAMMHOLZ, P.C.
805 Third Avenue
New York, New York  10022
(212) 407-7700
jeickemeyer@vedderprice.com
jwexler@vedderprice.com
mtieri@vedderprice.com

## CERTIFICATE OF SERVICE

I, J. Clayton Athey, hereby certify that on this 20th day of November, 2006, I caused a copy of the foregoing **MEMORANDUM OF DEFENDANTS FREED MAXICK SACHS & MURPHY, P.C. AND FREED MAXICK & BATTAGLIA CPAs, P.C. IN OPPOSITION TO ROYAL INDEMNITY COMPANY'S MOTION TO COMPEL** to be served on counsel for the parties in the manner specified:

VIA HAND DELIVERY

Lawrence C. Ashby, Esquire
Philip Trainer, Jr., Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

VIA HAND DELIVERY

Michael R. Lastkowski, Esquire
Christopher M. Winter, Esquire
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801

VIA HAND DELIVERY

John W. Shaw, Esquire
Dawn Marie Jones, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
Wilmington, DE 19899

VIA U.S. MAIL

Michael S. Waters, Esquire
McElroy Deutsch Mulvaney & Carpenter LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102

VIA HAND DELIVERY

William H. Sudell, Jr., Esquire
Daniel Butz, Esquire
Morris Nichols Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19899

VIA HAND DELIVERY

Karen Lee Turner, Esquire
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801

VIA U.S. MAIL

John I. Grossbart, Esquire
Steven L. Merouse, Esquire
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606

VIA U.S. MAIL

Neil G. Epstein, Esquire
Eckert Seamans Cherin & Mellott LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19102

VIA U.S. MAIL

Elizabeth K. Ainslie, Esquire
Schneider Harrison Segal & Lewis LLP
1600 Market Street, Suite 2600
Philadelphia, PA  19102


VIA U.S. MAIL

Andre G. Castaybert, Esquire
Proskauer Rose LLP
1585 Broadway
New York, NY  10036


VIA U.S. MAIL

Richard P. Swanson, Esquire
Veronica E. Rendon, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690

VIA U.S. MAIL

James J. Rodgers, Esquire
Laura E. Vendzules, Esquire
Andrew M. Marble, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA  19103-7595


VIA U.S. MAIL

Michael H. Barr, Esquire
Kenneth J. Phaehler, Esquire
Robert W. Gifford, Esquire
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY  10020-1089


VIA U.S. MAIL

Steven M. Farina, Esquire
Thomas H.L. Selby, Esquire
Amber M. Mettler, Esquire
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC  20005


_____
J. Clayton Athey (#4378)