IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY,<br>Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs, McGLADREY & PULLEN, LLP, MICHAEL AQUINO, and FREED MAXICK SACHS & MURPHY, P.C.<br>Defendants. | C.A. No. 05-165-JJF |

**MCGLADREY & PULLEN, LLP's and MICHAEL AQUINO's MEMORANDUM IN OPPOSITION TO ROYAL INDEMNITY COMPANY'S MOTION TO COMPEL <u>PRODUCTION OF DOCUMENTS</u>**

DUANE MORRIS LLP
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

ARNOLD & PORTER LLP
Veronica E. Rendon
Jason M. Butler
Glynn Spelliscy
399 Park Avenue
New York, NY 10022
Phone: 212-715-1000
Fax: 212-715-1399
Attorneys for McGladrey & Pullen, LLP
and Michael Aquino

WILLIAMS & CONNOLLY LLP
Steven M. Farina
Thomas H.L. Selby
Amber M. Mettler
725 12th Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029
Attorneys for Defendant McGladrey &
Pullen, LLP

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................................. 2
ARGUMENT .................................................................................................................................. 2
    A.    Royal's Request for McGladrey's Accountant's Manuals Should be Denied. 2

    B.    Royal's Motion to Compel Production of Documents Relating to Joint Defense, Joint Representation, Cooperation, Confidentiality or Other Agreements Between the Various Defendants Should be Denied. ...................................................... 6

    C.    Royal's Motion to Compel Documents Relating to Any Merger or Separation between McGladrey, FMB and FMSM Should be Denied ............................................. 8

    D.    Royal's Motion to Compel Documents Related to Michael Aquino's Departure from McGladrey Should be Denied. .............................................................. 9

    E.    Royal's Motion to Compel Documents From Employee Evaluations or Reviews Should be Denied. ........................................................................................... 9

CONCLUSION ........................................................................................................................... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bank Brussels Lambert v. Chase Manhattan Bank,*
  1996 WL 71507 (S.D.N.Y. 1996) ................................................................................... 7, 8

*In re Bevil, Bresler and Schulman, Inc.,*
  805 F.2d 120 (3d Cir. 1986) ............................................................................................ 7

*Closterman v. Liberty Mut. Ins. Corp.,*
  1995 WL 472105 (E.D.Pa 1995) .................................................................................... 10

*Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,*
  105 F.R.D. 16 (S.D.N.Y. 1984) ...................................................................................... 10

*Constar Int'l, Inc. v. Continental Pet Tech., Inc.,*
  2003 WL 22769044 (D. Del Nov. 19, 2003) .................................................................. 7

*Corning Inc. v. SRU Biosystems, LLC,*
  223 F.R.D. 189 (D. Del. 2004) ........................................................................................ 7

*In re Del-Val Financial Corp. Securities Litigation,*
  158 F.R.D. 275 (S.D.N.Y. 1994) .................................................................................... 10

*Fields v. Oliver Stores, Inc*
  1991 WL 44845 (S.D.N.Y. March 2, 1990) ................................................................... 5, 6

*LaForest v. Honeywell Int'l, Inc.,*
  2004 WL 1498916 (W.D.N.Y. July 1, 2004) .................................................................. 7, 8

*In re Mid American Waste Systems, Inc. Securities Litigation,*
  1997 WL 1045729 (D.N.J. Dec. 10, 1997) .................................................................... 4, 6

*New York Stock Exchange v. Sloan,*
  1976 WL 169086 (S.D.N.Y. October 21, 1976) ............................................................. 10

*Official Unsecured Creditors Comm. Of Media Vision Tech., Inc. v. Jain,*
  215 F.R.D. 587 (N.D. Cal. 2003) .................................................................................... 3

*Peat, Marwick, Mitchell & Co. v. Creditor's Comm. of Northeast Dairy Coop. Fed., Inc.,*
  65 B.R. 886 (N.D.N.Y. 1986) ......................................................................................... 3, 4

*Rothman v. Gregor*,
   220 F.3d 81 (2d Cir. 2000).................................................................................................5

*Stabilus v. Haynsworth, Baldwin, Johnson, and Greaves, P.A.*,
   144 F.R.D. 258 (E.D. Pa 1992)........................................................................................10

*In re Sunrise Securities Litigation*,
   130 F.R.D. 560 (E.D. Pa. 1989)......................................................................................10

*Tonnemacher v. Sasak*,
   155 F.R.D. 193 (D. Ariz. 1994)................................................................................4, 5, 6

*U.S. v. Doe*,
   429 F.3d 450 (3d Cir. 2005).............................................................................................7

*U.S. v. Stein*,
   435 F.Supp.2d 330 (S.D.N.Y. 2006).................................................................................9

*In re Worlds of Wonder Securities Litigation*,
   147 F.R.D. 214 (N.D. Cal. 1992)............................................................................2, 3, 4, 5

**PRELIMINARY STATEMENT**

On November 2, 2006, Plaintiff Royal Indemnity Company filed its Motion to Compel the production of documents by McGladrey & Pullen ("McGladrey") and Michael Aquino ("Aquino"), arguing that McGladrey and Aquino should be compelled to produce documents responsive to certain requests contained in Royal's Third and Fourth Requests for the Production of Documents. Royal's motion should be denied. McGladrey and Aquino have made well-founded objections based on relevance, privilege, and the protections afforded by well-established public policy.

**ARGUMENT**

**A.    Royal's Request for McGladrey's Accountant's Manuals Should be Denied.**

Royal argues that McGladrey should be compelled to produce: "The entire accountant's manual, or equivalent, for McGladrey for each year in which Aquino was an accountant at McGladrey." Royal's request should be denied. It is well settled that accountant's manuals are confidential trade secrets, and not subject to production unless the requesting party demonstrates that such trade secrets are highly relevant and necessary to its claims. Royal has failed to make such a showing.

The test for discoverability of a trade secret has three steps. *In re Worlds of Wonder Securities Litigation*, 147 F.R.D. 214, 216 (N.D. Cal. 1992). The party resisting discovery must establish that: (a) the requested documents are trade secrets, and that (b) the disclosure of the trade secrets might harm it. *Id.* Once these two facts are established, the burden shifts to the requesting party, which must establish that the disclosure of the trade secrets is both highly relevant and necessary to the action. *Id.*

It is indisputable that McGladrey's accountant's manuals are highly sensitive trade secrets, and that it would be harmed if the manuals were disclosed. It is well settled that accountant's or auditor's manuals are trade secrets under Rule 26(c)(7) of the Federal Rules of Civil Procedure. *In re Worlds of Wonder*, 147 F.R.D. at 216; *Official Unsecured Creditors Comm. Of Media Vision Tech., Inc. v. Jain*, 215 F.R.D. 587, 588 (N.D. Cal. 2003); *Peat, Marwick, Mitchell & Co. v. Creditor's Comm. of Northeast Dairy Coop. Fed., Inc.*, 65 B.R. 886 (N.D.N.Y. 1986).

Moreover, McGladrey will be harmed by the disclosure of these highly sensitive materials. Accounting manuals are unique proprietary materials, and the disclosure of these proprietary materials, especially to McGladrey's competitors, would cause McGladrey significant harm. *In re Worlds of Wonder Securities Litigation*, 147 F.R.D. at 216; *Peat, Marwick, Mitchell & Co. v. Creditor's Comm. of Northeast Dairy Coop. Fed., Inc.*, 65 B.R. 886, 889 (N.D.N.Y. 1986)

This harm would result despite the existence of a confidentiality order in this case. The confidentiality order states that materials designated as confidential shall not be used outside of this litigation (D.I. 121). Such protection is insufficient, however, because McGladrey would be harmed by the disclosure of the accountant's manuals within the litigation itself. As many courts have held, the accounting firms Royal has employed in the past and will employ in the future as experts in this case are McGladrey's direct competitors in the accounting industry, and the disclosure of McGladrey's accountant's manuals to its direct competitors would be devastating to McGladrey's business.[1] *See In re Worlds of Wonder Securities Litigation*, 147 F.R.D. at 216

---

[1] Royal has already employed McGladrey's competitors Grant Thornton and Weiser in this litigation and related litigations.

3

(dismissing a protective order as a mechanism for protecting the accounting firm from harm resulting from disclosure of its audit manuals noting, "the audit manuals represent thousands of hours of work and hundreds of thousands of dollars ... if they fell into the hands of a competitor, it would be disastrous." ); *Peat, Marwick, Mitchell & Co.*, 65 B.R. at 889. The confidentiality order is not adequate to protect McGladrey from harm.

Because McGladrey's accountants' manuals are highly sensitive trade secrets, and McGladrey would be harmed by their disclosure in this litigation, the burden shifts to Royal to demonstrate that the manuals are highly relevant and their production is necessary to Royal's claims. Royal has not and cannot meet this burden.

First, McGladrey's accountant's manuals are irrelevant to Royal's claims. Under well established caselaw, Royal must prove its claims of fraud and negligence by reference to the standards of care established by the relevant professional standards, such as Generally Accepted Accounting Principles ("GAAP") and Generally Accepted Auditing Standards ("GAAS"), and not McGladrey's internal standards. *In re Worlds of Wonder*, 147 F.R.D. at 216. Royal acknowledges this in its Third Amended Complaint when it sets forth the industry-wide professional standards by which the auditors' work should be evaluated. (D.I. 211). McGladrey's accountant's manuals do not define relevant industry-wide standards of care, nor do they alter McGladrey's obligations to conduct its audits or present its audited financial statements in accordance with such relevant industry-wide professional standards. *In re Worlds of Wonder*, 147 F.R.D. at 216; *Tonnemacher v. Sasak*, 155 F.R.D. 193, 195 (D. Ariz. 1994); *In re Mid American Waste Systems, Inc. Securities Litigation*, 1997 WL 1045729 (D.N.J. Dec. 10, 1997). Moreover, it would be contrary to public policy to allow discovery of accountant's manuals, as it would penalize accounting firms which set internal standards higher than those

that are followed by the industry. *In re Worlds of Wonder*, 147 F.R.D. at 216; *Tonnemacher*, 155 F.R.D. at 195.

Second, contrary to Royal's arguments, whether or not the auditors complied with McGladrey's internal standards is irrelevant to the issue of *scienter*. *Id.* As with negligence, the relevant inquiry for purposes of establishing *scienter* is whether the accountants intentionally deviated from the proper performance of their audits as determined by industry-wide professional standards (not internal ones), *id*, and even that is questionable. *See Rothman v. Gregor*, 220 F.3d 81, 98 (2d Cir. 2000) (allegations that accountants did not comply with GAAP and GAAS alone are not adequate to show *scienter*).

Third, the production of McGladrey's accountant's manuals is not necessary to Royal's claims since the auditors' workpapers (and not the accountant's manuals) are the best evidence to show how the accountants actually performed their work. *In re Worlds of Wonder*, 147 F.R.D. at 216 ("The workpapers show how Deloitte actually conducted the WOW audit and they can be compared with GAAS and GAAP."); *Tonnemacher*, 155 F.R.D. at 195. McGladrey has already produced the audit workpapers related to this engagement, and has further provided Royal with detailed interrogatory responses relating to the workpapers. Royal thus has all the documents necessary to establish its case.[2]

Finally, Royal has not provided any specific reason why the accountant's manuals are necessary. Royal has failed to identify even one instance in which the accountant's manuals are necessary to understand how the audit procedures were performed or the meaning of the

---

[2] Royal relies heavily on the *Fields v. Oliver Stores, Inc.* case in asserting that the audit manuals are the best determiner of how the accountants conducted the audit. 1991 WL 44845 (S.D.N.Y. March 2, 1990). Yet, the court in *Tonnemacher* rejected the reasoning of the *Fields'* court, holding that the opinion in *In re Worlds of Wonder*, which denied the production of accountant's manuals, is more persuasive. *Tonnemacher*, 155 F.R.D. at 195.

workpapers, which further evidences a lack of necessity. *Tonnemacher*, 155 F.R.D. at 195 (denying disclosure of accountant's manuals, noting "Plaintiffs have not identified any situation in which the manuals could be helpful in understanding Touche's audit procedures or the meaning of its workpapers.").

The highly sensitive nature of McGladrey's accountant's manuals, the harm that McGladrey would suffer if the manuals were produced, and Royal's failure to show the manuals' relevance and necessity all dictate that Royal's request be denied.[3]

### B.   Royal's Motion to Compel Production of Documents Relating to Joint Defense, Joint Representation, Cooperation, Confidentiality or Other Agreements Between the Various Defendants Should be Denied.

In Request 35 of Royal's Third Request for Documents, Royal requests the production of two different types of documents: (1) joint defense agreements between counsel for the parties, and (2) agreements between the parties themselves relating to this litigation.[4] Both categories of documents are protected by the joint defense and common interest privileges, and are irrelevant to Royal's claims. Royal's request should be denied.

Any agreements between either the counsel for the parties or agreements between the parties themselves are protected by the joint defense or common interest privilege. The Third Circuit has repeatedly held that the joint defense or common interest privilege protects

---

[3] At the very least, Royal's request should be significantly limited. As discussed in Royal's own caselaw, even where courts have allowed production of accountant's manuals upon the appropriate showing, they have strictly limited those productions. *See Fields*, 1991 WL 44845; *see also In re Mid American Waste Systems, Inc. Securities Litigation*, 1997 WL 1045729. Moreover, any documents produced should be designated "For Attorney's Eyes Only" in order to mitigate any harm resulting from production.

[4] Royal's actual request reads: "All documents concerning any joint defense, joint representation, cooperation, confidentiality, or other agreements between or among any or all Pepper, McGladrey, Freed [defined to include both FMSM and FMB], Gagne, Aquino, and any other person or entity or between or among any of them, concerning their conduct of, or defenses in, the above-captioned litigation."

communications between a party and the attorneys for another party as part of "an on-going and joint effort to set-up a common defense strategy." *In re Bevil, Bresler and Schulman, Inc.*, 805 F.2d 120, 125 (3d Cir. 1986), quoting *Eisenberg v,. Gagnon*, 766 F.2d 770, 787 (3d Cir.), *cert. denied sub. nom. Weinstein v. Eisenberg*, 474 U.S. 946 (1985). Moreover, this privilege is allowed between two or more parties that have nearly identical legal interests. *U.S. v. Doe*, 429 F.3d 450, 453 (3d Cir. 2005).

In this case, no formal written agreement exists between counsel for the defendants (although there clearly is an understanding that all communications are protected by the joint defense and/or common interest privilege). *See Constar Int'l, Inc. v. Continental Pet Tech., Inc.*, 2003 WL 22769044 (D. Del Nov. 19, 2003); *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189 (D. Del. 2004). Thus, there are no responsive documents in this category to be produced.[5] With respect to agreements between the parties themselves, the parties can clearly assert a joint defense and/or common interest privilege. The various parties are all co-defendants to the same litigation, and must defend against related claims on facts arising from the same set of facts. In addition, the accountant parties are closely aligned. Thus, no agreements between the parties themselves should be produced.

Royal presents no arguments requiring a different result, and the cases cited by Royal are entirely inapposite. Both cases, *LaForest v. Honeywell Int'l, Inc.* and *Bank Brussels Lambert v. Chase Manhattan Bank*, discuss the discoverability of *settlement* agreements between *former adversaries* in a litigation, where there clearly was no identity of interests, and the common interest privilege did not apply. *LaForest v. Honeywell Int'l, Inc.*, 2004 WL 1498916 (W.D.N.Y.

---

[5] There is no reason for joint defense communications to appear on a privilege log. At Royal's suggestion, only documents created prior to the commencement of the lawsuit need to be logged.

July 1, 2004); *Bank Brussels Lambert v. Chase Manhattan Bank*, 1996 WL 71507 (S.D.N.Y. 1996).[6]

Moreover, the production of indemnification agreements between the parties is irrelevant to Royal's claims. The only basis of relevance asserted by Royal is to establish potential witness bias. Yet, Royal's own case, *Bank Brussels Lambert*, refutes the necessity of producing the actual agreements between parties for purposes of demonstrating potential bias. Specifically, the court in *Bank Brussels* held that only *the fact* that an indemnification agreement exists between parties is relevant to potential bias, and that production of the actual agreement is unnecessary. *Id.* at *4. To the extent that Royal wishes to establish the existence of an agreement between parties, it can do so through stipulation or deposition discovery. There is no need for Royal to receive privileged documents to establish this fact.

    **C.**    **Royal's Motion to Compel Documents Relating to Any Merger or Separation between McGladrey, FMB and FMSM Should be Denied**

Royal argues that McGladrey should be required to produce: "Any and all documents relating to any proposed or consummated merger, or any proposed or consummated separation, between or among any of Freed [defined as both FMB and FMSM] and McGladrey, or any relationship of any kind, that McGladrey had or may have had, created or terminated with Freed in the years 1998 through 2001." This request should be denied for the reasons set forth in FMB and FMSM's opposition memorandum to Royal's motion to compel, which is incorporated by

---

[6] The *LaForest* case concerned a settlement and joint defense agreement between third party defendants who settled their cross claims against each other, and agreed to proceed in their common defense. 2004 WL 1498916, at *3 ("The Agreement here represents more of 'an understanding among adversaries,' than among parties with identical or common legal interests"). The *Bank Brussels Lambert* case concerned a settlement and joint defense agreement between Bank Brussels, the plaintiff in the case, and defendant bank Chase Manhattan. 1996 WL 71507.

8

reference. It should additionally be denied since the only basis for relevance claimed by Royal relates to successorship issues associated with FMB, an entity with which neither McGladrey nor Aquino had a relationship.[7]

### D. Royal's Motion to Compel Documents Related to Michael Aquino's Departure from McGladrey Should be Denied.

Royal has also requested all documents relating to Michael Aquino's departure from McGladrey, again arguing that such documents may show potential witness bias to the extent that they include indemnification clauses. As discussed in Section B above, however, production of these documents for this purpose is unnecessary, as discussed in Royal's own case law. Moreover, it is extremely commonplace, and even possibly constitutionally required, that an accounting firm cover the legal costs of its former employees, making even the existence of such indemnification agreements irrelevant to the issue of bias. *See U.S. v. Stein*, 435 F.Supp.2d 330 (S.D.N.Y. 2006).

### E. Royal's Motion to Compel Documents From Employee Evaluations or Reviews Should be Denied.

Royal has requested the production of the performance evaluations and reviews for Michael Aquino, Jeff Westad, Mark Colatrella and Morris Marshburn, all former employees of McGladrey. This request should be denied for a number of reasons. First, these documents are irrelevant as a matter of law and, second, producing these documents would violate strong public policy considerations.

---

[7] Moreover, Royal's request is overbroad. It seeks any and all documents related to any potential relationship between FMB, FMSM and/or McGladrey. By making such a broad request, Royal potentially seeks many irrelevant and proprietary documents, and its request should be, at the very least, limited.

First, it is well settled that accountant performance reviews or evaluations are irrelevant to whether an audit was conducted properly. *See New York Stock Exchange v. Sloan*, 1976 WL 169086 (S.D.N.Y. October 21, 1976) (employee performance reviews are irrelevant to the conduct of an audit); *In re Sunrise Securities Litigation*, 130 F.R.D. 560 (E.D. Pa. 1989); *In re Del-Val Financial Corp. Securities Litigation*, 158 F.R.D. 275 (S.D.N.Y. 1994); *see also Stabilus v. Haynsworth, Baldwin, Johnson, and Greaves, P.A.*, 144 F.R.D. 258 (E.D. Pa 1992). Here, Royal claims the performance evaluations are relevant to the conduct of the SFC audit. Royal is wrong, and its request should be denied.

Second, even if Royal could make a showing that these employee reviews were somehow relevant (which it cannot), strong public policy considerations militate against compelling the production of these documents. If the type of employment records sought by Royal were subject to discovery, accounting firms would be discouraged from candidly rating their employees' performance for fear that this information would become fodder for lawsuits. *See Sloan*, 1976 WL 169086, at * 3; *In re Sunrise Securities Litigation*, 130 F.R.D. at 580; *In re Del-Val Financial Corp. Securities Litigation*, 158 F.R.D. at 276-277; *see also Stabilus v. Haynsworth, Baldwin, Johnson, and Greaves, P.A.*, 144 F.R.D. at 266-267; *Closterman v. Liberty Mut. Ins. Corp.*, 1995 WL 472105, *1 (E.D.Pa 1995); . *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 39-40 (S.D.N.Y. 1984). For this additional reason, Royal's request for McGladrey's performance reviews should be denied.

## CONCLUSION

For the foregoing reasons, Royal's motion to compel should be denied.

Dated: November 20, 2006

DUANE MORRIS LLP

By: _____
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

-and-

| | |
|---|---|
| ARNOLD & PORTER LLP | WILLIAMS & CONNOLLY LLP |
| Veronica E. Rendon | Steven M. Farina |
| Jason M. Butler | Thomas H.L. Selby |
| Glynn Spelliscy | Amber M. Mettler |
| 399 Park Avenue | 725 12th Street, N.W. |
| New York, NY 10022 | Washington, D.C. 20005 |
| Phone: 212-715-1000 | Phone: 202-434-5000 |
| Fax: 212-715-1399 | Fax: 202-434-5029 |
| | |
| Attorneys for McGladrey & Pullen, LLP and Michael Aquino | Counsel for Defendant McGladrey & Pullen, LLP |