UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES A. STANZIAE, JR.,
CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION

                             Plaintiff,                     CASE NO.
                                                                           05-165 AND
       -against-                                                         04-1551

PEPPER HAMILTON LLP, ET AL                                              AFFIDAVIT OF
                                                                                 SERVICE
                              Defendants.
------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF NEW YORK.  ss:

    Robert Vick, being duly sworn, deposes and says that he is not a party to the above action, is over 18 years of age, and resides in Brooklyn, New York.

    On **November 21, 2006**, at approximately **3:15pm**, deponent served a **SUBPOENA AND COVER LETTER**, in the above captioned action upon **Mandiant**, at **1285 Avenue of the Americas, 35th Floor, New York, NY 10019**, by delivering a true and correct copy of said documents to **Michael Malin/Manager**, who acknowledged that he was authorized to accept service on behalf of **Michael Malin**.

    **Mr. Malin's** approximate physical description is:

```
RACE      : WHITE
SEX       : MALE
HAIR      : BROWN
EYES      : BROWN
HEIGHT    : 6'1"
WEIGHT    : 200 LBS
AGE       : 40-45
```

                                                                           _Robert Vick_ (signature)
                                                                           Robert Vick

Sworn to Before Me this

27th day of November, 2006.

_____
NOTARY PUBLIC

Schnader400

RINA I. RAMOS, Notary Public
State of New York No. 01RA6002465
Qualified in Queens County
Certified in Queens County
Commission Expires Feb. 9, 2010

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF     NEBRASKA

Royal Indemnity Company

V.

Pepper Hamilton LLP, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-165 (D. Del.)

TO: National Indemnity Co.
c/o Michelle M. Douglas, Esquire
4016 Farnam Street
Omaha, NE 68131

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule

| PLACE | DATE AND TIME |
|---|---|
| Allen and Associates<br>8109 Ford Street, Omaha, Nebraska 68134 | 12/15/2006 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 11/21/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Stephen J. Shapiro, Esquire
Schnader Harrison Segal & Lewis LLP, 1600 Market St., Ste 3600, Philadelphia, PA 19103 (215) 751-2259

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 11/21/2006 | 4016 Farnam St., Omaha, NE 68131 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Michelle M. Douglas, Esquire | | Acceptance of Service by Overnight Courier |
| SERVED BY (PRINT NAME) | | TITLE |
| Stephen J. Shapiro, Esquire | | Attorney |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    11/21/06
                  DATE

SIGNATURE OF SERVER

1600 Market Street, Suite 3600
ADDRESS OF SERVER

Philadelphia, PA 19103

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
ROYAL INDEMNITY COMPANY

                Plaintiff,

        -against-                                CASE NO.
                                                 05-165
PEPPER HAMILTON LLP, ET AL
                                                 AFFIDAVIT OF SERVICE
                Defendant.

------------------------------------------------X
```

STATE OF NEW YORK, COUNTY OF NEW YORK.   ss:

   **Robert Vick**, being duly sworn, deposes and says that he is not a party to the above action, is over 18 years of age, and resides in **Brooklyn**, New York.

   On **October 18 2006**, at approximately **3:25pm** deponent served a **SUBPOENA AND COVER LETTER**, in the above captioned action upon **JARDINE LLOYD THOMPSON LLC, Attn: Custodian of Records**, at **600 Fifth Avenue, New York, NY 10020**, by delivering a true and correct copy of said documents to **Charles Ferlone/Attorney**, who acknowledged that he was authorized to accept service on behalf of **Jardine Lloyd Thompson LLC**.

   **Mr. Ferlone's** approximate physical description is:

   RACE:      WHITE
   SEX:       MALE
   HAIR:      BLACK
   EYES:      BROWN
   HEIGHT:    6'2"
   WEIGHT:    200 lbs
   AGE:       40-50

                                          _____
                                          Robert Vick

Sworn to Before Me this

19th day of October, 2006.

_____
NOTARY PUBLIC

Schnader396

RINA I. RAMOS, Notary Public
State of New York No. 01RA6002465
Qualified in Queens County
Certified in Queens County
Commission Expires Feb. 9, 2010

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     NEBRASKA

Royal Indemnity Company

V.

Pepper Hamilton LLP, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-165 (D. Del.)

TO: Berkshire Hathaway, Inc.
     1440 Kiewit Plaza
     Omaha, Nebraska 68131

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule

| PLACE | DATE AND TIME |
|---|---|
| Allen and Associates<br>8109 Ford Street, Omaha, Nebraska 68134 | 11/10/2006 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 10/17/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Stephen J. Shapiro, Esquire
Schnader Harrison Segal & Lewis LLP, 1600 Market St., Ste 3600, Philadelphia, PA 19103 (215) 751-2259

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

|  | PROOF OF SERVICE | |
|---|---|---|
|  | DATE | PLACE |
| SERVED | Debbie Ray 28th | 3555 Farnam |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| Berkshire Hathaway |  | Personal |
| SERVED BY (PRINT NAME) |  | TITLE |
| AR all |  | Process Server |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11/15/06
DATE

SIGNATURE OF SERVER  AR all

ADDRESS OF SERVER  Bx 34415 Om Ne 68134

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.