```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

ROYAL INDEMNITY COMPANY,        :
                                :
        Plaintiff,               :
                                :
    v.                           :    Civil Action No: 05-165-JJF
                                :
PEPPER HAMILTON LLP, et al.,    :
                                :
        Defendants.              :

### MEMORANDUM ORDER

Pending before the Court is the Motion To Preserve Confidentiality Designation And Limitation On Use And Disclosure filed under seal by Defendants McGladrey & Pullen, LLP and Michael Aquino (D.I. 218). For the reasons discussed, the Court will grant the Motion.

### I.   BACKGROUND

On March 18, 2005, Plaintiff filed this action asserting claims for fraud, conspiracy to commit fraud, aiding and abetting fraud and breach of fiduciary duty, and negligence in connection with the student loan financing operations of Student Finance Corporation ("SFC").[1] Plaintiff is a Delaware Capital Stock Insurance Company which provided credit risk insurance policies to SFC. Defendants McGladrey & Pullen, LLP ("McGladrey") and Michael Aquino are two of the accounting party Defendants in the action.

On March 15, 2006, the Court entered the Order For The

---

[1] Plaintiff also asserted RICO claims against Defendant Michael Aquino.

Protection Of Confidential Information governing this and three other actions related to SFC ("Protective Order") (D.I. 121). The Order was negotiated by and agreed to by all parties. Pursuant to the Order, a party may designate as "confidential" any information produced or disclosed as part of pretrial proceedings for which it has a reasonable, good faith belief that it:

> i) constitutes or reveals a trade secret or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; ii) constitutes or reveals confidential and competitively sensitive business plans, strategies, or financial information; or iii) would if revealed constitute an invasion of personal privacy . . . or would cause annoyance, embarrassment, oppression or undue burden or expense to any person.

(D.I. 121, ¶ 6). The Order further provides that any information designated as confidential shall be used solely in the "Litigations" and no other purpose.[2] (D.I. 121, ¶ 8.b.). The Order allows parties to use knowledge learned from confidential information in pursuing other actions so long as the confidential information is not disclosed. (D.I. 121, ¶ 14.f.).

II. **PARTIES' CONTENTIONS**

By its Motion, Defendants McGladrey and Michael Aquino seek

---

[2] In addition to this action, the Order applies to Stanziale v. McGladrey & Pullen, LLP, No. 05-72-JJF; Stanziale v. Pepper Hamilton, No. 04-1551-JJF; and MBIA Insurance Corp. v. Royal Indemnity Co., No. 02-1294-JJF. These four actions are collectively referred to in the Order as the "Litigations." see D.I. 121.

to preserve the confidentiality designation of an Independent Accountant's Report (D.I. 218, Ex. B). Defendants contend the Report is properly designated as confidential and thus, falls under the restrictions of the Protective Order limiting its use to the Litigations. In response, Plaintiff contends the Report is not a confidential document and thus, the Protective Order does not apply.

### III. DISCUSSION

Where a broad umbrella protective order is in place, a party may oppose the designation of a document as confidential. Cipollone v. Liggett Group, Inc. et al., 785 F.2d 1108, 1122 (3d. Cir. 1986). The party asserting the confidentiality designation then bears the burden of proof to justify the protective order's application to the challenged document. Id. Thus, the Court's inquiry is the same as determining whether a protective order is appropriate for the information at issue in the first place. See Id. at n.17. (citing the Manual for Complex Litigation Second § 21.431 (1985), which states "the designation of a document as confidential may be viewed as equivalent to a motion for protective order").

In pertinent part, Rule 26(c) provides that upon "motion by a party or by the person from whom discovery is sought...the court... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense." Fed. R. Civ. P. 26(c). To prevail, the movant must demonstrate good cause for a protective order. Id. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (quoting Publicker Indus. Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). In determining whether there is good cause, courts will balance the party's need for the information against the resulting injury if disclosure is compelled. Pansy, 23 F.3d at 787.

The Court concludes that the Independent Accountant's Report is "confidential" as defined in the Protective Order. The Protective Order provides that a party shall designate information as "confidential" when it has a reasonable, good faith belief that the information falls within one of three categories. Defendants contend the Report fits within either or both of the first two categories. The first category describes information for which a party can request a protective order pursuant to Rule 26(c); namely, "a trade secret or other confidential research, development or commercial information." (D.I. 121). The second category goes beyond Rule 26(c) to include information that "constitutes or reveals confidential and competitively sensitive business plans, strategies, or financial information." (D.I. 121). The Court accepts Defendants'

4

assertion that the Report was a draft which was not subject to review or approval by the client for whom it was produced, nor distributed to the client or the public as intended. In these circumstances, the Court concludes it is reasonable for Defendants to assert the information falls within the categories of confidential information described in the Protective Order.

Taking into consideration the interests of each party, the Court concludes that Plaintiff will not be unduly prejudiced by the designation because the Protective Order does not restrict the use of the document in the instant action and the other related Litigations. Additionally, the Protective Order allows Plaintiff to use knowledge gained from the document in other actions. Further, the Court concludes that Defendants have demonstrated that disclosure of the document would cause substantial injury because Plaintiff has stated its intention to use the document in pending litigation in Texas to which Defendants are not parties. Accordingly, the Court concludes Defendants have demonstrated good cause, and therefore, the Court will grant the Motion To Preserve Confidentiality Designation And Limitation On Use And Disclosure (D.I. 218).

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant McGladrey & Pullen, LLP's And Michael Aquino's Motion To Preserve Confidentiality Designation And Limitation On Use And Disclosure (D.I. 218) is **GRANTED**.

December 26, 2006

_____
UNITED STATES DISTRICT JUDGE