IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) C.A. No. 05-165-JJF ) ) |
| PEPPER HAMILTON LLP, W. RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs PC, MCGLADREY & PULLEN, LLP, MICHAEL AQUINO and FREED MAXICK SACHS & MURPHY, P.C., | ) ) ) ) ) ) |
| Defendants. | ) ) |

**LETTER OF REQUEST PURSUANT TO THE HAGUE
CONVENTION OF MARCH 18, 1970 ON THE TAKING
OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

I.      United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, U.S.A., to The Supreme Court, Royal Courts of Justice, The Strand, London WC2A 2LL, England, U.K., Attention: Senior Master of the Queen's Bench Division of the High Courts of Justice.

II.     In conformity with Article 3 of the Hague Convention of March 18, 1970 on the Taking of Evidence in Civil or Commercial Matters ("the Convention"), the undersigned applicant has the honor to submit the following request to take evidence for use at trial:

        The United States District Court for the District of Delaware presents its compliments to the competent judicial authority in the United Kingdom, and requests its assistance in the following manner:

a. The parties to a certain litigation pending before the United States District Court for the District of Delaware are as follows:

(i) The plaintiff is Royal Indemnity Company ("RIC"), represented by Sonnenschein Nath & Rosenthal, 8000 Sears Tower, 233 S. Wacker Drive, Chicago, IL 60606.

(ii) The defendants are Pepper Hamilton LLP, represented by Schnader Harrison Segal & Lewis LLP, 1600 Market Street, Suite 3600, Philadelphia, PA 19103; W. Roderick Gagne, represented in his capacity as a partner of Pepper Hamilton, LLP, by Schnader Harrison Segal & Lewis LLP, 1600 Market Street, Suite 3600, Philadelphia, PA 19103 and in his individual capacity by Eckert Seamans Cherin & Mellott, LLC, 1515 Market Street, 9th Floor, Philadelphia, PA 19102; McGladrey & Pullen, LLP ("McGladrey"), represented by Williams & Connolly LLP, 725 12th St., N.W., Washington, DC 20005 and Arnold & Porter, 399 Park Avenue, New York, NY 10022; Michael Aquino, represented by Arnold & Porter, 399 Park Avenue, New York, NY 10022; and Freed Maxick Sacks & Murphy, P.C. ("Freed Maxick") and Freed Maxick & Battaglia CPAs PC, represented by Vedder, Price, Kaufman & Kammholz, P.C., 805 Third Avenue, New York, NY 10022.

b. This is a civil suit concerning losses that RIC alleges it suffered on credit risk insurance policies it issued on a series of loan securitization transactions initiated by Student Finance Corporation ("SFC"), a company that originated and purchased sub-prime student loans. SFC went bankrupt in 2002, and RIC alleges it was exposed to hundreds of millions of dollars of liability on the SFC policies. RIC seeks to establish that its losses stem from a series of fraudulent business practices and a conspiracy to hide the fraud from RIC. Defendant McGladrey avers that it was a failure of underwriting, not fraud by the Accountants that caused RIC's losses, and it asserts defenses of contributory negligence and/or comparative fault,

assumption of risk, lack of causation, reckless indifference and/or intentional misconduct, and a failure to mitigate damages. The trial of this action is set to commence on October 10, 2007.

   c. The evidence to be obtained consists of documents in the possession of Royal & SunAlliance Insurance Group plc ("RSA"). RSA's Registered Offices are located in the United Kingdom at 9th Floor, One Plantation Place, 30 Fenchurch Street, London EC3M 3BD. Defendant McGladrey seeks documents on the following subjects at issue in the trial, and on which RSA may have relevant evidence to give:

   (1) knowledge of and participation in the development, oversight and enforcement of RSA and RIC's policies and procedures regarding underwriting standards, risk management and due diligence and RIC's compliance or lack of compliance with these policies and procedures concerning the SFC transactions;

   (2) knowledge of and participation in RSA's established guidelines for oversight throughout its worldwide operations and the development of the structure for RSA's Structured Risk Financing Business Group that encompassed RIC's Financial Enhancement Unit ("FEU"), which, in turn, undertook the SFC transactions;

   (3) knowledge of and participation in negotiations with credit rating agencies, such as Standard & Poor's, to preserve RSA's credit rating in light of the higher risks associated with the Structured Risk Financing Business and the SFC transactions in particular;

   (4) knowledge of, participation in, and execution of decision to terminate RIC's Financial Enhancements Unit ("FEU"), which undertook the SFC transactions;

(5) knowledge of and participation, in the aftermath of SFC's collapse, in assessing and mitigating damages from the SFC transactions and evaluating the underwriting failures and "lessons learned;"

(6) knowledge of and participation in a May 28, 2002 meeting with advisors from Grant Thornton, hired to analyze what went wrong with the SFC transactions, SFC, RIC, and RSA involving discussions as to how to develop a recovery strategy;

(7) knowledge of and participation in securing reinsurance coverage for the SFC transactions;

(8) knowledge of and participation in RIC's presentations to RSA's Group Audit Committee to discuss the failings of the FEU with respect to the SFC transactions, specifically including a briefing to the Audit Committee on May 15, 2002, a presentation to the Audit Committee on May 15, 2002, and semi-annual and annual reports submitted to the Audit Committee.

McGladrey contends that documents in RSA's possession may be used in connection with McGladrey's potential defenses at the trial of this case that RIC's losses are due to its own inexperience, negligent due diligence failures, and reckless violations of corporate risk management and underwriting policies, rather than an elaborate conspiracy to conceal fraud. McGladrey's document requests cover primarily the time period between 1998 - 2002.

This Court wishes to emphasize that the purpose of this letter of request is solely to obtain evidence for possible use at trial, and this request has no "discovery" purpose.

III. Accordingly, it is hereby requested that in the interest of justice, you cause by your proper process, such orders to be entered as English law permits directing that the

- 4 -

documents enumerated in Schedule A, attached hereto, being documents which appear to be or are in the possession, custody or power of RSA, be produced by RSA for inspection and copying by counsel for petitioner at a time and place to be determined by you.

This Court expresses its appreciation of the competent authority in the United Kingdom for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of the United Kingdom in a similar manner when required.

Dated:

_____
UNITED STATES DISTRICT JUDGE