**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY | : | |
| Plaintiff, | : | Civil No. 05-165(JJF) |
| vs. | : | |
| PEPPER HAMILTON LLP, ET AL. | : | **REDACTED PUBLIC VERSION** |
| Defendants. | : | |

---

**APPENDIX ACCOMPANYING BRIEF IN SUPPORT OF PEPPER HAMILTON LLP
AND W. RODERICK GAGNÉ'S
MOTION TO COMPEL ANSWERS AND FOR SANCTIONS**

---

William H. Sudell, Jr., Esq. (No. 0463)
Donna L. Culver, Esq. (No. 2983)
Daniel B. Butz (No. 4227)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 (facsimile)

Elizabeth K. Ainslie, Esq.
Nicholas J. LePore, III, Esq.
Bruce P. Merenstein, Esq.
Stephen J. Shapiro, Esq.
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000
(215) 751-2205 (facsimile)

*Counsel for defendants Pepper Hamilton LLP and W. Roderick Gagné*

Charles A. Gilman
David G. Januszewski
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, NY 10005
(212) 701-3000
(212) 269-5420 (facsimile)

*Counsel for defendant Pepper Hamilton LLP*

April 19, 2007

## TABLE OF CONTENTS

Deposition Exhibit 353-I William Hibberd Performance Evaluation 2001 ................................ A-1

Excerpts from the Hearing on February 7, 2007 ........................................................................ A-8

Excerpts from the Deposition of Stephen Mulready Dated March 19, 2007 ........................... A-16

Excerpts from the Deposition of Vincent Pugliese Dated March 22, 2007............................... A-24

Excerpts from the Deposition of John Tighe Dated March 28, 2007 ........................................ A-36

Deposition Exhibit 771-II Anthony McKenzie Performance Evaluation 1999......................... A-48

Deposition Exhibit 772-II Anthony McKenzie Performance Evaluation 2001 ......................... A-60

Shapiro Emails Dated March 21, 2007 through March 26, 2007 .............................................. A-69

Excerpts from the Deposition of Anthony McKenzie Dated April 5, 2007 .............................. A-72

# PAGES A-1 THROUGH A-7

# ARE CONFIDENTIAL

# AND HAVE BEEN SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROYAL INDEMNITY COMPANY,     )
                             )
              Plaintiff,     )
                             )
v.                           )   C.A. No. 05-165-JJF
                             )
PEPPER HAMILTON LLP, W.      )
RODERICK GAGNE', FREED       )
MAXICK & BATTAGLIA CPAs      )
PC, McGLADREY & PULLEN,      )
LLP, MICHAEL AQUINO and      )
FREED MAXICK SACHS &         )
MURPHY,                      )
                             )
              Defendant.     )

COPY

Wednesday, February 7, 2007
1:03 p.m.
Courtroom 4B

844 King Street
Wilmington, Delaware


BEFORE:  THE HONORABLE JOSEPH J. FARNAN, JR.
         United States District Court Judge


APPEARANCES:

     ASHBY & GEDDES
     BY: PHILIP TRAINER, JR., ESQ.
     BY: TIFFANY GEYER LYDON, ESQ.

          -and-

     SONNENSCHEIN, NATH & ROSENTHAL, LLP
     BY:  JOHN I. GROSSBART, ESQ.
     BY:  MICHAEL H. BARR, ESQ.

          Counsel for Plaintiff

```
 1   APPEARANCES CONTINUED:

 2

 3             DUANE MORRIS, LLP
             BY:  MICHAEL LASTOWSKI, ESQ.
 4                 -and-

 5           WILLIAMS & CONNOLLY, LLP
             BY:  THOMAS H. L. SELBY, ESQ.
 6
                     Counsel for Defendant
 7                   McGladrey & Pullen, LLP

 8           ARNOLD & PORTER, LLP
             BY:  VERONICA E. RENDON, ESQ.
 9           BY:  JASON M. BUTLER, ESQ.

10                   Counsel for Defendants
                     McGladrey & Pullen, LLP
11                   Michael Aquino

12           THE BAYARD FIRM
13           BY:  CHARLENE D. DAVIS, ESQ.

14                 -and-

15           McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
             BY:  MICHAEL S. WATERS, ESQ.
16           BY:  LOIS H. GOODMAN, ESQ.

17                   Counsel for Chapter 7 Trustee

18

19           PRICKETT, JONES & ELLIOTT
             BY:  LAINA M. HERBERT, ESQ.

20                 -and-

21           VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
             BY:  JONATHAN A. WEXLER, ESQ.
22
                     Counsel for Defendants,
23                   Freed, Maxick, Sachs & Murphy &
                     Freed, Maxick & Battaglia
24
```

```
 1    APPEARANCES CONTINUED:

 2

 3              SCHNADER LAW
              BY:  ELIZABETH K. AINSLIE, ESQ.
 4            BY:  STEPHEN J. SHAPIRO, ESQ.

 5                  Counsel for Pepper Hamilton, LLP
                    and Roderick Gagne
 6

 7            ECKERT SEAMENS
              BY:  NEIL G. EPSTEIN, ESQ.
 8
                    Counsel for Robert Best, Pamela
 9                  Gagne, Roderick Gagne and Family
                    Trusts
10

11            PROSKAUER ROSE, LLP
              BY:  ANDRE G. CASTAYBERT, ESQ.
12            BY:  STEVEN OBUS, ESQ.

13                  Counsel for MBIA and Wells Fargo
                    as Trustees
14

15

16

17

18

19

20

21

22

23

24
```

6

```
1    Murphy and Freed, Maxick & Battaglia.

2              MR. BUTLER:  Jason Butler on behalf

3    of McGladrey & Pullen and Michael Aquino.

4              MR. CASTAYBERT:  Andre Castaybert on

5    behalf of MBIA and Wells Fargo as Trustees, and

6    I'm expecting my colleague, Steve Obus, to be

7    here.

8              THE COURT:  All right.  We're here

9    for a discovery conference, and what I understand

10   is that Docket Item 133, a motion to compel

11   production of communications between the Trustee

12   and Royal and documents related, excuse me, to

13   compensation received by the Trustee filed by

14   Pepper Hamilton and Gagne remains open.

15             Is that correct?

16             MS. AINSLIE:  That's correct, Your

17   Honor.

18             THE COURT:  Pardon me?

19             MS. AINSLIE:  That is correct.

20             THE COURT:  You haven't been able to

21   resolve it.  That motion is going to be granted

22   in all respects except with regard to the

23   personnel files of accountants.  My understanding

24   is that what's sought by that motion and are with
```

1   and communications between Royal and the Trustee,

2   which we've asserted are protected by joint

3   privilege.

4              Are you granting both aspects of

5   that motion or have you not spoken yet to the

6   communications between the Trustee and Royal?

7              That motion also deals with --

8              THE COURT:  There are two aspects to

9   that, pre-settlement and post-settlement.  And

10  I'm granting it as to what I thought the request

11  boiled down to, which were the pre-settlement

12  discussions.

13             MR. GROSSBART:  Got you.

14             THE COURT:  If I misunderstood, now

15  is the time to tell me.

16             MR. GROSSBART:  No.  I don't think

17  you misunderstood it.  I -- I appreciate that

18  distinction.

19             THE COURT:  Okay.

20             MR. GROSSBART:  And just because I'm

21  switching gears here with these numbers on the

22  motion that Royal brought against McGladrey, the

23  motion to compel, did I understand the Court to

24  say it's granted in all respects except the

1     personnel files or did I --

2              THE COURT:  There were five specific

3     categories and somewhere in an opening paragraph

4     of the brief, you set them out pretty clear, the

5     five categories.

6              It's granted in all respects except

7     to the --

8              MR. GROSSBART:  Correct.

9              THE COURT:  -- personnel files, as I

10    understood it, of the accountant employees.

11             MR. GROSSBART:  One of the things we

12    asked with respect to that item in particular is

13    if we were going to be denied discovery of those

14    personnel files, that there be in limine

15    protection against use of the personnel files

16    that we and perhaps others have already produced

17    in the case.

18             THE COURT:  Well, I understand that

19    you gave over some files.

20             MR. GROSSBART:  Yes.

21             THE COURT:  But all of you are going

22    to be, I assume, if this case goes to trial, in

23    an in limine practice.  And what I tried to say

24    at the beginning was that I'm granting the

1   discovery because of the fraud assertions, but

2   that doesn't mean that this is going to be

3   evidence that gets into a trial.

4           MR. GROSSBART: No, I understand.

5           THE COURT: Because if you get that

6   far, because it will be motions to limit

7   admission. Because their big argument is that

8   it's really not probative on any issue. And, of

9   course, you argument to all that is you already

10  gave them over.

11          MR. GROSSBART: My bad.

12          THE COURT: I don't know what to

13  tell you.

14          So down the road, I understand you

15  may, but for purposes now, present purposes, I'm

16  just ruling on what's disputed. But I would

17  think, to give you my present thinking, manuals

18  probably get in. Irrelevant personnel

19  evaluations, generally, not specific to the issue

20  don't.

21          But I don't know. I'll have to wait

22  and see.

23          MR. BARR: Your Honor.

24          THE COURT: We have got to have a

1    little more discovery before we get that.

2            MR. BARR:  Michael Barr.  I

3    apologize two people addressing the same issue.

4            Is the Court's denial of our access

5    to their personnel records also pertaining to the

6    specific material where they may have you review

7    that says your performance with respect to the

8    Student Finance?

9            THE COURT:  Yes.

10           MR. BARR:  So across the board?

11           THE COURT:  For present purposes,

12   you're out.

13           MR. BARR:  Thank you, Your Honor.

14           MS. RENDON:  Your Honor, on the same

15   motion, if I may just seek some additional

16   clarification.

17           And I thought, and maybe I

18   misunderstood the Court, that with respect to the

19   request by Royal for joint defense agreements or

20   any kind of cooperation agreements, what Your

21   Honor has ordered is only that agreements be

22   produced, but not communications subject to that

23   agreement.

24           THE COURT:  Yeah.  I couldn't tell

1

1  UNITED STATES DISTRICT COURT
2  DISTRICT OF DELAWARE
3  ----------------------------
      )
4  MBIA INSURANCE CORPORATION )
   AND WELLS FARGO BANK, N.A. )
5  (f/k/a WELLS FARGO BANK    )
   MINNESOTA N.A.) AS TRUSTEE )
6  OF SFC GRANTOR TRUST,      )
   SERIES 2000-1, SFC GRANTOR )
7  TRUST, SERIES 2000-2, SFC  )
   GRANTOR TURST, SERIES      )
8  2000-3, SFC GRANTOR TRUST, )
   SERIES 2000-4, SFC GRANTOR )
9  TRUST, SERIES 2001-1, SFC  )
   GRANTOR TRUST, SERIES      )
10 2001-2, SFC OWNER TRUST    )
   2001-I, AND SFC GRANTOR    )
11 TRUST, SERIES 2001-3,      )
      )
12 Plaintiffs and            )
   Counterclaim              )
13 Defendants,               )
      )
14 vs.                       )  C.A. No.
      )  02-1294-JJF
15 ROYAL INDEMNITY COMPANY,  )
      )
16 Defendant and            )
   Counterclaim             )
17 Plaintiff.               )
      )
18 ----------------------------
19 (Caption continued on the following page.)
20
21     DEPOSITION OF: STEPHEN MULREADY
22         VOLUME I, TRACK II
23       DATE: MARCH 19, 2007
24
25

COPY

2

```
 1     ---------------------------
                                 )
 2     ROYAL INDEMNITY COMPANY,   )
                                 )
 3          Third-Party          )
            Plaintiff,           )
 4                              )
            vs.                  )
 5                              )
       ANDREW N. YAO, STUDENT    )
 6     LOAN SERVICING LLC, STUDENT)
       LOAN ACCEPTANCE II LLC,   )
 7     STUDENT LOAN ACCEPTANCE III)
       LLC, STUDENT LOAN         )
 8     ACCEPTANCE  III LLC,      )
       STUDENT LOAN ACCEPTANCE V )
 9     LLC, STUDENT LOAN         )
       ACCEPTANCE VIII LLC,      )
10     STUDENT LOAN ACCEPTANCE IX )
       LLC, SFC FINANCIAL LLC I, )
11     SFC FINANCIAL LLC II, SFC )
       FINANCIAL LLC VI, SFC     )
12     FINANCIAL LLC VII,        )
                                 )
13          Third-Party          )
            Defendants.          )
14     ---------------------------
15                              )
       ROYAL INDEMNITY COMPANY,   )
16                              )
            Counter-Claimant,    )
17                              )
            vs.                  )
18                              )
       MBIA BANK AND WELLS FARGO )
19     BANK MINNESOTA, N.A.,     )
                                 )
20          Counter-Defendants.   )
                                 )
21     ---------------------------
22     (Caption continued on the following page.)
23
24
25
```

3

```
 1
       ---------------------------
 2                               )
     CHARLES A. STANZIALE, JR., )
 3   CHAPTER 7 TRUSTEE OF        )
     STUDENT FINANCE             )
 4   CORPORATION,                )
                                 )
 5        Plaintiff,             )
                                 )
 6        vs.                    )  C.A. No.
                                 )  04-1551-JJF
 7                               )
                                 )
     PEPPER HAMILTON LLP,        )
 8   et al.,                     )
                                 )
 9        Defendants.            )
                                 )
10   ---------------------------
                                 )
11   CHARLES A. STANZIALE, JR., )
     CHAPTER 7 TRUSTEE OF        )
12   STUDENT FINANCE CORPORATION)
                                 )
13        Plaintiff,             )
                                 )
14                               )
          vs.                    )  C.A. No.
15                               )  05-72-JJF
     McGLADREY & PULLEN LLP AND )
16   MICHAEL AQUINO,             )
                                 )
17        Defendants.            )
                                 )
18   ---------------------------
                                 )
19   ROYAL INDEMNITY COMPANY,    )
                                 )
20        Plaintiff,             )
                                 )
21        vs.                    )  C.A. No.
                                 )  05-165-JJF
22   PEPPER HAMILTON LLP, W.     )
     RODERICK GAGNE, FREED       )
23   MAXICK & BATTAGLIA CPAs,    )
     McGLADREY & PULLEN LLP,     )
24   and MICHAEL AQUINO,         )
                                 )
25        Defendants.            )
                                 )
```

4

1                           - - -

2          DEPOSITION OF:  STEPHEN MULREADY

3                  VOLUME I, TRACK II

4              DATE:  March 19, 2007

5                     HELD AT:

6           Brandon-Smith Reportring

7              44 Capitol Avenue

8          Hartford, Connecticut 06106

9                        - - -

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

```
 1   APPEARANCES:
 2   Representing the Royal Indemnity Company:
 3   SONNENSCHEIN NATH & ROSENTHAL, LLP
     1301 K Street, Northwest
 4   Suite 600, East Tower
     Washington, D.C. 20005
 5   Phone:  202.408.6417
     Fax:    202.408.6399
 6   By:  DANIEL D. BARNOWSKI, ESQ.
          E-Mail:  dbarnowski@sonnenschein.com
 7
 8
     Representing Pepper Hamilton, LLP and W.
 9   Roderick Gagne as Partner:
10   SCHNADER HARRISON SEGAL & LEWIS, LLP
     1600 Market Street
11   Suite 3600
     Philadelphia, Pennsylvania 19103
12   Phone:  215.751.2359
     Phone:  215.751.2259
13   By:  DAVID PELLETIER, ESQ.
          E-Mail:  dpelletier@schnader.com
14
15
     Representing MBIA Insurance Corporation and
16   Wells Fargo Bank:
17   PROSKAUER ROSE, LLP
     1585 Broadway
18   New York, New York 10036
     Phone:  212.969.3525
19   Fax:    212.969.2900
     By:  DAVID T. McTAGGART, EXQ.
20        E-Mail:  dmctaggart@proskauer.com
21
22
23
24
25
```

6

```
 1   APPEARANCES:   (Continued)
 2
     Representing Freed Maxick & Battaglia, CPAs,
 3   P.C., Freed Maxick Sachs & Murphy, P.C.:
 4   (Appearing by telephone and LiveNote
     Connection)
 5   VEDDER PRICE
     805 Third Avenue
 6   New York, New York 10022
     Phone:  212.407.7700
 7   By:  DANIEL GREEN, ESQ.
          E-Mail:  dgreen@vedderprice.com
 8
 9
     Representing McGladrey & Pullen,
10   LLP, Michael Aquino
11   WILLIAMS & CONNOLLY LLP
     725 Twelfth Street, Northwest
12   Washington, D.C. 20005
     Phone:  202.434.5487
13   Fax:    202.434.5029
     By:  THOMAS SELBY, ESQ.
14        E-Mail:  tselby@wc.com
15   By:  KATHERINE M. TURNER, ESQ.
          E-Mail:  kturner@wc.com
16
17   Also Present:
18   Joe Castelot, Videographer
19                  - - -
20
21
22
23
24
25
```

297

| | |
|---|---|
| 1 | Q.   Do you recall when you would have | 17:22:00 |
| 2 | signed off? | 17:22:02 |
| 3 | A.   Those were annual reviews, so | 17:22:03 |
| 4 | typically done in the first quarter. | 17:22:06 |
| 5 | Q.   Do you recall taking part in any | 17:22:10 |
| 6 | other employees -- employee evaluations? | 17:22:13 |
| 7 | A.   I don't specifically, but I would | 17:22:22 |
| 8 | have had to do appraisals for any of my | 17:22:23 |
| 9 | direct reports. | 17:22:26 |
| 10 | Q.   Show the witness what's been marked | 17:22:30 |
| 11 | as Exhibit 353, Track I. | 17:22:32 |
| 12 | Please take a minute to familiarize | 17:22:41 |
| 13 | yourself with the document. | 17:22:43 |
| 14 | MR. BARNOWSKI:  You don't have | 17:22:45 |
| 15 | to.  I'm going to instruct you not to answer | 17:22:45 |
| 16 | questions about the employee evaluations of | 17:22:48 |
| 17 | any people that worked at Royal. | 17:22:50 |
| 18 | MR. PELLETIER:  You're not going | 17:22:53 |
| 19 | to permit any questions -- the answers to any | 17:22:53 |
| 20 | questions regarding this evaluation? | 17:22:56 |
| 21 | MR. BARNOWSKI:  That's correct. | 17:23:00 |
| 22 | MR. PELLETIER:  On what grounds? | 17:23:00 |
| 23 | MR. BARNOWSKI:  On the grounds | 17:23:00 |
| 24 | that Defendants have refused -- at least | 17:23:00 |
| 25 | McGladrey has refused to produce any and | 17:23:00 |

298

| | | |
|---|---|---|

1   obtained a ruling from the Judge that they          17:23:03

2   were not going to be produced and not              17:23:05

3   relevant.                                          17:23:07

4              MR. PELLETIER:  Do you know             17:23:09

5   whether Royal sought any such protection?          17:23:09

6              MR. BARNOWSKI:  Look, I'm not           17:23:14

7   under oath and I'm not going to answer             17:23:14

8   questions.                                         17:23:17

9              MR. PELLETIER:  Your basis is           17:23:18

10  that a co-Defendant in this case has refused,      17:23:19

11  and so you're going to not permit answers to       17:23:22

12  these evaluations?                                 17:23:24

13             MR. BARNOWSKI:  My basis is what        17:23:26

14  I explained -- that McGladrey refused, they        17:23:27

15  moved the judge and the judge held them            17:23:30

16  irrelevant to the case.                            17:23:32

17             So I'm not going to have --             17:23:34

18             MR. SELBY:  Object to the form.         17:23:38

19             MR. BARNOWSKI:  I'm not going to        17:23:39

20  have one side of the case producing employee       17:23:40

21  evaluations and having its witnesses answer        17:23:42

22  questions while the other side does not.           17:23:44

23             MR. PELLETIER:  Okay.  But just         17:23:47

24  to be clear, you are instructing Mr. Mulready      17:23:47

25  not to answer any questions regarding this;        17:23:49

COPY

1      UNITED STATES DISTRICT COURT
       DISTRICT OF DELAWARE
2      C.A. No. 02-1294-JJF
       -------------------------------------x
3      MBIA INSURANCE CORPORATION AND
       WELLS FARBO BANK, N.A. (f/k/a
4      WELLS FARGO BANK MINNESOTA N.A.)
       AS TRUSTEE OF SFC GRANTOR TRUST
5      SERIES 2000-1, SFC GRANTOR TRUST,
       SERIES 2000-2, SFC GRANTOR TRUST,
6      SERIES 2000-3, SFC GRANTOR TRUST,
       SERIES 2000-4, SFC GRANTOR TRUST,
7      SERIES 2001-1, SFC GRANTOR TRUST,
       SERIES 2000-2, SFC OWNER TRUST,
8      SERIES 2000-I, AND SFC GRANTOR
       TRUST, SERIES 2001-3,
9

              Plaintiffs/
10             Counterclaim Defendants,
11         - vs -
12    ROYAL INDEMNITY COMPANY,
13            Defendant/
             Counterclaim Plaintiff.
14    -------------------------------------x
       ROYAL INDEMNITY COMPAMY,
15
             Third-Party Plaintiff,
16
         - vs -
17
       ANDREW N. YAO, STUDENT LOAN SERVICING
18    LLC, STUDENT LOAN ACCEPTANCE II LLC,
       STUDENT LOAN ACCEPTANCE III LLC, STUDENT
19    LOAN ACCEPTANCE V LLC, STUDENT LOAN
       ACCEPTANCE VIII LLC, STUDENT LOAN
20    ACCEPTANCE IX LLC, SFC FINANCIAL LLC I,
       SFC FINANCIAL LLC II, SFC FINANCIAL LLC
21    VI, SFC FINANCIAL LLC VII,
22            Third-Party Defendants.
    -------------------------------------x
23            March 22, 2007
             9:13 a.m.
24
25    TRACK III WITNESS:  VINCENT N. PUGLIESE

2

1
2
```
-------------------------------------x
```
ROYAL INDEMNITY COMPANY,

3                    Counter-Claimant,

4              - vs -

5     MBIA BANK and WELLS FARGO BANK MINNESOTA
      N.A.,

6                    Counter-Defendants.
```
-------------------------------------x
```

7

8     C.A. No. 04-1551-JJF
```
-------------------------------------x
```

9     CHARLES A. STANZIALE, JR.,, CHAPTER 7
      TRUSTEE OF STUDENT LOAN FIANCE

10    CORPORATION,
                     Plaintiff,

11
              - vs -

12
      PEPPER HAMILTON LLP, et al.,

13                   Defendants.
```
-------------------------------------x
```

14
      C.A. No. 05-72-JJF

15
```
-------------------------------------x
```
      CHARLES A. STANZIALE, JR., CHAPTER 7

16    TRUSTEE OF STUDENT LOAN FINANCE
      CORPORATION,

17                   Plaintiff,

18            - vs -

19    McGLADREY & PULLEN LLP AND MICHAEL AQUINO,
                     Defendants.

20
```
-------------------------------------x
```
21    C.A. No.  05-165-JJF
```
-------------------------------------x
```

22    ROYAL INDEMNITY COMPANY,
                     Plaintiff,

23
              - vs -

24
      PEPPER HAMILTON LLP, et al.,
                     Defendants.

25
```
-------------------------------------x
```

3

1

2                          March 22, 2007

                             9:13 a.m.

3

4        Videotaped Deposition of VINCENT N.

5    PUGLIESE, held at the offices of Cowdery

6    Ecker & Murphy, 750 Main Street, Hartford,

7    Connecticut, before Sandra V. Semevolos, RMR,

8    CRR, a Certified Shorthand Reporter and

9    Notary Public of the State of Connecticut.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

```
 1   A P P E A R A N C E S :
 2   PROSKAUER ROSE LLP
     1585 Broadway
 3   New York, New York  10036-8299
         Attorneys for MBIA Insurance Corporation
 4       and Wells Fargo Bank, N.A.
     BY:  DAVID T. McTAGGART, ESQ.
 5

 6

 7   SONNENSCHEIN NATH & ROSENTHAL, LLP
     1301 K Street N.W.
 8   Suite 600, East Tower
     Washington, D.C.  20005
 9       Attorneys for Royal Indemnity Company
     BY:  DREW W. MARROCCO, ESQ.
10

11

12   SCHNADER HARRISON SEGAL & LEWIS, LLP
     1600 Market Street
     Philadelphia, Pennsylvania  19103-7286
13       Attorneys for Pepper Hamilton, LLP
         and W. Roderick Gagne, as Partner
14   BY:  DAVID PELLETIER, ESQ.
15

16   WILLIAMS & CONNOLLY, LLP
     725 Twelfth Street, N.W.
17   Washington, D.C.   20005
         Attorneys for McGladrey & Pullen, LLP
18       and Michael Aquino
     BY:  THOMAS SELBY, ESQ.
19       KATHERINE M. TURNER, ESQ.
20

21

22

23

24

25
```

5

```
1     A P P E A R A N C E S  (Continued):
2     VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
      805 Third Avenue
3     New York, New York   10022
            Attorneys for Freed Maxick Sachs &
4           Murphy, CPAs, P.C. and Freed Maxick Sachs
            & Murphy, P.C.
5     BY:   DANIEL C. GREEN, ESQ.
            (By telephone and remote Livenote)
6           MARIE TIERI, ESQ.
            (By telephone and remote Livenote)
7
8     ALSO PRESENT:
9           Joe Castelot, Videographer
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

315

| | | |
|---|---|---|
| 1 | Q.    Do you know of anyone who didn't? | 16:54:41 |
| 2 | MR. MARROCCO:  Objection, form. | 16:54:42 |
| 3 | A.    No. | 16:54:45 |
| 4 | BY MR. PELLETIER: | 16:54:47 |
| 5 | Q.    Did anyone ever complain to you | 16:54:47 |
| 6 | about Bill Hibberd's performance on the SFC | 16:54:49 |
| 7 | program? | 16:54:51 |
| 8 | MR. MARROCCO:  Objection, form. | 16:54:52 |
| 9 | A.    No. | 16:54:53 |
| 10 | BY MR. PELLETIER: | 16:54:55 |
| 11 | Q.    Did John Tighe ever complain to you | 16:54:55 |
| 12 | about Bill Hibberd's performance? | 16:54:56 |
| 13 | A.    Not that I recall. | 16:55:01 |
| 14 | Q.    Steve Mulready, did he ever complain | 16:55:03 |
| 15 | to you? | 16:55:03 |
| 16 | A.    Not that I recall. | 16:55:04 |
| 17 | Q.    I show the witness what has been | 16:55:05 |
| 18 | previously marked as 353, Track I.  Please | 16:55:07 |
| 19 | take a minute to look at this. | 16:55:14 |
| 20 | MR. MARROCCO:  Before you answer | 16:55:18 |
| 21 | any questions, this has been the subject -- | 16:55:19 |
| 22 | it's come up before -- it's been the subject | 16:55:23 |
| 23 | of correspondence between the parties. | 16:55:26 |
| 24 | Royal's position is we are going to direct | 16:55:28 |
| 25 | the witness not to answer questions about the | 16:55:30 |

316

1    contents of performance evaluations.                16:55:34

2              MR. PELLETIER:  I understand              16:55:39

3    that that is Royal's position.  We obviously        16:55:39

4    disagree with that position.  I am going to         16:55:43

5    ask the witness questions about it in order         16:55:46

6    to, at a minimum, make the record clear that        16:55:48

7    we believe we are entitled to ask questions         16:55:53

8    about it, and I understand that you may             16:55:56

9    instruct the witness not to answer.                 16:55:58

10             MR. MARROCCO.  Okay.  I'm                  16:56:00

11   instructing the witness not to answer               16:56:00

12   questions regarding the subject matter of           16:56:02

13   this performance evaluation.                        16:56:03

14             MR. SELBY:   Can I just get one           16:56:06

15   clarification, Drew, is that all questions          16:56:07

16   related to that subject matter of                   16:56:10

17   evaluations?                                        16:56:11

18             MR. MARROCCO:  The questions              16:56:13

19   that go to the contents of the evaluations.         16:56:14

20             MR. SELBY:   But any question             16:56:17

21   relating to the content?                            16:56:17

22             MR. MARROCCO:  Yes.                       16:56:19

23             MR. SELBY:   Okay.                        16:56:19

24   BY MR. PELLETIER:                                   16:56:21

25        Q.   Do you recognize what is marked as        16:56:21

317

| | | |
|---|---|---|
| 1 | 353, Track I? | 16:56:22 |
| 2 | MR. MARROCCO:  You can answer | 16:56:25 |
| 3 | that question. | 16:56:26 |
| 4 | A.  It's a performance assessment. | 16:56:27 |
| 5 | BY MR. PELLETIER: | 16:56:32 |
| 6 | Q.  Have you seen other performance | 16:56:32 |
| 7 | assessments from Royal before today? | 16:56:34 |
| 8 | MR. MARROCCO:  You can answer | 16:56:36 |
| 9 | that question. | 16:56:37 |
| 10 | A.  Yes. | 16:56:40 |
| 11 | BY MR. PELLETIER: | 16:56:44 |
| 12 | Q.  Does this look familiar to the | 16:56:44 |
| 13 | performance assessments that you've seen? | 16:56:45 |
| 14 | MR. MARROCCO:  Objection.  You | 16:56:49 |
| 15 | can answer it. | 16:56:49 |
| 16 | A.  Yes. | 16:56:51 |
| 17 | BY MR. PELLETIER: | 16:56:52 |
| 18 | Q.  And if you look on the first page | 16:56:52 |
| 19 | marked RSA 1, at the top, it says "Employee | 16:57:04 |
| 20 | name William Hibberd." | 16:57:09 |
| 21 | Do you see that? | 16:57:13 |
| 22 | A.  Yes. | 16:57:14 |
| 23 | Q.  Is it fair to say that this is | 16:57:14 |
| 24 | William Hibberd's performance assessment? | 16:57:17 |
| 25 | MR. MARROCCO:  Objection. | 16:57:19 |

318

| | | |
|---|---|---|
| 1 | A.   Yes. | 16:57:20 |
| 2 | BY MR. PELLETIER: | 16:57:21 |
| 3 | Q.   On the far right of that same block | 16:57:22 |
| 4 | at the top of the page, it says "2001 | 16:57:24 |
| 5 | process." | 16:57:27 |
| 6 | Do you see that? | 16:57:28 |
| 7 | A.   I do. | 16:57:29 |
| 8 | Q.   Do you believe that this is William | 16:57:29 |
| 9 | Hibberd's 2001 performance evaluation? | 16:57:31 |
| 10 | MR. MARROCCO:   Objection. | 16:57:33 |
| 11 | A.   I don't know if it's 2001 for 2000 | 16:57:33 |
| 12 | performance or what -- you know, which year | 16:57:35 |
| 13 | it's referring to. | 16:57:42 |
| 14 | BY MR. PELLETIER: | 16:57:45 |
| 15 | Q.   Fair enough.   Do you see the name | 16:57:45 |
| 16 | "Ann Payseur" beneath that? | 16:57:46 |
| 17 | A.   I do. | 16:57:50 |
| 18 | Q.   Do you know who she is? | 16:57:51 |
| 19 | A.   I do not.   I am familiar with the | 16:57:53 |
| 20 | last name, but that was a male. | 16:57:54 |
| 21 | Q.   Would you please turn to the last | 16:58:00 |
| 22 | page of this exhibit, actually the second to | 16:58:01 |
| 23 | last page, which was marked RSA 6. | 16:58:08 |
| 24 | A.   Yes. | 16:58:12 |
| 25 | Q.   Do you see at the bottom of the page | 16:58:12 |

319

| | | |
|---|---|---|
| 1 | under "Manager's signature" it says "John | 16:58:22 |
| 2 | Tighe?" | 16:58:24 |
| 3 | A. Yes. | 16:58:25 |
| 4 | Q. Spelled T-i-g-h-e; correct? | 16:58:25 |
| 5 | A. Yes. | 16:58:28 |
| 6 | Q. And it's dated 6/7/02; is that | 16:58:29 |
| 7 | correct? | 16:58:32 |
| 8 | A. Yes. | 16:58:32 |
| 9 | Q. Do you believe that this evaluation | 16:58:33 |
| 10 | was signed by John Tighe on July -- June 7th, | 16:58:35 |
| 11 | 2002? | 16:58:37 |
| 12 | MR. MARROCCO: Objection. Form. | 16:58:41 |
| 13 | A. That's what it appears. | 16:58:42 |
| 14 | BY MR. PELLETIER: | 16:58:44 |
| 15 | Q. At the top of that last page, RSA 6, | 16:58:44 |
| 16 | there is a section captioned "Manager | 16:58:49 |
| 17 | comments." | 16:58:50 |
| 18 | Do you see that? | 16:58:54 |
| 19 | A. Yes. | 16:58:55 |
| 20 | Q. After that it states "High standards | 16:58:57 |
| 21 | were set but the results are unacceptable. I | 16:58:58 |
| 22 | realize that most of this appraisal is with | 16:59:03 |
| 23 | the benefit of hindsight, but the lack of | 16:59:06 |
| 24 | discipline, missing information and disregard | 16:59:07 |
| 25 | for underwriting guidelines that they put in | 16:59:09 |

320

| | | |
|---|---|---|
| 1 | place is unacceptable in the SFC account." | 16:59:11 |
| 2 | Do you see that? | 16:59:16 |
| 3 | MR. MARROCCO: I'm going to | 16:59:17 |
| 4 | direct you not to answer the questions | 16:59:17 |
| 5 | regarding the substance of this report. You | 16:59:19 |
| 6 | can answer whether or not you see it on the | 16:59:21 |
| 7 | page. | 16:59:23 |
| 8 | A. I see it. | 16:59:24 |
| 9 | BY MR. PELLETIER: | 16:59:25 |
| 10 | Q. *Do you agree with that statement? | 16:59:25 |
| 11 | MR. MARROCCO: I'm going to | 16:59:26 |
| 12 | instruct him not to respond to that. | 16:59:26 |
| 13 | BY MR. PELLETIER: | 16:59:30 |
| 14 | Q. Are you going to follow your | 16:59:30 |
| 15 | counsel's instruction? | 16:59:31 |
| 16 | A. I am. | 16:59:32 |
| 17 | Q. Would you please turn to page marked | 16:59:33 |
| 18 | RSA 4. Three-quarters of the way down the | 16:59:34 |
| 19 | page, there is a manager comments section. | 16:59:36 |
| 20 | Do you see that? | 16:59:54 |
| 21 | A. I do. | 16:59:55 |
| 22 | Q. The paragraph reads "Clearly Bill | 16:59:55 |
| 23 | and the entire Financial Enhancement Group | 16:59:56 |
| 24 | was far too trusting with the SFC account." | 17:00:00 |
| 25 | Do you see that? | 17:00:05 |

321

| 1 | A.   Yes. | 17:00:05 |

1  A.   Yes.                                             17:00:05

2  Q.   *Do you agree with that statement?             17:00:05

3       MR. MARROCCO:   I direct you not               17:00:06

4  to answer questions relating to the substance       17:00:07

5  of this report.                                      17:00:10

6  BY MR. PELLETIER:                                    17:00:11

7  Q.   Are you going to follow your                   17:00:11

8  counsel's instructions?                              17:00:12

9  A.   I am.                                           17:00:15

10      MR. MARROCCO:   I will let him                  17:00:15

11 answer questions generally, not tied to this         17:00:16

12 report, but whether he agrees with those             17:00:21

13 types of statements.                                 17:00:25

14      MR. PELLETIER:   Thank you for                  17:00:27

15 that clarification.                                  17:00:27

16 BY MR. PELLETIER:                                    17:00:31

17 Q.   I'd like to show the witness what's            17:00:31

18 previously been marked as 1247, Track I.             17:00:35

19 Just take a minute to look at this, please.          17:00:38

20      1247, Track I, is an e-mail Bates               17:00:43

21 labeled ROY 165278 dated April 17, 2002.             17:01:07

22      Do you see that?                                17:01:17

23 A.   Yes.                                            17:01:17

24 Q.   The first e-mail, which is -- starts           17:01:18

25 after the -- the initial e-mail on the top of        17:01:19

1

1          IN THE UNITED STATES DISTRICT COURT

            FOR THE DISTRICT OF DELAWARE

2

3    ROYAL INDEMNITY COMPANY,

4          Plaintiff,

5    vs.                    C.A. No. 05-165-JJF

6    PEPPER HAMILTON, LLP,

     W. RODERICK GAGNE, FREED                COPY

7    MAXICK & BATTAGLIA CPAs,

     PC, MCGLADREY & PULLEN,

8    LLP, MICHAEL AQUINO, and

     FREED MAXICK SACHS & MURPHY,

9    P.C.,

10          Defendants.

     ─────────────────────────────────/

11

12

13

                              Helms Mullis & Wicker

14                            201 N. Tryon Street

                              Suite 3000

15                            Charlotte, NC

                              Wednesday, March 28, 2007

16                            9:32 a.m. - 7:37 p.m.

17

18        VIDEOTAPED TRACK III DEPOSITION

19                    OF

20              JOHN TIGHE

21

22

23   Reported by:

     April Reid, RPR, CLR

24   Registered Professional Reporter

     Notary Public

25

2

```
 1              A P P E A R A N C E S
 2
 3
       Appearing on behalf of Royal Indemnity:
 4
 5         SONNENSCHEIN NATH & ROSENTHAL, LLP
           BY:  MICHAEL H. BARR, ESQUIRE
 6         1221 Avenue of the Americas
           New York, NY  10020
 7         (212) 768-6703
           mbarr@sonnenschein
 8
 9
       Appearing on behalf of MBIA and Wells Fargo:
10
11         PROSKAUER ROSE, LLP
           BY:  DAVID T. McTAGGART
12         1585 Broadway
           New York, NY  10036-8299
13         (212) 969-3154
           dmctaggart@proskauer.com
14
15
       Appearing on behalf of McGladrey & Pullen:
16
17         WILLIAMS & CONNOLLY, LLP
           BY:  TOM SELBY, ESQUIRE
18         BY:  KATHERINE M. TURNER, ESQUIRE
           725 Twelfth Street, N.W.
19         Washington, D.C.  20005
           (202) 434-5066
20         tselby@wc.com
           kturner@wc.com
21
22
23
24
25
```

3

1                    A P P E A R A N C E S  con't

2

    Appearing on behalf of Pepper Hamilton & Gagne:

3

4        SCHNADER HARRISON LAW

         BY:  BRUCE P. MERENSTEIN

5        1600 Market Street, Suite 3600

         Philadelphia, PA  19103-7286

6        (215) 751-2249

         bmerenstein@schnader.com

7

8

9    Appearing on behalf of Freed Maxick & Battaglia

     and Freed Maxick Sachs & Murphy:

10

11       VEDDER PRICE

         BY:  MARIE TIERI, ESQUIRE

12       805 Third Avenue

         New York, New York 10022

13       (212) 407-7700

         mtieri@vedderprice.com

14       (Via Internet Streaming/Telephone)

15

16   Also Present:

17       DONALD GRAVES, Videographer

18

19

20

21

22

23

24

25

405

| | |
|---|---|
| 1 | fully catch up on SFC anyway.  I mean, I think he | 18:51:03 |
| 2 | sends me to -- the e-mail and say let's catch up. | 18:51:03 |
| 3 | It would not be uncommon for me to say that to | 18:51:03 |
| 4 | somebody who sends me an e-mail, lets get | 18:51:16 |
| 5 | together and see how we're doing. | 18:51:16 |
| 6 | Q.   But the sense is you don't recall | 18:51:16 |
| 7 | whether you caught up with Bill Hibberd about SFC | 18:51:16 |
| 8 | on April 8th of 2002? | 18:51:16 |
| 9 | A.   I doubt I did and I don't recall. | 18:51:16 |
| 10 | Q.   You've testified quite a bit about your | 18:51:40 |
| 11 | view of Bill Hibberd, and a relatively positive | 18:51:40 |
| 12 | view I might say. | 18:51:40 |
| 13 | Did you ever formally assess Mr. | 18:51:40 |
| 14 | Hibberd's performance when you were his manager? | 18:51:40 |
| 15 | MR. BARR:  I'm going to -- | 18:51:40 |
| 16 | THE WITNESS:  Yes. | 18:51:40 |
| 17 | MR. BARR:  You may answer that yes or | 18:51:40 |
| 18 | no. | 18:51:40 |
| 19 | THE WITNESS:  Yes. | 18:51:40 |
| 20 | BY MR. MERENSTEIN: | 18:51:40 |
| 21 | Q.   Did you ever prepare a formal report, a | 18:51:40 |
| 22 | written report regarding Mr. Hibberd's | 18:51:40 |
| 23 | performance? | 18:52:05 |
| 24 | MR. BARR:  I -- he may answer that | 18:52:05 |
| 25 | question yes or no. | 18:52:05 |

406

| | | |
|---|---|---|
| 1 | THE WITNESS: Yes. | 18:52:05 |
| 2 | BY MR. MERENSTEIN: | 18:52:05 |
| 3 | Q. Did you find Mr. Hibberd's performance | 18:52:05 |
| 4 | during 2001 to be unsatisfactory? | 18:52:05 |
| 5 | MR. BARR: At this point I'm going to | 18:52:05 |
| 6 | direct the witness not to answer based upon | 18:52:05 |
| 7 | the Court's rulings with respect to | 18:52:05 |
| 8 | performance reviews. | 18:52:05 |
| 9 | MR. MERENSTEIN: And, just for the | 18:52:05 |
| 10 | record -- and I'll just state it once. We, | 18:52:05 |
| 11 | obviously, disagree with the instruction to | 18:52:30 |
| 12 | the witness. Royal, to my knowledge, has | 18:52:34 |
| 13 | never filed a motion regarding the | 18:52:34 |
| 14 | performance reviews of its employees. | 18:52:34 |
| 15 | Because it never filed a motion the Court has | 18:52:34 |
| 16 | certainly never issued an order regarding a | 18:52:34 |
| 17 | motion by Royal on this issue. | 18:52:34 |
| 18 | Mr. Hibberd's performance assessment, | 18:52:34 |
| 19 | written performance assessment prepared by | 18:52:34 |
| 20 | Mr. Tighe has actually been produced without | 18:52:34 |
| 21 | objection by Royal in this litigation. | 18:52:34 |
| 22 | Mr. Tighe has testified repeatedly today | 18:52:34 |
| 23 | about his views of Mr. Hibberd's performance. | 18:52:55 |
| 24 | Therefore, we certainly disagree with | 18:52:55 |
| 25 | the idea that I cannot ask him questions | 18:52:55 |

407

| 1 | about the formal written performance | 18:52:55 |
| 2 | assessment that Mr. Tighe completed and | 18:52:55 |
| 3 | prepared regarding Mr. Hibberd's performance. | 18:52:55 |
| 4 | MR. SELBY:  I join in that statement. | 18:52:55 |
| 5 | MR. BARR:  Well -- and I will not | 18:52:55 |
| 6 | belabor the record at this hour.  We, | 18:52:55 |
| 7 | obviously, disagree with that.  We believe | 18:52:55 |
| 8 | the instruction is proper.  We believe it | 18:53:13 |
| 9 | reflects the Court's rulings when we | 18:53:13 |
| 10 | specifically requested -- not only just to | 18:53:13 |
| 11 | see the performance evaluations of various | 18:53:13 |
| 12 | individuals at McGladrey, then after the | 18:53:13 |
| 13 | Court denied our motion to compel with | 18:53:13 |
| 14 | respect to those performance evaluations I | 18:53:13 |
| 15 | asked the court as a follow-up, could we see | 18:53:25 |
| 16 | the materials that were SFC specific?  And | 18:53:25 |
| 17 | the court said no across the board, that we | 18:53:25 |
| 18 | were being precluded from receiving those | 18:53:25 |
| 19 | materials. | 18:53:25 |
| 20 | On that basis I am not going to allow | 18:53:25 |
| 21 | the examination of Royal witnesses in a topic | 18:53:35 |
| 22 | that the Court deemed -- thought that it | 18:53:35 |
| 23 | should not be a proper notice of discovery. | 18:53:35 |
| 24 | MR. SELBY:  Can I get a clarification? | 18:53:41 |
| 25 | Are you going to instruct the witness | 18:53:41 |

408

| | | |
|---|---|---|
| 1 | not to answer any questions about the | 18:53:41 |
| 2 | substance of the evaluations? | 18:53:41 |
| 3 | MR. BARR: That is correct. | 18:53:46 |
| 4 | BY MR. MERENSTEIN: | 18:53:46 |
| 5 | Q. Mr. Tighe, did you ever express the | 18:53:47 |
| 6 | belief that Mr. Hibberd and the rest of the | 18:53:48 |
| 7 | Financial Enhancements Unit were far too trusting | 18:53:51 |
| 8 | with the SFC account? | 18:53:53 |
| 9 | MR. BARR: I am going to make the same | 18:53:55 |
| 10 | objection and the same direction. | 18:53:57 |
| 11 | BY MR. MERENSTEIN: | 18:53:57 |
| 12 | Q. Are you going toanswer the question? | 18:54:01 |
| 13 | A. I'm not. | 18:54:02 |
| 14 | Q. Did you ever express the belief that the | 18:54:05 |
| 15 | Financial Enhancements Unit was learning | 18:54:06 |
| 16 | on-the-fly? | 18:54:09 |
| 17 | MR. BARR: Same instruction. | 18:54:10 |
| 18 | THE WITNESS: Same answer. | 18:54:11 |
| 19 | BY MR. MERENSTEIN: | 18:54:11 |
| 20 | Q. Did you ever express the belief that | 18:54:15 |
| 21 | Royal was placing large bets despite -- excuse | 18:54:17 |
| 22 | me. Let me strike that. | 18:54:20 |
| 23 | Let me rephrase that. | 18:54:22 |
| 24 | Did you ever express the belief that the | 18:54:22 |
| 25 | Financial Enhancements Unit was placing large | 18:54:25 |

409

| | | |
|---|---|---|
| 1 | bets despite its inexperience? | 18:54:27 |
| 2 | MR. BARR:  Same objection. | 18:54:31 |
| 3 | Same instruction. | 18:54:31 |
| 4 | THE WITNESS:  Same answer. | 18:54:32 |
| 5 | BY MR. MERENSTEIN: | 18:54:32 |
| 6 | Q.    Did you ever express the belief that the | 18:54:35 |
| 7 | results in the Financial Enhancements Unit were | 18:54:37 |
| 8 | unacceptable? | 18:54:39 |
| 9 | MR. BARR:  Same objection. | 18:54:42 |
| 10 | Same instruction. | 18:54:43 |
| 11 | THE WITNESS:  Same answer. | 18:54:44 |
| 12 | BY MR. MERENSTEIN: | 18:54:44 |
| 13 | Q.    Did you ever express the belief that the | 18:54:46 |
| 14 | lack of discipline, missing information, and | 18:54:49 |
| 15 | disregard for underwriting guidelines was | 18:54:51 |
| 16 | unacceptable on the SFC account? | 18:54:54 |
| 17 | MR. BARR:  Same direction. | 18:54:56 |
| 18 | Same instruction. | 18:54:57 |
| 19 | All of these questions from counsel | 18:54:58 |
| 20 | relate to statements made in performance | 18:55:00 |
| 21 | evaluations and on the basis of what I stated | 18:55:03 |
| 22 | before I'm going to direct the witness not to | 18:55:07 |
| 23 | answer. | 18:55:08 |
| 24 | THE WITNESS:  Same answer. | 18:55:08 |
| 25 | BY MR. MERENSTEIN: | 18:55:08 |

410

| | | |
|---|---|---|
| 1 | Q.    Now, you did testify, before your | 18:55:16 |
| 2 | counsel instructed not to answer anymore | 18:55:17 |
| 3 | questions, that you did prepare a written | 18:55:19 |
| 4 | performance assessment of Mr. Hibberd, correct? | 18:55:21 |
| 5 | A.    I did. | 18:55:24 |
| 6 | Q.    And isn't it true that that performance | 18:55:27 |
| 7 | assessment was dated June 7th, 2002? | 18:55:29 |
| 8 | MR. BARR:  If you know that I will allow | 18:55:36 |
| 9 | that question to be answered -- | 18:55:37 |
| 10 | THE WITNESS:  I don't know that. | 18:55:39 |
| 11 | MR. BARR:  -- yes or no. | 18:55:40 |
| 12 | BY MR. MERENSTEIN: | 18:55:40 |
| 13 | Q.    Well, then, I will hand you, to refresh | 18:55:42 |
| 14 | your memory, what's been already marked as | 18:55:43 |
| 15 | Exhibit 353-I. | 18:55:46 |
| 16 | MR. BARR:  And I'm going to direct the | 18:55:58 |
| 17 | witness not to answer any questions with | 18:56:01 |
| 18 | respect to this document for the reasons | 18:56:02 |
| 19 | stated. | 18:56:03 |
| 20 | BY MR. MERENSTEIN: | 18:56:03 |
| 21 | Q.    And I would ask you to look at page 6, | 18:56:04 |
| 22 | toward the bottom, where it says Manager's | 18:56:08 |
| 23 | Signature and ask you whether that's your name | 18:56:12 |
| 24 | that appears there? | 18:56:16 |
| 25 | MR. BARR:  Same instruction. | 18:56:16 |

411

| | | |
|---|---|---|
| 1 | Same direction. | 18:56:16 |
| 2 | THE WITNESS:  Same answer. | 18:56:18 |
| 3 | BY MR. MERENSTEIN: | 18:56:18 |
| 4 | Q.    And I would ask you whether the date | 18:56:20 |
| 5 | there is June 7th, 2002? | 18:56:22 |
| 6 | MR. BARR:  Same direction. | 18:56:25 |
| 7 | Same instruction. | 18:56:25 |
| 8 | THE WITNESS:  Same response. | 18:56:26 |
| 9 | MR. SELBY:  You're not letting him | 18:56:30 |
| 10 | answer about what the date is on the | 18:56:32 |
| 11 | document? | 18:56:35 |
| 12 | MR. BARR:  I'm not going to allow him to | 18:56:35 |
| 13 | answer questions with respect to the | 18:56:39 |
| 14 | document.  You have the document in your | 18:56:39 |
| 15 | possession.  You can make whatever motion you | 18:56:49 |
| 16 | deem appropriate to make and we will respond | 18:56:49 |
| 17 | accordingly. | 18:56:49 |
| 18 | MR. SELBY:  Can we go off the record for | 18:56:49 |
| 19 | a minute? | 18:56:49 |
| 20 | THE VIDEOGRAPHER:  We're off the record | 18:56:49 |
| 21 | at 6:56. | 18:56:49 |
| 22 | (Recess in Proceedings). | 19:10:00 |
| 23 | THE VIDEOGRAPHER:  This is tape number | 19:10:00 |
| 24 | six.  We are on the record at 7:10. | 19:10:08 |
| 25 | BY MR. MERENSTEIN: | 19:10:08 |

412

| | | |
|---|---|---|
| 1 | Q.    Again, you testified before that you did | 19:10:13 |
| 2 | perform a formal assessment of Mr. Hibberd's | 19:10:15 |
| 3 | performance. | 19:10:18 |
| 4 | Did you discuss this assessment with | 19:10:19 |
| 5 | him? | 19:10:22 |
| 6 | MR. BARR:  You may answer that yes or | 19:10:22 |
| 7 | no. | 19:10:24 |
| 8 | THE WITNESS:  Yes. | 19:10:26 |
| 9 | BY MR. MERENSTEIN: | 19:10:26 |
| 10 | Q.    What did you tell him about it? | 19:10:26 |
| 11 | MR. BARR:  I am going to direct the | 19:10:31 |
| 12 | witness not to answer it, for the same | 19:10:31 |
| 13 | reasons stated before. | 19:10:31 |
| 14 | THE WITNESS:  I'm sorry.  I can't | 19:10:38 |
| 15 | answer. | 19:10:38 |
| 16 | BY MR. MERENSTEIN: | 19:10:38 |
| 17 | Q.    Did you discuss your assessment of Mr. | 19:10:38 |
| 18 | Hibberd's performance with anybody else besides | 19:10:44 |
| 19 | Mr. Hibberd? | 19:10:44 |
| 20 | MR. BARR:  You may answer that question. | 19:10:44 |
| 21 | THE WITNESS:  Yes. | 19:10:44 |
| 22 | BY MR. MERENSTEIN: | 19:10:44 |
| 23 | Q.    Who else did you discuss it with? | 19:10:44 |
| 24 | A.    Terry Broderick. | 19:10:49 |
| 25 | MR. BARR:  And I am going to give the | 19:10:53 |

413

| | | |
|---|---|---|
| 1 | same instruction with respect to any | 19:10:53 |
| 2 | substance of that conversation. | 19:10:53 |
| 3 | THE WITNESS:  All right. | 19:10:56 |
| 4 | BY MR. MERENSTEIN: | 19:10:56 |
| 5 | Q.    Did you discuss it with anybody besides | 19:10:56 |
| 6 | Mr. Broderick? | 19:10:59 |
| 7 | A.    Not that I'm aware of. | 19:10:59 |
| 8 | Q.    Was Mr. Hibberd demoted at any point | 19:11:03 |
| 9 | after this performance assessment from June of | 19:11:06 |
| 10 | 2002? | 19:11:09 |
| 11 | A.    He, he was not. | 19:11:10 |
| 12 | Q.    Are you aware that Mr. Hibberd has | 19:11:12 |
| 13 | previously testified in one of the SFC related | 19:11:14 |
| 14 | matters that he believe he was demoted? | 19:11:17 |
| 15 | MR. BARR:  Objection to the form of the | 19:11:21 |
| 16 | question. | 19:11:21 |
| 17 | THE WITNESS:  I'm not aware of that. | 19:11:21 |
| 18 | I mean, how would you define "demoted". | 19:11:25 |
| 19 | MR. BARR:  Well, Mr. Tighe, all you can | 19:11:31 |
| 20 | do is answer the questions to the best of | 19:11:31 |
| 21 | your ability based upon your understanding of | 19:11:31 |
| 22 | the language used in the question. | 19:11:35 |
| 23 | THE WITNESS:  Okay. | 19:11:35 |
| 24 | BY MR. MERENSTEIN: | 19:11:35 |
| 25 | Q.    I guess my -- I would just repeat my | 19:11:39 |

PAGES A-48 THROUGH A-68

ARE CONFIDENTIAL

AND HAVE BEEN SEALED

| | |
|---|---|
| **From:** | Barnowski, Daniel D. [dbarnowski@sonnenschein.com] |
| **Sent:** | Monday, March 26, 2007 7:26 PM |
| **To:** | Barnowski, Daniel D.; Shapiro, Stephen |
| **Cc:** | Pelletier, David; TSelby@wc.com; dmctaggart@proskauer.com; Ainslie, Elizabeth |
| **Subject:** | Re: Personnel Evaluations |

Steve:

We have further considered this issue and reviewed the transcript of the hearing before Judge Farnan. I note that your citation to the transcript from the hearing was not complete and we believe Judge Farnan's ruling, as fully explained by him, supports our position. Therefore, our instructions and position remain the same.


-----Original Message-----
From: Barnowski, Daniel D.
To: 'Shapiro, Stephen' <SShapiro@schnader.com>
CC: Pelletier, David <DPelletier@Schnader.com>; Tom Selby <TSelby@wc.com>;
dmctaggart@proskauer.com <dmctaggart@proskauer.com>; Ainslie, Elizabeth
<EAinslie@schnader.com>
Sent: Sun Mar 25 20:14:38 2007
Subject: RE: Personnel Evaluations

    We are considering your position.


From: Shapiro, Stephen [mailto:SShapiro@schnader.com]
Sent: Sunday, March 25, 2007 7:01 PM
To: Barnowski, Daniel D.
Cc: Pelletier, David; Tom Selby; dmctaggart@proskauer.com; Ainslie, Elizabeth
Subject: RE: Personnel Evaluations

Dan,

Although we disagree that this issue was not ripe at the conclusion of Mr. Mulready's deposition, there can be no question that it now is ripe in light of the questioning and instructions not to answer at Mr. Pugliese's deposition. Please let us know Royal's position on this topic going forward.

-Steve


From: Shapiro, Stephen
Sent: Wednesday, March 21, 2007 4:16 PM
To: 'Barnowski, Daniel D.'
Cc: Pelletier, David; Tom Selby; dmctaggart@proskauer.com; Ainslie, Elizabeth
Subject: RE: Personnel Evaluations

Dan,

Do you intend to instruct Mr. Hibberd and Mr. McKenzie not to answer questions about their

own evaluations? Do you intend to instruct Mr. Tighe and Ms. Payseur not to answer questions about the evaluations that they signed? If yes, then perhaps we should deal with the issue now rather than ending up in a situation where we need to request that witnesses be brought back after their depositions have concluded to answer questions about the evaluations, which obviously would be a major inconvenience to all involved.


- Steve


---

From: Barnowski, Daniel D. [mailto:dbarnowski@sonnenschein.com]
Sent: Wednesday, March 21, 2007 3:55 PM
To: Shapiro, Stephen
Cc: Pelletier, David; Tom Selby; dmctaggart@proskauer.com; Ainslie, Elizabeth
Subject: RE: Personnel Evaluations


Steve:

I understand your position and I believe you understand mine. We obviously did not want this result and would welcome reconsideration of it.

Respectfully though, I don't think there's anything to meet and confer about yet b/c Mr. Mulready clearly testified that he had never seen the employee evaluation before and knew nothing about it. While I expressed my intention to instruct him not to answer questions about it, the only specific question he was intructed not to answer was whether he saw a specific paragraph in it. He had already explained, quite clearly, that he had never seen the evaluation at all. So the follow up question was unneccesary, redundant and improper.


From: Shapiro, Stephen [mailto:SShapiro@schnader.com]
Sent: Wednesday, March 21, 2007 3:29 PM
To: Barnowski, Daniel D.
Cc: Pelletier, David; Tom Selby; dmctaggart@proskauer.com; Ainslie, Elizabeth
Subject: Personnel Evaluations


Dan,

I understand that you instructed Mr. Mulready not to answer any questions about employee evaluations (such as Exhibit 353-I) during his deposition on Monday and that Royal will give the same instruction to all of its witnesses going forward. Based on my review of the rough draft of the transcript from Mr. Mulready's deposition, I understand that Royal's instruction was based on the following arguments: 1) Judge Farnan has held that employee evaluations are not relevant to these cases, and 2) Royal is "not going to have one side of the case producing employee evaluations and having its witnesses answer questions while the other side does not." We respectfully disagree with both assertions.

First, Judge Farnan did not hold that personnel evaluations relating to the issues in these cases are irrelevant. To the contrary, he stated that personnel evaluations relating to SFC may well be admissible at trial: "[T]o give you my present thinking, manuals probably get in. Irrelevant personnel evaluations, generally, not specific to the issue don't." (Page 13 of the transcript from the Feb. 7, 2007 hearing). In any event, it is not proper to instruct a witness not to answer a question on relevancy grounds. Second, it is not true that only "one side of the case" has produced employee evaluations. Royal requested such evaluations from Pepper (see Request No. 10 to Royal's third set of document requests) and Pepper produced them. Nothing has prevented Royal from questioning Pepper witnesses about those evaluations.

Pepper reserves its rights to challenge Royal's position on the relevancy of the SFC-related evaluations and its refusal to permit its witnesses to answer questions about those evaluations. This email also shall serve as the communication required by Local Rule 7.1.1 in the event Pepper decides to seek Court intervention on this issue. Please let us know whether Royal will reconsider its position.

-Steve

Stephen J. Shapiro, Esquire

<http://www.schnader.com/>

1600 Market Street, Suite 3600

Philadelphia, PA 19103

215-751-2259 / 215-751-2205 (fax)

sshapiro@schnader.com <mailto:sshapiro@schnader.com>

www.schnader.com <http://www.schnader.com/>

------------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege.
If you are not the intended recipient, be aware that any disclosure, copying, distribution
or use of this e-mail or any attachment is prohibited. If you have received this e-mail in
error, please notify us immediately by returning it to the sender and delete this copy
from your system. Thank you for your cooperation.

IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient
and any subsequent reader cannot use such advice for, the purpose of avoiding any
penalties asserted under the Internal Revenue Code. If the foregoing contains Federal tax
advice and is distributed to a person other than the addressee, each additional and
subsequent reader hereof is notified that such advice should be considered to have been
written to support the promotion or marketing of the transaction or matter addressed
herein. In that event, each such reader should seek advice from an independent tax advisor
with respect to the transaction or matter addressed herein based on the reader's
particular circumstances.
------------------------------------------------------------------------

------------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege.
If you are not the intended recipient, be aware that any disclosure, copying, distribution
or use of this e-mail or any attachment is prohibited. If you have received this e-mail in
error, please notify us immediately by returning it to the sender and delete this copy
from your system. Thank you for your cooperation.

IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient
and any subsequent reader cannot use such advice for, the purpose of avoiding any
penalties asserted under the Internal Revenue Code. If the foregoing contains Federal tax
advice and is distributed to a person other than the addressee, each additional and
subsequent reader hereof is notified that such advice should be considered to have been
written to support the promotion or marketing of the transaction or matter addressed
herein. In that event, each such reader should seek advice from an independent tax
advisor with respect to the transaction or matter addressed herein based on the reader's
particular circumstances.
------------------------------------------------------------------------

**A-71**

**PAGES A-72 THROUGH A-80**

**ARE CONFIDENTIAL**

**AND HAVE BEEN SEALED**