IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 05-165-JJF |
| PEPPER HAMILTON LLP, W. RODERICK GAGNÉ, FREED MAXICK & BATTAGLIA CPAs PC, MCGLADREY & PULLEN, LLP, MICHAEL AQUINO and FREED MAXICK SACHS & MURPHY, P.C. | ) ) ) ) ) ) |
| Defendants. | ) |

**ROYAL INDEMNITY COMPANY'S NOTICE OF
<u>RULE 30(b)(6) DEPOSITION OF FREED MAXICK SACHS & MURPHY, P.C.</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff Royal Indemnity Company will take the oral deposition of defendant Freed Maxick Sachs & Murphy PC ("FMSM") on the subjects listed in Exhibit A attached hereto. The deposition will take place at the offices of Vedder Price Kaufman & Kammholz, P.C., 1633 Broadway, 47th Floor, New York, New York 10019, beginning at 9:30 a.m. on April 30, 2007. FMSM is directed to designate the person or persons to testify on its behalf and the matters on which the person(s) will testify.

ASHBY & GEDDES

*/s/ Andrew D. Cordo*
_____
Philip Trainer, Jr. (I.D. #2788)
Tiffany Geyer Lydon (I.D. #3950)
Andrew D. Cordo (I.D. #4534)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
(302) 654-2067 (Fax)
ptrainer@ashby-geddes.com
tlydon@ashby-geddes.com
acordo@ashby-geddes.com

*Attorneys for Plaintiff Royal Indemnity Company*

*Of Counsel:*

Michael H. Barr
Kenneth J. Pfaehler
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700
(212) 768-6800 (Fax)

and

John Grossbart
Alan S. Gilbert
Steve Merouse
7800 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934

Dated: April 27, 2007
180059.1

**EXHIBIT A**

**DEFINITIONS**

In this Rule 30(b)(6) deposition notice, the following terms shall have the following meanings:

1. The term "pertaining to" shall mean analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, compromising, containing, setting forth, showing, disclosing, explaining, involving, summarizing, memorializing, mentioning, reflecting, commenting on, having to do with, relating to, or otherwise having any logical or factual connection with the subject matter. All the terms included in the definition of "pertaining to" and any of their derivations are themselves used synonymously with "pertaining to" when used in these Interrogatories.

2. "SFC" shall mean Student Finance Corporation, Student Marketing Services, LLC ("SMS"), Student Loan Servicing, LLC ("SLS"), SFC Financial I, LLC, SFC Financial II, LLC, SFC Acceptance I, SFC Acceptance II, SFC Acceptance III, SFC Acceptance IV, SFC Acceptance V, SFC Acceptance VI, SFC Acceptance VII, SFC Acceptance VIII, SFC Acceptance IX, and their current or former principals, owners, officers, directors, partners, stockholders, shareholders, associates, employees, staff members, agents, representatives, attorneys, parents, subsidiaries, affiliates, divisions, successors, and predecessors, and all persons or entities currently or formerly acting or purporting to act on its behalf, whether authorized to do so or not.

3. "FMB" shall mean Freed Maxick & Battaglia CPAs PC, and any of its current or former employees, directors, officers, shareholders, representatives, agents and attorneys, every person acting on their behalf or under their control, and any parents, subsidiaries, predecessors or

affiliated entities that have or may have possession of, custody of, control of, knowledge of, or responsibility for any of the deposition subjects listed in this Notice.

4. "FMSM" shall mean Freed Maxick Sachs and Murphy, PC, defendant in this action, and any of its current or former employees, directors, officers, shareholders, representatives, agents and attorneys, every person acting on their behalf or under their control, and any parents, subsidiaries, predecessors or affiliated entities.

5. "McGladrey & Pullen, LLP" shall mean the defendant in this action, and any of its current or former employees, directors, officers, shareholders, representatives, agents and attorneys, every person acting on their behalf or under their control, and any parents, subsidiaries, predecessors or affiliated entities.

6. "RSM" shall mean RSM McGladrey and any of its current or former employees, directors, officers, shareholders, representatives, agents and attorneys, every person acting on their behalf or under their control, and any parents, subsidiaries, predecessors or affiliated entities.

7. "Michael Aquino" shall mean the defendant in this action.

8. "Aquino Group" shall mean the Philadelphia-based group FMSM acquired from BDO Seidman on or about January 14, 2000, in which Michael Aquino, Mark Colatrella and Jeff Westad worked at various points in time and which is referred to as the "Integrated Operations" in the February 26, 2002 Operations Agreement at FMB00191.

- 5 -

**Deposition Subjects**

1. The structure, composition and membership of FMSM from 1999 to the present.

2. The business relationship or affiliation, if any, from 1999 to the present, between and among FMSM and each of the following: FMB; McGladrey & Pullen, LLP; RSM; Michael Aquino; and the Aquino Group.

3. The nature and scope of FMSM's responsibility, if any, for liabilities related to audit reports issued by FMSM in 2000.

4. The current assets of FMSM and the transfer of any assets between or among FMSM and FMB.

5. FMSM's acquisition and disposal/sale of, or affiliation with, the Philadelphia-based Aquino group.

6. Any concurring review conducted by FMSM as part of FMSM's audit of SFC's 1998 and 1999 financial statements, including the identity of any concurring reviewer(s) and the scope of any such reviewer's responsibilities.