April 19, 2007

**VIA ELECTRONIC FILING & HAND DELIVERY**

**PUBLIC REDACTED VERSION**

Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124, Lockbox 27
Wilmington, Delaware 19801

    Re: *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. McGladrey & Pullen LLP, et al.*, No. 05-72 (JJF)

       *Royal Indemnity Co. v. Pepper Hamilton LLP, et al.*, No. 05-165 (JJF)

Dear Judge Farnan:

  We write on behalf of defendants McGladrey & Pullen, LLP and Michael Aquino in response to the April 18, 2007 letter from counsel for Royal Indemnity Company ("Royal"). In that letter, Royal requests the Court to "consider clarifying or amending" its February 7, 2007 order (the "Order") compelling production of communications between Royal and the Chapter 7 Trustee of Student Finance Corporation (the "Trustee"). Specifically, Royal's April 18 letter asks the Court to protect from disclosure certain communications that predate the settlement, on the theory that they constitute "shared work product" or a "common interest." For the reasons set forth below, Royal's last-minute request that this Court revisit its February 7 decision should be denied.

  First, Royal's statement that it was continually "working cooperatively" with the Trustee in negotiating an October 11, 2004 term sheet is demonstrably false. Settlement communications that to date have been produced from the September to October 2004 time frame show that the relationship between Royal and the Trustee remained adversarial. For example, there remained clear disagreement regarding the merits of any lawsuit against SFC's former accountants and auditors, including McGladrey and Aquino:

Honorable Joseph J. Farnan
April 19, 2007
Page 2


(Ex. A). Thereafter, Royal's counsel wrote that the relationship between Royal and the Trustee                    (Ex. B). Indeed, it appears that the settlement was still questionable as late as October 4, 2004, when the Trustee's counsel questioned                                    (Ex. C). The facts do not support Royal's claim of common interest.

    Royal's only remaining argument is that these withheld documents "predate somewhat the formal settlement," and therefore should be protected from this disclosure. This is the same argument Royal raised in opposition to Pepper Hamilton's motion to compel. (*See* Royal Reply at p. 8). That argument was rejected when this Court ordered that "pre-settlement discussions" must be produced. (*See* Order, p. 12). Royal offers no basis to deviate from that ruling.

    Furthermore, Royal's request is untimely. Although Royal's has been aware of its obligations under the Order since February 7, 2007, McGladrey and Aquino did not receive Royal's 15,000 page production until yesterday, literally on the eve of the Trustee's deposition. It is only now -- over two months after the Order and on the very day that the Trustee was questioned on the settlement -- that Royal seeks relief from Your Honor's Order. There is no excuse for Royal's delay.

    We respectfully request that the Court deny Royal's request for a modification of the Order, and further request that the Court direct Royal to produce immediately all documents previously submitted to the Court for *in camera* review.

Respectfully submitted,

Christopher M. Winter

Enclosure
cc: All counsel of record