IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROYAL INDEMNITY COMPANY | : | |
| Plaintiff, | : | Civil No. 05-165(JJF) |
| vs. | : | |
| | : | REDACTED PUBLIC |
| PEPPER HAMILTON LLP, ET AL. | : | VERSION |
| Defendants. | : | |

REPLY BRIEF IN SUPPORT OF PEPPER HAMILTON LLP AND
W. RODERICK GAGNÉ'S MOTION TO COMPEL ANSWERS AND FOR SANCTIONS

William H. Sudell, Jr., Esq. (No. 0463)
Donna L. Culver, Esq. (No. 2983)
Daniel B. Butz (No. 4227)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 (facsimile)

Elizabeth K. Ainslie, Esq.
Nicholas J. LePore, III, Esq.
Bruce P. Merenstein, Esq.
Stephen J. Shapiro, Esq.
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000
(215) 751-2205 (facsimile)

*Counsel for defendants Pepper Hamilton LLP and W. Roderick Gagné*

Charles A. Gilman
David G. Januszewski
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, NY 10005
(212) 701-3000
(212) 269-5420 (facsimile)

*Counsel for defendant Pepper Hamilton LLP*

May 3, 2007

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................................................II

INTRODUCTION..........................................................................................................1

ARGUMENT IN REPLY ................................................................................................1

CONCLUSION ...........................................................................................................4

## TABLE OF AUTHORITIES

### *Rules*

FED. R. CIV. P. 30(d)(1) ................................................................................................................ 1

## INTRODUCTION

Royal's own brief reveals the patent weakness of its position. Indeed, Pepper's motion could be granted on the basis of Royal's brief alone. But particularly when considered along with Pepper's initial brief — which quoted the entire portion of the hearing before the Court regarding this issue and the relevant portions of the depositions at which Royal instructed its witnesses not to answer questions — Royal's brief plainly offers no basis for denying Pepper's motion.

## ARGUMENT IN REPLY

The only issue before this Court is whether the Court, at the February 7, 2007 hearing, imposed a limitation on discovery that authorized Royal to instruct its witnesses not to answer questions about personnel evaluations of Royal employees, :

### REDACTED                     In response

to Pepper's motion and in support of its contention that the Court imposed such a limitation, Royal relies on a single paragraph worth of excerpts from the February 7, 2007 hearing transcript. *See* Royal Br. at 2. Yet, even Royal's highly selective quotation from the February 7, 2007 hearing reveals the frivolousness of its position and its blatant violation of Rule 30(d)(1).

First, as Royal's quotation from page 13 of the February 7, 2007 transcript indicates, the Court expressed its preliminary view at the hearing that *irrelevant* personnel evaluations would be inadmissible *at trial*. It is fanciful for Royal to argue that the Court's comment that irrelevant documents would not be admissible at trial constitutes a ruling that witnesses may not be asked about *relevant* documents at depositions. Moreover, the Court concluded its comments (in the portion of the transcript quoted in Royal's brief) by noting, "I'll have to wait and see." Again, it defies all logic to contend, as Royal does, that a Court's comment that it will "have to wait and see" constitutes "a limitation directed by the court." FED. R. CIV. P. 30(d)(1). In its final excerpt, Royal quotes from page 14 of the hearing transcript, but

conveniently neglects to mention precisely which "counsel" asked the Court for clarification regarding "the Court's denial of *our* access to *their* personnel records." Royal Br. at 2 (emphasis added). In fact, as noted in Pepper's initial brief, it was *Royal's counsel* who asked this question, plainly referring to "the Court's denial of [Royal's] access to [McGladrey's] personnel records."

Thus, the record of the Court's ruling — whether the full record set forth in Pepper's initial brief or the selective record contained in a single paragraph in Royal's brief — is clear: nowhere did the Court rule – as Royal contends – that "personnel evaluations are not discoverable in this case because they are not relevant." Royal Br. at 15. Rather, the Court simply ruled that Royal could not obtain discovery of McGladrey's personnel evaluations, and the Court further noted that personnel evaluations already produced in discovery (by Royal and others) might not be admissible at trial if they proved to have no relevance to the issues in the case but the Court would "have to wait and see."

Royal not only ignores the vast majority of the discussion of this issue from the February 7, 2007 hearing, but also turns a blind eye to the many instances in which it instructed its witnesses not to answer questions about personnel evaluations.[1]  Instead, Royal chooses to spend the bulk of its brief (pages 3-14) quoting the portions of depositions at which its witnesses opined (glowingly in most cases) on the performance of various Royal employees. The fact that these witnesses were permitted to answer deposition questions regarding their general opinions of the performance of Royal employees does not in any way nullify Pepper's right to inquire about written records on the same subject matter,

---

[1]

# REDACTED

Indeed, the fact that these witnesses have opined at depositions (and presumably will opine at trial) on the allegedly wonderful performance of Royal employees is all the more reason why Pepper is entitled to question these witnesses at depositions (and cross-examine them at trial) regarding contrary assessments of the same employees' performance, particularly with regard to the SFC account, contained in written records created much closer to the time of that performance. For example, Royal executives Stephen Mulready, Vincent Pugliese and John Tighe all testified about their high regard for William Hibberd, the Royal employee with primary responsibility for the SFC account. But when these witnesses were asked about     **REDACTED**

they were instructed not to answer those questions (as was Hibberd). Pepper is entitled to cross examine these witnesses to challenge their current assessment of Hibberd's performance.

**REDACTED**

Moreover, Tighe testified (quoted in Royal's brief at page 10) that his high opinion of Hibberd did not change after March 2002. *See* Tighe Dep. at 43:24-44:3 (Ex. 4 to Royal's brief).

**REDACTED**

3

## CONCLUSION

For the foregoing reasons and those set forth in Pepper's initial brief in support of its motion to compel, Pepper and Gagné respectfully request that the Court grant their motion and order Royal to cease instructing its current and former employees not to answer questions about the evaluations; to produce for further deposition questioning at the Philadelphia offices of Pepper's counsel any Royal witness who has previously been instructed not to answer questions on this subject; and to pay Pepper's expenses of bringing this motion, including attorneys' fees.

Dated:  May 3, 2007
        Wilmington, Delaware

/s/ William H. Sudell, Jr.
William H. Sudell, Jr., Esq. (No. 0463)
Donna L. Culver (No. 2983)
Daniel B. Butz (No. 4227)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 (facsimile)

- and -

Elizabeth K. Ainslie, Esq.
Nicholas J. LePore, III, Esq.
Bruce P. Merenstein, Esq.
Stephen J. Shapiro, Esq.
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000
(215) 751-2205 (facsimile)

*Counsel for defendant Pepper Hamilton LLP
and W. Roderick Gagné*

- and –

Charles A. Gilman
David G. Januszewski
CAHILL GORDON & REINDEL LLP
Eighty Pine Street

4

New York, NY 10005
(212) 701-3000
(212) 269-5420 (facsimile)

*Counsel for defendant Pepper Hamilton LLP*

5