# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

April 27, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 N. King Street
Wilmington, Delaware 19801

**HAND DELIVERY**

**REDACTED**
**PUBLIC VERSION**

Re: *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. McGladrey & Pullen LLP, et al.*, Civil Action No. 05-72-JJF

*Royal v. Pepper Hamilton, et al.*, Civil Action No. 05-165-JJF

Dear Judge Farnan:

As counsel for Royal Indemnity Company ("Royal") in the above-referenced matters, we write in response to the April 19, 2007 letter to Your Honor from Christopher M. Winter, counsel to defendants McGladrey & Pullen, LLP and Michael Aquino, which, in turn, had responded to Royal's letter to the Court of April 18, 2007. A closer review of the communications cited in Mr. Winters' letter, as well as an application of common sense to these facts, reveal precisely why it is appropriate for Your Honor to extend work product protection to the communications previously identified by Royal and submitted for *in camera* review on April 18, 2007.

As is abundantly clear, Royal and the Trustee, in the months leading up to the conclusion of their settlement agreement in October, 2004, simultaneously were (i) trying to reach a settlement agreement in the Chapter 7 case, (ii) continuing to litigate against one another, and (iii) working cooperatively in connection with third-party claims and litigation whose success was in the mutual interest of both the Estate and Royal. Despite Mr. Winters' suggestions to the contrary, the fact that those efforts were ongoing simultaneously does not obviate the legal privilege that should be afforded work product shared between parties who have a common interest in the outcome of the third-party claims and litigation to which that work product relates.

As reflected in the communications produced to the defendants (including exchanged drafts of the settlement agreement), by September, 2004, Royal and the Trustee already had reached agreement on most of the essential elements of their settlement. At that time, and with the statute of limitations for certain potential Estate actions running, the parties began to work in earnest cooperation to ensure that valuable Estate causes of action would be preserved and prosecuted appropriately. Those cooperative efforts included the exchange of legal analyses, theories, and supporting evidence. Information was shared at that time with the fair expectation that the Trustee and Royal were in a joint litigation posture with respect to such matters, and that their shared work product would be exempt from later discovery.

Honorable Joseph J. Farnan, Jr.
April 27, 2007
Page 2

None of the three snippets of communication cited by Mr. Winters support a different conclusion. In one instance, Mr. Winters cites a single sentence from an October 4, 2004 email from Larry McMichael, counsel for the Trustee, to Peter Wolfson, counsel for Royal, to argue that there was no common interest between the parties at that time. (Mr. McMichael and Mr. Wolfson were the attorneys principally involved in negotiating the settlement.) A review of the full text of that email reflects a different truth:

## REDACTED

Clearly, the parties were actively working at this time to ensure that their common interests in preserving and appropriately prosecuting valuable Estate claims were addressed and protected.

Likewise, and viewed in context, the September 9, 2004 email from Sheryl Auerbach, another attorney for the Trustee, to Alan Gilbert, one of the attorneys for Royal, is strong evidence of the cooperative working legal relationship that the parties had at that time. That email evidences an active dialogue at that time between the parties concerning a potential claim (as documents provided *in camera* do in more detail). That type of exchange is precisely why Royal contends that it is appropriate for Your Honor to conclude that work product shared shortly prior to the October, 2004 finalization of the settlement agreement between the Trustee and Royal should be protected from disclosure. All of the *in camera* documents, which are dated in or after September, 2004 are properly characterized as such.

Finally, Mr. Winters' assertions of untimeliness should also be rejected. The small amount of material that Royal provided to Your Honor for *in camera* review surfaced during the course of its review of its communications with the Trustee for purposes of responding to the defendants' discovery requests. Royal was not even a party to whom the discovery request that was the subject of the Court's original order was addressed. The *in camera* submission was made at the same time as Royal's much more voluminous production of non-privileged, responsive communications--nearly some 15,000 pages. Royal has not been dilatory.

Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

TGL/dmf
180052.1

Honorable Joseph J. Farnan, Jr.
April 27, 2007
Page 3

cc:   John Shaw, Esq. (Counsel for Wells Fargo Bank N.A.) (e-mail)
      Andre G. Castaybert, Esq. (Counsel for Wells Fargo Bank N.A.) (e-mail)
      Michael Waters, Esq. (Counsel for Trustee) (e-mail)
      Donald Crecca, Esq. (Counsel for Trustee) (e-mail)
      Charlene D. Davis, Esq. (Counsel for Trustee) (e-mail)
      Veronica Rendon (Counsel for McGladrey & Pullen LLP and Michael Aquino) (e-mail)
      John H. Eickemeyer, Esq. (Counsel for Freed Maxick & Battaglia CPAs, PC and Freed Maxick Sachs & Murphy, P.C.) (e-mail)
      Stephen J. Shapiro, Esq. (Counsel for Pepper Hamilton LLP and W. Roderick Gagne) (e-mail)
      Elizabeth K. Ainslie, Esq. (Counsel for Pepper Hamilton LLP and W. Roderick Gagne) (e-mail)
      Neil G. Epstein, Esq. (Counsel for W. Roderick Gagne, Robert L. Bast, Pamela Bashore Gagne and the Trusts) (e-mail)
      Karen Lee Turner, Esq. (Counsel for W. Roderick Gagne, Robert L. Bast, Pamela Bashore Gagne and the Trusts) (e-mail)
      Michael R. Lastowski, Esq. (Counsel for McGladrey & Pullen LLP and Michael Aquino) (e-mail)
      William H. Sudell, Jr., Esq. (Counsel for Pepper Hamilton LLP and W. Roderick Gagne) (e-mail)
      David E. Wilks, Esq. (Counsel for Freed Maxick & Battaglia CPAs, PC and Freed Maxick Sachs & Murphy, P.C.) (e-mail)
      Thomas Selby, Esq. (Counsel for McGladrey & Pullen LLP) (e-mail)