## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| STUDENT FINANCE CORPORATION, | Case No. 02-11620 (KJC) |
| Debtor. | |
| CHARLES A. STANZIALE, JR.,<br>CHAPTER 7 TRUSTEE OF<br>STUDENT FINANCE CORPORATION, | |
| Plaintiff, | |
| v. | Civil No. 04-1551 (JJF) |
| PEPPER HAMILTON LLP, ET AL., | |
| Defendants. | |
| ROYAL INDEMNITY COMPANY, | |
| Plaintiff, | |
| v. | Civil No. 05-165 (JJF) |
| PEPPER HAMILTON LLP, ET AL., | |
| Defendants. | |

### BRIEF IN SUPPORT OF THE MOTION OF DEFENDANTS PEPPER HAMILTON LLP AND W. RODERICK GAGNÉ, IN HIS CAPACITY AS AN ATTORNEY PRACTICING AT PEPPER HAMILTON LLP, TO STRIKE EXPERT REPORTS AND PRECLUDE TESTIMONY OF DOUGLAS M. BRANSON, NANCY J. MOORE AND STEVEN L. SCHWARCZ

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
William H. Sudell, Jr. (No.0463)
Daniel B. Butz (No. 4227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile:  (302) 658-3989

*Attorneys for Defendant Pepper Hamilton LLP and W. Roderick Gagne, in his capacity as an attorney practicing at Pepper Hamilton LLP*

- and -

Charles A. Gilman
David G. Januszewski
David G. Montone
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Attorneys for Defendant Pepper Hamilton LLP*

Elizabeth K. Ainslie
Stephen J. Shapiro
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2000
Facsimile: (215) 751-2205

*Attorneys for Defendant Pepper Hamilton LLP and W. Roderick Gagne, in his capacity as an attorney practicing at Pepper Hamilton LLP*

May 11, 2007

i.

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                                 ii

INTRODUCTION                                                                        1

NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF
FACTS                                                                              2

ARGUMENT                                                                            4

   I.     ROYAL AND THE TRUSTEE VIOLATED THE
        REQUIREMENT THAT MEDIATION STATEMENTS BE
        KEPT CONFIDENTIAL BY PROVIDING THEM TO
        TESTIFYING EXPERTS.                                                    4

   II.    THE ONLY APPROPRIATE REMEDY IS TO STRIKE THE
        THREE EXPERT REPORTS AND PRECLUDE TESTIMONY
        BY THE TAINTED EXPERTS.                                               7

CONCLUSION                                                                        10

# TABLE OF CITATIONS

Page(s)

Cases

*Beazer East, Inc.* v. *The Mead Corporation*, 412 F.3d 429 (3rd Cir. 2005), *cert. denied*, 126 S. Ct. 1040 (Jan. 9, 2006) ..... 5, 6

*Goodyear Tire & Rubber Co.* v. *Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003) ..... 5

*Hansen* v. *Umtech Industrieservice Und Spedition, GMBH*, Civ. A. No. 95-516 MMS, 1996 WL 622557 (D. Del. July 3, 1996) ..... 9

*In re Leap Wireless Int'l, Inc.*, 301 B.R. 80 (S.D. Cal. 2003) ..... 8

*Irwin Seating Company* v. *International Business Machines Corp.*, No. 1:04-CV-568, 2007 WL 518866 (W.D. Mich. Feb. 15, 2007 ..... 2, 6, 7, 8

*Irwin Seating Company* v. *International Business Machines Corp.*, No. 1:04-CV-568, 2006 WL 3446584 (W.D. Mich. Nov. 29, 2006) ..... 2, 6, 7

*Lake Utopia Paper Ltd.* v. *Connelly Containers, Inc.*, 608 F.2d 928 (2d Cir. 1979) ..... 6

*Princeton Ins. Co.* v. *Vergano*, 883 A.2d 44 (Del. Ch. 2005) ..... 4, 5

*Sheldone* v. *Pennsylvania Tpk. Comm'n*, 104 F. Supp. 2d 511 (W.D. Pa. 2000) ..... 5

*Sygenta Seeds, Inc.* v. *Monsanto Co.*, No. 02-1331-SLR, 2004 WL 2223252 (D. Del. Sept. 27, 2004) ..... 9

*United States Fid. and Guar. Co.* v. *Bilt-Rite Contractors, Inc.*, C.A. No. 04-1505, 2005 U.S. Dist. LEXIS 9299 (E.D. Pa. May 17, 2005) ..... 5

*Wang Laboratories, Inc.* v. *Toshiba Corp.*, 762 F. Supp. 1246 (E.D. Va. 1991) ..... 9

Statutes

42 Pa. Cons. Stat. § 5949 ..... 5

# INTRODUCTION

In violation of written agreement and the custom and practice in connection with proceedings before this and every other court, Plaintiffs Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation, and Royal Indemnity Company (together, "Plaintiffs") provided the confidential and privileged mediation submissions of certain Defendants to three testifying experts. Consistent with established authority directly on point, Defendants Pepper Hamilton LLP and W. Roderick Gagne, in his capacity as an attorney practicing at Pepper Hamilton LLP, move to strike the expert reports of Douglas M. Branson, Nancy J. Moore and Steven L. Schwarcz and to preclude all three witnesses from testifying at the trial of this action. As Chief Judge Robert Holmes Bell recently stated in a case absolutely on all fours with the situation here presented:

> "'There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations. This is true whether settlement negotiations are done under the auspices of the court or informally between the parties. The ability to negotiate and settle a case without trial fosters a more efficient, more cost-effective, and significantly less burdened judicial system. In order for settlement talks to be effective, parties must feel uninhibited in their communications.' . . . [P]ermitting Plaintiff's experts to testify after having had access to Defendants' confidential representations has the potential to undermine the willingness of parties to engage in future settlement negotiations. . . . No admonition, reprimand, mediation training or assessment of costs can remove from the experts' minds the information to which they have been exposed. And, because of the ongoing confidentiality of the mediation process, such alternatives cannot remove the obstacle to Defendants' cross-examination of the experts. . . . [T]he breach did not occur within the confines of another confidential process, but instead permitted an expert to offer an opinion influenced by confidential information upon which he could not be fully cross-examined. As the Magistrate Judge found, such a breach has the potential to seriously undermine the effectiveness of the mediated settlement proceedings, thereby undermining important public policy. . . . [T]he Magistrate Judge properly struck Plaintiff's expert witnesses as a remedy for Plaintiff's breach of mediation confidentiality. . . ."

*Irwin Seating Company* v. *International Business Machines Corp.*, No. 1:04-CV-568, 2007 WL 518866 at *3-6 (W.D. Mich. Feb. 15, 2007) (citations omitted), *affirming*, 2006 WL 3446584 (W.D. Mich. Nov. 29, 2006) (copies attached hereto as Exhibit A and Exhibit B, respectively).

## NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS

Trial of these actions is scheduled to commence October 10, 2007. Pursuant to written agreement between them dated December 12, 2006 (copy attached as Exhibit C), Plaintiffs and Defendant Pepper Hamilton LLP, along with Defendants Robert L. Bast, Pamela Bashore Gagne, The Brennan Trust and W. Roderick Gagne (in both his capacity as an attorney at Pepper Hamilton LLP and as Trustee of the Brennan Trusts) (together, the "participating Defendants"), engaged in a Confidential Mediation held in Philadelphia before Professor Eric D. Green of Resolutions, LLC. The remaining Defendants (the "accounting Defendants") were not invited to attend and did not attend the Mediation. The Mediation Agreement signed by counsel for Plaintiffs and the participating Defendants provides:

### "CONFIDENTIALITY

This entire process is a compromise negotiation. All offers, promises, conduct and statements, whether oral or written, made in the course of the mediation by any of the Parties, their agents, employees, experts and attorneys, and by Resolutions, LLC employees, who are the Parties' joint agents and Mediators for purposes of these compromise negotiations, are confidential. Such offers, promises, conduct, and statements will not be disclosed to third parties and are privileged and inadmissible for any purpose, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provision. However, evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or not discoverable as a result of its use in the mediation." [Ex. C, p. 2]

All parties participating to the Mediation took care to be crystal clear that their mediation submissions were confidential and privileged. Royal stamped the cover of its mediation submission: "**CONFIDENTIAL**" in large, bold all-caps. The Trustee titled its mediation submission: "<u>**CONFIDENTIAL FOR SETTLEMENT PURPOSES ONLY**</u>" in bold, capitalized and underlined text. Pepper Hamilton stamped every page of its mediation submission "**CONFIDENTIAL SETTLEMENT COMMUNICATION SUBJECT TO FEDERAL RULE OF EVIDENCE 408**" in bold capital letters. The Family Defendants stamped each page of their mediation submission: "**CONFIDENTIAL/SUBJECT TO FED.R.EVID. 408**" in bold capital letters. *See* Affidavit of Charles A. Gilman, dated May 11, 2007, at ¶¶ 1-5 (attached hereto as <u>Exhibit D</u>).

On May 7, 2007, Plaintiffs' delivered to Defendants their Fed. R. Civ. P. 26 expert disclosures and the reports of their testifying experts. Defendants' corresponding disclosure and testifying experts' reports are due June 4, 2007.

Among the 13 expert reports delivered by Plaintiffs are expert reports by Douglas M. Branson, Nancy J. Moore and Steven L. Schwarcz. Each of these reports expressly states that in forming the opinions expressed therein the certifying expert received and "considered" certain of the confidential mediation submissions of the participating Defendants. Thus, witness Branson lists Pepper Hamilton's confidential mediation statements as among the "documents and materials considered" in forming his opinions. Witness Moore lists the participating Defendants' confidential mediation statements as among the "data and information considered" in forming her opinion. Witness Schwarcz lists Pepper Hamilton's confidential mediation statements as among the "data and

information considered" in forming his opinions. *See* Affidavit of Charles A. Gilman dated May 11, 2007, at ¶¶ 6-8. At no time did Plaintiffs seek and at no time did the participating Defendants provide their consent to the disclosure of their confidential mediation submissions to anyone — much less to a witness who would consider such confidential information in connection with his or her formulation of expert opinions to be presented at trial of these actions. *Id.* at ¶ 9.[1]

## ARGUMENT

### I.  ROYAL AND THE TRUSTEE VIOLATED THE REQUIREMENT THAT MEDIATION STATEMENTS BE KEPT CONFIDENTIAL BY PROVIDING THEM TO TESTIFYING EXPERTS.

It is indisputable that the parties' mediation submissions were confidential and privileged, and never should have been provided to Plaintiffs' testifying experts.

First, the signed Mediation Agreement is a binding enforceable contract. In *Princeton Ins. Co.* v. *Vergano*, 883 A.2d 44 (Del. Ch. 2005), the parties signed a similar agreement guaranteeing the confidentiality of all communications and material prepared in connection with the mediation. In light of that mediation agreement, the Delaware Court of Chancery viewed the enforceable confidentiality to be so obvious that "[t]here was no moral or logical justification for prematurely ending a tree's life" in order to allow an argument to be made that the mediation was not confidential. *Id.* at 63-64.

---

[1]  Prior to the filing of this motion, as contemplated by Local Rule 7.1.1, counsel for Pepper Hamilton spoke personally with counsel for both the Trustee and Royal concerning the issues raised herein and requested that Plaintiffs withdraw the affected experts and their reports. Plaintiffs refused to do so, necessitating this motion. *See* attached Rule 7.1.1 Certification.

Second, though the express language of the Mediation Agreement is sufficient to guarantee the confidentiality of the Parties' mediation submissions, federal courts have recognized the importance of protecting the confidential and privileged nature of mediation discussions and submissions. *See, e.g., Goodyear Tire & Rubber Co.* v. *Chiles Power Supply, Inc.*, 332 F.3d 976, 980-81 (6th Cir. 2003) (holding that a federal settlement privilege should be recognized and that "confidential settlement communications are a tradition in this country"); *Sheldone* v. *Pennsylvania Tpk. Comm'n*, 104 F. Supp. 2d 511, 513 (W.D. Pa. 2000) ("federal and state courts have recognized that confidentiality is essential to the mediation process"). There is also ample agreement amongst the states, including Delaware, that confidentiality is a critical component of the mediation process. In *Princeton Ins. Co.*, 883 A.2d at 62, the Delaware Court of Chancery held that "Delaware's recognition that confidentiality is vital to the effectiveness of mediation is, of course, hardly novel or path breaking." (Citing Delaware Superior Court Rule 16.1, Delaware Court of Chancery Rule 174 and Delaware's Voluntary Alternative Dispute Resolution Act, 6 Del. C. ch. 77). Similarly, Pennsylvania has recognized the importance of the confidentiality of mediation submissions. *See 42 Pa. Cons. Stat.* § 5949; *United States Fid. and Guar. Co.* v. *Bilt-Rite Contractors, Inc.*, C.A. No. 04-1505, 2005 U.S. Dist. LEXIS 9299 (E.D. Pa. May 17, 2005) (recognizing mediation privilege and holding submission based on mediation material to be inadmissible) (attached hereto as Exhibit E). *See also Beazer East, Inc.* v. *The Mead Corporation*, 412 F.3d 429, 434-37 (3rd Cir. 2005), *cert. denied*, 126 S. Ct. 1040 (Jan. 9, 2006) (discussing strong public and judicial policies favoring strict confidentiality of mediation and refusing to enforce oral settlement allegedly reached during appellate

mediation because disputed terms could not be proven without violating confidentiality of mediation process).

Confidentiality is a critical aspect of mediation. The assurance of confidentiality is "essential to the proper functioning" of any alternative dispute resolution program and, without it the parties will "feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of a civil dispute." *Lake Utopia Paper Ltd.* v. *Connelly Containers, Inc.*, 608 F.2d 928, 930 (2d Cir. 1979), quoted in *Beazer East, supra,* 412 F.3d 429, 435.

Understandably, because parties simply do not do what the Plaintiffs have done here, reported instances of breaches of mediation confidentiality are rare. Our research has uncovered only one case in which a testifying expert witness was provided with confidential mediation submissions. That case, *Irwin Seating Company* v. *International Business Machines Corp.*, No. 1:04-CV-568, 2007 WL 518866 (W.D. Mich. Feb. 15, 2007), *affirming,* 2006 WL 3446584 (W.D. Mich. Nov. 29, 2006) (copies attached hereto as Exhibit A and Exhibit B, respectively), is precisely the situation here presented. With trial approaching, plaintiff's counsel in *Irwin Seating* provided the defendants' confidential mediation submissions to plaintiff's testifying expert witnesses for their consideration in connection with the formulation of their opinions to be presented at trial. Thereafter, plaintiff's counsel in *Irwin Seating* delivered the reports of plaintiff's testifying experts to defendants. As with Royal's and the Trustee's three experts, each of the expert reports in *Irwin Seating* explicitly stated that the expert who prepared the

report had been provided with defendants' confidential mediation submissions and had "considered" those materials in connection with the formulation of his expert opinions.

The Magistrate Judge held that plaintiff's provision of confidential mediation materials to its testifying experts was improper. "The court need not find a bad intent on the part of Irwin's lawyers in furnishing all of these materials to their experts. What the court does find, whatever the intent, was that these documents were furnished on purpose for the experts to review, and they were in fact reviewed." *Irwin Seating Company* v. *International Business Machines Corp.*, No. 1:04-CV-568, 2006 WL 3446584 at *3 (W.D. Mich. Nov. 29, 2006).

> "Any cross-examination, of course, runs a risk of touching on the privileged communications. Moreover, and perhaps more significantly, there is no adequate way to assess the impact the mediation briefs had on the experts, and how the experts may have shaped their evaluations consciously or unconsciously in response to the claims made and positions taken by defendants in their mediation briefs. . . . The bell has been rung. There are simply some things that cannot be forgotten once they are learned." *Id.* at *3.

The Magistrate Judge found that, while striking an expert witness is a harsh remedy, it was:

> "not an unfair one, where a party has placed its experts at risk by infusing them with knowledge to which they were not entitled. The risk should not be upon the innocent defendants in this instance. . . . Where this situation arises from a clear violation of the court's order and settlement privilege generally, it is the plaintiff that must bear the brunt of the resolution." *Id.* at *4.

## II.    THE ONLY APPROPRIATE REMEDY IS TO STRIKE THE THREE EXPERT REPORTS AND PRECLUDE TESTIMONY BY THE TAINTED EXPERTS.

Though no longer challenging that its disclosure of the expert reports was improper, the plaintiff in *Irwin Seating* appealed the Magistrate Judge's sanction of striking its experts as unduly harsh and unsupported by law. In a considered opinion,

Chief Judge Robert Holmes Bell affirmed the Magistrate Judge. *Irwin Seating Company* v. *International Business Machines Corp.*, No. 1:04-CV-568, 2007 WL 518866 (W.D. Mich. Feb. 15, 2007) (Bell, C.J.).

Chief Judge Bell held that providing the mediation submissions to plaintiff's experts was "inherently prejudicial . . . even if the extent of the prejudice is not precisely measurable." *Id.* at *5. In this case, the Defendants whose confidential mediation statements were provided to Plaintiffs' testifying experts will be severely hampered in any cross-examination of Branson, Moore and Schwarcz, because any such examination "runs a risk of touching on the privileged communications." *Irwin Seating*, 2006 WL 3446584, at *3. The mediation submissions remain confidential and privileged. Appropriately, the fact that the defendants in *Irwin Seating* were familiar with the contents of their own mediation submissions did not enter into the courts' analysis. Pepper Hamilton's and other Defendants' knowledge regarding the mediation submissions is irrelevant.

Furthermore, even though the familiarity of some of the Defendants with the confidential mediation statements in this case is irrelevant, the facts here are even more troubling than in *Irwin Seating* because the accounting Defendants (McGladrey, *et al.*) did not participate in the confidential mediation, and will have no way to gain access to all information "considered" by Plaintiffs' testifying experts. Royal's and the Trustee's actions have put those Defendants who did not participate in the confidential mediation at a real disadvantage. Thus, this situation is analogous to those cases in which an expert's report and testimony are excluded because they are based upon confidential information about which the opposing party is not and cannot be made aware. *See, e.g., In re Leap*

*Wireless Int'l, Inc.*, 301 B.R. 80, 84 (S.D. Cal. 2003) (disqualifying expert who could not be cross-examined effectively because he considered confidential information that could not be disclosed in preparing his report and opinions).

By providing the confidential mediation submissions to their testifying experts, Plaintiffs have incurably tainted their experts. As Chief Judge Bell held in *Irwin Seating*, "[n]o admonition, reprimand, mediation training or assessment of costs can remove from the experts' mind the information to which they have been exposed. And, because of the ongoing confidentiality of the mediation process, such alternatives cannot remove the obstacle to Defendants' cross-examination of the experts." *Irwin Seating*, 2007 WL 518866, at *4. It is well-nigh impossible to assess how the confidential mediation submissions shaped Branson's, Moore's or Schwarcz's evaluations either consciously or unconsciously — the "bell has been rung." *Irwin Seating*, 2006 WL 3446584, at *3.

Striking the reports of Branson, Moore and Schwarcz and precluding any trial testimony by these witnesses is well within this Court's "inherent power to disqualify experts." *Syngenta Seeds, Inc.* v. *Monsanto Co.*, No. 02-1331-SLR, 2004 WL 2223252, at *1 (D. Del. Sept. 27, 2004) (citing cases) (attached hereto as Exhibit F); *see also Wang Laboratories, Inc.* v. *Toshiba Corp.*, 762 F. Supp. 1246, 1248 (E.D. Va. 1991) (disqualifying defendant's expert and holding that the inherent power of federal courts to disqualify experts "exists in furtherance of the judicial duty to protect the integrity of the adversary process and to promote public confidence in the fairness and integrity of the legal process"); *Hansen* v. *Umtech Industrieservice Und Spedition, GMBH*, Civ. A. No. 95-516 MMS, 1996 WL 622557, at *3 (D. Del. July 3, 1996) (recognizing the inherent power of federal courts to disqualify experts) (attached hereto as Exhibit G).

## CONCLUSION

The only way to mitigate the harm to Defendants caused by Plaintiffs' having provided participating Defendants' confidential mediation submissions is to strike the expert reports of Douglas M. Branson, Nancy J. Moore and Steven L. Schwarcz and to preclude all three witness from testifying at the trial of this action.


May 11, 2007
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_William H. Sudell_

William H. Sudell, Jr. (No. 0463)
Daniel B. Butz (No. 4227)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 (facsimile)

- and -

Charles A. Gilman
David G. Januszewski
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, New York 10005
(212) 701-3000
(212) 269-5420 (facsimile)

*Attorneys for defendant Pepper Hamilton LLP*

Elizabeth K. Ainslie
Nicholas J. LePore, III
Bruce P. Merenstein
Stephen J. Shapiro
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2000
(215) 751-2205 (facsimile)

*Attorneys for defendants Pepper Hamilton LLP and
W. Roderick Gagné, in his capacity as an attorney
practicing at Pepper Hamilton LLP*

-11-

## <u>Local Rule 7.1.1 Certification</u>

The undersigned counsel personally conferred by telephone with John Grossbart, counsel for Plaintiff Royal Indemnity Company, and with Michael Waters, counsel for Plaintiff Charles J. Stanziale, Jr., and requested that each consent to the relief requested herein for the reasons stated. Both gentleman declined to do so and confirmed that our conversations satisfied the requirements of Local Rule 7.1.1.

_____
Charles A. Gilman