IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-165-JJF |
| | ) |
| PEPPER HAMILTON LLP, W. RODERICK | ) |
| GAGNÉ, FREED MAXICK & BATTAGLIA | ) |
| CPAs PC, McGLADREY & PULLEN, LLP, | ) |
| MICHAEL AQUINO, and FREED MAXICK | ) |
| SACHS & MURPHY, P.C., | ) |
| | ) |
| Defendants. | ) |

**THE ACCOUNTANT DEFENDANTS' MEMORANDUM IN SUPPORT OF PEPPER HAMILTON, LLP AND W. RODERICK GAGNÉ'S MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF STEVEN L. SCHWARCZ**

Defendants Freed Maxick & Battaglia CPAs PC, Freed Maxick Sachs & Murphy, P.C., McGladrey & Pullen, LLP, and Michael Aquino (collectively the "Accountant Defendants") hereby join Pepper Hamilton LLP and W. Roderick Gagné's (collectively "Pepper") motion to strike, *inter alia*, the expert report and testimony of Steven L. Schwarcz (attached hereto as Exhibit A).[1] The Accountant Defendants join this motion for the separate and independently dispositive grounds that Royal cannot, consistent with its obligation to keep the Pepper mediation statement confidential, comply with the Rule 26 requirement that Royal produce all of the materials its expert considered in connection with his expert report. Royal knew of its Rule 26 obligations at the outset, yet it chose to provide materials to its expert that it cannot now produce because of separate confidentiality agreements it entered into with Pepper. The

---

[1] Pepper has also moved to strike two additional experts designated by Plaintiffs, Douglas M. Branson and Nancy J. Moore. Because these experts do not offer opinions relevant to the Accountant Defendants, they are not subject to this memorandum.

Accountant Defendants cannot be forced to bear the consequences of Royal's self-created predicament. The Rules of Civil Procedure and tenets of fundamental fairness require that absent production of these materials, the expert cannot testify. The Accountant Defendants therefore respectfully join Pepper's motion to strike Mr. Schwarcz's expert report and to preclude Mr. Schwarcz from testifying at trial.

## BACKGROUND

On May 11, 2007, Pepper moved to strike three expert reports offered by Plaintiffs Royal and Stanziale, and to preclude these experts from testifying. Pepper so moves because these experts rely on the confidential mediation statement of Pepper, exchanged with Royal in connection with a confidential mediation and subject to a mediation agreement.

Of those experts, Steven L. Schwarcz offers opinions relevant to the Accountant Defendants, particularly with respect to Royal's contributory negligence in issuing the relevant insurance policies. Mr. Schwarcz lists the confidential Pepper mediation statement and the confidential Royal mediation statement as materials he considered in reaching his opinions. *See* Ex. A at 25, 38.

Royal has refused to produce the Pepper or Royal mediation statements to the Accountant Defendants.

## ARGUMENT

Rule 26 requires the production of all materials considered by an expert in connection with his opinion. Fed. R. Civ. P. 26(a)(2)(B). No other showing than an expert's consideration of material is necessary to trigger disclosure. *See Vitalo v. Cabot Corp.*, 212 F.R.D. 472, 474 (E.D. Pa. 2002) ("The only requirement of Rule 26(a)(2)(B) is that the expert 'consider[]' the

information. . . . It is . . . irrelevant whether or not the expert ultimately relies on the information in forming his or her opinion.").

Assertions of privilege or confidentiality do not circumvent Rule 26(a)(2)(B)'s disclosure requirement. *See Dyson Tech. Ltd. v. Maytag Corp.*, No. 05-434, ___ F.R.D. ___, 2007 WL 656252, at *3 (D. Del. Mar. 6, 2007) (attached hereto as Exhibit B); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, No. MDL 1014, 1996 WL 900345, at *4 (E.D. Pa. July 16, 1996) (attached hereto as Exhibit C). Indeed, the Advisory Committee Notes to Rule 26 expressly state that "[g]iven [Rule 26(a)(2)(B)'s] obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Fed. R. Civ. P. 26(a)(2) Advisory Committee Notes to 1993 Amendment.[2] As this court has recognized, "[i]t would be manifestly unfair to allow a party to use . . . privilege to shield information which it had deliberately chosen to use offensively, as [the defendant] did in this instance when it used the allegedly privileged documents to arm its expert for testimony." *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 178-79 (D. Del. 2003).

Thus, where a party refuses or is unable to produce materials on which the expert relied, the court will strike the expert. *See, e.g.*, *Orthopedic Bone Screw Prods.*, 1996 WL 900345, at *3-4. In *Orthopedic Bone Screw Products*, the court determined it would strike an expert that considered confidential patient medical records in connection with his expert report, unless the

---

[2] *See also Dyson Tech.*, 2007 WL 656252, at *4 (noting that the 1993 amendment to Rule 26(a)(2) was intended to broaden the scope of discovery and "mandate disclosure despite privilege" (internal quotation marks omitted)); *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 464 (E.D. Pa. 2005) (Rule 26(a)(2)(B) requires disclosure of all information considered, "whether privileged or not . . . even if the testifying expert ultimately rejects the information").

3

expert obtained waivers and produced the relevant records.[3] *Id.* at *4. *See also Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 245, 271 (D.N.J. 1997) (excluding expert testimony due to failure to provide medical records considered in connection with opinion), *vacated in part on other grounds*, 179 F.R.D. 450 (D.N.J. 1998). Likewise, this Court recognized in *CP Kelco* that a party "can't have it both ways"—that is, it is manifestly unfair to allow a party to shield information from disclosure when it deliberately used that material offensively by providing it to an expert. 213 F.R.D. at 179. Rule 26(a)(2) contemplates that a party will carefully consider what materials it supplies to an expert in advance of supplying them, as "[c]ounsel must be prepared to provide full and meaningful disclosure" as required by the rule and "may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26." *D&D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, No. 03-1026, 2006 WL 1644742, at *6 (D.N.J. June 8, 2006) (attached hereto as Exhibit E) (internal quotation marks omitted).

Mr. Schwarcz's report is directed, in major portion, to one of the defenses of the Accountant Defendants, *i.e.* whether Royal's contributory negligence was a proximate cause of the losses alleged here. Judging by the table of contents, a significant portion of the Pepper mediation statement is also directed to this precise topic.[4] *See* Ex. A at 38-40 (including documents regarding Royal's due diligence failures). Yet, the Accountant Defendants cannot effectively prepare rebuttal testimony or cross-examination, and are therefore prejudiced,

---

[3]  On reconsideration, the court made it clear that material considered by an expert, even if confidential, "must simply be produced if the opinions are to be received." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, No. MDL 1014, 1996 WL 530106, at *1 (E.D. Pa. Sept. 16, 1996) (attached hereto as Exhibit D).

[4]  This is to say nothing of Royal's mediation statement, which likely addresses the subject of due diligence. *See* Ex. A at 25-37 (listing documents attached to Royal's mediation statement).

4

because Royal cannot produce the documents on which Mr. Schwarcz relied. *See Reed v. Binder*, 165 F.R.D. 424, 430 (D.N.J. 1996) ("Nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion."). Neither the Accountant Defendants nor Pepper should be made to pay the price for Royal's failure to exercise due care in providing materials to its experts. Because Royal cannot comply with the requirements of Rule 26(a)(2), it should not be permitted the use of Mr. Schwarcz's testimony at trial. *See ABB Air Preheater, Inc. v. Regenerative Envtl. Equip. Co.*, 167 F.R.D. 668, 671 (D.N.J. 1996) ("Compliance with Rule 26(a)(2) is . . . a condition precedent to the use of expert testimony at trial.").

## **CONCLUSION**

For the foregoing reasons, the Accountant Defendants respectfully request that this Court strike the Schwarcz report and preclude Mr. Schwarcz's testimony at trial.

Respectfully submitted,

*/s/ Christopher M. Winter*

———————————————————
DUANE MORRIS LLP

Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246
Phone:  302-657-4951
Fax:  302-657-4901

*Counsel for Defendants McGladrey & Pullen, LLP and Michael Aquino*

*Of Counsel:*

5

| | |
|---|---|
| ARNOLD & PORTER LLP<br>Veronica E. Rendon<br>Jason M. Butler<br>399 Park Avenue<br>New York, NY  10022<br>Phone:  212-715-1000<br>Fax:  212-715-1399<br><br>*Attorneys for McGladrey & Pullen, LLP and Michael Aquino* | WILLIAMS & CONNOLLY LLP<br>Steven M. Farina<br>Thomas H. L. Selby<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>Phone:  202-434-5000<br>Fax:  202-434-5029<br><br>*Attorneys for McGladrey & Pullen, LLP* |

- and –

REED SMITH LLP
David E. Wilks (Bar No. 2793)
Thad J. Bracegirdle (Bar No. 3691)
120 Market Street, Suite 1500
Wilmington, DE 19801
Phone: (302) 778-7500
Fax: (302) 778-7575

*Attorneys for Defendants Freed Maxick & Battaglia CPAs, PC and Freed Maxick Sachs & Murphy, P.C.*

*Of Counsel:*

VEDDER, PRICE, KAUFMAN &
    KAMMHOLZ, P.C.
John H. Eickemeyer (JE-8302)
Jonathan A. Wexler (JW-5587)
Marie A. Tieri (MT-0910)
1633 Broadway, 47th Floor
New York, NY 10019

*Attorneys for Defendants Freed Maxick & Battaglia CPAs, PC and Freed Maxick Sachs & Murphy, P.C.*

Dated: May 14, 2007