**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-165-JJF |
| | ) |
| PEPPER HAMILTON LLP, W. RODERICK | ) |
| GAGNÉ, FREED MAXICK & BATTAGLIA | ) |
| CPAs PC, McGLADREY & PULLEN, LLP, | ) |
| MICHAEL AQUINO, and FREED MAXICK | ) |
| SACHS & MURPHY, P.C., | ) |
| | ) |
| Defendants. | ) |

**THE ACCOUNTANT DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF**
**PEPPER HAMILTON, LLP AND W. RODERICK GAGNÉ'S MOTION TO STRIKE**
**EXPERT REPORT AND TESTIMONY OF STEVEN L. SCHWARCZ**

Royal Indemnity Company ("Royal") acknowledges that the confidential mediation statements supplied to their experts <u>should</u> be produced to the Accountant Defendants, yet argues that the Federal Rules of Civil Procedure do not require their production and that the Accountant Defendants should take it on faith that the confidential mediation statements are not important to their experts' opinions. Royal is wrong on both counts.

Federal Rule of Civil Procedure 26(a)(2)(B) unequivocally requires the disclosure of all information "considered" by an expert in connection with his or her opinion. *See Dyson Tech. Ltd. v. Maytag Corp.*, 241 F.R.D. 247, 248-51 (D. Del. 2007). Royal has not identified any exception that applies here. Royal's only support for the position that it can offer an expert, yet fail to produce the materials on which that expert relied, are cases dealing with the disclosure of work product protected by Rule 26(b)(3). *See Royal Mem. at 21 (citing *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 593 (3d Cir. 1984); *In re Cendant Corp.*, 343 F.3d 658, 665 (3d. Cir. 2003);

and *St. Marys Water Authority v. St. Paul Fire & Marine Insurance Co.*, No. 1:CV-04-1593, 2006 WL 1670281, at *1-2 (M.D. Pa. June 15, 2006)). But Royal has not argued—and could not argue—that the mediation statements at issue here are entitled to work product protection (they were given to litigation opponents), and none of the cited cases support the proposition that documents that are <u>not</u> protected as work product are exempt from Rule 26(a)(2)(B), or any other Rule 26 disclosure requirement for that matter. To the extent the cases Royal cites suggest that the Third Circuit might—contrary to other circuits and the Advisory Committee Notes to Rule 26—recognize a work-product exception to the Rule 26(a)(2)(B) requirement that all materials be produced, they are irrelevant. Royal simply cannot offer an expert, while having the expert rely on materials that Royal then cannot produce. *See Dyson*, 241 F.R.D. at 250 (rejecting such an effort as an attempt to "have its cake and eat it too").

Royal's suggestion that the Accountant Defendants do not really need the documents, and therefore it should be excused from its disclosure requirement, is based on the erroneous premise that the Accountant Defendants know the content of the mediation statements. Royal's assurance that the Accountant Defendants "have heard all the arguments" before, Royal Mem. at 22, is meaningless when they have never had the opportunity to see the mediation statements. In any event, the relevant information to the Accountant Defendants—and the reason that the Rule 26(a)(2)(B) requirement exists—is an understanding of what information the expert considered. The fact that the Accountant Defendants may have seen or heard certain arguments before does not obviate their need to know exactly what information was before Mr. Schwarcz when he formed his opinion. Because the Accountant Defendants have never seen the mediation statements that Mr. Schwarcz considered, they cannot cross-examine him about the basis for his

opinion. The denial of that opportunity is unquestionably prejudicial. *See, e.g., Reed v. Binder*, 165 F.R.D. 424, 430 (D.N.J. 1996).

## CONCLUSION

The mediation statements provided to Mr. Schwarcz are subject to Rule 26(a)(2)(B) disclosure requirement, and Royal has offered no authority to the contrary. Disclosure of those materials to the Accountant Defendants is critical to their cross-examination of Mr. Schwarcz. For the foregoing reasons, and for those reasons stated in the Accountant Defendants' opening memorandum of law, the Accountant Defendants respectfully request that this Court strike the Schwarcz report and preclude his testimony at trial due to Royal's inability to produce the mediation statements.

Respectfully submitted,

DUANE MORRIS LLP

Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

*Counsel for Defendants McGladrey &
Pullen, LLP and Michael Aquino*

*Of Counsel:*

ARNOLD & PORTER LLP
Veronica E. Rendon
Jason M. Butler
399 Park Avenue
New York, NY 10022
Phone: 212-715-1000
Fax: 212-715-1399

*Attorneys for McGladrey & Pullen, LLP
and Michael Aquino*

WILLIAMS & CONNOLLY LLP
Steven M. Farina
Thomas H. L. Selby
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

*Attorneys for McGladrey & Pullen, LLP*

- and –

REED SMITH LLP
David E. Wilks (Bar No. 2793)
Thad J. Bracegirdle (Bar No. 3691)
120 Market Street, Suite 1500
Wilmington, DE 19801
Phone: (302) 778-7500
Fax: (302) 778-7575

*Attorneys for Defendants Freed Maxick &
Battaglia CPAs, PC and Freed Maxick
Sachs & Murphy, P.C.*

*Of Counsel:*

VEDDER, PRICE, KAUFMAN &
    KAMMHOLZ, P.C.
John H. Eickemeyer (JE-8302)
Jonathan A. Wexler (JW-5587)
Marie A. Tieri (MT-0910)
1633 Broadway, 47th Floor
New York, NY 10019

*Attorneys for Defendants Freed Maxick &
Battaglia CPAs, PC and Freed Maxick
Sachs & Murphy, P.C.*

Dated: May 24, 2007