IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 7 |
| STUDENT FINANCE CORPORATION, | : |
| | : Bankruptcy Case No. 02-11620-KJC |
| Debtor. | : |
| CHARLES A. STANZIALE, JR., | : |
| Chapter 7 Trustee Of Student | : |
| Finance Corporation, | : |
| | : Adversary No. 04-56423 |
| Plaintiff, | : |
| | : Civil Action No. 04-1551 JJF |
| v. | : |
| | : |
| PEPPER HAMILTON LLP, ET AL., | : |
| | : |
| Defendants. | : |
| ROYAL INDEMNITY COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No: 05-165-JJF |
| | : |
| PEPPER HAMILTON LLP, ET AL., | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court is the Motion To Strike Expert Reports And Preclude Testimony Of Douglas M. Branson, Nancy J. Moore, and Steven L. Schwarcz filed by Defendants Pepper Hamilton LLP and W. Roderick Gagné in his capacity as an attorney (D.I. 231, 04-1551; D.I. 475, 05-165).[1]  For the reasons discussed, the Motion will be granted.

---

[1] The Motion To Strike was joined to a limited extent by the "Accountant Defendants" (Freed Maxick & Battaglia CPAs PC, Freed Maxick Sachs & Murphy, P.C., McGladrey & Pullen, LLP, and Michael Aquino).  (D.I. 480, 05-165).  The Motion was also joined in its entirety by Defendants Robert L. Bast, Pamela Bashore Gagné, W. Roderick Gagné in his capacity as Trustee of the Brennan Trusts, and the Brennan Trusts.  (D.I. 236, 04-1551).  The Court will refer collectively to these parties as "Defendants."

I.  BACKGROUND

On May 7, 2007, Plaintiffs delivered to Defendants the reports of their testifying experts. Three of the experts' reports stated that they had considered confidential mediation submissions made by Defendants in connection with a confidential mediation session which took place in December 2006.[2] The parties involved in that session signed a Mediation Agreement providing for the confidentiality and non-disclosure of statements made in the course of the mediation.[3]

By their Motion, Defendants contend that the Court should strike the expert reports of three testifying experts, Douglas M. Branson, Nancy J. Moore, and Steven L. Schwarcz, and preclude each from testifying at trial because the experts received and considered confidential and privileged mediation statements of Defendants. In response, Plaintiffs contend that the Mediation Agreement did not preclude them from sharing such statements with their experts. Plaintiffs further contend that there is no prejudice to Defendant Pepper and that precluding the expert testimony is too harsh a sanction.

---

[2] The parties to the mediation were Plaintiffs Royal Indemnity Co. and the Trustee, Defendant Pepper Hamilton LLP, and Defendants Robert L. Bast, Pamela Bashore Gagné, The Brennan Trust, and W. Roderick Gagné in both his capacity as an attorney with Pepper Hamilton and Trustee of the Brennan Trusts.

[3] The full text of the relevant portion of the Mediation Agreement is set forth in the parties briefs on the Motion. See D.I. 232 at 2, 04-1551.

## II. DISCUSSION

The Court concludes that, in light of the parties' Mediation Agreement and strong policy considerations favoring a confidential mediation process, Defendants' Motion should be granted. With respect to the Mediation Agreement, the Court concludes that the language is clear on its face that statements made during the course of mediation were not to be disclosed to third parties, including experts. The Court is not persuaded by Plaintiffs' argument that the Agreement considered experts to be distinct from third parties with regard to limitations on disclosure of mediation statements.

Further, and perhaps more importantly, there is well-established judicial policy protecting the confidentiality of the settlement process. The judicial system encourages the resolution of disputes by mediation and settlement. It is axiomatic that the assurance of confidentiality for communications made during the course of settlement negotiations is a critical component of the process. Particularly, in the event that settlement discussions do not resolve the dispute, the parties must be able to litigate their claims in the courtroom without the pall-like presence of confidential negotiation statements influencing the arguments.

In this case, the Court is also not persuaded by Plaintiffs argument that disclosure of the statements to their experts is

not harmful to Defendants because the statements do not contain prejudicial information. Regardless of any effect of the content, the courts must remain blind to any confidential statements made during the course of settlement negotiations, particularly where the parties have guaranteed non-disclosure and confidentiality in an agreement. Here, Plaintiffs have exposed three of their testifying experts to confidential mediation statements made by Defendants. By doing so, Plaintiffs have introduced to the adjudicative process matters that are supposed to be shielded from the Court. Therefore, the Court concludes that the expert reports must be stricken and the testimony precluded. Accordingly, the Court will grant Defendants' Motion To Strike.

Additionally, having found that Defendants' position was meritorious, the Court will grant Defendants the extension of time they requested to file their expert reports.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that:

1) The Motion To Strike Expert Reports And Preclude Testimony Of Douglas M. Branson, Nancy J. Moore, and Steven L. Schwarcz filed by Defendants Pepper Hamilton LLP and W. Roderick Gagné in his capacity as an attorney (D.I. 231, 04-1551; D.I. 475, 05-165) is **GRANTED**;

2)   Defendants' oral request, made at the emergency hearing held on May 17, 2007, to extend deadlines for submission of expert reports is **GRANTED**.  Defendants shall submit a revised Case Management Order **no later than Wednesday, May 30, 2007.**

May 25, 2007

*/s/ Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE