# EXHIBIT 5

LEXSEE


Warning
As of: May 30, 2007

IN RE: PAOLI RAILROAD YARD PCB LITIGATION; THIS DOCUMENT RELATES TO: Narcise v. SEPTA, et al. Williams v. SEPTA, et al. Stanbach v. SEPTA, et al.

MASTER FILE NO. 86-2229, No. 87-1190, No. 87-1258, No. 87-3227

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1996 U.S. Dist. LEXIS 607

January 24, 1996, Decided
January 24, 1996, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employees filed an action against defendant employer under the Federal Employers Liability Act (FELA), 45 U.S.C.S. § 51, et seq. The employees moved for reconsideration of the court's order denying their motion to submit supplemental expert reports and their motion to strike the employer's supplemental memorandum regarding the testimony of a witness.

**OVERVIEW:** The employees filed an action against their employer under FELA, alleging a variety of severe illnesses as a result of their exposure to polychlorinated biphenyls (PCBs), used in the transformers of train cars which the employees serviced at work. They filed two discovery motions, which the court denied. The court found that it had discretion to reopen discovery in appropriate cases, but that the employees had failed to justify how the purported unavailability of one of the witnesses for trial entitled them to name a replacement. The court noted that the employees had five years in which to locate a medical expert for the trial and that there was no evidence indicating that the employees exercised any "reasonable means" to procure the testimony of the unavailable witness at trial. The court concluded that the process of producing new expert reports and deposing the new experts would unduly delay final disposition of the case. The court also found that the employees' motion to reconsider submission of supplemental expert reports based on "recent PCB studies" was vague, too general, and had the potential to further delay the trial because it would generate extensive pretrial motions.

**OUTCOME:** The court denied the railroad workers' motions for (1) reconsideration of the court's order denying their motion to submit supplemental expert reports, and (2) to strike the supplemental memorandum.

**CORE TERMS:** discovery, reconsideration, supplemental, exposure, manifest injustice, clear error, stroke, summary judgment, live testimony, unavailability, motion to reconsider, heart surgery, above-captioned, intervening, unfairness, re-opening, producing, surviving, deprived, reopen, medical expert, memorandum, disturbed, illnesses

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review*
[HN1] A district court will grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice.

Page 1

*Civil Procedure > Discovery > General Overview*
*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*

[HN2] The conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of this discretion. Absent a showing by the plaintiffs that denial of their motion would deprive them of crucial evidence or would result in fundamental unfairness, a court has broad discretion in deciding whether to permit additional discovery.

COUNSEL: [*1] For HELEN V. NARCISE, Administratrix of the Estate of NARCISE, JOHN G., HELEN V. NARCISE, as personal representative of NARCISE, JOHN G., HELEN V. NARCISE, in her own right, PLAINTIFFS: LAURI SUSSMAN SIEGEL, ZARWIN & BAUM, P.C., PHILA, PA. JOSEPH C. KOHN, KOHN, SAVETT, KLEIN & GRAF, P.C., PHILADELPHIA, PA. For ANDRE WILLIAMS, SR., Individually and on behalf of all others similarly situated, PLAINTIFF: HAROLD E. KOHN, JOSEPH C. KOHN, JEANNE P. WROBLESKI, KOHN, SAVETT, KLEIN & GRAF, P.C., PHILADELPHIA, PA. For CHARLES W. STANBACK, Executor of the Estate of STANBACK, CHARLES J., deceased, CHARLES W. STANBACK, as a personal representative of STANBACH, CHARLES J., CHARLES W. STANBACK, in his own right, SUSANNA STANBACK, PLAINTIFFS: CHARLOTTE E. THOMAS, KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS, PHILADELPHIA, PA. ARNOLD E. COHEN, KLEHR, HARRISON, HARVEY, BRANZBURG, ELLERS & WEIR, PHILA., PA.

JUDGES: JUDGE ROBERT F. KELLY

OPINION BY: ROBERT F. KELLY

OPINION:

MEMORANDUM

R.F. KELLY, J.

JANUARY 24, 1996

Before this Court are Plaintiffs' Motions (1) for Reconsideration of this Court's December 11, 1995 Order denying Plaintiffs' Motion to Submit Supplemental Expert Reports, and (2) to Strike [*2] Defendants' Supplemental Memorandum Regarding Dr. Sherman, filed January 3, 1996. Plaintiffs initially filed this action alleging that they have suffered from a variety of severe and unusual illnesses as a result of their exposure to polychlorinated biphenyls ("PCBs"), used in the transformers of train cars which these Plaintiffs serviced and maintained in the Paoli Railroad Yard. For the following reasons Plaintiffs' motions are denied.

BACKGROUND

The claims of the three above-captioned railroad workers arise under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, et seq. Two of these workers, Narcise and Stanbach, are deceased. Since the closing of discovery in March of 1992 n1, the only surviving Plaintiff, Andre Williams, has undergone open heart surgery and suffered a stroke. Each of the Plaintiffs worked at the Paoli car shop, a repair facility.

n1 In June of 1991, this Court entered a Scheduling Order that set the discovery cut-off for all cases in the Master File, which included these worker cases.

[*3]

On October 21, 1992, this Court granted Defendants' Motion In Limine to Exclude the Opinion Testimony of Janette Sherman, M.D. in, among others, these worker cases. At present, this ruling has not been disturbed. n2 Based on this Court's exclusion of Dr. Sherman's testimony, Defendants, on December 7, 1992, moved for summary judgment on the three workers' claims. Defendants' Summary Judgment Motion is currently pending before the Court. n3

n2 Because no final order of judgment was ever entered in the worker cases, the Third Circuit in In Re Paoli R.R. Yard PCB Litigation, 35 F.3d 717 (3d Cir. 1994) ("Paoli II") did not specifically review the exclusion of Dr. Sherman's testimony in these cases. Although the parties disagree, in light of Paoli II, as to the present status of the admissibility of Dr. Sherman's opinion testimony regarding the above-captioned Plaintiffs, this Court will refrain from any review of the matter at this time.

n3 On January 3, 1996, Defendants filed a supplemental memorandum arguing that this Court's exclusion of Dr. Sherman's testimony in these cases remains valid in light of intervening legal authority (including Daubert v. Merrell Dow Pharmaceuticals, Inc., U.S. , 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993), and Paoli II), and that summary judgment is appropriate. Because Defendants' Supplemental Memorandum Regarding Dr. Sherman is relevant with respect to De-

fendants' Motion for Summary Judgment, Plaintiffs' Motion to Strike Defendants' Supplemental Memorandum is denied.

[*4]

On November 22, 1995, Plaintiffs moved for permission to supplement their previously submitted expert reports based on (a) recent medical problems suffered by Plaintiff Andre Williams, (b) the unavailability of Dr. Sherman and (c) recent PCB studies. On December 11, 1995, this Court denied Plaintiffs' motion.

## STANDARD

"The United States Court of Appeals for the Third Circuit has held that 'the purpose of a motion of reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Cohen v. Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982, 106 S. Ct. 2895 (1986)). Accordingly, [HN1] a district court will grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993) (citing Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992)). Plaintiffs have filed this motion "in order to avoid grievous [*5] error . . . ." Plaintiffs' Motion, p. 1. "Any litigant considering bringing a motion to reconsider based upon [the need to correct a clear error of law or to prevent manifest injustice] should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant." Dodge, 796 F. Supp. at 830.

## DISCUSSION

" [HN2] The conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of this discretion." Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). "Absent a showing by the Plaintiffs that denial of their motion [to submit supplemental expert reports] would deprive them of crucial evidence or would result in fundamental unfairness, the Court has broad discretion in deciding whether to permit additional discovery." McElyea v. Navistar Intern. Transp. Corp., 788 F. Supp. 1366, 1371 (E.D. Pa. 1991), aff'd, 950 F.2d 723 (3d Cir. (1991). Thus, Plaintiffs must demonstrate that this Court's denial of their motion to submit supplemental expert reports has deprived Plaintiffs of crucial evidence or that reconsideration is [*6] necessary to prevent manifest injustice.

Plaintiffs contend that supplemental expert reports are necessary "primarily in light of recent medical problems suffered by the only surviving plaintiff, Andre Williams, and Plaintiffs' inability to present live testimony at trial from Janette Sherman, M.D." Plaintiffs' Motion, p. 1. As a result, Plaintiffs are requesting leave "to produce updated reports from those experts who have previously submitted a Rule 26(b)(4) statement or affidavit in this litigation and/or provide a report from a medical doctor who will be available to testify at trial whether or not he or she previously has been identified." See Plaintiffs' Motion for Reconsideration, p. 6. Plaintiffs submit that Defendants would be able to depose a new medical expert for the Plaintiffs and, thus, would not be unfairly prejudiced by the involvement of such an expert. Plaintiffs' Supportive Memorandum, p. 4.

Although this Court has discretion to reopen discovery in appropriate cases, Plaintiffs have failed to justify how the present unavailability of Dr. Sherman entitles Plaintiffs to name a replacement. n4 Indeed, there is no evidence of record indicating any "reasonable means" [*7] employed by Plaintiffs to procure the testimony of Dr. Sherman at trial. n5 Cf. Kirk v. Raymark Indus., Inc., 61 F.3d 147, 165 (3d Cir. 1995). Furthermore, the process of producing new expert reports, deposing the new experts, producing responsive reports from defense experts, and subjecting the new experts to in limine scrutiny would unduly delay final disposition of these cases. See McElyea, 788 F. Supp. at 1371 ("Nothing in the history of this case . . . indicates that reopening discovery would not begin a fresh round of disputes, delays and changes of position . . . .").

> n4 At the residents' trial, counsel for Plaintiffs represented that Dr. Sherman was unable to appear in person as a result of a scheduling problem. (N.T. 10/27/95, pp. 203-04 ). Now, it appears that Dr. Sherman has become unavailable to give live testimony on behalf of Plaintiffs under any circumstances. See Defendants' Opposition to Plaintiffs' Motion to Submit Supplemental Expert Reports, p. 5.

> n5 Defendants argue that even if Dr. Sherman's opinions were admissible, Plaintiffs would be entitled to present her testimony by videotape, and, thus, would suffer no arguable prejudice. Defendants' Opposition to Plaintiffs' Motion for Reconsideration, p. 5.

[*8]

"Implicit in . . . a showing [that the court's action in denying additional discovery resulted in actual and sub-

Page 3

stantial prejudice] is proof that more diligent discovery was impossible." McElyea, 788 F. Supp. at 1371 (citation omitted). In this case, however, Plaintiffs had from 1987 to 1992 to find a medical expert who could render an opinion in their cases. See Defendants' Opposition to Plaintiffs' Motion to Submit Supplemental Expert Reports, p. 4. Neither the unavailability of Dr. Sherman to present live testimony nor the exclusion of her testimony provides Plaintiffs with a proper basis to reopen discovery with a new expert witness at this late date. Cf. Perkasie Industries v. Advance Transformer, 143 F.R.D. 73, 76 (E.D. Pa. 1992) (concluding that plaintiff had ample time to discover the weaknesses or deficiencies in expert's analysis and should have sought the assistance of other experts earlier in the case).

Likewise, Plaintiffs' Motion regarding Mr. Williams' recent medical problems does not justify a re-opening of discovery. Plaintiffs have not demonstrated that denial of their motion to submit supplemental expert reports concerning Mr. Williams' stroke or [*9] need for heart surgery has deprived Plaintiffs of **crucial** evidence or resulted in fundamental unfairness. McElyea, 788 F. Supp. at 1371. Here, Plaintiffs merely state that "although Mr. Williams' recent medical problems are consistent with those previously attributed by Plaintiffs to his PCB exposure, there is presently no expert testimony linking his most recent illnesses to his exposure." Plaintiffs' Motion for Reconsideration, p. 3, P 14. However, Plaintiffs supply no foundation for this Court to re-open discovery on this basis other than Plaintiffs' own belief that Mr. Williams' recent medical problems were causally related to PCBs. n6 With no more than Plaintiffs' "unsupported hunch that some expert might discern a causal connection," this Court will deny Plaintiffs' Motion for Reconsideration to Submit Supplemental Expert Reports regarding Plaintiff Williams' recent medical problems.

   n6 Defendants have argued that Plaintiffs' have made no showing as to why Mr. Williams' recent medical history justifies a re-opening of discovery. Defendants' Opposition to Plaintiffs' Motion to Submit Supplemental Expert Reports, p. 6. (contending that neither Dr. Sherman nor Mr. Williams' treating physicians have indicated that Mr. Williams' stroke or need for heart surgery may be linked to exposure to PCBs).

[*10]

Finally, this Court will deny Plaintiffs' motion to reconsider submission of supplemental expert reports based on "recent PCB studies." This Court refused a similar request by the residential plaintiffs "because it [was] vague, too general, had the potential to further delay the trial of this case and because it appeared as if it would generate extensive pretrial motions." See 1995 WL 447584, *2 (E.D. Pa. July 25, 1995). "The worker plaintiffs offer no basis for this Court to reach a different result now." Defendants' Opposition to Plaintiffs' Motion to Submit Supplemental Expert Reports, p. 8.

**ORDER**

AND NOW, this 24th day of January, 1996, upon consideration of Plaintiffs' Motions (1) for Reconsideration of this Court's December 11, 1995 Order, and (2) to Strike Defendants' Supplemental Memorandum Regarding Dr. Sherman, filed January 3, 1996, and all responses thereto, it is hereby ORDERED that:

1. Plaintiffs' Motion for Reconsideration of this Court's December 11, 1995 Order is DENIED; and

2. Plaintiffs' Motion to Strike Defendants' January 3, 1996 Supplemental Memorandum Regarding Dr. Sherman is DENIED.

BY THE COURT:

ROBERT F. KELLY, J.