# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

William H. Sudell, Jr.
302 351 9284
302 425 4685 Fax
wsudell@mnat.com

June 1, 2007

**E-FILED AND HAND DELIVERED**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 N. King Street
Room 4124, Lockbox 27
Wilmington, DE  19801

      RE:    *Charles A. Stanziale v. Pepper Hamilton, et al.*, No. 04-1551
              *Royal Indemnity Co. v. Pepper Hamilton LLP, et al.*, No. 05-165

Dear Judge Farnan:

      I write in response to the May 30, 2007 letter to Your Honor from Philip Trainer, Jr. and with respect to the proposed revised case management order submitted therewith.

      The proposed revised case management order submitted by Plaintiffs presumes that Your Honor will grant Plaintiffs' motion for reconsideration of the Court's May 25, 2007 Memorandum Order. Defendants have opposed Plaintiffs' motion, and for the reasons set forth in that opposition believe that the Court's May 25 Memorandum Order should stand. Even after the Court's striking of three tainted experts, Plaintiffs have ten (10) testifying experts with respect to whom Defendants will have an approximately equal number of responsive experts. There is simply much too much work to do in respect of expert discovery and summary judgment already on our plates in the limited time permitted for Plaintiffs at this very late date to add several new experts and start the process all over again.

The Honorable Joseph J. Farnan, Jr.
June 1, 2007
Page Two

The schedule proposed by Plaintiffs is, in any event, inappropriate in light of the scheduled trial setting (which Pepper Hamilton LLP does not wish to delay):

- There will be on the order of 20 testifying experts at trial (not counting the three stricken experts). The proposed schedule submitted by Plaintiffs provides only 25 business days (during August) for all expert discovery.

- We anticipate the filing of serious summary judgment motions of the kind frequently granted in respect of claims such as those brought by the Trustee and Royal. The proposed schedule submitted by Plaintiffs contemplates letters to the Court requesting leave to so move on July 30. Assuming leave is granted, briefing on such motions would not be completed until just days before the scheduled start of trial, thus depriving the Court of any meaningful opportunity to consider summary judgment.

The Court should maintain the current trial setting, deny Plaintiffs' "Emergency Motion," and enter the revised scheduling order that I submitted on behalf of Defendants by letter dated May 30, which is fully consistent with the Court's May 25 Memorandum Order.

Respectfully Submitted,

*[signature]* by permission

William H. Sudell, Jr.

WHS/clh
cc:   All Counsel on Attached Service List

846303