IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 7 |
| STUDENT FINANCE CORPORATION, | : |
| | : Bankruptcy Case No. 02-11620-KJC |
| Debtor. | : |
| CHARLES A. STANZIALE, JR., | : |
| Chapter 7 Trustee Of Student | : |
| Finance Corporation, | : |
| | : Adversary No. 04-56423 |
| Plaintiff, | : |
| | : Civil Action No. 04-1551 JJF |
| v. | : |
| | : |
| PEPPER HAMILTON LLP, ET AL., | : |
| | : |
| Defendants. | : |

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No: 05-165-JJF |
| | : |
| PEPPER HAMILTON LLP, ET AL., | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Royal Indemnity's Emergency Motion For Leave To Replace Stricken Expert Witnesses (D.I. 498, 05-165; D.I. 254, 04-1551; D.I. 167, 05-72; D.I. 422, 02-1294). For the reasons discussed, the Court will grant the Motion.

On May 25, 2007, the Court granted Defendants' Motion To Strike Expert Witnesses (D.I. 494, 05-165; D.I. 247, 04-1551). On May 29, 2007, Plaintiff Royal Indemnity filed the instant Motion requesting that the Court grant it leave to replace two of the three stricken expert witnesses; specifically, to replace

stricken experts Moore and Schwarcz.[1]  By its Motion, Plaintiffs contend that denial of leave to replace their experts imposes too harsh a sanction because they would be left without expert testimony on the subject of professional responsibility and standards of care applicable to the conduct of the Pepper Defendants.  In response, Defendants[2] contend that Plaintiffs' emergency Motion is really a motion for reconsideration and they would be prejudiced by allowing Plaintiff time to replace its expert witnesses.

The Court is persuaded by Plaintiffs' argument that they would suffer undue prejudice by denial of leave to replace two of the three stricken experts.  In support of their opposition, the Pepper Defendants cite the Court's recent decision in Bridgestone in which the Court denied the defendant leave to *supplement* its expert reports 136 days before trial.  Bridgestone Sports Co., Ltd. v. Acushnet, No. 05-132, 2007 U.S. Dist. LEXIS 13347, at *6 (D.Del. Feb. 26, 2007) (emphasis added).  The Court finds that the circumstances here are distinguishable.  In Bridgestone, the Court reasoned that leave to supplement the reports was not

---

[1] The Trustee joined in Royal's Motion but requested leave to replace all three stricken experts (D.I. 257, 04-1551).  The Court refers to the Trustee and Royal collectively as "Plaintiffs."

[2] The Pepper Defendants opposition to Plaintiffs' Motion was joined by Defendants Robert L. Bast, Pamela Bashore Gagné, W. Roderick Gagné in his capacity as Trustee of the Brennan Trusts, and the Brennan Trusts. (D.I. 262, 04-1551).

warranted because defendant had knowingly allowed its expert to rely on prior art references in disputed patents and plaintiffs would have been prejudiced by the delay that would result from supplementation. Further, in Bridgestone, the Court's decision did not preclude defendants from asserting any defenses to the patents at issue.

In contrast, in the circumstances here, the Court concludes that the balance of prejudice favors granting Plaintiffs leave to replace two of the stricken expert witnesses. As a result of the Court's decision granting Defendants' Motion To Strike, Plaintiffs are without any expert testimony on the issues of professional responsibility and standards of care; an element of their prima facie case. Without the opportunity to replace their experts, Plaintiffs would be severely prejudiced. Further, expert discovery has not yet commenced and Defendants have not yet submitted their expert reports. Thus, the Court concludes that Defendants suffer little prejudice by the delay caused by Plaintiffs' submission of the replacement experts' reports. Accordingly, the Court will grant Plaintiffs' Motion.

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that:

1) Plaintiffs' Emergency Motion For Leave To Replace Stricken Expert Witnesses (D.I. 498, 05-165; D.I. 254, 04-1551; D.I. 167, 05-72; D.I. 422, 02-1294) is **GRANTED**; Plaintiffs shall submit the expert reports of the replacement experts for stricken experts Moore and Schwarcz **no later than Friday, June 15, 2007**.

2) The parties shall confer and submit a joint proposed Amended Case Management Order to reflect the deadline above **no later than Wednesday, June 6, 2007**.

June 1, 2007

_____
UNITED STATES DISTRICT JUDGE