# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MBIA INSURANCE CORPORATION, et al.,<br>  Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ROYAL INDEMNITY COMPANY,<br>  Defendant/Counterclaim Plaintiff. | C.A. No. 02-1294-JJF |
| CHARLES A. STANZIALE, JR., Ch. 7 Trustee,<br>  Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, et al.,<br>  Defendants. | C.A. No. 04-1551-JJF |
| CHARLES A. STANZIALE, JR., Ch. 7 Trustee,<br>  Plaintiff,<br><br>v.<br><br>MCGLADREY & PULLEN LLP, et al.,<br>  Defendants. | C.A. No. 05-72-JJF |
| ROYAL INDEMNITY COMPANY,<br>  Plaintiff,<br><br>v.<br><br>PEPPER HAMILTON LLP, et al.,<br>  Defendants. | C.A. No. 05-165-JJF |

## THE PARTIES' ALTERNATIVE PROPOSALS
## REGARDING REVISED CASE MANAGEMENT ORDER

Pursuant to this Court's Memorandum Order dated June 1, 2007, the parties in the above-captioned matters conferred on June 5, 2007 regarding proposed amendment of the Case Management Order in light of the Court's June 1 Order. The parties were not able to agree on a

joint proposed Case Management Order, and therefore submit the following alternative proposals for the Court's consideration.[1]

Proposal A is jointly submitted by McGladrey & Pullen, LLP; Freed Maxick & Battaglia CPAs PC; Freed Maxick Sachs & Murphy PC; Michael Aquino; and Wells Fargo Bank, N.A., as Trustee of Certain SFC Grantor and Owner Trusts.

Proposal B is jointly submitted by Royal Insurance Company; Charles A. Stanziale, Jr., Chapter 7 Trustee; Pepper Hamilton LLP; W. Roderick Gagné, in his capacity as an attorney practicing at Pepper Hamilton LLP; Robert L. Bast; Pamela Bashore Gagné; W. Roderick Gagné, as Trustee of the Brennan Trusts; and the Brennan Trusts.

The proponents of each schedule have set forth below a brief statement in support of their respective proposals.

If the Court wishes to hear further from the parties regarding these proposals, the parties are available at the Court's convenience for a status conference (either telephonic or in person).

## I.    PROPOSED CASE MANAGEMENT DEADLINES

| Event | Proposal A | Proposal B |
| --- | --- | --- |
| Plaintiffs' replacement expert reports due | 6/15/07 | 6/15/07 |
| Defendants' expert reports due | 7/13/07 | 7/13/07 |
| Date by which plaintiffs may submit rebuttal expert reports | 7/27/07 | 7/27/07 |
| Expert discovery may commence | 7/30/07 | 7/27/07 |
| Parties may submit letters to the Court regarding issues to be raised on summary judgment | Not later than 7/30/07 | Not later than 7/30/07 |
| Status conference regarding issues to be raised on summary judgment | TBD | TBD |

---

[1] The parties agree that this submission is without prejudice to any party objecting to or supporting the consolidation of these matters for trial.

| Event | Proposal A | Proposal B |
|---|---|---|
| Close of expert discovery | 9/21/07 | 9/5/07 |
| Pretrial order, suggested voir dire questions, proposed jury instructions, and proposed special verdict/interrogatories to be filed pursuant to Local Rules 16.4, 47.1, and 51.1, respectively | 12/14/07 | 10/2/07 |
| Pretrial conference | 12/19/07 | 10/5/07 |
| Trial commences | 1/7/08 | 10/10/07 |

## II.  STATEMENT IN SUPPORT OF PROPOSAL A.

McGladrey & Pullen, LLP; Freed Maxick & Battaglia CPAs PC; Freed Maxick Sachs & Murphy PC; Michael Aquino; and Wells Fargo Bank, N.A. as Trustee of Certain SFC Grantor and Owner Trusts, submit that Proposal A (attached at Tab A) is the more fair and reasonable schedule of those proposed by the parties.

Plaintiffs' ill-conceived decision to provide confidential mediation materials to their experts, and the motions that followed, have disrupted the discovery and trial schedule. Plaintiffs' expert reports now will not be completed until June 15—almost six weeks after the May 7 deadline set out in the existing schedule. That schedule already was compressed and ambitious. <u>It cannot absorb a six-week shift in the interim deadlines and still keep the same trial date</u>. Accordingly, a commensurate shift in the trial date is needed to provide reasonable periods for expert discovery, summary judgment briefing, pretrial submissions, and trial preparation. Proposal A incorporates the six-week delay for plaintiffs' new reports, and adjusts the remaining dates accordingly, using the time periods between each event provided by Case Management Order #1.

The competing schedule, Proposal B, keeps the current trial date of October 10, 2007, despite the additional time required for plaintiffs' expert reports. The result is unfair and unworkable. For example, Proposal B requires the completion of nearly two dozen depositions,

3

spread across the country, in 27 business days during August and Labor Day week. At the same time, the parties would be briefing summary judgment motions (which would not even await the close of expert discovery). That briefing would continue up to the eve of trial—providing little or no time for this Court to consider summary judgment motions in an orderly fashion.

Most critically, Proposal B provides a patently unreasonable time period for pretrial submissions and preparation for trial—only <u>23 business days</u>. This is a complex case in which plaintiffs seek more than $400 million in damages. Almost 150 days of depositions have been taken in the litigation. Millions of pages of documents have been produced and continue to be produced. (In the past few weeks alone, Royal has produced more than 8,000 pages of documents, not counting productions related to experts.) But Proposal B provides only 23 business days between the close of expert discovery and trial. During that period, the parties will need to brief motions *in limine*; prepare voir dire, jury instructions, verdict forms, and special interrogatories; prepare witnesses lists and cull the millions of pages of documents (and more than 2,800 exhibits constituting tens of thousands of pages) down to trial exhibit lists; designate deposition testimony, prepare counter-designations and objections to the deposition designations; brief any necessary legal issues; and prepare a pretrial order. This litany does not even account for the time needed for counsel to prepare themselves or their witnesses for trial. Such a schedule would be unfair to both counsel and the Court (which would not have an opportunity to properly address the multitude of issues that must be resolved for an efficient and orderly trial).

The delay occasioned by plaintiffs' blunder with their experts should not be allowed to prejudice the other parties' rights with respect to expert discovery, summary judgment, and trial preparation. Proposal A provides for efficient and reasonable pretrial practice and the trial of this matter at the first practicable date. There is no prejudice to any party from a brief

4

continuance.[2] For these reasons, the above-named parties respectfully request that the Court enter Proposal A as the Case Management Order to govern the remainder of the proceedings.

### III. STATEMENT IN SUPPORT OF PROPOSAL B.

Proposal B (attached at Tab B) maintains the structure of pretrial deadlines from this Court's current case management order. In particular, Royal, the Trustee, Pepper and the family defendants are prepared to try these cases on October 10, 2007—the trial date that Your Honor set in June of 2006—and have preserved that trial date in their proposal schedule. The date for the pretrial order remains unchanged.[3]

While the proposed schedule extends by approximately five weeks each of the dates on which the parties may 1) submit expert reports, 2) submit letters regarding issues to be raised on summary judgment and 3) take expert discovery, it maintains the time available for expert discovery under the existing CMO # 1. Indeed, the proposed schedule reduces by only four business days the amount of time available for the parties to take expert discovery currently provided. Thus expert discovery will not be substantively impacted by the recent removal and replacement of three of Royal's and the Trustee's experts.

---

[2] Royal has indicated that the Court should maintain an October 2007 trial date in order to accommodate a January 2008 trial setting in its *T.E. Moor* Texas case. That case was filed almost three years prior to the case Royal filed against Pepper Hamilton and the accountant defendants. Requiring this case to speed to trial prematurely in order to allow a much older case to go to trial at a later date is backwards. If anything, this case can be set for a later January 2008 or early February 2008 date.

[3] We note that, whereas the previous order required the parties to submit only a pretrial order on October 2, 2007, the new proposed schedule provides that the parties shall submit other pretrial documents, such as proposed voir dire questions, jury instructions and special verdict forms or interrogatories, on October 2, 2007 as well. We also note that under the proposed schedule, the pretrial conference is scheduled to take place on October 5, 2007. This is a change from the order of events that the Court set in June 2006 and is made so that the pretrial conference occurs after, rather than before, submission of the draft pretrial order.

The accountant defendants and Wells Fargo complain that this five week shift in expert discovery prevents them from preparing for trial, despite that the testimony of two of the three stricken experts did not relate to Royal's or the Trustee's claims against the accountant defendants or Wells Fargo, and only a portion of the third expert's testimony related to the claims against them. But they are in no different position under Proposal B now than before the experts were replaced. Under the existing schedule, summary judgment briefing would occur concurrently with expert discovery. So too in Proposal B. Under the current CMO #1, there are 31 business days for expert discovery; under Proposal B, 27. The accountant defendants and Wells Fargo complain that Proposal B permits "only 23 business days" to prepare for trial. But the parties have had since the close of discovery on April 30 to prepare for trial. Moreover, Royal's claims against Wells Fargo have been pending since April, 2003; the youngest of these cases, 05-165, was filed on March 18, 2005. There already has been more than enough time for all parties to prepare for trial. Nothing that has transpired with respect to the experts necessitates postponing the trial date.

Proposal A's proposed trial date creates an additional problem for Royal because it conflicts with the trial in a related SFC litigation. A trial date of January, 2008 has been specially set in a related case, *Royal Indemnity Co. v. T.E. Moor & Co., et al.*, Case No. D-167370 in the District Court of Jefferson County, Texas, 136th Judicial District. The Jefferson County case is being handled by members of Royal's trial team in these cases, and was specially set for January 15, 2008, rather than this Fall, in part because of the October 10 trial setting in this case.

For all of these reasons, Royal, the Trustee, Pepper and the family defendants respectfully request the Court to enter Proposal B as the case management order to govern the remainder of these proceedings.

Respectfully submitted,

*/s/ David Wilks/PJT*
REED SMITH LLP
David E. Wilks (No. 2793)
Thad J. Bracegirdle (No. 3691)
120 Market Street, Suite 1500
Wilmington, DE 19801
Phone: 302-778-7500
Fax: 302-778-7575

*Attorneys for Defendants Freed Maxick & Battaglia CPAs, PC and Freed Maxick Sachs & Murphy, P.C.*

*/s/ Philip Trainer/PJT*
ASHBY & GEDDES
Lawrence C. Ashby (No. 4686)
Philip Trainer, Jr. (No. 2788)
Tiffany L. Geyer (No. 3950)
Andrew D. Cordo (No. 4534)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
Phone: 302-654-1888
Fax: 302-654-2067

*Attorneys for Plaintiff Royal Indemnity Company*

*/s/ Michael R Lastowski/PJT*
DUANE MORRIS LLP
Michael R. Lastowski (No. 3892)
Christopher M. Winter (No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

*Counsel for Defendants McGladrey & Pullen, LLP and Michael Aquino*

*/s/ Charlene D. Davis/PJT*
THE BAYARD FIRM
Charlene D. Davis
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Phone: 302-655-5000
Fax: 302-658-6395

*Attorneys for Plaintiff Charles A. Stanziale, Jr. Chapter 7 Trustee*

*/s/ John W. Shaw/RWR*
YOUNG CONAWAY STARGATT &
  TAYLOR , LLP
David C. McBride (No. 408)
John W. Shaw (No. 3362)
Dawn M. Jones (No. 4270)
Chad S. C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19810-0391
Phone:  302-571-6600
Fax:  302-576-3334

*Attorneys for Plaintiff and Counterclaim Defendant Wells Fargo Bank, N.A.*

*/s/ William H. Sudell/RWR*
MORRIS, NICHOLS, ARSHT
  & TUNNELL LLP
William H. Sudell, Jr. (No. 0463)
Donna L. Culver (No. 2983)
Daniel B. Butz (No. 4227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
Phone:  302-658-9200
Fax:  302-658-3989

*Attorneys for Defendant Pepper Hamilton LLP and W. Roderick Gagné, in his capacity as an attorney practicing at Pepper Hamilton LLP*

ECKERT SEAMANS CHERIN
  & MELLOTT, LLC
Karen Lee Turner (No. 4332)
300 Delaware Avenue, Suite 1210
Wilmington, DE  19801
Phone:  (302) 425-0430
Fax:  (302) 425-0432

*Attorneys for Defendants Robert L. Bast, Pamela Bashore Gagné, W. Roderick Gagné, as Trustee of the Brennan Trusts, and the Brennan Trusts*