# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

William H. Sudell, Jr.
302 351 9284
302 425 4685 Fax
wsudell@mnat.com

June 29, 2007

**E-FILED AND HAND DELIVERED**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 N. King Street
Room 4124, Lockbox 27
Wilmington, DE  19801

        RE:    *Charles A. Stanziale v. Pepper Hamilton, et al.*, No. 04-1551
               *Royal Indemnity Co. v. Pepper Hamilton LLP, et al.*, No. 05-165

Dear Judge Farnan:

       We write in response to the letter sent to Your Honor on June 26, 2007 by Royal's counsel.

       In November 2006, Pepper issued a subpoena to Mandiant Corporation, a nonparty doing business in New York, demanding the production of an email server formerly used by SFC, a copy of which is in Mandiant's possession. We understand that the server contains emails to and from SFC's former counsel, including attorneys at Pepper. When Mandiant refused to comply with the subpoena, Pepper filed a motion in United States District Court for the Southern District of New York to compel production of the email server. The Honorable Charles Haight transferred Pepper's motion to this Court on February 9, 2007. A copy of the transfer order and opinion in support thereof is enclosed. The transferred motion does not appear to have been entered on the docket in these cases.

The Honorable Joseph J. Farnan, Jr.
June 29, 2007
Page Two

      Although both Mandiant and the Trustee concede that Pepper is entitled to a vast majority of the emails on the server, both opposed Pepper's motion. Mandiant, through Royal's counsel, objected to the motion on the grounds that complying with the subpoena would require Mandiant to breach an out-of-court confidentiality agreement in another matter to which Pepper is not a party. The Trustee objected to Pepper's motion to compel on the grounds that some unidentified subset of the emails on the server may contain privileged communications between consultants hired by the Trustee and the Trustee's counsel. The Trustee argues that Pepper should be prohibited from obtaining any of the non-privileged emails on the server unless Pepper agrees to pay between $35,000 and $50,000, the Trustee's estimate of the cost of conducting a privilege review. Pepper contends that the costs associated with any review necessary to protect the Trustee's supposed privilege must be incurred solely by the Trustee. The parties' positions are more fully set forth in the enclosed briefs, which the parties filed in the United States District Court for the Southern District of New York before Judge Haight transferred the motion to this Court.

      In its letter to Your Honor, Royal requests that the Court "determine whether the documents sought by the subpoena can be produced by Mandiant in view of the prior [confidentiality] agreement" and "direct that the costs of compliance be shared among the parties." Pepper joins in this request to the extent "the costs of compliance" include only the minimal expense involved in making a physical copy of the server. In fact, Pepper already has offered to provide Mandiant, at its expense, with an appropriate storage device onto which Mandiant can copy the server. Pepper objects, however, to paying for all or any portion of the costs associated with any privilege review by the Trustee. We have enclosed a proposed order for Your Honor's consideration.

                                            Respectfully Submitted,

                                            William H. Sudell, Jr.     by permission

WHS/bag
Enclosure
cc:    All Counsel on Attached Service List

910308.1