# ATTACHMENT 1

# Transfer Order and Opinion

CHAMBERS OF CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

# FAX COVER SHEET

DATE: 6/27/07          NUMBER OF PAGES (including this page) ( 11 )

TO:

Erin Cowan, Esq.   (212) 972-8798

FROM:

CHAMBERS OF CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE
Fax Number: (212) 805-7909
Phone Number: (212) 805-0214

MESSAGE:

Here is a copy of Judge Haight's February 8, 2007 transfer order in Stanziale v. Pepper Hamilton (Misc. M8-85)

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
CHARLES A. STANZIALE, JR.,                                  :
CHAPTER 7 TRUSTEE OF STUDENT                                :
FINANCE CORPORATION                                         :
                                                            :
                        Plaintiff,                          :
                                                            :   Misc. No. M8-85 (Part I)
        -against-                                           :
                                                            :   MEMORANDUM OPINION
PEPPER HAMILTON LLP, ET AL.,                                :   AND ORDER
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------x
```

HAIGHT, Senior District Judge:

By means of an order to show cause, Pepper Hamilton LLP ("Pepper") moved to compel Mandiant Corporation ("Mandiant") to produce documents pursuant to a subpoena *duces tecum* issued by this Court and served upon Pepper in aid of litigation pending in federal court in the District of Delaware. I heard arguments on the motion to compel while sitting in Part I. For the reasons that follow, I decline to rule on the merits of the motion and instead respectfully transfer it to District Judge Joseph J. Farnan, Jr. in the District of Delaware.

### I. Background

In two actions in the District of Delaware, defendant Pepper has been sued for alleged malpractice and breach of fiduciary duty and for aiding and abetting a fraud in connection with its representation of Student Finance Corporation ("SFC"), a company now in involuntary

bankruptcy. The underlying actions, which Pepper is defending against plaintiff Charles A. Stanziale, Jr., Chapter 7 Trustee (the "Trustee") of SFC, and against plaintiff Royal Indemnity Company ("Royal"), an insurer that had issued credit risk policies to SFC, are captioned *Stanziale v. Pepper Hamilton LLP, et al.*, No. 04-1551 (D. Del.) and *Royal Indemnity Company v. Pepper Hamilton LLP, et al*, No. 05-165 (D. Del). Decl. Stephen J. Shapiro in Supp. Def.'s Mot. Compel Discovery, dated Dec. 29, 2006 ("Shapiro Decl."), ¶ 2. These actions are pending before Judge Farnan.

In aid of its defense in these cases, Pepper sought to compel production of a computer server (the "Server") containing information relating to the operations of SFC and Pepper's representation of the company. Decl. Michael S. Waters in Supp. Pl.'s Mem. in Opp'n to Mot. Compel, dated January 10, 2007 ("Waters Decl."), ¶ 2. The Trustee does not have control over the Server, as it had been sold in the course of SFC's bankruptcy to a related company called Student Loan Service ("SLS"). SLS used the Server for some time, but its current whereabouts are reportedly unknown. *Id.* ¶ 3. However, a *copy* of the Server's contents rests in the hands of Mandiant, a technology consulting firm, as the result of a discovery agreement in an earlier litigation to which Pepper was not a party. Shapiro Decl. ¶¶ 5, 6.

In 2004, in connection with discovery that the Trustee had initiated against Royal in an adversary proceeding that has since settled, Royal had sought production of the Server. Shapiro Decl. ¶ 5. The Trustee took the position that some of the emails on the Server might be protected by the attorney-client privilege. In August of 2004, the Trustee, Royal, and SLS reached an agreement whereby a third party would extract only those emails on the Server that had not been sent to or from SFC's lawyers. Pursuant to this agreement, Royal retained Mandiant in October of 2004 to analyze the contents of the Server and extract documents

2

meeting the specifications of the August 2004 agreement. Shapiro Decl. ¶ 5, 6; Response of Mandiant Corp. & Royal Indemnity Co. to Order to Show Cause, dated Jan. 10, 2007 ("Mandiant Response"), ¶ 5. Mandiant performed the work and produced to Royal the appropriate documents. Royal subsequently produced those documents to Pepper. *See* Mandiant Response ¶ 7.

The impetus for this particular dispute is Pepper's demand for discovery of emails on the Server that had not been produced in the litigation with Royal. Shapiro Decl. ¶ 10. The firm obtained a subpoena against Mandiant from this Court for that purpose. *Id.*

In response to the motion to compel presently before this Court, Mandiant states as its reason for noncompliance a concern that the requested production would violate its August 2004 agreement with Royal, which had provided that Royal and others would not have access to SLS's privileged communications. Mandiant's Response ¶¶ 7-9. Mandiant would have this Court decide whether the August 2004 agreement permits its production of the Server to Pepper, and it further requests that any cost associated with production or with such privilege-related filters as the court may impose be borne by Pepper. *Id.* ¶ 10. Finally, Mandiant requests that, should this Court determine that filtering of the Server's contents is necessary, I refer the cost allocation question to Judge Farnan in the District of Delaware. *Id.* at 5.

The Trustee has reasons of its own for desiring non-production of certain materials on the Server. It seeks to limit production so as to preserve any attorney-client and work product privilege contained in the materials Pepper seeks. *See* Pl.'s Mem. in Opp'n, at 2. Additionally, the Trustee echoes Mandiant in arguing that any costs associated with a filtered production be borne by Pepper. *See id.* at 6-9.

3

In response to these objections, Pepper makes several arguments. First, it claims that Mandiant has no standing to invoke the privilege of some other party, *see* Def.'s Mem. in Supp. Mot. Compel ("Def.'s Mem."), at 3 n.2, and that the Trustee has not established that any of the documents requested are in fact privileged. *See* Def.'s Reply Mem., at 1. Second, it contends that both Mandiant and the Trustee waived their right to object to the subpoena because neither filed a motion to quash or modify the subpoena within the 14 days set forth by Fed. R. Civ. P. 45(c)(3). *See* Def.'s Mem. at 2 n.1 & 3 n.2. Third, it argues that the Trustee has waived any privilege with respect to the documents on the Server through SFC's relinquishment of the Server to SLS, a third party. *See* Def.'s Reply Mem., at 1. Fourth, it contends that the Federal Rules of Civil Procedure obviate any objection by the Trustee since Fed. R. Civ. P. 26(b)(5)(B) provides a mechanism for return of privileged material inappropriately accessed. *See id.* Finally, Pepper maintains that the material sought is reasonably accessible (the difficulties arise from the Trustee's desired privilege review, not with production per se, Pepper contends) and therefore is not excused from production by Fed. R. Civ. P. 26(b)(2)(B), which excuses a party from providing discovery of "electronically stored information from sources the party identifies as not reasonably accessible because of undue burden or cost." *See id.* Given what it understands to be the accessibility of the information, Pepper maintains that under *Zubulake v. UBS Warburg, LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003) (considering cost shifting for production of backup computer data where electronic discovery poses "undue burden" on the responding party, an analysis which usually turns on whether the information is in an accessible format), there should be no cost shifting. *See id.*

At oral argument I raised the possibility of transferring this dispute to District Judge Farnan. The parties spoke at some length to that question, which had only been glancingly

4

addressed in Mandiant's Response and in a footnote in the Trustee's Opposition Memorandum. Mandiant and the Trustee endorsed transfer, and Pepper opposed it, albeit without great fervor. With the foregoing background on the parties and their disputes in mind, this is the question I address in the remainder of this Opinion.

## II. Discussion

Fed. R. Civ. P. 45 governs the issuance, service, and enforcement of subpoenas and the procedures for objecting to them. When a person or entity objects to a subpoena served on it, "the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued." Fed. R. Civ. P. 45(c)(2)(B). Because the subpoena to Mandiant issued from this Court, Pepper contends that it was required to move for enforcement of the subpoena here, before the court "by which the subpoena was issued." Def.'s Reply Mem., at 3 n.3. Rule 37(a) also provides, "A party . . . may apply for an order compelling disclosure or discovery as follows" and then details in a subsection, "An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken." Pepper therefore acted properly in bringing its motion in this District to enforce the subpoena.

This obligation on Pepper's part, however, does not bear on my ability to transfer the dispute once the motion is brought. Notwithstanding Rule 45's language quoted *supra*, a number of courts have either transferred disputes concerning nonparty subpoenas to the district possessing the underlying action or commented on the appropriateness of doing so. *See In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court that issued deposition subpoenas

5

pursuant to Rule 45 may remit consideration of objections to court where underlying case is pending); *Peterson v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) (finding that magistrate judge's transfer of motion to quash nonparty subpoena was proper) ("The absence of any language in Rule 45(d) prohibiting transfer of a motion to quash, coupled with this permissive language [in Rule 26] regarding transfer of motions for protective orders which refers to Rule 45 deponents as well as to parties, is enough to validate the [transfer] action of the Kansas magistrate.") (citation omitted); *United States v. Star Scientific*, 205 F. Supp. 2d 482 (D. Md. 2002) (transferring motion to compel nonparty to comply with subpoena to district in which the underlying action was going forward); *Smithkline Beecham Corp. v. Synthon Pharm. Ltd*, 210 F.R.D. 163, 169 n.7 (M.D. N.C. 2002) ("The third-party subpoena route has the added benefit of allowing the court in which the main litigation is pending to make the ruling."); *Devlin v. Transp. Comm. Int'l Union*, No. 95 Civ. 0742, 2000 WL 249286, at *1 (S.D.N.Y. Mar. 6, 2000) (Francis, M.J.) ("There is substantial support in the caselaw, among the commentators, and in the Advisory Committee Note to Rule 26(c) of the Federal Rules of Civil Procedure for the proposition that the court from which a subpoena has issued has the authority to transfer any motion to quash or for a protective order to the court in which the action is pending.").[1]

A decision by Judge Lynch of this Court states in dicta that Rule 45 does not permit transfer of nonparty subpoena disputes. *See In re Application for an Order Quashing Deposition*

---

[1] The Advisory Committee Note says, "The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." Advisory Committee Note, 1970 Amendments. While, as the D.C. Circuit has pointed out, this language in the Note refers to the "deponent or party," and does not speak in terms of remittal of a motion, *see In re Sealed Case*, 141 F.3d 337, 342 (D.C. Cir. 1998) ("Respondent's argument takes 'remit the deponent or party' to mean 'transfer the motion.' But that is not the phrase's meaning unless the Advisory Committee used English incorrectly, or at least eccentrically."), I do not read the Advisory Note for a source of authority for transfer of a motion to compel but rather for the Committee's assessment of an appropriate course of action in a similar situation.

6

*Subpoenas*, No. M8-85, 2002 WL 1870084, at *6 (S.D.N.Y. Aug. 14, 2002) (denying motion to quash nonparty subpoena on the merits). For that proposition Judge Lynch cited a case from the District of Columbia Circuit, *In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998) (holding that a district court may not transfer motion to quash subpoena issued to nonparty), that has since been distinguished by another district court in the District of Columbia. In *In re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP*, 255 F. Supp. 2d 1 (D.D.C. 2003), the district court transferred a nonparty subpoena dispute on the basis that such transfer would be to a district court presiding over multidistrict litigation ("MDL"), and 28 U.S.C. § 1407(b) explicitly authorizes the MDL court to hear discovery disputes from other districts. *See id.* at 2; *see also* 28 U.S.C. § 1407(b) (pretrial proceedings in MDL litigation "shall be conducted by a judge or judges to whom such actions are assigned," and judge presiding over multidistrict litigation "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions"). Several other courts, including a court in this district, have likewise transferred nonparty subpoena disputes in MDL cases. *See In re Subpoena Issued to Boies, Schiller & Flexner LLP*, No. M8-85, 2003 WL 1831426 (S.D.N.Y. Apr. 3, 2003) (transferring motion to quash subpoena to court presiding over underlying MDL); *In re Welding Rod Prods. Liability Litigation*, 406 F.Supp.2d 1064, 1067 (N.D. Cal. 2005) (transferring motion to quash nonparty subpoena to district presiding over underlying MDL). While the language of § 1407(b) provides a clearer textual basis for transfer than in the present non-MDL case, nothing in Rule 45 explicitly prohibits a transfer of the instant dispute.[2] In light of these distinguishing

---

[2] I note that when the district court in *Wilmer, Cutler* looked to § 1407(b) in combination with Rule 45 for its authority to transfer, the court was constrained by D.C. Circuit law preventing transfer of a nonparty subpoena dispute on the basis of Rule 45 alone. *See Wilmer, Cutler*, 255 F. Supp. 2d at 2 ("For, in contrast to the *Sealed Case*, the motion to quash at issue here relates directly to a set of proceedings that have been consolidated for pretrial purposes by the judicial panel on multidistrict litigation. . . . ."). Second Circuit law does not similarly constrain me,

7

features, and the greater weight of authority reflected by the cases cited *supra*, I respectfully disagree with Judge Lynch's dicta.

On the other side of the equation, Rule 45's objectives, along with the interests of justice and judicial economy, strongly favor such a transfer. The underlying objectives of Rule 45 include "protect[ing] . . . persons who are required to assist the court by giving information and evidence. . . ." Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment. As the District Court in Maryland read the practice commentaries,

> The practice commentaries to the rule explain that a motion to compel under Rule 45(c)(2)(B) "should, like the motion to quash or modify . . ., be made to the court from which the subpoena issued," which "will presumably be a court in a district convenient to the nonparty" since it is "of course the nonparty whose convenience Rule 45 is most concerned about protecting." David D. Siegel, Practice Commentaries, Fed.R.Civ.P. 45. Accordingly, where the nonparty indicates a preference for a forum other than the issuing court, the notes and commentary to the rule suggest that transfer, in the issuing court's discretion, would accord with Rule 45's purposes.

*Star Scientific*, 205 F. Supp. 2d at 484-85. As was the case in *Star Scientific*, the nonparty in the dispute before this Court expresses a preference for the District of Delaware. I therefore hold that transfer of the dispute will not run afoul of Rule 45's objectives.

The court in *Star Scientific* also pointed to Fed. R. Civ. P. 1, which describes the larger principle governing interpretation of the Federal Rules: "They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see also Star Scientific*, 205 F. Supp. 2d at 486. In that case, the third party had objected to a subpoena on the basis that it was "too sweeping" and that it would potentially reveal trade secrets and other sensitive information. *Id.* at 484. The court found transfer

---

as the Second Circuit has not spoken on the question.

8

warranted because, in addition to the fact that transfer was not opposed by the third party, "the District of Columbia is in a better position to evaluate claims of confidentiality, undue burden, and relevancy involved in this discovery dispute." *Id.* at 488.

The same concerns are present here. In addition to the question of waiver, at the core of the motion to compel are disputes about privilege and cost sharing. The parties vigorously dispute the extent to which the emails sought by Pepper may contain privileged material, and, if they do, whether such material can be filtered out by using a date filter or whether some other more complicated method is needed. A judge who is fully familiar with the underlying litigation is in a better position to resolve such issues than a judge in a different district with no knowledge of the case. Moreover, privilege questions with regard to information in the Server have already arisen in the related litigation in Delaware between Royal and the Trustee. And Judge Farnan currently has pending before him other motions related to attorney-client privilege. Pl.'s Mem. in Opp'n, at 2 n.1. The privilege question is bound up with issues about the relevance of the requested material, and courts have found it appropriate for the court presiding over the underlying dispute to decide questions of relevance. *See Smithkline Beecham*, 210 F.R.D. at 169 n.7 ("[Transfer of the third-party subpoena dispute] may be particularly appropriate when relevancy of the discovery is a significant issue . . . . The court in which the litigation is pending will be in a better position to decide relevancy issues.") (citations omitted). Additionally, at oral argument the parties indicated that Judge Farnan has already had the opportunity to consider cost sharing questions with respect to discovery. His familiarity with not only the underlying facts but these related questions about privilege and cost sharing that have already arisen make him far better suited to hear this dispute than I. *Cf. In re Welding Rod Prods. Liability Litigation*, 406 F. Supp. 2d 1064, 1067 (N.D. Cal. 2005) (finding that transfer served interests of justice, judicial

9

efficiency, and consistency, especially where the action is complex and the judge in transferee district "readily familiar with the underlying issues" and "has already spent considerable time and effort coordinating the pretrial proceedings").

Finally, I find that there is no prejudice to Pepper. At oral argument, counsel for defendant did not offer any respect in which it would be prejudiced. As Pepper is currently defending itself in the District of Delaware, it is hard to imagine how it could be.

### III. Conclusion

Because the subpoenaed nonparty is amenable to transfer of this dispute, and because the presiding judge in the District of Delaware court is better positioned to evaluate the battling claims of privilege and cost allocation, I find that transfer will best serve the interests of justice and judicial efficiency. The motion to compel is hereby respectfully referred to District Judge Farnan. The Clerk is directed to send the motion file to the Clerk of the United States District Court for the District of Delaware.

It is SO ORDERED.

Dated: New York, New York
       February 8, 2007

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　CHARLES S. HAIGHT, JR.
　　　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE