## SUMMARY OF CLAIMS AND GROUNDS FOR DISMISSAL

| Count | Substantive Claim | Grounds for Dismissal |
|---|---|---|
| I | RICO, 18 U.S.C. §1962(c) | Royal cannot demonstrate that Mr. Gagné participated in the operation or management of SFC or an alleged association in fact enterprise, or the existence of any agreement between Pepper Hamilton and the McGladrey accounting firm or between Mr. Gagné and the accountant Mr. Aquino. |
| II | RICO, 8 U.S.C. §1962(d) | This claim fails with the dismissal of Count I. |
| III | Civil Conspiracy to Commit Fraud | This claim is time-barred under Pennsylvania's two year statute of limitations (42 Pa.C.S. § 5524(7)). Royal cannot raise a genuine issue to satisfy the "malice" element required under Pennsylvania law. Royal has not adduced any evidence of causation between the actions of Pepper Hamilton or Mr. Gagné and its alleged damages. |
| IV | Fraud, Fraudulent Inducement and Fraudulent Concealment | This claim is time-barred under Pennsylvania's two year statute of limitations (42 Pa.C.S. § 5524(7)). Royal has not adduced any evidence of causation between the actions of Pepper Hamilton or Mr. Gagné and its alleged damages. Royal has not adduced any evidence demonstrating that any representations made by Pepper Hamilton or Mr. Gagné were false when made, or that it reasonably relied upon any such representations. |
| V | Aiding and Abetting Fraud | This claim is time-barred under Pennsylvania's two year statute of limitations (42 Pa.C.S. § 5524(7)). Royal has not adduced any evidence of causation between the actions of Pepper Hamilton or Mr. Gagné and its alleged damages. Pennsylvania law does not recognize a cause of action for aiding and abetting fraud. Royal has not adduced any evidence demonstrating that any representations made by Pepper Hamilton or Mr. Gagné were false when made, or that it reasonably relied upon any such representations. |
| VI | Negligence and Negligent Misrepresentation | This claim is time-barred under Pennsylvania's two year statute of limitations (42 Pa.C.S. § 5524(7)). Royal has not adduced any evidence of causation between the actions of Pepper Hamilton or Mr. Gagné and its alleged damages. Royal has not adduced any evidence demonstrating that any representations made by Pepper Hamilton or Mr. Gagné were false when made, or that it reasonably relied upon any such representations. There is no claim actionable in negligence because no duty was owed by Pepper Hamilton or Mr. Gagné to Royal given that Royal had no attorney-client relationship with Pepper Hamilton or Mr. Gagné relating to SFC. |

| VII | Aiding and Abetting Breach of Fiduciary Duty | This claim is time-barred under Pennsylvania's two year statute of limitations (42 Pa.C.S. § 5524(7)). Royal has not adduced any evidence of causation between the actions of Pepper Hamilton or Mr. Gagné and its alleged damages. Pennsylvania law does not recognize a cause of action for aiding and abetting breach of fiduciary duty. This claim fails because neither Pepper Hamilton nor Mr. Gagné owed a fiduciary duty to Royal. |
|---|---|---|
| | Damages | Royal's alleged damages are the direct and proximate result of its violation of 18 Del. C. § 909, and therefore to that extent are barred by the doctrine of contributory negligence. Royal's alleged damages are limited to no more than the amount of insurance it was permitted to write under 18 Del. C. § 909. |

1089011