# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

William H. Sudell, Jr.
302 351 9284
302 425 4685 Fax
wsudell@mnat.com

August 13, 2007

**E-FILED AND HAND-DELIVERED**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 N. King Street
Room 4124, Lockbox 27
Wilmington, DE 19801

   Re: *Royal Indemnity Co. v. Pepper Hamilton LLP, et al.*, No. 05-165 (JJF)

Dear Judge Farnan:

   I write on behalf of Pepper Hamilton LLP ("Pepper Hamilton") and W. Roderick Gagné ("Mr. Gagné"), in his capacity as an attorney practicing at Pepper Hamilton, in response to the August 10, 2007 letter to Your Honor from Plaintiff Royal Indemnity Company ("Royal").

   This Court is well-familiar with the legal standard governing summary judgment. Unlike a motion to dismiss where the Court must accept as true all facts alleged in the complaint, on a motion for summary judgment the moving party is entitled to judgment as a matter of law if the Court determines, after examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). Once the moving party demonstrates a prima facie absence of any genuine issue of material fact and entitlement to judgment as a matter of law, the burden shifts to the party opposing the motion to submit evidentiary proof sufficient to create genuine issues of material fact requiring a trial to resolve. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). *See also* Fed. R. Civ. P. 56(e).

The Honorable Joseph J. Farnan, Jr.
August 13, 2007
Page Two

In order successfully to oppose a Rule 56 motion, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted) (emphasis in original). The mere existence of some evidence in support of the non-moving party is insufficient to defeat a Rule 56 motion — there must be enough evidence to enable a jury to reasonably find for the non-moving party on that issue. *Anderson*, 477 U.S. at 249. Thus, if the evidence is "merely colorable, or is not significantly probative," the moving party's motion may be granted. *Id.* (citations omitted). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The foregoing legal standard is beyond dispute. *See Lacy v. National Railroad Passenger Corporation*, No. 06-68-JJF, 2007 U.S. Dist. LEXIS 54683 at * 4-5 (D. Del. July 23, 2007) (Farnan, J.); *Dickens v. Dover City Police Department*, No. 03-310-JJF, 2007 U.S. Dist. LEXIS 48188 at * 6-7 (D. Del. June 29, 2007) (Farnan, J.); *Zechman v. Christiana Care Health Systems*, No. 05-159-JJF, 2007 U.S. Dist. LEXIS 47349 at * 8-9 (D. Del. June 26, 2007) (Farnan, J.); *Claycomb v. Playtex Products, Inc.*, No. 06-120-JJF, 2007 U.S. Dist. LEXIS 44769 at * 6-8 (D. Del. June 19, 2007) (Farnan, J.); *Harrison v. Christopher*, 489 F. Supp. 2d 375, 378 (D. Del. 2007) (Farnan, J.) (all granting defense motions for summary judgment).

### Counts I and II (civil RICO)

Pages 1-2 of Royal's August 10 letter address an irrelevancy. The associated-in-fact RICO enterprise alleged by Royal in its Third Amended Complaint is one <u>between Mr. Gagné and Mr. Aquino</u> — <u>not SFC</u>. There is no evidence of any agreement, let alone an unlawful one, between Mr. Gagné and Mr. Aquino. Royal's August 10 letter cites none. Mr. Gagné should be permitted to move for summary judgment on Counts I and II, the only federal claims alleged in this case.[1]

### Counts III through VII are time-barred

Royal argues that Delaware, not Pennsylvania law, governs its state law claims. It is for this Court, prior to trial, to determine what law governs the state law claims alleged in Counts III through VII of Royal's Third Amended Complaint. We respectfully submit that that

---

[1] While it does not speak at all to any agreement between Mr. Gagné and Mr. Aquino, and is therefore irrelevant, we note that the testimony of Mr. Yao cited by Royal is not from this action, is inadmissible, and may not be considered on Mr. Gagne's summary judgment motion.

determination should be made now, and application of Pennsylvania law compels summary judgment in favor of Pepper Hamilton and Mr. Gagné on each state law claim.

In respect of the torts alleged by Royal, the applicable Delaware choice of law rule "requires a court to apply the substantive law of the state . . . where the defendant's wrongful conduct primarily occurred." *Christ v. Cormick*, 2007 U.S. Dist. LEXIS 49825 at *19-20 (D. Del. July 10, 2007). Here, that is plainly Pennsylvania — situs of Pepper Hamilton and Mr. Gagné, and the location of the only meeting between them and Royal. Pennsylvania's applicable two year statute of limitations governs Royal's state law claims. The undisputed facts itemized at page 3 of our July 30, 2007 letter to Your Honor make clear that Royal was on actual notice no later than mid-2002 of the existence and magnitude of "forbearance payments," the "fraud," the "conflicts of interest" involving Mr. Gagné and the "damages" now alleged. Royal did not file suit until March 18, 2005, well beyond the applicable two year period of limitations.

Royal seeks to escape application of the Pennsylvania limitations period by arguing that because it is incorporated in Delaware, the Delaware borrowing statute requires application of the Delaware limitations period. Royal confuses state of incorporation with residency (the latter being the relevant factor under the borrowing statute). *See* 10 Del. C. § 8121. Delaware courts look to New York law for interpretation of the borrowing statute because the Delaware statute was modeled on the New York statute. *See Cerullo v. Harper Collins Pub.*, 30 Med. L. Rptr. 1499 (Del. Super. Ct. 2001). Under the New York statute, "residency" is not a company's place of incorporation but rather its principal place of business. *See, e.g., National Union Fire Insurance Co. v. Forman 635 Joint Venture*, 94 Civ. 1312, 1996 U.S. Dist. LEXIS 13014, *10 (S.D.N.Y. Sept. 6, 1996). Royal's principal place of business is North Carolina, and it is therefore not a Delaware resident plaintiff entitled to the benefit of Delaware's longer statute of limitations.

### Count III also fails for want of "malice"

In its letter, Royal argues again for application of Delaware law. Again, it is for this Court, prior to trial, to determine whether the law of Pennsylvania or Delaware governs Royal's claim of civil conspiracy. We believe it clear that proper application of Delaware choice of law rules compels application of the law of Pennsylvania. *See Christ v. Cormick*, 2007 U.S. Dist. LEXIS 49825 at *19-20 (D. Del. July 10, 2007). This Court has already held that, "[u]nder Pennsylvania law, malice is an essential element to a civil conspiracy claim." *Royal Indemnity Co. v. Pepper Hamilton LLP*, 479 F. Supp. 2d 419, 429 (D. Del. 2007) (citation omitted). Nondisclosure, even fraud, is not malice, which requires that the *sole* purpose of the conspiracy be an intent to injure or to cause harm to the party who has been injured. *See WM High Yield Fund v. O'Hanlon*, 2005 U.S. Dist. LEXIS 12064 at * 47-48 (E.D. Pa. May 13, 2005) (collecting cases); *Becker v. Chicago Title Ins. Co.*, 2004 U.S. Dist. LEXIS 1988 at * 39-40 (E.D. Pa. Feb. 4, 2004). Because Royal asserts that legal fees and family loans were the "incentive Pepper and Gagné had to further SFC's fraud" (Royal Third Amended Complaint ¶85; incorporated in Count III), Royal cannot raise a genuine issue as to the sole intent of Pepper Hamilton or Mr. Gagné

The Honorable Joseph J. Farnan, Jr.
August 13, 2007
Page Four

being to injure Royal. Pepper Hamilton and Mr. Gagné are entitled to summary judgment on Count III.

### Counts I through VII fail for want of causation

In its letter, Royal concedes that it had no attorney-client relationship with Pepper Hamilton or Mr. Gagné in connection with the matters at issue. Royal concedes that *none* of the more than 30 legal opinions authored by Pepper Hamilton in connection with SFC's student loan securitizations was addressed to Royal. Royal concedes that its insurance commitments as to pools of student loans were made *before* those loans were placed into securitizations, *before* the Private Placement Memoranda relating to the securitization of those student loans were distributed, and *before* Pepper Hamilton issued its closing opinions on those securitizations. This sequence of events is undisputed. *See* Royal Third Amended Complaint ¶¶ 37, 47, 51. After-the-fact reliance is no reliance at all in terms of legal causation. Pepper Hamilton and Mr. Gagné should be permitted to move for summary judgment on Counts I through VII for lack of legal causation.[2]

### Counts IV, V and VI also fail for lack of falsity and justifiable reliance

Pages 8-10 of Royal's letter do not cite a single example of any representation or statement made to Royal by Pepper Hamilton or Mr. Gagné. The reference "supra" at page 8 of Royal's letter adds nothing. In order to be legally significant, reliance must be justified. Because it is undisputed that none of the Pepper Hamilton opinions was addressed to Royal, and it is further undisputed that Royal's insurance commitments were made before SFC's securitization memoranda and Pepper Hamilton's opinions were ever drafted, there can be no justifiable reliance. Pepper Hamilton and Mr. Gagné should be permitted to move for summary judgment.

### Count VI also fails for want of any legal duty

Page 10 of Royal's letter argues for a legal duty not to mislead — *i.e.*, not to defraud. But Count VI of Royal's Third Amended Complaint is a negligence claim and Royal can cite to nothing that gives rise to a legal duty actionable in negligence from a lawyer to a *non*-client third-party. Royal's sole legal ethics expert, Professor Bruce Green admitted as much at his recent deposition. "It is well settled . . . that an attorney's duty runs to his client and (ordinarily) not to third parties. Because the existence of a legal duty is a prerequisite to any

---

[2] Because "[t]he Pennsylvania Supreme Court has never recognized a cause of action for aiding and abetting fraud," *Fleet National Bank* v. *Boyle*, 2005 U.S. Dist. LEXIS 44036 at *33 and *48 (E.D. Pa. Sept. 12, 2005), Pepper Hamilton and Mr. Gagné are entitled to summary judgment as to Count V of Royal's Third Amended Complaint for this reason as well.

The Honorable Joseph J. Farnan, Jr.
August 13, 2007
Page Five

claim for the negligent performance of an attorney's duty, a party cannot generally sue someone else's attorney for negligence." *Broad-Bussel Family LP* v. *Bayou Group LLC*, 472 F. Supp. 2d 528, 531 (S.D.N.Y. 2007) (action by creditor against debtor's former counsel) (citations omitted). "[A] claim for professional negligence will fail when a third party brings an action against an attorney because beyond the duty owed to their client and the Court, no other duty is owed by an attorney." *Nichols* v. *Twilley, Street & Braverman, P.A.*, 1991 WL 226777 at *2 (D. Del. Oct. 3, 1991) (collecting cases). Because there is no legal duty actionable in negligence running from either Pepper Hamilton or Mr. Gagné to Royal, summary judgment is warranted as to Count VI.

### Count VII does not allege a recognized tort and Royal cannot prove the elements thereof

Royal's reliance at page 11 of its letter on the Court's earlier ruling on a 12(b)(6) motion to dismiss is misplaced. Discovery is over and we seek leave to move for summary judgment. To assert a claim for aiding and abetting breach of fiduciary duty, Royal must identify the existence and breach of a fiduciary duty <u>to it</u> that serves as the underlying tort. *See Broad-Bussel*, 472 F. Supp. 2d at 532; *Restatement (Second) of Torts* § 876 (1977). Royal's claim of aiding and abetting breach of fiduciary duty fails because the relationship between SFC and Royal was an arm's-length business relationship, not a fiduciary relationship.[3]

### Royal's damages are barred by 18 Del. C. § 909

It is for this Court, not a jury, to interpret the meaning and scope of Section 909 of the Delaware Insurance Code. That must be done before trial. It is appropriate to do it now because if Section 909 is interpreted as urged by Pepper Hamilton and Mr. Gagné it is <u>undisputed</u> that Royal violated it and that the bulk of Royal's alleged damages would thus be self-inflicted. We urge the Court to address this most critical issue now.

*   *   *

---

[3] Count VII also fails because Pennsylvania does not recognize the tort alleged. *Stanziale* v. *Pepper Hamilton LLP,* 335 B.R. 539, 551 (D. Del. 2005) (Farnan, J.) ("[T]he Court concludes that there is an insufficient basis to conclude that the Pennsylvania Supreme Court would decide that aiding and abetting breach of fiduciary duty is a valid cause of action under Pennsylvania law.").

The Honorable Joseph J. Farnan, Jr.
August 13, 2007
Page Six

      We believe that there is no reasonable dispute as to any material fact asserted in this letter, and therefore believe summary judgment is warranted on the grounds described herein. We thank Your Honor for consideration of these matters.

      Respectfully submitted,

      *William H. Sudell / DJBE by permission*

      William H. Sudell, Jr.

cc:    All Counsel on Attached Service List

1210135