# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 12, 2007

**REDACTED
PUBLIC VERSION**

VIA ELECTRONIC FILING AND HAND DELIVERY

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 N. King Street
Wilmington, Delaware 19801

    Re:    *Wells Fargo Bank N.A. v. Royal*, Civil Action No. 02-1294-JJF

           *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. Pepper Hamilton, et al.*, Civil Action No. 04-1551-JJF

           *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. McGladrey & Pullen LLP, et al.*, Civil Action No. 05-72-JJF

           *Royal v. Pepper Hamilton, et al.*, Civil Action No. 05-165-JJF

Dear Judge Farnan:

        We write on behalf of Royal Indemnity Company ("Royal") to respond to the September 10, 2007 letter from John Shaw to this Court.

        For more than two years, these cases have been set for trial starting on October 10, 2007. The parties to all of these cases, including counterclaim defendant Wells Fargo Bank, N.A., repeatedly have agreed to a series of case management orders providing for an October 10, 2007 trial date. The parties have all pushed hard to be ready for this trial date. Voluminous fact discovery was completed by the end of April; all parties pressed forward on an aggressive schedule to complete expert discovery in six weeks; the plaintiffs completed and served their portions of the pre-trial order a week ago; considerable money has been spent and hard work performed by all the parties to these actions to be ready for a trial on October 10.

# REDACTED

The Honorable Joseph J. Farnan, Jr.
September 12, 2007
Page 2

# REDACTED

    Wells Fargo alone takes the position that it should not have to proceed to trial on October 10. Wells asks this Court to depart from the two year old pre-trial schedule in deference to its summary judgment motion. But the parties are on the same schedule for summary judgment and trial that all parties, including Wells, agreed to years ago. Nothing has changed now that would require the postponement of trial pending resolution of Wells Fargo's summary judgment motion.

    Nor will any meaningful economies be achieved by departing from the trial schedule. The "substantial costs of preparing for trial" referenced by Mr. Shaw have already in large part been expended in anticipation of the October 10 trial date. If anything, full summary judgment briefing at this late stage will substantially add to the parties' expense. This is particularly true because Wells Fargo's defenses in this case are not capable of disposition on a summary judgment motion, for the reasons we described in our August 13, 2007 letter to the Court. Royal will continue to abide by the procedure for summary judgment established by the Court in Second Amended Case Management Order # 1.

    Lastly, Mr. Shaw mentions Wells Fargo's purported adoption of the motion brought by Pepper Hamilton with respect to the deposition of Royal's consulting expert John Garvey. We shortly will be filing a response to this baseless motion. There is no reason why this motion cannot be quickly decided on the papers and a deposition conducted well before trial if ordered by the Court.

    Royal brought its counterclaims against Wells Fargo in April, 2003. Four and a half years later, Royal should have its day in Court, and this case should be brought to a resolution. Royal respectfully submits that there is no reason to deviate from Second Amended Case Management Order # 1.

    REDACTED

Respectfully submitted,

/s/ Philip Trainer, Jr.

Philip Trainer, Jr. (#2788)

cc:    Counsel of record on attached service list

184072.1

**SERVICE LIST**

**By E-mail**

William H. Sudell, Jr., Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

Michael R. Lastkowski, Esquire
Christopher M. Winter, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

Karen Lee Turner, Esquire
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801

John H. Eickemeyer, Esquire
Jonathan A. Wexler, Esquire
Vedder, Price, Kaufman & Kammholz, P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Stephen Shapiro, Esquire
Elizabeth K. Ainslie, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Michael S. Waters, Esquire
Lois H. Goodman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Neil G. Epstein, Esquire
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19102

David E. Wilks, Esquire
Reed Smith LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

Ashley Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

Steven M. Farina, Esquire
Thomas H.L. Selby, Esquire
Williams & Connolly LLP
725 Twelfth Street, NW.
Washington, DC 20005

Charles A. Gillman, Esquire
M. Justin Lubeley, Esquire
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005-1702

Richard P. Swanson, Esquire
Veronica E. Rendon, Esquire
Jason M. Butler, Esquire
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022-4690

Andre G. Castaybert, Esquire
Ronald Rauchberg, Esquire
Steven Obus, Esquire
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299