**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MBIA INSURANCE CORPORATION, et al., )<br>  Plaintiffs/Counterclaim Defendants, )<br>) <br>v. )<br>) <br>ROYAL INDEMNITY COMPANY, )<br>  Defendant/Counterclaim Plaintiff. ) | C.A. No. 02-1294-JJF |
| CHARLES A. STANZIALE, JR., Ch. 7 Trustee, )<br>  Plaintiff, )<br>) <br>v. )<br>) <br>PEPPER HAMILTON LLP, et al., )<br>  Defendants. ) | C.A. No. 04-1551-JJF |
| CHARLES A. STANZIALE, JR., Ch. 7 Trustee, )<br>  Plaintiff, )<br>) <br>v. )<br>) <br>McGLADREY & PULLEN LLP, et al., )<br>  Defendants. ) | C.A. No. 05-72-JJF |
| ROYAL INDEMNITY COMPANY, )<br>  Plaintiff, )<br>) <br>v. )<br>) <br>PEPPER HAMILTON LLP, et al., )<br>  Defendants. ) | C.A. No. 05-165-JJF |

**ROYAL INDEMNITY COMPANY'S MOTION *IN LIMINE* NO. 2
TO EXCLUDE EVIDENCE REGARDING
THE CONDUCT OF SFC'S ATTORNEYS AND ACCOUNTANTS**

Royal Indemnity Company ("Royal") respectfully submits this motion *in limine* to exclude from trial evidence regarding alleged misrepresentations and omissions made by Pepper Hamilton LLP and W. Roderick Gagné (collectively, the "Lawyers") and Freed Maxick & Battaglia CPAs P.C., Freed Maxick Sach & Murphy, P.C., McGladrey & Pullen, LLP, and

Michael Aquino (collectively, the "Accountants") concerning the business and transactions of Student Finance Corporation ("SFC").

## PRELIMINARY STATEMENT

Royal has sued Wells for breaching contractual provisions that were specifically designed to notify Royal of discrepancies in SFC's reporting of default and delinquency information. This breach of contract counterclaim by Royal against Wells is the only unresolved claim in this case. However, based on the arguments Wells made in its summary judgment brief and on the volume of exhibits and witnesses that Wells has listed in its pre-trial order, it is apparent that Wells intends to try the fraud and negligence case Royal brought against SFC's accountants and lawyers – a case to which Wells was never a party. Wells should not be permitted to attempt to distract this Court's attention from its own failure to protect Royal by laying blame elsewhere, arguing that the Accountants' and Lawyers' misrepresentations actually caused Royal's damages when Wells was itself contractually obligated to protect Royal from harm. As a matter of well established Pennsylvania law[1] the tortious conduct of third parties is not relevant in breach of contract actions. Therefore, the hundreds of e-mails, memoranda and other documents, some six or more fact witnesses, and at least three expert witnesses that Wells seeks to parade before this Court at trial in an attempt to show that the Accountants' and

---

[1] The relevant agreements provide that they "shall be construed in accordance with the laws of the State of Pennsylvania, and the obligations, rights, and remedies of the parties… shall be determined in accordance with such laws except that the powers, obligations, duties and rights of the Trustee shall be governed by the laws of the State of Minnesota and the federal law of the United States." (*See, e.g.*, Ex. A, §11.4). As Wells notes in its memorandum of law in support of its motion for summary judgment, there is no substantive conflict between Minnesota and Pennsylvania law. (*See* Memo of Law, p. 17, n.9).

- 2 -

10003917

Lawyers' misrepresentations – rather than Wells' contractual breach – actually caused Royal's damages, should all be precluded.

## ARGUMENT

I. **Evidence Concerning The Accountants' and Lawyers' Misrepresentations Regarding SFC Transactions Is Irrelevant To This Breach of Contract Action**

The PSAs were specifically designed to notify Royal and others of discrepancies in SFC's reporting of, among other things, default and delinquency information. Had Wells performed its contractual obligations under the agreements at issue, Royal would have learned that SFC was perpetrating a massive fraud on Royal by artificially manipulating the default and delinquency rates on the SFC student loans. Wells cannot pass off its liability here onto the Accountants and Lawyers who perpetuated this fraud, when Wells was contractually obligated to protect Royal from precisely the conduct to which Royal ultimately fell victim. *See Abdallah v. Caribbean Sec. Agency*, 557 F.2d 61, 64-65 (3d Cir. 1977) (rejecting defendant's attempt to avoid contractual liability where "the service that the defendant contracted to perform was designed to prevent" the specific events leading to the claimed damages) (citations omitted). Accordingly, the Accountants' and Lawyers' misrepresentations are not relevant to Royal's breach of contract claim against Wells.

It is hornbook law that a plaintiff in a breach of contract action is entitled to recover "whatever damages he suffered, provided (1) they were such as would naturally and ordinarily result from the breach, or (2) they were reasonably foreseeable and within the contemplation of the parties as the time they made the contract, and (3) they can be proved with reasonable certainty. *Ferrer v. Trustees of Univ. of Pa.*, 825 A.2d 591, 610 (Pa. 2002) (quoting *Taylor v.*

- 3 -

*Kaufhold*, 84 A.2d 347, 351 (Pa. 1951)).  A third-party's tortious conduct does not factor into this analysis.

In *Wheeling-Pittsburg Steel Co. v. Alexander & Alexander, Inc.*, 36 Pa. D. & C.3d 605 (Pa. Allegheny County Ct. 1984), *aff'd*, 496 A.2d 861 (Pa. Super. 1985), the plaintiff brought a breach of contract and tort-based trespass action against two defendants.  At trial, the jury found that both defendants had breached their contractual obligations to the plaintiff, and on the plaintiff's tort claim, the jury attributed 60% fault to one defendant, 30% to the other, and 10% to the plaintiff.  36 Pa. D. & C.3d at 608.  In rejecting the defendants' motion for judgment notwithstanding the verdict and/or a new trial, the court held:

> The answers to the interrogatories relating to the complaint in trespass would be of consequence only if the jury had not found a breach of contractual duty on the part of defendants, in which event the result would depend upon comparative negligence. *However, it is obvious that ordinary negligence is not relevant where the harm has been found to result from breach of contract.*

*Id.* (emphasis added).

As this case involves only a breach of contract claim, Wells cannot ask this Court to reduce its contractual liability by apportioning fault among a group of non-party alleged tortfeasors.[2]  Accordingly, evidence of the alleged tortfeasors wrong-doing – in this case the Accountants' and Lawyers' misrepresentations and omissions – is entirely irrelevant to Royal's breach of contract claim.

---

[2] By their express terms, neither Pennsylvania's Comparative Negligence Statute (42. Pa. Stat. Ann. § 7102) nor Pennsylvania's Uniform Contribution Among Tort-feasors Act (42 Pa. Stat. Ann. §§ 8321-27) apply in contract cases.

- 4 -

## II. Evidence Concerning The Accountants' and Lawyers' Misrepresentations Will Take An Inordinate Number Of Time To Present

Based on the shear volume of exhibits and witnesses that Wells has listed in its pre-trial order, the time involved in allowing Wells' to try Royal's now settled case against the Accountants and Lawyers will take much longer than the time it will take to try the simple breach of contract claim that remains unresolved.[3] Wells has stated that it intends to call at least three employees of the Accountants, including Mr. Aquino, and at least three employees of the Lawyers, including Mr. Gagné, to testify at trial. Additionally, Wells has stated that it intends to call at least four expert witnesses retained by the Lawyers as well as John P. Garvey, an accounting expert retained by Royal[4] in an attempt to show that Royal's damages were caused by something other than Wells' breach of contract. For this reason alone, any evidence regarding misrepresentations made by the Accountants or Lawyers should also be excluded under Fed. R. Evid. 403. *See Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) ("[E]vidence may be excluded [under Rule 403] when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues.") (citing *U.S. v. Dennis*, 625 F.2d 782, 797 (8th Cir. 1980)).

---

[3] In addition to the approximately six witnesses that Wells intends to call to give live testimony at trial, Wells has designated over 20 hours of deposition testimony which, if played, would consume over a week of trial alone.

[4] Wells has moved to compel the deposition of Mr. Garvey. (D.I. 472 in case no. 02-1294). Royal has opposed that motion on the basis of, among other things, Mr. Garvey's status as a consulting expert. (D.I. 497 in case no. 02-1294).

10003917

## CONCLUSION

For the foregoing reasons, Royal respectfully requests that this Court preclude Wells from offering any evidence or making any argument concerning the Accountants' and Lawyers' misrepresentations in connection with SFC's business and transactions.

|  |  |
|---|---|
| | ASHBY & GEDDES |
| | */s/ Tiffany Geyer Lydon* |
| *Of Counsel:* | _____ |
| | Philip Trainer, Jr. (I.D. #2788) |
| Michael H. Barr | Tiffany Geyer Lydon (I.D. #3950) |
| Kenneth J. Pfaehler | Andrew D. Cordo (I.D. #4534) |
| SONNENSCHEIN NATH & ROSENTHAL LLP | 500 Delaware Avenue, 8th Floor |
| 1221 Avenue of the Americas | P.O. Box 1150 |
| New York, New York 10020-1089 | Wilmington, Delaware 19899 |
| (212) 768-6700 | (302) 654-1888 |
| | ptrainer@ashby-geddes.com |
| - and - | tlydon@ashby-geddes.com |
| | acordo@ashby-geddes.com |
| John Grossbart | |
| Steve Merouse | *Attorneys for Defendant/Counterclaim Plaintiff* |
| SONNENSCHEIN NATH & ROSENTHAL LLP | *Royal Indemnity Company* |
| 7800 Sears Tower | |
| 233 S. Wacker Drive | |
| Chicago, Illinois 60606 | |
| (312) 876-8000 | |

Dated: September 28, 2007
184592.1

10003917