EXHIBIT A

EXHIBIT
Gibson 70 (1)
9/6/06  RJB

**STUDENT LOAN SERVICING LLC**
Servicer

And

**SFC ACCEPTANCE II, LLC**
Settlor

And

**FINOVA LOAN ADMINISTRATION INC.**
Master Servicer

And

**NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION**
Trustee

**POOLING AND SERVICING AGREEMENT**
Dated as of April 19, 2000

**SFC GRANTOR TRUST, SERIES 2000-1**

counterparts, each of which counterpart shall be deemed to be an original, and all of which counterparts shall constitute but one and the same instrument.

Section 11.3. **Limitation on Rights of Certificateholders.** The death or incapacity of any Certificateholder shall not operate to terminate the Agreement or the Trust, or entitle such Certificateholder's legal representatives or heirs to claim an accounting or to take any action or commence any proceeding in any court for a partition or winding up of the Trust, or otherwise affect the rights, obligations, and liabilities of the parties to the Agreement or any of them.

No Certificateholder shall have any right to vote (except as provided in Section 11.1 hereof) or in any manner otherwise control the operation and management of the Trust, or the obligations of the parties to this Agreement, nor shall anything in this Agreement set forth, or contained in the terms of the Certificates, be construed so as to constitute the Certificateholders from time to time as partners or members of an association, nor shall any Certificateholder be under any liability to any third person by reason of any action taken pursuant to any provision of this Agreement.

No Certificateholder shall have any right by virtue or by availing itself or themselves of any provisions of this Agreement to institute any suit, action, or proceeding in equity or at law upon or under or with respect to this Agreement unless such Certificateholder previously shall have given to the Trustee a written notice of default and of the continuance thereof, as hereinbefore provided, and unless also the Majority Certificateholders shall have made written request upon the Trustee to institute such action, suit or proceeding in its own name as Trustee under this Agreement and shall have offered to the Trustee such reasonable indemnity as it may require against the costs, expenses, and liabilities to be incurred therein or thereby, and the Trustee, for 30 days after its receipt of such notice, request, and offer of indemnity, shall have neglected or refused to institute any such action, suit or proceeding; no one or more Certificateholder shall have any right in any manner whatever by virtue or by availing itself or themselves of any provisions of this Agreement to affect, disturb, or prejudice the rights of any other Certificateholders, or to obtain or seek to obtain priority over or preference to any other such Certificateholders, or to enforce any right under this Agreement, except in the manner provided in the Agreement and for the equal, ratable, and common benefit of all Certificateholders. For the protection and enforcement of the provisions of this Section 11.3, each Certificateholder and the Trustee shall be entitled to such relief as can be given either at law or in equity.

Anything herein to the contrary notwithstanding, if an MBIA Policy is in effect with respect to the Certificates and MBIA is not in default of its obligation to make payments thereunder, MBIA shall be deemed to be the owner of all Certificates then Outstanding for all purposes (including, without limitation, all approvals, consents, waivers, authorizations, directions, inspections and the institution of any action), provided that nothing in this paragraph shall impair the rights of the Certificateholders to receive all payments due under the Certificates, and MBIA shall have the exclusive right to exercise or direct the exercise of remedies on behalf of the owners of the Certificates in accordance with the terms of this Agreement following an Event of Default.

Section 11.4. **Governing Law.** This Agreement shall be construed in accordance with the laws of the State of Pennsylvania, and the obligations, rights, and remedies of the parties under this Agreement shall be determined in accordance with such laws except that the powers, obligations,

duties and rights of the Trustee shall be governed by the laws of the State of Minnesota and the federal law of the United States.

Section 11.5. **Notices.** All demands, notices, and communications under the Agreement shall be in writing, personally delivered or mailed by certified mail, return receipt requested, or overnight courier or facsimile transmission with original to follow and shall be deemed to have been duly given upon receipt (a) in the case of the Settlor, at 5 Radnor Corporate Center, Suite 501, 100 Matsonford Road, Radnor, Pennsylvania 19087, Attention: Andrew N. Yao, facsimile number (610) 995-2060; (b) in the case of the Servicer, at Christiana Executive Campus, 111 Continental Drive, Suite 408, Newark, DE 19713, Attention: Frank Martinez, facsimilie number (302) 391-5343, (c) in the case of the Trustee, at the Corporate Trust Office, facsimile number (612)667-3464; (d) in the case of the Master Servicer, 2650 South Decker Lake Lane, 2nd Floor, Salt Lake City, UT 84119, facsimile number (801) 924-2190, and (e) in the case of the Rating Agencies, Moody's Investor Service, Inc., A.B.S. Monitoring Dept., 99 Church Street, New York, NY 10007, facsimile number (212) 553-4948, and Fitch IBCA, One State Street Plaza, 32nd Floor, New York, NY 10004, facsimile number (212) 514-9879. Any notice required or permitted to be mailed to a Certificateholder shall be given by first class mail, postage prepaid, overnight courier or facsimile transmission at the address of such Certificateholder as shown in the Certificate Register. Any notice so mailed within the time prescribed in this Agreement shall be conclusively presumed to have been duly given, whether or not the Certificateholder shall receive such notice.

Section 11.6. **Severability of Provisions.** If any one or more of the covenants, agreements, provisions, or terms of this Agreement shall be for any reason whatsoever held invalid, then such covenants, agreements, provisions, or terms shall be deemed severable from the remaining covenants, agreements, provisions, or terms of this Agreement and shall in no way affect the validity or enforceability of the other provisions of this Agreement or of the Certificates or the rights of the Certificateholders thereof.

Section 11.7. **Assignment.** Notwithstanding anything to the contrary contained herein, except as provided in Sections 3.11 and 6.2 hereof, neither the Settlor nor the Servicer may transfer or assign all, or a portion of, its rights, obligations and duties under the Agreement unless the Trustee and the Majority Certificateholders consent thereto. Any transfer or assignment with respect to the Servicer of all of its rights, obligations and duties will not become effective until a successor Servicer has assumed the Servicer's rights, duties and obligations under the Agreement. In the event of a transfer or assignment, the Rating Agencies shall be provided with notice of such transfer or assignment.

Section 11.8. **Certificates Nonassessable and Fully Paid.** Certificateholders shall not be personally liable for obligations of the Trust. The interests represented by the Certificates shall be nonassessable for any losses or expenses of the Trust or for any reason whatsoever, and, upon authentication thereof by the Trustee pursuant to Section 5.3 hereof, Certificates shall be deemed fully paid.

Section 11.9. **Third Party Beneficiaries.** Except as otherwise specifically provided herein with respect to the Certificateholders, the parties to this Agreement hereby manifest their intent that no third party other than each Certificateholder, the Insurer and MBIA shall be deemed a third party