```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE

MBIA & WELLS FARGO BANK N.A.,   :
                                :
         Plaintiff,             :
                                :
    v.                          :  Civil Action No. 02-1294 JJF
                                :
ROYAL INDEMNITY COMPANY,        :
                                :
         Defendants.            :
_____:
ROYAL INDEMNITY COMPANY,        :
                                :
         Plaintiff,             :
                                :
    v.                          :  Civil Action No. 05-165 JJF
                                :
PEPPER HAMILTON LLP, ET AL.,    :
                                :
         Defendants.            :
_____:
CHARLES A. STANZIALE, JR.,      :
Chapter 7 Trustee Of Student    :
Finance Corporation,            :
                                :
         Plaintiff,             :
                                :  Civil Action No. 05-72 JJF
    v.                          :
                                :
PEPPER HAMILTON LLP, ET AL.,    :
                                :
         Defendants.            :
_____:
CHARLES A. STANZIALE, JR.,      :
Chapter 7 Trustee Of Student    :
Finance Corporation,            :
                                :
         Plaintiff,             :
                                :  Civil Action No. 04-1551 JJF
    v.                          :
                                :
McGLADREY & PULLEN LLP, and     :
MICHAEL AQUINO                  :
         Defendants.            :
```

**MEMORANDUM ORDER**

Pending before the Court is Counterclaim Defendant Wells Fargo Bank N.A.'s Motion To Compel Deposition of John P. Garvey (D.I. 330 in Civil Action No. 04-1551; D.I. 567 in Civil Action No: 05-165; D.I. 472 in Civil Action No. 02-1294; D.I. 219 in Civil Action No. 05-72 ). By its Motion, Plaintiff Wells Fargo Bank N.A. ("Wells Fargo") adopts the Motion To Compel and Supporting Memorandum filed by Defendant Pepper Hamilton LLP ("Pepper")(D.I. 323 in Civil Action No. 04-1551; D.I. 561 in Civil Action No: 05-165). Wells Fargo seeks to compel Counterclaim Plaintiff Royal Indemnity Company ("Royal") to make John Garvey ("Garvey"), whom Royal withdrew as an expert witness but retained in a consulting capacity, available for deposition. Pepper, through a letter submitted by Royal, has requested that the Court take no action on its Motion to Compel because of pending settlement negotiations (to which Wells Fargo is not a party)(D.I. 329 in Civil Action No. 04-1551; D.I. 566 in Civil Action No. 05-165). For the reasons discussed below, the Court will deny Well Fargo's Motion.

## Background

Royal and Plaintiff Charles A. Stanziale, Chapter 7 Trustee of Student Finance Corporation (the "Trustee") retained Garvey, an expert in accounting, for Cases No. 05-165 and No. 05-72, both of which involved Student Finance Corporation's ("SFC") accountants. Prior to the deposition of Garvey, but after his

expert report had been submitted, Royal and the Trustee settled their claims with SFC's accountants. In light of this settlement, Royal withdrew Garvey's report. Royal continues to retain Garvey in a consulting capacity, however, which precludes other parties from deposing him.

Wells Fargo is a party to case No. 02-1294, where the single remaining claim is Royal's breach of contract counterclaim against Wells Fargo.

## Discussion

Royal contends that Garvey's testimony, which pertains only to the conduct of SFC's accountants, is wholly irrelevant to Royal's breach of contract counterclaim against Wells Fargo. The Pepper Motion that Wells Fargo relies on contends that the Garvey testimony is relevant because it (i) supports Pepper's <u>in pari delicto</u> defense against the Trustee and (ii) is necessary for consideration of the fair allocation of responsibility at trial. Pepper's <u>in pari delicto</u> defense is specific to the Trustee and is inapplicable to Royal. The Court thus will address Well Fargo's second contention (through the Pepper Motion), that the Garvey testimony is necessary to fairly allocate responsibility at trial.

Pepper makes its allocation of responsibility argument as an alleged joint-tortfeasor. In contrast, Wells Fargo adopts the allocation of responsibility argument as a defense to Royal's

breach of contract claim. Presumably, Wells Fargo intends to raise the conduct of SFC's accountants as either a partial or complete defense to Royal's breach of contract claim or as a mitigating factor in damages determination.

Pennsylvania courts have held that evidence of a third-party's negligence is not relevant in breach of contract actions.[1] See, e.g., Wheeling-Pittsburgh Steel Corp. v. Alexander & Alexander, Inc., 36 Pa. D. & C.3d 605 (Ct. Com. Pl. 1984)("[I]t is obvious that ordinary negligence is not relevant where the harm has been found to result from breach of contract."), aff'd 496 A.2d 861 (Pa. Super. 1985). In relying on Pepper's Motion and supporting memorandum, Wells Fargo has not specifically addressed the relevance of SFC's accountants' conduct to Royal's breach of contract claim against it.[2] Based on the information before it, the Court concludes that Garvey's testimony, which pertains to the allegedly tortious conduct of SFC's accountants, is not relevant to Royal's breach of contract counterclaim against Wells Fargo.

---

[1] With the exception of Wells Fargo's duties as a Trustee, the Pooling and Servicing Agreements that Royal alleges Well Fargo breached provide for Pennsylvania law to govern the "obligations, rights, and remedies" of the parties to the agreement (D.I. 482 in Civil Action No. 02-1294).

[2] Similarly, in its March 12, 2007 letter regarding expert testimony it intends to produce at trial, Wells Fargo did not raise the conduct of SFC's accountants as a possible defense to the breach of contract claim at issue.

## Conclusion

For the reasons discussed, the Court concludes that Wells Fargo has not established the relevance of Garvey's testimony to Royal's counterclaim against Wells Fargo. Accordingly, the Court will deny Wells Fargo's Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that Wells Fargo's Motion To Compel (D.I. 330 in Civil Action No. 04-1551; D.I. 567 in Civil Action No: 05-165; D.I. 472 in Civil Action No: 02-1294; D.I. 219 in Civil Action No. 05-72) is **DENIED**.

October 1, 2007

*[signature]*
UNITED STATES DISTRICT JUDGE